Christina Goodrich (SBN 261722)
christina.goodrich@klgates.com
Connor J. Meggs (SBN 336159)
connor.meggs@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, CA 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

*Attorneys for Plaintiff*
*Entropic Communications, LLC*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>　　Plaintiff,<br><br>　　v.<br><br>COMCAST CORPORATION; COMCAST CABLE COMMUNICATIONS, LLC; and COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC<br><br>　　Defendants. | Case No.: 2:23-cv-01048-JWH-KES<br><br>**JOINT RESPONSE TO ORDER TO SHOW CAUSE REGARDING CONSOLIDATION**<br><br>[Judge John W. Holcomb; Magistrate Judge Karen E. Scott]<br><br><u>Hearing Date</u>: March 31, 2023<br><u>Time</u>: 9:00am<br><u>Place</u>: Courtroom 9D of the Ronald Reagan Federal Building and U.S. Courthouse, 441 W. 4th Street, Santa Ana, California |
| ENTROPIC COMMUNICATIONS, LLC,<br><br>　　Plaintiff,<br><br>　　v.<br><br>DISH NETWORK CORPORATION; DISH NETWORK LLC; DISH | Case No.: 2:23-cv-01043-JWH-KES<br><br>**JOINT RESPONSE TO ORDER TO SHOW CAUSE REGARDING CONSOLIDATION**<br><br>[Judge John W. Holcomb; Magistrate Judge Karen E. Scott] |

1
**JOINT RESPONSE TO ORDER TO SHOW CAUSE RE CONSOLIDATION**

| | |
|---|---|
| NETWORK SERVICE, LLC; and DISH NETWORK CALIFORNIA SERVICE CORPORATION,<br><br>    Defendants. | Hearing Date: March 31, 2023<br>Time: 9:00am<br>Place: Courtroom 9D of the Ronald Reagan Federal Building and U.S. Courthouse, 441 W. 4th Street, Santa Ana, California |
| ENTROPIC COMMUNICATIONS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>COX COMMUNICATIONS, INC.; COXCOM, LLC; and COX COMMUNICATIONS , LLC,<br><br>    Defendants. | Case No.: 2:23-cv-01047-JWH-KES<br><br>Joint RESPONSE TO ORDER TO SHOW CAUSE REGARDING CONSOLIDATION<br><br>[Judge John W. Holcomb; Magistrate Judge Karen E. Scott]<br><br>Hearing Date: March 31, 2023<br>Time: 9:00am<br>Place: Courtroom 9D of the Ronald Reagan Federal Building and U.S. Courthouse, 441 W. 4th Street, Santa Ana, California |

      Plaintiff Entropic Communications, LLC ("Entropic" or "Plaintiff"), Defendants Comcast Corporation, Comcast Cable Communications, LLC, and Comcast Cable Communications Management, LLC ("Comcast"), Defendants DISH Network Corporation, DISH Network, LLC, DISH Network Service, LLC and DISH Network California Service Corporation ("DISH"), and Defendants Cox Communications, Inc., CoxCom, LLC, and Cox Communications California, LLC ("Cox") (jointly with Plaintiff, the "Parties") hereby submit the following Response to the Court's February 21, 2023 Order to Show Cause Regarding Consolidation.

## I. BACKGROUND

      Entropic filed three cases on February 10, 2023 alleging patent infringement of the same group of patents by three different groups of defendants. Those cases, which include the instant action, are:

- *Entropic Communications, LLC v. DISH Network Corporation, et al.* Case No. 2:23-cv-01043, Filed February 10, 2023 (C.D. Cal.) ("DISH MoCA Action").
- *Entropic Communications, LLC v. Cox Communications, Inc., et al.* Case No. 2:23-cv-01047, Filed February 10, 2023 (C.D. Cal.) ("Cox MoCA Action").
- *Entropic Communications, LLC v. Comcast Corporation, et al.* Case No. 2:23-cv-01048, Filed February 10, 2023 (C.D. Cal.) ("Comcast MoCA Action") (together with the DISH MoCA Action and the Cox MoCA Action, the "MoCA Actions").

      As alleged in each complaint, the claims in all three cases arise under the patent laws of the United States, 35 U.S.C. § 1 et seq., including specifically 35 U.S.C. § 271, based on the defendants' alleged infringement of the same twelve patents. Those patents include U.S. Patent Nos. 7,295,518, 7,594,249; 7,889,759; 8,085,802; 9,838,213; 10,432,422; 8,631,450; 8,621,539; 8,320,566; 10,257,566; 8,228,910; and 8,363,681 (collectively the "Patents-in-Suit" or "Asserted Patents"). (Docket Entry

"DE" 1 in all MoCA Actions.)   Entropic contends these patents all incorporate various elements of technology set forth in the Multimedia over Coax Alliance standards (the "MoCA" standards).  (*Id.* at 3.)

In connection with filing each complaint, Entropic also filed notices of related cases due to each case's relatedness to each other, as well as to an existing case entitled *Entropic Communications, LLC v. DirecTV, LLC, et al.,* 2:22-cv-07775-JWH-JEM (C.D. Cal.).  (DE 5 in all MoCA Actions.)  The Court deemed the cases related and transferred them to the Honorable John W. Holcomb on February 15 and 16, 2023.  (DE 16 in the Comcast MoCA Action and Cox MoCA Action.)

On February 21, 2023, this Court issued an Order to Show Cause Regarding Consolidation (the "Order"). (DE 17 in the Comcast MoCA Action and Cox MoCA Action.)  The Court ordered the Parties to show cause why the three MoCA Actions should not be consolidated for pretrial purposes, and further ordered the Parties to submit a joint response detailing their collective or respective positions regarding pretrial consolidation.  (*Id.*)

After serving the Order on all Defendants, Entropic initiated meet and confer discussions regarding the Parties' positions on consolidation of the MoCA Actions, which positions are detailed below.

## I. ENTROPIC'S POSITION REGARDING CONSOLIDATION

Entropic's position is that the MoCA Actions should be consolidated for all pretrial purposes. As noted in the Court's order, there is obvious overlap in subject matter between the three MoCA Actions, and Entropic believes consolidation will allow both the Court and the Parties to leverage this overlap to reduce burden on the Court and increase efficiency for the Parties and Court alike through all pre-trial phases of the case.

### A. Consolidation Will Reduce Burden on the Court

Consolidation of the MoCA Actions will reduce burden on the Court by 1) reducing the number of duplicative filings and orders, 2) reducing the number of

separate hearings on procedural and substantive issues the Court must schedule, and 3) allowing the Court to resolve similar issues of law and fact in a single case rather than three separate cases, thereby avoiding the risk of inconsistent rulings.

First, consolidation would reduce duplicative filings and orders on similar topics, such as scheduling orders, briefing schedules, protective orders, ESI orders, joint status reports, and motion practice on similar issues.  For example, this would mean a single case schedule and protective order rather than three separate case schedules and protective orders.

Second, consolidation would allow the Court to hold one joint hearing rather than three separate hearings on the above issues (including the Scheduling Conference and Status Conferences) or other issues such as Markman hearings, technology tutorials for all twelve Patents in Suit, and other pretrial motions.  The same is true for any discovery disputes between the parties, which could be more easily resolved in a single case rather than three separate cases. This will keep the Court's calendar moving efficiently and allow the Court to more easily manage the Parties during the pendency of the case.

Finally, consolidation would allow the Court to resolve similar issues of law and fact related to the patents in each action in a single case rather than three separate cases, thereby avoiding the risk of inconsistent rulings. All three MoCA Actions relate to the infringement of Entropic's patents that incorporate various elements of technology set forth in the MoCA standards by telecommunication products and/or services provided by the defendants. Further, the accused products in both actions are similar and incorporate the same or similar chips from a third party manufacturer Broadcom. In addition, the accused services, which are provided by the defendants in each action by means of the accused products, are similar telecommunication services. As such, consolidation would allow the Court to more efficiently resolve these issues of law and fact as they relate to the same twelve patents asserted in each MoCA Action in a single case. Given the perfect overlap of Asserted Patents between all

**JOINT RESPONSE TO ORDER TO SHOW CAUSE RE CONSOLIDATION**

three cases, the benefit to the Court in resolving all issues in a single case would be considerable.

### B. Consolidation Will Increase Efficiency for the Parties

Furthermore, consolidation would benefit the Parties by allowing for increased efficiencies for all of the reasons stated above as well as for purposes of streamlining discovery. Discovery issues—including issues related to Entropic's witnesses and documents—will be substantially similar between all three MoCA Actions, which would lead to increased efficiency if the actions were consolidated. The same third parties will be at issue in the instant action and the other two MoCA Actions, as the accused products in both cases incorporate the same or similar chips from third party manufacturer Broadcom. Similar efficiencies are to be had in scheduling depositions, meeting and conferring regarding discovery and substantive motions, and reducing the duplicative depositions of the same witness in each case. Furthermore, any individual or entity subject to third party discovery will enjoy the same benefit, and both the Parties and the Court can resolve third party discovery issues for the same third parties in one case rather than in three. The efficiencies gained by the Parties would benefit not only the Parties, but also the Court in resolving any disputes that may arise related to scheduling, discovery, procedural issues, or motion practice.

Defendants expressed a concern regarding limitations imposed on their discovery following consolidation. Although this Response is not the right setting to discuss this issue, Entropic believes that entirely separate discovery is unwise because efficiencies are available by various aspects of consolidated discovery. For example, burden on both the Court and Parties could be limited through fewer stipulated protective orders, fewer ESI orders, and streamlined written discovery and deposition scheduling.

Entropic further understands that Defendants propose that "additional measures should be taken to facilitate case management" due to the "sheer volume of asserted patents" such as "reduction in asserted claims." Entropic notes that the number of

asserted patents and claims will be the same whether or not the cases are consolidated. Insofar as case management goes, this Response is again not the right setting to discuss those issues. However, Entropic notes that it stands behind its Complaints and the claim charts attached thereto. Defendants are welcome to accelerate the natural process in every patent case of focusing the claims in dispute by sharing discovery and invalidity contentions with Entropic earlier than required by the Rules, and joining Entropic in seeking an accelerated Markman process. Entropic is also happy to meet and confer regarding case management issues in advance of the Case Management Conference once Defendants have answered the complaint.

For the foregoing reasons, Entropic respectfully requests that all three MoCA Actions be consolidated for pretrial purposes.

## II. COMCAST, COX, AND DISH DEFENDANTS' POSITION REGARDING CONSOLIDATION

The Comcast, Cox, and DISH Defendants (collectively "Defendants") do not object to consolidation for pretrial purposes of the Comcast, Cox, and DISH MoCA Actions[1] as long as each Defendant is capable of taking discovery independently, briefing limits will not be impacted, and Defendants are afforded the right to an independent trial on all issues. While all three actions involve the same plaintiff and the same asserted patents, the Defendants each expect to have unique defenses and

---

[1] DISH's position re further consolidation: To the extent the Court's Order to Show Cause contemplates consolidation with *Entropic Communications, LLC v. DirecTV, LLC, et al.*, 2:22-cv-07775-JWH-JEM (C.D. Cal.), which is itself a consolidation of two other Entropic cases filed a year ago concerning the technologically distinct Outdoor Unit single wire technology (the "ODU Cases"), DISH opposes further consolidation. The ODU Cases involve distinct parties, different technology, and non-overlapping patents. Indeed, beyond DISH, the ODU Cases do not include either of the other Defendants here—Cox and Comcast—but do include non-parties to the instant case—AT&T and DirecTV. Further consolidation of the instant case and the ODU Cases, therefore, is unlikely to save any judicial resources and the result would be an unnecessarily complicated proceeding more likely to add to the Court and parties' burden in litigating the respective cases. DISH requests an opportunity to provide supplemental briefing on this issue if the Court is considering further consolidation of the instant case and the ODU Cases.

counterclaims, and expect to emphasize different issues in their respective cases.[2] In addition, the Defendants offer competing services, and expect that they will have confidential information that cannot be shared between the Defendants. Accordingly, the ability to serve independent written discovery, pursue their own deposition testimony, and file their own briefs (*e.g.*, *Markman*, summary judgment, and discovery motions) will be important in allowing Defendants an opportunity to mount a full and fair defense. With the understanding that no party will be prejudiced by consolidation because no discovery limits or briefing limits will be impacted, and the forthcoming schedule can take into account any additional time necessary as a result of the increased number of defendants, Defendants do not oppose consolidation. In addition, should the issues in one case diverge sufficiently, Defendants believe it may be appropriate to sever one or more of the cases.

Defendants also believe additional measures should be taken to facilitate case management and judicial efficiency. Plaintiff has asserted twelve (12) patents in these cases. The sheer volume of asserted patents will make these cases unwieldy and warrant a reduction in the number of asserted claims. Defendants would propose that the parties meet and confer to provide the Court with a recommended approach for this reduction in asserted claims, and that the Court should order a procedure and schedule for implementing this reduction to facilitate management of these cases.

**SIGNATURE CERTIFICATION**

Pursuant to L.R. 5-4.3.4(a)(2)(i), I, Christina N. Goodrich, attest that all other signatories listed herein and on whose behalf the filing is submitted concur in the filing's content and have authorized the filing.

---

[2] Defendants presently take no position on Entropic's statements concerning Broadcom and potential third-party discovery. Defendants would note that the claim charts attached to each of Entropic's complaints make no mention of Broadcom chips. In addition, the complaint sets forth no basis to identify all of the Broadcom chips allegedly used by each Defendant, and what similarities or differences exist between those various Broadcom chips.

**K&L GATES LLP**

Dated: March 10, 2023

By: */s/ Christina N. Goodrich*
Christina Goodrich
Connor J. Meggs

Attorneys for Plaintiff Entropic Communications, LLC

Dated: March 10, 2023

**WINSTON & STRAWN**

By: */s/ K. Padmanabhan*
Krishnan Padmanabhan

Attorneys for Defendants Comcast Corporation; Comcast Cable Communications, LLC; and Comcast Cable Communications Management, LLC

Dated: March 10, 2023

**KILPATRICK TOWNSEND & STOCKTON LLP**

By: */s/ April E. Isaacson*
April E. Isaacson

Attorneys for Defendants Cox Communications, Inc.; CoxCom, LLC; and Cox Communications California, LLC

Dated: March 10, 2023

**FISH & RICHARDSON P.C.**

By: */s/ Christopher S. Marchese*
Christopher S. Marchese

Attorney for Defendants DISH Network Corporation; DISH Network L.L.C.; Dish Network Service L.L.C.; and DISH Network California Service Corporation
9

**JOINT RESPONSE TO ORDER TO SHOW CAUSE RE CONSOLIDATION**