Christopher S. Marchese (SBN 170239)
marchese@fr.com
FISH & RICHARDSON P.C.
633 West Fifth Street, 26th Floor
Los Angeles, CA 90071
Tel: (213) 533-4240 / Fax: (858) 678-5099

Adam R. Shartzer *(admitted pro hac vice)*
shartzer@fr.com
Ruffin B. Cordell *(admitted pro hac vice)*
cordell@fr.com
Richard A. Sterba *(admitted pro hac vice)*
sterba@fr.com
Ralph A. Phillips *(admitted pro hac vice)*
rphillips@fr.com
Michael J. Ballanco *(admitted pro hac vice)*
ballanco@fr.com
FISH & RICHARDSON P.C.
1000 Maine Ave., SW, Suite 1000
Washington, DC 20024
Tel: (202) 783-5070 / Fax: (202) 783-2331

*Additional Counsel Listed on Signature Page*

Attorneys for Defendants
DISH Network Corporation, et al.

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DISH NETWORK CORPORATION; DISH NETWORK LLC; DISH NETWORK SERVICE, LLC; AND DISH NETWORK CALIFORNIA SERVICE CORPORATION,<br><br>Defendants. | Case No. 2:23-cv-1043-JWH-KES<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS DISH NETWORK CORPORATION, DISH NETWORK L.L.C., AND DISH NETWORK SERVICE L.L.C.'S MOTION TO DISMISS FOR IMPROPER VENUE UNDER RULE 12(b)(3)**<br><br>Hearing Date:  June 9, 2023<br>Time:           9:00 a.m.<br>Courtroom:    9D<br>Judge:          Hon. John W. Holcolmb |

# TABLE OF CONTENTS

**Page**

I. Introduction ..................................................................................................5

II. Governing Law ............................................................................................5

III. Relevant Facts..............................................................................................7

IV. Argument .....................................................................................................8

V. Conclusion .................................................................................................12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Andra Grp., LP v. Victoria's Secret Stores, L.L.C.*,
    6 F.4th 1283 (Fed. Cir. 2021) ................................................................10, 11, 12

*C.R., Bard, Inc. v. Smiths Med. ASD, Inc.*,
    No. 212CV00036RJSDAO, 2020 WL 4050455 (D. Utah July 20,
    2020) ..................................................................................................................7

*In re Cray Inc.*,
    871 F.3d 1355 (Fed. Cir. 2017) .............................................................6, 7, 9, 10

*Entropic Commc'ns, LLC v. DIRECTV, LLC*,
    No. 2:22-CV-00075-JRG, 2022 WL 19076758 (E.D. Tex. Oct. 24,
    2022) ............................................................................................................9, 10

*Entropic Communications, LLC. v. DISH Network Corporation, et al.*,
    Case. No. 2:22-cv-07959-JWH-JEM ...........................................................5, 8, 9

*Laltitude, LLC v. Dreambuilder Toy, LLC*,
    No. 221-CV-09324J-WHJ-PRX, 2022 WL 2156110 (C.D. Cal. Apr.
    6, 2022) ...................................................................................................6, 7, 10

*Maxchief Invs. Ltd. v. Plastic Dev. Grp., LLC*,
    No. 3:16-CV-63, 2017 WL 3479504 (E.D. Tenn. Aug. 14, 2017) ......................8

*Nat'l Prod., Inc. v. Arkon Res., Inc.*,
    No. C15-19840JLR, 2018 WL 1457254 (W.D. Wash. Mar. 23,
    2018) ..................................................................................................................8

*Pers. Audio, LLC v. Google, Inc.*,
    280 F. Supp. 3d 922 (E.D. Tex. 2017) ...............................................................7

*Skilstaf, Inc. v. CVS Caremark Corp.*,
    669 F.3d 1005 (9th Cir. 2012) ...........................................................................8

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
    137 S. Ct. 1514 (2017) ...................................................................................6, 8

*In re ZTE (USA) Inc.*,
    890 F.3d 1008 (Fed. Cir. 2018) ..........................................................................6

**Statutes**

28 U.S.C. § 1400(b) .................................................................................................5, 6, 10

28 U.S.C. § 1404(a) ..............................................................................................................5

28 U.S.C. § 1406(a) ..............................................................................................................7

**Other Authorities**

Fed. R. Civ. P. 12(b)(3) ......................................................................................................5, 6

## I. INTRODUCTION

DISH Network Corporation, DISH Network L.L.C., and Dish Network Service L.L.C. (collectively, "DISH Colorado") are not subject to suit in this district under the patent venue statute, 28 U.S.C. § 1400(b). This is because they do not "reside" in California, since they are not incorporated here. Nor do they have "a regular and established place of business" in this district, since they do not own or lease any property here.

DISH Colorado therefore moves under Rule 12(b)(3) to dismiss the respective cases and claims against them.[1]

## II. GOVERNING LAW

This Court recently set forth the relevant law as follows:

> The Federal Rules of Civil Procedure provide that a court may dismiss a case for improper venue. *See* Fed. R. Civ. P. 12(b)(3). When a defendant files a motion to dismiss for improper venue, the plaintiff has the burden of proving that venue is proper. *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). In deciding a Rule 12(b)(3) motion, the court may consider facts outside the pleadings, and it need not accept the allegations in the plaintiff's pleading as true. *See Kukje Hwajae Ins. Co. v. M/V Hyundai Liberty*, 408 F.3d 1250, 1254 (9th Cir. 2005); *see also Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996). If contested factual

---

[1] DISH Colorado recognizes it is the subject of another suit by Plaintiff in this district. *See Entropic Communications, LLC. v. DISH Network Corporation, et al.*, Case. No. 2:22-cv-07959-JWH-JEM ("*DISH I*"). DISH Colorado has not moved to dismiss *DISH I* because, when the Eastern District of Texas transferred *DISH I* here (in response to Plaintiff's cross-motion, after DISH Colorado moved to transfer *DISH I* to Colorado), DISH Colorado had already answered and could not file a Rule 12(b)(3) motion. DISH Colorado, however, preserved an objection to venue in *DISH I* in its amended answer. *See DISH I*, Dkt. 53 at ¶ 17, pp. 16-18 (April 17, 2023).
In addition, a fourth DISH entity, DISH Network California Service Corporation ("DISH California"), is a defendant in this case but not in *DISH I*. DISH California does not join this motion. However, DISH California reserves its right to seek a transfer under 28 U.S.C. § 1404(a) (for convenience).

issues arise, the court is obligated to draw all reasonable inferences and to resolve the factual conflicts in favor of the non-moving party or, alternately, the court may conduct an evidentiary hearing to resolve the disputed facts. *See Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138–39 (9th Cir. 2004).

*Laltitude, LLC v. Dreambuilder Toy, LLC*, No. 221-CV-09324J-WHJ-PRX, 2022 WL 2156110, at *1 (C.D. Cal. Apr. 6, 2022) (granting motion under Rule 12(b)(3)).

As the Court noted, Entropic bears the burden of establishing proper venue. *Id.*; *see also In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018) ("[U]pon motion by the Defendant challenging venue in a patent case, the Plaintiff bears the burden of establishing proper venue.").[2]

In addition, the patent venue statute, 28 U.S.C. § 1400(b), provides "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." The statute thus presents plaintiffs in patent cases with two options for establishing venue: (1) "where the defendant resides" or (2) where the defendant "has a regular and established place of business."

In *TC Heartland*, the Supreme Court overruled the Federal Circuit and held "residence" in § 1400(b) "refers only to the State of incorporation." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1521 (2017).

For "a regular and established place of business," the Federal Circuit has emphasized Section 1400(b) "was a restrictive measure, limiting a prior, broader venue" rule. *In re Cray Inc.*, 871 F.3d 1355, 1361 (Fed. Cir. 2017). Moreover, the statute "requires more than the minimum contacts necessary for establishing personal jurisdiction or for satisfying the doing business standard of the general venue provision." *Id.* "[I]t is not one of those vague principles which, in the interests of

---

[2] Because the patent venue statute, 28 U.S.C. § 1400(b), is unique to patent law, the Federal Circuit applies its own law to the issue.

some overriding policy, is to be given a liberal construction." *Id.* Instead, the statute can only be satisfied by looking at whether the defendant really has "a physical place in the district." *Id.* at 1362; *see also Laltitude*, 2022 WL 2156110, at *2.

Finally, 28 U.S.C. § 1406(a) requires that a court "shall dismiss" a case with improper venue—"or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

## III. RELEVANT FACTS

Plaintiff admits that DISH Network Corporation is incorporated in Nevada, while DISH Network L.L.C. and Dish Network Service L.L.C. are Colorado Limited Liability Companies. Dkt. 1 at ¶¶ 8, 10, 12; *see also* Declaration of Christopher S. Marchese at Exs. 1-3 (Secretary of State documents confirming none of these entities are incorporated in California).

Each of the DISH Colorado entities is headquartered in Englewood, Colorado. *See* Decl. of DISH Network L.L.C. Vice President Dan Minnick ¶ 7. DISH Colorado currently employs about 7,300 people in the Denver metropolitan area. *Id.* ¶ 8. DISH Colorado facilities in Colorado house the technical documents and source code, as well as financial, marketing, and sales documents, relating to the products and systems that are accused of infringement in this case. *Id.* ¶ 10.

None of DISH Network Corporation, DISH Network L.L.C., or Dish Network Service L.L.C. at any relevant time[3] has owned or leased any real estate from which to carry out their business in the California counties that make up the Central District of California: San Luis Obispo, Santa Barbara, Ventura, Los Angeles, Orange, San Bernadino, or Riverside. *Id.* ¶ 14.

---

[3] District courts are split on whether the relevant time is the date suit was filed or the date the cause of action accrued. *See C.R., Bard, Inc. v. Smiths Med. ASD, Inc.*, No. 212CV00036RJSDAO, 2020 WL 4050455, at *4 (D. Utah July 20, 2020) (collecting authority). The better view appears to be when the case was filed, based on the kind of strict statutory construction seen in *T.C. Heartland*. *See Pers. Audio, LLC v. Google, Inc.*, 280 F. Supp. 3d 922, 931 (E.D. Tex. 2017). But either way, DISH Colorado has not owned or leased property in this district.

All authorized "DISH" storefront retail outlets are owned by independent third parties that are not at all related to DISH Colorado (other than as contractual business partners). *Id.* ¶ 16. For instance, in the Los Angeles area, X-Factor Communications is one such company that operates as a local retailer in Anaheim. X-Factor Communications is an independent company that is neither a subsidiary nor an affiliate of DISH Colorado. *Id.*

DISH Colorado permits DISH California to use "DISH" trademarks. *Id.* ¶ 17. Other DISH Colorado partners, such as retailers, are also permitted to use the "DISH" name. *Id.* Therefore, the appearance of the "DISH" name or trademarks in California does not mean that DISH Colorado has a "regular and established place of business" in California. *Id.*

## IV. ARGUMENT

It is clear that DISH Colorado does not "reside" in California under *T.C. Heartland* because it is not incorporated here.[4]

It is equally clear that DISH Colorado has no "regular and established place of business" in this district because DISH Colorado does not own or lease any physical locations in the relevant counties from which to carry out its business. Minnick Decl. ¶ 14.

DISH Colorado recognizes the Eastern District of Texas held otherwise in *DISH I*, but that ruling, which DISH Colorado respectfully contends was erroneous, is not controlling because there is no final judgment. *Skilstaf, Inc. v. CVS Caremark*

---

[4] While DISH Network L.L.C. and Dish Network Service L.L.C. are limited liability companies rather than corporations, all courts considering the issue have held *T.C. Heartland* applies equally to such companies. *E.g.*, *Nat'l Prod., Inc. v. Arkon Res., Inc.*, No. C15-19840JLR, 2018 WL 1457254, at *6 n.5 (W.D. Wash. Mar. 23, 2018) (collecting authority; "[u]nincorporated associations, such as limited liability companies, are generally treated like corporations for purposes of venue"); *Maxchief Invs. Ltd. v. Plastic Dev. Grp., LLC*, No. 3:16-CV-63, 2017 WL 3479504, at *2 (E.D. Tenn. Aug. 14, 2017) ("Now that the Supreme Court has reinforced that 'residence' for corporate defendants in a patent infringement case is limited to the state of incorporation, Maxchief is hard-pressed to present a reason why unincorporated associations should be treated differently.").

*Corp.*, 669 F.3d 1005, 1021 (9th Cir. 2012) ("Issue preclusion bars relitigation of issues adjudicated in an earlier proceeding if three requirements are met: '(1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding.'").

In addition, the Eastern District of Texas's ruling in *DISH I* was based on many irrelevant factors besides whether DISH Colorado has a physical "place" in this district. With respect, this same error caused the Federal Circuit to grant mandamus and reverse the same court in *Cray*. 871 F.3d at 1362 ("The district court erred as a matter of law in holding that 'a fixed physical location in the district is not a prerequisite to proper venue.'").

For example, the Texas court concluded DISH Colorado has a physical place in this district based on its findings that: "DISH California lists as its principal office and registered agent the same location and agent as the DISH defendants. From the DISH website, a customer can find DISH service packages available in CDCA and authorized retailers of DISH-branded products, and a prospective employee can find job listings for positions in CDCA." *Entropic Commc'ns, LLC v. DIRECTV, LLC*, No. 2:22-CV-00075-JRG, 2022 WL 19076758, at *4 (E.D. Tex. Oct. 24, 2022).

Yet, none of this evidence relates to a physical *place* in this district. That DISH California lists its principal office at the *Colorado* address of its parent does not prove that DISH Colorado has a physical location in California (quite the opposite). That DISH Colorado and DISH California may share a registered agent for service of process also says nothing about whether DISH Colorado has a physical *place* in this district. Moreover, while the DISH Colorado website may direct customers to California retailers or list jobs available in the state, that again says nothing about whether DISH Colorado has a physical *place* here. The Texas court conflated factors relevant to personal jurisdiction with the stricter rule governing venue, directly

1  contrary to *Cray*. 871 F.3d at 1361 (the patent venue statute "requires more than the
2  minimum contacts necessary for establishing personal jurisdiction or for satisfying
3  the doing business standard of the general venue provision"); *see also Laltitude*, 2022
4  WL 2156110, at *2 ("Laltitude argues that Dreambuilder's leased shelf spaces in
5  Amazon's warehouses constitute a 'physical place in the district.' That argument
6  fails.").

7  The Texas court also appeared heavily influenced by photos of the "DISH"
8  logo in this district. *E.g.*, *Entropic*, 2022 WL 19076758, at *5. Yet, just because
9  DISH Colorado owns the logo does not mean it has a physical *place* in this district.
10 Companies often permit their partners to use logos or trademarks, and this is what
11 DISH Colorado has done here. Minnick Decl. ¶¶ 16-17. Similarly, while the "DISH"
12 logo and trademark can be found on buildings and vehicles in this district, that is
13 because DISH Colorado has agreements with its retailers allowing for the use its logo
14 and trademark. *Id.* ¶ 17. Any use by DISH California of "DISH" trademarks is the
15 ordinary result of DISH California being a subsidiary of DISH Colorado. *Id.* ¶ 17.
16 Neither the presence of the DISH logo and trademark in this district, nor Plaintiff's
17 photographs from the Texas case purporting to show the same, is evidence that DISH
18 Colorado has a "regular and established *place* of business" in this district. 28 U.S.C.
19 § 1400(b) (emphasis added).

20 Finally, the Texas court relied on the argument that DISH Colorado has
21 somehow "ratified" locations in this district as its own. *Entropic*, 2022 WL
22 19076758, at *5. However, the Texas ruling again overlooked applicable law, as
23 recently clarified in *Andra Grp., LP v. Victoria's Secret Stores, L.L.C.*, 6 F.4th 1283
24 (Fed. Cir. 2021). There, the Federal Circuit again held that defendants must
25 themselves have a physical location in the district, not just contractual relationships.
26 For this reason, it affirmed dismissal of Victoria Secret "Non-Store Defendants," as
27 opposed to "Store" Defendants who had retail locations in the district:
28

Andra argues (1) that LBI has ratified store locations through its control over store operations and by holding out store locations as its own; (2) that Direct has ratified store locations by allowing merchandise purchased online to be returned in stores and by directing customers to store locations using the "Find a Store" feature; and (3) that Brand has ratified store locations by distributing and selling its merchandise from Store locations and because it is listed as the registrant for the Victoria's Secret website.

But "the mere fact that a defendant has advertised that it has a place of business or has even set up an office is not sufficient; the defendant *must actually engage in business* from that location." *In re Cray*, 871 F.3d at 1364 (emphasis added). ***Andra has not shown that the Non-Store Defendants actually engage in business at Stores locations.*** Andra asserts that the Non-Store Defendants maintain a "unified business model" with Stores, asserting many of the same facts it set forth in support of its agency theory, but ***the fact that the entities work together in some aspects, as discussed above, is insufficient to show ratification***. *See In re ZTE(USA) Inc.*, 890 F.3d 1008, 1015 (Fed. Cir. 2018) (holding that a contractual relationship between two entities "does not necessarily make [the first company's] call center 'a regular and established place of business' of [the second company] in the [district]").

Several additional factors weigh against a finding of ratification here. The Non-Store defendants ***do not own or lease Stores locations***; Stores leases and performs all operations at the retail locations. *Decision*, 2020 WL 1465894, at *5. The Victoria's Secret website's "Find a Store" feature points consumers to Stores locations, not Non-Store Defendants locations. J.A. 829. The Non-Store Defendants do

> not display their corporate names in the retail locations. *Decision*, 2020 WL 1465894, at *5. Non-Store Defendants carry out different business functions than Stores. *Id.* And the companies' ***shared use*** of "Victoria's Secret" ***in their name does not detract from the separateness of their businesses***. Giving "reasoned consideration to all relevant factors or attributes of the relationship" between Stores and Non-Store Defendants, Andra has not met its burden to show that Non-Store Defendants have ratified Stores locations as their own places of business such that Non-Store Defendants may be said to maintain a regular and established place of business in the District.

6 F.4th at 1289-90 (bolded-italic emphasis added). In this case, Entropic's cited venue evidence—such as the "shared use" of the "DISH" name and DISH Colorado's relationships with local retailers—is no better than what the Federal Circuit rejected in *Andra*.

In short, there is simply no evidence DISH Colorado has "a regular and established place of business" in this district. In fact, the opposite is true, as established by the declaration of DISH Network L.L.C. Vice President Dan Minnick. *See* Minnick Decl. ¶¶ 14-17.

## V. CONCLUSION

This Court should dismiss DISH Network Corporation, DISH Network L.L.C., and Dish Network Service L.L.C. from this case for lack of proper venue.

Dated: May 8, 2023

FISH & RICHARDSON P.C.

By: */s/ Christopher S. Marchese*
Christopher S. Marchese (SBN 170239)
marchese@fr.com
633 West Fifth Street, 26th Floor
Los Angeles, CA 90071
Tel: (213) 533-4240

Adam R. Shartzer *(pro hac vice)*
Ruffin B. Cordell *(pro hac vice)*
cordell@fr.com
Richard A. Sterba *(pro hac vice)*
sterba@fr.com
Ralph A. Phillips *(pro hac vice)*
rphillips@fr.com
shartzer@fr.com
Michael J. Ballanco *(pro hac vice)*
ballanco@fr.com
FISH & RICHARDSON P.C.
1000 Maine Ave., SW, Suite 1000
Washington, DC 20024
Tel: (202) 783-5070

David M. Barkan (SBN 160825)
barkan@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 400
Redwood City, CA 94063
Tel: (650) 839-5070

Ashley A. Bolt *(pro hac vice)*
bolt@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree Street NE, 21st Floor
Atlanta, GA 30309
Tel: (404) 892-5005

Attorneys for Defendants
DISH Network Corporation, et al.