Christopher S. Marchese (SBN 170239)
marchese@fr.com
FISH & RICHARDSON P.C.
633 West Fifth Street, 26th Floor
Los Angeles, CA 90071
Tel: (213) 533-4240 / Fax: (858) 678-5099

Ruffin B. Cordell (admitted *pro hac vice*)
cordell@fr.com
Adam R. Shartzer (admitted *pro hac vice*)
shartzer@fr.com
Richard A. Sterba (admitted *pro hac vice*)
sterba@fr.com
Ralph A. Phillips (admitted *pro hac vice*)
rphillips@fr.com
Michael J. Ballanco (admitted *pro hac vice*)
ballanco@fr.com
FISH & RICHARDSON P.C.
1000 Maine Ave., SW, Suite 1000
Washington, DC 20024
Tel: (202) 783-5070 / Fax: (202) 783-2331

Attorneys for Defendant
DISH Network Corporation, et al.

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DISH NETWORK CORPORATION; DISH NETWORK LLC; DISH NETWORK SERVICE, LLC; AND DISH NETWORK CALIFORNIA SERVICE CORPORATION,<br><br>Defendants. | Case No. 2:23-cv-1043-JWH-KES<br><br>**DECLARATION OF DAN MINNICK**<br><br>District Judge: Hon. John W. Holcomb<br>Magistrate Judge: Hon. Karen E. Scott |

I, Dan Minnick, hereby declare:

1. I am over 18 years of age and competent to make this declaration. If called to testify as a witness, I could and would testify truthfully under oath to each of the statements in this declaration. I make each statement below based on my personal knowledge or after investigation of the relevant information.

2. I am a current employee of DISH Network L.L.C. DISH Network Corporation is the ultimate parent company of the DISH family of companies. DISH Network L.L.C. is a subsidiary that operates the television subscription services business and is publicly known as "DISH Network." DISH Network Service L.L.C. is an entity that handles installations of some television subscriber equipment. I collectively refer to DISH Network L.L.C. (my employer), DISH Network Corporation (the parent), and DISH Network Service L.L.C. here as "DISH Colorado," unless the context dictates otherwise or there is a reason here to distinguish among these entities.

3. DISH Network California Service Corporation is an indirect wholly-owned subsidiary of DISH Network Corporation. This company holds a California Contractor's license and operates exclusively in California. As a general matter, it manages warehouses in California and employs installation and service technicians in California. I will refer to DISH Network California Service Corporation as "DISH California."

4. I have been working for DISH Colorado since December 1996. My current role is Senior Vice President of Software Engineering. Among other responsibilities, I oversee the software creation behind DISH Colorado's set-top boxes. I have served in many roles, including Engineering Director and Vice President of Engineering, for DISH Colorado and its predecessors.

5. I hold a Bachelor of Science degree in Mining Engineering from the Montana College of Mineral Sciences and a master's degree in Electrical Engineering from the Rensselaer Polytechnic Institute.

6. I currently reside in Castle Rock, Colorado.

7. DISH Colorado's headquarters are located in Englewood, Colorado. DISH Colorado also has a separate engineering facility in Englewood, where I work.

8. DISH Colorado currently employs about 7,300 people in the Denver metropolitan area.

9. DISH Colorado is one of Colorado's Top 25 largest private employers.

10. DISH Colorado facilities in Colorado house the technical documents, prior art patents, and source code, as well as financial, marketing, and sales documents, relating to the products and systems that I understand are accused of infringement in this case. These include documents related to the DISH Hopper, Hopper with Sling, Hopper Duo, Hopper 3, Joey, Joey 2, Super Joey, Joey 3, and 4K Joey.

11. Documents relevant to the relationships between DISH Colorado and Entropic Communications, Inc. (who I understand is the original owner of the asserted patents), RF Magic (a company that Entropic Communications, Inc. acquired), and MaxLinear (a company that acquired Entropic Communications, Inc.) dating back to the early 2000s are also housed in Colorado. These documents include materials relating to patent disputes and agreements between DISH Colorado and Entropic Communications, Inc., as well as purchase agreements and records for purchases that DISH Colorado has made from Entropic Communications, Inc., and then MaxLinear, for components over the years.

12. DISH Colorado engineers working and based in Colorado were primarily or entirely responsible for the development of the accused hardware and software, to the extent that this work was done by DISH Colorado. Such engineers include, among many others, Scott Fillingim, Gregg Martch, and myself, all of whom are current employees of DISH Colorado and currently reside in Colorado.

13. To the best of my knowledge, any DISH Colorado employees with knowledge of DISH Colorado's marketing of the accused products, revenue from the

accused products, and customer usage of the accused products would all be located in Colorado as well.

14. I have confirmed that none of DISH Network Corporation, DISH Network L.L.C. and Dish Network Service L.L.C., at least at the time of Entropic's Complaint in this case, owns or leases any real estate from which to carry out their business in the following California counties: San Luis Obispo, Santa Barbara, Ventura, Los Angeles, Orange, San Bernadino, or Riverside.

15. In addition, I have confirmed that none of DISH Network Corporation, DISH Network L.L.C. and Dish Network Service L.L.C. signed the leases for (or owns) any of the properties previously identified by the plaintiff at the following addresses: 3226 West 131st Street, Hawthorne, California 90250; 4223 Fairgrounds Street, Riverside, California 92501; 2602 South Halladay Street, Santa Ana 92705; or 1500 Potrero Avenue, South El Monte, California 91733. Further, the operations conducted at those locations do not have anything to do with the way the accused hardware or software operates or the development of the accused hardware or software. No engineering documents, prior art patents, source code, or other relevant documents are kept at those locations.

16. All authorized "DISH" storefront retail outlets are owned by independent third parties that are not at all related to DISH Colorado (other than as contractual business partners). For instance, in the Los Angeles area, X-Factor Communications is one such company that operates as a local retailer in Anaheim. X-Factor Communications is an independent company that is neither a subsidiary nor an affiliate of DISH Colorado.

17. As a subsidiary of DISH Network Corporation, DISH California is permitted to use "DISH" trademarks. DISH Colorado partners, such as retailers, enter into agreements that permit them to use the "DISH" name. Therefore, the appearance of the "DISH" name or trademarks in California does not mean that DISH Colorado has a "regular and established place of business" in California.

4

DECLARATION OF DAN MINNICK
Case No 2:23-cv-1043-JWH-KES

18.     Melissa Lopez (previously identified by plaintiff) is a member of DISH Colorado's support staff. Her title is "Lead Document Specialist/Agile Administrator." She is based in and works from one of DISH Colorado's Englewood, Colorado facilities. When I or other engineers at DISH Colorado need a document from Agile, we often ask Ms. Lopez or others in her role (or similar roles) to pull it for us.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 8th day of May, 2023, in Englewood, Colorado.

By: _____
Dan Minnick