UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-01043-JWH (KESx) | Date | June 6, 2023 |
| Title | *Entropic Communications, LLC v. DISH Network Corporation, et al.* | | |

Present: The Honorable   JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE

| Clarissa Lara | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings: ORDER RE SUPPLEMENTAL BRIEFING ON DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS UNDER 35 U.S.C. § 101 [ECF No. 50] (IN CHAMBERS)**

Before the Court is the motion of Defendants DISH Network Corporation, DISH Network L.L.C., DISH Network Service L.L.C., and DISH Network California Service Corporation (collectively, "DISH") to dismiss under 35 U.S.C. § 101.[1] Through its Motion, DISH seeks the dismissal of Counts VI and X of the Complaint of Plaintiff Entropic Communications, LLC.[2] Specifically, DISH argues that the asserted claims of two of the patents in suit—U.S. Patent Nos. 10,257,566 and 8,228,910—are invalid under 35 U.S.C. § 101 for claiming patent-ineligible subject matter. Entropic responds that, among other things, an eligibility determination would be premature without the benefit of claim construction, yet Entropic proposes no constructions for the limitations at issue. The Court concludes that it would benefit from supplemental briefing.

---

[1]   *See* DISH's Mot. to Dismiss (the "Motion") [ECF No. 50]; Entropic's Opp'n to the Motion [ECF No. 57]; DISH's Reply in Supp. of the Motion [ECF No. 60].

[2]   Compl. [ECF No. 1] ¶¶ 242-75 & 378-411.

At the Rule 12(b)(6) stage, courts "must resolve the [claim construction] disputes to whatever extent is needed to conduct the § 101 analysis." *Aatrix Software, Inc. v. Green Shades, Inc.*, 882 F.3d 1121, 1125 (Fed. Cir. 2018).  To be sure, it may be appropriate for a court to invalidate a patent claim without considering proposed constructions when the patentee fails to explain "how it might benefit from any particular term's construction under an *Alice* § 101 analysis." *Simio, LLC v. FlexSim Software Prod., Inc.*, 983 F.3d 1353, 1365 (Fed. Cir. 2020) (referring to *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208 (2014)).  Here, however, in view of the presumption of validity and the clear-and-convincing-evidence standard applicable to validity challenges, the Court concludes that it would benefit from considering Entropic's proposed constructions before reaching a Rule 12(b)(6) determination on § 101 eligibility. *See* 35 U.S.C. § 282; *Young v. Lumenis, Inc.*, 492 F.3d 1336, 1345 (Fed. Cir. 2007).

For those reasons, it is hereby **ORDERED** as follows:

1. Entropic is **DIRECTED** to file a supplemental brief of no more than 15 pages on or before June 16, 2023.  In its supplemental brief, Entropic shall:

    a. propose constructions for the limitations "perform an admission procedure"; "probe a communication link" and/or "adapt transmission parameters"; and "packet aggregation module" and/or "forming an aggregate packet"; and

    b. explain how the proposed constructions affect the § 101 eligibility analysis.

2. DISH is **DIRECTED** to file a responsive brief of no more than 15 pages on or before June 23, 2023.  In its responsive brief, DISH shall provide arguments in support of its position that Entropic's constructions do not change the § 101 eligibility analysis.  DISH shall *not* propose counter-constructions; instead, the Court will accept Entropic's proposed constructions at the motion-to-dismiss stage. *See Nat. Alternatives Int'l, Inc. v. Creative Compounds, LLC*, 918 F.3d 1338, 1343 (Fed. Cir. 2019).

3. The hearing on DISH's Motion is **CONTINUED** to June 30, 2023, at 9:00 a.m.

**IT IS SO ORDERED.**