Christina N. Goodrich (SBN 261722)
christina.goodrich@klgates.com
Connor J. Meggs (SBN 336159)
connor.meggs@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard, 8th Floor
Los Angeles, California 90067
Telephone:  +1 310.552.5000
Facsimile:  +1 310.552.5001

*Attorneys for Plaintiff*
*Entropic Communications, LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>DISH NETWORK CORP., *et al.*;<br><br>    Defendants. | Case No. 2:23-cv-1043-JWH-KES<br>Case No. 2:23-cv-1047-JWH-KES<br>Case No. 2:23-cv-1048-JWH-KES<br><br>**JOINT RULE 26(f) SCHEDULING CONFERENCE REPORT**<br><br>Scheduling Conf.:  July 21, 2023<br>Time:                      9:00 AM<br>Crtrm:                    9D (Santa Ana) |
| ENTROPIC COMMUNICATIONS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>COX COMMUNICATIONS, INC., *et al.*;<br><br>    Defendants. | |
| ENTROPIC COMMUNICATIONS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>COMCAST CORPORATION, *et al.*,<br><br>    Defendants. | |

1

JOINT RULE 26(f) REPORT

The parties, Plaintiff Entropic Communications, LLC ("Entropic") and Defendants Comcast Corporation ("Comcast Corp."); Comcast Cable Communications, LLC ("Comcast Communications"); and Comcast Cable Communications Management, LLC ("Comcast Management"), (collectively "Comcast" or "Comcast Defendants"); Defendants Cox Communications, Inc.; Coxcom, LLC and Cox Communications California LLC, (collectively "Cox" or "Cox Defendants"); and Defendants DISH Network Corporation, DISH Network L.L.C., Dish Network Service L.L.C. ("DISH Colorado" or "DISH Colorado Defendants"), and Dish Network California Service Corporation (individually, "Dish California") (collectively, "DISH" or "DISH Defendants") provide this Joint Rule 26(f) Report in accordance with the Court's Order of May 17, 2023 (CV-1048, ECF No. 44; CV-1043, ECF No. 54; CV-1047, ECF No. 52), Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 26-1, and the Orders of this Court.

**(1)** **Statement of the Case:**

    **A. *Entropic's Statement***

This case arises from Defendants' infringement of Entropic patents for various network communications technology. Entropic filed a Complaint (ECF No. 1) on February 10, 2023 asserting that Defendants infringe U.S. Patent Nos. U.S. Patent Nos. 7,295,518 (the "'518 Patent"), 7,594,249 (the "'249 Patent") (together the "Network Patents"); U.S. Patent Nos. 7,889,759 (the "'759 Patent"), 8,085,802 (the "'802 Patent") (together the "Node Admission Patents"); U.S. Patent Nos. 9,838,213 (the "'213 Patent"), 10,432,422 (the "'422 Patent") (together the "PQoS Flows Patents"); U.S. Patent Nos. 8,631,450 (the "'450 Patent"), 8,621,539 (the "'539 Patent") (together the "Link Maintenance Patents"); U.S. Patent No. 8,320,566 (the "'0,566 Patent" or the "OFDMA Patent"); U.S. Patent No. 10,257,566 (the "'7,566 Patent" or the "Network Coordinator Patent"); U.S. Patent No. 8,228,910 (the "'910 Patent" or the "Packet Aggregation Patent"); U.S. Patent

No. 8,363,681 (the "'681 Patent" or the "Clock Sync Patent") (collectively, the "Patents-in-Suit"). These patents incorporate various elements of technology set forth in the Multimedia over Coax Alliance standards (the "MoCA" standards).

Entropic asserts that Defendants directly infringe the Patents-in-Suit through its provision of a whole-premises DVR network over an on-premises coaxial cable network with components including gateway devices and client devices, and provision of MoCA-compliant services to the whole-premises DVR network. Entropic asserts that Defendants' infringement has been willful, and that Defendants actively induce and contribute to their customers' direct infringement of the Patents-in-Suit.

Entropic Communications, Inc., the predecessor in interest to Entropic as to the Patents-in-Suit, pioneered the development of MoCA, an innovative networking technology consisting of a high-speed point-to-point digital communication network using existing coax installations. Entropic Inc. later founded an organization to standardize the networking architecture and promote its use. This became known as the Multimedia over Coax Alliance, or "MoCA." That acronym has also come into common usage as the name given to the networking architecture itself—now embodied in the MoCA standards. The technology defined in the MoCA standards enables the point-to-point high-quality network so badly needed by cable and satellite providers. Crucially it also provides the operators the ability to deploy their services without the enormously costly effort of installing Ethernet or similar cabling to carry the data.

Today, MoCA is the backbone of data and entertainment services for tens of millions of customers. MoCA is widely used by every major provider in the industry, saving them billions of dollars in costs and avoiding the hassle of re-wiring for providers and customers alike.

Defendants' accused products are MoCA compliant, and as such, infringe the

315789782.3

Patents-In-Suit to provide enhanced and expanded services to customers, which in turn has increased revenues for Defendants while at the same time reducing costs. Entropic reserves the right to amend this section in response to Defendants' statements.

Entropic denies Defendants' arguments and assertions set forth below.

## B. *Comcast's Statement*

For the reasons discussed in Comcast's Rule 12(b)(1) motion filed on June 20, 2023, Entropic's cases against Comcast lack subject matter jurisdiction because the asserted patents are subject to a covenant not to sue granted to Comcast. Accordingly, this case should be dismissed.

Should this case proceed, Comcast does not infringe and has not infringed, directly or indirectly, any valid and enforceable claim of Patents-in-Suit. Entropic's claims are invalid and/or ineligible, and not enforceable for a number of reasons, including but not limited to patent invalidity, and equitable doctrines including prosecution history estoppel and inequitable conduct.  Entropic's requested relief is improper and should be denied.  Entropic's claims for willful infringement are also implausible and therefore should be dismissed.

Additionally and independently, Entropic acquired the Patents-in-Suit from various predecessor entities, including MaxLinear, Inc. and Maxlinear Communications LLC.  In doing so, both Entropic and those entities violated the governing terms of the MoCA IPR policies.  Entropic has independently failed to comply with those IPR policies. As a result, Entropic lacks standing to assert the Patents-in-Suit and is in breach of the applicable IPR policies. Entropic is also tortiously interfering with Comcast's contractual relationship with MaxLinear, Inc. and MaxLinear Communications LLC. Finally, given the prior activities of its predecessors, Entropic's claims for damages are limited or barred by waiver, estoppel and failure to mark.

### C. *Cox's Statement*

Cox does not infringe and has not infringed, directly or indirectly, any valid and enforceable claim of U.S. Patent Nos. 7,295,518; 7,594,249; 7,889,759; 8,085,802; 9,838,213; 10,432,422; 8,631,450; 8,621,539; 8,320,566; 10,257,566; 8,228,910; and 8,363,681 (collectively, the "Patents-in-Suit"). Entropic's claims are invalid and not enforceable for a number of reasons, including but not limited to patent invalidity, prosecution estoppel, and equitable doctrines including prosecution history estoppel.  Entropic's requested relief is improper and should be denied.

Additionally and independently, Entropic acquired the Patents-in-Suit from various predecessor entities, including MaxLinear, Inc. and Maxlinear Communications LLC.  In doing so, both Entropic and those entities violated the governing terms of the MoCA IPR policies.  Entropic has independently failed to comply with those IPR policies. As a result, Entropic lacks standing to assert the Patents-in-Suit and is in breach of the applicable IPR policies.  Finally, given the prior activities of its predecessors, Entropic's claims for damages are limited or barred by waiver, estoppel and failure to mark.

### D. *DISH's Statement*

As a preliminary matter, the DISH Defendants have not answered the Complaint.  The DISH Colorado Defendants filed a motion to dismiss this suit as to them because venue is improper in the Central District of California.  Dish California does not take the same position.  The DISH Colorado Defendants contend that the case against them should not proceed until the issues raised by their motion to dismiss for lack of venue are resolved.

Nevertheless, and with full reservation of all rights, the DISH Defendants do not infringe and have not infringed, directly or indirectly, any asserted, valid and enforceable claim of U.S. Patent Nos. 7,295,518; 7,594,249; 7,889,759; 8,085,802;

315789782.3

9,838,213; 10,432,422; 8,631,450; 8,621,539; 8,320,566; 10,257,566; 8,228,910; and 8,363,681 (collectively, the "Patents-in-Suit").    At this time, Entropic's Complaint identifies only certain asserted claims as allegedly infringed.  Entropic's claims are invalid and not enforceable for a number of reasons, including, but not limited to, patent invalidity, patent ineligibility, and equitable doctrines including prosecution history estoppel.  Indeed, DISH filed a Rule 12(b)(6) Motion to Dismiss Counts VI and X of Plaintiff's Complaint Under 35 U.S.C. § 101 on the basis that U.S. Patent Nos. 10,257,566 and 8,228,910 are invalid as a matter of law for claiming patent-ineligible subject matter.  Entropic's requested relief is improper and should be denied.

Additionally and independently, Entropic acquired the Patents-in-Suit through various predecessor entities, including Entropic Communications, Inc., MaxLinear, Inc. and Maxlinear Communications LLC.  In doing so, both Entropic and those entities violated the governing terms of the MoCA intellectual property rights ("IPR") policies causing the assignment of the Patents-in-Suit to be null and void.  Entropic has independently failed to comply with those IPR policies.  As a result, Entropic lacks standing to assert the Patents-in-Suit and has breached the applicable IPR policies.

Additionally and independently, Entropic has breached its obligations arising from the IPR policies by, among other things, failing to offer FRAND licenses before filing the instant suit, and seeking injunctive relief.  In pursuing Non-FRAND damages for patents subject to FRAND obligations arising from the MoCA IPR policies, Entropic's assertions give rise to both a claim for breach of contract and a defense to Entropic's infringement claims. Entropic's assertions are also barred by the doctrines of unclean hands, implied license and/or estoppel based upon Entropic's failure to abide by its obligations under the MoCA IPR policies. In addition, Entropic's conduct arising from its failure to abide by the requirements of

the MoCA IPR policies amounts to tortious conduct, including, among other things, fraud, unfair competition, unjust enrichment, and antitrust violations.

Finally, given the prior activities of its predecessors, Entropic's claims for damages are limited or barred by waiver, estoppel and failure to mark.

**(2)** **Subject Matter Jurisdiction:**

<u>Entropic's Position</u>**:** This is a civil action alleging patent infringement under the Patent Act, 35 U.S.C. § 101 *et seq*. This Court has exclusive subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 and 1338.

<u>Comcast's Position</u>**:** The Comcast Defendants were granted a covenant not to sue by MaxLinear, Inc., on behalf of MaxLinear, Inc. and its affiliates, including MaxLinear Communications LLC.   When MaxLinear, Inc. and MaxLinear Communications LLC   attempted to assign their patents to Plaintiff Entropic Communications, LLC, they did so subject to that encumbrance, as that encumbrance travels with the patent as a matter of black letter law. *See* Dkt. *Datatreasury Corp. v. Wells Fargo & Co.*, 522 F.3d 1368, 1372 (Fed. Cir. 2008). The Comcast Defendants have moved to dismiss this matter for lack of subject matter jurisdiction. Case No. 2:23-cv-1048, Dkt. 82.

<u>Cox's Position</u>**:** As stated above, Entropic lacks standing to assert the Patents-in-Suit due to violations of the MoCA IPR policies.

<u>DISH's Position</u>**:** As stated above, Entropic lacks standing to assert the Patents-in-Suit due to violations of the MoCA IPR policies and for filing the lawsuit without the proper parties named.

**(3)** **Consolidation:**

Entropic filed three cases on February 10, 2023 alleging patent infringement of the same group of patents by three different groups of defendants. Those cases, which include the instant action, are:

   • *Entropic Communications, LLC v. Cox Communications, Inc., et al.* Case

No. 2:23-cv-01047, filed February 10, 2023 (C.D. Cal.) ("Cox Action"); and

> • *Entropic Communications, LLC v. Comcast Corporation, et al.* Case No. 2:23-cv-01048, filed February 10, 2023 (C.D. Cal.) ("Comcast Action"); and

> • *Entropic Communications, LLC v. DISH Network Corporation, et al.* Case No. 2:23-cv-01043, filed February 10, 2023 (C.D. Cal.) ("DISH Action").

On July 1, 2023, Entropic filed a case against an additional group of defendants alleging patent infringement of the same group of patents as the cases filed on February 10. This case is:

> • *Entropic Communications, LLC v. DirecTV, LLC, et al.* Case No. 2:23-cv-05253, filed July 1, 2023 (C.D. Cal.) ("DirecTV Action") (altogether the "Related Actions").  The DirecTV Action was transferred to Judge Holcomb on July 5, 2023 (cv-05253, ECF No. 11).

Cox, Comcast, and DISH (the "Consolidated Defendants"), and Entropic (the "Consolidated Parties") have agreed, for pretrial purposes, to consolidate these cases through the *Markman* hearing. The parties have agreed upon a consolidated discovery plan which is detailed below in Section (12). However, as stated above, DISH Colorado moved to dismiss the DISH Action as to them for lack of venue. The Parties have agreed upon a consolidated discovery plan, detailed below in Section (12).  Entropic will inquire with DirecTV's counsel in the DirecTV Action whether it consents to consolidation through *Markman* with these actions.

**(4)**   **Legal Issues:**

Entropic's Position:  The primary disputed legal issues include:

1) Whether the Consolidated Defendants infringed the Patents-in-Suit;

2) Whether Entropic is entitled to damages for Comcast's infringement;

3) Whether Entropic is entitled to injunctive relief;

4) Whether Entropic is entitled to treble damages pursuant to 35 U.S.C. §284; and

5) Whether Entropic is entitled to attorneys' fees.

Comcast's Position:  The primary disputed legal issues include:

6) Whether Comcast immunized from this lawsuit by the covenant not to sue;

7) Whether the asserted patents are valid;

8) Whether the asserted patents are enforceable;

9) Whether the asserted patents were obtained through inequitable conduct;

10)   Whether Entropic's assertion of the patents is barred by equitable estoppel;

11)   Whether Entropic intentionally interfered with contractual relations between (i) Comcast and MaxLinear or (ii) Comcast and MoCA Alliance, including through these lawsuits and related activities;

12)   Whether Comcast is entitled to damages for Entropic's intentional interference with contractual relations between Comcast and MaxLinear, and the measure of those damages;

13)   Whether Entropic is in breach of the MoCA intellectual property agreement in failing to negotiate a FRAND royalty rate prior to filing this lawsuit, and in seeking injunctive relief, and the appropriate measure of damages for those breaches;

14)   Whether Entropic performed an adequate pre-filing investigation to bring this lawsuit; and

15)   Whether Comcast is entitled to attorneys' fees.

Cox's Position:

1)   Whether the Patents-in-Suit are valid;

2) Whether the Patents-in-Suit are enforceable;

3) Whether Entropic has standing to bring this action;

4) Whether Entropic has complied with FRAND terms;

5) Whether Entropic's claims are barred by prosecution estoppel, release,

license, exhaustion, or equitable doctrines;

6) Whether Cox infringed the Patents-in-Suit; and

7) Whether Cox is entitled to attorneys' fees.

<u>DISH's Position</u>: At this time, the primary disputed legal issues include:

1) Whether the asserted claims of the Patents-in-Suit are infringed;

2) Whether the Patents-in-Suit are valid;

3) Whether the Patents-in-Suit are enforceable;

4) Whether Entropic has standing to bring this action;

5) Whether Entropic has complied with FRAND terms;

6) Whether Entropic's claims are barred by prosecution estoppel, release, license, exhaustion, incorrect inventorship, or equitable doctrines;

7) Whether Entropic has breached its obligations arising from the IPR policies of the MoCA standards setting organization by, among other things, failing to offer FRAND licenses before filing suit, seeking injunctive relief, and in pursuing Non-FRAND damages for patents subject to FRAND obligations;

8) Whether Entropic's claims are barred by the doctrines of unclean hands, implied license and/or estoppel based on Entropic's failure to abide by its obligations under the MoCA IPR policies;

9) Whether Entropic's conduct arising from its failure to abide by the requirements of the MoCA IP policies amounts to tortious conduct, including, among other things, fraud, unfair competition, unjust enrichment, and antitrust violations;

10)   Whether DISH is entitled to attorneys' fees;

11)   Whether venue is proper as to DISH Colorado; and

12)   Whether Entropic is entitled to damages for the full scope of time for which it seeks damages.

JOINT RULE 26(f) REPORT

**(5)     Parties, Evidence, etc.:**

Entropic's Position: Witnesses and key documents that Entropic is currently aware of are identified in Section 12(c).

Comcast's Position: Witnesses and key documents that Comcast is currently aware of are identified in Section 12(c).

Cox's Position: Witnesses and key documents that Cox is currently aware of are identified in Section 12(c).

DISH's Position: Witnesses and key documents that DISH is currently aware of are identified in Section 12(c).

**(6)     Damages:**

Entropic's Position: At this time, Entropic does not know the specific range of provable damages because it has not yet received relevant discovery from Defendants, but Entropic believes provable damages will be in the range of at least $1 billion with respect to Comcast, at least $1 billion with respect to DISH, and at least $200 million with respect to Cox. Entropic is eligible to recover an award of past, present, and future damages adequate to compensate Entropic for Comcast's infringement of the patents-in-suit, or, in the alternative, an award of Comcast's total profits under 35 U.S.C. § 289. Entropic further believes it is eligible to recover treble damages pursuant to 35 U.S.C. § 284, an award of Comcast's attorneys' fees under 35 U.S.C. § 285, and prejudgment and post judgment interest on all monetary awards.

Comcast's Position: Entropic is not entitled to any damages for at least the reason that Comcast was granted a covenant not to sue, and each of the asserted patents cannot be asserted against Comcast.  Further, Comcast does not infringe each of the asserted patents, and each of the asserted patents is invalid and/or patent ineligible, and Entropic is not entitled to any damages for these additional reasons. Entropic is further not entitled to damages because its case is barred by equitable

315789782.3

doctrines, including equitable estoppel, and because several of the asserted patents were obtained through fraud on the United States Patent Office. Entropic's damages are further limited and/or barred by Entropic's FRAND obligations arising from the MoCA IPR policy.  In addition, Comcast is entitled to damages for Entropic's intentional interference with contractual relations with respect to MaxLinear, and with respect to the MoCA alliance.  Comcast is also entitled to damages of at least its attorneys' fees for violations of the MoCA IPR policies.

Cox's Position: Entropic is not entitled to any damages for at least the reason that Entropic does not have standing to sue Cox on the Patents-in-Suit.  Further, Cox does not infringe each of the Patents-in-Suit, and each of the Patents-in-Suit is invalid, and Entropic is not entitled to any damages for these additional reasons. Entropic is further not entitled to damages because its case is barred by equitable doctrines, including equitable estoppel.  Moreover, Cox is entitled to damages of at least its attorneys' fees for Entropic's inducement and intentional interference with contractual relations with the MoCA organization.

DISH's Position: Entropic is not entitled to any damages for at least the reason that Entropic does not have standing to sue DISH on the Patents-in-Suit.  In addition, Entropic is not entitled to any damages or its entitlement to damages is otherwise limited because DISH does not infringe any of the Patents-in-Suit, each of the Patents-in-Suit is invalid and/or unenforceable, and Entropic is not entitled to collect damages for the full scope of time over which it seeks damages.  Entropic is further not entitled to damages because its case is barred by equitable doctrines, including equitable estoppel.   Entropic's damages are further limited and/or barred by Entropic's FRAND obligations arising from the MoCA IPR policies.  Moreover, DISH is entitled to damages of at least its attorneys' fees for violations of the MoCA IPR policies.

**(7)** **Insurance:**

Entropic is not aware of any insurance coverage or insurance related issues at this time.

Comcast is not aware of any insurance coverage or insurance related issues at this time.

Cox is not aware of any insurance coverage or insurance related issues at this time.

DISH is not aware of any insurance coverage or insurance related issues at this time.

**(8)** **Motions:**

Entropic: Entropic does not presently intend to file a motion to add parties or claims.  Entropic has requested leave to amend if Defendants' motions are granted. Entropic may move for leave to file an amended complaint and/or a supplemental pleading to assert additional facts to support the existing claims and remedies, if necessary to further clarify its claims and avoid unnecessary motion practice.

Comcast: On June 20, 2023, Comcast filed a Rule 12(b)(1) Motion for Lack of Subject Matter Jurisdiction, on the basis that each of the asserted patents is subject to the covenant not to sue, and the Comcast Defendants are immune from Entropic's lawsuit.   In the alternative, Comcast's Motion sought dismissal of Entropic's willfulness allegations pursuant to Federal Rule of Civil Procedure Rule 12(b)(6).

Cox: On June 16, 2023, Cox filed a Motion for Invalidity under 25 U.S.C. § 101. pursuant to Fed. R. Civ. P. 12(c). ECF No. 64.

DISH: On May 8, 2023, DISH Network Corporation, DISH Network L.L.C., and Dish Network Service L.L.C. ("DISH Colorado"), filed a Rule 12(b)(3) Motion to Dismiss for Improper Venue.

Additionally, on May 8, 2023, DISH filed a Rule 12(b)(6) Motion to Dismiss

315789782.3

Counts VI and X of Plaintiff's Complaint under 35 U.S.C. § 101 on the basis that U.S. Patent Nos. 10,257,566 and 8,228,910 are invalid as a matter of law for claiming patent-ineligible subject matter.

Venue in the Central District of California is not convenient for the DISH entities and DISH otherwise reserves its right to seek a transfer for convenience.

**(9)** **Manual for Complex Litigation**:

The parties believe this matter does not require the procedures of the Manual for Complex Litigation at this time.

**(10)** **Status of Discovery**:

Pursuant to the Order Granting the Joint Stipulation Regarding Venue Discovery and Briefing Schedule for Motion to Dismiss (D.I. 56), Plaintiff served DISH with a limited set of venue-related discovery Requests for Production and Interrogatories on May 19, 2023, and a venue-related corporate deposition notice on June 13, 2023. DISH responded and objected to Plaintiff's discovery requests on June 20, 2023. DISH also received notice from Entropic of its intent to serve a third-party subpoena on X-Factor Communications, Inc. ("X-Factor"), a retailer / installer for certain satellite-based television products. DISH understands that Entropic has since served that subpoena on X-Factor. DISH and Entropic have agreed to jointly request a continuance of the hearing on DISH's Venue Motion and the briefing schedule to permit the parties to collect and produce venue discovery.

The parties have not served any additional discovery and no discovery has been completed. Entropic has held off on serving discovery until after the discovery limits applicable to each party are agreed upon or the Court issues an order as to disputed limits.

JOINT RULE 26(f) REPORT

315789782.3

**(11)** <u>**Special Master for Discovery:**</u>

The Consolidated Parties have stipulated to the appointment of David Keyzer, Esq. as special master for discovery purposes in these cases. The Stipulation for the Appointment of a Special Master, Proposed Order, and Declaration of Mr. Keyzer were filed with the Court on June 8, 2023 (CV-1048, ECF No. 78; CV-1043, ECF No. 68). The Court issued an order on July 5, 2023 appointing Mr. Keyzer as the Special Master for discovery purposes (CV-1047, ECF No. 67; CV-1048, ECF No. 100; CV-1043, ECF No. 74).

**(12)** <u>**Consolidated Discovery Plan**</u>:

**A.** *Changes to Discovery*

The Consolidated Parties do not believe any changes are necessary to the timing, form, or requirement for disclosures under Rule 26(a) aside from the discovery proposal outlined in this Section (12).

**B.** *Subjects on Which Discovery Is Needed and Completion Date*

The Consolidated Parties do not believe it is necessary to conduct discovery in phases. Per the Court's guidance, the parties will seek to set a schedule for the completion of fact discovery and expert discovery, pre-trial motions, and trial after conclusion of the *Markman* hearing.

**C.** *The Parties' Anticipated Subjects of Discovery*

***Plaintiff's anticipated subjects of discovery:*** Entropic anticipates propounding requests for production of documents, interrogatories, and requests for admission on each of the Consolidated Defendants. Entropic further anticipates serving third party subpoenas for documents and depositions of third party witnesses. In addition, Entropic anticipates deposing the following witnesses: (1) Rule 30(b)(6) designee(s) for each of the respective Consolidated Defendants; (2) any employees, representatives, or agents for the respective Consolidated

Defendants who were involved with the design, production, advertising, sale, and display of the accused products; (3) any employees, representatives, or agents for each of the respective Consolidated Defendants who had knowledge of Entropic, MaxLinear, Inc., MaxLinear Communications, LLC and their respective patents and their infringement thereof; and (4) any employees, representatives, or agents for the respective Consolidated Defendants who have knowledge of the Respective Consolidated Defendants' profits attributable to sales of accused products; (5) any employees, representatives, or agents for the respective Consolidated Defendants who were involved with the design, production, advertising, sale, and display of the accused products.

*Consolidated Defendants' anticipated subjects of discovery:* Consolidated Defendants anticipate propounding requests for production of documents, interrogatories, and requests for admission on Entropic. Consolidated Defendants further anticipate serving third-party subpoenas for documents and depositions of third-party witnesses.  In addition, Consolidated Defendants anticipate deposing the following witnesses: (1) Rule 30(b)(6) designee(s) for Entropic; (2) any employees, representatives, or agents for Entropic with knowledge regarding the acquisition of the Patents-in-Suit, monetization efforts, or any licenses or revenue associated with the Patents-in-Suit, or any purported value of the Patents-in-Suit; (3) any employees, representatives, or agents for MaxLinear, Inc. or MaxLinear, LLC with knowledge regarding the attempted assignment of the Patents-in-Suit to Entropic, with knowledge of MaxLinear's participation in this litigation or decision to pursue this litigation, with knowledge of the Patents-in-Suit, with knowledge of MaxLinear's (or its predecessors) standards-setting organization activities and intellectual property rights obligations, or with knowledge of the development of any products that embody any of the Patents-in-Suit; (4) any third party witnesses with knowledge of the topics identified in part (3); (5) the named inventors of the Patents-in-Suit,

including on issues of conception and reduction to practice of each alleged invention, prosecution of the Patents-in-Suit, efforts to commercialize each alleged invention, any alleged commercial success of each alleged invention or other alleged objective indicia of non-obviousness, and any development of any products that embody each alleged invention; and (6) any third party witnesses with knowledge of the prior art. DISH intends to issue discovery on the topic of conception and reduction to practice of each alleged invention, efforts to commercialize each alleged invention, any alleged commercial success of each alleged invention, and any development of any products that embody each alleged invention.    The Consolidated Defendants additionally anticipate discovery upon the standard-setting organizations relevant to the Patents-in-Suit and accused products, including any intellectual property rights commitments associated with those standard-setting organizations, including MoCA and various individuals and entities participating in MoCA.    Further, additional discovery is anticipated of Broadcom, a supplier for some of the accused functionality in this case.

The Consolidated Defendants will also seek discovery regarding the correct measure of any alleged damages, including any licenses related to the technology. The Consolidated Defendants intend to seek discovery regarding the predecessors-in-interest in the Patents-in-Suit for each of the above topics and the alleged assignment of the Patents-in-Suit by third parties and MaxLinear.    To the extent Entropic seeks discovery on any issue, the Consolidated Defendants intend to seek rebuttal discovery accordingly.

### D. *Depositions*

Entropic may take up to a total of [Plaintiff: 100; Consolidated Defendants: 70][1] hours of deposition testimony of each Defendant (inclusive of both 30(b)(1) and 30(b)(6) depositions, whether officers, directors, and employees). The Consolidated

---

[1] Where the parties disagree, brackets are inserted showing each party's position.

Defendants may jointly take up to [Plaintiff: 40; Consolidated Defendants: 110] hours of deposition testimony of Entropic (inclusive of both 30(b)(1) and 30(b)(6) depositions, whether officers, directors, and employees).[2]  Each Defendant may also take up to [Plaintiff: 30 hours; Consolidated Defendants: 49 hours] of deposition testimony of Entropic (inclusive of both 30(b)(1) and 30(b)(6) depositions, whether officers, directors, and employees).  Entropic may take up to a total of 90 hours of deposition testimony of third parties.  Each Defendant may each take up to a total of 90 hours of deposition testimony of third parties.  Expert depositions may last 7 hours per expert per report that the expert submits, absent agreement of the parties or court order.  In addition to the 7 hour per report deposition, if the expert witness issues a report addressing infringement or damages issues regarding multiple of the Consolidated Defendants, for that report, the expert witness may be deposed for 7 hours by each Defendant.[3]  Additionally, if the expert opines on more than three patents, an additional three hours will be added to the deposition for each additional patent over three.

### E. *Requests for Production*

Entropic may serve (75) requests for production on each Defendant and each Defendant may serve (75) requests for production on Entropic.

### F. *Interrogatories*

---

[2] <u>Defendants' Position</u>: Despite the Consolidated Defendants' explicit request, Entropic refused to identify whether it has any witnesses besides Entropic CEO Boris Teksler.  Entropic also refused to disclose whether any of the named inventors of the asserted patents were represented by Entropic and/or would be presented as Entropic witnesses.

<u>Entropic's Position</u>: The questions asked by Comcast's counsel during the Rule 26 conference of counsel about Entropic's witnesses are more appropriately addressed in Entropic's initial disclosures (which should answer the questions about the inventors and other witnesses), during discovery, and in connection with addressing 30(b)(6) notices and topics.

[3] For purposes of Section D, E, F, and G, the phrase "each Defendant" refers to each group of affiliated defendants and not to each separate defendant in a group of affiliate defendants.

1    Entropic may serve up to [Plaintiff: 10; Consolidated Defendants 15] common

2    interrogatories on the Consolidated Defendants and up to [Plaintiff: 15; Consolidated

3    Defendants 10] individual interrogatories on each Defendant. The Consolidated

4    Defendants may serve up to (10) common interrogatories on Entropic and each

5    Defendant may serve up to an additional (15) interrogatories on Entropic.

6    ### G. *Requests for Admissions*

7    Entropic may serve up to (30) common requests for admission on the

8    Consolidated Defendants and up to (30) individual requests for admission on each

9    Defendant.  The Consolidated Defendants may serve up to (30) common requests

10    for admission on Entropic, and each Defendant may serve up to (30) individual

11    requests for admission on Entropic. There is no limit on the number of requests for

12    admission the parties may serve to establish the authenticity of documents. Requests

13    for admission directed to document authentication shall be clearly denoted as such,

14    and shall be served separately from any requests for admission subject to the

15    numerical limitations stated above.

16    ### H. *Issues About Disclosure, Discovery, or Preservation of ESI*

17    The Consolidated Parties anticipate working together to determine the

18    appropriate form of production for ESI.  Documents shall be produced as single-

19    page Tagged Image File Format ("TIFF") format or as native files where

20    appropriate.  TIFF files shall be named with a unique production number followed

21    by the appropriate file extension. Load files shall be provided to indicate the location

22    and unitization of the TIFF files. If a document is more than one page, the unitization

23    of the document and any attachments shall be maintained as they existed in the

24    original document.  Furthermore, source code, if necessary, will be produced under

25    an appropriate protocol established in the governing Protective Order.

26    The Consolidated Parties are not aware of other issues concerning disclosure,

27    discovery, or preservation of ESI.  Should it be necessary, the Consolidated Parties

28

315789782.3

will enter into a stipulation and propose to the Court an ESI Order governing ESI discovery in this case.  The Consolidated Parties have agreed to enter into a protective order to address concerns over the disclosure of confidential and highly confidential material.  On June 22, 2023, Entropic sent to the Consolidated Defendants a draft Protective Order consistent with Magistrate Judge Scott's published form order, and Consolidated Defendants are coordinating on the Protective Order.  The parties have agreed to exchange initial disclosures on July 14, 2023.

The Parties will meet and confer to come to an agreement on the timing of exchange of privilege logs.

### I.  *Any Other Orders*

Other than the potential ESI order and protective order discussed above, the parties do not believe any other orders are necessary under Rule 26(c) or Rule 16(b) or (c).

**(13)   Discovery Cut-off:**

The Consolidated Parties agree to propose a schedule for the completion of Fact Discovery and Expert Discovery after completion of the *Markman* Hearing and related *Markman* Order.

Consolidated Defendants' Position: The Consolidated Defendants believe that a post-*Markman* Hearing schedule should include dates by which Entropic agrees to reduce the number of asserted claims.  Defendants have discussed this with Entropic as early as their first meet and confer in this matter.

Entropic's Position:  The Consolidated Defendants did not raise this issue during the Rule 26 conference of counsel nor have they initiated a meet and confer on this issue.  Entropic will, of course, meet and confer on this issue if requested.

315789782.3

**(14)    Dispositive Motions:**

Entropic's Position: Entropic may move for summary judgment or partial summary judgment of infringement and/or to dismiss affirmative defenses and/or counterclaims.

Comcast's Position: Comcast has moved to dismiss, pursuant to Rule 12(b)(1), for lack of subject matter jurisdiction.  Should Comcast's motion not be granted, Comcast will assess the other motions it intends to bring.

Cox's Position: Cox has moved for invalidity of certain of the Patents-in-Suit under 35 U.S.C. § 101, pursuant to Fed. R. Civ. P. 12(c).  Cox will address other dispositive motions following additional discovery.

DISH's Position: DISH has moved for invalidity of certain of the Patents-in-Suit under 35 U.S.C. § 101, pursuant to Fed. R. Civ. P. 12(b)(6).  DISH Colorado has also moved to dismiss for improper venue, pursuant to Fed. R. Civ. P. 12(b)(3).  DISH expects to move for summary judgment of no infringement and invalidity for at least some of the patents remaining at that stage of the litigation as well as for summary judgment relating to Entropic's breach of its FRAND obligations.  DISH will address other dispositive motions following additional discovery.

**(15)    Settlement/Alternative Dispute Resolution (ADR):**

Entropic's Position: Entropic believes that this case is best suited for private mediation, which shall occur by September 13, 2024.

Comcast's Position: Comcast requests a settlement conference with the assigned magistrate judge pursuant to Section 15 of the Court's scheduling order.

Cox's Position: Cox believes the parties should confer concerning mediation after a claim construction ruling and consider mediation before a Magistrate Judge and private mediation

DISH's Position: DISH believes the parties should confer concerning

JOINT RULE 26(f) REPORT

mediation after a claim construction ruling.

**(16)  Trial Estimate:**

Entropic's Position: Entropic has requested a jury trial. Entropic contemplates calling between 6 and 9 witnesses, depending on how many issues remain after summary judgment. Entropic estimates it will take 6-8 days to complete its case in chief in this matter before a jury, depending on how many issues remain after summary judgment.

Comcast's Position: Should this case proceed, Comcast will request a jury trial.  Comcast believes that the time for trial will depend on the number of patents at issue during that trial, and given the number of asserted patents, and is not ripe for consideration at this time..

Cox's Position: Cox believes that the time for trial and number of witnesses will depend on the number of patents at issue during trial, and given the current number of Patents-in-Suit, Cox believes that the time for trial and number of witnesses is not ripe for consideration at this time.

DISH's Position: Should this case proceed, DISH believes that the time for trial and number of witnesses will depend on the number of patents remaining at issue in the case (if any).  Given the current number of Patents-in-Suit, DISH believes that the time for trial and number of witnesses is not ripe for consideration at this time.

**(17)  Trial Counsel:**

*For Entropic*:

Christina N. Goodrich (*christina.goodrich@klgates.com*)

Connor J. Meggs (*connor.meggs@klgates.com*)

James A Shimota (*jim.shimota@klgates.com*)

1     George Summerfield (*george.summerfield@klgates.com*)

2     Darlene F. Ghavimi (*darlene.ghavimi@klgates.com*)

3     Jas Dhillon (*jas.dhillon@klgates.com*)

4     Kenneth Bridges (*bridgesip@icloud.com*)

5   *For Comcast*:

6     Krishnan Padmanabhan (*kpadmanabhan@winston.com*)

7     Diana H. Leiden (*dhleiden@winston.com*)

8     Brian E. Ferguson (*beferguson@winston.com*)

9     Saranya Raghavan (*sraghavan@winston.com*)

10   *For Cox*:

11     April E. Isaacson (*aisaacson@kilpatricktownsend.com*)

12     Rishi Gupta (*rgupta@kilpatricktownsend.com*)

13     Mitchell G. Stockwell (*mstockwell@kilpatricktownsend.com*)

14     Vaibhav P. Kadaba (*wkadaba@kilpatricktownsend.com*)

15     Michael J. Turton (*mturton@kilpatricktownsend.com*)

16     Courtney S. Dabbiere (*cdabbiere@kilpatricktownsend.com*)

17     Christopher S. Leah (*cleah@kilpatricktownsend.com*)

18     Sarah Y. Kamran (*skamran@kilpatricktownsend.com*)

19   *For DISH*:

20     Christopher S. Marchese (*marchese@fr.com*)

21     Adam R. Shartzer (*shartzer@fr.com*)

22     Ruffin B. Cordell (*cordell@fr.com*)

23     Richard A. Sterba (*sterba@fr.com*)

24     Ralph A. Phillips (*rphillips@fr.com*)

25     Michael J. Ballanco (*ballanco@fr.com*)

26     David M. Barkan (*barkan@fr.com*)

27     Ashley A. Bolt (*bolt@fr.com*)

28

JOINT RULE 26(f) REPORT

Aaron Pirouznia (*pirouznia@fr.com*)

**(18)  Independent Expert or Master:**

On June 8, 2023, the parties submitted a joint stipulation to request appointment of David Keyzer as special master for discovery purposes. (CV-1047, ECF No. 61; CV-1048, ECF No. 78; CV-1043, ECF No. 68).  The Court issued an order on July 5, 2023 appointing Mr. Keyzer as the Special Master for discovery purposes (CV-1047, ECF No. 67; CV-1048, ECF No. 100; CV-1043, ECF No. 74).

**(19)  Timetable:**

The proposed schedule of dates up to and including the claim construction hearing is attached as **Exhibit A**.  The Consolidated parties have offered competing proposals for the Court's consideration.

**(20)  Amending Pleadings and Adding Parties:**

The parties reserve the right to amend pleadings to add additional parties or to include additional claims that each may discover are appropriate after conducting discovery.

**(21)  Other issues:**

At this time, the parties are not aware of any other issues affecting the status or management of the case. The parties plan to file a protective order to protect their confidential and proprietary business information.

**(22)  Consent to Proceed Before Magistrate Judge:**

The parties do not agree to try the case before a Magistrate Judge.

JOINT RULE 26(f) REPORT

315789782.3

1   Dated: July 7, 2023                         K&L GATES LLP

2

3                                               By:   /s/ *Christina N. Goodrich*

4                                                     Christina N. Goodrich (SBN 261722)
                                                      Connor J. Meggs (SBN 336159)
5
                                                      *Attorneys for Plaintiff Entropic*
6                                                     *Communications, LLC*

7

8   Dated: July 7, 2023                         WINSTON & STRAWN LLP

9

10                                              By:   /s/ *Krishnan Padmanabhan*
                                                      Krishnan Padmanabhan (SBN 254220)
11                                                    Diana H. Leiden (SBN 267606)

12
                                                      *Attorney for Defendant*
13                                                    *Comcast Corporation, et al.*

14

15  Dated: July 7, 2023                         KILPATRICK TOWNSEND & STOCKTON LLP

16

17                                              By:   /s/ *April E. Isaacson*
                                                      April E. Isaacson
18
                                                      *Attorney for Defendant*
19                                                    *Cox Communications, Inc., et al.*

20

21  Dated: July 7, 2023                         FISH & RICHARDSON, P.C.

22

23                                              By:   /s/ *Christopher S. Marchese*
                                                      Christopher S. Marchese
24
                                                      *Attorney for Defendants*
25                                                    *DISH Network Corporation, et al.*

26

27

28
                                        25
                             JOINT RULE 26(f) REPORT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **SIGNATURE ATTESTATION**

Pursuant to Civil Local Rule 5-4.3.4(a)(2)(i), I attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

K&L GATES LLP


By:   /s/ *Christina N. Goodrich*
Christina N. Goodrich (SBN 261722)

*Attorney for Plaintiff Entropic*
*Communications, LLC*

26

JOINT RULE 26(f) REPORT

EXHIBIT A
PROPOSED SCHEDULE OF PRETRIAL AND TRIAL DATES

CASE NAME: *Entropic Communications, LLC v. Cox Communications, Inc. et al.* (Case No.2:23−cv−01048−JWH−KES *Entropic Communications, LLC v. Comcast Corporation, et al.* (Case No.2:23−cv−01048−JWH−KES); *Entropic Communications, LLC v. DISH Network Corporation, et al.* (Case No. 2:23-cv-01043-JWH-KES).

| Matter | Plaintiff's Request | Defendant's Request[4] | Court Order |
|---|---|---|---|
| Claim Construction Hearing | Tuesday, February 27, 2024 | Tuesday, October 22, 2024 | |
| Reply Claim Construction Brief | Friday, February 9, 2024 | Friday, August 23, 2024 | |
| Responsive Claim Construction Brief | Friday, February 2, 2024 | Friday August 2, 2024 | |
| Opening Claim Construction Brief | Friday, January 19, 2024 | Friday, July 12, 2024 | |
| Completion of Claim Discovery | Friday, January 5, 2024 | Friday, June 21, 2024 | |
| JCCS and Prehearing Statement, including Expert Declarations | Friday, December 1, 2023 | Friday, May 24, 2024 | |
| Exchange of Proposed Constructions | Friday November 3, 2023 | Thursday, April 26, 2024 | |

[4] The Consolidated Defendants' proposed schedule accounts for the facts that (1) this case involves 12 patents and many claim terms that will be at issue in the claim construction proceedings and (2) Entropic just filed a lawsuit (CDCA 2-23-cv-05253) against DirecTV, LLC on July 1, 2023 involving the same 12 patents at issue here and that was transferred to Judge Holcomb on July 5, 2023 (ECF No. 11).

315789782.3

| Exchange of Terms Proposed for Construction | Friday, October 13, 2023 | Friday, March 15, 2023 | |
|---|---|---|---|
| Disclosure of Invalidity Contentions and Accompanying Document Production | Monday, September 25, 2023 | Friday, January 12, 2023 | |
| Disclosure of Asserted Claims and Infringement Contentions, and Accompanying Document Production | Friday, August 11, 2023 | Friday, October 13, 2023 | |

<u>ADR [L.R. 15-15] Settlement Choice (Entropic, Cox[5], and Dish)</u>:

☐  Attorney Settlement Officer Panel

■  **<u>Private Mediation</u>**

☐  Magistrate Judge

<u>ADR [L.R. 15-15] Settlement Choice (Comcast and Cox)</u>:

☐  Attorney Settlement Officer Panel

☐  Private Mediation

■  **<u>Magistrate Judge</u>**

---

[5] Cox is amenable to private mediation and a settlement conference with the assigned Magistrate Judge.

28

JOINT RULE 26(f) REPORT