# EXHIBIT A

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**
**(Attorney Docket No. 29424US03)**

| | | |
|---|---|---|
| In re: | Reexamination | |
| Control Nos.: | 90/015,242 | |
| | | |
| U.S. Pat. No: | 8,228,910 | **Electronically Filed:  Aug. 21, 2023** |
| Issued to: | Z. Wu, et al. | |
| Issued on: | 07/04/2012 | |
| Issued from: | 12/117,890 | |
| Filed on: | 05/09/2008 | |

For:  AGGREGATING NETWORK
PACKETS FOR
TRANSMISSION TO A
DESTINATION NODE

| | |
|---|---|
| Examiner: | OVIDIO ESCALANTE |
| Group Art Unit: | 3992 |
| Confirmation No: | 9068 |
| | |
| Customer No: | 23446 |

**PRELIMINARY AMENDMENT**

Attn. Mail Stop "Ex Parte Reexam"
Central Reexamination Unit
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Dear Commissioner:

Applicant submits this Preliminary Amendment in connection with the above-identified reexamination.

Amendments to the Claims begin on page 2.
Remarks begin on page 9.

Control Nos.:        90/015,242
U.S. Pat. No:        8,228,910
Preliminary Amendment dated: Aug. 21, 2023

## Amendments to the Claims

This listing of claims will replace all prior versions and listings of claims in the application.

1.      (Original)   A method of transmitting digital data over a network comprising:

receiving a plurality of packet data units;

identifying at least two of the plurality of packet data units that have a same aggregation identifier;

forming an aggregate packet from the at least two of the plurality of packet data units; and

transmitting the aggregate packet to at least one destination node;

wherein the aggregate packet comprises an aggregation header that comprises a number of packet data units in the aggregate packet, further comprising:

determining the presence of a checksum bit in a media access control header;

calculating a first checksum for the aggregation header;

comparing the first checksum to a second checksum that is received in the aggregation header of the aggregate packet;

receiving the aggregate packet, wherein the aggregate packet comprises the media access control header;

determining the presence of an original frame check sequence bit in the media access control header; and

passing the at least two of the plurality of packet data units to a device without modifying frame check sequences if the second checksum is found to be correct.

2.      (Original)   A non-transitory computer readable media having instructions stored thereon that, when executed by a processor, causes the processor to transmit digital data over a network, the processor comprising:

receiving a plurality of packet data units;

identifying at least two of the plurality of packet data units that have a same aggregation identifier;

Control Nos.:        90/015,242
U.S. Pat. No:        8,228,910
Preliminary Amendment dated: Aug. 21, 2023

forming an aggregate packet from the at least two of the plurality of packet data units;

transmitting the aggregate packet to at least one destination node wherein the aggregate packet comprises an aggregation header that comprises a number of packet data units in the aggregate packet;

receiving the aggregate packet, wherein the aggregate packet comprises a media access control header;

determining the presence of a checksum bit in the media access control header;

calculating a first checksum for the aggregation header;

comparing the first checksum to a second checksum that is received in the aggregation header of the aggregate packet;

receiving the aggregate packet, wherein the aggregate packet comprises a media access control header;

determining the presence of an original frame check sequence bit in the media access control header; and

passing the at least two of the plurality of packet data units to a device without modifying frame check sequences if the second checksum is found to be correct.


3.      (Original)  A system for transmitting digital data over a network comprising:

a transceiver adapted to receive a plurality of packet data units; and

a packet aggregation module for identifying at least two of the plurality of packet data units that have a same destination node and for forming an aggregate packet from the at least two of the plurality of packet data units;

wherein the transceiver is adapted to transmit the aggregate packet to at least one destination node; and

wherein the packet aggregation module identifies the same destination node by identifying a same aggregation identifier.


4.      (New)  The system of claim 3, wherein at least one of the at least two of the plurality of packet data units comprise an Ethernet frame.

Control Nos.:        90/015,242
U.S. Pat. No:        8,228,910
Preliminary Amendment dated: Aug. 21, 2023

5.      (New)  The system of claim 4, wherein the packet aggregation module aggregates each of the at least two of the plurality of packet data units into the aggregate packet upon identifying that the at least two of the plurality of packet data units have the same destination node.

6.      (New)  The system of claim 5, wherein the aggregate packet comprises a Media Access Control (MAC) payload.

7.      (New)  The system of claim 6, wherein the MAC payload comprises an aggregated payload formed from data from the at least two of the plurality of packet data units.

8.      (New)  The system of claim 7, wherein the MAC payload further comprises an aggregation header.

9.      (New)  The system of claim 8, wherein the aggregation header comprises:
        a number of packet data units to be aggregated, wherein the number of packet data units corresponds to a total number of the at least two of the plurality of packet data units that have the same destination node; and
        a length of each packet data unit from the at least two of the plurality of packet data units that have the same destination node.

10.     (New)  The system of claim 9, wherein the aggregated payload further comprises a padding, wherein the padding provides each of the at least two of the plurality of packet data units with a number of bits based on a length of each of the at least two of the plurality of packet data units.

11.     (New)   The system of claim 10, wherein the padding provides the aggregation header with a number of bits based on a length of the aggregation header.

4

Control Nos.:        90/015,242
U.S. Pat. No:        8,228,910
Preliminary Amendment dated: Aug. 21, 2023

12.     (New)  The system of claim 5, wherein the single aggregation frame comprises a Media Access Control (MAC) header, a preamble, and a MAC Cyclic Redundancy Check (CRC).

13.     (New)  The system of claim 12, wherein the MAC header comprises an aggregation control field indicative to the destination node that aggregation control is supported.

14.     (New)  The system of claim 13, wherein a format of the aggregation control field comprises a 32 bit field.

15.     (New)  The system of claim 14, wherein 28 bits of the 32 bit field are reserved, and wherein 4 bits of the 32 bit field indicate a type of aggregation control support.

16.     (New)  The system of claim 14, wherein a maximum number of packet data units from the plurality of packet data units to be aggregated is independent of a packet size of the packet data units from the plurality of packet data units to be aggregated.

17.     (New)  The system of claim 13, wherein the aggregation control field comprises a checksum.

18.     (New)  The system of claim 3, wherein the aggregate packet is one of a plurality of aggregate packets formed by the packet aggregation module, wherein the plurality of aggregate packets comprises:
        a first aggregate packet comprising a first aggregation identifier; and
        a second aggregate packet comprising a second aggregation identifier, and wherein the first aggregation identifier is different than the second aggregation identifier.

Control Nos.:        90/015,242
U.S. Pat. No:        8,228,910
Preliminary Amendment dated: Aug. 21, 2023

19.      (New)  The system of claim 18, wherein the transceiver is adapted to transmit the
first aggregate packet and the second aggregate packet out-of-order based at least in
part on the first aggregation identifier and the second aggregation identifier being
different.

20.      (New)  The system of claim 19, wherein the plurality of aggregate packets further
comprise:
        a third aggregate packet comprising a third aggregation identifier, and wherein
the third aggregation identifier is the same as the first aggregation identifier.

21.      (New)  The system of claim 20, wherein the transceiver is adapted to transmit the
first aggregate packet and the third aggregate packet in order based at least in part on
the first aggregation identifier and the third aggregation identifier being the same.

22.      (New)  The system of claim 21, wherein the first aggregation identifier comprises
a first packet classifier  to classify the first aggregate packet into a first category based
on an identified property of the first aggregate packet.

23.      (New)  The system of claim 22, wherein the identified property comprises a
destination address.

24.      (New)  The system of claim 22, wherein the identified property comprises a
priority.

25.      (New)  The system of claim 22, wherein the destination node is one of a group of
destination nodes, and wherein the transceiver is adapted to transmit the plurality of
aggregate packets to the group of destination nodes.

Control Nos.:          90/015,242
U.S. Pat. No:          8,228,910
Preliminary Amendment dated: Aug. 21, 2023

26.     (New)  The system of claim 25, wherein the transceiver is adapted to transmit the plurality of aggregate packets with equal priority, such that packet aggregation and quality of service can be supported simultaneously.

27.     (New)  The system of claim 22, wherein the destination node is configured to support a plurality of aggregation identifiers, wherein the plurality of aggregation identifiers comprises the first aggregation identifier and the second aggregation identifier.

28.     (New)  The system of claim 22, wherein the destination node is configured to support a single aggregation identifier of the plurality of aggregation identifiers.

29.     (New)   The system of claim 28, wherein the system is adapted to determine a time slot to transmit the aggregate packet.

30.     (New)   The system of claim 29, wherein the transceiver is adapted to transmit a reservation request to the at least one destination node to allocate the determined time slot to transmit the aggregate packet.

31.     (New)   The system of claim 30, wherein the transceiver is adapted to transmit the aggregate packet to a plurality of destination nodes.

32.     (New)   The system of claim 31, wherein the aggregation header further comprises a packet sequence number indicative of a unique sequence number associated with each of the at least two of the plurality of packet data units in the aggregate packet.

33.     (New)   The system of claim 32, wherein the unique sequence number associated with each of the at least two of the plurality of packet data units in the aggregate packet facilitates detection of missing packet data units.

Control Nos.:        90/015,242
U.S. Pat. No:       8,228,910
Preliminary Amendment dated: Aug. 21, 2023

34.      (New)   The system of claim 32, wherein the unique sequence number
associated with each of the at least two of the plurality of packet data units in the
aggregate packet facilitates proper ordering of packet data units.

Control Nos.:       90/015,242
U.S. Pat. No:       8,228,910
Preliminary Amendment dated: Aug. 21, 2023

**Remarks**

The Applicant requests entry of this preliminary amendment prior to prosecution on the merits. No new matter has been added.

Claims 1-3 were issued in U.S. Patent No. 8,228,910 ("the '910 Patent") at the time the present reexamination commenced, all of which are still pending.

Claims 1-3 are presently subject to reexamination.

New claims 4-34 have been added by the present amendment.

The Patent Owner submits that the new claims added by the present amendment, are allowable.

Claim Status

In accordance with 37 CFR §1.530(e) and MPEP § 2250(B), the Patent Owner submits that the status of each of claims 1-34 is "pending."

Certificate of Service

As an initial matter, a Certificate of Service indicating service of this response on the ex parte reexamination requestor in accordance with MPEP § 2266.03 and 35 C.F.R. § 1.550(f), is submitted herewith.

New Claims 4-34

In accordance with 37 CFR § 1.530(e) and MPEP § 2250, the following discussion of each new claim will provide an explanation of corresponding support in the disclosure of the '910 Patent.

Each of new claims 4-34 depends directly or indirectly from claim 3. Thus, each of such claims is allowable for at least the reason that claim 3 is allowable. The Patent Owner also submits that each of new claims 4-34 is independently allowable.

Regarding new claim 4, such claim depends from claim 3 and states "*wherein at least one of the at least two of the plurality of packet data units comprise an Ethernet*

Control Nos.:        90/015,242
U.S. Pat. No:        8,228,910
Preliminary Amendment dated: Aug. 21, 2023

frame." For non-limiting exemplary support, the Patent Owner directs the Examiner to col. 4, lines 6-12, which present "exemplary Ethernet frames 32 and 36."

Regarding new claim 5, such claim depends from claim 3 and states "*wherein the packet aggregation module aggregates each of the at least two of the plurality of packet data units into the aggregate packet upon identifying that the at least two of the plurality of packet data units have the same destination node.*" For non-limiting exemplary support, the Patent Owner directs the Examiner to col. 4, lines 6-12, which present exemplary "Ethernet frames 32 and 36… are to be transmitted to the same destination node."

Regarding new claim 6, such claim depends from claim 5 and states "*wherein the aggregate packet comprises a Media Access Control (MAC) payload.*" For non-limiting exemplary support, the Patent Owner directs the Examiner to col. 4, lines 6-16, which present an exemplary "MAC payload 56."

Regarding new claim 7, such claim depends from claim 6 and states "*wherein the MAC payload comprises an aggregated payload formed from data from the at least two of the plurality of packet data units.*" For non-limiting exemplary support, the Patent Owner directs the Examiner to col. 4, lines 6-16, which present an exemplary "MAC payload 56… is formed from the data from Ethernet frames 32 and 36, and padding 57."

Regarding new claim 8, such claim depends from claim 7 and states "*wherein the MAC payload further comprises an aggregation header.*" For non-limiting exemplary support, the Patent Owner directs the Examiner to col. 4, lines 6-19, which present an exemplary "MAC payload 56 further includes an aggregation header 55."

Regarding new claim 9, such claim depends from claim 8 and states "*wherein the aggregation header comprises: a number of packet data units to be aggregated, wherein the number of packet data units corresponds to a total number of the at least two of the plurality of packet data units that have the same destination node; and a length of each packet data unit from the at least two of the plurality of packet data units that have the same destination node.*" For non-limiting exemplary support, the Patent Owner directs the Examiner to col. 4, lines 6-12, which present exemplary "Ethernet frames 32 and 36… are to be transmitted to the same destination node" and col. 4, line

Control Nos.:         90/015,242
U.S. Pat. No:        8,228,910
Preliminary Amendment dated: Aug. 21, 2023

60 - col. 5, line 3, which present an exemplary "aggregation header 55… includes the total number of PDUs to be aggregated and the length of each PDU."

Regarding new claim 10, such claim depends from claim 9 and states "*wherein the aggregated payload further comprises a padding, wherein the padding provides each of the at least two of the plurality of packet data units with a number of bits based on a length of each of the at least two of the plurality of packet data units.*" For non-limiting exemplary support, the Patent Owner directs the Examiner to col. 4, line 60 - col. 5, line 3, which present that an exemplary "PDU is padded to the nearest PDU length."

Regarding new claim 11, such claim depends from claim 10 and states "*wherein the padding provides the aggregation header with a number of bits based on a length of the aggregation header.*" For non-limiting exemplary support, the Patent Owner directs the Examiner to col. 4, line 60 - col. 5, line 3, which present an exemplary "16 bits of padding are added to aggregation header 55 if it is not a multiple of 4 bytes."

Regarding new claim 12, such claim depends from claim 5 and states "*wherein the single aggregation frame comprises a Media Access Control (MAC) header, a preamble, and a MAC Cyclic Redundancy Check (CRC).*" For non-limiting exemplary support, the Patent Owner directs the Examiner to col. 4, lines 6-19, which present an exemplary "Aggregation frame 50 further includes a MAC header 53, a preamble 59, and a MAC CRC 58."

Regarding new claim 13, such claim depends from claim 12 and states "*wherein the MAC header comprises an aggregation control field indicative to the destination node that aggregation control is supported.*" For non-limiting exemplary support, the Patent Owner directs the Examiner to col. 4, lines 20-26, which present an exemplary "MAC header 53 includes an aggregation control field [that] indicates to the receiving node that aggregation control is supported."

Regarding new claim 14, such claim depends from claim 13 and states "*wherein a format of the aggregation control field comprises a 32 bit field.*" For non-limiting exemplary support, the Patent Owner directs the Examiner to col. 4, lines 20-26, which present an exemplary "aggregation control field… includes a 32 bit field."

Control Nos.:       90/015,242
U.S. Pat. No:       8,228,910
Preliminary Amendment dated: Aug. 21, 2023

Regarding new claim 15, such claim depends from claim 14 and states "*wherein 28 bits of the 32 bit field are reserved, and wherein 4 bits of the 32 bit field indicate a type of aggregation control support.*" For non-limiting exemplary support, the Patent Owner directs the Examiner to col. 4, lines 20-26, which present an exemplary "aggregation control field [that]… includes a 32 bit field in which 28 bits are reserved and 4 bits indicate the types of aggregation control support."

Regarding new claim 16, such claim depends from claim 14 and states "*wherein a maximum number of packet data units from the plurality of packet data units to be aggregated is independent of a packet size of the packet data units from the plurality of packet data units to be aggregated.*" For non-limiting exemplary support, the Patent Owner directs the Examiner to col. 4, line 60 - col. 5, line 3, which present an exemplary "maximum number of packets to be aggregated is independent of the packet size."

Regarding new claim 17, such claim depends from claim 13 and states "*wherein the aggregation control field comprises a checksum.*" For non-limiting exemplary support, the Patent Owner directs the Examiner to col. 4, line 60 - col. 5, line 3, which present an exemplary "aggregation checksum is used if it is enabled in the aggregation control field in MoCA."

Regarding new claim 18, such claim depends from claim 3 and states "wherein the aggregate packet is one of a plurality of aggregate packets formed by the packet aggregation module, wherein the plurality of aggregate packets comprises: a first aggregate packet comprising a first aggregation identifier; and a second aggregate packet comprising a second aggregation identifier, and wherein the first aggregation identifier is different than the second aggregation identifier." For non-limiting exemplary support, the Patent Owner directs the Examiner to col. 5, lines 4-9, which present exemplary "[a]ggregated packets with different aggregation identifiers ("IDs")."

Regarding new claim 19, such claim depends from claim 18 and states "*wherein the transceiver is adapted to transmit the first aggregate packet and the second aggregate packet out-of-order based at least in part on the first aggregation identifier and the second aggregation identifier being different.*" For non-limiting exemplary support, the Patent Owner directs the Examiner to col. 5, lines 4-9, which present

Control Nos.:          90/015,242
U.S. Pat. No:          8,228,910
Preliminary Amendment dated: Aug. 21, 2023

exemplary "[a]ggregated packets with different aggregation identifiers ("IDs") may be transmitted out-of-order."

Regarding new claim 20, such claim depends from claim 19 and states "*wherein the plurality of aggregate packets further comprise: a third aggregate packet comprising a third aggregation identifier, and wherein the third aggregation identifier is the same as the first aggregation identifier.*" For non-limiting exemplary support, the Patent Owner directs the Examiner to col. 5, lines 9-10, which present exemplary "PDUs with the same aggregation ID."

Regarding new claim 21, such claim depends from claim 20 and states "*wherein the transceiver is adapted to transmit the first aggregate packet and the third aggregate packet in order based at least in part on the first aggregation identifier and the third aggregation identifier being the same.*" For non-limiting exemplary support, the Patent Owner directs the Examiner to col. 5, lines 9-10, which present exemplary "PDUs with the same aggregation ID should be transmitted in order."

Regarding new claim 22, such claim depends from claim 21 and states "*wherein the first aggregation identifier comprises a first packet classifier  to classify the first aggregate packet into a first category based on an identified property of the first aggregate packet.*" For non-limiting exemplary support, the Patent Owner directs the Examiner to col. 5, lines 10-13, which present an exemplary "packet classifier that classifies packets into different categories."

Regarding new claim 23, such claim depends from claim 22 and states "*wherein the identified property comprises a destination address.*" For non-limiting exemplary support, the Patent Owner directs the Examiner to col. 5, lines 10-13, which present an exemplary "packet classifier that classifies packets into different categories according to their properties/attributes, such as destination address(es)."

Regarding new claim 24, such claim depends from claim 22 and states "*wherein the identified property comprises a priority.*" For non-limiting exemplary support, the Patent Owner directs the Examiner to col. 5, lines 10-13, which present an exemplary "packet classifier that classifies packets into different categories according to their properties/attributes, such as… priority."

Control Nos.:        90/015,242
U.S. Pat. No:        8,228,910
Preliminary Amendment dated: Aug. 21, 2023

Regarding new claim 25, such claim depends from claim 22 and states "*wherein the destination node is one of a group of destination nodes, and wherein the transceiver is adapted to transmit the plurality of aggregate packets to the group of destination nodes.*" For non-limiting exemplary support, the Patent Owner directs the Examiner to col. 5, lines 13-22, which present exemplary "packets going to… the same group of destinations (multicast or broadcast)."

Regarding new claim 26, such claim depends from claim 22 and states "*wherein the transceiver is adapted to transmit the plurality of aggregate packets with equal priority, such that packet aggregation and quality of service can be supported simultaneously.*" For non-limiting exemplary support, the Patent Owner directs the Examiner to col. 5, lines 13-22, which present exemplary "packets going to… the same group of destinations (multicast or broadcast) and with the same priority, so that packet aggregation and Quality of Service can be supported simultaneously."

Regarding new claim 27, such claim depends from claim 22 and states "*wherein the destination node is configured to support a plurality of aggregation identifiers, wherein the plurality of aggregation identifiers comprises the first aggregation identifier and the second aggregation identifier.*" For non-limiting exemplary support, the Patent Owner directs the Examiner to col. 5, lines 20-22, which present an exemplary "node may support… multiple aggregation IDs."

Regarding new claim 28, such claim depends from claim 22 and states "*wherein the destination node is configured to support a single aggregation identifier of the plurality of aggregation identifiers.*" For non-limiting exemplary support, the Patent Owner directs the Examiner to col. 5, lines 20-22, which present an exemplary "node may support one or multiple aggregation IDs."

Regarding new claim 29, such claim depends from claim 28 and states "*wherein the system is adapted to determine a time slot to transmit the aggregate packet.*" For non-limiting exemplary support, the Patent Owner directs the Examiner to col. 5, lines 60-63, which present an exemplary "node 21 determines a time slot to transmit the aggregate packet."

Control Nos.:     90/015,242
U.S. Pat. No:     8,228,910
Preliminary Amendment dated: Aug. 21, 2023

Regarding new claim 30, such claim depends from claim 29 and states "*wherein the transceiver is adapted to transmit a reservation request to the at least one destination node to allocate the determined time slot to transmit the aggregate packet.*" For non-limiting exemplary support, the Patent Owner directs the Examiner to col. 5, lines 60-63, which present an exemplary "reservation request is sent to the NC node to allocate a time slot."

Regarding new claim 31, such claim depends from claim 30 and states "*wherein the transceiver is adapted to transmit the aggregate packet to a plurality of destination nodes.*" For non-limiting exemplary support, the Patent Owner directs the Examiner to col. 5, lines 64-67, which present an exemplary "aggregate packet is transmitted to the destination… nodes if multicasted."

Regarding new claim 32, such claim depends from claim 31 and states "*wherein the aggregation header further comprises a packet sequence number indicative of a unique sequence number associated with each of the at least two of the plurality of packet data units in the aggregate packet.*" For non-limiting exemplary support, the Patent Owner directs the Examiner to col. 5, lines 23-31, which present an exemplary "additional packet sequence number field… can be added to the packet aggregate header… [and] aggregated packets can be assigned a unique sequence number."

Regarding new claim 33, such claim depends from claim 32 and states "*wherein the unique sequence number associated with each of the at least two of the plurality of packet data units in the aggregate packet facilitates detection of missing packet data units.*" For non-limiting exemplary support, the Patent Owner directs the Examiner to col. 5, lines 23-31, which present an exemplary "*unique sequence number to facilitate detection of missing packets.*"

Regarding new claim 34, such claim depends from claim 32 and states "*wherein the unique sequence number associated with each of the at least two of the plurality of packet data units in the aggregate packet facilitates proper ordering of packet data units.*" For non-limiting exemplary support, the Patent Owner directs the Examiner to col. 5, lines 23-31, which present an exemplary "unique sequence number to facilitate

Control Nos.:        90/015,242
U.S. Pat. No:        8,228,910
Preliminary Amendment dated: Aug. 21, 2023

detection of missing packets and proper ordering of packets if the packets are received out of order."

Summary

The Patent Owner has, via amendment and/or statement, shown that new claims 4-34 are supported. Accordingly, the Patent Owner respectfully requests that the Examiner expeditiously prepare and issue a Notice of Intent to Grant a Reexamination Certificate with respect to claims 1-34. If the Examiner has any questions regarding this statement, including any questions regarding the attached Amendment, the Examiner is kindly invited to contact the undersigned at the telephone number listed below.

Though the Patent Owner does not feel that any fees, in addition to the fees for additional claims, are due with this submission, the Commissioner is hereby authorized to charge additional fee(s) or credit overpayment(s) to the deposit account of McAndrews, Held & Malloy, Account No. 13-0017.

Respectfully submitted,

Date: August 21, 2023            /Wayne H. Bradley/
                                 Wayne H. Bradley
                                 Reg. No. 39,916
                                 Patent Attorney for the Applicant

McAndrews, Held & Malloy, Ltd.
500 W. Madison Street - Suite 3400
Chicago, Illinois  60661
(312) 775-8000

Doc code: IDS
Doc description: Information Disclosure Statement (IDS) Filed

PTO/SB/08a (01-22)
Approved for use through 05/31/2024. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

# INFORMATION DISCLOSURE STATEMENT BY APPLICANT
### ( Not for submission under 37 CFR 1.99)

| | |
|---|---|
| Application Number | 90015242 |
| Filing Date | 2008-05-09 |
| First Named Inventor | Zong Liang Wu |
| Art Unit | 3992 |
| Examiner Name | OVIDIO ESCALANTE |
| Attorney Docket  Number | 29424US03 |

## U.S.PATENTS                                                    Remove

| Examiner Initial* | Cite No | Patent Number | Kind Code[1] | Issue Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|---|
| | 1 | | | | | |

If you wish to add additional U.S. Patent citation information please click the Add button.   Add

## U.S.PATENT APPLICATION PUBLICATIONS                          Remove

| Examiner Initial* | Cite No | Publication Number | Kind Code[1] | Publication Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|---|
| | 1 | | | | | |

If you wish to add additional U.S. Published Application citation information please click the Add button.   Add

## FOREIGN PATENT DOCUMENTS                                     Remove

| Examiner Initial* | Cite No | Foreign Document Number[3] | Country Code[2] i | Kind Code[4] | Publication Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear | T[5] |
|---|---|---|---|---|---|---|---|---|
| | 1 | | | | | | | |

If you wish to add additional Foreign Patent Document citation information please click the Add button   Add

## NON-PATENT LITERATURE DOCUMENTS                              Remove

| Examiner Initials* | Cite No | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc), date, pages(s), volume-issue number(s), publisher, city and/or country where published. | T[5] |
|---|---|---|---|

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT ( Not for submission under 37 CFR 1.99) | | Application Number | 90015242 |
|---|---|---|---|
| | | Filing Date | 2008-05-09 |
| | | First Named Inventor | Zong Liang Wu |
| | | Art Unit | 3992 |
| | | Examiner Name | OVIDIO ESCALANTE |
| | | Attorney Docket Number | 29424US03 |

| | 1 | HEARING RE: MOTION OF DEFENDANT DISH NETWORK CORPORATIONS" TO DISMISS COUNTS VI AND X OF THE COMPLAINT [ECF No. 50]; SCHEDULING CONFERENCE held before Judge John W. Holcomb. Counsel state their appearances. The Court confers with counsel regarding the Courts Tentative Order and hears oral argument. For the reasons stated on the record, the Court takes the motion [ECF No. 50] under submission. Also for the reasons stated in open court, it is hereby ORDERED as follows: Counsel are DIRECTED to meet and confer forthwith |
|---|---|---|
| | 2 | NOTICE OF MOTION AND MOTION to Dismiss Counts VI and X of the Complaint with Prejudice Under Rule 12(b)(6) and find US Patent Nos. 10,257,566 and 8,228,910 Invalid under 35 U.S.C. § 101 filed by Defendants DISH Network California Service Corporation, DISH Network Corporation, DISH Network LLC, DISH Network Service, LLC. Motion set for hearing on 6/9/2023 at 09:00 AM before Judge John W. Holcomb. (Attachments: #1 Memorandum of Points and Authorities, #2 Proposed Order) (Marchese, Christopher) (Entered: 05/08/2023) |
| | 3 | REPLY in support NOTICE OF MOTION AND MOTION to Dismiss Counts VI and X of the Complaint with Prejudice Under Rule 12(b)(6) and find US Patent Nos. 10,257,566 and 8,228,910 Invalid under 35 U.S.C. § 10150 filed by Defendants DISH Network California Service Corporation, DISH Network Corporation, DISH Network LLC, DISH Network Service, LLC. (Marchese, Christopher) (Entered: 05/26/2023) |
| | 4 | RESPONSIVE BRIEF to Plaintiff's Supplemental Proposed Constrictions Regarding Motion to Dismiss 35 U.S.C. Section 101 Eligibility Analysis re NOTICE OF MOTION AND MOTION to Dismiss Counts VI and X of the Complaint with Prejudice Under Rule 12(b)(6) and find US Patent Nos. 10,257,566 and 8,228,910 Invalid under 35 U.S.C. § 10150 filed by Defendants DISH Network California Service Corporation, DISH Network Corporation, DISH Network LLC, DISH Network Service, LLC. (Marchese, Christopher) (Entered: 07/07/2023) |

| If you wish to add additional non-patent literature document citation information please click the Add button | Add |
|---|---|

**EXAMINER SIGNATURE**

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through a citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

---

[1] See Kind Codes of USPTO Patent Documents at www.USPTO.GOV or MPEP 901.04.  [2] Enter office that issued the document, by the two-letter code (WIPO Standard ST.3).  [3] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document.  [4] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible.  [5] Applicant is to place a check mark here if English language translation is attached.

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT ( Not for submission under 37 CFR 1.99) | Application Number | 90015242 |
|---|---|---|
| | Filing Date | 2008-05-09 |
| | First Named Inventor | Zong Liang Wu |
| | Art Unit | 3992 |
| | Examiner Name | OVIDIO ESCALANTE |
| | Attorney Docket Number | 29424US03 |

## CERTIFICATION STATEMENT

Please see 37 CFR 1.97 and 1.98 to make the appropriate selection(s):

That each item of information contained in the information disclosure statement was first cited in any communication from a foreign patent office in a counterpart foreign application not more than three months prior to the filing of the information disclosure statement. See 37 CFR 1.97(e)(1).

**OR**

☐ That no item of information contained in the information disclosure statement was cited in a communication from a foreign patent office in a counterpart foreign application, and, to the knowledge of the person signing the certification after making reasonable inquiry, no item of information contained in the information disclosure statement was known to any individual designated in 37 CFR 1.56(c) more than three months prior to the filing of the information disclosure statement. See 37 CFR 1.97(e)(2).

See attached certification statement.

The fee set forth in 37 CFR 1.17 (p) has been submitted herewith.

☒ A certification statement is not submitted herewith.

## SIGNATURE
A signature of the applicant or representative is required in accordance with CFR 1.33, 10.18. Please see CFR 1.4(d) for the form of the signature.

| Signature | /Wayne H. Bradley/ | Date (YYYY-MM-DD) | 2023-08-21 |
|---|---|---|---|
| Name/Print | Wayne H. Bradley | Registration Number | 39916 |

This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 1 hour to complete, including gathering, preparing and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

## Privacy Act Statement

The Privacy Act of 1974 (P.L. 93-579) requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent.  Accordingly, pursuant to the requirements of the Act, please be advised that:  (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent.  If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1.      The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a).  Records from this system of records may be disclosed to the Department of Justice to determine whether the Freedom of Information Act requires disclosure of these record s.

2.      A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.

3.      A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.

4.      A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract.  Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).

5.      A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.

6.      A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).

7.      A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906.  Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive.  Such disclosure shall not be used to make determinations about individuals.

8.      A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151.  Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspections or an issued patent.

9.      A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.