Christopher S. Marchese (SBN 170239)
marchese@fr.com
FISH & RICHARDSON P.C.
633 West Fifth Street, 26th Floor
Los Angeles, CA 90071
Tel: (213) 533-4240 / Fax: (858) 678-5099

Adam R. Shartzer *(admitted pro hac vice)*
shartzer@fr.com
Ruffin B. Cordell *(admitted pro hac vice)*
cordell@fr.com
Richard A. Sterba *(admitted pro hac vice)*
sterba@fr.com
Ralph A. Phillips *(admitted pro hac vice)*
rphillips@fr.com
Michael J. Ballanco *(admitted pro hac vice)*
ballanco@fr.com
Taylor C. Burgener (SBN 348769)
burgener@fr.com
FISH & RICHARDSON P.C.
1000 Maine Ave., SW, Suite 1000
Washington, DC 20024
Tel: (202) 783-5070 / Fax: (202) 783-2331

*Additional Counsel Listed on Signature Page*

Attorneys for Defendant
Dish Network California Service Corp.

## IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, | Case No. 2:23-cv-1043-JWH-KES |
| Plaintiff, | **DEFENDANT DISH NETWORK CALIFORNIA SERVICE CORP.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT** |
| v. | |
| DISH NETWORK CORPORATION; DISH NETWORK L.L.C.; DISH NETWORK SERVICE L.L.C.; AND DISH NETWORK CALIFORNIA SERVICE CORPORATION, | **JURY TRIAL DEMANDED** District Judge: Hon. John W. Holcomb Magistrate Judge: Hon. Karen E. Scott |
| Defendants. | Complaint Filed: 2/10/2023 |

1    DISH NETWORK CALIFORNIA
     SERVICE CORPORATION,
2
                    Counter-Claimant,
3
4    v.

5    ENTROPIC COMMUNICATIONS,
     LLC; MAXLINEAR, INC.; AND
6    MAXLINEAR COMMUNICATIONS
     LLC,
7
                    Counter-Defendants.
8

Defendant Dish Network California Service Corp. ("Defendant" or "Dish California") by and through its attorneys, files its Answer, Affirmative and Additional Defenses, and Counterclaims to Plaintiff Entropic Communications, LLC's ("Plaintiff" and "Entropic") Complaint for Patent Infringement.

## ANSWER

Dish California responds to the allegations contained in the numbered paragraphs of Entropic's Complaint below. Dish California denies all allegations and characterizations in Entropic's Complaint unless expressly admitted in the following paragraphs.

1. Dish California lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint, and therefore denies them.

2. Dish California lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint, and therefore denies them.

3. Dish California lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint, and therefore denies them.

4. Dish California denies that it takes advantage of MoCA without paying appropriate licensing fees for the technology. Dish California lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 4 of the Complaint, and therefore denies them.

5. The allegations of paragraph 5 contain legal conclusions to which no response is required. If a response is required, Dish California admits that Entropic purports to assert patent infringement claims against Dish California involving U.S. Patent Nos. 7,295,518 (the "'518 Patent"), 7,594,249 (the "'249 Patent"); U.S. Patent Nos. 7,889,759 (the "'759 Patent"), 8,085,802 (the "'802 Patent"); U.S. Patent Nos. 9,838,213 (the "'213 Patent"), 10,432,422 (the "'422 Patent"); U.S. Patent

Nos. 8,631,450 (the "'450 Patent"), 8,621,539 (the "'539 Patent"); U.S. Patent No. 8,320,566 (the "'0,566   Patent"); U.S. Patent No. 10,257,566 (the "'7,566 Patent"); U.S. Patent No. 8,228,910 (the "'910 Patent"); U.S. Patent No. 8,363,681 (the "'681 Patent") (collectively all of the patents are referred to herein as the "Patents-in-Suit" or "Asserted Patents").   Dish California lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether the patents incorporate various elements of technology set forth in the specifications of the Multimedia over Coax Alliance standards (which Entropic refers to as the "MoCA standards"), and therefore denies them.[1]  Dish California denies all remaining allegations of paragraph 5.

## PARTIES

6.     Dish California lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6, and therefore denies them.

7.     Dish California lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7, and therefore denies them.

8.     Dish California lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8, and therefore denies them.

9.     Dish California lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9, and therefore denies them.

10.     Dish California lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10, and therefore denies them.

11.     Dish California lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11, and therefore denies them.

12.     Dish California lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12, and therefore denies them.

13.     Dish California admits the allegations of paragraph 13.

---

[1]  Each version of the MoCA standards is referred to herein as "MoCA 1.0," "MoCA 1.1," and/or "MoCA 2.0."

14.     Dish California admits the allegations of paragraph 14.

15.     Dish California admits that for Dish California, jurisdiction and venue is proper in this District.  For the remaining parties and allegations in paragraph 15, Dish California lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 and therefore denies them.

## PRESUIT DISCUSSIONS

16.     Dish California lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16, and therefore denies them.

## ENTROPIC'S LEGACY AS AN INNOVATOR

17.     Dish California denies that Entropic Communications, Inc. is the predecessor-in-interest to Entropic.  Dish California lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17, and therefore denies them.

18.     Dish California lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18, and therefore denies them.

19.     Dish California lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19, and therefore denies them.

20.     Dish California denies that Entropic Inc. pioneered innovative networking technologies.  Dish California lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20, and therefore denies them.

21.     Dish California lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21, and therefore denies them.

22.     Dish California lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22, and therefore denies them.

## MOCA® AND THE MOCA® STANDARDS

23.     Dish California lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23, and therefore denies them.

24.     Dish California lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24, and therefore denies them.

25.     Dish California lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25, and therefore denies them.

26.     Dish California lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26, and therefore denies them.

27.     Dish California lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27, and therefore denies them.

28.     Dish California lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28, and therefore denies them.

29.     Dish California lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29, and therefore denies them.

30.     Dish California lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30, and therefore denies them.

31.     Dish California lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31, and therefore denies them.

32.     Dish California lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32, and therefore denies them.

33.     Dish California lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33, and therefore denies them.

34.     Dish California lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34, and therefore denies them.

35.     Dish California lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35, and therefore denies them.

36.     Dish California lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36, and therefore denies them.

37.     Dish California lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37, and therefore denies them.

DISH CALIFORNIA'S ANSWER, AFFIRMATIVE AND ADDITIONAL
DEFENSES, AND COUNTERCLAIMS TO COMPLAINT
Case No. 2:23-cv-1043-JWH-KES

1

2

<u>**THE ACCUSED MOCA INSTRUMENTALITIES AND**</u>

<u>**ACCUSED SERVICES**</u>

3      38.      Dish California lacks knowledge or information sufficient to form a

4 belief as to the truth of the allegations in paragraph 38, and therefore denies them.

5      39.      Dish California lacks knowledge or information sufficient to form a

6 belief as to the truth of the allegations in paragraph 39, and therefore denies them.

7      40.      Dish California lacks knowledge or information sufficient to form a

8 belief as to the truth of the allegations in paragraph 40, and therefore denies them.

9      41.      Dish California lacks knowledge or information sufficient to form a

10 belief as to the truth of the allegations in paragraph 41, and therefore denies them.

11      42.      Dish California lacks knowledge or information sufficient to form a

12 belief as to the truth of the allegations in paragraph 42, and therefore denies them.

13      43.      Dish California lacks knowledge or information sufficient to form a

14 belief as to the truth of the allegations in paragraph 43, and therefore denies them.

15      44.      Dish California lacks knowledge or information sufficient to form a

16 belief as to the truth of the allegations in paragraph 44, and therefore denies them.

17      45.      Dish California lacks knowledge or information sufficient to form a

18 belief as to the truth of the allegations in paragraph 45, and therefore denies them.

19      46.      Dish California lacks knowledge or information sufficient to form a

20 belief as to the truth of the allegations in paragraph 46, and therefore denies them.

21      47.      Dish California lacks knowledge or information sufficient to form a

22 belief as to the truth of the allegations in paragraph 47, and therefore denies them.

23      48.      Dish California states that the cited video speaks for itself.   Dish

24 California lacks knowledge or information sufficient to form a belief as to the truth

25 of the remaining allegations in paragraph 48, and therefore denies them.

26      49.      Dish California lacks knowledge or information sufficient to form a

27 belief as to the truth of the allegations in paragraph 49, and therefore denies them.

28

50.     Dish California lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50, and therefore denies them.

51.     Dish California lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51, and therefore denies them.

52.     Denied as to Dish California. Dish California lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 52, and therefore denies them.

53.     Denied as to Dish California. Dish California lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 53, and therefore denies them.

54.     Denied as to Dish California. Dish California lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 54, and therefore denies them.

55.     Denied as to Dish California. Dish California lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 55, and therefore denies them.

56.     Dish California lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56, and therefore denies them.

57.     Denied as to Dish California. Dish California lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 57, and therefore denies them.

## JURISDICTION AND VENUE

58.     Dish California admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Dish California denies all remaining allegations contained in paragraph 58.

59.     Dish California admits that it will not contest that venue is proper in this court for purposes of this action, and admits it has transacted business in this District. Dish California denies that it has committed any act of patent infringement allegedly

described in the Complaint. Dish California denies all remaining allegations contained in paragraph 59.

60. Dish California lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60, and therefore denies them.

61. Dish California lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61, and therefore denies them.

62. Dish California admits that it will not contest, for the purposes of this action, that Dish California is subject to personal jurisdiction in this Court. Dish California denies all remaining allegations contained in paragraph 62.

63. Dish California denies the allegations of paragraph 63.

64. Dish California lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64, and therefore denies them.

65. Dish California lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65, and therefore denies them.

66. Dish California admits that it provides certain services to customers in this District. As to the remaining allegations in paragraph 66, Dish California lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

67. Dish California admits it has facilities at 3226 W. 131st St., Hawthorne, California, 90250; 4223 Fairgrounds Street, Riverside, California 92501; and 2602 South Halladay Street, Santa Ana, California. Dish California denies that any activities at these facilities are relevant to the issues in dispute in this case. Dish California denies it has a facility at 1500 Potrero Avenue, South El Monte, California, 91733. As to the remaining allegations in paragraph 67, Dish California lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

68. Dish California lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68, and therefore denies them.

69.     Dish California lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69, and therefore denies them.

70.     Dish California denies the allegations of paragraph 70.

71.     Dish California admits it conducts business in this District.  To the extent paragraph 71 contains additional allegations, Dish California denies them.

## COUNT I

### ([Alleged] Infringement of the '518 Patent)

72.     Dish California incorporates by reference its responses to paragraphs 1 through 71 of the Complaint as though fully restated herein.

73.     Dish California admits that the cover of the '518 Patent reflects an issue date of November 13, 2007, an application date of December 18, 2002, an application filed August 29, 2002, and, *inter alia*, a provisional application filed August 30, 2001.  Dish California denies any remaining allegations of paragraph 73.

74.     To the extent paragraph 74 of the Complaint implicates legal conclusions, no response is required. To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 74 of the Complaint.

75.     Paragraph 75 characterizes the subject matter of the '518 Patent and contains legal conclusions to which no response is required.  If a response is required, Dish California states that the '518 Patent speaks for itself.  Dish California denies all allegations that Dish California implements the features of the '518 Patent.  Dish California denies any remaining allegations and characterizations of paragraph 75.

76.     To the extent paragraph 76 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 76 of the Complaint.

77.     To the extent paragraph 77 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish

DISH CALIFORNIA'S ANSWER, AFFIRMATIVE AND ADDITIONAL DEFENSES, AND COUNTERCLAIMS TO COMPLAINT
Case No. 2:23-cv-1043-JWH-KES

California denies the allegations and characterizations contained in paragraph 77 of the Complaint.

78.     To the extent paragraph 78 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 78 of the Complaint.

79.     Dish California denies the allegations of paragraph 79.

80.     To the extent paragraph 80 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 80 of the Complaint.

81.     To the extent paragraph 81 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 81 of the Complaint.

82.     To the extent paragraph 82 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 82 of the Complaint.

83.     Dish California denies the allegations of paragraph 83.

84.     Dish California lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84, and therefore denies them.

85.     To the extent paragraph 85 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 85 of the Complaint.

86.     To the extent paragraph 86 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish

California denies the allegations and characterizations contained in paragraph 86 of the Complaint.

87.     To the extent paragraph 87 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 87 of the Complaint.

88.     Dish California admits that "7295518" appears in Exhibit A to a March 9, 2022 communication from Entropic.  To the extent paragraph 88 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 88 of the Complaint.

89.     To the extent paragraph 89 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 89 of the Complaint.

90.     To the extent paragraph 90 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 90 of the Complaint.

91.     Denied as to Dish California.  Dish California lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 91, and therefore denies them.

92.     To the extent paragraph 92 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 92 of the Complaint.

93.     Dish California lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93, and therefore denies them.

DISH CALIFORNIA'S ANSWER, AFFIRMATIVE AND ADDITIONAL
DEFENSES, AND COUNTERCLAIMS TO COMPLAINT
Case No. 2:23-cv-1043-JWH-KES

94.     To the extent paragraph 94 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 94 of the Complaint.

95.     To the extent paragraph 95 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 95 of the Complaint.

96.     To the extent paragraph 96 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 96 of the Complaint.

97.     To the extent paragraph 97 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 97 of the Complaint.

98.     To the extent paragraph 98 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 98 of the Complaint.

99.     To the extent paragraph 99 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 99 of the Complaint.

100.     To the extent paragraph 100 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 100 of the Complaint.

DISH CALIFORNIA'S ANSWER, AFFIRMATIVE AND ADDITIONAL DEFENSES, AND COUNTERCLAIMS TO COMPLAINT
Case No. 2:23-cv-1043-JWH-KES

101.    To the extent paragraph 101 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 101 of the Complaint.

102.    To the extent paragraph 102 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 102 of the Complaint.

103.    To the extent paragraph 103 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 103 of the Complaint.

104.    To the extent paragraph 104 of the Complaint implicates legal conclusions, no response is required. To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 104 of the Complaint.

105.    Paragraph 105 of the Complaint characterizes Entropic's belief and thus no response is required.  To the extent paragraph 105 of the Complaint implicates legal conclusions, no response is required. To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 105 of the Complaint.

## COUNT II

### ([Alleged] Infringement of the '249 Patent)

106.    Dish California incorporates by reference its responses to paragraphs 1 through 105 of the Complaint as though fully restated herein.

107.    Dish California admits that the cover of the '249 Patent reflects an issue date of September 22, 2009, an application date of July 21, 2001, and a provisional

application date of May 4, 2001.  Dish California denies any remaining allegations of paragraph 107.

108.     To the extent paragraph 108 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 108 of the Complaint.

109.     Paragraph 109 characterizes the subject matter of the '249 Patent and contains legal conclusions to which no response is required.  If a response is required, Dish California states that the '249 Patent speaks for itself.  Dish California denies all allegations that Dish California implements the features of the '249 Patent.  Dish California denies any remaining allegations and characterizations of paragraph 109.

110.     To the extent paragraph 110 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 110 of the Complaint.

111.     To the extent paragraph 111 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 111 of the Complaint.

112.     To the extent paragraph 112 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 112 of the Complaint.

113.     Dish California denies the allegations of paragraph 113.

114.     To the extent paragraph 114 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 114 of the Complaint.

115.    To the extent paragraph 115 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 115 of the Complaint.

116.    To the extent paragraph 116 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 116 of the Complaint.

117.    Dish California denies the allegations of paragraph 117.

118.    Dish California lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118, and therefore denies them.

119.    To the extent paragraph 119 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 119 of the Complaint.

120.    To the extent paragraph 120 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 120 of the Complaint.

121.    To the extent paragraph 121 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 121 of the Complaint.

122.    Dish California admits that "7594249" appears in Exhibit A to a March 9, 2022 communication from Entropic.  To the extent paragraph 122 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 122 of the Complaint.

DISH CALIFORNIA'S ANSWER, AFFIRMATIVE AND ADDITIONAL
DEFENSES, AND COUNTERCLAIMS TO COMPLAINT
Case No. 2:23-cv-1043-JWH-KES

123.     To the extent paragraph 123 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 123 of the Complaint.

124.     To the extent paragraph 124 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 124 of the Complaint.

125.     Denied as to Dish California.  Dish California lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 125, and therefore denies them.

126.     To the extent paragraph 126 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 126 of the Complaint.

127.     Dish California lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 127, and therefore denies them.

128.     To the extent paragraph 128 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 128 of the Complaint.

129.     To the extent paragraph 129 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 129 of the Complaint.

130.     To the extent paragraph 130 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish

California denies the allegations and characterizations contained in paragraph 130 of the Complaint.

131.     To the extent paragraph 131 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 131 of the Complaint.

132.     To the extent paragraph 132 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 132 of the Complaint.

133.     To the extent paragraph 133 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 133 of the Complaint.

134.     To the extent paragraph 134 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 134 of the Complaint.

135.     To the extent paragraph 135 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 135 of the Complaint.

136.     To the extent paragraph 136 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 136 of the Complaint.

137.     To the extent paragraph 137 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish

DISH CALIFORNIA'S ANSWER, AFFIRMATIVE AND ADDITIONAL DEFENSES, AND COUNTERCLAIMS TO COMPLAINT
Case No. 2:23-cv-1043-JWH-KES

California denies the allegations and characterizations contained in paragraph 137 of the Complaint.

138.    To the extent paragraph 138 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 138 of the Complaint.

139.    Paragraph 139 characterizes Entropic's belief and thus no response is required.  To the extent paragraph 139 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 139 of the Complaint.

## COUNT III

### ([Alleged] Infringement of the '759 Patent)

140.    Dish California incorporates by reference its responses to paragraphs 1 through 139 of the Complaint as though fully restated herein.

141.    Dish California admits that the cover of the '759 Patent reflects an issue date of February 15, 2011, an application date of July 12, 2004, an application filed August 29, 2002, and, *inter alia* a provisional application filed August 30, 2001.  Dish California denies any remaining allegations of paragraph 141.

142.    To the extent paragraph 142 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 142 of the Complaint.

143.    Paragraph 143 characterizes the subject matter of the '759 Patent and contains legal conclusions to which no response is required.  If a response is required, Dish California states that the '759 Patent speaks for itself.  Dish California denies all allegations that Dish California implements the features of the '759 Patent.  Dish California denies any remaining allegations and characterizations of paragraph 143.

19
DISH CALIFORNIA'S ANSWER, AFFIRMATIVE AND ADDITIONAL DEFENSES, AND COUNTERCLAIMS TO COMPLAINT

144.     To the extent paragraph 144 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 144 of the Complaint.

145.     To the extent paragraph 145 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 145 of the Complaint.

146.     To the extent paragraph 146 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 146 of the Complaint.

147.     Dish California denies the allegations of paragraph 147.

148.     To the extent paragraph 148 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 148 of the Complaint.

149.     To the extent paragraph 149 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 149 of the Complaint.

150.     To the extent paragraph 150 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 150 of the Complaint.

151.     Dish California denies the allegations of paragraph 151.

152.     Dish California lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 152, and therefore denies them.

153.     To the extent paragraph 153 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 153 of the Complaint.

154.     To the extent paragraph 154 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 154 of the Complaint.

155.     To the extent paragraph 155 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 155 of the Complaint.

156.     Dish California admits that "7889759" appears in Exhibit A to a March 9, 2022 communication from Entropic.  To the extent paragraph 156 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 156 of the Complaint.

157.     To the extent paragraph 157 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 157 of the Complaint.

158.     To the extent paragraph 158 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 158 of the Complaint.

159.     Denied as to Dish California.  Dish California lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 159, and therefore denies them.

160.     To the extent paragraph 160 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 160 of the Complaint.

161.     Dish California lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 161, and therefore denies them.

162.     To the extent paragraph 162 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 162 of the Complaint.

163.     To the extent paragraph 163 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 163 of the Complaint.

164.     To the extent paragraph 164 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 164 of the Complaint.

165.     To the extent paragraph 165 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 165 of the Complaint.

166.     To the extent paragraph 166 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 166 of the Complaint.

167.     To the extent paragraph 167 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish

California denies the allegations and characterizations contained in paragraph 167 of the Complaint.

168. To the extent paragraph 168 of the Complaint implicates legal conclusions, no response is required. To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 168 of the Complaint.

169. To the extent paragraph 169 of the Complaint implicates legal conclusions, no response is required. To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 169 of the Complaint.

170. To the extent paragraph 170 of the Complaint implicates legal conclusions, no response is required. To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 170 of the Complaint.

171. To the extent paragraph 171 of the Complaint implicates legal conclusions, no response is required. To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 171 of the Complaint.

172. To the extent paragraph 172 of the Complaint implicates legal conclusions, no response is required. To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 172 of the Complaint.

173. Paragraph 173 characterizes Entropic's belief and thus no response is required. To the extent paragraph 173 of the Complaint implicates legal conclusions, no response is required. To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 173 of the Complaint.

## COUNT IV

### ([Alleged] Infringement of the '802 Patent)

174.    Dish California incorporates by reference its responses to paragraphs 1 through 173 of the Complaint as though fully restated herein.

175.    Dish California admits the cover of the '802 Patent reflects an issue date of December 27, 2011, an application date of December 2, 2005, and a provisional application filed on December 2, 2004.   Dish California denies any remaining allegations of paragraph 175.

176.    To the extent paragraph 176 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 176 of the Complaint.

177.    Paragraph 177 characterizes the subject matter of the '802 Patent and contains legal conclusions to which no response is required.  If a response is required, Dish California states that the '802 Patent speaks for itself.  Dish California denies all allegations that Dish California implements the features of the '802 Patent.  Dish California denies any remaining allegations and characterizations of paragraph 177.

178.    To the extent paragraph 178 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 178 of the Complaint.

179.    To the extent paragraph 179 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 179 of the Complaint.

180.    To the extent paragraph 180 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish

California denies the allegations and characterizations contained in paragraph 180 of the Complaint.

181.    Dish California denies the allegations of paragraph 181.

182.    To the extent paragraph 182 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 182 of the Complaint.

183.    To the extent paragraph 183 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 183 of the Complaint.

184.    To the extent paragraph 184 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 184 of the Complaint.

185.    Dish California denies the allegations of paragraph 185.

186.    To the extent paragraph 186 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 186 of the Complaint.

187.    To the extent paragraph 187 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 187 of the Complaint.

188.    To the extent paragraph 188 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 188 of the Complaint.

DISH CALIFORNIA'S ANSWER, AFFIRMATIVE AND ADDITIONAL DEFENSES, AND COUNTERCLAIMS TO COMPLAINT
Case No. 2:23-cv-1043-JWH-KES

189.    To the extent paragraph 189 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 189 of the Complaint.

190.    Dish California admits that "8085802" appears in Exhibit A to a March 9, 2022 communication from Entropic.  To the extent paragraph 190 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 190 of the Complaint.

191.    To the extent paragraph 191 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 191 of the Complaint.

192.    To the extent paragraph 192 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 192 of the Complaint.

193.    Denied as to Dish California.  Dish California lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 193, and therefore denies them.

194.    To the extent paragraph 194 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 194 of the Complaint.

195.    Dish California lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 195, and therefore denies them.

196.    To the extent paragraph 196 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish

DISH CALIFORNIA'S ANSWER, AFFIRMATIVE AND ADDITIONAL DEFENSES, AND COUNTERCLAIMS TO COMPLAINT
Case No. 2:23-cv-1043-JWH-KES

California denies the allegations and characterizations contained in paragraph 196 of the Complaint.

197.   To the extent paragraph 197 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 197 of the Complaint.

198.   To the extent paragraph 198 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 198 of the Complaint.

199.   To the extent paragraph 199 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 199 of the Complaint.

200.   To the extent paragraph 200 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 200 of the Complaint.

201.   To the extent paragraph 201 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 201 of the Complaint.

202.   To the extent paragraph 202 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 202 of the Complaint.

203.   To the extent paragraph 203 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish

California denies the allegations and characterizations contained in paragraph 203 of the Complaint.

204.     To the extent paragraph 204 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 204 of the Complaint.

205.     To the extent paragraph 205 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 205 of the Complaint.

206.     To the extent paragraph 206 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 206 of the Complaint.

207.     Paragraph 207 characterizes Entropic's belief and thus no response is required.  To the extent paragraph 207 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 207 of the Complaint.

## COUNT V

### ([Alleged] Infringement of the '450 Patent)

208.     Dish California incorporates by reference its responses to paragraphs 1 through 207 of the Complaint as though fully restated herein.

209.     Dish California admits that the cover of the '450 Patent reflects an issue date of January 14, 2014, an application date of September 19, 2005, and, *inter alia*, a provisional application filed December 2, 2004.   Dish California denies any remaining allegations of paragraph 209.

DISH CALIFORNIA'S ANSWER, AFFIRMATIVE AND ADDITIONAL
DEFENSES, AND COUNTERCLAIMS TO COMPLAINT
Case No. 2:23-cv-1043-JWH-KES

210.     To the extent paragraph 210 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 210 of the Complaint.

211.     Paragraph 211 characterizes the subject matter of the '450 patent and contains legal conclusions to which no response is required.  If a response is required, Dish California states that the '450 Patent speaks for itself.  Dish California denies all allegations that Dish California implements the features of the '450 Patent.  Dish California denies any remaining allegations and characterizations of paragraph 211.

212.     To the extent paragraph 212 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 212 of the Complaint.

213.     To the extent paragraph 213 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 213 of the Complaint.

214.     To the extent paragraph 214 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 214 of the Complaint.

215.     Dish California denies the allegations of paragraph 215.

216.     To the extent paragraph 216 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 216 of the Complaint.

217.     To the extent paragraph 217 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish

California denies the allegations and characterizations contained in paragraph 217 of the Complaint.

218.     To the extent paragraph 218 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 218 of the Complaint.

219.     Dish California denies the allegations of paragraph 219.

220.     Dish California lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 220, and therefore denies them.

221.     To the extent paragraph 221 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 221 of the Complaint.

222.     To the extent paragraph 222 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 222 of the Complaint.

223.     To the extent paragraph 223 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 223 of the Complaint.

224.     Dish California admits that "8631450" appears in Exhibit A to a March 9, 2022 communication from Entropic.  To the extent paragraph 224 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 224 of the Complaint.

225.     To the extent paragraph 225 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish

California denies the allegations and characterizations contained in paragraph 225 of the Complaint.

226.     To the extent paragraph 226 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 226 of the Complaint.

227.     Denied as to Dish California.  Dish California lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 227, and therefore denies them.

228.     To the extent paragraph 228 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 228 of the Complaint.

229.     Dish California lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 229, and therefore denies them.

230.     To the extent paragraph 230 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 230 of the Complaint.

231.     To the extent paragraph 231 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 231 of the Complaint.

232.     To the extent paragraph 232 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 232 of the Complaint.

1    233.    To the extent paragraph 233 of the Complaint implicates legal

2   conclusions, no response is required.  To the extent that a response is required, Dish

3   California denies the allegations and characterizations contained in paragraph 233 of

4   the Complaint.

5    234.    To the extent paragraph 234 of the Complaint implicates legal

6   conclusions, no response is required.  To the extent that a response is required, Dish

7   California denies the allegations and characterizations contained in paragraph 234 of

8   the Complaint.

9    235.    To the extent paragraph 235 of the Complaint implicates legal

10   conclusions, no response is required.  To the extent that a response is required, Dish

11   California denies the allegations and characterizations contained in paragraph 235 of

12   the Complaint.

13    236.    To the extent paragraph 236 of the Complaint implicates legal

14   conclusions, no response is required.  To the extent that a response is required, Dish

15   California denies the allegations and characterizations contained in paragraph 236 of

16   the Complaint.

17    237.    To the extent paragraph 237 of the Complaint implicates legal

18   conclusions, no response is required.  To the extent that a response is required, Dish

19   California denies the allegations and characterizations contained in paragraph 237 of

20   the Complaint.

21    238.    To the extent paragraph 238 of the Complaint implicates legal

22   conclusions, no response is required.  To the extent that a response is required, Dish

23   California denies the allegations and characterizations contained in paragraph 238 of

24   the Complaint.

25    239.    To the extent paragraph 239 of the Complaint implicates legal

26   conclusions, no response is required.  To the extent that a response is required, Dish

27   California denies the allegations and characterizations contained in paragraph 239 of

28   the Complaint.

240.    To the extent paragraph 240 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 240 of the Complaint.

241.    Paragraph 241 characterizes Entropic's belief and thus no response is required.  To the extent paragraph 241 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 241 of the Complaint.

## COUNT VI

### ([Alleged] Infringement of the '7,566 Patent)

242.    The Court dismissed Count VI without leave to amend in its September 7, 2023 Order (Dkt. 103) and therefore, no response is required.

243.    The Court dismissed Count VI without leave to amend in its September 7, 2023 Order (Dkt. 103) and therefore, no response is required.

244.    The Court dismissed Count VI without leave to amend in its September 7, 2023 Order (Dkt. 103) and therefore, no response is required.

245.    The Court dismissed Count VI without leave to amend in its September 7, 2023 Order (Dkt. 103) and therefore, no response is required.

246.    The Court dismissed Count VI without leave to amend in its September 7, 2023 Order (Dkt. 103) and therefore, no response is required.

247.    The Court dismissed Count VI without leave to amend in its September 7, 2023 Order (Dkt. 103) and therefore, no response is required.

248.    The Court dismissed Count VI without leave to amend in its September 7, 2023 Order (Dkt. 103) and therefore, no response is required.

249.    The Court dismissed Count VI without leave to amend in its September 7, 2023 Order (Dkt. 103) and therefore, no response is required.

250.     The Court dismissed Count VI without leave to amend in its September 7, 2023 Order (Dkt. 103) and therefore, no response is required.

251.     The Court dismissed Count VI without leave to amend in its September 7, 2023 Order (Dkt. 103) and therefore, no response is required.

252.     The Court dismissed Count VI without leave to amend in its September 7, 2023 Order (Dkt. 103) and therefore, no response is required.

253.     The Court dismissed Count VI without leave to amend in its September 7, 2023 Order (Dkt. 103) and therefore, no response is required.

254.     The Court dismissed Count VI without leave to amend in its September 7, 2023 Order (Dkt. 103) and therefore, no response is required.

255.     The Court dismissed Count VI without leave to amend in its September 7, 2023 Order (Dkt. 103) and therefore, no response is required.

256.     The Court dismissed Count VI without leave to amend in its September 7, 2023 Order (Dkt. 103) and therefore, no response is required.

257.     The Court dismissed Count VI without leave to amend in its September 7, 2023 Order (Dkt. 103) and therefore, no response is required.

258.     The Court dismissed Count VI without leave to amend in its September 7, 2023 Order (Dkt. 103) and therefore, no response is required.

259.     The Court dismissed Count VI without leave to amend in its September 7, 2023 Order (Dkt. 103) and therefore, no response is required.

260.     The Court dismissed Count VI without leave to amend in its September 7, 2023 Order (Dkt. 103) and therefore, no response is required.

261.     The Court dismissed Count VI without leave to amend in its September 7, 2023 Order (Dkt. 103) and therefore, no response is required.

262.     The Court dismissed Count VI without leave to amend in its September 7, 2023 Order (Dkt. 103) and therefore, no response is required.

263.     The Court dismissed Count VI without leave to amend in its September 7, 2023 Order (Dkt. 103) and therefore, no response is required.

264.     The Court dismissed Count VI without leave to amend in its September 7, 2023 Order (Dkt. 103) and therefore, no response is required.

265.     The Court dismissed Count VI without leave to amend in its September 7, 2023 Order (Dkt. 103) and therefore, no response is required.

266.     The Court dismissed Count VI without leave to amend in its September 7, 2023 Order (Dkt. 103) and therefore, no response is required.

267.     The Court dismissed Count VI without leave to amend in its September 7, 2023 Order (Dkt. 103) and therefore, no response is required.

268.     The Court dismissed Count VI without leave to amend in its September 7, 2023 Order (Dkt. 103) and therefore, no response is required.

269.     The Court dismissed Count VI without leave to amend in its September 7, 2023 Order (Dkt. 103) and therefore, no response is required.

270.     The Court dismissed Count VI without leave to amend in its September 7, 2023 Order (Dkt. 103) and therefore, no response is required.

271.     The Court dismissed Count VI without leave to amend in its September 7, 2023 Order (Dkt. 103) and therefore, no response is required.

272.     The Court dismissed Count VI without leave to amend in its September 7, 2023 Order (Dkt. 103) and therefore, no response is required.

273.     The Court dismissed Count VI without leave to amend in its September 7, 2023 Order (Dkt. 103) and therefore, no response is required.

274.     The Court dismissed Count VI without leave to amend in its September 7, 2023 Order (Dkt. 103) and therefore, no response is required.

275.     The Court dismissed Count VI without leave to amend in its September 7, 2023 Order (Dkt. 103) and therefore, no response is required.

## **COUNT VII**

### **([Alleged] Infringement of the '539 Patent)**

276.     Dish California incorporates by reference its responses to paragraphs 1 through 275 of the Complaint as though fully restated herein.

277.     Dish California admits that the cover of the '539 Patent reflects an issue date of December 31, 2013, an application date of September 29, 2005, and, *inter alia*, a provisional application filed December 2, 2004.   Dish California denies any remaining allegations of paragraph 277.

278.     To the extent paragraph 278 of the Complaint implicates legal conclusions, no response is required.   To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 278 of the Complaint.

279.     Paragraph 279 characterizes the subject matter of the '539 Patent and contains legal conclusions to which no response is required.   If a response is required, Dish California states that the '539 Patent speaks for itself.   Dish California denies all allegations that Dish California implements the features of the '539 Patent.   Dish California denies any remaining allegations and characterizations of Paragraph 279.

280.     To the extent paragraph 280 of the Complaint implicates legal conclusions, no response is required.   To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 280 of the Complaint.

281.     To the extent paragraph 281 of the Complaint implicates legal conclusions, no response is required.   To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 281 of the Complaint.

282.     To the extent paragraph 282 of the Complaint implicates legal conclusions, no response is required.   To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 282 of the Complaint.

283.     Dish California denies the allegations of paragraph 283.

284.     To the extent paragraph 284 of the Complaint implicates legal conclusions, no response is required.   To the extent that a response is required, Dish

DISH CALIFORNIA'S ANSWER, AFFIRMATIVE AND ADDITIONAL
DEFENSES, AND COUNTERCLAIMS TO COMPLAINT
Case No. 2:23-cv-1043-JWH-KES

California denies the allegations and characterizations contained in paragraph 284 of the Complaint.

285.     To the extent paragraph 285 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 285 of the Complaint.

286.     To the extent paragraph 286 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 286 of the Complaint.

287.     Dish California denies the allegations of paragraph 287.

288.     Dish California lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 288, and therefore denies them.

289.     To the extent paragraph 289 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 289 of the Complaint.

290.     To the extent paragraph 290 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 290 of the Complaint.

291.     To the extent paragraph 291 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 291 of the Complaint.

292.     Dish California admits that "8621539" appears in Exhibit A to a March 9, 2022 communication from Entropic.  To the extent paragraph 292 of the Complaint implicates legal conclusions, no response is required.  To the extent that a

response is required, Dish California denies the allegations and characterizations contained in paragraph 292 of the Complaint.

293.     To the extent paragraph 293 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 293 of the Complaint.

294.     To the extent paragraph 294 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 294 of the Complaint.

295.     Denied as to Dish California.  Dish California lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 295, and therefore denies them.

296.     To the extent paragraph 296 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 296 of the Complaint.

297.     Dish California lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 297, and therefore denies them.

298.     To the extent paragraph 298 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 298 of the Complaint.

299.     To the extent paragraph 299 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 299 of the Complaint.

DISH CALIFORNIA'S ANSWER, AFFIRMATIVE AND ADDITIONAL DEFENSES, AND COUNTERCLAIMS TO COMPLAINT
Case No. 2:23-cv-1043-JWH-KES

300.     To the extent paragraph 300 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 300 of the Complaint.

301.     To the extent paragraph 301 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 301 of the Complaint.

302.     To the extent paragraph 302 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 302 of the Complaint.

303.     To the extent paragraph 303 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 303 of the Complaint.

304.     To the extent paragraph 304 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 304 of the Complaint.

305.     To the extent paragraph 305 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 305 of the Complaint.

306.     To the extent paragraph 306 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 306 of the Complaint.

DISH CALIFORNIA'S ANSWER, AFFIRMATIVE AND ADDITIONAL DEFENSES, AND COUNTERCLAIMS TO COMPLAINT
Case No. 2:23-cv-1043-JWH-KES

307.     To the extent paragraph 307 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 307 of the Complaint.

308.     To the extent paragraph 308 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 308 of the Complaint.

309.     Paragraph 309 characterizes Entropic's belief and thus no response is required.  To the extent paragraph 309 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 309 of the Complaint.

### COUNT VIII

### ([Alleged] Infringement of the '213 Patent)

310.     Dish California incorporates by reference its responses to paragraphs 1 through 309 of the Complaint as though fully restated herein.

311.     Dish California admits the cover of the '213 Patent reflects an issue date of December 5, 2017, an application date of February 6, 2008, and *inter alia*, a provisional application filed on February 6, 2007.  Dish California denies any remaining allegations of paragraph 311.

312.     To the extent paragraph 312 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 312 of the Complaint.

313.     Paragraph 313 characterizes the subject matter of the '213 Patent and contains legal conclusions to which no response is required.  If a response is required, Dish California states that the '213 Patent speaks for itself.  Dish California denies all

DISH CALIFORNIA'S ANSWER, AFFIRMATIVE AND ADDITIONAL DEFENSES, AND COUNTERCLAIMS TO COMPLAINT
Case No. 2:23-cv-1043-JWH-KES

allegations that Dish California implements the features of the '213 Patent.  Dish California denies any remaining allegations and characterizations of paragraph 313.

314.     To the extent paragraph 314 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 314 of the Complaint.

315.     To the extent paragraph 315 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 315 of the Complaint.

316.     To the extent paragraph 316 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 316 of the Complaint.

317.     Dish California denies the allegations of paragraph 317.

318.     To the extent paragraph 318 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 318 of the Complaint.

319.     To the extent paragraph 319 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 319 of the Complaint.

320.     To the extent paragraph 320 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 320 of the Complaint.

321.     Dish California denies the allegations of paragraph 321.

DISH CALIFORNIA'S ANSWER, AFFIRMATIVE AND ADDITIONAL
DEFENSES, AND COUNTERCLAIMS TO COMPLAINT
Case No. 2:23-cv-1043-JWH-KES

322.     Dish California lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 322, and therefore denies them.

323.     To the extent paragraph 323 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 323 of the Complaint.

324.     To the extent paragraph 324 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 324 of the Complaint.

325.     To the extent paragraph 325 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 325 of the Complaint.

326.     Dish California admits that "9838213" appears in Exhibit A to a March 9, 2022 communication from Entropic.  To the extent paragraph 326 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 326 of the Complaint.

327.     To the extent paragraph 327 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 327 of the Complaint.

328.     To the extent paragraph 328 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 328 of the Complaint.

DISH CALIFORNIA'S ANSWER, AFFIRMATIVE AND ADDITIONAL DEFENSES, AND COUNTERCLAIMS TO COMPLAINT
Case No. 2:23-cv-1043-JWH-KES

329.     Denied as to Dish California.  Dish California lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 329, and therefore denies them.

330.     To the extent paragraph 330 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 330 of the Complaint.

331.     Dish California lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 331, and therefore denies them.

332.     To the extent paragraph 332 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 332 of the Complaint.

333.     To the extent paragraph 333 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 333 of the Complaint.

334.     To the extent paragraph 334 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 334 of the Complaint.

335.     To the extent paragraph 335 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 335 of the Complaint.

336.     To the extent paragraph 336 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish

California denies the allegations and characterizations contained in paragraph 336 of the Complaint.

337. To the extent paragraph 337 of the Complaint implicates legal conclusions, no response is required. To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 337 of the Complaint.

338. To the extent paragraph 338 of the Complaint implicates legal conclusions, no response is required. To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 338 of the Complaint.

339. To the extent paragraph 339 of the Complaint implicates legal conclusions, no response is required. To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 339 of the Complaint.

340. To the extent paragraph 340 of the Complaint implicates legal conclusions, no response is required. To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 340 of the Complaint.

341. To the extent paragraph 341 of the Complaint implicates legal conclusions, no response is required. To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 341 of the Complaint.

342. To the extent paragraph 342 of the Complaint implicates legal conclusions, no response is required. To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 342 of the Complaint.

343. Paragraph 343 characterizes Entropic's belief and thus no response is required. To the extent paragraph 343 of the Complaint implicates legal conclusions,

no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 343 of the Complaint.

## COUNT IX

### ([Alleged] Infringement of the '422 Patent)

344.    Dish California incorporates by reference its responses to paragraphs 1 through 343 of the Complaint as though fully restated herein.

345.    Dish California admits the cover of the '422 Patent reflects an issue date of October 1, 2019, an application date of December 5, 2017, an application filed on February 6, 2008, and *inter alia*, a provisional application filed on February 6, 2007. Dish California denies any remaining allegations of paragraph 345.

346.    To the extent paragraph 346 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 346 of the Complaint.

347.    Paragraph 347 characterizes the subject matter of the '422 Patent and contains legal conclusions to which no response is required.  If a response is required, Dish California states that the '422 Patent speaks for itself.  Dish California denies all allegations that Dish California implements the features of the '422 Patent.  Dish California denies any remaining allegations and characterizations of paragraph 347.

348.    To the extent paragraph 348 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 348 of the Complaint.

349.    To the extent paragraph 349 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 349 of the Complaint.

350.     To the extent paragraph 350 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 350 of the Complaint.

351.     Dish California denies the allegations of paragraph 351.

352.     To the extent paragraph 352 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 352 of the Complaint.

353.     To the extent paragraph 353 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 353 of the Complaint.

354.     To the extent paragraph 354 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 354 of the Complaint.

355.     Dish California denies the allegations of paragraph 355.

356.     Dish California lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 356, and therefore denies them.

357.     To the extent paragraph 357 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 357 of the Complaint.

358.     To the extent paragraph 358 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 358 of the Complaint.

359.     To the extent paragraph 359 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 359 of the Complaint.

360.     Dish California admits that "10432422" appears in Exhibit A to a March 9, 2022 communication from Entropic.  To the extent paragraph 360 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 360 of the Complaint.

361.     To the extent paragraph 361 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 361 of the Complaint.

362.     To the extent paragraph 362 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 362 of the Complaint.

363.     Denied as to Dish California.  Dish California lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 363, and therefore denies them.

364.     To the extent paragraph 364 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 364 of the Complaint.

365.     Dish California lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 365, and therefore denies them.

366.     To the extent paragraph 366 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish

California denies the allegations and characterizations contained in paragraph 366 of the Complaint.

367.    To the extent paragraph 367 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 367 of the Complaint.

368.    To the extent paragraph 368 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 368 of the Complaint.

369.    To the extent paragraph 369 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 369 of the Complaint.

370.    To the extent paragraph 370 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 370 of the Complaint.

371.    To the extent paragraph 371 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 371 of the Complaint.

372.    To the extent paragraph 372 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 372 of the Complaint.

373.    To the extent paragraph 373 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish

DISH CALIFORNIA'S ANSWER, AFFIRMATIVE AND ADDITIONAL DEFENSES, AND COUNTERCLAIMS TO COMPLAINT
Case No. 2:23-cv-1043-JWH-KES

California denies the allegations and characterizations contained in paragraph 373 of the Complaint.

374.    To the extent paragraph 374 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 374 of the Complaint.

375.    To the extent paragraph 375 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 375 of the Complaint.

376.    To the extent paragraph 376 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 376 of the Complaint.

377.    Paragraph 377 characterizes Entropic's belief and thus no response is required.  To the extent paragraph 377 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 377 of the Complaint.

## COUNT X

### ([Alleged] Infringement of the '910 Patent)

378.    The Court dismissed Count X without leave to amend in its September 7, 2023 Order (Dkt. 103) and therefore, no response is required.

379.    The Court dismissed Count X without leave to amend in its September 7, 2023 Order (Dkt. 103) and therefore, no response is required.

380.    The Court dismissed Count X without leave to amend in its September 7, 2023 Order (Dkt. 103) and therefore, no response is required.

381.    The Court dismissed Count X without leave to amend in its September 7, 2023 Order (Dkt. 103) and therefore, no response is required.

382.    The Court dismissed Count X without leave to amend in its September 7, 2023 Order (Dkt. 103) and therefore, no response is required.

383.    The Court dismissed Count X without leave to amend in its September 7, 2023 Order (Dkt. 103) and therefore, no response is required.

384.    The Court dismissed Count X without leave to amend in its September 7, 2023 Order (Dkt. 103) and therefore, no response is required.

385.    The Court dismissed Count X without leave to amend in its September 7, 2023 Order (Dkt. 103) and therefore, no response is required.

386.    The Court dismissed Count X without leave to amend in its September 7, 2023 Order (Dkt. 103) and therefore, no response is required.

387.    The Court dismissed Count X without leave to amend in its September 7, 2023 Order (Dkt. 103) and therefore, no response is required.

388.    The Court dismissed Count X without leave to amend in its September 7, 2023 Order (Dkt. 103) and therefore, no response is required.

389.    The Court dismissed Count X without leave to amend in its September 7, 2023 Order (Dkt. 103) and therefore, no response is required.

390.    The Court dismissed Count X without leave to amend in its September 7, 2023 Order (Dkt. 103) and therefore, no response is required.

391.    The Court dismissed Count X without leave to amend in its September 7, 2023 Order (Dkt. 103) and therefore, no response is required.

392.    The Court dismissed Count X without leave to amend in its September 7, 2023 Order (Dkt. 103) and therefore, no response is required.

393.    The Court dismissed Count X without leave to amend in its September 7, 2023 Order (Dkt. 103) and therefore, no response is required.

394.    The Court dismissed Count X without leave to amend in its September 7, 2023 Order (Dkt. 103) and therefore, no response is required.

395.     The Court dismissed Count X without leave to amend in its September 7, 2023 Order (Dkt. 103) and therefore, no response is required.

396.     The Court dismissed Count X without leave to amend in its September 7, 2023 Order (Dkt. 103) and therefore, no response is required.

397.     The Court dismissed Count X without leave to amend in its September 7, 2023 Order (Dkt. 103) and therefore, no response is required.

398.     The Court dismissed Count X without leave to amend in its September 7, 2023 Order (Dkt. 103) and therefore, no response is required.

399.     The Court dismissed Count X without leave to amend in its September 7, 2023 Order (Dkt. 103) and therefore, no response is required.

400.     The Court dismissed Count X without leave to amend in its September 7, 2023 Order (Dkt. 103) and therefore, no response is required.

401.     The Court dismissed Count X without leave to amend in its September 7, 2023 Order (Dkt. 103) and therefore, no response is required.

402.     The Court dismissed Count X without leave to amend in its September 7, 2023 Order (Dkt. 103) and therefore, no response is required.

403.     The Court dismissed Count X without leave to amend in its September 7, 2023 Order (Dkt. 103) and therefore, no response is required.

404.     The Court dismissed Count X without leave to amend in its September 7, 2023 Order (Dkt. 103) and therefore, no response is required.

405.     The Court dismissed Count X without leave to amend in its September 7, 2023 Order (Dkt. 103) and therefore, no response is required.

406.     The Court dismissed Count X without leave to amend in its September 7, 2023 Order (Dkt. 103) and therefore, no response is required.

407.     The Court dismissed Count X without leave to amend in its September 7, 2023 Order (Dkt. 103) and therefore, no response is required.

408.     The Court dismissed Count X without leave to amend in its September 7, 2023 Order (Dkt. 103) and therefore, no response is required.

DISH CALIFORNIA'S ANSWER, AFFIRMATIVE AND ADDITIONAL
DEFENSES, AND COUNTERCLAIMS TO COMPLAINT
Case No. 2:23-cv-1043-JWH-KES

409.     The Court dismissed Count X without leave to amend in its September 7, 2023 Order (Dkt. 103) and therefore, no response is required.

410.     The Court dismissed Count X without leave to amend in its September 7, 2023 Order (Dkt. 103) and therefore, no response is required.

411.     The Court dismissed Count X without leave to amend in its September 7, 2023 Order (Dkt. 103) and therefore, no response is required.

## COUNT XI

### ([Alleged] Infringement of the '0,566 Patent)

412.     Dish California incorporates by reference its responses to paragraphs 1 through 411 of the Complaint as though fully restated herein.

413.     Dish California admits that the cover of the '0,566 Patent reflects an issue date of November 27, 2012, an application date of October 15, 2009, and, *inter alia*, a provisional application filed October 16, 2008.  Dish California denies any remaining allegations of paragraph 413.

414.     To the extent paragraph 414 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 414 of the Complaint.

415.     Paragraph 415 characterizes the subject matter of the '0,566 Patent and contains legal conclusions to which no response is required.  If a response is required, Dish California states that the '0,566 Patent speaks for itself.  Dish California denies all allegations that Dish California implements the features of the '0,566 Patent.  Dish California denies any remaining allegations and characterizations of paragraph 415.

416.     To the extent paragraph 416 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 416 of the Complaint.

417.    To the extent paragraph 417 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 417 of the Complaint.

418.    To the extent paragraph 418 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 418 of the Complaint.

419.    Dish California denies the allegations of paragraph 419.

420.    To the extent paragraph 420 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 420 of the Complaint.

421.    To the extent paragraph 421 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 421 of the Complaint.

422.    To the extent paragraph 422 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 422 of the Complaint.

423.    Dish California denies the allegations of paragraph 423.

424.    Dish California lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 424, and therefore denies them.

425.    To the extent paragraph 425 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 425 of the Complaint.

DISH CALIFORNIA'S ANSWER, AFFIRMATIVE AND ADDITIONAL
DEFENSES, AND COUNTERCLAIMS TO COMPLAINT
Case No. 2:23-cv-1043-JWH-KES

426.    To the extent paragraph 426 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 426 of the Complaint.

427.    To the extent paragraph 427 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 427 of the Complaint.

428.    Dish California admits that "8320566" appears in Exhibit A to a March 9, 2022 communication from Entropic.  To the extent paragraph 428 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 428 of the Complaint.

429.    To the extent paragraph 429 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 429 of the Complaint.

430.    To the extent paragraph 430 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 430 of the Complaint.

431.    Denied as to Dish California.  Dish California lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 431, and therefore denies them.

432.    To the extent paragraph 432 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 432 of the Complaint.

433.     Dish California lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 433, and therefore denies them.

434.     To the extent paragraph 434 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 434 of the Complaint.

435.     To the extent paragraph 435 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 435 of the Complaint.

436.     To the extent paragraph 436 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 436 of the Complaint.

437.     To the extent paragraph 437 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 437 of the Complaint.

438.     To the extent paragraph 438 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 438 of the Complaint.

439.     To the extent paragraph 439 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 439 of the Complaint.

440.     To the extent paragraph 440 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish

California denies the allegations and characterizations contained in paragraph 440 of the Complaint.

441.    To the extent paragraph 441 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 441 of the Complaint.

442.    To the extent paragraph 442 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 442 of the Complaint.

443.    To the extent paragraph 443 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 443 of the Complaint.

444.    To the extent paragraph 444 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 444 of the Complaint.

445.    Paragraph 445 characterizes Entropic's belief and thus no response is required.  To the extent paragraph 445 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 445 of the Complaint.

## COUNT XII

### ([Alleged] Infringement of the '681 Patent)

446.    Dish California incorporates by reference its responses to paragraphs 1 through 445 of the Complaint as though fully restated herein.

447.     Dish California admits that the cover of the '681 Patent reflects an issue date of January 29, 2013, an application date of October 15, 2009, and a provisional application date of October 16, 2008.   Dish California denies any remaining allegations of paragraph 447 of the Complaint.

448.     To the extent paragraph 448 of the Complaint implicates legal conclusions, no response is required.   To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 448 of the Complaint.

449.     Paragraph 449 of the Complaint characterizes the subject matter of the '681 Patent and contains legal conclusions to which no response is required.   If a response is required, Dish California states that the '681 Patent speaks for itself.   Dish California denies all allegations that Dish California implements the features of the '681 Patent.   Dish California denies any remaining allegations and characterizations of paragraph 449 of the Complaint.

450.     To the extent paragraph 450 of the Complaint implicates legal conclusions, no response is required.   To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 450 of the Complaint.

451.     To the extent paragraph 451 of the Complaint implicates legal conclusions, no response is required.   To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 451 of the Complaint.

452.     To the extent paragraph 452 of the Complaint implicates legal conclusions, no response is required.   To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 452 of the Complaint.

453.     Dish California denies the allegations of paragraph 453 of the Complaint.

454.     To the extent paragraph 454 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 454 of the Complaint.

455.     To the extent paragraph 455 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 455 of the Complaint.

456.     To the extent paragraph 456 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 456 of the Complaint.

457.     Dish California denies the allegations of paragraph 457 of the Complaint.

458.     Dish California lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 458, and therefore denies them.

459.     To the extent paragraph 459 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 459 of the Complaint.

460.     To the extent paragraph 460 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 460 of the Complaint.

461.     To the extent paragraph 461 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 461 of the Complaint.

462.     Dish California admits that "8363681" appears in Exhibit A to a March 9, 2022 communication—but not an August 9, 2022 communication—from Entropic.  To the extent paragraph 462 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 462 of the Complaint.

463.     To the extent paragraph 463 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 463 of the Complaint.

464.     To the extent paragraph 464 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 464 of the Complaint.

465.     Denied as to Dish California.  Dish California lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 465 of the Complaint, and therefore denies them.

466.     To the extent paragraph 466 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 466 of the Complaint.

467.     Dish California lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 467, and therefore denies them.

468.     To the extent paragraph 468 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 468 of the Complaint.

469.     To the extent paragraph 469 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 469 of the Complaint.

470.     To the extent paragraph 470 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 470 of the Complaint.

471.     To the extent paragraph 471 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 471 of the Complaint.

472.     To the extent paragraph 472 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 472 of the Complaint.

473.     To the extent paragraph 473 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 473 of the Complaint.

474.     To the extent paragraph 474 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 474 of the Complaint.

475.     To the extent paragraph 475 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 475 of the Complaint.

DISH CALIFORNIA'S ANSWER, AFFIRMATIVE AND ADDITIONAL DEFENSES, AND COUNTERCLAIMS TO COMPLAINT
Case No. 2:23-cv-1043-JWH-KES

476.    To the extent paragraph 476 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 476 of the Complaint.

477.    To the extent paragraph 477 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 477 of the Complaint.

478.    To the extent paragraph 478 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 478 of the Complaint.

479.    Paragraph 479 characterizes Entropic's belief and thus no response is required.  To the extent paragraph 479 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Dish California denies the allegations and characterizations contained in paragraph 479 of the Complaint.

## JURY DEMAND

Dish California hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

The section of the Complaint titled "Prayer for Relief" sets forth the statement of relief requested by Entropic to which no response is required. Dish California denies that Entropic is entitled to any relief sought in its Prayer for Relief or otherwise.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

480.    Dish California incorporates by reference the foregoing paragraphs in their entirety and asserts the following affirmative and additional defenses.  By asserting these affirmative and additional defenses, Dish California does not admit that it bears the burden of proof on any issue and does not accept any burden it would

not otherwise bear.  Dish California reserves all affirmative defenses permitted under the Federal Rules of Civil Procedure, the Patent Laws of the United States and/or at law or in equity that may now exist, or in the future be available, based on discovery and further investigation in this case, as well as the right to amend this Answer to include those defenses.  Pursuant to Federal Rule of Civil Procedure 8(c), Dish California, without waiver, limitation, or prejudice, hereby asserts the following affirmative and additional defenses.

## FIRST AFFIRMATIVE OR ADDITIONAL DEFENSE

### (Limitation on Damages/Failure to Mark)

481.    Entropic's request for "damages pursuant to 35 U.S.C. § 284 adequate to compensate Entropic for [Dish California's] past . . .  infringement" for the period before Entropic filed the Complaint or allegedly notified Dish California of Entropic's allegations of infringement of the Asserted Patents before March 9, 2022, are barred by 35 U.S.C. § 286.  The relief sought by Entropic based on Dish California's alleged infringement of the Asserted Patents is further limited by 35 U.S.C. § 287 to the extent Entropic, any predecessors-in-interest, or its licensees failed to mark allegedly practicing products.

## SECOND AFFIRMATIVE OR ADDITIONAL DEFENSE

### (License and Waiver)

482.    Although Dish California lacks knowledge or information sufficient to form a belief as to the truth of Entropic's admission that the Asserted Patents are standard essential patents for at least one version of the MoCA standard, if true, Entropic's claims are barred, in whole or in part, by actual license, the doctrine of implied license, and/or waiver.  These licenses include, but are not limited to, express or implied licenses arising from Entropic Communications, Inc.'s and/or MaxLinear's participation in the Multimedia over Coax Alliance ("MoCA"), as well as the MoCA "Intellectual Property Rights (IPR) Policy" (hereinafter, the "MoCA IPR Policy").

483.     Although Dish California lacks knowledge or information sufficient to form a belief as to the truth of Entropic's admission that the Asserted Patents are standard essential patents for at least one version of the MoCA standard, if true, Entropic's claims are further barred, in whole or in part, based on its waiver of it claims.  Dish California reasonably relied on Entropic's and its predecessors-in-interest, Entropic Communications, Inc.'s and MaxLinear's, conduct in various MoCA meetings indicating that Entropic Communications, Inc. or MaxLinear would not enforce patents that cover functionality and features that it had publicly disclosed in various MoCA proposals.

484.     Dish California reasonably relied on its knowledge of Entropic Communications, Inc.'s and MaxLinear's MoCA proposals, and Entropic Communications, Inc.'s and MaxLinear's active and public endorsement of its MoCA proposals to reasonably infer that alleged rights that covered such similar technology, features, and functionality as those that were publicly disclosed in the MoCA proposals, would not be enforced against Dish California.

485.     Although Entropic Communications, Inc. publicly disclosed the features and functionality of the MoCA proposals, Entropic, Entropic Communications, Inc. and MaxLinear did not seek to enforce patents covering the same features and functionality for nearly two decades.  Consequently, Dish California is licensed and impliedly licensed to the Asserted Patents, and the allegations against Dish California are waived.

## THIRD AFFIRMATIVE OR ADDITIONAL DEFENSE

### (Equitable Estoppel)

486.     Although Dish California lacks knowledge or information sufficient to form a belief as to the truth of Entropic's admission that the Asserted Patents are standard essential patents for at least one version of the MoCA standard, if true, Entropic's claims are also barred in whole or in part by the doctrine of equitable estoppel at least because Dish California reasonably relied on Entropic or its

DISH CALIFORNIA'S ANSWER, AFFIRMATIVE AND ADDITIONAL DEFENSES, AND COUNTERCLAIMS TO COMPLAINT
Case No. 2:23-cv-1043-JWH-KES

predecessors-in-interests' conduct as a Founder, Adopter, and Supplier of MoCA technology as well as Entropic's predecessors-in-interests' participation in MoCA.

487.     As a Founder of MoCA, Entropic Communications, Inc. helped develop the MoCA specifications that required Adopters of MoCA to comply with the specification.  Entropic, Entropic Communications, Inc., and MaxLinear did not seek a license from Dish California for the use of any patents it considered essential to MoCA before filing this litigation.

488.     Dish California's affiliates participated in MoCA with the understanding the Entropic Communications, Inc. and any future affiliates including Entropic would license any of its patents related to MoCA to other parties to manufacture components implementing MoCA.

489.     Based on this conduct, it was reasonable for Dish California to believe that Entropic would not enforce the Asserted Patents against the MoCA specification that Entropic Communications, Inc. and MaxLinear helped develop and encouraged MoCA members to adopt in their roles as a Founder and member.

490.     Dish California and its customers would be materially prejudiced if Entropic were allowed to proceed with its infringement claims for the Asserted Patents.

491.     Entropic is estopped from asserting one or more of the Asserted Patents because it has failed to comply with commitments made by Entropic and/or its predecessors-in-interest, to MoCA to license one or more of the Asserted Patents under fair, reasonable, and non-discriminatory ("RAND") terms if Entropic's admission that the Asserted Patents are standard essential patents for at least one version of the MoCA standard is true.

492.     Additionally, Entropic is estopped from seeking damages in an amount that exceeds a royalty rate that is consistent with commitments to license such patents under RAND terms if Entropic's admission that the Asserted Patents are standard essential patents for at least one version of the MoCA standard is true.

493.    Entropic is estopped from seeking damages in this case exceeding the rate at which one or more of the Asserted Patents have been licensed to any other companies due to commitments made by Entropic and/or its predecessors-in-interest to MoCA to license one or more of the Asserted Patents under RAND terms during the MoCA's consideration of the MoCA specifications at issue if Entropic's admission that the Asserted Patents are standard essential patents for at least one version of the MoCA standard is true.

494.    Further, Entropic is estopped from enforcing the Asserted Patents and seeking damages in this case in light of the conduct described above including the lack of notice from Entropic and/or its predecessors-in-interest regarding any need license the Asserted Patents until the filing of the Complaint or the March, 2022 letter, Dish California's detrimental reliance on that conduct, and the damages Dish California has suffered through this litigation.

## FOURTH AFFIRMATIVE OR ADDITIONAL DEFENSE

### (Limitation on Damages Based on RAND Obligations)

495.    Although Dish California lacks knowledge or information sufficient to form a belief as to the truth of Entropic's admission that the Asserted Patents are standard essential patents for at least one version of the MoCA standard, if true, Entropic and/or its predecessors-in-interest has undertaken, in accordance with the relevant rules and intellectual property rights policies of applicable Standard Setting Organizations ("SSOs"), to grant licenses to some entities under each of the Asserted Patents on RAND terms and conditions.  Entropic has not, however, offered Dish California fair, reasonable and nondiscriminatory royalty terms and rates that are proportionate to royalty terms and rates offered to other companies.  As a beneficiary of the rules and intellectual property rights policies of the relevant SSOs (i.e., MoCA), Dish California has the right to be granted license(s) to the Asserted Patents on RAND terms and conditions if Entropic's admission that the Asserted Patents are standard essential patents for at least one version of the MoCA standard is true.  Entropic has

failed to offer such a license.  Entropic's failure to comply with its RAND obligations limits the damages, if any, available to Entropic in this action.

## FIFTH AFFIRMATIVE OR ADDITIONAL DEFENSE

### (No Entitlement to Enhanced Damages)

496.    Entropic is not entitled to enhanced damages under 35 U.S.C. § 284 or pursuant to the Court's inherent powers.

## SIXTH AFFIRMATIVE OR ADDITIONAL DEFENSE

### (No Entitlement to Attorneys' Fees)

497.    Entropic is not entitled to attorneys' fees under 35 U.S.C. § 285 or pursuant to the Court's inherent powers.

## SEVENTH AFFIRMATIVE OR ADDITIONAL DEFENSE

### (No Entitlement to a Finding of Exceptional Case)

498.    Entropic is not entitled to a finding that this case is exceptional under 35 U.S.C. § 285 or under the Court's inherent powers.

## EIGHTH AFFIRMATIVE OR ADDITIONAL DEFENSE

### (Unenforceability)

499.    One or more of the Asserted Patents are unenforceable against Dish California because of estoppel, laches, waiver, unclean hands, patent exhaustion, implied license, and/or other equitable doctrines.  Entropic and/or its predecessors-in-interest has engaged in standards-setting misconduct, including without limitation the breach of its commitments to license any essential patents on RAND terms rendering the Asserted Patents unenforceable if Entropic's admission that the Asserted Patents are standard essential patents for at least one version of the MoCA standard is true.

## NINTH AFFIRMATIVE OR ADDITIONAL DEFENSE

### (Patent Exhaustion)

500.    Entropic's claims are barred, in whole or in part, to the extent that any allegedly infringing products or components thereof are supplied, directly or

indirectly, to Dish California by any entity or entities having an express or implied license to the Asserted Patents, and/or Entropic's claims are barred, in whole or in part, under the doctrine of patent exhaustion.  In this regard, to the extent that any of Entropic's accusations of infringement are based, in whole or in part, on Entropic Communications Inc. or MaxLinear components, such claims are barred and exhausted.

### TENTH AFFIRMATIVE OR ADDITIONAL DEFENSE
### (Noninfringement of the Asserted Patents)

501.     Dish California has not infringed and does not infringe, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement) or under the doctrine of equivalents), any valid, enforceable claim of the Asserted Patents.

### ELEVENTH AFFIRMATIVE OR ADDITIONAL DEFENSE
### (Invalidity of the Asserted Patents)

502.     Each asserted claim of the Asserted Patents is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto, and/or under other judicially created bases for invalidity and ineligibility, including, but not limited to, the non-statutory doctrine of double patenting, derivation and improper inventorship.

### TWELFTH AFFIRMATIVE OR ADDITIONAL DEFENSE
### (Lack of Knowledge)

503.     To the extent that Entropic asserts that Dish California indirectly infringes, either by contributory infringement or inducement of infringement, Dish

California is not liable to Entropic for the acts alleged to have been performed before Dish California knew that its actions would cause indirect infringement.

## RESERVATION OF ALL AFFIRMATIVE AND ADDITIONAL DEFENSES

504.     Dish California hereby gives notice that it intends to rely upon any other matter constituting an avoidance or affirmative defense as set forth in Rule 8(c) of the Federal Rules of Civil Procedure, and that it reserves the right to seek leave to amend this Answer to add to, amend, withdraw, or modify these defenses as its investigation continues and as discovery may require.

## JURY DEMAND

505.     Dish California respectfully demands a trial by jury of all issues so triable in this matter.

## COUNTERCLAIMS

506.     Counterclaimant Dish Network California Service Corp. ("Defendant" or "Dish California"), through its undersigned counsel, counterclaims and alleges against Entropic and MaxLinear as follows:

## NATURE OF THE COUNTERCLAIMS

507.     Dish California brings these counterclaims in response to Entropic's conduct in connection with filing and pursuing the present action and for Entropic and/or its predecessors-in-interests' breaches of their commitments to an industry alliance known as the Multimedia over Coax Alliance (or "MoCA"), and its members.

508.     Entropic admits that the Asserted Patents are standard essential patents for at least one version of the MoCA standard.

509.     Dish California does not accept Entropic's contention that the Asserted Patents in this action are necessary to products that implement any MoCA standard. Also, to the extent Dish California products implement any part of any MoCA standard, Dish California does not concede that any implementations of those parts in its products practice the Asserted Patents.  Nonetheless, Dish California has relied upon Entropic and/or its predecessors-in-interests' membership in MoCA and, on

information and belief, Entropic and/or its predecessors-in-interests' agreement to be bound by the MoCA IPR Policy, that all patent controversies may be avoided based on the offer of patent licenses on reasonable rates and non-discriminatory terms and conditions.

510.    To the extent the Asserted Patents cover Essential Patent Claims as defined in the MoCA IPR Policy and because MaxLinear, Entropic, and/or its predecessors-in-interest promised that it would license any such patents on fair, reasonable, and non-discriminatory terms and conditions, companies that rely on those commitments are entitled to avoid becoming embroiled in patent controversies and to receive the benefit of an offer of a reasonable and non-discriminatory license.

511.    Accordingly, Dish California seeks relief arising from MaxLinear, Entropic, and/or its predecessors-in-interests' tortious conduct in filing the present action and the circumstances surrounding the filing.  In addition, Dish California seeks relief from MaxLinear, Entropic, and/or its predecessors-in-interests' violation of their obligations, pursuant to the MoCA IPR Policy, by demanding excessive and discriminatory royalties from Dish California for patents that Entropic contends are essential to the MoCA standards.

## **PARTIES**

512.    Defendant and Counterclaim-Plaintiff Dish California is a wholly owned subsidiary of DISH Network L.L.C., and is a Colorado Corporation with its principal place of business at 9601 S. Meridian Boulevard, Englewood, Colorado 80112.

513.    On information and belief, Plaintiff and Counterclaim-Defendant Entropic Communications LLC is a Delaware limited liability company with an office at 7150 Preston Road, Suite 300, Plano, Texas 75024.

514.    On information and belief, MaxLinear, Inc., a Counterclaim-Defendant, is a Delaware corporation, with a principal place of business at 5966 La Place Court Suite 100, Carlsbad, CA 92008.

515.    On information and belief, MaxLinear Communications LLC is an affiliate of MaxLinear, Inc., and is a Delaware limited liability company with a principal place of business at 5966 La Place Court Suite 100, Carlsbad, CA 92008. Collectively, MaxLinear, Inc. and MaxLinear Communications LLC are referred to as "MaxLinear."

## JURISDICTION AND VENUE

516.    Dish California's declaratory judgment counterclaims arise under Title 35 of the United States Code.  The Court has subject matter jurisdiction over them under 28 U.S.C. §§ 1331, 1338, 2201, and 2202 as they arise under an Act of Congress relating to patents, patent infringement, and the Declaratory Judgment Act.   In addition, the Court has subject matter jurisdiction under 28 U.S.C. § 1367, because the state law counterclaims form part of the same case or controversy and arise from a common nucleus of operative fact as the federal patent infringement claims being asserted against Dish California by Entropic.

517.    Entropic has consented to personal jurisdiction by commencing an action alleging patent infringement in this District, as set forth in Entropic's Complaint.

518.    This Court has general personal jurisdiction over MaxLinear because MaxLinear conducts systematic and regular business within the State of California by, *inter alia*, providing integrated circuits and software products, as well as systems-on-chip solutions used for multimarket applications.

519.    Upon information and belief, MaxLinear maintains a regular and established place of business within this district at 50 Parker, Irvine, CA 92618.

520.    Venue over Dish California's counterclaims is proper, to the extent that venue over Entropic's claims is proper, under 28 U.S.C. §§ 1391(b) and 1400(b).

## BACKGROUND

521.    The Multimedia over Coax Alliance ("MoCA") is an independent, non-profit standard-setting organization ("SSO") that produces accepted standards for in-

home networking.[2]  MoCA's founding members in 2004 included Cisco Systems, Comcast, EchoStar, Entropic Communications, Matsushita Electric (Panasonic), Motorola, Radio Shack Corporation, and Toshiba.[3]  By 2008, additional digital entertainment providers such as Cox, Verizon, AT&T, DirecTV, and Time Warner Cable joined MoCA.[4]  In addition to digital entertainment providers, silicon makers such as Broadcom Corporation (by way of its acquisition of Octalica), Conexant Systems, Inc., BroadLight, Inc., Applied Micro Circuits Corporation, and Texas

---

[2]     MoCA       Frequently       Asked       Questions       (mocalliance.org), https://mocalliance.org/about/faqs.php (last visited Sept. 21, 2023)

[3] "8 Technology Leaders Form Multimedia Over Coax Alliance to Enable Entertainment Devices to Interconnect Throughout the Home Via Coax Cabling," *MoCA,*    January    5,    2004    (archive),    *available    at* https://web.archive.org/web/20150204230050/http://www.mocalliance.org/news/pr_040105_8_tech_leaders_form_moca.htm (last visited Sept. 21, 2023)

[4]     Cox     and     Verizon     Join     Multimedia     over     Coax     Alliance, https://web.archive.org/web/20150204230053/https:/mocalliance.org/news/pr_050809_cox_and_vorizon_joins_moca.htm (last visited Sept. 21, 2023); AT&T Laboratories     [sic]     Is     Newest     Member     of     MoCA™, https://mocalliance.org/news/pr_060606_ATandT_Joins_MoCA.php (last visited Sept.     21,     2023);     DirecTV     Joins     MoCA, https://mocalliance.org/news/pr_050508_directv_joins_moca.php (last visited Sept. 21,    2023);    Time    Warner    Cable    Joins    MoCA, https://mocalliance.org/news/pr_070108_time_warner_cable_joins_moca.php    (last visited Sept. 21, 2023)

Instruments joined MoCA including as contributors.[5]  ViXS Systems Inc. joined MoCA on September 10, 2009.[6]

522.    EchoStar (an affiliate of Dish California) was a founding member of MoCA in 2004.[7] On information and belief, affiliates of Dish California were exploring multiple alternatives for home networking technologies for transmission of video including via Ethernet and wireless mediums.  On information and belief, affiliates of Dish California were also seeking to develop a standard that multiple manufacturers could implement to foster multiple sources of supply.  On information and belief, EchoStar (now DISH Technologies L.L.C., an affiliate of Dish California) participated in MoCA because of the commitment of its members, including Entropic Communications, Inc., that MoCA technology would be licensed to allow other manufacturers to use MoCA-related patents.

---

[5]    Broadcom, Conexant and BroadLight Upgrade to MoCA's New, https://www.globenewswire.com/news-release/2007/06/26/361527/7047/en/Broadcom-Conexant-and-BroadLight-Upgrade-to-MoCA-s-New-Contributor-Class.html (last visited Sept. 21, 2023); Broadcom Jump Starts MOCA Strategy | Light Reading, https://www.lightreading.com/cable-video/broadcom-jump-starts-moca-strategy/d/d-id/641350 (last visited Sept. 21, 2023); MoCA Adds Additional Silicon Vendor, https://mocalliance.org/news/pr_060214_MoCA_Adds_Silicon_Vendor.php (last visited Sept. 21, 2023); MoCA Adds Another Silicon Vendor in AMCC, https://mocalliance.org/news/pr_060829_MoCA_Adds_AMCC.php (last visited Sept. 21, 2023); MoCA™ Expands Membership to Include Texas Instruments, https://mocalliance.org/news/pr_061106_MoCA_Adds_Texas_Instruments.php (last visited Sept. 21, 2023)

[6]    ViXS Systems Joins MoCA®, https://mocalliance.org/news/prM_090910_ViXS_Systems_Joins_MoCA.php (last visited Sept. 21, 2023)

[7]    "8 Technology Leaders Form Multimedia Over Coax Alliance to Enable Entertainment Devices to Interconnect Throughout the Home Via Coax Cabling," MoCA, January 5, 2004 (archive), available at https://web.archive.org/web/20150204230050/http://www.mocalliance.org/news/pr_040105_8_tech_leaders_form_moca.htm (last visited Sept. 21, 2023)

523.     MaxLinear, Inc. joined MoCA as an associate member as of August 17, 2011.[8] MaxLinear, Inc. acquired Entropic Communications Inc. in 2015, after which MaxLinear, Inc. became a member of the MoCA Board of Directors.[9] MaxLinear, Inc. remains a member of the MoCA Board of Directors.[10] On information and belief, MaxLinear signed a membership agreement for MoCA.

524.     In general, industry standards such as those promulgated by MoCA, are beneficial because they help allow devices created by one company to communicate with devices made by another, and component manufacturers can implement standards that will operate in a variety of end-products.  Standardization, therefore, helps ensure products created by one company will interoperate with another company's products.  By as early as 2005, MoCA companies had demonstrated interoperability.[11]

525.     Industry standards, however, can harm competition and consumers when companies, such as Entropic, allege they own patents they deem essential to the standards and then demand excessive royalties for their use.  Inclusion of a patented technology in a standard can grant substantial market power to the patent owner.  Although alternative technologies may be selected while developing the standard, once a standard is adopted, those alternatives often may no longer be workable.  Companies using certain aspects of the standard—such as by incorporating MoCA compatible chips in set-top boxes—make substantial investments that are tied to using

---

[8] MaxLinear Signs Up to MoCA, https://mocalliance.org/news/prM_110817_MaxLinear_Signs_Up_to_MoCA.php (last visited Sept. 21, 2023)

[9]     MaxLinear, Inc., Joins MoCA Board of Directors, https://www.globenewswire.com/en/news-release/2015/05/13/735634/7047/en/MaxLinear-Inc-Joins-MoCA-Board-of-Directors.html (last visited Sept. 21, 2023)

[10] Board of Directors, https://mocalliance.org/about/board.php (last visited Sept. 21, 2023)

[11] MoCA Completes Plugfest For 270 Mbps Home Nets over Coax - Converge Digest, https://convergedigest.com/moca-completes-plugfest-for-270-mbps/ (last visited Sept. 21, 2023)

the standard.  The costs associated with abandoning the previously-adopted standard in favor of an alternative may be completely infeasible for technical or economic reasons unrelated to the value of the underlying patented technology.  As a result, the industry may become "locked in" to a standard.

526.     SSOs, such as MoCA, have adopted policies to address the potential harms from lock-in of a standard, including the risk that patent holders can "hold up" users of the standard by taking advantage of their dependence on the standard.  SSOs such as MoCA also adopt these policies to ensure that standard setting is pro-competitive and not open to abuse.

527.     MoCA adopted such a policy.  MoCA's Intellectual Property Rights ("IPR") Policy "applies to all Alliance Parties and their Affiliates (as defined below)[.]"[12]   The IPR defines "Alliance Party(ies)" as "a Participant or a Voting Member."  One objective of MoCA's IPR policy was to "maximize the likelihood of widespread adoption of such specifications." MoCA IPR Policy § 1.

528.     As to the rights and obligations, the MoCA IPR Policy requires each member to grant a license to "Essential Patent Claims" in Section 5.1.1: "[E]ach Alliance Party shall offer to license to the requesting Alliance Party(ies) . . . such Alliance Party's and its Affiliates' Essential Patent Claims to the extent necessary to use, make, have made, offer for sale, sell and import Fully Compliant Products in conformance with or as described in such Approved Draft Deliverable."  The MoCA IPR policy requires the license be fair, reasonable, and nondiscriminatory:  "Such licenses shall be non-exclusive, non-transferable, non-sublicensable, world wide, and on fair, reasonable and nondiscriminatory terms and conditions (collectively, 'RAND') which may include defensive suspension provisions." MoCA IPR Policy § 5.1.1.

---

[12] MoCA IPR Policy, publicly available at https://www.essentialpatentblog.com/wp-content/uploads/sites/64/2013/05/MOCA-IPR-Policy-Approved-1_24_11.pdf     (last visited Sept. 21, 2023)

529.    The MoCA IPR Policy also includes an anti-circumvention clause. Specifically, the policy states: "Each Alliance Party further represents and warrants and agrees that it has not and will not intentionally transfer or otherwise encumber its patents that reasonably may contain Essential Patent Claims for the purpose of circumventing the obligation to grant licenses contained in this IPR Policy."  MoCA IPR Policy § 4.1.2.  Should a transfer of "Essential Patent Claims" take place, the IPR Policy requires "any agreement for transferring or assigning Essential Patent Claims includes a provision that such transfer or assignment is subject to existing licenses and obligations to license imposed on the Alliance Party by this Agreement and the Alliance Bylaws."  MoCA IPR Policy § 5.1.2.

## COUNT I: DECLARATORY JUDGMENT THAT DISH CALIFORNIA IS ENTITLED TO LICENSE THE ASSERTED PATENTS FROM ENTROPIC ON RAND TERMS

530.    Counterclaim-Plaintiff Dish California incorporates and realleges the allegations set forth in Affirmative and Additional Defenses and Counterclaim Paragraphs 480-529, above, as if set forth fully herein.

531.    Subject to the terms and conditions of the MoCA IPR Policy, Entropic and/or its predecessors-in-interest, including MaxLinear, made contractual commitments and are obligated to offer to Dish California and its affiliates, licenses to its essential patents on RAND terms and conditions if Entropic's admission that the Asserted Patents are standard essential patents for at least one version of the MoCA standard is true.  The MoCA IPR Policy states, "each Alliance Party shall offer to license to the requesting Alliance Party(ies), under the terms of a separate written agreement, such Alliance Party's and its Affiliates' Essential Patent Claims to the extent necessary to use, make, have made, offer for sale, sell and import Fully Compliant Products in conformance with or as described in such Approved Draft Deliverable.   Such licenses shall be non-exclusive, non-transferable, non-sub-licensable, world wide, and on fair, reasonable[,] and nondiscriminatory terms and

conditions (collectively, 'RAND') which may include defensive suspension provisions." MoCA IPR Policy § 5.1.1.

532.     On information and belief, Entropic and MaxLinear are bound by the terms of Section 5.1.1 at least through the assignment of the Asserted Patents from Entropic Communications Inc. and MaxLinear under the MoCA IPR Policy, Section 5.1.2. Section 5.1.2 states: "[a]ny sale, assignment or other transfer by an Alliance Party or its Affiliates to an unaffiliated third party of an Essential Patent Claim shall be subject to the terms in this IPR Policy. . . . [A]ny agreement for transferring or assigning Essential Patent Claims includes a provision that such transfer or assignment is subject to existing licenses and obligations to license imposed on the Alliance Party by this Agreement and the Alliance Bylaws." MoCA IPR Policy § 5.1.2.

533.     Entropic Communications Inc. was, and MaxLinear is, an Alliance Party as that term is defined in Section 2 of the MoCA IPR Policy. MoCA IPR Policy § 2 ("'Alliance Party(ies)' means a Participant or a Voting Member."). Entropic Communications Inc. has acknowledged its obligation to comply with the RAND obligation in the MoCA IPR Policy. In its 2012 Annual Report it stated "[i]n connection with our membership in MoCA, we are required to license any of our patent claims that are essential to implement the MoCA specification to other MoCA members under reasonable and non-discriminatory terms."

534.     Entropic admits Entropic Communications Inc. is its predecessor-in-interest for the Asserted Patents. Compl. ¶ 17.

535.     Although affiliates for Dish California withdrew from MoCA, Dish California retains its benefits under the MoCA IPR Policy including the right to a RAND license under § 5.1.1 as an affiliate. Specifically, subject to certain conditions, the MoCA IPR Policy provides, a former Alliance Party shall be entitled to request or require any Alliance Party to license such Alliance Party's Essential Patent Claims under Section 5.1 (RAND Licenses)[.]" MoCA IPR Policy § 7.2. On information

and belief, the Dish California affiliate's withdrawal from MoCA was not "termination by the Alliance without cause as provided in the Bylaws," and therefore, Dish California retains the benefit of Section 7.2 of the MoCA IPR Policy.

536.    Moreover, Entropic has alleged the Asserted Patents are essential to (i.e., would necessarily be infringed by complying with) MoCA specifications. *See* Complaint at ¶¶ 93, 127, 161, 195, 229, 263, 297, 331, 365, 399, 433, 467. Entropic has also alleged Dish California's products are "MoCA-compliant" devices. *See* Complaint at ¶¶ 38-42. Consequently, Section 5.1.1 of the MoCA IPR Policy requires Entropic to offer Dish California licenses to the Asserted Patents on RAND terms and conditions if Entropic's admission that the Asserted Patents are standard essential patents for at least one version of the MoCA standard is true.

537.    Entropic has not offered Dish California a license to the Asserted Patents on RAND terms and conditions.

538.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment from this Court confirming Entropic's obligation to license the Asserted Patents on RAND terms and conditions.

## COUNT II: DECLARATORY JUDGMENT TO DETERMINE RAND TERMS FOR LICENSES TO THE ASSERTED PATENTS

539.    Counterclaim-Plaintiff Dish California incorporates and realleges the allegations set forth in Affirmative and Additional Defenses and Counterclaim Paragraphs 480-538, above, as if set forth fully herein.

540.    As set forth above, by virtue of Entropic Communications Inc. and MaxLinear's participation in MoCA, Entropic and MaxLinear are bound by contractual commitments with MoCA and its members and affiliates including Dish California.

541.    Every party using any MoCA technology is an intended beneficiary of Entropic Communications, Inc.'s, Entropic's, and MaxLinear's voluntary contractual

commitments to MoCA including the commitment to grant licenses on RAND terms to all that make, use, or sell products supporting the MoCA standards.

542.     As set for above, Entropic has chosen to engage in litigation, rather than good faith negotiation to reach agreement on RAND terms and conditions for Dish California to license the Asserted Patents if Entropic's admission that the Asserted Patents are standard essential patents for at least one version of the MoCA standard is true.

543.     Entropic has failed to provide Dish California with RAND terms and conditions for a license to the Asserted Patents.

544.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment to this Court setting RAND terms for any necessary licenses to the Asserted Patents.

**COUNT III: DECLARATORY JUDGMENT THAT THE ASSIGNMENT OF THE ASSERTED PATENTS FROM MAXLINEAR TO ENTROPIC IS VOID**

545.     Counterclaim-Plaintiff Dish California incorporates and realleges the allegations set forth in Affirmative and Additional Defenses and Counterclaim Paragraphs 480-544, above, as if set forth fully herein.

546.     As set forth above, by virtue of Entropic Communications Inc. and MaxLinear's participation in MoCA, Entropic and MaxLinear are bound by contractual commitments with MoCA and its members and affiliates including Dish California.

547.     One of those contractual commitments is that "[a]ny sale, assignment or other transfer by an Alliance Party or its Affiliates to an unaffiliated third party of an Essential Patent Claim shall be subject to the terms in this IPR Policy. . . . [A]ny agreement for transferring or assigning Essential Patent Claims includes a provision that such transfer or assignment is subject to existing licenses and obligations to

license imposed on the Alliance Party by this Agreement and the Alliance Bylaws." MoCA IPR Policy § 5.1.2.

548.    As set forth above, Entropic Communications Inc. was, and MaxLinear is, an Alliance Party who transferred the Asserted Patents to Entropic, and therefore, Entropic and MaxLinear should be bound by the MoCA IPR Policy under MoCA IPR Policy § 5.1.2.

549.    On information and belief, the assignments of the Asserted Patents from Entropic Communications Inc. directly or indirectly via MaxLinear to Entropic do not contain "a provision that such transfer or assignment is subject to existing licenses and obligations to license imposed on the Alliance Party" as the MoCA IPR Policy requires.  MoCA IPR Policy § 5.1.2.  Moreover, as set forth above, Entropic's failure to offer a license to the Asserted Patents on RAND terms and conditions to Dish California reflects Entropic's belief that it is under no obligation to do so.

550.    Every party using technology contained within the MoCA standards is an intended beneficiary of Entropic Communications, Inc.'s, Entropic's, and MaxLinear's voluntary contractual commitments to MoCA, including the commitment to grant licenses on RAND terms to all that make, use, or sell products supporting the MoCA standards as well as to include provisions binding future assignees to the same commitment.

551.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment voiding the assignment of the patents to Entropic.

## COUNT IV: BREACH OF MAXLINEAR'S AND ENTROPIC'S RAND CONTRACTUAL COMMITMENT

552.    Counterclaim-Plaintiff Dish California incorporates and realleges the allegations set forth in Affirmative and Additional Defenses and Counterclaim Paragraphs 480-551, above, as if set forth fully herein.

553.    Dish California by virtue of its affiliation with EchoStar, a founding member of MoCA in 2004, Dish California is a beneficiary of the MoCA IPR Policy.

554.    For the reasons stated above, on information and belief, Entropic and MaxLinear are bound by the MoCA IPR Policy.

555.    Under the MoCA IPR Policy, on information and belief, Entropic and MaxLinear were contractually obligated to offer Dish California such a license on RAND terms and conditions upon receipt of such a request rather than file or maintain a lawsuit if Entropic's admission that the Asserted Patents are standard essential patents for at least one version of the MoCA standard is true.

556.    Without making a RAND licensing offer to Dish California, Entropic filed this lawsuit against Dish California on February 10, 2023, alleging that Dish California infringes twelve patents that Entropic alleges are essential to at least one MoCA standard.

557.    Entropic's filing of the instant lawsuit and attempt to recoup damages under 35 U.S.C. §§ 284 and 285, without offering to license the Asserted Patents to Dish California on RAND terms and conditions, is a material breach of the MoCA IPR Policy.

558.    Due to Entropic's and MaxLinear's breach of the MoCA IPR Policy, Dish California has suffered damages in the form of costs and expenses associated with litigation and diminution of reputation in the marketplace.

559.    Dish California is entitled to recover these damages, as well as any additional relief that may be appropriate or required to address Entropic's and MaxLinear's breaches.

## COUNT V: MAXLINEAR'S AND ENTROPIC'S FRAUD AND NEGLIGENT MISREPRESENTATION

560.    Counterclaim-Plaintiff Dish California incorporates and realleges the allegations set forth in Affirmative and Additional Defenses and Counterclaim Paragraphs 480-559, above, as if set forth fully herein.

561.     On information and belief and as set forth above, Entropic Communications Inc. and MaxLinear represented to the members of MoCA and their affiliates—including Dish California—that they would license the Asserted Patents under RAND terms and conditions and ensure any future owners of the Asserted Patents would be obligated to offer licenses under RAND terms and conditions.

562.     Entropic Communications Inc.'s and MaxLinear's representations to that effect were false as shown by Entropic's failure to offer Dish California a license to the Asserted Patents under RAND terms.   On information and belief, Entropic Communications Inc. and MaxLinear knew their representations were false at the time such representations were made or such representations were made recklessly and without regard for the truth of such representations.   On information and belief, Entropic Communications Inc. and MaxLinear had no reasonable grounds for believing the representation was true when it was made.

563.     On information and belief, Entropic Communications Inc. made this representation intending Dish California to rely on the representation, and Dish California, in fact, relied on this representation as shown by its affiliation with a MoCA member and incorporation of certain MoCA technology in its products.

564.     Entropic Communications Inc.'s representation harmed Dish California at least due to the significant cost of the instant litigation which may have been avoided if Entropic offered Dish California a license to the Asserted Patents under RAND terms and conditions.

565.     On information and belief, Entropic is the successor to Entropic Communications Inc. and MaxLinear such that recognition of the fiction of separate corporate existence would foster an injustice and that Entropic may be deemed liable for the obligations of Entropic Communications Inc. and MaxLinear including the fact that at least one purpose of the assignment of the Asserted Patents was for escaping the obligations to offer a license under RAND terms.

566.     Due to Entropic's and MaxLinear's fraud and negligent misrepresentations, Dish California has suffered damages in the form of costs and expenses associated with litigation and diminution of reputation in the marketplace.

567.     Dish California is entitled to recover these damages, as well as any additional relief that may be appropriate or required to address Entropic's and MaxLinear's tortious conduct.

## COUNT VI: CIVIL CONSPIRACY BETWEEN AND AMONG MAXLINEAR AND ENTROPIC

568.     Counterclaim-Plaintiff Dish California incorporates and realleges the allegations set forth in Affirmative and Additional Defenses and Counterclaim Paragraphs 480-567, above, as if set forth fully herein.

569.     On information and belief, Dish California was harmed by a conspiracy between and among Entropic, MaxLinear, Entropic Communications Inc., Exar Corporation, Excalibur Acquisition Corporation, Excalibur Subsidiary, LLC, and any other predecessors-in-interest to the Asserted Patents (collectively, "Conspirators") for inducing breach of contract, fraud, and/or negligent misrepresentation.

570.     On information and belief, the Conspirators had actual knowledge of the planned tort of inducing breach of contract, fraud, and/or negligent misrepresentation and concurred in the tortious scheme with knowledge of its unlawful purpose.

571.     For the reasons set forth above, (a) a valid contract between the Entropic Communications Inc. and the members of MoCA and their affiliates—including Dish California—existed, (b) Entropic and the Conspirators had knowledge of this contract; (c) the Conspirators committed intentional acts designed to induce a breach or disruption of the contractual relationship by failing to offer Dish California a license to the Asserted Patents under RAND terms and conditions and failure to require assignments of the Asserted Patents to include a provision under MoCA IPR Policy § 5.1.2; (d) actual breach or disruption of the contractual relationship occurred through Entropic's failure to offer Dish California a license to the Asserted Patents

under RAND terms and conditions and failure to include a provision under MoCA IPR Policy § 5.1.2; and (e) damages to Dish California have occurred at least through the expense of fees and costs of this litigation and reputational harm.

## COUNT VII: DECLARATORY JUDGMENT THAT THE ASSERTED PATENTS ARE UNENFORCEABLE AGAINST DISH CALIFORNIA

572.     Counterclaim-Plaintiff Dish California incorporates and realleges the allegations set forth in Affirmative and Additional Defenses and Counterclaim Paragraphs 480-571, above, as if set forth fully herein.

573.     The Asserted Patents are unenforceable against Dish California because of estoppel, laches, waiver, unclean hands, patent exhaustion, implied license, and/or other equitable doctrines.  Entropic Communications, Inc., Entropic and MaxLinear engaged in standards-setting misconduct, including without limitation Entropic's breach of its commitments to license any essential patents on RAND terms rendering the Asserted Patents unenforceable if Entropic's admission that the Asserted Patents are standard essential patents for at least one version of the MoCA standard is true.

574.     As set forth above, Entropic has chosen to engage in litigation rather than good-faith negotiation to reach agreement on RAND terms and conditions for Dish California to license the Asserted Patents.

575.     Entropic has failed to provide Dish California with RAND terms and conditions for a license to the Asserted Patents.

576.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment to this Court holding the Asserted Patents are unenforceable against Dish California.

## DEMAND FOR JURY TRIAL

577.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Dish California demands a trial by jury on all issues so triable.

# **PRAYER FOR RELIEF**

WHEREFORE, Dish California prays that:

A. Entropic take nothing by way of its Complaint and the same be dismissed with prejudice;

B. All damages, costs, expenses, attorneys' fees, or other relief sought by Entropic be denied;

C. Judgment be entered that each asserted claim of Entropic's Asserted Patents is invalid and/or unenforceable;

D. Judgment be entered that each of the asserted Entropic U.S. patents declared by it to be essential to the MoCA Standards is unenforceable;

E. Judgment be entered establishing that Dish California is entitled to any necessary license to Entropic's Asserted Patents on RAND terms;

F. Judgment be entered establishing the terms of any necessary RAND license to the Entropic's Asserted Patents;

G. Judgment be entered voiding any assignment of Entropic's Asserted Patents to Entropic;

H. The Court grant injunctive relief and/or specific performance of the MoCA IPR Policy requiring that Entropic make available to Dish California a license to the Asserted Patents on RAND terms;

I. Judgment be entered that Entropic has breached its RAND contractual commitment;

J. Judgment be entered that Dish California has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid or enforceable claims of Entropic's Asserted Patents, willfully or otherwise;

K. Judgment be entered awarding Dish California damages and pre-judgment and post-judgment interest for Entropic's breaches of its RAND obligations on Entropic's Asserted Patents;

L. Judgment be entered awarding Dish California damages and pre-judgment and post-judgment interest for Entropic's breaches of its RAND obligations on Entropic's Asserted Patents;

M. Judgment be entered as the Court finds necessary to redress injury to Dish California including, but not limited to, disgorgement of ill-gotten monies from Entropic and MaxLinear's for their breaches of RAND obligations;

N. Judgment be entered for Dish California for recovery for Entropic's fraud, negligent misrepresentation, as well as any additional relief that may be appropriate or required to address Entropic's tortious conduct;

O. Judgment be entered for Dish California for recovery for MaxLinear's fraud, negligent misrepresentation, as well as any additional relief that may be appropriate or required to address MaxLinear's tortious conduct;

P. Judgment be entered holding Entropic and MaxLinear liable for the tortious conduct of Entropic Communications Inc., MaxLinear Communications LLC, MaxLinear Inc., Exar Corporation, Excalibur Acquisition Corporation, and Excalibur Subsidiary, LLC;

Q. Judgment be entered that the Asserted Patents are Unenforceable Against Dish California;

R. Judgment be entered finding that this is an exceptional case under 35 U.S.C. § 285;

S. The Court grant Dish California all reasonable attorneys' fees, experts' fees, and costs; and

T. The Court grant Dish California such further relief as the Court deems proper and just.

DISH CALIFORNIA'S ANSWER, AFFIRMATIVE AND ADDITIONAL DEFENSES, AND COUNTERCLAIMS TO COMPLAINT

1   Dated:  September 21, 2023          FISH & RICHARDSON P.C.

2

3                                        By: */s/ Christopher S. Marchese*
                                             Christopher S. Marchese (SBN 170239)
4                                            marchese@fr.com
                                             633 West Fifth Street, 26th Floor
5                                            Los Angeles, CA 90071
                                             Tel: (213) 533-4240
6

7                                            Adam R. Shartzer (*pro hac vice*)
                                             shartzer@fr.com
8                                            Ruffin B. Cordell (*pro hac vice*)
                                             cordell@fr.com
9                                            Richard A. Sterba (*pro hac vice*)
                                             sterba@fr.com
10                                           Ralph A. Phillips (*pro hac vice*)
                                             rphillips@fr.com
11                                           shartzer@fr.com
                                             Michael J. Ballanco (*pro hac vice*)
12                                           ballanco@fr.com
                                             Taylor C. Burgener (SBN 348769)
13                                           burgener@fr.com
                                             FISH & RICHARDSON P.C.
14                                           1000 Maine Ave., SW, Suite 1000
                                             Washington, DC 20024
15                                           Tel: (202) 783-5070
16

17                                           David M. Barkan (SBN 160825)
                                             barkan@fr.com
18                                           FISH & RICHARDSON P.C.
                                             500 Arguello Street, Suite 400
19                                           Redwood City, CA 94063
                                             Tel: (650) 839-5070
20

21                                           Ashley A. Bolt (*pro hac vice*)
                                             bolt@fr.com
22                                           FISH & RICHARDSON P.C.
                                             1180 Peachtree Street NE, 21st Floor
23                                           Atlanta, GA 30309
                                             Tel: (404) 892-5005
24

25                                           John-Paul Fryckman (SBN 317591)
                                             fryckman@fr.com
26                                           Fish & Richardson P.C.
                                             12860 El Camino Real, Suite 400
27

28
                                    86
            DISH CALIFORNIA'S ANSWER, AFFIRMATIVE AND ADDITIONAL
                 DEFENSES, AND COUNTERCLAIMS TO COMPLAINT
                            Case No. 2:23-cv-1043-JWH-KES

1

San Diego, CA 92130
Tel: (858) 678-5070

2

3

Attorneys for Defendant
Dish Network California Service Corp.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DISH CALIFORNIA'S ANSWER, AFFIRMATIVE AND ADDITIONAL
DEFENSES, AND COUNTERCLAIMS TO COMPLAINT
Case No. 2:23-cv-1043-JWH-KES