Christopher S. Marchese (SBN 170239)
marchese@fr.com
FISH & RICHARDSON P.C.
633 West Fifth Street, 26th Floor
Los Angeles, CA 90071
Tel: (213) 533-4240 / Fax: (858) 678-5099

Adam R. Shartzer (admitted *pro hac vice*)
shartzer@fr.com
Ruffin B. Cordell (admitted *pro hac vice*)
cordell@fr.com
Richard A. Sterba (admitted *pro hac vice*)
sterba@fr.com
Ralph A. Phillips (admitted *pro hac vice*)
rphillips@fr.com
Michael J. Ballanco (admitted *pro hac vice*)
ballanco@fr.com
Taylor C. Burgener (SBN 348769)
burgener@fr.com
FISH & RICHARDSON P.C.
1000 Maine Ave., SW, Suite 1000
Washington, DC 20024
Tel: (202) 783-5070 / Fax: (202) 783-2331

*Additional Counsel Listed on Signature Page*

Attorneys for Defendants
DISH Network Corporation, et al.

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DISH NETWORK CORPORATION; DISH NETWORK L.L.C.; DISH NETWORK SERVICE L.L.C.; AND DISH NETWORK CALIFORNIA SERVICE CORPORATION,<br><br>Defendants. | Case No. 2:23-cv-1043-JWH-KES<br><br>**REPLY IN SUPPORT OF DEFENDANTS DISH NETWORK CORPORATION, DISH NETWORK L.L.C., AND DISH NETWORK SERVICE L.L.C.'S MOTION TO DISMISS FOR IMPROPER VENUE UNDER RULE 12(b)(3)**<br><br>Hearing Date:   October 6, 2023<br>Hearing Time:   9:00 a.m.<br>Courtroom:      9D<br>Judge:          Hon. John W. Holcomb |

**REDACTED VERSION PROPOSED TO BE FILED UNDER SEAL**

# **TABLE OF CONTENTS**

**PAGE**

I. INTRODUCTION ..................................................................................... 5
II. ARGUMENT ............................................................................................ 6
   A. Entropic Mischaracterizes the Facts. ............................................. 6
   B. Entropic Misconstrues the Law .................................................... 11
      1. Entropic Fails to Distinguish Governing Cases. ................. 11
      2. Entropic Is Also Wrong About Issue Preclusion. .............. 13
   C. Entropic Has No Evidence to Support Venue for DISH Network Corp. .............................................................................................. 15
   D. Entropic's Liability Arguments Are Strawmen. ........................... 16
   E. The Court Should Dismiss Without Leave to Amend. ................. 16
III. CONCLUSION ....................................................................................... 16

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Andra v. Victoria's Secret*,
  6 F.4th 1283 (Fed. Cir. 2021) ..........................................................................5, 11, 13, 16

*In re Appeal of DISH Network California Service Corp.*
  OTA No. 20025821 (Cal. Office of Tax App., Aug. 6, 2021) .....................7, 8, 9

*C.R., Bard, Inc. v. Smiths Med. ASD, Inc.*,
  No. 212-CV-00036-RJS-DAO, 2020 WL 4050455 (D. Utah July 20, 2020) .........................................................................................................................7

*In re Cray Inc.*,
  871 F.3d 1355 (Fed. Cir. 2017) .................................................................12, 13

*Entropic Comms., LLC. v. DISH Network Corp., et al.*,
  Case. No. 2:22-cv-07775-JWH-JEM, Dkt. 217 (Apr. 17, 2023) .................13, 14

*Fresno Rock Taco, LLC v. Nat'l Sur. Corp.*,
  No. 1:11-cv-00845-SKO, 2013 WL 5276132 (E.D. Cal. Sept. 17, 2013) .........................................................................................................................15

*Holguin v. DISH Network LLC*
  229 Cal. App. 4th 1310 (2014) .........................................................................7

*Householder Grp., LLLP v. Van Mason*,
  Nos. 09-2370 & 10-0918, 2010 WL 5093117 (D. Ariz. Dec. 8, 2010) .........................................................................................................................14

*Hunter Douglas, Inc. v. Nien Made Enter. Co. Ltd.*,
  No. CV 16-01308-SJO (KX), 2016 WL 6822310 (C.D. Cal. May 23, 2016) .........................................................................................................................15

*Laltitude v. Dreambuilder*.
  No. 221-CV-09324J-WHJ-PRX, 2022 WL 2156110 (C.D. Cal. Apr. 6, 2022) .........................................................................................................5, 11, 16

*Luben Indus., Inc. v. U.S.*,
  707 F.2d 1037 (9th Cir. 1983) .......................................................................15

*O. S. C. Corp. v. Toshiba Am., Inc.*,
  491 F.2d 1064 (9th Cir. 1974) .......................................................................13

*Pepper, N.A. v. Expandi Inc.*,
   No. 15-CV-04066 NC, 2015 WL 7720922 (N.D. Cal. Nov. 30,
   2015) ................................................................................................................. 14

*Pers. Audio, LLC v. Google, Inc.*,
   280 F. Supp. 3d 922 (E.D. Tex. 2017) ............................................................... 7

*Rubio v. Monsanto Co.*,
   No. CV 15-7426-DMG (EX), 2016 WL 2653309 (C.D. Cal. Mar.
   29, 2016) ........................................................................................................... 14

*Sightline Payments, LLC v. Everi Holdings Inc.*,
   No. 6:21-cv-1015, 2022 WL 2078215 (W.D. Tex. June 1, 2022) ............... 12, 13

*Skilstaf, Inc. v. CVS Caremark Corp.*,
   669 F.3d 1005 (9th Cir. 2012) ........................................................................ 13

*St. Paul Fire & Marine Ins. Co. v. F.H.*,
   55 F.3d 1420 (9th Cir. 1995) ........................................................................... 14

**Statutes**

28 U.S.C. § 1400(b) ........................................................................................... 11, 12

## I. INTRODUCTION

Bereft of evidence conforming to Federal Circuit precedent to support its opposition, Entropic resorts to factual inaccuracies to challenge DISH Colorado's venue motion. Most egregiously, Entropic asserts "DISH California has no employees at all." Dkt. 100-1 (Opp.) at 9, *see also id.* at 20. To the contrary, uncontradicted evidence establishes Dish Network California Service Corporation ("Dish California") employs over ■ employees, including two regional managers, operation managers, field managers, inventory specialists, and an operations manager. *See* Ex. 4 (Minnick Dep. Tr.) at 84:13-17, 86:21-87:7, 197:12-198:13; *see also* Ex. 5 (Employee Spreadsheet); Ex. 6 (Interrogatory Responses) at 3, 4, 10, 11. Entropic's misstatements continue with its unsupported allegation that "DISH's national enterprise . . . shuffles numbers on spreadsheets for tax purposes and puts certain leases in its name." Opp. at 18-19. The leases themselves contradict this claim showing that Dish California is the lessee. *See e.g.*, Ex. 4 (Minnick Dep. Tr.) at 178:4-7; *see also* Dkt. 100-2 at DISH1043_00001030, DISH1043_00000982, DISH1043_00000686, DISH1043_00000939 (leases signed by Dish Network California Service Corporation). Beyond the documents, further uncontradicted testimony establishes that Dish California exists to satisfy California legal requirements. Ex. 4 (Minnick Dep. Tr.) at 205:24–206:7. It was not created to "shuffle numbers," as Entropic argues.

Aside from advancing numerous factual errors, Entropic also fails to distinguish DISH Colorado's primary cases supporting its motion. Entropic ignores this Court's decision in *Laltitude v. Dreambuilder*, and gives only passing mention to the Federal Circuit's decision in *Andra v. Victoria's Secret*. Those cases are directly applicable to the facts here. Yet, critically, Entropic never explains how the facts of this case differ from those cases finding venue improper or how its view of the law can be reconciled with that clear precedent. Like the plaintiffs in those cases, Entropic errs by treating venue as if it were a species of personal jurisdiction and highlights

facts more relevant to that jurisdictional inquiry—such as the presence of customers or employees. But patent venue instead depends on whether the defendant has a physical location in the district. Because DISH Colorado does not have such a location in this District, the Court should grant its motion to dismiss.

## II. ARGUMENT

### A. Entropic Mischaracterizes the Facts.

Entropic's opposition is filled with misstatements and half-truths. We begin with the fundamental ones discussed in the Introduction, which Entropic uses to support its thesis that "DISH California is a shell." Opp. at 2. First, Entropic says "Dish California has no employees at all." Opp. at 9. This is directly contradicted by the sworn testimony of DISH Colorado's corporate witness, Dan Minnick, as discussed above. Ex. 4 (Minnick Dep. Tr.) at 197:12-198:13; *see also id.* at 21:12-18 ▮▮▮. It is also contradicted by substantial additional evidence Entropic withholds from the Court. *E.g.*, Ex. 5 (Employee Spreadsheet) (identifying ▮▮▮). Moreover, Dish California ▮▮▮. Ex. 4 at 42:3-15 (▮▮▮); *see also id.* at 40:20-41:10 (▮▮▮); *id.* at 178:8-179:13 (▮▮▮).

Entropic is wrong that "Dish controls DISH California" and that they "hold themselves out as the same entity." Opp. at 7, 10. Rather, ▮▮▮ schedules and management are handled by Dish California, not DISH Colorado. Ex. 4 (Minnick Dep. Tr.) at 179:25-180:25. Employee review and reprimand are also left to Dish California, not DISH Colorado. *Id.* at 182:25-183:6. A Dish California employee

1  ████████████████████ (labelled "Dish Network California Service Corp.") used to
2  perform installations. *Id.* at 181:1-182:2. Moreover, a Dish California employee, not
3  any DISH Colorado entity, ████████████████████████████████████████
4  ████████. *Id.* at 182:3-184:5, 184:23-185:6, 185:10-13, 185:17-20. Equipment
5  stored at Dish California facilities is also ████████████████████████████████
6  ████████████████████████████████████████. *Id.* at 34:25-35:14. Dish
7  California also ████████████████████████ (*id.* at 184:2-5) and ████████████
8  (*id.* at 184:12-19). Entropic's opposition ignores this evidence, undoubtedly because
9  it undermines Entropic's theory of "control."

In addition, Entropic's discussion of other purported evidence is often wrong or misleading. For example, the *Holguin v. DISH Network LLC* case, cited by Entropic, does not contradict the fact that Dish California has employees. 229 Cal. App. 4th 1310 (2014). In fact, *Holguin* actually confirms "DISH has a subsidiary, DISH Network California Service Corporation (DISH California), which employs DISH's field technicians in San Diego." *Id.* at 1315. This case is also from 2014, thus not directly relevant to the timeframe for assessing venue here.[1] Similarly, *In re Appeal of DISH Network California Service Corp.* again confirms "Appellant [(Dish California)] and Dish [(DISH Network LLC)] are separate but related entities." OTA No. 20025821 (Cal. Office of Tax App., Aug. 6, 2021), at 2 n.3. The opinion also states, "Dish contracted with appellant to provide and install a satellite television system (system) at Dish's customers' locations." *Id.* at 2. And the opinion recognizes Dish California "is a construction contractor, and [its] contracts with Dish were construction contracts" — "contract[s] to erect, construct, alter, or repair any building

---

[1] District courts are split on whether the relevant time is the date suit was filed or the date the cause of action accrued, but either way 2014 is too far removed. *See C.R., Bard, Inc. v. Smiths Med. ASD, Inc.*, No. 212-CV-00036-RJS-DAO, 2020 WL 4050455, at *4 (D. Utah July 20, 2020) (collecting authority). The better view appears to be when the case was filed, based on the kind of strict statutory construction seen in *T.C. Heartland*. *See Pers. Audio, LLC v. Google, Inc.*, 280 F. Supp. 3d 922, 931 (E.D. Tex. 2017).

1  or other structure or other improvement on or to real property (realty)." *Id.* at 3-4. In
2  other words, these cases, neither of which related to venue in any way, fail to support
3  Entropic's factual assertions.
4  　　　Similarly, Entropic relies upon Dish California manager Jamie McDaniel's
5  LinkedIn profile listing that he works for "Dish Network" (Dkt. 98-18), but this does
6  not mean he works for DISH Colorado because the official name of Dish California
7  is *Dish Network* California Service Corporation.
8  　　　Entropic is equally wrong that "DISH's national enterprise . . . puts certain
9  leases in its name." Opp. at 18-19. As discussed above, the leases in this district
10 show Dish California as the lessee. Ex. 4 (Minnick Dep. Tr.) at 178:4-7; *see also*
11 Dkt. 100-2 at DISH1043_00001030, DISH1043_00000982, DISH1043_00000686,
12 DISH1043_00000939 (leases signed by Dish Network California Service
13 Corporation). In addition, uncontradicted testimony establishes ████████████
14 ████████████████████████████████████████████. Ex. 4 (Minnick Dep.
15 Tr.) at 138:19-23. Entropic relies on its Exhibit P (careers.dish.com webpage), but
16 that exhibit has nothing to do with whether DISH Colorado has a physical location in
17 the district. The only "DISH" location listed on the DISH website is the Englewood,
18 Colorado location. *See* Ex. 7 (https://www.dish.com/contact/). Similarly, the location
19 cited in Entropic Exhibit V is not a location of DISH Network L.L.C., but is a former
20 location of a third-party, independent DISH Authorized Retailer "Dish 4 You"
21 (https://www.b2byellowpages.com/company-information/86252813-dish-4-
22 you.html) (Ex. 14). The website Entropic cites is not a DISH website, but a
23 Wikipedia-style website where users can freely add or alter information. And
24 Entropic Exhibit U (a hazardous waste dumping case) was against Dish California
25 and Echosphere L.L.C. Therefore, any reference to what "DISH" owns or operates
26 refers to Dish California or Echosphere L.L.C., not DISH Colorado. Thus, Entropic
27 again fails to establish DISH Colorado owns or leases any property in the district.
28

Entropic also wrongly asserts that Dish California exists merely to "shuffle[] numbers on spreadsheets for tax purposes." Opp. at 18-19. Uncontradicted testimony establishes Dish California exists ███████████████ ████ Ex. 4 (Minnick Dep. Tr.) at 205:24–206:7. Dish California also has its own Articles of Incorporation and Bylaws. *See* Ex. 8 (Articles of Incorporation); Dkt. 100-16 (Bylaws). Moreover, Dish California ████████████—*see* Ex. 9 (Tax Document) and Ex. 10 (Tax Document)—and as discussed above California tax authorities have recognized "Appellant [(Dish California)] and Dish [(DISH Network LLC)] are separate but related entities." *In re Appeal of DISH Network Cal. Serv. Corp.*, OTA No. 20025821, at 2. There is simply no evidence that Dish California was created to "shuffle numbers," which is not surprising because it was not.

Entropic's assertion that "DISH's authorized retailers are attributable to DISH" under an agency theory, Opp. at 6, is even more of a stretch. Entropic is similarly incorrect that DISH "ratifies" the locations of retailers in this District by exercising control over those locations. *Id.* at 8, 18. The retailers are independent, with each having "███████████████████████." Ex. 4 (Minnick Dep. Tr.) at 47:7-15; *see also id.* at 95:10-11 (████████████). For example, X-Factor—an authorized retailer for DISH products—leases ███████████████. Ex. 11 (Stefani Dep. Tr.) at 76:15-25. No DISH Colorado employees ███████████████. *Id.* at 14:19-24. X-Factor also ███████████████ which are not controlled by DISH Colorado. *Id.* at 77:1-78:1. No DISH entity is ████████████. *Id.* at 77:13-15. And Entropic is incorrect (at 14) to suggest that X-Factor's facilities are merely a storage location for DISH Colorado's equipment. *Id.* at 51:5-8, 52:7-19, 73:5-10; *see also* Ex. 4 (Minnick Dep. Tr.) at 185:25-186:9. Rather, X-Factor ███████████—including equipment from other vendors. Ex. 11 (Stefani Dep. Tr.) at 32:1-

1  10, 37:19-38:18. Moreover, retailers like X-Factor ▮▮▮▮▮▮▮▮▮▮▮▮, which
2  bear the label "DISH authorized contractor" when doing DISH runs. Ex. 4 (Minnick
3  Dep. Tr.) at 186:10-13; Ex. 11 (Stefani Dep. Tr.) at 49:1-4, 49:11-17. X-Factor, as a
4  third-party installer, also can ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
5  ▮▮▮▮▮▮. Ex. 11 (Stefani Dep. Tr.) at 30:10-22.

      Entropic also leaves out the context for a third-party retailer's comment during
7  a deposition that "▮▮▮▮▮▮▮▮" As an independent third-party, the retailer was
8  merely explaining that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
9  ▮▮▮▮▮▮▮▮ *Id.* at 46:8-16. A third-party contractor's personal experience in
10  dealing with "DISH" is of no moment to a venue analysis. Indeed, such a personal
11  observation is far from proof that they are, in fact, the same, as Entropic urges.

      In addition, Entropic misconstrues the cited ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
13  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
14  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
15  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮." *Id.* at
16  17:24-18:6 (emphasis added). Moreover, X-Factor clarified that, ▮▮▮▮▮▮▮▮
17  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, a
18  retailer can offer whatever DISH packages it wants to offer ▮▮▮▮▮▮▮▮
19  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
20  ▮▮▮▮▮▮ *Id.* at 24:1-18. In fact, the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
21  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
22  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
23  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
24  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
25  ▮▮▮▮▮." Ex. 12 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮) at § 7.3.
26        In short, Entropic has failed to prove the locations of DISH retailers are
27  attributable to or ratified by DISH Colorado.

### B. Entropic Misconstrues the Law.

#### 1. Entropic Fails to Distinguish Governing Cases.

As discussed above, Entropic fails to explain how its argument is consistent with the Federal Circuit's decision in *Andra v. Victoria's Secret*, 6 F.4th 1283 (Fed. Cir. 2021). There, the court rejected "agency" and "ratification" theories similar to Entropic's and held that defendants must themselves have a physical location in the district, not just contractual relationships, for venue to be proper under the "regular and established place of business" prong of 28 U.S.C. § 1400(b). For this reason, the Federal Circuit affirmed dismissal of Victoria's Secret "Non-Store Defendants," as opposed to "Store" Defendants who had retail locations in the district. *Andra*, 6 F.4th at 1289-90. DISH Colorado's opening brief demonstrated Entropic's venue evidence is no better than what the Federal Circuit rejected in *Andra*—and Entropic offers no response. For example, the Federal Circuit held "shared use of 'Victoria's Secret' in their name does not detract from the separateness of their businesses." *Id.* Yet Entropic persists in basing its arguments on the shared "DISH" name. The Federal Circuit also held the fact "Non-Store defendants do not own or lease Stores locations" counseled against finding "ratification." *Id.* Entropic also fails to establish that DISH Colorado owns or leases any locations in this district. And the Federal Circuit held "the fact that the entities work together in some aspects . . . is insufficient to show ratification." *Id.* Entropic again fails to show that its evidence is any different.

Entropic also fails to distinguish (or even mention) this Court's decision in *Laltitude v. Dreambuilder*. No. 221-CV-09324J-WHJ-PRX, 2022 WL 2156110 (C.D. Cal. Apr. 6, 2022). There, this Court emphasized the importance of a physical location—or lack thereof—in assessing and ultimately finding improper venue. *Id.* at *2. It also rejected the kinds of business-relationship evidence that Entropic cites. *Id.* ("Laltitude argues that Dreambuilder's leased shelf spaces in Amazon's warehouses constitute a 'physical place in the district.' That argument fails."). Again, DISH Colorado cited this case in its opening brief, and Entropic has no response.

Entropic also spends most of its brief discussing the kind of evidence that might be relevant to personal jurisdiction (or even the general venue statute), but which does not establish venue in a patent case—for example, customers or employees. None of this is enough under Federal Circuit law. The test is physical location, *i.e.*, "a regular and established place of business." 28 U.S.C. § 1400(b). In addition, the patent venue statute is "a restrictive measure" and "requires more than the minimum contacts necessary for establishing personal jurisdiction or for satisfying the doing business standard of the general venue provision." *In re Cray Inc.*, 871 F.3d 1355, 1361 (Fed. Cir. 2017). More particularly, Entropic overlooks that *Cray* specifically held that *employee* presence in a district is not enough to establish venue in a patent case. *Id.* at 1365 ("For purposes of § 1400(b), it is of no moment that an employee may permanently reside at a place or intend to conduct his or her business from that place for present and future employers.").

Entropic is also wrong that venue is subject to "relaxed" scrutiny. *See* Opp. at 3. It merely cites to *Sightline Payments, LLC v. Everi Holdings Inc.*, a Western District of Texas case, while the Federal Circuit—which obviously controls—has explained Congress intended the patent venue statute to be strictly applied:

> Congress adopted the predecessor to § 1400(b) as a special venue statute in patent infringement actions to eliminate the abuses engendered by previous venue provisions allowing such suits to be brought in any district in which the defendant could be served. The legislation was intended to define the exact limits of venue in patent infringement suits. The Supreme Court therefore has explained that it was a restrictive measure, limiting a prior, broader venue. The Supreme Court has also instructed that [t]he requirement of venue is specific and unambiguous; it is not one of those vague principles which, in the interests of some overriding policy, is to be given a liberal construction.

    Courts should be mindful of this history in applying the statute and be careful not to conflate showings that may be sufficient for other purposes, *e.g.*, personal jurisdiction or the general venue statute, with the necessary showing to establish proper venue in patent cases.

*Cray*, 871 F.3d at 1361 (internal quotations and citations removed).

  Further, the case quote that Entropic relies on from *Sightline Payments* is *dicta*, as the court found that plaintiff failed to prove its alter-ego theory. *See Sightline Payments, LLC v. Everi Holdings Inc.*, No. 6:21-cv-1015, 2022 WL 2078215, at *4 (W.D. Tex. June 1, 2022).

  Entropic is also wrong that common officers between Dish California and DISH Colorado somehow establish venue. *O. S. C. Corp. v. Toshiba Am., Inc.*, 491 F.2d 1064, 1066 (9th Cir. 1974) (finding mere fact wholly-owned subsidiary had some common officers with parent was insufficient to subject parent to venue in district).

  In short, Entropic has failed to show that DISH Colorado owns or leases property in this district or that it has "ratified" the locations of others.

## 2.   Entropic Is Also Wrong About Issue Preclusion.

  DISH Colorado demonstrated in its opening brief why the Eastern District of Texas's transfer decision in a related case was procedurally and substantively defective. For example, the Texas court emphasized evidence relevant to personal jurisdiction but not patent venue (just as it did in *Cray*, which led to mandamus reversal). In addition, the Texas court did not even discuss *Andra v. Victoria's Secret*. Entropic ignores these deficiencies.

  Instead, Entropic asserts that the Texas decision governs this case because of issue preclusion. Entropic is wrong because there is no final judgment in the related case. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1021 (9th Cir. 2012). After transfer, DISH Colorado preserved its objection to venue in its amended answer because a Rule 12 motion was no longer available. *See Entropic Comms., LLC. v. DISH Network Corp., et al.*, Case. No. 2:22-cv-07775-JWH-JEM ("*DISH I*"),

1  Dkt. 217 at 16:17-17:4 (Apr. 17, 2023). Following a meet-and-confer process where
2  the *DISH I* defendants informed Entropic that they intended to amend their answer to
3  preserve an improper venue defense for appeal following final judgment, Entropic
4  filed a notice of non-opposition to Entropic's amended answer. *Id*. at Dkt. 208
5  ("Entropic does not oppose DISH's proposed amendments to its Answer based on
6  DISH's representations it will . . . not file further papers in this Court challenging
7  venue."). In other words, the venue issue is still very much alive as a non-final issue
8  that is preserved for appeal, and the transfer order is not sufficiently final for issue
9  preclusion to apply. *See Pepper, N.A. v. Expandi Inc.*, No. 15-CV-04066 NC, 2015
10 WL 7720922, at *2 (N.D. Cal. Nov. 30, 2015) ("Here, the Illinois district court found
11 that defendants were subject to jurisdiction in Illinois, but that Illinois was not the
12 proper forum under the doctrine of forum non conveniens. . . . Because defendants
13 currently argue about the appropriateness of California as a forum, the Illinois
14 decision does not preclude their arguments.").

15     The fact that DISH Colorado could not appeal the transfer decision is also
16 relevant, if not dispositive. *St. Paul Fire & Marine Ins. Co. v. F.H.*, 55 F.3d 1420,
17 1425 (9th Cir. 1995) ("We conclude that F.H. and K.W. are not collaterally estopped.
18 The partial summary judgment was not a final judgment. As a partial summary
19 judgment, it could not have been appealed by F.H. and K.W. when it was entered. It
20 was subject to reconsideration on proper motion."); *Householder Grp., LLLP v. Van
21 Mason*, Nos. 09-2370 & 10-0918, 2010 WL 5093117, at *3 (D. Ariz. Dec. 8, 2010)
22 ("The Ninth Circuit's language [in St. Paul] concerning the non-preclusive effect of a
23 partial summary judgment order is both forceful and general in nature, and strongly
24 suggests that the opportunity to appeal and the finality of an order are important, if
25 not the most important, considerations for a district court."); *see also Rubio v.
26 Monsanto Co* ., No. CV 15-7426-DMG (EX), 2016 WL 2653309, at *2 (C.D. Cal.
27 Mar. 29, 2016) ("Initially, the Court notes that its granting transfer is not a final
28 judgment for the purposes of appeal[.]" (citing *Young Props. Crop. v. United Equity*

*Corp.*, 534 F.2d 847, 852 (9th Cir. 1976) ("An order dismissing an action for improper venue or under the doctrine of forum *non conveniens* is a final order and is appealable. But an order transferring ... an action to another district . . . is an interlocutory order and is non-appealable . . . ."))).  And Entropic's reliance on *Fresno Rock Taco*, Opp. at 5:10, is unavailing.  There, the district court refused to apply estoppel and instead resolved the pending motion as untimely.  *Fresno Rock Taco, LLC v. Nat'l Sur. Corp.*, No. 1:11-cv-00845-SKO, 2013 WL 5276132, at *13 (E.D. Cal. Sept. 17, 2013) ("In sum, National's motion to dismiss is untimely under the scheduling order."). Similarly, the *Luben* decision Entropic cites, Opp. 5:12-13, does not help Entropic. There, the Ninth Circuit concluded "that the District Court did not abuse its discretion in rejecting the application of the doctrine of collateral estoppel" where, like here, there was no right to an interlocutory appeal of the prior finding.  *Luben Indus., Inc. v. U.S.*, 707 F.2d 1037, 1040 (9th Cir. 1983) ("[W]e are convinced that the Government did not have a 'full and fair opportunity to litigate' its claim because it could not appeal the interlocutory memorandum in Bristol.  Thus, we conclude that the District Court did not abuse its discretion in rejecting the application of the doctrine of collateral estoppel against the Government on the issue.").

Finally, "if a plaintiff can show new and different facts supporting jurisdiction, then the prior determination may be revisited."  *Hunter Douglas, Inc. v. Nien Made Enter. Co. Ltd.*, No. CV 16-01308-SJO (KX), 2016 WL 6822310, at *5 (C.D. Cal. May 23, 2016).  In this case, the parties have undertaken months of venue discovery that was not available to the Texas court.  This Court should make its own judgment.

### C. Entropic Has No Evidence to Support Venue for DISH Network Corp.

Entropic has failed to meet its burden of proof for all the DISH Colorado entities, but as to one it has no evidence at all.  All of Entropic's evidence relates to the activities of DISH Network L.L.C. and Dish Network Service L.L.C.  By contrast, Entropic cites no evidence specific to DISH Network Corp., which is merely a holding

company. *See* Ex. 13 (DISH Network Corp. Form 10-K) at DISH1043_00003076. At the very minimum, the Court should dismiss DISH Network Corp. *See Laltitude*, 2022 WL 2156110, at *1 (holding venue is specific to each party).

### D. Entropic's Liability Arguments Are Strawmen.

Entropic presses that DISH Colorado's venue motion is an attempt to "sidestep liability," Opp. at 1:13, and would perhaps have "far-reaching implications" on liability, *id.* at 20:22-26. These strawmen arguments find no support in the Federal Circuit's *Andra v. Victoria's Secret* venue analysis, which makes clear that the question is whether a defendant has a physical location in the relevant district. At any rate, Dish California has answered and counterclaimed and is here to stay to defend the claims against it. *See* Dkt. 111. Entropic has only itself to question for splitting proper venue across California and Colorado.

### E. The Court Should Dismiss Without Leave to Amend.

The Court should not give Entropic the opportunity to attempt curing venue by re-pleading. Despite months of discovery, Entropic apparently has nothing in the way of relevant facts to plead in support of its venue allegations through a proposed amended complaint. The lack of a proposed amended complaint, itself, is evidence of futility. The Court should grant DISH Colorado's motion to dismiss without leave to amend.

### III. CONCLUSION

Respectfully, this Court should dismiss DISH Network Corporation, DISH Network L.L.C., and Dish Network Service L.L.C. from this case for lack of proper venue.

| | | |
|---|---|---|
| 1 | Dated:  September 22, 2023 | FISH & RICHARDSON P.C. |
| 2 | | |
| 3 | | By: */s/ Christopher S. Marchese* |
| | | Christopher S. Marchese (SBN 170239) |
| 4 | | marchese@fr.com |
| 5 | | 633 West Fifth Street, 26th Floor |
| | | Los Angeles, CA 90071 |
| 6 | | Tel: (213) 533-4240 |
| 7 | | Adam R. Shartzer *(pro hac vice)* |
| 8 | | Ruffin B. Cordell *(pro hac vice)* |
| | | cordell@fr.com |
| 9 | | Richard A. Sterba *(pro hac vice)* |
| | | sterba@fr.com |
| 10 | | Ralph A. Phillips *(pro hac vice)* |
| | | rphillips@fr.com |
| 11 | | shartzer@fr.com |
| 12 | | Michael J. Ballanco *(pro hac vice)* |
| | | ballanco@fr.com |
| 13 | | Taylor C. Burgener (SBN 348769) |
| | | burgener@fr.com |
| 14 | | FISH & RICHARDSON P.C. |
| 15 | | 1000 Maine Ave., SW, Suite 1000 |
| | | Washington, DC 20024 |
| 16 | | Tel: (202) 783-5070 |
| 17 | | David M. Barkan (SBN 160825) |
| | | barkan@fr.com |
| 18 | | FISH & RICHARDSON P.C. |
| 19 | | 500 Arguello Street, Suite 400 |
| | | Redwood City, CA 94063 |
| 20 | | Tel: (650) 839-5070 |
| 21 | | Ashley A. Bolt *(pro hac vice)* |
| | | bolt@fr.com |
| 22 | | FISH & RICHARDSON P.C. |
| 23 | | 1180 Peachtree Street NE, 21st Floor |
| | | Atlanta, GA 30309 |
| 24 | | Tel: (404) 892-5005 |
| 25 | | John-Paul Fryckman (SBN 317591) |
| | | fryckman@fr.com |
| 26 | | Fish & Richardson P.C. |
| 27 | | 12860 El Camino Real, Suite 400 |
| | | San Diego, CA 92130 |
| 28 | | Tel: (858) 678-5070 |

|   |   |
|---|---|
| 1 | Attorneys for Defendants |
| 2 | DISH Network Corporation, et al. |