1   Christopher S. Marchese (SBN 170239)
    marchese@fr.com
2   FISH & RICHARDSON P.C.
    633 West Fifth Street, 26th Floor
3   Los Angeles, CA 90071
    Tel: (213) 533-4240 / Fax: (858) 678-5099
4

5   Adam R. Shartzer (admitted *pro hac vice*)
    shartzer@fr.com
6   Ruffin B. Cordell (admitted *pro hac vice*)
    cordell@fr.com
7   Richard A. Sterba (admitted *pro hac vice*)
    sterba@fr.com
8   Ralph A. Phillips (admitted *pro hac vice*)
    rphillips@fr.com
9   Michael J. Ballanco (admitted *pro hac vice*)
    ballanco@fr.com
10  Taylor C. Burgener (SBN 348769)
    burgener@fr.com
11  FISH & RICHARDSON P.C.
    1000 Maine Ave., SW, Suite 1000
12  Washington, DC 20024
    Tel: (202) 783-5070 / Fax: (202) 783-2331
13

14  *Additional Counsel Listed on Signature Page*

15  Attorneys for Defendants
    DISH Network Corporation, et al.
16

17            IN THE UNITED STATES DISTRICT COURT

18       CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

19

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, | Case No. 2:23-cv-1043-JWH-KES |
| Plaintiff, | **REPLY IN SUPPORT OF DEFENDANTS DISH NETWORK CORPORATION, DISH NETWORK L.L.C., AND DISH NETWORK SERVICE L.L.C.'S MOTION TO DISMISS FOR IMPROPER VENUE UNDER RULE 12(b)(3)** |
| v. | |
| DISH NETWORK CORPORATION; DISH NETWORK L.L.C.; DISH NETWORK SERVICE L.L.C.; AND DISH NETWORK CALIFORNIA SERVICE CORPORATION, | Hearing Date:   October 6, 2023 |
| Defendants. | Hearing Time:   9:00 a.m. |
| | Courtroom:      9D |
| | Judge:   Hon. John W. Holcomb |

**REDACTED VERSION PROPOSED TO BE FILED UNDER SEAL**

1

## TABLE OF CONTENTS

2
**PAGE**

3    I.      INTRODUCTION ........................................................................................5

4    II.     ARGUMENT.............................................................................................6

5            A.      Entropic Mischaracterizes the Facts. ......................................................6

6            B.      Entropic Misconstrues the Law..........................................................11

7                    1.      Entropic Fails to Distinguish Governing Cases.........................11

8                    2.      Entropic Is Also Wrong About Issue Preclusion.......................13

9            C.      Entropic Has No Evidence to Support Venue for DISH Network

10                   Corp. ....................................................................................................15

11           D.      Entropic's Liability Arguments Are Strawmen. ...................................16

12           E.      The Court Should Dismiss Without Leave to Amend. .........................16

13   III.    CONCLUSION .......................................................................................16

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Andra v. Victoria's Secret,*
    6 F.4th 1283 (Fed. Cir. 2021) ...........................................................5, 11, 13, 16

*In re Appeal of DISH Network California Service Corp.*
    OTA No. 20025821 (Cal. Office of Tax App., Aug. 6, 2021) .....................7, 8, 9

*C.R., Bard, Inc. v. Smiths Med. ASD, Inc.,*
    No. 212-CV-00036-RJS-DAO, 2020 WL 4050455 (D. Utah July 20,
    2020) ........................................................................................................7

*In re Cray Inc.,*
    871 F.3d 1355 (Fed. Cir. 2017) ....................................................................12, 13

*Entropic Comms., LLC. v. DISH Network Corp., et al.,*
    Case. No. 2:22-cv-07775-JWH-JEM, Dkt. 217 (Apr. 17, 2023) .................13, 14

*Fresno Rock Taco, LLC v. Nat'l Sur. Corp.,*
    No. 1:11-cv-00845-SKO, 2013 WL 5276132 (E.D. Cal. Sept. 17,
    2013) ........................................................................................................15

*Holguin v. DISH Network LLC*
    229 Cal. App. 4th 1310 (2014) .........................................................................7

*Householder Grp., LLLP v. Van Mason,*
    Nos. 09-2370 & 10-0918, 2010 WL 5093117 (D. Ariz. Dec. 8,
    2010) ........................................................................................................14

*Hunter Douglas, Inc. v. Nien Made Enter. Co. Ltd.,*
    No. CV 16-01308-SJO (KX), 2016 WL 6822310 (C.D. Cal. May
    23, 2016) ...................................................................................................15

*Laltitude v. Dreambuilder.*
    No. 221-CV-09324J-WHJ-PRX, 2022 WL 2156110 (C.D. Cal. Apr.
    6, 2022) ...........................................................................................5, 11, 16

*Luben Indus., Inc. v. U.S.,*
    707 F.2d 1037 (9th Cir. 1983) .........................................................................15

*O. S. C. Corp. v. Toshiba Am., Inc.,*
    491 F.2d 1064 (9th Cir. 1974) .........................................................................13

REPLY ISO DISH COL. MOTION TO DISMISS CASE UNDER RULE 12(b)(3)
Case No. 2:23-cv-1043-JWH-KES

*Pepper, N.A. v. Expandi Inc.*,
   No. 15-CV-04066 NC, 2015 WL 7720922 (N.D. Cal. Nov. 30,
   2015) ....................................................................................................14

*Pers. Audio, LLC v. Google, Inc.*,
   280 F. Supp. 3d 922 (E.D. Tex. 2017) ..............................................7

*Rubio v. Monsanto Co .*,
   No. CV 15-7426-DMG (EX), 2016 WL 2653309 (C.D. Cal. Mar.
   29, 2016) ..............................................................................................14

*Sightline Payments, LLC v. Everi Holdings Inc.*,
   No. 6:21-cv-1015, 2022 WL 2078215 (W.D. Tex. June 1, 2022) ..............12, 13

*Skilstaf, Inc. v. CVS Caremark Corp.*,
   669 F.3d 1005 (9th Cir. 2012) ..........................................................13

*St. Paul Fire & Marine Ins. Co. v. F.H.*,
   55 F.3d 1420 (9th Cir. 1995) ............................................................14

**Statutes**

28 U.S.C. § 1400(b) .....................................................................................11, 12

REPLY ISO DISH COL. MOTION TO DISMISS CASE UNDER RULE 12(b)(3)
Case No. 2:23-cv-1043-JWH-KES

## I. INTRODUCTION

Bereft of evidence conforming to Federal Circuit precedent to support its opposition, Entropic resorts to factual inaccuracies to challenge DISH Colorado's venue motion. Most egregiously, Entropic asserts "DISH California has no employees at all." Dkt. 100-1 (Opp.) at 9, *see also id.* at 20. To the contrary, uncontradicted evidence establishes Dish Network California Service Corporation ("Dish California") employs over ▮ employees, including two regional managers, operation managers, field managers, inventory specialists, and an operations manager. *See* Ex. 4 (Minnick Dep. Tr.) at 84:13-17, 86:21-87:7, 197:12-198:13; *see also* Ex. 5 (Employee Spreadsheet); Ex. 6 (Interrogatory Responses) at 3, 4, 10, 11. Entropic's misstatements continue with its unsupported allegation that "DISH's national enterprise . . . shuffles numbers on spreadsheets for tax purposes and puts certain leases in its name." Opp. at 18-19. The leases themselves contradict this claim showing that Dish California is the lessee. *See e.g.*, Ex. 4 (Minnick Dep. Tr.) at 178:4-7; *see also* Dkt. 100-2 at DISH1043_00001030, DISH1043_00000982, DISH1043_00000686, DISH1043_00000939 (leases signed by Dish Network California Service Corporation). Beyond the documents, further uncontradicted testimony establishes that Dish California exists to satisfy California legal requirements. Ex. 4 (Minnick Dep. Tr.) at 205:24–206:7. It was not created to "shuffle numbers," as Entropic argues.

Aside from advancing numerous factual errors, Entropic also fails to distinguish DISH Colorado's primary cases supporting its motion. Entropic ignores this Court's decision in *Laltitude v. Dreambuilder*, and gives only passing mention to the Federal Circuit's decision in *Andra v. Victoria's Secret*. Those cases are directly applicable to the facts here. Yet, critically, Entropic never explains how the facts of this case differ from those cases finding venue improper or how its view of the law can be reconciled with that clear precedent. Like the plaintiffs in those cases, Entropic errs by treating venue as if it were a species of personal jurisdiction and highlights

1  facts more relevant to that jurisdictional inquiry—such as the presence of customers

2  or employees.   But patent venue instead depends on whether the defendant has a

3  physical location in the district.   Because DISH Colorado does not have such a

4  location in this District, the Court should grant its motion to dismiss.

5  **II.      ARGUMENT**

6  **A.      Entropic Mischaracterizes the Facts.**

7  Entropic's opposition is filled with misstatements and half-truths.  We begin

8  with the fundamental ones discussed in the Introduction, which Entropic uses to

9  support its thesis that "DISH California is a shell."  Opp. at 2.  First, Entropic says

10  "Dish California has no employees at all."  Opp. at 9.  This is directly contradicted by

11  the sworn testimony of DISH Colorado's corporate witness, Dan Minnick, as

12  discussed above.  Ex. 4 (Minnick Dep. Tr.) at 197:12-198:13; *see also id.* at 21:12-18

13

14  It is also contradicted by substantial additional evidence

15  Entropic withholds from the Court.  *E.g.*, Ex. 5 (Employee Spreadsheet) (identifying

16

17  ).  Moreover, Dish California

18  . Ex.

19  4 at 42:3-15 (

20  ); *see also id.* at 40:20-41:10 (

21  ); *id.* at 178:8-179:13

22  (

23  ).

24  Entropic is wrong that "Dish controls DISH California" and that they "hold

25  themselves out as the same entity."  Opp. at 7, 10.  Rather,        schedules and

26  management are handled by Dish California, not DISH Colorado.  Ex. 4 (Minnick

27  Dep. Tr.) at 179:25-180:25.  Employee review and reprimand are also left to Dish

28  California, not DISH Colorado.  *Id.* at 182:25-183:6.  A Dish California employee

1   ████████████████ (labelled "Dish Network California Service Corp.") used to

2   perform installations. *Id.* at 181:1-182:2.  Moreover, a Dish California employee, not

3   any DISH Colorado entity, ████████████████████████

4   ████████.   *Id.* at 182:3-184:5, 184:23-185:6, 185:10-13, 185:17-20.   Equipment

5   stored at Dish California facilities is also ████████████████████

6   ██████████████████████████████.  *Id.* at 34:25-35:14.   Dish

7   California also ███████████████ (*id.* at 184:2-5) and ██████████

8   (*id.* at 184:12-19).  Entropic's opposition ignores this evidence, undoubtedly because

9   it undermines Entropic's theory of "control."

10           In addition, Entropic's discussion of other purported evidence is often wrong

11   or misleading.   For example, the *Holguin v. DISH Network LLC* case, cited by

12   Entropic, does not contradict the fact that Dish California has employees.  229 Cal.

13   App. 4th 1310 (2014).   In fact, *Holguin* actually confirms "DISH has a subsidiary,

14   DISH Network California Service Corporation (DISH California), which employs

15   DISH's field technicians in San Diego."  *Id.* at 1315.   This case is also from 2014,

16   thus not directly relevant to the timeframe for assessing venue here.[1]  Similarly, *In re*

17   *Appeal of DISH Network California Service Corp.* again confirms "Appellant [(Dish

18   California)] and Dish [(DISH Network LLC)] are separate but related entities."  OTA

19   No. 20025821 (Cal. Office of Tax App., Aug. 6, 2021), at 2 n.3.   The opinion also

20   states, "Dish contracted with appellant to provide and install a satellite television

21   system (system) at Dish's customers' locations."  *Id.* at 2.  And the opinion recognizes

22   Dish California "is a construction contractor, and [its] contracts with Dish were

23   construction contracts" — "contract[s] to erect, construct, alter, or repair any building

24

25   [1] District courts are split on whether the relevant time is the date suit was filed or the
     date the cause of action accrued, but either way 2014 is too far removed.  *See C.R.,*
26   *Bard, Inc. v. Smiths Med. ASD, Inc.*, No. 212-CV-00036-RJS-DAO, 2020 WL
     4050455, at *4 (D. Utah July 20, 2020) (collecting authority).  The better view appears
27   to be when the case was filed, based on the kind of strict statutory construction seen
     in *T.C. Heartland*.  *See Pers. Audio, LLC v. Google, Inc.*, 280 F. Supp. 3d 922, 931
28   (E.D. Tex. 2017).

7

REPLY ISO DISH COL. MOTION TO DISMISS CASE UNDER RULE 12(b)(3)
Case No. 2:23-cv-1043-JWH-KES

1    or other structure or other improvement on or to real property (realty)." *Id.* at 3-4. In

2    other words, these cases, neither of which related to venue in any way, fail to support

3    Entropic's factual assertions.

4         Similarly, Entropic relies upon Dish California manager Jamie McDaniel's

5    LinkedIn profile listing that he works for "Dish Network" (Dkt. 98-18), but this does

6    not mean he works for DISH Colorado because the official name of Dish California

7    is *Dish Network* California Service Corporation.

8         Entropic is equally wrong that "DISH's national enterprise . . . puts certain

9    leases in its name." Opp. at 18-19. As discussed above, the leases in this district

10   show Dish California as the lessee. Ex. 4 (Minnick Dep. Tr.) at 178:4-7; *see also*

11   Dkt. 100-2 at DISH1043_00001030, DISH1043_00000982, DISH1043_00000686,

12   DISH1043_00000939 (leases signed by Dish Network California Service

13   Corporation). In addition, uncontradicted testimony establishes ▓▓▓▓▓▓▓▓

14   ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Ex. 4 (Minnick Dep.

15   Tr.) at 138:19-23. Entropic relies on its Exhibit P (careers.dish.com webpage), but

16   that exhibit has nothing to do with whether DISH Colorado has a physical location in

17   the district. The only "DISH" location listed on the DISH website is the Englewood,

18   Colorado location. *See* Ex. 7 (https://www.dish.com/contact/). Similarly, the location

19   cited in Entropic Exhibit V is not a location of DISH Network L.L.C., but is a former

20   location of a third-party, independent DISH Authorized Retailer "Dish 4 You"

21   (https://www.b2byellowpages.com/company-information/86252813-dish-4-

22   you.html) (Ex. 14). The website Entropic cites is not a DISH website, but a

23   Wikipedia-style website where users can freely add or alter information. And

24   Entropic Exhibit U (a hazardous waste dumping case) was against Dish California

25   and Echosphere L.L.C. Therefore, any reference to what "DISH" owns or operates

26   refers to Dish California or Echosphere L.L.C., not DISH Colorado. Thus, Entropic

27   again fails to establish DISH Colorado owns or leases any property in the district.

28

1   Entropic also wrongly asserts that Dish California exists merely to "shuffle[]

2   numbers on spreadsheets for tax purposes." Opp. at 18-19. Uncontradicted testimony

3   establishes Dish California exists ██ ███ ██ ███ ██ ███ ███

4   ██████  Ex. 4 (Minnick Dep. Tr.) at 205:24–206:7.  Dish California also has its

5   own Articles of Incorporation and Bylaws.  *See* Ex. 8 (Articles of Incorporation);

6   Dkt. 100-16 (Bylaws). Moreover, Dish California ████████████—*see*

7   Ex. 9 (Tax Document) and Ex. 10 (Tax Document)—and as discussed above

8   California tax authorities have recognized "Appellant [(Dish California)] and Dish

9   [(DISH Network LLC)] are separate but related entities."  *In re Appeal of DISH*

10  *Network Cal. Serv. Corp.*, OTA No. 20025821, at 2.  There is simply no evidence that

11  Dish California was created to "shuffle numbers," which is not surprising because it

12  was not.

13   Entropic's assertion that "DISH's authorized retailers are attributable to DISH"

14  under an agency theory, Opp. at 6, is even more of a stretch.  Entropic is similarly

15  incorrect that DISH "ratifies" the locations of retailers in this District by exercising

16  control over those locations.  *Id.* at 8, 18.  The retailers are independent, with each

17  having "████████████████." Ex. 4 (Minnick

18  Dep. Tr.) at 47:7-15; *see also id.* at 95:10-11 (██████████████

19  ██████). For example, X-Factor—an authorized retailer for DISH products—leases

20  ██████████████. Ex. 11 (Stefani Dep. Tr.) at 76:15-

21  25.  No DISH Colorado employees ██████████████.

22  *Id.* at 14:19-24. X-Factor also ██████████████ which are

23  not controlled by DISH Colorado. *Id.* at 77:1-78:1. No DISH entity is ████

24  ██████████. *Id.* at 77:13-15.  And Entropic is incorrect (at 14) to

25  suggest that X-Factor's facilities are merely a storage location for DISH Colorado's

26  equipment. *Id.* at 51:5-8, 52:7-19, 73:5-10; *see also* Ex. 4 (Minnick Dep. Tr.) at

27  185:25-186:9.  Rather, X-Factor ██████████████

28  ██████—including equipment from other vendors. Ex. 11 (Stefani Dep. Tr.) at 32:1-

1    10, 37:19-38:18.  Moreover, retailers like X-Factor ████████████████████, which

2    bear the label "DISH authorized contractor" when doing DISH runs.  Ex. 4 (Minnick

3    Dep. Tr.) at 186:10-13; Ex. 11 (Stefani Dep. Tr.) at 49:1-4, 49:11-17.  X-Factor, as a

4    third-party installer, also can ████████████████████████████████

5    ████████.  Ex. 11 (Stefani Dep. Tr.) at 30:10-22.

6         Entropic also leaves out the context for a third-party retailer's comment during

7    a deposition that "█████████"  As an independent third-party, the retailer was

8    merely explaining that ██████████████████████████████████████

9    ████████  *Id.* at 46:8-16.  A third-party contractor's personal experience in

10   dealing with "DISH" is of no moment to a venue analysis.  Indeed, such a personal

11   observation is far from proof that they are, in fact, the same, as Entropic urges.

12        In addition, Entropic misconstrues the cited ████████████████████

13   ███████████████████████████████████████████████████████

14   ███████████████████████████████████████████████████████

15   ███████████████████████████████████████████████."  *Id.* at

16   17:24-18:6 (emphasis added).  Moreover, X-Factor clarified that, ████████████

17   ██████████████████████████████████████████████████, a

18   retailer can offer whatever DISH packages it wants to offer ████████████

19   ███████████████████████████████████████████████████████

20   ████████  *Id.* at 24:1-18.  In fact, the ████████████████████████

21   ███████████████████████████████████████████████████████

22   ███████████████████████████████████████████████████████

23   ███████████████████████████████████████████████████████

24   ███████████████████████████████████████████████████████

25   ████████."  Ex. 12 (██████████████████████) at § 7.3.

26        In short, Entropic has failed to prove the locations of DISH retailers are

27   attributable to or ratified by DISH Colorado.

28

**B.**     **Entropic Misconstrues the Law.**

**1.**     **Entropic Fails to Distinguish Governing Cases.**

As discussed above, Entropic fails to explain how its argument is consistent with the Federal Circuit's decision in *Andra v. Victoria's Secret*, 6 F.4th 1283 (Fed. Cir. 2021). There, the court rejected "agency" and "ratification" theories similar to Entropic's and held that defendants must themselves have a physical location in the district, not just contractual relationships, for venue to be proper under the "regular and established place of business" prong of 28 U.S.C. § 1400(b). For this reason, the Federal Circuit affirmed dismissal of Victoria's Secret "Non-Store Defendants," as opposed to "Store" Defendants who had retail locations in the district. *Andra*, 6 F.4th at 1289-90. DISH Colorado's opening brief demonstrated Entropic's venue evidence is no better than what the Federal Circuit rejected in *Andra*—and Entropic offers no response. For example, the Federal Circuit held "shared use of 'Victoria's Secret' in their name does not detract from the separateness of their businesses." *Id.* Yet Entropic persists in basing its arguments on the shared "DISH" name. The Federal Circuit also held the fact "Non-Store defendants do not own or lease Stores locations" counseled against finding "ratification." *Id.* Entropic also fails to establish that DISH Colorado owns or leases any locations in this district. And the Federal Circuit held "the fact that the entities work together in some aspects . . . is insufficient to show ratification." *Id.* Entropic again fails to show that its evidence is any different.

Entropic also fails to distinguish (or even mention) this Court's decision in *Laltitude v. Dreambuilder*. No. 221-CV-09324J-WHJ-PRX, 2022 WL 2156110 (C.D. Cal. Apr. 6, 2022). There, this Court emphasized the importance of a physical location—or lack thereof—in assessing and ultimately finding improper venue. *Id.* at *2. It also rejected the kinds of business-relationship evidence that Entropic cites. *Id.* ("Laltitude argues that Dreambuilder's leased shelf spaces in Amazon's warehouses constitute a 'physical place in the district.' That argument fails."). Again, DISH Colorado cited this case in its opening brief, and Entropic has no response.

1    Entropic also spends most of its brief discussing the kind of evidence that might

2    be relevant to personal jurisdiction (or even the general venue statute), but which does

3    not establish venue in a patent case—for example, customers or employees.  None of

4    this is enough under Federal Circuit law.  The test is physical location, *i.e.*, "a regular

5    and established place of business." 28 U.S.C. § 1400(b).  In addition, the patent venue

6    statute is "a restrictive measure" and "requires more than the minimum contacts

7    necessary for establishing personal jurisdiction or for satisfying the doing business

8    standard of the general venue provision." *In re Cray Inc.*, 871 F.3d 1355, 1361 (Fed.

9    Cir. 2017).  More particularly, Entropic overlooks that *Cray* specifically held that

10   *employee* presence in a district is not enough to establish venue in a patent case.  *Id.*

11   at 1365 ("For purposes of § 1400(b), it is of no moment that an employee may

12   permanently reside at a place or intend to conduct his or her business from that place

13   for present and future employers.").

14   Entropic is also wrong that venue is subject to "relaxed" scrutiny.  *See* Opp.

15   at 3.  It merely cites to *Sightline Payments, LLC v. Everi Holdings Inc.*, a Western

16   District of Texas case, while the Federal Circuit—which obviously controls—has

17   explained Congress intended the patent venue statute to be strictly applied:

18   Congress adopted the predecessor to § 1400(b) as a special venue

19   statute in patent infringement actions to eliminate the abuses engendered

20   by previous venue provisions allowing such suits to be brought in any

21   district in which the defendant could be served.  The legislation was

22   intended to define the exact limits of venue in patent infringement suits.

23   The Supreme Court therefore has explained that it was a restrictive

24   measure, limiting a prior, broader venue. The Supreme Court has also

25   instructed that [t]he requirement of venue is specific and unambiguous;

26   it is not one of those vague principles which, in the interests of some

27   overriding policy, is to be given a liberal construction.

28

1      Courts should be mindful of this history in applying the statute and

2      be careful not to conflate showings that may be sufficient for other

3      purposes, *e.g.*, personal jurisdiction or the general venue statute, with the

4      necessary showing to establish proper venue in patent cases.

5  *Cray*, 871 F.3d at 1361 (internal quotations and citations removed).

6      Further, the case quote that Entropic relies on from *Sightline Payments* is *dicta*,

7  as the court found that plaintiff failed to prove its alter-ego theory.  *See Sightline*

8  *Payments, LLC v. Everi Holdings Inc.*, No. 6:21-cv-1015, 2022 WL 2078215, at *4

9  (W.D. Tex. June 1, 2022).

10      Entropic is also wrong that common officers between Dish California and

11  DISH Colorado somehow establish venue.  *O. S. C. Corp. v. Toshiba Am., Inc.*, 491

12  F.2d 1064, 1066 (9th Cir. 1974) (finding mere fact wholly-owned subsidiary had some

13  common officers with parent was insufficient to subject parent to venue in district).

14      In short, Entropic has failed to show that DISH Colorado owns or leases

15  property in this district or that it has "ratified" the locations of others.

16          **2.      Entropic Is Also Wrong About Issue Preclusion.**

17      DISH Colorado demonstrated in its opening brief why the Eastern District of

18  Texas's transfer decision in a related case was procedurally and substantively

19  defective.  For example, the Texas court emphasized evidence relevant to personal

20  jurisdiction but not patent venue (just as it did in *Cray*, which led to mandamus

21  reversal).  In addition, the Texas court did not even discuss *Andra v. Victoria's Secret*.

22  Entropic ignores these deficiencies.

23      Instead, Entropic asserts that the Texas decision governs this case because of

24  issue preclusion.  Entropic is wrong because there is no final judgment in the related

25  case.  *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1021 (9th Cir. 2012).

26  After transfer, DISH Colorado preserved its objection to venue in its amended answer

27  because a Rule 12 motion was no longer available.  *See Entropic Comms., LLC. v.*

28  *DISH Network Corp., et al.*, Case. No. 2:22-cv-07775-JWH-JEM ("*DISH I*"),

1   Dkt. 217 at 16:17-17:4 (Apr. 17, 2023).  Following a meet-and-confer process where

2   the *DISH I* defendants informed Entropic that they intended to amend their answer to

3   preserve an improper venue defense for appeal following final judgment, Entropic

4   filed a notice of non-opposition to Entropic's amended answer.  *Id*. at Dkt. 208

5   ("Entropic does not oppose DISH's proposed amendments to its Answer based on

6   DISH's representations it will . . . not file further papers in this Court challenging

7   venue.").  In other words, the venue issue is still very much alive as a non-final issue

8   that is preserved for appeal, and the transfer order is not sufficiently final for issue

9   preclusion to apply.  *See Pepper, N.A. v. Expandi Inc.*, No. 15-CV-04066 NC, 2015

10  WL 7720922, at *2 (N.D. Cal. Nov. 30, 2015) ("Here, the Illinois district court found

11  that defendants were subject to jurisdiction in Illinois, but that Illinois was not the

12  proper forum under the doctrine of forum non conveniens. . . . Because defendants

13  currently argue about the appropriateness of California as a forum, the Illinois

14  decision does not preclude their arguments.").

15        The fact that DISH Colorado could not appeal the transfer decision is also

16  relevant, if not dispositive.  *St. Paul Fire & Marine Ins. Co. v. F.H.*, 55 F.3d 1420,

17  1425 (9th Cir. 1995) ("We conclude that F.H. and K.W. are not collaterally estopped.

18  The partial summary judgment was not a final judgment.  As a partial summary

19  judgment, it could not have been appealed by F.H. and K.W. when it was entered.  It

20  was subject to reconsideration on proper motion."); *Householder Grp., LLLP v. Van*

21  *Mason*, Nos. 09-2370 & 10-0918, 2010 WL 5093117, at *3 (D. Ariz. Dec. 8, 2010)

22  ("The Ninth Circuit's language [in St. Paul] concerning the non-preclusive effect of a

23  partial summary judgment order is both forceful and general in nature, and strongly

24  suggests that the opportunity to appeal and the finality of an order are important, if

25  not the most important, considerations for a district court."); *see also Rubio v.*

26  *Monsanto Co* ., No. CV 15-7426-DMG (EX), 2016 WL 2653309, at *2 (C.D. Cal.

27  Mar. 29, 2016) ("Initially, the Court notes that its granting transfer is not a final

28  judgment for the purposes of appeal[.]" (citing *Young Props. Crop. v. United Equity*

REPLY ISO DISH COL. MOTION TO DISMISS CASE UNDER RULE 12(b)(3)
Case No. 2:23-cv-1043-JWH-KES

1   *Corp.*, 534 F.2d 847, 852 (9th Cir. 1976) ("An order dismissing an action for improper

2   venue or under the doctrine of forum *non conveniens* is a final order and is appealable.

3   But an order transferring ... an action to another district . . . is an interlocutory order

4   and is non-appealable . . . ."))).  And Entropic's reliance on *Fresno Rock Taco*, Opp.

5   at 5:10, is unavailing.  There, the district court refused to apply estoppel and instead

6   resolved the pending motion as untimely.  *Fresno Rock Taco, LLC v. Nat'l Sur. Corp.*,

7   No. 1:11-cv-00845-SKO, 2013 WL 5276132, at *13 (E.D. Cal. Sept. 17, 2013) ("In

8   sum, National's motion to dismiss is untimely under the scheduling order.").

9   Similarly, the *Luben* decision Entropic cites, Opp. 5:12-13, does not help Entropic.

10  There, the Ninth Circuit concluded "that the District Court did not abuse its discretion

11  in rejecting the application of the doctrine of collateral estoppel" where, like here,

12  there was no right to an interlocutory appeal of the prior finding.  *Luben Indus., Inc.*

13  *v. U.S.*, 707 F.2d 1037, 1040 (9th Cir. 1983) ("[W]e are convinced that the

14  Government did not have a 'full and fair opportunity to litigate' its claim because it

15  could not appeal the interlocutory memorandum in Bristol.  Thus, we conclude that

16  the District Court did not abuse its discretion in rejecting the application of the

17  doctrine of collateral estoppel against the Government on the issue.").

18          Finally, "if a plaintiff can show new and different facts supporting jurisdiction,

19  then the prior determination may be revisited."  *Hunter Douglas, Inc. v. Nien Made*

20  *Enter. Co. Ltd.*, No. CV 16-01308-SJO (KX), 2016 WL 6822310, at *5 (C.D. Cal.

21  May 23, 2016).  In this case, the parties have undertaken months of venue discovery

22  that was not available to the Texas court.  This Court should make its own judgment.

23          **C.    Entropic Has No Evidence to Support Venue for DISH Network**

24                  **Corp.**

25          Entropic has failed to meet its burden of proof for all the DISH Colorado

26  entities, but as to one it has no evidence at all.  All of Entropic's evidence relates to

27  the activities of DISH Network L.L.C. and Dish Network Service L.L.C.  By contrast,

28  Entropic cites no evidence specific to DISH Network Corp., which is merely a holding

company.  *See* Ex. 13 (DISH Network Corp. Form 10-K) at DISH1043_00003076. At the very minimum, the Court should dismiss DISH Network Corp.  *See Laltitude*, 2022 WL 2156110, at *1 (holding venue is specific to each party).

### D.   Entropic's Liability Arguments Are Strawmen.

Entropic presses that DISH Colorado's venue motion is an attempt to "sidestep liability," Opp. at 1:13, and would perhaps have "far-reaching implications" on liability, *id.* at 20:22-26.  These strawmen arguments find no support in the Federal Circuit's *Andra v. Victoria's Secret* venue analysis, which makes clear that the question is whether a defendant has a physical location in the relevant district.  At any rate, Dish California has answered and counterclaimed and is here to stay to defend the claims against it.  *See* Dkt. 111.  Entropic has only itself to question for splitting proper venue across California and Colorado.

### E.   The Court Should Dismiss Without Leave to Amend.

The Court should not give Entropic the opportunity to attempt curing venue by re-pleading.  Despite months of discovery, Entropic apparently has nothing in the way of relevant facts to plead in support of its venue allegations through a proposed amended complaint.  The lack of a proposed amended complaint, itself, is evidence of futility.  The Court should grant DISH Colorado's motion to dismiss without leave to amend.

## III.   CONCLUSION

Respectfully, this Court should dismiss DISH Network Corporation, DISH Network L.L.C., and Dish Network Service L.L.C. from this case for lack of proper venue.

1    Dated:  September 22, 2023          FISH & RICHARDSON P.C.

2

3                                        By: */s/ Christopher S. Marchese*
                                            Christopher S. Marchese (SBN 170239)
4                                           marchese@fr.com
                                            633 West Fifth Street, 26th Floor
5                                           Los Angeles, CA 90071
                                            Tel: (213) 533-4240
6
                                            Adam R. Shartzer *(pro hac vice)*
7                                           Ruffin B. Cordell *(pro hac vice)*
                                            cordell@fr.com
8                                           Richard A. Sterba *(pro hac vice)*
                                            sterba@fr.com
9                                           Ralph A. Phillips *(pro hac vice)*
                                            rphillips@fr.com
10                                          shartzer@fr.com
                                            Michael J. Ballanco *(pro hac vice)*
11                                          ballanco@fr.com
                                            Taylor C. Burgener (SBN 348769)
12                                          burgener@fr.com
                                            FISH & RICHARDSON P.C.
13                                          1000 Maine Ave., SW, Suite 1000
                                            Washington, DC 20024
14                                          Tel: (202) 783-5070
15
16
                                            David M. Barkan (SBN 160825)
17                                          barkan@fr.com
                                            FISH & RICHARDSON P.C.
18                                          500 Arguello Street, Suite 400
                                            Redwood City, CA 94063
19                                          Tel: (650) 839-5070
20
                                            Ashley A. Bolt *(pro hac vice)*
21                                          bolt@fr.com
                                            FISH & RICHARDSON P.C.
22                                          1180 Peachtree Street NE, 21st Floor
                                            Atlanta, GA 30309
23                                          Tel: (404) 892-5005
24
                                            John-Paul Fryckman (SBN 317591)
25                                          fryckman@fr.com
                                            Fish & Richardson P.C.
26                                          12860 El Camino Real, Suite 400
                                            San Diego, CA 92130
27                                          Tel: (858) 678-5070
28

17
REPLY ISO DISH COL. MOTION TO DISMISS CASE UNDER RULE 12(b)(3)
Case No. 2:23-cv-1043-JWH-KES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Attorneys for Defendants
DISH Network Corporation, et al.