1   Christina N. Goodrich (SBN 261722)
    christina.goodrich@klgates.com
2   Connor J. Meggs (SBN 336159)
    connor.meggs@klgates.com
3   K&L GATES LLP
    10100 Santa Monica Boulevard, 8th Floor
4   Los Angeles, California  90067
    Telephone: +1 310 552 5000
5   Facsimile: +1 310 552 5001

6   *Attorneys for Plaintiff*
7   *Entropic Communications, LLC*

8

9                 **UNITED STATES DISTRICT COURT**

10               **CENTRAL DISTRICT OF CALIFORNIA**

11

12

13   ENTROPIC COMMUNICATIONS,
     LLC,
14                                          **Lead Case No**. 2:23-cv-1043-JWH-
                                            KES
15           Plaintiff,
                                            **STIPULATED PROTECTIVE**
16       v.                                 **ORDER**

17
     COX COMMUNICATIONS, INC. *et al.*,    **DISCOVERY DOCUMENT**
18
19           Defendants.

20   ENTROPIC COMMUNICATIONS,
     LLC,
21                                          Consolidated Case No. 2:23-cv-01047-
                                            JWH-KES
22           Plaintiff,

23       v.

24

25   DISH NETWORK CORPORATION., *et
     al.*,
26
27           Defendants.

28

---

1
**STIPULATED PROTECTIVE ORDER**

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>        Plaintiff,<br><br>        v.<br><br>COMCAST CORPORATION., *et al.*,<br><br>         Defendants. | Consolidated Case No. 2:23-cv-01048-JWH-KES |
| ENTROPIC COMMUNICATIONS, LLC,<br><br>        Plaintiff,<br><br>        v.<br><br>DIRECTV, LLC, *et al.*,<br><br>        Defendants. | Consolidated Case No. 2:23-cv-05253-JWH-KES |

2

**STIPULATED PROTECTIVE ORDER**

WHEREAS, Plaintiff Entropic Communications, LLC ("Plaintiff" or "Entropic") and Defendants in the above captioned consolidated cases Defendants DIRECTV, LLC and AT&T Services, Inc.[1] ("DIRECTV" or "DIRECTV Defendants") (together with Entropic, the "Parties"), may produce or seek discovery of documents, information, or other materials that may contain or relate to personal, sensitive, employment, proprietary, trade secret, and/or confidential information of another Party or third party;

The Parties hereby enter into this Stipulated Protective Order as follows:

1.   A.   PURPOSES AND LIMITATIONS

Discovery in this Action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The Parties further acknowledge, as set forth in section 14.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal.

B.   GOOD CAUSE STATEMENT

Disclosure and discovery activity in this Action are likely to involve confidential information, including, for example, employment, bank customer, proprietary trade secrets and/or other proprietary information such as customer and pricing lists and other valuable research, marketing plans and materials, strategic financial information, forecasts, and/or other development, commercial, financial, technical and/or proprietary

---

[1] A stipulation for dismissal without prejudice as to AT&T Inc. and AT&T Communications, Inc. was filed on September 7, 2023.

**STIPULATED PROTECTIVE ORDER**

information for which special protection from public disclosure and from use for any purpose other than prosecution of this Action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, contract(s), or common law.  The disclosure of such information may result in irreparable harm to the Parties or third parties by revealing confidential strategic business information to the public, including the Parties' competitors, and/or revealing private, employment, bank customer, and/or trade secret information that is protected from disclosure as a matter of law and/or by contract.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of Disclosure or Discovery Material, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.   <u>DEFINITIONS</u>

    2.1   <u>Action</u>: the following consolidated case pending in the Central District of California:

*Entropic Comm., LLC v. DirecTV, LLC, et al.,* Case No. 23-cv-05253-JWH-KES (C.D. Cal.) (the "DirecTV Consolidated Case")

2.2   <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3   <u>"CONFIDENTIAL" Information or Items</u>:  any document, information (regardless of how it is generated, stored or maintained), material, or tangible things that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Designating Party or a third party to whom the Designating Party reasonably believes it owes an obligation of confidentiality with respect to such document, information, or material or thing, or that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4   <u>Counsel</u>:  Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.5   <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.6   Designated Representatives: up to three individuals designated by each Party to the extent reasonably necessary for the litigation of this Action. Each party may designate three Designated Representative. Notwithstanding the foregoing, either party may in good faith request the other party's consent to designate one or more additional representatives;

2.7   <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8   <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who: (1) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action; (2) is not a past or current employee of a Party; (3) is not a current employee of a Party's competitor; (4) at the

5

time of retention is not anticipated to become an employee of a Party or a Party's competitor.

2.9    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: information designated as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" (regardless of how it is generated, stored or maintained) shall mean and include extremely sensitive confidential or proprietary information or trade secrets, disclosure of which to another Party or Non-Party would create a substantial risk of harm that could not be avoided by less restrictive means.  This type of information and items include, for example, trade secret information, prospective marketing plans and financial projections, or other highly sensitive information that can cause a direct damage to the Party if such information were to be disclosed.  Documents produced with the marking "RESTRICTED-ATTORNEYS' EYES ONLY will also be given this level of protection. To the extent such Protected Material includes computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the Producing Party may designate such Protected Material as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.10    In-House Counsel:  attorneys who are employees of a Party to this Action and who solely represent a Party or any of its controlled affiliates, with the exception of any pro bono clients, as well as administrative staff and paralegals of said attorneys assigned to and reasonably necessary to assist such attorneys in the litigation of this Action. In-House Counsel does not include Outside Counsel of Record, any other outside counsel.

2.11    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.12    Outside Counsel of Record:  attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, and includes support staff.

**STIPULATED PROTECTIVE ORDER**

2.13  Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained Experts, and Outside Counsel of Record (and their support staffs).

2.14  Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.15  Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16  Prosecution Activity: the preparation, prosecution, supervision in the preparation of or prosecution of any patent application pertaining to the field of multimedia over coaxial cable technology.

2.17  Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.18  Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.  SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the

7

disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

**STIPULATED PROTECTIVE ORDER**

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly

9

identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) <u>for testimony given in depositions or in other pretrial or trial proceedings</u>, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted.  When it is impractical to identify separately each portion of testimony that is entitled to protection or it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 30 days from the date the deposition transcript is received by Counsel for the Designating Party to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.  Only those portions of the testimony that are appropriately designated for protection within the 30 days from the date the deposition transcript is received by Counsel for the Designating Party shall be covered by the provisions of this Stipulated Protective Order.  Alternatively, a Designating Party may specify, at the deposition or up to 30 days from the date the deposition transcript is received by Counsel for the Designating Party if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be

10

followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s), and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate.  An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material, so long as the designation is corrected within a reasonable amount of time upon learning about the error.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

**STIPULATED PROTECTIVE ORDER**

6.3   <u>Burden of Persuasion</u>.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.   <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1   <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When this Action has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)   the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(b)   (1) Designated Representatives, and (2) In-House Counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action or who are assisting Outside Counsel of Record in the litigation of this Action, and who have been properly disclosed to the Producing Party via the

Receiving Party by serving onto the Producing Party at least ten (10) days before access to Protected Material is given to that Designated Representative or In-House Counsel[2]:

(1)  an executed copy of Exhibit A.

(c)  Experts (as defined in Section 2.8 of this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action following the Receiving Party's proper disclosure to the Producing Party by serving onto the Producing Party at least ten (10) days before access to Protected Material is to be given to the Expert the following[3]:

(1)  an executed copy of the "Acknowledgement and Agreement to be Bound (Exhibit A);

(2)  a current curriculum vitae of the Expert;

---

[2] The Producing Party may object in good faith to and notify the Receiving Party in writing that it objects in good faith to the disclosure of Protected Material to a Designated Representative. The Parties agree to promptly meet and confer and use good faith to resolve any such objection. If the Parties are unable to resolve any such objection, the objecting Party may file a motion within fifteen (15) days of the written notice, or within such other time as the Parties may agree, seeking a protective order with respect to the disclosure of Protected Material to the Designated Representative. The objecting Party shall have the burden of proving the need for a protective order. No disclosure of Protected Material shall occur until all such objections are resolved by agreement or Court order.

[3] The Producing Party may object in good faith to and notify the Receiving Party in writing that it objects in good faith to the disclosure of Protected Material to the Expert. The Parties agree to promptly meet and confer and use good faith to resolve any such objection. If the Parties are unable to resolve any such objection, the objecting Party may file a motion within fifteen (15) days of the written notice, or within such other time as the Parties may agree, seeking a protective order with respect to the disclosure of Protected Material to the Expert. The objecting Party shall have the burden of proving the need for a protective order. No disclosure of Protected Material shall occur until all such objections are resolved by agreement or Court order.

**STIPULATED PROTECTIVE ORDER**

(3)     a list of all cases in which the Expert has worked in the past four years;

(4)     a list that identifies each person or entity for which the Expert has consulted during the last four years related to cable technology and data transmission (to the extent such consulting has been publicly disclosed, and for such consulting that has not been publicly disclosed,[4] the Expert shall exercise reasonable efforts to obtain permission to disclose at least the industry segment of the consultancy); and

(5)     a list containing any pending unpublished patent applications in which the Expert is named an inventor or assignee;

(d)     the court and its personnel;

(e)     court reporters and their staff who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)     during their depositions, witnesses, and attorneys for witnesses, in this Action to whom disclosure is reasonably necessary provided:  (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed

---

[4] The Parties agree that Experts who have been disclosed in this case shall not be subject to discovery into their litigation work in another case if such Expert has not been disclosed in that litigation.

**STIPULATED PROTECTIVE ORDER**

by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

        (i)    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

    7.3    <u>Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 7.2(a), (c-i).

    7.4    <u>For Protected Material designated HIGHLY CONFIDENTIAL - SOURCE CODE, the following additional restrictions apply:</u>

        (a)    Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet).  The stand-alone computer(s) may be connected to  a device capable of temporarily storing electronic copies solely for the limited purposes permitted pursuant to paragraphs 10 (h and k) below.  Except for the limited purposes permitted pursuant to paragraphs 10 (h and k) below, use or possession of any electronic devices capable of recording information (e.g., USB memory stick, cameras or any camera-enabled device, laptop, cellular telephones, PDA, smartphones, voice recorders, etc.) is prohibited in the room containing the standalone computer.  The Producing Party may visually monitor the activities of the Receiving Party's representative(s) from outside the source code review room during any review of Source Code Material, but only to ensure that there is no unauthorized recording, copying, or transmission of the Source Code Material.  Additionally, except as provided in paragraph 7.4(k) below, for the named parties to this Litigation, the stand-alone computer(s) may only be located at the offices of the Producing Party's Outside Counsel of Record within the continental United States; the

15
**STIPULATED PROTECTIVE ORDER**

Producing Party may not monitor what code is being reviewed by the Receiving Party's representative(s) and no provision in this section gives the Producing Party the right to inspect or review any notes and/or other work product of the Receiving Party.  Nothing herein shall be construed to make such notes discoverable absent a waiver of attorney-client, work product, or other privilege.

(b)      Unless otherwise agreed, prior to the first inspection of any Source Code Material, the Receiving Party shall provide fourteen (14) days' notice of the Source Code that it wishes to inspect.  Thereafter, the Receiving Party shall provide at least seven (7) days' notice prior to any further inspection of Source Code Material.  No fewer than two (2) business days prior to inspecting Source Code Material, the Receiving Party shall identify the names of all persons who will be present on behalf of a Receiving Party at that inspection.  The Receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m. local time at Source Code computer location.  However, upon reasonable notice from the Receiving party, the Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the stand-alone computer(s) outside of normal business hours.  The Parties agree to cooperate in good faith such that maintaining the Producing Party's Source Code Material at the offices of its Outside Counsel of Record shall not unreasonably hinder the Receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action; the "stand-alone" computer(s) shall have pre-installed commercially reasonable text editing and spreadsheet programs (e.g., Microsoft Office or OpenOffice) and Adobe Acrobat.

(c)      The Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s);

(d)      The Producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above;

**STIPULATED PROTECTIVE ORDER**

(e)     Access     to     Protected     Material     designated     HIGHLY CONFIDENTIAL - SOURCE CODE shall be limited to Outside Counsel of Record and up to three (3) Experts[5] (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Material.  A Receiving Party may retype or reproduce no more than 20 consecutive lines (and 50 lines total) of Source Code Material that are necessary in a pleading, motion, expert report, discovery document, deposition transcript, or other document filed with the Court, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures, and orders.

(f)     To the extent portions of Source Code Material are quoted in a Source Code Document, either: (1) the entire Source Code Document will be stamped and treated as HIGHLY CONFIDENTIAL – SOURCE CODE; or (2) those pages containing quoted Source Code Material will be separately stamped and treated as HIGHLY CONFIDENTIAL – SOURCE CODE;

(g)     Except as set forth in paragraph 7.4(k) below, no electronic copies of Source Code Material shall be made without prior written consent of the Producing Party, except that the limited number of individual lines permitted to be included in Source Code Documents pursuant to subsection (e) above may be re-typed as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

(h)     The Receiving Party may request a paper copy of Source Code Material that is reasonably necessary for the preparation of court filings, pleadings,

---

[5] For the purposes of this paragraph, an Expert is defined to include the Expert's direct reports and other support personnel, such that the disclosure to an Expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single Expert.

**STIPULATED PROTECTIVE ORDER**

expert reports, or other papers, or for deposition or trial, but the Receiving Party shall not request paper copies for the purpose of reviewing the Source Code Material in the first instance. The Receiving Party may request no more than 25 consecutive pages or an aggregate total of more than 300 pages, of such printouts during the duration of the case without prior written approval by the Producing Party. Should a Receiving Party request printouts in excess of the totals above, the parties agree to meet and confer in good faith regarding the request. The Producing Party shall not act unreasonably with respect to agreeing for the larger block. When a request for printouts is made, the Producing Party shall have five business (5) days to review any such request and provide in writing any objections to the request. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed request. The objecting Party shall have the burden of proving the need for a protective order. To the extent the Receiving Party obtains any paper copy of Source Code Material, such paper copies shall be designated and clearly labeled "HIGHLY CONFIDENTIAL – SOURCE CODE," and the receiving Party shall maintain a log of all such files that are printed or photocopied; the Receiving Party's Outside Counsel of Record and/or Experts shall be entitled to take notes relating to the Source Code Material during review, but may not copy substantial portions of the Source Code into the notes, provided that such notes are marked "HIGHLY CONFIDENTIAL - SOURCE CODE" and are treated as Source Code Material. For purposes of this provision, "substantial" shall mean five or more consecutive lines of code OR more than ten lines from every twenty-five lines of code. A Producing Party is not permitted to inspect the notes of a Receiving Party's Outside Counsel of Record and/or Experts to determine compliance with this provision. No other written or electronic record of the Source Code Material is permitted, except as otherwise provided herein. With respect to notes taken during a review, no notes may

18

be taken on the stand-alone computer containing Source Code Material.  If requested in advance by the Receiving Party, the Producing Party will provide a second stand-alone computer without Source Code Material on which the Receiving Party's Outside Counsel of Record and/or <u>Experts</u> shall be entitled to take notes.  Such notes may be printed at the conclusion of the review session.

(i)     Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "HIGHLY CONFIDENTIAL – SOURCE CODE" and shall continue to be treated as such;

(j)     The Receiving Party, at its own expense, may request that the Producing Party install licensed software on the Source Code Computers to assist with review of the Producing Party's Source Code.  Such request shall be subject to the approval of the Producing Party, which shall not be unreasonably withheld.  To allow the Producing Party reasonable time to prepare the Source Code Computers, the Receiving Party must provide the Producing Party the computer medium (CD, DVD or website) containing the requested software tools at least seven (7) days in advance of the inspection.  Such timely requests for the installation of such software will not be unreasonably denied so long as the requested software is compatible with the operating system and other software necessary to make the Source Code available for inspection, installed on the Source Code Computers, and does not side-step any of the security features enabled on the Source Code Computers (e.g., enable connection and use of USB thumb drives).  The Producing Party will install and confirm installation of said software on the Source Code Computers prior to the date the Receiving Party seeks access.

(k)     If the Receiving Party's Outside Counsel of Record or <u>Experts</u> obtain printouts or photocopies of Source Code Material, the Receiving Party shall ensure that such Outside Counsel of Record, or Experts keep the printouts or photocopies in a secured locked area in the offices of such Outside Counsel of Record, or Expert.  The Receiving Party may also temporarily keep the printouts or photocopies

19

at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (e.g., a hotel prior to a Court proceeding or deposition); and

(l)   A Producing Party's Source Code Material may only be transported by the Receiving Party at the direction of a person authorized under paragraph 7.4(e) above to another person authorized under paragraph 7.4(e) above, on paper or removable electronic media (e.g., a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express or other similarly reliable courier. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet.  Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in paragraph 7.4(j) above and is at all times subject to the transport restrictions set forth herein.  But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer. Counsel, whether In-House Counsel or Outside Counsel of Record, and any person associated with a Receiving Party and permitted to receive any Producing Party's Protected Material that is designated HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY and/or HIGHLY CONFIDENTIAL — SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the contents of any Producing Party's HIGHLY SENSITIVE MATERIAL under this Order shall not engage in any Prosecution Activity on behalf of any Party during the pendency of this Action and for one year after its conclusion, including any appeals.  For the avoidance of doubt, the provisions above shall not be deemed to preclude persons who have received Producing Party's HIGHLY SENSITIVE MATERIAL from participating directly or indirectly in post grant proceedings relating to the patents-in-suit, or of any patent that claims priority, in whole or part, to the patent-in-suit, so long as such persons are not involved

20

**STIPULATED PROTECTIVE ORDER**

in the amendment of claims or drafting of new claims.  To ensure compliance with the purpose of this provision, Receiving Party and any attorney representing it shall create an "Ethical Wall" between those persons with access to any Producing Party's technical HIGHLY SENSITIVE MATERIAL and any individuals of the Receiving Party and individuals who, on behalf of the Receiving Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to multimedia over coaxial cable technology.

8.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED TO BE PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a)   promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)   promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)   cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential

21

**STIPULATED PROTECTIVE ORDER**

material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.      RESTRICTION ON CROSS-USE OF PROTECTED MATERIAL

        To the extent that one Consolidated Defendant provides Protected Material under the terms of this Order to the Plaintiff, the Plaintiff shall not share that material with any other Consolidated Defendant absent express written permission from the producing Defendant.  This Order does not confer any right to any one Consolidated Defendant to access the Protected Material of the other Consolidated Defendant. For the avoidance of doubt, in no case shall any information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and/or "HIGHLY CONFIDENTIAL – SOURCE CODE" by one Consolidated Defendant be provided to the other Consolidated Defendant by any Party or Counsel absent explicit agreement from the Party designating the information.  Without the express prior written consent of the Consolidated Defendant that produced the Protected Material, no Expert retained by a Consolidated Defendant in this matter shall have access to Protected Material produced by another Consolidated Defendant in this matter.  Notwithstanding the foregoing, nothing shall prevent Plaintiff from filing materials with the Court and serving materials so filed on Counsel for the parties in this case.

10.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

        (a)      The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

**STIPULATED PROTECTIVE ORDER**

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Non-Party, if requested.

(c)     If the Non-Party fails to seek a protective order from this court within 28 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

11.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request

**STIPULATED PROTECTIVE ORDER**

such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12.   <u>NO WAIVER OF PRIVILEGE</u>

Nothing in this Protective Order shall require the production of information that a Party contends is protected from disclosure by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other privilege, doctrine, right or immunity.  Producing Parties shall have the right to review documents or tangible things, as such terms are used in Fed. R. Civ. P. 34(a), for relevance, responsiveness, and/or segregation of privileged and/or protected information prior to production.  Pursuant to Federal Rule of Evidence 502(d), the production of privileged or work-product-protected Disclosure or Discovery Material is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding.  A Producing Party may assert privilege or protection over Disclosure or Discovery Material at any time by notifying the Receiving Party in writing of the assertion of privilege or protection.  In addition, Disclosure or Discovery Material that contains privileged information or attorney-work-product shall be immediately returned if such information appears on its face to have been inadvertently produced of it requested. Nothing in this Order shall prevent the Receiving Party from challenging the propriety of a Producing Party's claim of attorney-client privilege or work-product protection or any other applicable privilege or immunity.

13.   <u>ENSURING THE SECURITY OF PROTECTED MATERIAL</u>

The Parties shall maintain the Protected Material safely and securely and shall exercise reasonable care in ensuring the security and confidentiality of the Protected Material by storing the Protected Material in a secure place, such as a locked office or otherwise secure facility where visitors are not left unescorted.  This duty to secure extends to the Party's Professional Vendors and data hosting services.

To the extent that Protected Material, or any copies or reproductions thereof, are stored electronically, the Protected Material will be stored on a password-protected computer or database, or device.

If a Party makes or causes to be made any further copies of any of the Protected Material, Counsel will ensure that the following notation is written, stamped, or inscribed on whatever folder, container, or media contains the copies: "PROTECTED MATERIALS-SUBJECT TO PROTECTIVE ORDER." For example, if Counsel makes a copy of a disc or physical file containing Protected Material, the duplicate disc or file must be encrypted and marked with the above notation. Counsel shall actively track and log access to Protected Material produced in discovery.

14.   <u>MISCELLANEOUS</u>

14.1   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

14.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3   <u>Filing Protected Material</u>.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

15.   <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in section 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this

25

subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in section 4 (DURATION).

16.   <u>VIOLATIONS</u>

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I, Christina N. Goodrich, attest that the other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: October 24, 2023

Respectfully Submitted,

By: */s/ Christina N. Goodrich*
Christina N. Goodrich (SBN 261722)
Connor J. Meggs (SBN 336159)
**K&L GATES LLP**

10100 Santa Monica Blvd., 8th Fl. Los Angeles, CA 90067 Tel.: (310) 552-5547 Fax: (310) 552-5001
christina.goodrich@klgates.com
connor.meggs@klgates.com

Peter Soskin (SBN 280347)
**K&L GATES LLP**
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111
Tel.: (415) 882-8200
Fax: (415) 882-8220
peter.soskin@klgates.com

James Shimota (admitted *pro hac vice*)
George Summerfield (admitted *pro hac vice*)
**K&L GATES LLP**
70 W. Madison Street, Suite 3300
Chicago, IL 60602
Tel.: (312) 372-1121
Fax: (312) 827-8000
jim.shimota@klgates.com

Darlene F. Ghavimi (admitted *pro hac vice*)
**K&L GATES LLP**
2801 Via Fortuna, Suite #650
Austin, TX 78746
Tel.: (512) 482-6919
Fax: (512) 482-6859
darlene.ghavimi@klgates.com

Kenneth Bridges
**Bridges IP Consulting**
2113 19th Avenue S
Nashville, TN 37212
Tel: (615) 973-9478
bridgesip@icloud.com

**ATTORNEYS FOR PLAINTIFF ENTROPIC COMMUNICATIONS, LLC**

27

**STIPULATED PROTECTIVE ORDER**

Dated: October 24, 2023

By: */s/ David Frist*

Yuri Mikulka (SBN 185926)
Rachel E. K. Lowe (SBN 246361)
**ALSTON & BIRD LLP**
333 S. Hope Street, 16th Floor
Los Angeles, California 90071
Telephone: (213) 576-1000/
Facsimile: (213) 576-1100
yuri.mikulka@alston.com
rachel.lowe@alston.com

Natalie Clayton (admitted *pro hac vice*)
**ALSTON & BIRD LLP**
90 Park Ave., 15th Floor
New York, NY 10016
Telephone: (212) 210-9400
Facsimile: (212) 210-9444
natalie.clayton@alston.com


David S. Frist (admitted *pro hac vice*)
Emily C. Welch (admitted *pro hac vice*)
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
david.frist@alston.com
emily.welch@alston.com

*Attorneys for Defendants DIRECTV, LCC, AT&T, INC., AT&T SERVICES, INC., and AT&T COMMUNICATIONS, LLC*

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.


Dated:_____                    _____
                                     Hon. John W. Holcomb
                                     United States District Judge

**STIPULATED PROTECTIVE ORDER**

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [___] in the case of *Entropic Comm., LLC v. DirecTV, LLC, et al.,* Case No. 23-cv-05253-JWH-KES (C.D. Cal.) (the "DirecTV Consolidated Case").  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action.  I hereby appoint _____[print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this Action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature: _____

1
**EXHIBIT A**