# Exhibit 6

Christina N. Goodrich (SBN 261722)
christina.goodrich@klgates.com
Cassidy T. Young (SBN 342891)
cassidy.young@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, CA 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

*Attorneys for Plaintiff
Entropic Communications, LLC*

**[Additional attorneys listed on signature page]**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DIRECTV, LLC, *et al.*,<br><br>Defendants. | Case No.: 2:23-cv-05253-JWH-KES<br><br>**PLAINTIFF'S DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS** |

1

**PLAINTIFF'S DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS**

Plaintiff Entropic Communications, LLC ("Plaintiff" or "Entropic") hereby submits its Disclosure of Asserted Claims and Infringement Contentions against Defendants DirecTV, LLC and AT&T Services, Inc. (collectively, "DirecTV" or "Defendants").

Plaintiff presents these Infringement Contentions based on Plaintiff's analysis of the facts currently known and based on Plaintiff's review of certain publicly available information. Plaintiff reserves the right to amend or further supplement these disclosures—including to supplement its infringement contentions—with additional information learned in the course of discovery or further investigation concerning DirecTV's products, services, and/or source code sufficient to show the operation of DirecTV's products and/or services.

Subject to ongoing discovery and investigation, and based on present information and belief, Plaintiff contends that each element of each infringed claim is found within each Accused Instrumentality as shown in the preliminary infringement charts attached hereto as Exhibits A–L and incorporated herein in its entirety. Plaintiff's identification in the claim charts is exemplary and based upon public information currently available to Plaintiff.

Plaintiff hereby contends that each element of each asserted claim is literally present in each of the Accused Instrumentalities as specifically shown in Exhibits A–L unless otherwise stated in those exhibits. As indicated above, discovery is necessary to further develop Plaintiff's infringement positions—either literal or under the doctrine of equivalents—and the Court has yet to issue a claim construction order. Plaintiff expressly reserves the right to amend and supplement its position on whether there is infringement under the doctrine of equivalents of any element of any asserted claim after further discovery from DirecTV (and/or third parties) and/or pending this Court's claim construction order.

**PLAINTIFF'S DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS**

316679186.1

## I. **INFRINGED CLAIMS**

Subject to ongoing discovery and investigation, Entropic asserts that DirecTV infringes literally and/or under the doctrine of equivalents on:

1. Claim 1 of U.S. Patent No. 7,295,518 (the "'518 Patent") (collectively, "Asserted Claim of the '518 Patent") directly under 35 U.S.C. § 271(a) by making, using, offering to sell and/or selling the Accused Instrumentalities set forth in Part II below. Additionally, DirecTV indirectly infringes under 35 U.S.C. § 271(b) and (c) by inducing and/or contributing to the infringement of its customers, wherein the underlying infringement is the use of the Accused Instrumentalities which infringe the Asserted Claim of the '518 Patent.

2. Claims 10, 13, and 17 of U.S. Patent No. 7,594,249 (the "'249 Patent") (collectively, "Asserted Claims of the '249 Patent") directly under 35 U.S.C. § 271(a) by making, using, offering to sell and/or selling the Accused Instrumentalities set forth in Part II below. Additionally, DirecTV indirectly infringes under 35 U.S.C. § 271(b) and (c) by inducing and/or contributing to the infringement of its customers, wherein the underlying infringement is the use of the Accused Instrumentalities which infringe the Asserted Claims of the '249 Patent.

3. Claims 1–3 of U.S. Patent No. 7,594,759 (the "'759 Patent") (collectively, "Asserted Claims of the '759 Patent") directly under 35 U.S.C. § 271(a) by making, using, offering to sell and/or selling the Accused Instrumentalities set forth in Part II below. Additionally, DirecTV indirectly infringes under 35 U.S.C. § 271(b) and (c) by inducing and/or contributing to the infringement of its customers, wherein the underlying infringement is the use of the Accused Instrumentalities which infringe the Asserted Claims of the '759 Patent.

4. Claim 3 of U.S. Patent No. 8,085,802 (the "'802 Patent") (collectively, "Asserted Claim of the '802 Patent") directly under 35 U.S.C. § 271(a) by making, using, offering to sell and/or selling the Accused Instrumentalities set forth in Part II

below. Additionally, DirecTV indirectly infringes under 35 U.S.C. § 271(b) and (c) by inducing and/or contributing to the infringement of its customers, wherein the underlying infringement is the use of the Accused Instrumentalities which infringe the Asserted Claim of the '802 Patent.

5. Claims 1–7 and 10–12 of U.S. Patent No. 9,838,213 (the "'213 Patent"), (collectively, "Asserted Claims of the '213 Patent") directly under 35 U.S.C. § 271(a) by making, using, offering to sell and/or selling the Accused Instrumentalities set forth in Part II below. Additionally, DirecTV indirectly infringes under 35 U.S.C. § 271(b) and (c) by inducing and/or contributing to the infringement of its customers, wherein the underlying infringement is the use of the Accused Instrumentalities which infringe the Asserted Claims of the '213 Patent.

6. Claims 1–11 of U.S. Patent No. 10,432,422 (the "'422 Patent") (collectively, "Asserted Claims of the '422 Patent") directly under 35 U.S.C. § 271(a) by making, using, offering to sell and/or selling the Accused Instrumentalities set forth in Part II below. Additionally, DirecTV indirectly infringes under 35 U.S.C. § 271(b) and (c) by inducing and/or contributing to the infringement of its customers, wherein the underlying infringement is the use of the Accused Instrumentalities which infringe the Asserted Claims of the '422 Patent.

7. Claims 29–33 of U.S. Patent No. 8,631,450 (the "'450 Patent") (collectively, "Asserted Claims of the '450 Patent") directly under 35 U.S.C. § 271(a) by making, using, offering to sell and/or selling the Accused Instrumentalities set forth in Part II below. Additionally, DirecTV indirectly infringes under 35 U.S.C. § 271(b) and (c) by inducing and/or contributing to the infringement of its customers, wherein the underlying infringement is the use of the Accused Instrumentalities which infringe the Asserted Claims of the '450 Patent.

8. Claims 1–7 of U.S. Patent No. 8,621,539 (the "'539 Patent") (collectively, "Asserted Claims of the '539 Patent") directly under 35 U.S.C. § 271(a)

by making, using, offering to sell and/or selling the Accused Instrumentalities set forth in Part II below. Additionally, DirecTV indirectly infringes under 35 U.S.C. § 271(b) and (c) by inducing and/or contributing to the infringement of its customers, wherein the underlying infringement is the use of the Accused Instrumentalities which infringe the Asserted Claims of the '539 Patent.

9. Claims 1–6 and 12 of U.S. Patent No. 8,320,566 (the "'0,566 Patent") (collectively, "Asserted Claims of the '0,566 Patent") directly under 35 U.S.C. § 271(a) by making, using, offering to sell and/or selling the Accused Instrumentalities set forth in Part II below. Additionally, DirecTV indirectly infringes under 35 U.S.C. § 271(b) and (c) by inducing and/or contributing to the infringement of its customers, wherein the underlying infringement is the use of the Accused Instrumentalities which infringe the Asserted Claims of the '0,566 Patent.

10. Claims 11–15, 17, and 18 of U.S. Patent No. 10,257,566 (the "'7,566 Patent") (collectively, "Asserted Claims of the '7,566 Patent") directly under 35 U.S.C. § 271(a) by making, using, offering to sell and/or selling the Accused Instrumentalities set forth in Part II below.[1] Additionally, DirecTV indirectly infringes under 35 U.S.C. § 271(b) and (c) by inducing and/or contributing to the infringement of its customers, wherein the underlying infringement is the use of the Accused Instrumentalities which infringe the Asserted Claims of the '7,566 Patent.

11. Claim 3 of U.S. Patent No. 8,228,910 (the "'910 Patent") (collectively, "Asserted Claim of the '910 Patent") directly under 35 U.S.C. § 271(a) by making, using, offering to sell and/or selling the Accused Instrumentalities set forth in Part II

---

[1] Entropic provides contentions regarding the infringement of the '7,566 Patent in order to comply with the Court's Scheduling Order and to preserve its rights. Entropic intends to meet and confer with DirecTV regarding the Court's Order relating to the '7,566 Patent, including but not limited to any appeal thereof, to preserve the resources of the parties and the Court.

below.[2] Additionally, DirecTV indirectly infringes under 35 U.S.C. § 271(b) and (c) by inducing and/or contributing to the infringement of its customers, wherein the underlying infringement is the use of the Accused Instrumentalities which infringe the Asserted Claim of the '910 Patent.

12. Claims 1–3 and 6-10 of U.S. Patent No. 8,363,681 (the "'681 Patent") (collectively, "Asserted Claims of the '681 Patent") directly under 35 U.S.C. § 271(a) by making, using, offering to sell and/or selling the Accused Instrumentalities set forth in Part II below. Additionally, DirecTV indirectly infringes under 35 U.S.C. § 271(b) and (c) by inducing and/or contributing to the infringement of its customers, wherein the underlying infringement is the use of the Accused Instrumentalities which infringe the Asserted Claims of the '681 Patent.

Entropic reserves the right to supplement its position as to infringement following further discovery and/or claim construction.

## II. ACCUSED INSTRUMENTALITIES

Subject to ongoing discovery and investigation, and based on present information and belief, Plaintiff contends that the Asserted Claim of the '518 Patent, the Asserted Claims of the '249 Patent, the Asserted Claims of the '759 Patent, the Asserted Claim of the '802 Patent, the Asserted Claims of the '213 Patent, the Asserted Claims of the '422 Patent, the Asserted Claims of the '450 Patent, the Asserted Claims of the '539 Patent, the Asserted Claims of the '0,566 Patent, the Asserted Claims of the '7,566 Patent, the Asserted Claim of the '910 Patent, and the Asserted Claims of the '681 Patent are infringed by DirecTV's products and services

---

[2] Entropic provides contentions regarding the infringement of the '910 Patent in order to comply with the Court's Scheduling Order and to preserve its rights. Entropic intends to meet and confer with DirecTV regarding the Court's Order relating to the '910 Patent, including but not limited to any appeal thereof, to preserve the resources of the parties and the Court.

identified in the charts attached hereto as Exhibits A–L, respectively, ("Accused Instrumentalities"):

1. **The '518 Patent**: The following Accused Instrumentalities infringe the Asserted Claim of the '518 Patent: Instrumentalities with DirecTV "Genie" and "Genie Mini" nodes operating with data connections compliant with MoCA 1.0, 1.1, and/or 2.0, including the DirecTV HR24, DirecTV HR34, DirecTV HR44, DirecTV HR54, DirecTV HS17, DirecTV C31, DirecTV C41, DirecTV C51, DirecTV C61, DirecTV C61K, and substantially similar instrumentalities.

2. **The '249 Patent**: The following Accused Instrumentalities infringe the Asserted Claims of the '249 Patent: Instrumentalities with DirecTV "Genie" and "Genie Mini" nodes operating with data connections compliant with MoCA 1.0, 1.1, and/or 2.0, including the DirecTV HR24, DirecTV HR34, DirecTV HR44, DirecTV HR54, DirecTV HS17, DirecTV C31, DirecTV C41, DirecTV C51, DirecTV C61, DirecTV C61K, and substantially similar instrumentalities.

3. **The '759 Patent**: The following Accused Instrumentalities infringe the Asserted Claims of the '759 Patent: Instrumentalities with DirecTV "Genie" and "Genie Mini" nodes operating with data connections compliant with MoCA 1.0, 1.1, and/or 2.0, including the DirecTV HR24, DirecTV HR34, DirecTV HR44, DirecTV HR54, DirecTV HS17, DirecTV C31, DirecTV C41, DirecTV C51, DirecTV C61, DirecTV C61K, and substantially similar instrumentalities.

4. **The '802 Patent**: The following Accused Instrumentalities infringe the Asserted Claim of the '802 Patent: Instrumentalities with DirecTV "Genie" and "Genie Mini" nodes operating with data connections compliant with MoCA 1.0, 1.1, and/or 2.0, including the DirecTV HR24, DirecTV HR34, DirecTV HR44, DirecTV HR54, DirecTV HS17, DirecTV C31, DirecTV C41, DirecTV C51, DirecTV C61, DirecTV C61K, and substantially similar instrumentalities.

5. **The '213 Patent**: The following Accused Instrumentalities infringe the Asserted Claims of the '213 Patent: Instrumentalities with DirecTV "Genie" and "Genie Mini" nodes operating with data connections compliant with MoCA 1.1 and/or 2.0, including the DirecTV HR24, DirecTV HR34, DirecTV HR44, DirecTV HR54, DirecTV HS17, DirecTV C31, DirecTV C41, DirecTV C51, DirecTV C61, DirecTV C61K, and substantially similar instrumentalities.

6. **The '422 Patent**: The following Accused Instrumentalities infringe the Asserted Claims of the '422 Patent: Instrumentalities with DirecTV "Genie" and "Genie Mini" nodes operating with data connections compliant with MoCA 1.1 and/or 2.0, including the DirecTV HR24, DirecTV HR34, DirecTV HR44, DirecTV HR54, DirecTV HS17, DirecTV C31, DirecTV C41, DirecTV C51, DirecTV C61, DirecTV C61K, and substantially similar instrumentalities.

7. **The '450 Patent**: The following Accused Instrumentalities infringe the Asserted Claims of the '450 Patent: Instrumentalities with DirecTV "Genie" and "Genie Mini" nodes operating with data connections compliant with MoCA 1.0, 1.1, and/or 2.0, including the DirecTV HR24, DirecTV HR34, DirecTV HR44, DirecTV HR54, DirecTV HS17, DirecTV C31, DirecTV C41, DirecTV C51, DirecTV C61, DirecTV C61K, and substantially similar instrumentalities.

8. **The '539 Patent**: The following Accused Instrumentalities infringe the Asserted Claims of the '539 Patent: Instrumentalities with DirecTV "Genie" and "Genie Mini" nodes operating with data connections compliant with MoCA 1.0, 1.1, and/or 2.0, including the DirecTV HR24, DirecTV HR34, DirecTV HR44, DirecTV HR54, DirecTV HS17, DirecTV C31, DirecTV C41, DirecTV C51, DirecTV C61, DirecTV C61K, and substantially similar instrumentalities.

9. **The '0,566 Patent**: The following Accused Instrumentalities infringe the Asserted Claims of the '0,566 Patent: Instrumentalities with DirecTV "Genie" and "Genie Mini" nodes operating with data connections compliant with MoCA 2.0,

including the DirecTV HR24, DirecTV HR34, DirecTV HR44, DirecTV HR54, DirecTV HS17, DirecTV C31, DirecTV C41, DirecTV C51, DirecTV C61, DirecTV C61K, and substantially similar instrumentalities.

10. **The '7,566 Patent**: The following Accused Instrumentalities infringe the Asserted Claims of the '7,566 Patent: Instrumentalities with DirecTV "Genie" and "Genie Mini" nodes operating with data connections compliant with MoCA 1.0, 1.1, and/or 2.0, including the DirecTV HR24, DirecTV HR34, DirecTV HR44, DirecTV HR54, DirecTV HS17, DirecTV C31, DirecTV C41, DirecTV C51, DirecTV C61, DirecTV C61K, and substantially similar instrumentalities.

11. **The '910 Patent**: The following Accused Instrumentalities infringe the Asserted Claim of the '910 Patent: Instrumentalities with DirecTV "Genie" and "Genie Mini" nodes operating with data connections compliant with MoCA 1.1 and/or 2.0, including the DirecTV HR24, DirecTV HR34, DirecTV HR44, DirecTV HR54, DirecTV HS17, DirecTV C31, DirecTV C41, DirecTV C51, DirecTV C61, DirecTV C61K, and substantially similar instrumentalities.

12. **The '681 Patent**: The following Accused Instrumentalities infringe the Asserted Claims of the '681 Patent: Instrumentalities with DirecTV "Genie" and "Genie Mini" nodes operating with data connections compliant with MoCA 2.0, including the DirecTV HR24, DirecTV HR34, DirecTV HR44, DirecTV HR54, DirecTV HS17, DirecTV C31, DirecTV C41, DirecTV C51, DirecTV C61, DirecTV C61K, and substantially similar instrumentalities.

## III.   **PRIORITY DATES**

1. The '518 Patent was filed on December 18, 2002 as U.S. Patent Application Serial No. 10/322,834. The '518 Patent is entitled to a priority date of at least August 30, 2001.

2. The '249 Patent was filed on July 21, 2001 as U.S. Patent Application Serial No. 09/910,412. The '249 Patent is entitled to a priority date of at least May 4, 2001.

3. The '759 Patent was filed on July 12, 2004 as U.S. Patent Application Serial No. 10/889,975. The '759 Patent is entitled to a priority date of at least May 4, 2001.

4. The '802 Patent was filed on December 2, 2005 as U.S. Patent Application Serial No. 11/292,939. The '802 Patent is entitled to a priority date of at least December 2, 2004.

5. The '213 Patent was filed on February 6, 2008 as U.S. Patent Application Serial No. 12/027,202. The '213 Patent is entitled to a priority date of at least February 6, 2007.

6. The '422 Patent was filed on December 15, 2017 as U.S. Patent Application Serial No. 15/832,390. The '422 Patent is entitled to a priority date of at least February 6, 2007.

7. The '450 Patent was filed on September 19, 2005 as U.S. Patent Application Serial No. 11/231,349. The '450 Patent is entitled to a priority date of at least December 2, 2004.

8. The '539 Patent was filed on September 29, 2005 as U.S. Patent Application Serial No. 11/241,748. The '539 Patent is entitled to a priority date of at least December 2, 2004.

9. The '0,566 Patent was filed on October 15, 2009 as U.S. Patent Application Serial No. 12/580,227. The '0,566 Patent is entitled to a priority date of at least October 16, 2008.

10. The '7,566 Patent was filed on February 7, 2017 as U.S. Patent Application Serial No. 15/426,253. The '7,566 Patent is entitled to a priority date of at least December 2, 2004.

11. The '910 Patent was filed on May 9, 2008 as U.S. Patent Application Serial No. 12/117,890. The '910 Patent is entitled to a priority date of at least May 9, 2007.

12. The '681 Patent was filed on October 15, 2009 as U.S. Patent Application Serial No. 12/580,127. The '681 Patent is entitled to a priority date of at least October 16, 2008.

## IV. DATES OF INFRINGEMENT

Entropic is not aware of the date of DirecTV's first infringement. Entropic expects to learn the dates DirecTV first infringed each of the Asserted Patents in discovery. The parties are still negotiating a protective order in this case, and as a result, Entropic has not had the opportunity to review documents that would enable it to know when DirecTV first infringed each of the Asserted Patents. Entropic therefore reserves the right to supplement these contentions to identify the date DirecTV first infringed each of the asserted patents.

## V. WILLFUL INFRINGEMENT

Subject to ongoing discovery and investigation, Entropic's extensive contentions regarding willfulness are contained in its Complaint, which are incorporated herein by reference due to the volume of that information. As set forth therein, DirecTV has been engaging in willful infringement since well before this action was filed, including but not limited to through conduct constituting willful blindness. DirecTV's willful infringement is based on the conduct alleged in the documents described above. Moreover, DirecTV has been on notice of Entropic's allegations of infringement since no later than the date this action was filed and served by virtue of the allegations in the Complaint and in the exhibits attached thereto, which include claim charts. DirecTV has continued to willfully infringe since that time, up through the present. Discovery is ongoing and the parties have

yet to enter into a protective order. Entropic expressly reserves the right to amend and supplement its position on willfulness.

## VI. DOCTRINE OF EQUIVALENTS

Subject to ongoing discovery and investigation, and based on available information obtained to date, Entropic hereby contends that each element of each asserted claim is literally present in each of the Accused Instrumentalities as specifically shown in Exhibits A–L unless otherwise stated in those exhibits. As indicated above, discovery is necessary to further develop Entropic's infringement positions under the doctrine of equivalents and the Court has yet to issue a claim construction order. Entropic expressly reserves the right to amend and supplement its position on whether there is infringement under the doctrine of equivalents of any element of any asserted claim after further discovery from DirecTV (and/or third parties) and/or pending this Court's claim construction order.

## VII. DOCUMENT PRODUCTION

Entropic will produce non-privileged documents within its possession, custody, and control that are relevant to these infringement contentions following the entry of a protective order. The parties are still in the process of negotiating a protective order.

## VIII. CONCLUSION

The information contained in these disclosures is based on Plaintiff's analysis of the facts currently known to it based on Plaintiff's review of information available to it. Additional pertinent information about Defendants' Accused Instrumentalities is not available without engaging in further discovery. Thus, Plaintiff reserves the right to supplement, modify, and/or amend these disclosures as new information becomes available, and discovery progresses. Plaintiff anticipates that additional facts and relevant documents will be uncovered that will warrant supplementing and/or amending these disclosures.

Dated: September 29, 2023

Respectfully Submitted,

By: */s/ Christina N. Goodrich*
Christina N. Goodrich (SBN 261722)
Cassidy T. Young (SBN 342891)
Connor Meggs (SBN 336159)
Kelsi Robinson (SBN 347066)
**K&L GATES LLP**
10100 Santa Monica Blvd., 8th Fl.
Los Angeles, CA 90067
Tel.: (310) 552-5547
Fax: (310) 552-5001
christina.goodrich@klgates.com
cassidy.young@klgates.com
connor.meggs@klgates.com
kelsi.robinson@klgates.com

Peter Soskin (SBN 280347)
**K&L GATES LLP**
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111
Tel.: (415) 882-8200
Fax: (415) 882-8220
peter.soskin@klgates.com

James Shimota (admitted *pro hac vice*)
George Summerfield (admitted *pro hac vice*)
**K&L GATES LLP**
70 W. Madison Street, Suite 3300
Chicago, IL 60602
Tel.: (312) 372-1121
Fax: (312) 827-8000
jim.shimota@klgates.com
george.summerfield@klgates.com

Nicholas Lenning (admitted *pro hac vice*)
**K&L GATES LLP**
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
Tel.: (206) 370-6685

Fax: (206) 623-7022
nicholas.lenning@klgates.com

**ATTORNEYS FOR PLAINTIFF ENTROPIC COMMUNICATIONS, LLC**

**PLAINTIFF'S DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS**

316679186.1

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on September 29, 2023 to counsel of record for Defendants via email.

*/s/ Christina N. Goodrich*
Christina N. Goodrich