Christina N. Goodrich (SBN 261722)
christina.goodrich@klgates.com
Cassidy T. Young (SBN 342891)
cassidy.young@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, CA 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

*Attorneys for Plaintiff
Entropic Communications, LLC*

[Additional attorneys listed on signature page]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DISH NETWORK CORPORATION, *et al.*,<br><br>Defendants. | **Lead Case No.: 2:23-cv-01043-JWH-KES**<br><br>Case No.: 2:23-cv-01047-JWH-KES<br>Case No.: 2:23-cv-01048-JWH-KES<br>Case No.: 2:23-cv-05253-JWH-KES<br><br>**JOINT RULE 26(f) SCHEDULING CONFERENCE REPORT IN 2:23-CV-05253-JWH-KES**<br><br>Scheduling Conf.: Nov. 17, 2023<br>Time: 9:00 AM<br>Crtrm: 9D (Santa Ana) |
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>COX COMMUNICATIONS, INC., *et al.*,<br><br>Defendants. | |
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>COMCAST CORPORATION, *et al.*, | |

|                                          |
| ---------------------------------------- |
| Defendants.                              |
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DIRECTV, LLC, *et al.*,<br><br>Defendants. |
2

JOINT RULE 26(f) REPORT

The parties, Plaintiff Entropic Communications, LLC ("Entropic") and Defendants DIRECTV, LLC and AT&T Services, Inc.[1] ("Defendants" or "DIRECTV") (together with Entropic, the "Parties") provide this Joint Rule 26(f) Report in accordance with the Court's Order of September 28, 2023 (ECF No. 48), Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 26-1, and the Orders of this Court in advance of the scheduling conference. The Parties are concurrently submitting a stipulation requesting that the scheduling conference be continued from November 17, 2023 to December 15, 2023.

**(1)** **Statement of the Case:**

    **A.** *Entropic's Statement*

This case arises from Defendants' infringement of Entropic patents for various network communications technology. Entropic filed a Complaint on July 1, 2023 (and a First Amended Complaint on October 18, 2023), asserting that Defendants infringe U.S. Patent Nos. 7,295,518 (the "'518 Patent"); 7,594,249 (the "'249 Patent"); 7,889,759 (the "'759 Patent"); 8,085,802 (the "'802 Patent"); 9,838,213 (the "'213 Patent"); 10,432,422 (the "'422 Patent"); 8,631,450 (the "'450 Patent"); 8,621,539 (the "'539 Patent"); 8,320,566 (the "'0,566 Patent"); 10,257,566 (the "'7,566 Patent"); 8,228,910 (the "'910 Patent"); 8,363,681 (the "'681 Patent") (collectively, the "Patents-in-Suit").[2] These patents incorporate various elements of technology set forth in the Multimedia over Coax Alliance standards (the "MoCA" standards).

Entropic asserts that Defendants directly infringe the Patents-in-Suit through its provision of a whole-premises DVR network over an on-premises coaxial cable network with components including gateway devices and client devices, and

---

[1] A stipulation for dismissal without prejudice as to AT&T Inc. and AT&T Communications, Inc. was filed on September 7, 2023.

[2] The parties are discussing addressing the Order on DISH's 101 Motion and Cox's pending 101 Motion as it relates to the assertion of those patents in this action.

provision of MoCA-compliant services to the whole-premises DVR network. Entropic asserts that Defendants' infringement has been willful, and that Defendants actively induce and contribute to their customers' direct infringement of the Patents-in-Suit.

Entropic Communications, Inc., the predecessor in interest to Entropic as to the Patents-in-Suit, pioneered the development of MoCA, an innovative networking technology consisting of a high-speed point-to-point digital communication network using existing coax installations. Entropic Inc. later founded an organization to standardize the networking architecture and promote its use. This became known as the Multimedia over Coax Alliance, or "MoCA." That acronym has also come into common usage as the name given to the networking architecture itself—now embodied in the MoCA standards. The technology defined in the MoCA standards enables the point-to-point high-quality network so badly needed by cable and satellite providers. Crucially it also provides the operators the ability to deploy their services without the enormously costly effort of installing Ethernet or similar cabling to carry the data.

Today, MoCA is the backbone of data and entertainment services for tens of millions of customers. MoCA is widely used by every major provider in the industry, saving them billions of dollars in costs and avoiding the hassle of re-wiring for providers and customers alike.

Defendants' accused products are MoCA compliant, and as such, infringe the Patents-In-Suit to provide enhanced and expanded services to customers, which in turn has increased revenues for Defendants while at the same time reducing costs. Entropic reserves the right to amend this section in response to Defendants' statements.

Entropic denies Defendants' arguments and assertions set forth below.

### B. *Defendants' Statement*

Plaintiff alleges that DIRECTV, LLC and AT&T Services, Inc. (collectively "DIRECTV") infringe 12 patents that Entropic contends are essential to the Multimedia over Coax Alliance ("MoCA") standard. Contrary to Plaintiff's story of innovation, the MoCA standard simply applies well-known network communication principles to communication over coaxial cables. Entropic's claims are invalid and/or patent ineligible, and not enforceable. DIRECTV also does not infringe and has not ever infringed, directly or indirectly, any valid and enforceable claim of the Patents-in-Suit.

A prior owner of the Patents-in-Suit (Entropic Communications, Inc.) was involved in MoCA standardization and made promises to license its patents on reasonable and non-discriminatory (RAND) terms. DIRECTV obtained such a license from Entropic Communications Inc. and thus has a license to the Patents-In-Suit. Plaintiff has ignored that license and is now using this lawsuit to seek astronomically high royalties from DIRECTV for its MoCA products. Entropic, however, is bound by the commitments made by the prior owners of the Patents-In-Suit, and, to the extent DIRECTV is not already licensed, Entropic is bound to license the Patents-In-Suit on RAND terms. Entropic (and the prior owners) failure to do so violates and/or breaches the governing terms of the MoCA IPR policy agreement and the prior agreements with DIRECTV.

Finally, Entropic's requested relief is improper and should be denied. Given the prior activities of its predecessors, Entropic's claims for damages are limited or barred by waiver, estoppel, failure to mark, and its RAND commitments.

**(2)** **<u>Subject Matter Jurisdiction:</u>**

<u>Entropic's Position</u>: This is a civil action alleging patent infringement under the Patent Act, 35 U.S.C. § 101 *et seq*. This Court has exclusive subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 and 1338.

<u>Defendants' Position</u>: Entropic has not shown that it has standing to sue under the Asserted Patents.

**(3)** **Consolidation:**

The following cases were consolidated for pretrial purposes on October 13, 2023:

- *Entropic Communications, LLC v. Cox Communications, Inc., et al.* Case No. 2:23-cv-01047, filed February 10, 2023 (C.D. Cal.) ("Cox Action"); and

- *Entropic Communications, LLC v. Comcast Corporation, et al.* Case No. 2:23-cv-01048, filed February 10, 2023 (C.D. Cal.) ("Comcast Action"); and

- *Entropic Communications, LLC v. DISH Network Corporation, et al.* Case No. 2:23-cv-01043, filed February 10, 2023 (C.D. Cal.) ("DISH Action"); and

- *Entropic Communications, LLC v. DirecTV, LLC, et al.* Case No. 2:23-cv-05253, filed July 1, 2023 (C.D. Cal.) ("DirecTV Action") (altogether the "Related Actions").

The parties to the Cox, Comcast, and DISH actions have agreed upon a consolidated discovery plan, which was previously filed with the Court. The "Consolidated Defendants" refers to the collective defendants in the consolidated actions.

**(4)** **Legal Issues:**

<u>Entropic's Position</u>:  The primary disputed legal issues include:

1) Whether Defendants infringed the Patents-in-Suit;

2) Whether Entropic is entitled to damages for Comcast's infringement;

3) Whether Entropic is entitled to injunctive relief;

4) Whether Entropic is entitled to treble damages pursuant to 35 U.S.C. §284;

and

5) Whether Entropic is entitled to attorneys' fees.

Defendants' Position:  The primary disputed legal issues include:

1) Whether DIRECTV has license to the Patents-in-Suit;

2) Whether DIRECTV infringes the Patents-in-Suit;

3) Whether the Patents-in-Suit are invalid;

4) Whether the Patents-in-Suit are not enforceable;

5) Whether Plaintiff's assertion of the patents is barred by prosecution estoppel, release, license or equitable doctrines;

6) Whether Entropic breached the MoCA intellectual property agreement and/or DIRECTV's agreements with prior owners of the Patents-in-Suit in failing to negotiate a FRAND royalty rate prior to filing this lawsuit, in seeking injunctive relief, and the appropriate measure of damages for those breaches.

7) Whether Entropic performed an adequate pre-filing investigation to bring this lawsuit;

8) Whether Entropic is entitled to any of the requested relief; and

9) Whether DIRECTV is entitled to attorneys' fees.

**(5) Parties, Evidence, etc.:**

Entropic's Position: Witnesses and key documents that Entropic is currently aware of are identified in Section 12(c).

Defendants' Position: Witnesses and key documents that DIRECTV is currently aware of are identified in Section 12(c).

**(6) Damages:**

Entropic's Position: At this time, Entropic does not know the specific range of provable damages because it has not yet received relevant discovery from Defendants. Entropic is eligible to recover an award of past, present, and future

damages adequate to compensate Entropic for Comcast's infringement of the patents-in-suit, or, in the alternative, an award of Comcast's total profits under 35 U.S.C. § 289. Entropic further believes it is eligible to recover treble damages pursuant to 35 U.S.C. § 284, an award of Comcast's attorneys' fees under 35 U.S.C. § 285, and prejudgment and post judgment interest on all monetary awards.

Defendants' Position: Plaintiff is not entitled to any damages. Among other reasons, DIRECTV does not infringe the Patents-in-Suit, and each of the Patents-in-Suit is invalid. Further, DIRECTV has a license to the Patents-in-Suit. Finally, Entropic is further not entitled to damages because its case is barred by equitable doctrines, including equitable estoppel. Plaintiff's damages are further limited by Plaintiff's RAND obligations arising from MoCA IPR policy agreement and/or DIRECTV's agreements with prior owners of the Patents-in-Suit.

DIRECTV is also entitled to damages of at least its attorneys' fees for Plaintiff's violations of the MoCA IPR policies.

**(7)  Motions:**

Entropic: Entropic does not presently intend to file a motion to add parties or claims.

Defendants: On September 27, 2023, DIRECTV filed a Rule 12(b)(6) Motion to Dismiss with prejudice, under the basis that Counts I, III, IV, VI through X and XII of Plaintiff's Complaint (Dkt. 1) are directed to infringement of patents that are invalid as a matter of law under § 35 U.S.C 101 for claiming patent ineligible subject matter.

Plaintiff filed its First Amended Complaint, and, on November 1, 2023, DIRECTV filed a Rule 12(b)(6) Motion to Dismiss Counts I, III, IV, VI through X and XII of the First Amended Complaint for the same reasons stated in its original Motion (ECF No. 160).

**(8) Manual for Complex Litigation:**

The parties believe this matter does not require the procedures of the Manual for Complex Litigation at this time.

**(9) Status of Discovery:**

The parties have not served any discovery, but will be served shortly.

**(10) Special Master for Discovery:**

David Keyzer, Esq. has been appointed as special master for discovery purposes in Related Actions. The Stipulation for the Appointment of a Special Master, Proposed Order, and Declaration of Mr. Keyzer were filed with the Court on September 19, 2023 (ECF No. 39). The Court issued an order on September 20, 2023 appointing Mr. Keyzer as the Special Master for discovery purposes (ECF No. 42).

**(11) Consolidated Discovery Plan:**

**A. *Changes to Discovery***

The parties do not believe any changes are necessary to the timing, form, or requirement for disclosures under Rule 26(a) aside from the discovery proposal outlined in this Section (12).

**B. *Subjects on Which Discovery Is Needed and Completion Date***

The parties do not believe it is necessary to conduct discovery in phases. Per the Court's guidance, the parties will seek to set a schedule for the completion of fact discovery and expert discovery, pre-trial motions, and trial after conclusion of the *Markman* hearing.

**C. *The Parties' Anticipated Subjects of Discovery***

***Plaintiff's anticipated subjects of discovery:*** Entropic anticipates propounding requests for production of documents, interrogatories, and requests for admission on Defendants. Entropic further anticipates serving third party subpoenas for documents and depositions of third party witnesses. In addition, Entropic

anticipates deposing the following witnesses: (1) Rule 30(b)(6) designee(s) for Defendants; (2) any employees, representatives, or agents for Defendants who were involved with the design, production, advertising, sale, and display of the accused products; (3) any employees, representatives, or agents for Defendants who had knowledge of Entropic, MaxLinear, Inc., MaxLinear Communications, LLC and their respective patents and their infringement thereof; (4) any employees, representatives, or agents for Defendants who have knowledge of Defendants' profits attributable to sales of accused products; (5) any employees, representatives, or agents for Defendants who were involved with the design, production, advertising, sale, and display of the accused products; and (6) third parties with information on the relationships with Defendants that bear on the facts and claims asserted in the operative complaint.

*Defendants' anticipated subjects of discovery:* DIRECTV anticipates propounding requests for production of documents, interrogatories, and requests for admission on Plaintiff. DIRECTV further anticipate serving third-party subpoenas for documents and depositions of third-party witnesses. In addition, DIRECTV anticipates deposing the following witnesses: (1) Rule 30(b)(6) designee(s) for Plaintiff; (2) any employees, representatives, or agents for Plaintiff with knowledge regarding the acquisition of the Patents-in-Suit, monetization efforts, or any licenses or revenue associated with the Patents-in-Suit, or any purported value of the Patents-in-Suit; (3) any employees, representatives, or agents for MaxLinear, Inc. or MaxLinear, LLC with knowledge regarding the attempted assignment of the Patents-in-Suit to Plaintiff, with knowledge of MaxLinear's participation in this litigation or decision to pursue this litigation, with knowledge of any agreements or licenses with DIRECTV, with knowledge of the Patents-in-Suit, with knowledge of MaxLinear's (or its predecessors) standards-setting organization activities and intellectual property rights obligations, or with knowledge of the development of any products

or relevant contracts that embody any of the Patents-in-Suit; (4) any third party witnesses with knowledge of the topics identified in part (3); (5) the named inventors of the Patents-in-Suit, including on issues of conception and reduction to practice of each alleged invention, prosecution of the Patents-in-Suit, efforts to commercialize each alleged invention, any alleged commercial success of each alleged invention or other alleged objective indicia of non-obviousness, and any development of any products that embody each alleged invention; and (6) any third party witnesses with knowledge of the prior art. DIRECTV additionally anticipates discovery upon the standard-setting organizations relevant to the Patents-in-Suit and accused products, including any intellectual property rights commitments associated with those standard-setting organizations, including MoCA and various individuals and entities participating in MoCA. Further, additional discovery is anticipated of Broadcom, a supplier for some of the accused functionality in this case.

DIRECTV will also seek discovery regarding the correct measure of any alleged damages, including any licenses related to the technology. DIRECTV intends to seek discovery regarding the predecessors-in-interest in the Patents-in-Suit for each of the above topics and the alleged assignment of the Patents-in-Suit by third parties and MaxLinear. To the extent Entropic seeks discovery on any issue, DIRECTV intends to seek rebuttal discovery accordingly.

### D. *Depositions*

Entropic may take up to a total of [Plaintiff: 100 hours; Consolidated Defendants:70 hours][3] of deposition testimony of each Defendant (inclusive of both 30(b)(1) and 30(b)(6) depositions, whether officers, directors, and employees). The Consolidated Defendants may jointly take up to [Plaintiff: 40 hours; Consolidated Defendants: 110 hours] of deposition testimony of Entropic (inclusive of both 30(b)(1) and 30(b)(6) depositions, whether officers, directors, and employees). Each

---

[3] Where the parties disagree, brackets are inserted showing each party's position.

Defendant may also take up to [Plaintiff: 30 hours; Consolidated Defendants: 49 hours] of deposition testimony of Entropic (inclusive of both 30(b)(1) and 30(b)(6) depositions, whether officers, directors, and employees).  Entropic may take up to a total of 90 hours of deposition testimony of third parties.  Defendants may each take up to a total of 90 hours of deposition testimony of third parties.  Expert depositions may last 7 hours per expert per report that the expert submits, absent agreement of the parties or court order.  In addition to the 7 hour per report deposition, if the expert witness issues a report addressing infringement or damages issues regarding multiple of the Consolidated Defendants, for that report, the expert witness may be deposed for 7 hours by each Defendant.[4]  Additionally, if the expert opines on more than three patents, an additional three hours will be added to the deposition for each additional patent over three.

### E. *Requests for Production*

Entropic may serve (75) requests for production on Defendants, and each Defendant may serve (75) requests for production on Entropic.

### F. *Interrogatories*

Entropic may serve up to [Plaintiff: 10; Consolidated Defendants: 15] common interrogatories on the Consolidated Defendants and up to [Plaintiff: 15; Consolidated Defendants:10] individual interrogatories on each Defendant. The Consolidated Defendants may serve up to (10) common interrogatories on Entropic and each Defendant may serve up to an additional (15) interrogatories on Entropic.

### G. *Requests for Admissions*

Entropic may serve up to (30) common requests for admission on Defendants and up to (30) individual requests for admission on each Defendant.  The Consolidated Defendants may serve up to (30) common requests for admission on

---

[4] For purposes of Section D, E, F, and G, the phrase "each Defendant" refers to each group of affiliated defendants and not each separate defendant in a group of affiliate defendants.

Entropic, and each Defendant may serve up to (30) individual requests for admission on Entropic. There is no limit on the number of requests for admission the parties may serve to establish the authenticity of documents. Requests for admission directed to document authentication shall be clearly denoted as such, and shall be served separately from any requests for admission subject to the numerical limitations stated above.

### H. *Issues About Disclosure, Discovery, or Preservation of ESI*

The parties anticipate working together to determine the appropriate form of production for ESI. Documents shall be produced as single-page Tagged Image File Format ("TIFF") format or as native files where appropriate. TIFF files shall be named with a unique production number followed by the appropriate file extension. Load files shall be provided to indicate the location and unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments shall be maintained as they existed in the original document. Furthermore, source code, if necessary, will be produced under an appropriate protocol established in the governing Protective Order.

The parties are not aware of other issues concerning disclosure, discovery, or preservation of ESI. Should it be necessary, the parties will enter into a stipulation and propose to the Court an ESI Order governing ESI discovery in this case. The parties have agreed on a protective order, which has been filed with the Court. The parties have agreed to serve initial disclosures on December 4, 2023.

The parties will meet and confer to come to an agreement on the timing of exchange of privilege logs.

### I. *Any Other Orders*

Other than the potential ESI order and protective order discussed above, the parties do not believe any other orders are necessary under Rule 26(c) or Rule 16(b) or (c).

**(12) Discovery Cut-off:**

The parties agree to propose a schedule for the completion of Fact Discovery and Expert Discovery after completion of the *Markman* Hearing and related *Markman* Order.

**(13) Dispositive Motions:**

Entropic's Position: Entropic may move for summary judgment or partial summary judgment of infringement and/or to dismiss affirmative defenses and/or counterclaims.

Defendants' Position: DIRECTV has moved to dismiss, pursuant to Rule 12(b)(6), for failure to state a claim upon which relief can be granted. Should DirectTV's motion not be granted or be granted in part, DIRECTV will assess other motions it intends to bring. DIRECTV may move for summary judgment and/or partial summary judgment.

**(14) Settlement/Alternative Dispute Resolution (ADR):**

The parties agree that this case is best suited for private mediation, which shall occur by September 13, 2024.

**(15) Trial Estimate:**

Entropic's Position: Entropic has requested a jury trial. Entropic contemplates calling between 6 and 9 witnesses, depending on how many issues remain after summary judgment. Entropic estimates it will take 6-8 days to complete its case in chief in this matter before a jury, depending on how many issues remain for trial.

Defendants' Position: Should this case proceed, DIRECTV has demanded a jury trial. DIRECTV believes that the time for trial will depend on the number of patents at issue during the trial. Given the current number of Patents-in-Suit and pending motions, DIRECTV does not believe that the time for trial and number of witnesses is ripe for consideration.

**(16)** **Trial Counsel:**

*For Entropic*:

    Christina N. Goodrich (*christina.goodrich@klgates.com*)

    Connor J. Meggs (*connor.meggs@klgates.com*)

    James A Shimota (*jim.shimota@klgates.com*)

    Douglas Winnard (*dwinnard@goldmanismail.com*)

    Michael Pieja (*mpieja@goldmanismail.com*)

    Kenneth Bridges (*bridgesip@icloud.com*)

*For Defendants:*

    Ted Stevenson (ted.stevenson@alston.com)

    David Frist (david.frist@alston.com)

    Yuri Milkula (yuri.milkulka@alston.com)

    Natalie Clayton (natalie.clayton@alston.com)

    Rachel Lowe (rachel.lowe@alston.com)

    Emily Welch (emily.welch@alston.com)

**(17)** **Timetable:**

The proposed schedule of dates up to and including the claim construction hearing is attached as **Exhibit A**. The Court has already entered this Order, but the parties request that the date of the Markman hearing be corrected to September 13, 2024 to be consistent with the Order in the other MoCA cases.

**(18)** **Amending Pleadings and Adding Parties:**

The parties reserve the right to amend pleadings to add additional parties or to include additional claims that each may discover are appropriate after conducting discovery.

**(19)** **Other issues:**

At this time, the parties are not aware of any other issues affecting the status

or management of the case.

**(20)** **Consent to Proceed Before Magistrate Judge:**

The parties do not agree to try the case before a Magistrate Judge.

Dated: November 3, 2023                                    K&L GATES LLP

                                                By:  /s/ *Christina N. Goodrich*
                                                     Christina N. Goodrich (SBN 261722)
                                                     Connor J. Meggs (SBN 336159)

                                                     Michael T. Pieja (SBN 250351)
                                                     mpieja@goldmanismail.com
                                                     Douglas Jordan Winnard (SBN 275420)
                                                     dwinnard@goldmanismail.com
                                                     GOLDMAN ISMAIL TOMASELLI
                                                       BRENNAN & BAUM LLP
                                                     200 South Wacker Dr., 22nd Floor
                                                     Chicago, IL 60606
                                                     Tel: (312) 681-6000
                                                     Fax: (312) 881-5191

                                                     *Attorneys for Plaintiff Entropic Communications, LLC*

Dated: November 3, 2023                                    By:  /s/ *David Frist*
                                                     David Frist (admitted *pro hac vice*)
                                                     david.frist@alston.com
                                                     Yuri Mikulka, SBN 185926
                                                     yuri.milkulka@alston.com
                                                     Rachel Lowe, SBN 246361
                                                     rachel.lowe@alston.com
                                                     **ALSTON & BIRD**
                                                     333 South Hope Street
                                                     16th Floor
                                                     Los Angeles, CA 90071-3004
                                                     Tel.: 1 213 576 1000

Fax: 1 213 576 1100

*Attorneys for Defendants DIRECTV, LLC and AT&T Services, Inc.*

### SIGNATURE ATTESTATION

Pursuant to Civil Local Rule 5-4.3.4(a)(2)(i), I attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

K&L GATES LLP


By:  /s/ *Christina N. Goodrich*
      Christina N. Goodrich (SBN 261722)

*Attorney for Plaintiff Entropic Communications, LLC*

# EXHIBIT A
## PROPOSED SCHEDULE OF PRETRIAL AND TRIAL DATES

| Matter | Parties' Proposal |
|---|---|
| Claim Construction Hearing | Friday September 13, 2024 |
| Reply Claim Construction Brief | Friday, August 23, 2024 |
| Responsive Claim Construction Brief | Friday, August 2, 2024 |
| Opening Claim Construction Brief | Tuesday, July 9, 2024 |
| Completion of Claim Discovery | Friday, June 21, 2024 |
| JCCS and Prehearing Statement, including Expert Declarations | Friday, May 31, 2024 |
| Exchange of Proposed Constructions | Friday, May 3, 2024 |
| Exchange of Terms Proposed for Construction | Friday, April 5, 2024 |
| Disclosure of Invalidity Contentions and Accompanying Document Production | Tuesday, December 19, 2023 |
| Disclosure of Asserted Claims and Infringement Contentions, and Accompanying Document Production | Friday, September 29, 2023 |

ADR [L.R. 15-15] Settlement Choice (Entropic, Defendants):

- ☐ Attorney Settlement Officer Panel
- ☒ **Private Mediation**
- ☐ Magistrate Judge