# EXHIBIT B

```
 1              UNITED STATES DISTRICT COURT
 2             CENTRAL DISTRICT OF CALIFORNIA
 3        HONORABLE JOHN W. HOLCOMB, DISTRICT JUDGE
 4  ENTROPIC COMMUNICATIONS, LLC,    )
                                     )
 5              Plaintiff,           )
                                     )
 6                                   )
                                     )
 7       Vs.                         )
                                     )
 8                                   )  No. LACV23-01043-JWH
    DISH NETWORK CORPORATION, ET AL.;)     LACV23-01050-JWH
 9  COMCAST CORPORATION, ET AL.;     )     LACV23-01049-JWH
    COX COMMUNICATIONS, INC., ET AL; )     LACV23-01048-JWH
10                                   )
11              Defendants.          )
                                     )
12                                   )
                                     )
13  _____    )
14
15
16         REPORTER'S TRANSCRIPT OF PROCEEDINGS
17        MOTION HEARING AND SCHEDULING CONFERENCE
18                SANTA ANA, CALIFORNIA
19              WEDNESDAY, AUGUST 9, 2023
20
21
22
23            MIRIAM V. BAIRD, CSR 11893, CCRA
              OFFICIAL U.S. DISTRICT COURT REPORTER
24                   350 WEST FIRST STREET
                         FOURTH FLOOR
25              LOS ANGELES, CALIFORNIA 90012
                     MVB11893@aol.com

                UNITED STATES DISTRICT COURT
```

```
 1                    A P P E A R A N C E S
 2
 3  ON BEHALF OF THE PLAINTIFF,    CHRISTINA N. GOODRICH
    ENTROPIC COMMUNICATIONS, LLC:  K & L GATES LLP
 4                                 10100 SANTA MONICA
                                   BOULEVARD, 8TH FLOOR
 5                                 LOS ANGELES, CA 90067
 6                                 GEORGE C. SUMMERFIELD
                                   JAMES SHIMOTA
 7                                 K & L GATES LLP
                                   70 WEST MADISON STREET,
 8                                 SUITE 3100
                                   CHICAGO, IL 60602
 9
                                   KENNETH BRIDGES
10                                 BRIDGES IP CONSULTING
                                   2113 19TH AVENUE S
11                                 NASHVILLE, TN 37212
12
13
14
15  ON BEHALF OF THE DEFENDANT,    CHRISTOPHER S. MARCHESE
    DISH NETWORK CORPORATION, ET.  FISH AND RICHARDSON PC
16  AL.:                           633 WEST 5TH STREET, 26TH
                                   FLOOR
17                                 LOS ANGELES, CA 90071
18                                 ADAM R. SHARTZER
                                   FISH AND RICHARDSON PC
19                                 1000 MAINE AVENUE, SW,
                                   SUITE 1000
20                                 WASHINGTON, DC 20024
21
    ON BEHALF OF THE DEFENDANT,    KRISHNAN PADMANABHAN
22  COMCAST CORPORATION, ET AL.:   BRIAN FERGUSON
                                   WINSTON AND STRAWN LLP
23                                 200 PARK AVENUE
                                   NEW YORK, NY 10166
24
25

                UNITED STATES DISTRICT COURT
```

```
ON BEHALF OF THE DEFENDANT,   APRIL ELIZABETH ISAACSON
COX COMMUNICATIONS, INC., ET  KILPATRICK TOWNSEND AND
 2  AL:                        STOCKTON LLP
                               2 EMBARCADERO CENTER, SUITE
 3                             1900
                               SAN FRANCISCO, CA 94111
 4
 5
 6
 7  ALSO APPEARING: SPECIAL MASTER DAVID KEYZER
```

```
                                                            4
 1   SANTA ANA, CALIFORNIA; WEDNESDAY, AUGUST 9, 2023; 10:09 A.M.
 2                              ---
 3          THE CLERK:  Calling item number one, Entropic case
 4   versus DISH Network, 23-01043.
 5          Calling item number two, Entropic Communications
 6   versus Cox Communications, Inc., et al.  Case number
 7   LACV-23-01047.
 8          Calling item number three, Entropic Communications,
 9   LLC, versus Comcast Corporation, et al.  Case number
10   23-01048.
11          Calling item number four, Entropic Communications
12   versus Cox Communications, Inc., et al.  Case number
13   23-01049.
14          Calling item number five, case number 23-01050,
15   Entropic Communications, LLC, versus Comcast Corporation,
16   et al.
17          Counsel, if you would please state your appearance
18   for the record, beginning with plaintiff.
19          MR. SHIMOTA:  Jim Shimota appearing on behalf of
20   plaintiff Entropic, LLC.
21          MS. GOODRICH:  Christina Goodrich from K&L Gates on
22   behalf of plaintiff Entropic, LLC.  I'm joined today by my
23   colleagues Ken Bridges and Nick Lenning, Cassidy Young, and
24   Kelsi Robinson, all on behalf of plaintiff.
25          I know Your Honor may be asking who is arguing
                    UNITED STATES DISTRICT COURT
```

73

1    So for consistency purposes, I would just urge
2  that --
3        THE COURT:  I understand.
4        MR. BRIDGES:  -- you work on the disposition.
5        But this actually implicates the bigger issue,
6  Your Honor, of what exactly are you being asked to do.
7  You're only being asked to dismiss this case for lack of
8  subject matter jurisdiction.  The parties, in the interest of
9  time --
10       THE COURT:  In the tentative I'm not doing that.
11       MR. BRIDGES:  In the tentative you're not, but what
12 I want to be clear about in the tentative is how Your Honor
13 gets there.
14       So what happens is that in the tentative Your Honor
15 pursues the path the parties have laid out for you in
16 briefing.  The path that the parties laid out for you in
17 briefing is to do this by trying to interpret the VSA and try
18 to look at all of these complicated provisions.
19       But what happened, Your Honor -- if you have our
20 slide deck --
21       THE COURT:  Yes.
22       MR. BRIDGES:  -- I think it would be instructive to
23 turn to slide 13.
24       THE COURT:  Hold on one second.
25       MR. BRIDGES:  So apologies, Your Honor.  Because of

UNITED STATES DISTRICT COURT

74

1  the fact we weren't sure about tentative, you will have two
2  slide decks for this motion because there were an awful lot
3  of slides.  They are -- the numbers --
4        THE COURT:  Hold on.
5        MR. BRIDGES:  -- page numbers are consecutive.
6        THE COURT:  Hold on.  I'm not sure I have your
7  slide deck here.  Entropic's --
8        MR. BRIDGES:  It is titled, Your Honor, Entropic's
9  argument in opposition to Comcast's motion to dismiss.  It
10 looks like this, Your Honor (indicating).
11       THE COURT:  Okay.  I have it.
12       MR. BRIDGES:  So if you will go forward to slide
13 13, I just wanted to highlight something Comcast pointed
14 out --
15       THE COURT:  I'm there.
16       MR. BRIDGES:  -- in reply.  So Comcast says, well,
17 you're only relying on declaratory judgment cases.  They're
18 inapplicable.  They're declaratory judgment.  And this got us
19 to asking the question, well, wait a minute.  What cases is
20 Comcast citing in its briefing for the proposition that a
21 covenant can possibly deprive the Court of subject matter
22 jurisdiction?
23       And the answer is all of those are DJ cases.  The
24 reason, Your Honor, is because it turns out that in a case
25 where the patent owner maintains a case for infringement, the

UNITED STATES DISTRICT COURT

75

1  subject matter jurisdiction question is done.  There's
2  nothing more to do.
3        There is a case or controversy because there is a
4  case or controversy.  The Federal Circuit has actually
5  decided this issue in a line of cases which we discovered in
6  preparing for oral argument, and we sent these over to
7  Comcast last night when we recognized the importance of this.
8        I mean, obviously the Court wants to get it right
9  exactly, in particular for subject matter jurisdiction.  So
10 if Your Honor will take a look at slide 14, this is the
11 implication.
12       The analysis of case or controversy which the
13 parties have spent a lot of time fighting about actually
14 doesn't in this case need to turn on the VSA at all because
15 it is so simplified, it's automatic.
16       As a matter of law where there is a properly pled
17 complaint for patent infringement, meaning we asked for
18 relief under the Patent Act, whatever covenants or licenses
19 may exist, Your Honor, those are defenses.
20       Your Honor has jurisdiction over claims, not
21 issues.  The claim that Your Honor has jurisdiction over is a
22 patent infringement claim.  That's federal question.  No one
23 doubts it.  Your Honor's jurisdiction.  End of story.  And
24 that is what Air Products says.
25       THE COURT:  Let's take a hypothetical where

UNITED STATES DISTRICT COURT

76

1  plaintiff purported patentee sues alleged infringer, like a
2  one patent that has one claim in it, to make it simple.  When
3  one assigns a patent, one has to assign the right to not
4  merely the patent but the right to sue for infringement.
5        So let's say that the plaintiff was assigned the
6  patent but didn't have an express assignment of the right to
7  sue for infringement.  The defense that the defendant usually
8  raises in those circumstances is a 12(b)(1) type standing
9  defense.
10       MR. BRIDGES:  Uh-huh, but that's not what's being
11 raised here, Your Honor.  That's not what King
12 Pharmaceuticals and those cases are about.  The question
13 isn't standing.  The question is whether there's a case or
14 controversy that the Court can hear.
15       All of those cases like King Pharmaceuticals, the
16 question there is the patent owner doesn't want a case.  The
17 patent owner either never brought a patent infringement case
18 or brought one and then changed its mind.
19       Then in those cases what's happening is that the
20 patent owner is saying we don't want any invalidity or
21 non-infringement counterclaims to have to face.  So here's
22 what we'll do.  We'll provide you a covenant or a license and
23 represent to the Court that we are never going to sue you for
24 patent infringement.
25       That has the effect of removing reasonable

UNITED STATES DISTRICT COURT

117

```
 1   comes.
 2              MR. SHARTZER:  Right.  Thank you.
 3              THE COURT:  Okay.  Anything else?
 4              All right.  Counsel, thank you very much.  Special
 5   Master, thank you very much.  I'll see some of you on
 6   September 8th, and I look forward to receiving all the
 7   documents that we talked about you filing with me.
 8              Thank you.
 9           (Proceedings concluded at 1:02 p.m.)
10                         CERTIFICATE
11   I HEREBY CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT
12   TRANSCRIPT OF THE STENOGRAPHICALLY RECORDED PROCEEDINGS IN
13   THE ABOVE MATTER.
14   FEES CHARGED FOR THIS TRANSCRIPT, LESS ANY CIRCUIT FEE
15   REDUCTION AND/OR DEPOSIT, ARE IN CONFORMANCE WITH THE
16   REGULATIONS OF THE JUDICIAL CONFERENCE OF THE UNITED STATES.
17
18   /s/ Miriam V. Baird        08/17/2023
19   MIRIAM V. BAIRD                 DATE
     OFFICIAL REPORTER
20
21
22
23
24
25
                  UNITED STATES DISTRICT COURT
```