# EXHIBIT C

```
                                                              Page 1
 1              UNITED STATES DISTRICT COURT
 2             CENTRAL DISTRICT OF CALIFORNIA
 3                    SOUTHERN DIVISION
 4             HON. DAVID KEYZER, ARBITRATOR
 5                        --o0o--
 6
 7
     _____
 8                                    )
     ENTROPIC COMMUNICATIONS,         ) VOLUME 1 OF 1
 9   LLC,                             )
                                      ) Pages 1 - 98
10        Plaintiff,                  )
                                      ) Case Nos.
11        vs.                         ) 2:23-cv-01043-JWH-KES and
                                      ) 2:23-cv-01049-JWH-KES
12   DISH NETWORK CORPORATION,        )
     et al.,                          ) Zoom Videoconference
13                                    )
          Defendants.                 )
14   _____) November 3, 2023
                                      )
15   ENTROPICCOMMUNICATIONS,          )
     LLC,                             )
16                                    )
          Plaintiff,                  )
17                                    )
          vs.                         )
18                                    )
     COX COMMUNICATIONS, INC.,        )
19   et al.,                          )
                                      )
20        Defendants.                 )
     _____)
21
22
23           REPORTER'S TRANSCRIPT OF PROCEEDINGS
24
25     Reported By:      B. Suzanne Hull
                         Official Court Reporter
```

Page 2

1  APPEARANCES
2
3
4  The Arbitrator:    Law Office of David Keyzer, P.C.
5                    By MR. DAVID M. KEYZER
                     Attorney at Law
6                    5170 Golden Foothill Parkway
                     El Dorado Hills, California
7                    95762
                     (916) 243-5259
8                    david@keyzerlaw.com
9
10
11 For Plaintiff:    K&L Gates
                    By MS. KATHERINE L. ALLOR
12                   Attorney at Law
                     70 West Madison Street
13                   Suite 3300
                     Chicago, Illinois 60602
14                   (312) 807-4325
                     katy.allor@klgates.com
15                         - and -
                     By MS. CHRISTINA N. GOODRICH
16                     MS. CASSIDY T. YOUNG
                     Attorneys at Law
17                   10100 Santa Monica Boulevard
                     Eighth Floor
18                   Los Angeles, California 90067
                     (310) 552-5547
19                   (310) 552-5058
                     christina.goodrich@klgates.com
20                   cassidy.young@klgates.com
21
22
23
24
25

Page 3

1  APPEARANCES (Continued)
2
3
4  For Defendants:    Winston & Strawn, LLP
                     By MR. KRISHNAN PADMANABHAN
5                    Attorney at Law
                     200 Park Avenue
6                    New York, New York 10166
                     (212) 294-3564
7                    kpadmanabhan@winston.com
                          - and -
8                    By MS. SARANYA RAGHAVAN
                     Attorney at Law
9                    35 West Wacker Drive
                     Chicago, Illinois 60601
10                   (312) 558-7574
                     sraghavan@winston.com
11                        - and -
                     By MS. CLAIRE E. DIAL
12                   Attorney at Law
                     800 Capitol Street
13                   Suite 2400
                     Houston, Texas 77002
14                   (713) 651-2795
                     cdial@winston.com
15
16
17
18
19
20
21
22
23
24
25

Page 4

1     SESSIONS
2                              PAGE
3  FRIDAY, NOVEMBER 3, 2023
4  AFTERNOON SESSION                        5
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Page 5

1     ZOOM VIDEOCONFERENCE; FRIDAY, NOVEMBER 3, 2023
2         AFTERNOON SESSION, 12:37 P.M.
3        HON. DAVID KEYZER, SPECIAL MASTER
4              --o0o--
5
6        SPECIAL MASTER KEYZER: Okay. All right.
7  We are now on the record.
8        We are here for a discovery hearing in lead
9  Civil Actions Number 2:23-cv-01043 and 2:23-cv-01049
10 in the Central District of California. Today's
11 hearing involves plaintiff, Entropic Communications,
12 LLC, and Defendants Comcast Corporation;
13 Comcast Cable Communications, LLC; and Comcast Cable
14 Communications Management, LLC.
15       This hearing is being conducted by video
16 conference in accordance with Local Rule 83-6. Any
17 audio or video recording of this hearing is
18 prohibited, except for purposes allowed for by the
19 local rule, such as by the reporter for purposes of
20 creating a transcript of this hearing.
21       My name is David Keyzer.
22       Presiding Judge John W. Holcomb entered
23 orders on July 5, 2023, appointing me to serve as
24 a special master in these cases.
25       The parties have presented me with discovery

2 (Pages 2 - 5)

Page 10

1    So my understanding is that the court
2 entered a scheduling order or, perhaps more
3 accurately, an order setting the scheduling
4 conference, and that order had in it some discussion
5 of discovery.  I want to get the plaintiff's
6 perspective on when discovery opened and -- and if
7 you can help me with the timing of -- of the -- the
8 opening of discovery and the timing of your requests
9 and the responses thereto.
10         MS. GOODRICH:  Sure.
11         And so the parties held their Rule 26
12 conference of counsel on June 23rd, I believe.  And
13 then we met and conferred regarding the joint Rule 26
14 report, which was filed with the court.  I don't have
15 that date handy, but I can certainly look that up.
16         In that report the parties had discussed
17 proposed limits on discovery.  The parties had agreed
18 on some and disagreed on others.
19         And, in fact, I believe you may recall, as
20 I believe you attended that hearing where the
21 scheduling conference came at the tail end of the
22 motion to dismiss on Comcast's motion, as well as
23 a number of other motions.
24         Judge Holcomb did decline to make a ruling
25 as to the disputed discovery limits, and so with

Page 11

1 respect to those limits, there is still an open
2 question.  I don't know if that was one of the issues
3 that you sought clarity on, but that is the initial
4 timing of when we believe discovery opened.
5         And then with respect to our service of
6 discovery, we had served requests for production on
7 July 26th, and -- and then everything else, kind of,
8 fell in line after that in terms of the responses.
9         Does that -- do you have any other questions
10 or does that adequately address --
11         SPECIAL MASTER KEYZER:  That is helpful.
12         Go ahead.
13         MS. GOODRICH:  Okay.  So, again, our
14 position is consistent with Judge Holcomb's position,
15 which is that discovery is open for all purposes.
16 And the discovery at issue here is directly tied to
17 Entropic's claims and Comcast's defenses.
18         Now, admittedly the parties disagree as to
19 how to frame Comcast's assertion of the VSA in
20 response to Entropic's claims.  Entropic believes
21 that it is a defense.  And this was an issue that was
22 briefed in connection with the motion to dismiss and
23 supplemental briefing, and it was discussed during
24 oral argument.
25         Prevailing authority, binding authority

Page 12

1 I will make clear that a license covenant not to sue
2 does not deprive a court of subject matter
3 jurisdiction in a case of -- where the patentholder
4 is asserting patent infringement because there, of
5 course, is a case of controversy in such situations.
6         I don't want to get into a deep dive on the
7 motion to dismiss and reargue everything that has
8 been argued, but I am happy to answer any questions
9 as it relates to this discovery.
10         But suffice it to say that without an order
11 from Judge Holcomb on that motion to dismiss and
12 having had Judge Holcomb expressly state during the
13 hearing that his tentative decision to grant with
14 leave to amend that motion is just a tentative, and
15 without a decision, there is no reason to limit
16 discovery.  And, frankly, even if Judge Holcomb were
17 to adopt that tentative, we would still be entitled
18 to the discovery because, again, it goes to our
19 claims and Comcast's defenses, which include its
20 defense that the covenant not to sue in the vendor
21 services agreement and Comcast's view of the
22 interpretation and the breadth of that covenant are
23 directly relevant to Comcast's defense.
24         So I'll pause there and see if you have any
25 questions.

Page 13

1         SPECIAL MASTER KEYZER:  Thank you.
2         And I did attend the hearing, and I'm
3 familiar with the issues.  I have also taken another
4 look at the tentative order.  And I have checked the
5 docket recently and, as far as I know, the court has
6 not entered any orders.
7         So is my understanding correct that that
8 motion is still pending, as it was the day that we
9 all were in court and argued?  Is that correct?
10         MS. GOODRICH:  Yes.  That is correct.
11         SPECIAL MASTER KEYZER:  Okay.  All right.
12 So I think I have a good understanding of that issue.
13         ==MS. GOODRICH:  And so the requests that we==
14 ==noted in our letter that directly relate to the VSA==
15 ==and the willfulness are all tied up in Comcast's==
16 ==objection and refusal to produce on the grounds of==
17 ==that tentative and its position that this is==
18 ==a fishing expedition and it is improper.==
19         ==Again, even if the tentative were adopted,==
20 ==which it has not been, we would be entitled to leave==
21 ==to amend, which the Judge made clear.  And at the==
22 ==very least, our initial complaint could be used as==
23 ==evidence of willfulness; so it is a long way of==
24 ==saying that willfulness is not going away.==
25         And I suspect Comcast will argue the VSA is

```
                                                        Page 98
 1  STATE OF CALIFORNIA   )
                         ) ss:
 2  COUNTY OF KERN       )
 3
 4      I, B. Suzanne Hull, CSR No. 13495, Official
 5  Court Reporter of the Superior Court of the State of
 6  California, County of Kern, do hereby certify that
 7  the foregoing transcript in the matter of
 8  ENTROPIC COMMUNICATIONS, LLC v DISH NETWORK
 9  CORPORATION, et al.,, Case Nos. 2:23-cv-01043-JWH-KES
10  and 2:23-cv-01049-JWH-KES, NOVEMBER 3, 2023,
11  consisting of pages numbered 1 through 98, inclusive,
12  is a complete, true, and correct transcription of the
13  stenographic notes as taken by me in the
14  above-entitled matter.
15
16
17      Dated this 3rd day of November, 2023.
18
19
20      [signature]
21      B. SUZANNE HULL, CSR No. 13495
        Official Court Reporter
22
23
24
25
```