# EXHIBIT D

```
 1

 2              UNCERTIFIED REALTIME ROUGH DRAFT

 3

 4            This realtime draft is unedited and

 5   uncertified and may contain untranslated stenographic

 6   symbols, an occasional reporter's note, a misspelled

 7   proper name and/or nonsensical word combinations.

 8

 9            This is an unedited version of the deposition

10   transcript and should not be used in place of a

11   certified copy.  This document should not be duplicated

12   or sold to other persons or businesses.  This document

13   is not to be relied upon in whole or in part as the

14   official transcript.

15

16            This uncertified realtime rough draft version

17   has not been reviewed or edited by the certified

18   shorthand reporter for accuracy.  This unedited

19   transcript is computer generated and random translations

20   by the computer may be erroneous or different than that

21   which will appear on the final certified transcript.

22

23            Due to the need to correct entries prior to

24   certification, the use of this realtime draft is only
```

25  for the purpose of augmenting counsel's notes and cannot

1

**ROUGH DRAFT TRANSCRIPT - DO NOT CITE**

1  be used to cite in any court proceeding or be

2  distributed to any other parties.

3

4          Acceptance of this realtime draft is an

5  automatic final copy order.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

2

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION


ENTROPIC COMMUNICATIONS, LLC,

      PLAINTIFF,                                                          CASE NO.:

   vs.
2:23-CV-01043-JWH-KES

DISH NETWORK CORPORATION, ET AL.,

      DEFENDANTS.

_____/

ENTROPIC COMMUNICATIONS, LLC,

      PLAINTIFF,                                                          CASE NO.:

   vs.
2:23-CV-01043-JWH-KES

COX COMMUNICATIONS, INC., ET AL.,

      DEFENDANTS.

_____/

REPORTER'S TRANSCRIPT OF REMOTE PROCEEDINGS

FRIDAY, DECEMBER 1, 2023

STENOGRAPHICALLY REPORTED BY:

MEGAN F. ALVAREZ, RPR, CSR No. 12470

3

JOB NO. 6316705

PAGES 1 -

                                                                    4

```
 1              UNITED STATES DISTRICT COURT

 2              CENTRAL DISTRICT OF CALIFORNIA

 3                    SOUTHERN DIVISION

 4

 5  ENTROPIC COMMUNICATIONS, LLC,

 6        PLAINTIFF,                              CASE NO.:
 7
        vs.
 8  2:23-CV-01043-JWH-KES

 9  DISH NETWORK CORPORATION, ET AL.,

10        DEFENDANTS.

11  _____/

12  ENTROPIC COMMUNICATIONS, LLC,
```

```
13        PLAINTIFF,                                    CASE NO.:
14
          vs.
15   2:23-CV-01043-JWH-KES

16   COX COMMUNICATIONS, INC., ET AL.,

17        DEFENDANTS.

18   _____/

19

20

21        Hearing, VIA REMOTE COUNSEL, beginning at

22   9:30 a.m. and ending at 10:18 a.m. on Friday,

23   December 1, 2023, before Megan F. Alvarez, RPR,

24   Certified Shorthand Reporter No. 12470.

25
```

                                                                5

```
 1   APPEARANCES: (ALL PARTIES APPEARING VIA VIDEOCONFERENCE)

 2

 3   BEFORE:   DAVID M. KEYSER, SPECIAL MASTER

 4             LAW OFFICE OF DAVID KEYZER, P.C.

 5             5170 GOLD FOOTHILL PARKWAY

 6             EL DORADO HILLS, CALIFORNIA 95762

 7             916.243.5259

 8             DAVID@KEYZERLAW.COM

 9
```

```
10  FOR PLAINTIFF:

11            BY:  KATHERINE L. ALLOR, ESQ.

12            K&L GATES

13            70 WEST MADISON STREET

14            SUITE 3300

15            CHICAGO, ILLINOIS 60602

16            312.807.4325

17            KATY.ALLOR@KLGATES.COM

18            BY:  CHRISTINA N. GOODRICH, ESQ.

19                 CASSIDY T. YOUNG, ESQ.

20            K&L GATES

21            10100 SANTA MONICA BOULEVARD

22            EIGHTH FLOOR

23            LOS ANGELES, CALIFORNIA 90067

24            310.552.5547

25            CHRISTINA.GOODRICH@KLGATES.COM
```

                                                                6

```
 1  APPEARANCES: (CONTINUED)

 2  FOR DEFENDANTS:

 3            BY:  KRISHNAN PADMANABHAN, ESQ.

 4            WINSTON & STRAWN LLP

 5            200 PARK AVENUE

 6            NEW YORK, NEW YORK 10166
```

```
 7            212.294.6700

 8            212.294.4700 FAX

 9            KPADMANABHAN@WINSTON.COM

10  AND

11            BY:   SARANYA RAGHAVAN, ESQ.

12            WINSTON & STRAWN LLP

13            35 W. WACKER DRIVE

14            CHICAGO, ILLINOIS 60601

15            312.558.5600

16            SRAGHAVAN@WINSTON.COM

17  AND

18            BY:   CLAIRE E. DIAL, ESQ.

19            WINSTON & STRAWN LLP

20            800 CAPITOL STREET

21            SUITE 2400

22            HOUSTON, TEXAS 77002

23            713.651.2795

24            CDIAL@WINSTON.COM

25
```

                                                              7

```
 1  APPEARANCES: (CONTINUED)

 2

 3  FOR DEFENDANTS:
```

```
 4          BY:  DIANA LEIDEN, ESQ.

 5          WINSTON & STRAWN LLP

 6          333 S. GRAND AVENUE

 7          LOS ANGELES, CALIFORNIA 90071.1543

 8          213.615.1700

 9          213.615.1750 FAX

10          DHLEIDEN@WINSTON.COM

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

8
**ROUGH DRAFT TRANSCRIPT - DO NOT CITE**

```
12   confer to narrow scope or there's a continuing
13   dispute regarding scope in light of the amended
14   complaint, then that is something as Mr. Padmanabhan
15   raised, the parties can meet and confer on and then
16   raise that dispute with you.
17             And we may respectfully request that
18   perhaps the parties set a follow-up status
19   conference so that we can have something on calendar
20   where those disputes can be raised or we hopefully
21   there are no disputes and we can move forward.
22             But it is our belief based on the
23   groundwork from which we view this matter that
24   because there's no discovery stay in place,
25   discovery remains open.  We understand however
```

                                                           22
              **ROUGH DRAFT TRANSCRIPT - DO NOT CITE**

```
1   Comcast concerns and arguments with respect to them
2   not knowing the scope of the claims and what claims
3   will be asserted until we amend.  And which is why
4   we are proposing this somewhat of a compromise here.
5             I can tell you though we will be
6   reasserting all of the same patents, and it will
7   come as no surprise because I raised this during the
8   prior discovery dispute hear that one of the grounds
```

```
 9   for willfulness, which is on a patent-by-patent
10   basis, is the original filing of the complaint which
11   relevant case law says is sufficient to support
12   allegations of willfulness.
13          So that there's no surprise there we're
14   not talking by a situation where we're going from 12
15   patents to two patents or we're going from 12
16   patents to 22.
17          There is a separate motion for leave to
18   amend that we had filed that we don't need to
19   discuss here today.  But in terms of what will be
20   filed on December 8th, that will not look radically
21   different in terms of the patents asserted, the
22   claims, and the allegations of willfulness.
23          We will of course add to them, but we
24   believe that the discovery that we have served that
25   are the subject of the special master order will
```

                                                              23
                **ROUGH DRAFT TRANSCRIPT - DO NOT CITE**

```
 1   remain relevant and appropriate in light of the
 2   amendment.
 3          With respect to the jurisdictional portion
 4   of the judge's order, again, as a reminder that
 5   dates back to ex parte briefing that Entropic had
```