Krishnan Padmanabhan (SBN: 254220)
kpadmanabhan@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

Attorneys for Comcast Defendants

*(Additional counsel information omitted)*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, | **No. 2:23-cv-1049-JWH-KES (Lead Case)** |
| Plaintiff, | **No. 2:23-cv-1050-JWH-KES (Related Case)** |
| v. | **No. 2:23-cv-1043-JWH-KES (Lead Case)** |
| COMCAST CORPORATION; COMCAST CABLE COMMUNICATIONS, LLC; AND COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC, | **No. 2:23-cv-1048-JWH-KES (Related Case)** |
| Defendants. | Assigned to Hon. John W. Holcomb |
| | **COMCAST DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT COMPLAINT** |

# TABLE OF CONTENTS

**PAGE**

I.   INTRODUCTION .................................................................................6

II.  LEGAL STANDARD..........................................................................7

III. ARGUMENT.......................................................................................8

A.   The Court should deny leave to add allegations of willfulness
     based on Entropic's litigation conduct.......................................8

1.   Entropic's allegations of willfulness based on its original
     complaints contravene the VSA. ............................................8

a.   Willfulness requires *pre-suit* notice...............................10

2.   The Court should deny Entropic's supplemental willfulness
     allegations because of its undue delay and bad faith.............................16

3.   The Court should deny leave to supplemental allegations
     concerning the two newly-asserted patents for similar reasons. ...........18

B.   Entropic's revised allegations regarding the effect of MaxLinear's
     attempted (and improper) termination are futile, untimely, and
     prejudicial.................................................................................19

IV.  CONCLUSION .................................................................................21

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AmerisourceBergen Corp. v. Dialysist West, Inc.*,
  465 F.3d 946 (9th Cir. 2006) .................................................................. 7

*Apple Inc. v. Samsung Electronics Co.*,
  258 F. Supp. 3d 1013 (N.D. Cal. 2017) .................................................. 14

*Arbmetrics, LLC v. Dexcom Inc.*,
  No. 18-CV-00134-JLS-KSC, 2019 WL 12473781 (S.D. Cal. Feb. 19,
  2019) .......................................................................................................... 12

*Ascon Properties, Inc. v. Mobil Oil Co.*,
  866 F.2d 1149 (9th Cir. 1989) ....................................................... 7, 8, 20

*Boston Scientific Corp. v. Nevro Corp.*,
  560 F.Supp.3d 837 (D. Del. 2021) .......................................................... 15

*Castle Creek Tech. Partners v. Cellpoint Inc.*,
  2002 WL 31958696 (S.D.N.Y. Dec. 6, 2002) ......................................... 10

*In re Circuit Breaker Litigation*,
  175 F.R.D. 547 (C.D. Cal. 1997) ................................................. 16, 17, 20

*Cleveland Medical Devices Inc. v. ResMed Inc.*,
  2023 WL 6389628 (D. Del. Oct. 2, 2023) ............................................... 15

*Dental Monitoring SAS v. Align Tech., Inc.*,
  No. C 22-07335 WHA, 2023 WL 4297570 (N.D. Cal. June 30, 2023) ..... 12

*Finjan, Inc. v. Cisco Sys. Inc.*,
  No. 17-CV-00072-BLF, 2017 WL 2462423 (N.D. Cal. June 7, 2017) ...... 12

*Fluidigm Corp. v. IONpath, Inc.*,
  No. C 19-05639 WHA, 2020 WL 1433178 (N.D. Cal. Mar. 24, 2020) ..... 14

*In re Gabapentin Pat. Litig.*,
  No. 00-CV-2931-FSH, 2011 WL 1807448 (D.N.J. May 12, 2011) ...... 14, 15

*Google LLC v. Princeps Interface Techs.*,
   No. 19-cv-06566-EMC (N.D. Cal. Mar. 26, 2020) .................................................. 12

*GoTV Streaming, LLC v. Netflix, Inc.*,
   No. 2:22-cv-07556-RGK-SHK, 2023 WL 2627016 (C.D. Cal. Feb.
   16, 2023) ..................................................................................................... 12, 13

*iFIT Inc. v. Peloton Interactive, Inc.*,
   No. CV 21-507-RGA, 2022 WL 609605 (D. Del. Jan. 28, 2022) ................... 13, 15

*Island Estates Mgt., Inc. v. Mba-Manorhaven, LLC*,
   2006 N.Y. Slip Op. 51569 (N.Y. Sup. Ct. 2006) .................................................. 10

*Jackson v. Bank of Hawaii*,
   902 F.2d 1385 (9th Cir. 1990) ....................................................................... 7, 16

*Johnson v. Buckley*,
   356 F.3d 1067 (9th Cir. 2004) ........................................................................ 8, 10

*MyMedicalRecords, Inc. v. Jardogs, LLC*,
   1 F. Supp. 3d 1020 (C.D. Cal. 2014) ............................................................ 13, 14

*Pact XPP Schweiz AG v. Intel Corp.*,
   No. 1:19-CV-01006-JDW, 2023 WL 2631503 (D. Del. Mar. 24, 2023) ............... 13

*Patwardhan v. U.S. ex rel. Dept. of Health & Human Servs.*,
   2014 WL 1092898 (C.D. Cal. Mar. 18, 2014) ......................................... 7, 17, 20

*Ravgen, Inc. v. Quest Diagnostics Inc.*,
   No. 2:21-CV-09011-RGK-GJS, 2022 WL 2047613 (C.D. Cal. Jan. 18,
   2022) ...................................................................................................................... 11

*Slot Speaker Techs., Inc. v. Apple, Inc.*,
   No. 13-CV-01161-HSG, 2017 WL 4354999 (N.D. Cal. Sept. 29,
   2017) ...................................................................................................................... 14

*Snug Harbor Square Venture v. Never Home Laundry, Inc.*,
   252 A.D.2d 520 (N.Y. App. Div. 1998) .................................................................. 9

*Sonos, Inc. v. Google LLC*,
   591 F. Supp. 3d 638 (N.D. Cal. 2022) .................................................................. 12

*Splunk Inc. v. Cribl, Inc.*,
   No. C 22-07611 WHA, 2023 WL 2562875 (N.D. Cal. Mar. 17, 2023) ........... 12, 13

*Trans Video Elecs., Ltd. v. Sony Elecs., Inc.*,
   278 F.R.D. 505 (N.D. Cal. 2011), *aff'd*, 475 F. App'x 334 (Fed. Cir.
   2012) ................................................................................................ 16, 17

*Traxcell Technologies LLC v. Google LLC*,
   No. 22-CV-4807-JSC, 2022 WL 17072015 (N.D. Cal. Nov. 17, 2022) ................ 15

*Traxcell Techs. LLC v. Google LLC*,
   No. 22-cv-4807-JSC, Dkt. 77 (Nov. 17, 2022) ........................................................ 15

*Ward v. TheLadders.com, Inc.*,
   3 F. Supp. 3d 151 (S.D.N.Y. 2014) ........................................................................... 9

*Woodward v. Collection Consultants of California*,
   381 F. Supp. 3d 1234 (C.D. Cal. 2019) .................................................................... 8

*Wrinkl, Inc. v. Facebook, Inc.*,
   No. 20-CV-1345-RGA, 2021 WL 4477022 (D. Del. Sept. 30, 2021) .................... 13

*ZapFraud, Inc. v. Barracuda Networks, Inc.*,
   528 F. Supp. 3d 247 (D. Del. 2021) ........................................................................ 13

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) ............................................................................................... 8

Fed. R. Civ. P. 15(d) ................................................................................................. 21

Fed. R. Civ. P. 16 ......................................................................................................... 7

Fed. R. Evid. 411 ....................................................................................................... 15

*3 J. Moore, Moore's Federal Practice* ¶ 15.08[4] (2d ed. 1974) ................................ 8

L.R. 15-2 ....................................................................................................................... 6

23 Samuel Williston & Richard A. Lord, Williston on Contracts § 63:8
   (4th ed. 2009) .......................................................................................................... 10

Standing Order R. 12 ................................................................................................. 6, 7

# I.   INTRODUCTION

Entropic seeks to supplement its pleadings to allege that its original complaints in these cases provided sufficient notice to plausibly allege willful infringement and overcome the very covenant not to sue that Entropic violated by filing the complaints in the first place.[1] But Entropic cannot avoid the covenant not to sue by suing in contravention of it.  And the law in this District, in addition to the overwhelming force of law from outside this District, holds that earlier complaints in the course of a patent litigation do not provide a basis to allege willfulness.  All of this renders Entropic's attempt to supplement its complaint to add post-complaint allegations of willfulness futile.  Moreover, Entropic has previously amended its complaint but declined to allege willfulness on based on the original complaint, rendering Entropic's supplement now both untimely and prejudicial to Comcast.

Entropic also seeks to add allegations related to MaxLinear's attempted (and improper) termination of the VSA.[2]  However, these allegations are also futile, untimely, and prejudicial. Indeed, Entropic previously offered argument regarding the supposed implications of MaxLinear's attempted termination[3], and the Court correctly ruled that the termination issue does not affect its findings regarding subject matter jurisdiction in this case.[4]  In addition, seven months have passed since MaxLinear's attempted termination of the VSA in May 2023, and there is no good cause to permit supplementation now simply to relitigate an issue the Court has already decided.

---

[1] C.A. 2:23-cv-1043, Dkt. 193-2 at ¶¶ 1, 5–17, 20, 28–75; C.A. 2:23-cv-1049, Dkt. 131-2 at ¶¶ 163, 169–182, 221, 227–229, 252, 258–260, 282, 287–289, 311, 316–318, 340, 345–347, 369, 376–378, 396, 401–403, 425, 434–436, 450, 458, 475, 480.

[2] C.A. 2:23-cv-1043, Dkt. 193-2 at ¶¶ 25-27; C.A. 2:23-cv-1049, Dkt. 131-2 at ¶¶187-89.

[3] C.A. 23-cv-1048, Dkt. 69-1, ¶¶ 63-64; C.A. 23-cv-1048, Dkt. 96-1 at 17:7-18:22.

[4]  C.A. 23-cv-1048, Dkt. 132 at 7; C.A. 2:23-cv-1050, Dkt. 121 at 7.

1    Accordingly, the Court should deny Entropic's motion for leave to supplement.[5]

2    **II.    LEGAL STANDARD**

3    The "liberality in granting leave to amend is subject to several limitations." *Ascon*

4    *Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). A district court

5    "need not grant leave to amend where the amendment: (1) prejudices the opposing

6    party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is

7    futile." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir.

8    2006). "The district court's discretion to deny leave to amend is particularly broad

9    where plaintiff has previously amended the complaint." *Ascon*, 866 F.2d at 1160.

10    With regard to prejudice, the Ninth Circuit has held that allowing a plaintiff to

11    amend its complaint after a defendant "has already incurred substantial litigation costs"

12    and putting defendant "through the time and expense of continued litigation on a new

13    theory, with the possibility of additional discovery, would cause undue prejudice."

14    *Ascon*, 866 F.2d at 1161 (citation omitted). As to the second factor, "courts have held

15    that a motion to amend filed as a last-ditch attempt to avoid the case being dismissed in

16    its entirety exhibits bad faith." *Patwardhan v. U.S. ex rel. Dept. of Health & Human*

17    *Servs.*, 2014 WL 1092898, at *4 n.4 (C.D. Cal. Mar. 18, 2014) (quotation omitted).

18    Relevant to the third factor, undue delay, courts "do not merely ask whether a

19    motion was filed within the period of time allotted by the district court in a Rule 16

20    scheduling order," but "[r]ather … also inquire whether the moving party knew or

---

[5] Entropic's motion should also be denied because it fails to comply with Standing Order Rule 12. Entropic did not "identify the page(s) [or] line number(s) … of any proposed change or addition of material" for at least the 1043 case. *See e.g.*, C.A. 23-cv-1043, Dkt. 193-2 (see paragraphs consecutively numbered starting at "1," rather than identifying the actual paragraph numbers).  Entropic also does not provide a "a redlined copy that compares their amended pleading," in this case a supplemental complaint, "with their previous pleading," which should have been a second amended complaint containing only amended allegations and not Entropic's supplemental allegations. Instead, Entropic presumptuously includes both its amended allegations *and* supplemental allegations in a single pleading (C.A. 23-cv-1043, Dkt. 190; C.A. 23-cv-1049, Dkt. 128).

should have known the facts and theories raised by the amendment in the original pleading." *AmerisourceBergen*, 465 F.3d at 953 (citation omitted); *see also Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990). "At some point…a party may not respond to an adverse ruling by claiming that another theory not previously advanced provides a possible ground for relief and should be considered." *Ascon*, 866 F.2d at 1161 (citation omitted).

Finally, "[f]utility alone can justify the denial of a motion to amend." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (quotation omitted). Futility exists "where the amended complaint would be subject to dismissal" and fails to state a valid claim. *Woodward v. Collection Consultants*, 381 F. Supp. 3d 1234, 1239 (C.D. Cal. 2019). *See also 3 J. Moore, Moore's Federal Practice* ¶ 15.08[4] (2d ed. 1974) (proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)).

## III.   ARGUMENT

### A.   The Court should deny leave to add allegations of willfulness based on Entropic's litigation conduct.

The Court should reject Entropic's attempt to supplement its complaints with allegations of willful infringement based on Entropic's litigation conduct for three independent reasons: (1) supplementation is futile because Entropic's theory rests on a facially incorrect interpretation of the VSA's covenant not to sue that would render it meaningless; (2) supplementation is futile because Entropic's conduct in this case is insufficient to allege willfulness as a matter of law; and (3) Entropic's undue delay and bad faith weigh heavily toward denying leave.

#### 1.   Entropic's allegations of willfulness based on its original complaints contravene the VSA.

The Court has already found that the VSA's covenant not to sue "includes all of the Asserted Patents," "runs with the Asserted Patents," and requires Entropic "not to

sue Comcast during the term of the agreement so long as Comcast did not willfully infringe." C.A. 23-cv-1050, Dkt. 121 at 6, 8; C.A. 23-cv-1048, Dkt. 132 at 6, 8. The Court further found that, despite amending its Original Complaint, "Entropic fail[ed] plausibly to allege willful infringement" in its First Amended Complaint to trigger the covenant's limited exemption. *Id*. at 11.

Having failed to state a claim under the covenant's plain terms, Entropic now seeks to assert a new theory that would eviscerate the covenant entirely. At bottom, Entropic argues that it can circumvent the covenant and trigger its narrow exemption for willful infringement by engaging in the very act that the covenant prohibits—i.e., by suing Comcast for ***non***-willful infringement—and then relying on its own deficient complaint in violation of the covenant to establish the willfulness exemption. Entropic's argument is farcical and disregards both basic logic and the law.

This Court has already recognized that the VSA should not be interpreted such that "the willful infringement exemption would be meaningless." C.A. 23-cv-1050, Dkt. 121 at 8; C.A. 23-cv-1048, Dkt. 132 at 8. Likewise, New York law, which governs the VSA (C.A. 23-cv-1048, Dkt. 82-2; C.A. 23-cv-1050, Dkt. 75-2 at 15-16), upholds "the fundamental contract law principle that a court's interpretation of a contract 'should not read a contract so as to render any term, phrase, or provision meaningless or superfluous.'" *Ward v. TheLadders.com, Inc.*, 3 F. Supp. 3d 151, 162 (S.D.N.Y. 2014) (quoting *Givati v. Air Techniques, Inc.*, 104 A.D.3d 644, 645 (N.Y. App. Div. 2013) (collecting cases)); *see also Snug Harbor Square Venture v. Never Home Laundry, Inc.*, 252 A.D.2d 520, 521 (N.Y. App. Div. 1998) (holding that "a court should not adopt an interpretation which would leave any provision without force and effect," which cannot reflect "the reasonable expectations of the parties").

Here, allowing Entropic to rely on its own improper suit against Comcast to satisfy the willful infringement exemption cannot reflect a correct interpretation of the covenant because it would render the covenant meaningless. Under Entropic's theory, it need only establish that it had filed a lawsuit against Comcast—in violation of the

covenant—in order to render the covenant entirely inoperable. Such an interpretation would allow the exemption to swallow the rule.

Accepting Entropic's argument that it can avoid an explicit contractual provision through the act of violating that same provision would contravene New York law and be fundamentally unfair. *Cf. Castle Creek Tech. Partners v. Cellpoint Inc.*, 2002 WL 31958696, at *7 (S.D.N.Y. Dec. 6, 2002) ("When a party to a contract has breached the agreement, however, either by acting in bad faith or by violating an express covenant within the agreement, it may not later rely on that breach to its advantage."); *Island Estates Mgt., Inc. v. Mba-Manorhaven, LLC*, 2006 N.Y. Slip Op. 51569, at *6 (N.Y. Sup. Ct. 2006) ("A party cannot use its own breach of a contract as a basis for cancelling a contract."); 23 Samuel Williston & Richard A. Lord, Williston on Contracts § 63:8 (4th ed. 2009) ("[A] contracting party cannot benefit from its own breach.").

Entropic's supplementation is thus futile, which is reason enough to deny its motion. *See Johnson*, 356 F.3d at 1077 ("Futility alone can justify the denial of a motion to amend.") (quotation omitted).

### a.   Willfulness requires *pre-suit* notice.

Even apart from the VSA's covenant, which must be given effect, Entropic's proposed supplementation is futile because willful infringement cannot depend on post-suit notice.   As this Court recognized in dismissing Entropic's First Amended Complaint, a plaintiff seeking to plead willful infringement must "allege facts showing an egregious case of misconduct beyond typical infringement," which requires, at a minimum, "that the defendant knew of the asserted patent **and** knew or should have known of its infringement of that patent."   C.A. 23-cv-1048, Dkt. 132 at 9; C.A. 23-cv-1050, Dkt. 121 at 9 (quotation, alteration omitted).   The Court carefully considered Entropic's allegations and found they did "not plausibly demonstrate [Comcast's] knowledge of infringement" before Entropic filed suit.   *Id.* at 9–11.   Unable to plead such pre-suit knowledge, Entropic now seeks to allege that Comcast received "notice and knowledge of its infringement" from this lawsuit itself—i.e., "the original

Complaint and accompanying exhibits (including detailed charts), the First Amended Complaint and accompanying exhibits (including detailed charts), and Entropic's infringement contentions." C.A. 2:23-cv-1043, Dkt. 193 at 12; C.A. 2:23-cv-1049, Dkt. 131 at 11.  According to Entropic, merely alleging that "Comcast continued to infringe" after Entropic filed and served its complaints and contentions is sufficient to assert willful infringement.  C.A. 2:23-cv-1043, Dkt. 193 at 19; C.A. 2:23-cv-1049, Dkt. 131 at 17.  Entropic is incorrect.

Courts in this District, the Ninth Circuit, and across the country have rejected analogous willfulness claims based on papers served earlier in the same litigation, which would have the absurd result of transforming *every* infringement claim into willful infringement unless the defendant immediately ceased all accused conduct and effectively agreed to a preliminary injunction.  Indeed, "[i]t seems beyond the pale to expect every patent defendant to cease all allegedly infringing conduct once a complaint is filed to force them to avoid enhanced damages for willful infringement." *Ravgen, Inc. v. Quest Diagnostics Inc.*, No. 2:21-CV-09011-RGK-GJS, 2022 WL 2047613, at *3 (C.D. Cal. Jan. 18, 2022) (quotation, alteration omitted) (dismissing willful infringement claim).  After all, "where a Defendant continues their allegedly infringing operation after they are sued, they may simply 'subjectively believe[ ] the plaintiff's patent infringement action has no merit,'" which is consistent with continuing the accused activities.  *Id.* (quoting *Slot Speaker Techs., Inc. v. Apple, Inc.*, No. 13-CV-01161-HSG, 2017 WL 4354999, at *2 (N.D. Cal. Sept. 29, 2017) (denying leave to amend and holding that "adding a willful infringement claim in this case would be

futile" because it was based on "Defendant's post-suit manufacturing and sales")). Courts across California have repeatedly reaffirmed this principle.[6,7]

The fact that Entropic seeks to raise post-suit willfulness in a second amended complaint rather than the original complaint does not change the result. For claims that require knowledge, a plaintiff must allege that the defendant had such knowledge "prior to filing the action, regardless of whether that allegation is made in an original complaint or an amended complaint." *GoTV Streaming, LLC v. Netflix, Inc.*, No. 2:22-cv-07556-RGK-SHK, 2023 WL 2627016, at *3 (C.D. Cal. Feb. 16, 2023) (dismissing amended complaint alleging induced infringement, which also requires knowledge). To hold otherwise would render any rule against relying on the original complaint meaningless since the patentee could always file an amended complaint to assert willfulness based on knowledge gleaned from the earlier complaint. Again, this would force defendants

---

[6] *See, e.g.*, *Dental Monitoring SAS v. Align Tech., Inc.*, No. C 22-07335 WHA, 2023 WL 4297570, at *6 (N.D. Cal. June 30, 2023) (dismissing willfulness claims—"the filing of a complaint cannot, standing alone, serve as notice for purposes of willful and indirect infringement"); *Splunk Inc. v. Cribl, Inc.*, No. C 22-07611 WHA, 2023 WL 2562875, at *4 (N.D. Cal. Mar. 17, 2023) (dismissing willfulness claims where "allegations are insufficient to plead pre-suit knowledge, as required for willful and indirect patent infringement"); *Sonos, Inc. v. Google LLC*, 591 F. Supp. 3d 638, 646 (N.D. Cal. 2022) (joining "district courts that do not generally allow the complaint to serve as notice"); *Arbmetrics, LLC v. Dexcom Inc.*, No. 18-CV-00134-JLS-KSC, 2019 WL 12473781, at *4 (S.D. Cal. Feb. 19, 2019) (dismissing willfulness claims based on "continuing post-suit manufacturing and sales," which "cannot be the sole evidence to support a willful infringement claim"); *Finjan, Inc. v. Cisco Sys. Inc.*, No. 17-CV-00072-BLF, 2017 WL 2462423, at *5 (N.D. Cal. June 7, 2017) (dismissing willful infringement claim based in part on lack of requisite "pre-suit knowledge").

[7] "Certain courts have also required an explicit pleading of some egregious act to make a willfulness allegation plausible. *See Google LLC v. Princeps Interface Techs.*, No. 19-cv-06566-EMC, 2020 WL 1478352, at *5-6 (N.D. Cal. Mar. 26, 2020) ("However, [plaintiff's amended complaint] does not plausibly show with specificity that [defendant]'s conduct was egregious . . . [i]ndeed its brief focuses only on Google's knowledge of the '963 patent."). Unable to satisfy even the requirement of pre-suit knowledge and knowledge of infringement for any asserted patent, Entropic certainly cannot allege that Comcast engaged in egregious conduct.

---

to "cease all allegedly infringing conduct once a complaint is filed to avoid such claims in the future." *Id.* (quotation omitted); *see also iFIT Inc. v. Peloton Interactive, Inc.*, No. CV 21-507-RGA, 2022 WL 609605, at *2 (D. Del. Jan. 28, 2022) ("[A]n amended complaint cannot rely upon the original complaint as a basis to allege knowledge for a willful infringement claim."); *accord Wrinkl, Inc. v. Facebook, Inc.*, No. 20-CV-1345-RGA, 2021 WL 4477022, at *7 (D. Del. Sept. 30, 2021).

Apart from manufacturing willfulness in every garden-variety infringement case, there are sound policy reasons for rejecting reliance on the complaint and other litigation papers to show willfulness. Fundamentally, "[t]he purpose of a complaint is to obtain relief from an existing claim and not to create a claim." *GoTV*, 2023 WL 2627016, at *3 (quotation omitted). "The limited authority vested in our courts by the Constitution and the limited resources made available to our courts by Congress counsel against encouraging plaintiffs to create claims by filing claims," and it is "neither wise nor consistent with principles of judicial economy to allow court dockets to serve as notice boards for future legal claims for . . . enhanced damages." *ZapFraud, Inc. v. Barracuda Networks, Inc.*, 528 F. Supp. 3d 247, 251 (D. Del. 2021); *see also Pact XPP Schweiz AG v. Intel Corp.*, No. 1:19-CV-01006-JDW, 2023 WL 2631503, at *5 (D. Del. Mar. 24, 2023) ("There are many reasons why a complaint can't constitute the basis willful infringement, among them that a complaint can't constitute an element of a claim that it purports to raise, and that it would mean all infringement suits involve willful infringement."). By contrast, limiting willfulness to "pre-suit knowledge through a cease-and-desist letter that calls out patent claims and how accused products infringe should be encouraged" as a matter of public policy to promote resolution of disputes and ease burdens on courts. *Splunk*, 2023 WL 2562875, at *3.

Entropic's cited cases (C.A. 2:23-cv-1043, Dkt. 193 at 11-12; C.A. 2:23-cv-1049, Dkt. 131 at 11–12) are distinguishable and do not compel a different outcome. In Entropic's lead case, *MyMedicalRecords, Inc. v. Jardogs, LLC*, 1 F. Supp. 3d 1020, 1023 (C.D. Cal. 2014), the court allowed indirect and willful infringement claims to

proceed against a defendant (AllScripts) that plausibly had pre-suit knowledge of an asserted patent from a complaint filed in *a different, earlier* lawsuit against a company (Jardogs) that AllScripts had recently acquired. *Id.* at 1025–26. The patentee alleged that, despite AllScripts' knowledge of the prior lawsuit against Jardogs, AllScripts incorporated Jardogs' accused technology into its own products that were accused in the follow-on complaint against AllScripts. *Id.* at 1025. The fact-specific scenario in *MyMedicalRecords* does not apply here because Entropic is relying solely on its own pleadings against **Comcast** in *this* lawsuit. *See* C.A. 23-cv-1050, Dkt. 121 at 9; C.A. 23-cv-1048, Dkt. 132 at 9 (this Court explaining that "[l]itigation against other defendants provides a sufficient basis for willful infringement only in narrow circumstances" based on "specific factual allegations" that Entropic failed to plead).

*Apple Inc. v. Samsung Electronics Co.*, 258 F. Supp. 3d 1013 (N.D. Cal. 2017), and *Fluidigm Corp. v. IONpath, Inc.*, No. C 19-05639 WHA, 2020 WL 1433178 (N.D. Cal. Mar. 24, 2020), are equally inapposite. Both of these cases involved facts that went beyond merely continuing accused activities after receiving a complaint or infringement contentions in litigation. In *Apple*, which addressed willfulness post-trial, the court relied on the defendant's pre-suit "copying" of the patented feature. 258 F. Supp. 3d at 1028. Entropic does not, and cannot, allege such copying here. In *Fluidigm*, the defendant "officially launched" the accused product only after the original complaint was filed and then proceeded to "proclaim[] [the accused products] in several articles" and "demonstrated them" at a conference. 2020 WL 1433178, at *3. Entropic does not allege any new, post-filing, allegedly infringing conduct here.

The only additional post-filing conduct that Entropic cites beyond continuing alleged infringement is that Comcast "sought indemnification from its third-party vendors." C.A. 2:23-cv-1043, Dkt. 193 at 12; C.A. 2:23-cv-1049, Dkt. 131 at 11. But Entropic does not explain how this could possibly support a claim for willful infringement, and the law is clear that it cannot: A defendant's insurance or indemnification against liability is not evidence of misconduct. *See In re Gabapentin*

*Patent Litig.*, No. 00-CV-2931-FSH, 2011 WL 1807448, at *9 (D.N.J. May 12, 2011) (excluding "evidence of liability insurance and indemnification" where "Plaintiffs do not cite a single case in which a court permitted the use of such evidence to establish willfulness," which "runs afoul of [Federal] Rule [of Evidence] 411"); *see also* Fed. R. Evid. 411 ("Evidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully."); *Gabapentin*, 2011 WL 1807448, at *9 n.33 ("Indemnification agreements are treated like liability insurance under Rule 411.").

Entropic's other out of District cases do not provide useful guidance. In *Traxcell Technologies LLC v. Google LLC*, No. 22-CV-4807-JSC, 2022 WL 17072015, at *7 (N.D. Cal. Nov. 17, 2022), the court did not provide any reasoning, and the record reveals that the defendant's attorney was unprepared to address the relevant case law. *See Traxcell Techs. LLC v. Google LLC*, No. 22-cv-4807-JSC, Dkt. 77 at 12:18-13:18 (Nov. 17, 2022). Entropic's remaining cases only show that some judges in the District of Utah (*Longhorn*), Western District of Texas (*BillJCo*), and the District of Delaware (*Torchlight*) have taken a different approach. For the reasons discussed above, however, this Court should follow the approach favored by most courts in the Central and Northern Districts of California (as well as the majority of judges in Delaware[8]) and reject Entropic's attempt to convert garden-variety infringement claims into

---

[8] *Cleveland Medical Devices Inc. v. ResMed Inc.*, 2023 WL 6389628, at *6 (D. Del. Oct. 2, 2023) (Williams, J.) ("[T]his Court adopts the view that '[t]he complaint itself cannot serve as the basis for a defendant's actionable knowledge' for a willful infringement claim."); *iFIT Inc. v. Peloton Interactive, Inc.*, 2022 WL 609605, at *2 (D. Del. Jan. 28, 2022) (Andrews, J.) ("My view is that an amended complaint cannot rely upon the original complaint as a basis to allege knowledge for a willful infringement claim."); *Boston Scientific Corp. v. Nevro Corp.*, 560 F.Supp.3d 837, 844-45 (D. Del. 2021) (Connolly, J.) ("I conclude that the operative complaint in a lawsuit fails to state a claim for willfulness-based enhanced damages under § 284 where the defendant's alleged knowledge of the asserted patents is based solely on the content of that complaint or a prior version of the complaint filed in the same lawsuit.") (citation omitted).

COMCAST'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT COMPLAINT
NO. 2:23-CV-1049-JWH-KES / No 2:23-CV-01043-JWH-KES

15

willfulness based on its own litigation filings.  Indeed, even if post-suit willfulness is actionable in some cases, it should not apply here where Entropic's theory would render the VSA's covenant not to sue meaningless.

**2.     The Court should deny Entropic's supplemental willfulness allegations because of its undue delay and bad faith.**

Although futility is sufficient to deny Entropic's motion, "undue delay combined with bad faith is [also] enough to justify a denial of a motion to amend" or supplement. *Trans Video Elecs., Ltd. v. Sony Elecs., Inc.*, 278 F.R.D. 505, 509–10 (N.D. Cal. 2011), *aff'd*, 475 F. App'x 334 (Fed. Cir. 2012).  Both factors are present here.

The key inquiry in assessing delay "is whether the moving party knew or should have known the facts and theories raised by the amendment" when it filed the earlier pleading it seeks to amend. *Jackson*, 902 F.2d at 1388; *In re Circuit Breaker Litig.*, 175 F.R.D. 547 (C.D. Cal. 1997) ("According to the Ninth Circuit, late amendments to assert new theories are not reviewed favorably when the facts and the theories have been known in the party seeking amendment since the inception of the cause of action."). Here, there is no question that Entropic could have raised its "post-suit" willfulness theory in its First Amended Complaint.  A central premise of that theory is that "Comcast received [notice] of its infringement in the original Complaint and accompanying exhibits (including detailed claim charts)" (C.A. 2:23-cv-1043, Dkt. 193 at 12; C.A. 2:23-cv-1049, Dkt. 131 at 10), which Entropic filed in February 2023.  C.A. 23-cv-1048, Dkt. 1; C.A. 23-cv-1050, Dkt. 1.  Comcast moved to dismiss the original complaint in May 2023, and in doing so relied on the VSA that limits any infringement claims to willful infringement.  C.A. 23-cv-1048, Dkt. 54-4; C.A. 23-cv-1050, Dkt. 51-4, ¶¶ 3-5.  In response, Entropic filed its First Amended Complaint on June 5, 2023 (C.A. 23-cv-1048, Dkt. 69-1; C.A. 23-cv-1050, Dkt. 65-1), which alleged that "Comcast's infringement of the [asserted patents] is, has been, and continues to be willful, intentional, deliberate, and/or in conscious disregard for Entropic's rights under the patent" (C.A. 23-cv-1048, Dkt. 69-1 at ¶¶ 149, 174, 199, 224, 249, 269, 294, 317;

C.A. 23-cv-1050, Dkt. 65-1 at ¶¶ 199, 234, 269, 304, 339, 374, 409, 443, 477, 511, 545, 579).  Entropic could have cited its original complaint and accompanying claim charts to support those allegations at the time, yet it chose not to do so.  Entropic offers no justification for its delay in raising this theory, which has now resulted in another, otherwise unnecessary, round of briefing and argument.

Entropic's conduct in concealing its post-suit willfulness theory until now also evinces bad faith.  During the hearing on August 9, 2023, the Court explicitly asked Entropic if it could cure the deficiencies in its willfulness allegations, and Entropic replied that it "can fix" them and "that's not a problem."  Aug. 9, 2023 Hr'g Tr. at 81:13-24.  Despite having everything it needed to supplement based its complaint and litigation conduct, Entropic delayed raising its new theory until after the Court ruled that its theories raised in the First Amended Complaint lacked merit.  This demonstrates that Entropic does not truly believe that its post-suit theory has any merit and is only raising it now in "a last-ditch attempt to avoid the case being dismissed in its entirety," which "exhibits bad faith."  *Patwardhan*, 2014 WL 1092898, at *4 n.4 (quotation omitted) (finding plaintiff's delay of eight months after it knew of defect was too long and weighed against amendment); *Circuit Breaker*, 175 F.R.D. at 552 (denying leave to amend where party had already amended once and did not show why "it could not have added its new [allegations] on the prior occasions that it amended").

In short, the timing of Entropic's motion to supplement to add willfulness allegations based on the original complaint—after the Court dismissed its First Amended Complaint and despite having had this argument available since filing the case in February—indicates bad faith and weighs against leave. *See Trans Video*, 278 F.R.D. at 510 (finding motion to amend "after briefing was completed on the summary judgment motion and the hearing on the motion was a week and a half away—i.e., when the proverbial writing was on the wall" and "the Court stated its grave concerns about the viability of" the plaintiff's existing claim, was belated and in bad faith).

Accordingly, the Court should deny Entropic's motion for leave to supplement because of undue delay and bad faith, in addition to its futility.

### 3.  The Court should deny leave to supplemental allegations concerning the two newly-asserted patents for similar reasons.

Entropic extends its post-complaint willfulness allegations to two new patents: U.S. Patent Nos. 9,866,438 ("the '438 patent") and 11,785,275 ("the '275 patent") that it raised with Comcast for the first time during the course of the instance litigation.[9] Its post-suit willfulness allegations concerning these patents should not be allowed for similar reasons as the originally asserted patents.

On October 29, 2023, Entropic's outside counsel informed Comcast's outside counsel that "Entropic intends to seek leave in the 1050 case to add U.S. Patent Nos. 9,866,438 and 11,785,275." Ex. A (Richey Oct. 29 email).[10] On November 1, 2023, counsel for Comcast explained that Comcast would consent to Entropic amending its pleadings to add these patents, so long as Entropic added any additional allegations related to willfulness, so that Comcast could renew its motions to dismiss. Ex. B (Padmanabhan Nov. 1 email). Instead, on November 4, 2023, outside counsel for Entropic sent "exemplary infringement charts" for the '438 and '275 patents to outside counsel for Comcast, and, on November 13, 2023, Entropic filed a motion to supplement the First Amended complaint to add these two patents to the case.

The assertion in Entropic's proposed supplemental complaint that Comcast has "has known of or has been willfully blind to the ['275 patent and '438 patent] since. . . November 3, 2023" is preposterous. Entropic *had only identified the patents to Comcast's outside counsel days earlier, and it did so not to provide Comcast notice of them, but rather to assert them in this already-filed lawsuit.* Ex. A (Richey Oct. 29 email) ("Entropic intends to seek leave in the 1050 case to add U.S. Patent Nos.

---

[9] C.A. 23-cv-01049, Dkt. 131-2, ¶¶ 450, 458, 475, 480.

[10] Citations to Exhibits ("Ex. A" and "Ex. B") are to exhibits accompanying the Declaration of Krishnan Padmanabhan, submitted concurrently with this opposition.

9,866,438 and 11,785,275."). Entropic's willfulness allegations are thus no different for the '275 patent and '438 patent than for the patents asserted in the Original Complaint, and they are futile for the same reasons.

Entropic's litigation conduct, which the covenant not to sue prohibits, cannot trigger the covenant's willfulness exemption or else the covenant would have no effect. And Entropic cannot establish willfulness based on infringement contentions it provided after stating it intended to add the patents to this case without impermissibly converting defense of the lawsuit, which Comcast is entitled to do, into willful infringement. Finally, there is no reason Entropic could not have amended its complaint to add the new patents as well as any willfulness allegations in the manner Comcast requested on November 1, 2023. Instead, Entropic manufactured notice by delaying the filing of its amended complaint and providing infringement contentions first. Such gamesmanship should not be countenanced, and its request to supplement to add willfulness allegations as to these two patents should be denied.

## B. Entropic's revised allegations regarding the effect of MaxLinear's attempted (and improper) termination are futile, untimely, and prejudicial.

Entropic previously asserted that "MaxLinear, Inc. sent notice to Comcast of termination of the VSA by way of letter on or about May 18, 2023"[11] and now adds the additional allegation that "the VSA has been terminated since no later than August 16, 2023. The VSA is therefore no longer in effect." C.A. 23-cv-1043, Dkt. 193-2 at ¶ 27; C.A. 23-cv-1049, Dkt. 131-2 at ¶ 189. However, Entropic's allegations are largely erroneous, as the VSA and SOW contain express termination provisions that prohibit MaxLinear's unilateral termination without the required notice. Specifically, the VSA provides that MaxLinear may terminate that agreement only "upon ninety (90) days'

---

[11] *Compare* C.A. 23-cv-1048, Dkt. 69-1 at ¶ 64; C.A. 23-cv-1050, Dkt. 65-1 at ¶ 59 (First Amended Complaint) *with* 23-cv-1043, Dkt. 193-2 at ¶ 26 *and* 23-cv-1049, Dkt. 131-2 at ¶ 188 (Ex. A showing supplemental paragraphs).

1    prior written notice to Comcast, if there has been no active SOW for a period of 1 year,"
2    while the SOW provides that "MaxLinear may terminate this SOW at any time upon
3    one (1) years' written notice to Comcast."[12]  This Court has already stated it "defers to
4    its sister court on [the] issue" of whether MaxLinear's letter was an effective
5    termination and held that it has little, if any effect on Comcast's Motion to dismiss.
6    C.A. 23-cv-1050, Dkt. 121 at 7; C.A. 23-cv-1048, Dkt. 132 at 7.  Entropic's additional
7    allegation cannot provide a basis for this Court to reconsider this issue.

8        Moreover, there is no question that Entropic has known about MaxLinear's
9    attempted termination for seven months (since May), and that Entropic has previously
10   amended its complaint with allegations regarding the purported effect of that attempted
11   termination. Given this passage of time, Entropic's attempt to now amend further
12   allegations is clearly untimely.  *Patwardhan*, 2014 WL 1092898, at *4 n.4 (finding
13   plaintiff's delay of eight months after it knew of defect was too long and weighed
14   against amendment); *Circuit Breaker*, 175 F.R.D. at 552 (denying leave to amend where
15   party had already amended once and did not show why "it could not have added its new
16   [allegations] on the prior occasions that it amended").

17       And its attempt to resurrect the issue of termination and present a new
18   (unfounded) assertion of when termination was effective, is clearly prejudicial.
19   Comcast has already expended effort and legal costs to litigate this issue in a Motion to
20   Dismiss Entropic's First Amended Complaint before this Court, and is litigating the
21   very question of the effectiveness (or lack thereof) of MaxLinear's purported
22   termination in the S.D.N.Y.  It should not need to do so again here.  *Ascon*, 866 F.2d at
23   1161 (allowing supplementation when a defendant "has already incurred substantial
24   litigation costs" and putting defendant "through the time and expense of continued

---

[12] C.A. 23-cv-1048, Dkt. 92-1; C.A. 23-cv-1050, Dkt. 84-1 at § 11.1; *id.* at SOW #1 at
3.

litigation on a new theory, with the possibility of additional discovery, would cause undue prejudice").[13]

## IV.    CONCLUSION

There is no basis to grant Entropic's Motion for Leave to Supplement the Complaint. The allegations set forth are futile, have been unnecessarily delayed, prejudice Comcast, and directly contravene this Court's earlier orders.

---

[13] Entropic's motion also references in passing counterclaims filed against Comcast by MaxLinear in S.D.N.Y. for misappropriation of trade secrets that pre-date the filing of this suit. C.A. 2:23-cv-1043, Dkt. 193 at 12; C.A. 2:23-cv-1049, Dkt. 131 at 11. Because the misappropriation (which Comcast denies) allegedly occurred before the filing of this case, it is not proper subject matter for supplementation under Rule 15(d). In any event, any amendment or supplementation concerning such claims is futile because they are wholly unconnected to any asserted patent. This Court has already held that the covenant not to sue "distinguishes among types of intellectual property"–"i.e., patents, trademarks, copyrights, and trade secrets" and that its willfulness exemption "is best understood as applying on a ***per-patent basis***." C.A. 23-cv-1048, Dkt. 132; C.A. 23-cv-1050, Dkt. 121 at 8 (emphasis added).

1

2

3    Dated:  December 15, 2023                WINSTON & STRAWN LLP

4                                            By: */s/ K. Padmanabhan*

5                                                K. Padmanabhan (SBN: 254220)
                                                 kpadmanabhan@winston.com
6                                                **WINSTON & STRAWN LLP**
                                                 200 Park Ave., Fl. 40
7                                                New York City, NY 10166
                                                 Tel: (212) 294-6700
8                                                Fax: 212-294-4700

9                                                Diana Hughes Leiden (SBN: 267606)
                                                 dhleiden@winston.com
10                                               **WINSTON & STRAWN LLP**
                                                 333 S. Grand Ave.
11                                               Los Angeles, CA  90071
                                                 Tel: (213) 615-1700
12                                               Fax: (213) 615-1750

13                                               Brian Ferguson (*pro hac vice*)
                                                 bferguson@winston.com
14                                               **WINSTON & STRAWN LLP**
                                                 1901 L Street NW
15                                               Washington, DC 20036
                                                 Tel: (202) 282-5000
16                                               Fax: (202) 282-5100

17                                               Saranya Raghavan (*pro hac vice*)
                                                 sraghavan@winston.com
18                                               **WINSTON & STRAWN LLP**
                                                 35 West Wacker, Dr.
19                                               Chicago, IL 60601
                                                 Tel: (312) 558-5600
20                                               Fax: (312)558-5700

21                                               *Attorneys for Comcast Defendants*

22

23

24

25

26

27

28