Christina N. Goodrich (SBN 261722)
christina.goodrich@klgates.com
Cassidy T. Young (SBN 342891)
cassidy.young@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, CA 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

(additional counsel listed
on signature page)

*Attorneys for Plaintiff*
*Entropic Communications, LLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> DISH NETWORK CORPORATION, *et al.*, <br><br> Defendants. | Case No.: 2:23-cv-01043-JWH-KES (Lead Case) <br> Case No.: 2:23-cv-01047-JWH-KES (Related Case) <br> Case No.: 2:23-cv-01048-JWH-KES (Related Case) <br> Case No.: 2:23-cv-05253-JWH-KES (Related Case) |
| ENTROPIC COMMUNICATIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> COX COMMUNICATIONS, INC., *et al.*, <br><br> Defendants. | [Assigned to the Honorable John W. Holcomb] <br><br> **PLAINTIFF ENTROPIC COMMUNICATIONS, LLC'S REPLY BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION OF COURT'S ORDER ON COMCAST'S MOTION TO DISMISS [DE 132] PURSUANT TO LOCAL RULE 7-18** <br><br> Hearing Date: January 5, 2024 <br> Hearing Time: 9:00 a.m. <br> Courtroom: 9D (Santa Ana) |

**REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION**

ENTROPIC COMMUNICATIONS, LLC,

                Plaintiff,

     v.

COMCAST CORPORATION, *et al.*,

                Defendants.

ENTROPIC COMMUNICATIONS, LLC,

                Plaintiff,

     v.

DIRECTV, LLC, *et al.*,

                Defendants.

1

**REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION**

1    Plaintiff[1] respectfully submits this Reply Brief in support of its Motion for

2    Reconsideration pursuant to Local Rule 7-18 (the "Motion").

3    ## I.   __INTRODUCTION__

4    Comcast's Opposition relies on the mistaken assumption that the Court

5    considered the *Air Prod. & Chemicals* line of cases[2] simply because they were included

6    in the Parties' supplemental briefing, notwithstanding the fact that the Court did not

7    mention, analyze, or distinguish them in its Order—after specifically requesting for the

8    Parties to submit briefing relating to the same. Comcast asserts that perhaps the Court

9    merely "did not adopt the case law", *see* DE 202 (the "Opp.") at 9:7–8; however, *even*

10   *if* the Court ultimately rejected Plaintiff's position regarding the *Air Prod. & Chemicals*

11   authority, the Court's Order does not explain why this binding precedent does not apply.

12   The Court's final Order is substantively identical to its Tentative Ruling issued prior to

13   the Parties' oral argument and supplemental briefing, *see* DE 175; thus, it appears that

14   the Court may have inadvertently overlooked the *Air Prod. & Chemicals* line of cases—

15   which forms the basis for Entropic's Motion. Because reconsideration will clarify the

16   Court's Order, further the interests of efficiency, and conserve judicial resources, *see*

17   DE 186 at Sec. IV.C, this Court should reconsider its Order to address the Parties'

18   briefing and arguments relating to the *Air Prod. & Chemicals* line of cases. Without

19   reconsideration, the Federal Circuit will be left to guess how this binding precedent was

20   interpreted and could result in a remand for further proceedings to provide insight into

21   the Court's analysis of this precedent.

22

23   ---

[1] The following definitions are used in this brief: Plaintiff Entropic Communications,
24   LLC ("Entropic" or "Plaintiff"); Defendants Comcast Cable Communications
     Management, LLC; Comcast Corporation; and Comcast Cable Communications, LLC
25   (collectively, "Comcast" or "Defendants").

26   [2] The "*Air Prod. & Chemicals* line of cases" collectively refers to the following: *Air
     Prod. & Chemicals, Inc. v. Reichhold Chemicals, Inc.*, 755 F.2d 1559 (Fed. Cir. 1985);
27   *Cooper Notification, Inc. v. Twitter, Inc.*, 545 F. App'x 959 (Fed. Cir. 2013); *Highway
     Equip. Co., Inc. v. FECO, Ltd.*, 469 F.3d 1027 (Fed. Cir. 2006); *Pixton v. B & B Plastics,*
28   *Inc.*, 291 F.3d 1324 (Fed. Cir. 2002); *Applied Biosystems Group v. Illumina, Inc.*, 282
     F. Supp. 2d 1120 (N.D. Cal. 2003); and *Kunkel v. Topmaster Int'l, Inc.*, 906 F.2d 693
     (Fed. Cir. 1990).

## II.  **ARGUMENT**

### A.  **The Court did not analyze the *Air Prod. & Chemicals* line of cases or the Parties' supplemental briefs.**

Comcast asserts that the Court considered but failed to "adopt the [*Air Prod. & Chemicals*] case law" after (1) noting that the issue of standing was "an 'important' one that it 'need[ed] to get right'"; (2) hearing "Entropic's legal arguments and cases that were presented at length at the hearing, in a slide deck filed with the Court"; and (3) reviewing "supplemental briefing specifically permitted by the Court".  Opp. at 9:7–17. Comcast's assertion actually proves Entropic's point: The Court considered the Parties' initial briefs, *see* DE 175 at 3 n.8, and analyzed the cases cited therein, *see, e.g., id*. at 9–10.   The Order also addressed, in detail, the VSA and Entropic's willfulness allegations.  *See* DE 175 at 5–11.  Absent from the Court's Order, however, is any mention or discussion of the *Air Prod. & Chemicals* line of cases that "were presented at length at the hearing" or the Parties' supplemental briefing "specifically permitted by the Court."  *See* Opp. at 9:14–16.  Given that the Court thoroughly and meticulously addressed the issues set forth in the Parties' initial briefing, it is implausible that the Court reviewed, analyzed, and rejected Plaintiff's arguments based on the *Air Prod. & Chemicals* line of cases without any mention of the same in its Order.  *See generally* DE 175.  This is especially true where, as is the case here, the *Air Prod. & Chemicals* line of cases are precedential and binding on this Court.[3]  *See Preminger*, 517 F.3d at 1309 ("A prior precedential decision on a point of law by a panel of this court is binding precedent and ***cannot be overruled or avoided*** unless or until the court sits en banc.") (emphasis added).

Further, the cases that Comcast cites in support are inapposite.  For example, in *Garcia v. Shasta Beverages, Inc.*, the plaintiff sought for the court to reconsider its

---

[3] Notably absent from Comcast's Opposition is any denial that the *Air Prod. & Chemicals* line of cases are precedential.  *See generally* Opp.  This is not surprising given that it cannot be disputed that Federal Circuit authority binds this Court. *Preminger v. Sec'y of Veterans Affs.*, 517 F.3d 1299, 1309 (Fed. Cir. 2008).

**REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION**

denial of class certification based on, *inter alia*, failure to consider several material facts concerning the defendants' employment policies that were previously submitted to the Court in plaintiff's original motion for class certification.  No. 2:19-cv-07798-JWH-AFMx, 2021 WL 1502917, at *4 (C.D. Cal. Feb. 25, 2021).  The Court explained that the plaintiff's "sole argument" was that the Court failed to "analyze explicitly every argument and piece of evidence that Garcia submitted . . . ."  *Id*.  Entropic's position, however, is that the Court failed to consider *Federal Circuit binding case law*, not merely facts already presented to the Court.  Furthermore, the Court in *Garcia* also declined to reconsider the class certification order because the case was *transferred* from another Judge, and reconsideration would result in the Court conducting a *post hoc* review of the prior Judge's reasoning and considerations.  *See Garcia*, 2021 WL 1502917, at *4 ("It would be improper for this Court to conduct a *post hoc* examination of Judge Anderson's reasoning and conclusions regarding the sufficiency of the arguments and evidence that were presented in connection with the Original Motion.").  The same consideration is not present here.

Comcast's reliance on *Safari v. Whole Foods Market, Inc.* is equally misplaced.  In that case, the plaintiff argued that the Court did not "sufficiently consider [an] unpublished decision" as well as an inapposite decision that plaintiff brought to the court's attention *via* "a Notice of Supplemental Authority a week before the Court issued its Order"—not that the Court wholly neglected to analyze a line of precedential decisions and their impact on the matter at issue despite requesting and receiving supplemental briefing to address them.  No. 8:22-cv-01562-JWH-KES, 2023 WL 8269774, at *3 (C.D. Cal. Oct. 10, 2023).  Because this Court did not mention, much less analyze, the *Air Prod. & Chemicals* line of cases, this Court should reconsider its Order granting Comcast's motion to dismiss.

## B.   The Court has inherent authority to correct its Order.

Comcast suggests that the Court should simply ignore Entropic's request for reconsideration of clear legal error, arguing that *even if* any legal error had been

committed, "there is no such ground to reconsider an interlocutory order in this District." Opp. at 11:1–3. Not so. Comcast's strict application of the text of Local Rule 7-18 would lead to absurd results—the Court would be forced to ignore legal errors and lack any ability to correct them. The Court may use its inherent authority to reconsider interlocutory rulings or interpret Local Rule 7-18 to apply to reconsideration of clear legal error.

This Court has broad inherent authority to correct its interlocutory decisions, and is not required to turn a blind eye to clear legal error when such an error is identified. *see City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (explaining that "a district court . . . possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."); *see also Classical Silk, Inc. v. Dolan Grp., Inc.*, 2016 WL 7637668, at *8 n.2 (C.D. Cal. Mar. 1, 2016) (collecting cases and explaining that courts within this District "have concluded that justice is best served by entertaining motions for reconsideration based on a perceived error of law to ensure that the court's prior order is not 'infected with error'"); *Thomas v. Hous. Auth. of Cty. of Los Angeles*, 2005 WL 6136322, at *4 (C.D. Cal. Sept. 19, 2005) (explaining that courts have "inherent authority to reconsider interlocutory rulings at any time prior to final judgment.").

For example, in *Merlo v. Wilkie*, this Court considered a motion for reconsideration despite finding that neither Rule 59(e) nor Local Rule 7-18 "provides a basis for reconsideration." No. 2-19-CV-05078-ODW-JCX, 2020 WL 5042776, at *5 (C.D. Cal. Aug. 25, 2020). Specifically, this Court stated that "as the [order at issue] is not a final order, the Court has inherent authority to modify it for sufficient cause. Therefore, the Court will consider whether either dismissal or reconsideration is appropriate." *Id.* The *Merlo* Court specifically found reconsideration appropriate to correct legal error where the Court previously denied the defendant's motion to strike the plaintiff's jury demand, but failed to consider a "Supreme Court [case that] held there is no right to a jury trial for [these] claims against the federal government." *Id.* at

4

*6.  After acknowledging its error, the Court ultimately granted reconsideration and struck the plaintiff's jury demand.  *See id.*  The same basis exists here.

Similarly, this Court has broad discretion in interpreting and applying its own Local Rules such that it could indeed grant reconsideration pursuant to Local Rule 7-18.  *See Reyes v. Marshalls of CA, LLC*, No. 2:22-cv-01245-ODW (ASx), 2022 WL 2753520, at *3 (C.D. Cal. Jul. 14, 2022) ("[B]road deference is given to a district court's interpretation of its local rules."); *Green v. Baca*, 306 F. Supp.2d 903 (C.D. Cal. 2004) ("The court . . . has broad discretion in the application of the local rules").  This is true regardless of whether Rules 59 or 60 specifically apply here as "Courts in this district have interpreted Local Rule 7-18 to be coextensive with Rules 59(e) and 60(b)."  *Lira v. Nat'l Distrib. Ctrs., LLC*, No. 5:21-cv-00672-JGB-kk, 2023 WL 8053857, at *2, 7 (C.D. Cal. Apr. 19, 2023) (citation omitted) (granting motion for reconsideration where court's prior order did not consider binding case law nor a material agreement).

Accordingly, this Court undoubtedly has the power to reconsider its order on Comcast's motion to dismiss.  As the Ninth Circuit explained in *Smith v. Clark County*, "[i]t is common for both trial and appellate courts to reconsider and change positions when they conclude that they made a mistake.  This is routine in judging, and there is nothing odd or improper about it.  A trial court may reconsider and reach a conclusion contrary to an earlier decision, and a paradigmatic example of when this should be done is when the court made its prior decision without considering the legal standards in a controlling opinion . . . ."  727 F.3d 950, 955 (9th Cir. 2013).

### C.    <u>Comcast is not entitled to sanctions.</u>

In its Opposition, Comcast baldly asserts that it is entitled to sanctions, and claims that Entropic violated Local Rule 7-18 by rearguing its position and failing to meet and confer.  This Court should reject Comcast's claims.

First, Comcast misunderstands the difference between *directing the Court* to the cases and arguments that Entropic asserts that the Court overlooked, and rearguing those

**REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION**

points. Entropic's Motion clearly did the former.[4]  Neither Party disputes that Entropic directed the Court to the same excerpts from *Air Products* in its Motion and did not present any "material information . . . that diverts from Entropic's oral argument and supplemental briefing." *See* Opp. at 13:1–7.  Moreover, Entropic's discussion on the amorphous provisions of the VSA only highlights to the Court the inconsistencies present in the Order that Entropic seeks to have the Court clarify. *See* DE 186 at 9–10. Accordingly, Entropic did not rehash its prior arguments, and instead directed the Court's attention to the arguments and authority that Entropic asserts the Court may have inadvertently overlooked prior to entering its Order.[5]

Second, as Entropic previewed in its Motion (and which Comcast has not disputed), Comcast has suffered no prejudice as a result of the minimal delay in conferring, and indeed rejected Entropic's offer to request to file its Motion beyond the applicable deadline to give Comcast enough time to consider Entropic's position. *See* DE 186-1, Young Decl. ¶ 7 ("Comcast's counsel (Mr. Padmanabhan) declined the offer [to request an extension of time to file] and stated that additional time for consideration was not necessary.  Indeed, he confirmed that the additional time would not change Comcast's position, which was to oppose the Motion."); *see also Reyes*, 2022 WL 2753520 at *3 ("[T]he Court will not disregard [Plaintiff's] Motion merely because counsel's meet-and-confer efforts did not technically comply with Local Rule 7-3."); *see also Green*, 306 F. Supp. at 913 n.40 ("Because there is no indication that plaintiff

---

[4] While Entropic certainly did not reargue its claims in its Motion, the same cannot be said for Comcast.  Indeed, Comcast uses its Opposition to rehash prior arguments relating to the *Air Prod. & Chemicals* line of cases. *See, e.g.*, Opp. at 13:27, 14:1-2 (arguing that "[u]nless Entropic is able to plausibly allege willfulness on a patent-by-patent basis, the law of the case will require dismissal of Entropic's claims for lack of constitutional standing"); *see also id.* at 14:2-6 (arguing that "[t]he *Air Products* case and the other authority that Entropic claims [are] 'dispositive' of the issues in Comcast's Motion to Dismiss address whether the cases arise under the patent laws for purposes of determining whether the district court has federal question jurisdiction under 28 U.S.C. § 1338—not whether a party has constitutional standing to bring suit").

[5] Comcast grossly misrepresents the Parties' conferral in its Opposition.  During the meeting, Entropic informed Comcast that it did *not* intend to "'repeat[]' already presented arguments," and that Entropic would not (and in fact did not) violate Local Rule 7-18's prohibition regarding the same. *But see* Opp. at 13:7-10.

---

6

**REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION**

was prejudiced by the one-day late filing, the court exercises its discretion to consider the declaration").  Sanctions, therefore, are not warranted.

## III.  **CONCLUSION**

In light of the foregoing, Entropic respectfully requests this Court grant Entropic's Motion, and reconsider its Order on Comcast's Motion to Dismiss.

Dated: December 22, 2023

Respectfully submitted,

By: */s/ Cassidy T. Young*

Christina Goodrich (SBN 261722)
christina.goodrich@klgates.com
Connor J. Meggs (SBN 336159)
connor.meggs@klgates.com
Cassidy T. Young (SBN 342891)
cassidy.young@klgates.com
Kelsi E. Robinson (SBN 347066)
kelsi.robinson@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, CA 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

James A. Shimota *(admitted pro hac vice)*
jim.shimota@klgates.com
George C. Summerfield *(admitted pro hac vice)*
george.summerfield@klgates.com
K&L GATES LLP
Suite 3300
70 W. Madison Street
Chicago, IL 60602
Tel.: (312) 372-1121
Facsimile: (312) 827-8000

Peter E. Soskin (SBN 280347)
peter.soskin@klgates.com
K&L GATES LLP
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: (415) 882-8200
Facsimile: (415) 882-8220

Darlene F. Ghavimi *(admitted pro hac vice)*
darlene.ghavimi@klgates.com
K&L GATES LLP

1

2801 Via Fortuna, Suite #350
Austin, TX 78746
Telephone: (512) 482-6800
Facsimile: (512) 482-6859

2

3

4

*Attorneys for Plaintiff*
*Entropic Communications, LLC*

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

**REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION**

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff Entropic Communications, LCC, certifies that this brief contains 2,342 words, which complies with the word limit of L.R. 11-6.1.

Dated: December 22, 2023

Respectfully submitted,

By: /s/ Cassidy T. Young

Christina Goodrich (SBN 261722)
christina.goodrich@klgates.com
Connor J. Meggs (SBN 336159)
connor.meggs@klgates.com
Cassidy T. Young (SBN 342891)
cassidy.young@klgates.com
Kelsi E. Robinson (SBN 347066)
kelsi.robinson@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, CA 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

James A. Shimota *(admitted pro hac vice)*
jim.shimota@klgates.com
George C. Summerfield *(admitted pro hac vice)*
george.summerfield@klgates.com
K&L GATES LLP
Suite 3300
70 W. Madison Street
Chicago, IL 60602
Tel.: (312) 372-1121
Facsimile: (312) 827-8000

Peter E. Soskin (SBN 280347)
peter.soskin@klgates.com
K&L GATES LLP
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: (415) 882-8200
Facsimile: (415) 882-8220

Darlene F. Ghavimi *(admitted pro hac vice)*
darlene.ghavimi@klgates.com
K&L GATES LLP

9

**REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION**

2801 Via Fortuna, Suite #350
Austin, TX 78746
Telephone: (512) 482-6800
Facsimile: (512) 482-6859

*Attorneys for Plaintiff*
*Entropic Communications, LLC*

**REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION**