BITA RAHEBI (CA SBN 209351)
brahebi@mofo.com
ALEX S. YAP (CA SBN 241400)
ayap@mofo.com
ROSE S. LEE (CA SBN 294658)
roselee@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, California 90017-3543
Telephone: (213) 892-5200
Facsimile: (213) 892-5454

[Additional counsel on signature page]

Attorneys for Counter-Defendants,
MAXLINEAR, INC. and MAXLINEAR
COMMUNICATIONS LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DISH NETWORK CORPORATION, et al.,<br><br>Defendants.<br><br>DISH NETWORK CALIFORNIA SERVICE CORPORATION,<br><br>Counter-Claimant,<br><br>v.<br><br>ENTROPIC COMMUNICATIONS, LLC; MAXLINEAR, INC.; AND MAXLINEAR COMMUNICATIONS LLC,<br><br>Counter-Defendants. | Case No. 2:23-cv-1043-JWH-KES (Lead Case)<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF COUNTER-DEFENDANTS MAXLINEAR, INC. AND MAXLINEAR COMMUNICATIONS LLC'S NOTICE OF MOTION AND MOTION TO DISMISS COUNTERCLAIMS BY DISH NETWORK CALIFORNIA SERVICE CORPORATION**<br><br>[*Filed concurrently with Notice of Motion and Motion*; *Declaration of R. Lee*; *Memorandum of Points and Authorities*; *and [Proposed] Order*]<br><br>Judge: Hon. John W. Holcomb<br><br>Action Filed: Feb. 10, 2023<br>Counterclaims Filed: Sept. 21, 2023<br><br>**Hearing:**<br>Date: Feb. 2, 2024<br>Time: 9:00 a.m.<br>Place: Courtroom 9D, Santa Ana<br>Judge: Hon. John W. Holcomb |

Counter-Defendants MaxLinear, Inc. and MaxLinear Communications LLC (collectively, "MaxLinear") request that the Court take judicial notice of the documents attached as Exhibits A and B, pursuant to Rule 201 of the Federal Rules of Evidence and the authorities cited below.

### A.   The Court Should Take Judicial Notice of Exhibit A

**Exhibit A** is the as-filed Exhibit A to the Counterclaims filed by Cox Communications, Inc., CoxCom, LLC, and Cox Communications California, LLC (collectively, "Cox") in *Entropic v. Cox Commc'ns, Inc.*, No. 23-cv-1047, ECF No. 94-1, in the United States District Court for the Central District of California.

MaxLinear requests that the Court take notice of the fact that Cox filed an exhibit, which is entitled the "Intellectual Property Rights (IPR) Policy" from the Multimedia over Coax Alliance ("MoCA"), revised October 31, 2017. The Court may take judicial notice of the filing of the exhibit because that fact is not subject to reasonable dispute and comes from a source whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b). Namely, the exhibit comes from a filing in an action currently pending before this Court that was consolidated with Case No. 2:23-cv-1043-JWH-KES.

In the Ninth Circuit, "court filings and other matters of public record" are sources whose accuracy cannot reasonably be questioned for the purposes of Rule 201. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) ("[U]nder Fed. R. Evid. 201, a court may take judicial notice of 'matters of public record.'"); *Arroyo v. DTPS C-12, LLC*, 2022 WL 17224717, at *1 (C.D. Cal. Jan. 31, 2022) (Holcomb, J.) (granting judicial notice of court cases and related public legal documents, as they "fall comfortably within the ambit of Rule 201"); *Edward v. Obama*, 2017 WL 3635180, at *2 n.1 (C.D. Cal. Aug. 23, 2017) ("Proceedings of other courts, including orders and filings, are [] the proper subject of judicial notice

2

when directly related to the case."). Accordingly, MaxLinear requests that the Court take judicial notice of attached **Exhibit A**.

### B. The Court Should Take Judicial Notice of Exhibit B

**Exhibit B** is a copy of a signed Promoter Member Agreement between EchoStar Technologies Corporation ("EchoStar") and the Multimedia over Coax Alliance ("MoCA"), as amended and executed on January 7, 2004 (the "Promoter Agreement"). The Promoter Agreement is the proper subject for judicial notice under the incorporation by reference doctrine.

The Court may consider on a motion to dismiss documents whose contents are alleged in the complaint, provided that (1) the complaint "necessarily relies" on the documents or contents thereof, (2) the document's authenticity is uncontested, and (3) the document's relevance is uncontested. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) (taking notice of an agreement that the facts suggested was "integral" to the complaint).

In its Counterclaims, Dish Network California Service Corporation ("Dish") cites to and relies on a version of the MoCA Intellectual Property Rights Policy as revised on January 24, 2011 (the "IPR Policy"). (Counterclaims (ECF No. 111), ¶ 527 n.12.) The IPR policy references the "Applicable Agreement" and "Alliance Bylaws," neither of which were submitted by Dish. To fully understand the scope of this IPR Policy and the provisions therein, one must also cross-reference the Alliance Bylaws and the Applicable Agreements of the MoCA members. (*See, e.g.,* IPR Policy, § 2 ("Other terms having initial capitals used herein, but which are not defined herein shall have the definitions ascribed to them in the Alliance Bylaws or the Applicable Agreement. In the case of inconsistent definitions, the Alliance Bylaws shall have first preference, and this document ('IPR Policy') shall have precedence over the Applicable Agreement[,]" and defining "Applicable Agreement" to include a Promoter Member Agreement).) *See also Bella+Canvas,*

3

*LLC v. TSC Apparel, LLC*, 2021 WL 8134400, at *2 (C.D. Cal. Jan. 5, 2021) (Holcomb, J.) (Plaintiff must attach a copy of the alleged contract, quote from the contract, or adequately plead the terms of the contract either *in haec verba* or according to legal effect); *Roman v. Vericrest Fin., Inc.*, 2013 WL 12142960, at *2 (C.D. Cal. Dec. 3, 2013) ("If the action is based on an alleged breach of a written contract, the terms must be set out verbatim in the body of the complaint, or a copy of the written contract must be attached to the complaint or incorporated by reference."). Dish later produced the Promoter Agreement in response to MaxLinear's request that Dish produce all applicable agreements as identified in the IPR Policy. (Declaration of Rose S. Lee ("Lee Decl."), Ex. 1.)

The Promoter Agreement should properly be considered by the Court as Dish alleges that, "by virtue of its affiliation with EchoStar, a founding member of MoCA in 2004, Dish California is a beneficiary of the MoCA IPR Policy." (Counterclaims, ¶ 553.) *See also Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) ("We have extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint."); *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1114 (C.D. Cal. 2003) (taking judicial notice of three contracts "that provide the foundation for plaintiffs' claims"); *McCool v. Wilson*, 2020 WL 7223252, at *4 (C.D. Cal. Oct. 28, 2020) (taking judicial notice of two agreements because the contents were alleged in the FAC and were "central to claims asserted by Plaintiff in the FAC").

MaxLinear therefore requests that this Court take judicial notice of attached **Exhibit B**.

| | | |
|---|---|---|
| Dated: | December 22, 2023 | MORRISON & FOERSTER LLP |

By:   */s/ Rose S. Lee*
      Rose S. Lee

BITA RAHEBI (CA SBN 209351)
brahebi@mofo.com
ALEX S. YAP (CA SBN 241400)
ayap@mofo.com
ROSE S. LEE (CA SBN 294658)
roselee@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, California 90017-3543
Telephone: (213) 892-5200
Facsimile: (213) 892-5454

RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street,
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

BRADLEY LUI (CA SBN 143088)
blui@mofo.com
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, DC 20037-1679
Telephone: (202) 887-1500
Facsimile: (202) 887-0763

Attorneys for Counter-Defendants
MAXLINEAR, INC. and
MAXLINEAR COMMUNICATIONS
LLC