| | |
|---|---|
| 1 | Christopher S. Marchese (SBN 170239) |
| 2 | marchese@fr.com |
|   | Tyler R. Train (SBN 318998) |
| 3 | train@fr.com |
|   | FISH & RICHARDSON P.C. |
| 4 | 633 West Fifth Street, 26th Floor |
|   | Los Angeles, CA 90071 |
| 5 | Tel: (213) 533-4240 / Fax: (858) 678-5099 |

*Additional Counsel Listed on Signature Page*

Attorneys for Defendant
DISH Network Corporation, et al.

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, | Case No. 2:23-cv-1043-JWH-KES |
| Plaintiff, | **DEFENDANT DISH NETWORK CALIFORNIA SERVICE CORPORATION'S EX PARTE APPLICATION TO EXTEND TIME TO AMEND AND/OR RESPOND TO MAXLINEAR'S MOTION TO DISMISS COUNTER-CLAIMS** |
| v. | |
| DISH NETWORK CORPORATION; DISH NETWORK L.L.C.; DISH NETWORK SERVICE L.L.C.; AND DISH NETWORK CALIFORNIA SERVICE CORPORATION, | District Judge: Hon. John W. Holcomb |
| | Magistrate Judge: Hon. Karen E. Scott |
| Defendants. | Hearing Date: |
| | Hearing Time: |
| | Courtroom: |
| | Judge: |

| | |
|---|---|
| 1 | DISH NETWORK CALIFORNIA SERVICE CORPORATION, |
| 2 | Counter-Claimant, |
| 3 | v. |
| 4 | |
| 5 | ENTROPIC COMMUNICATIONS, LLC; MAXLINEAR, INC.; AND MAXLINEAR COMMUNICATIONS LLC, |
| 6 | |
| 7 | |
| 8 | Counter-Defendants. |

**TO THIS HONORABLE COURT AND TO THE PARTIES AND THEIR COUNSEL OF RECORD: PLEASE TAKE NOTICE THAT**, pursuant to Local Rule 7-19, Defendant/Counter-Claimant Dish Network California Service Corporation ("Dish California") files this *ex parte* application pursuant to Federal Rule of Civil Procedure 6(c)(1)(C). Dish California seeks to extend the briefing schedule on the Motion to Dismiss (D.I. 236) filed by Counter-Defendants MaxLinear, Inc. and MaxLinear Communications LLC (collectively "MaxLinear"). The purpose of the requested extension is to align the response schedule for MaxLinear's Motion to Dismiss with an existing and identical schedule entered by the Court (D.I. 242) for Entropic Communications, LLC ("Entropic") to respond to Dish California's counterclaims. Because Entropic and MaxLinear have already raised overlapping challenges to the Counterclaims (Entropic by letter, MaxLinear by letter and motion), it will be more efficient for the Court to resolve these issues together, rather than address the issues in piecemeal fashion.

Moreover, the requested extension also promotes judicial efficiency by deferring MaxLinear's response to the Counterclaims until after a decision by the Court on already pending motions that may well moot many of MaxLinear's challenges to the counterclaims. These pending motions – regarding whether venue is proper over three Dish entities incorporated in Colorado – formed the basis for the stipulation between Entropic and Dish California that deferred Entropic's response to the Counterclaims under the schedule entered by the Court in D.I. 242. The requested extension in this ex parte motion simply puts the MaxLinear and Entropic challenges to the Counterclaims on the same schedule and increases the likelihood that MaxLinear and Entropic's arguments will be mooted or at least reduced in scope based on the outcome of the venue motions.

Counsel for Dish California met and conferred with counsel for MaxLinear prior to filing this *ex parte* application. Dish California proposed that MaxLinear agreed to the same stipulation as Entropic so that MaxLinear's and Entropic's

challenges to the Counterclaims would be on the same schedule.  MaxLinear rejected this proposal.  According to Local Rule 7-19, contact information for MaxLinear's counsel is provided in the certificate of service below.

\* \* \*

## I. THE REQUESTED EXTENSION PROMOTES JUDICIAL EFFICENCY

Dish California's Counterclaims against MaxLinear and Entropic overlap with respect to the substantive basis for the claims.  This overlap arises from the history of these parties.  In 2015, MaxLinear acquired a previous Entropic entity, which had owned the patents in suit, and in 2021 transferred the patents to newly-formed Plaintiff Entropic.  The new Entropic then filed this lawsuit against Dish California and the DISH Colorado Defendants.  Entropic bases its infringement allegation on the theory that practicing the MoCA standard requires infringement of the patents in suit, and thus triggers FRAND obligations arising under MoCA's Intellectual Property Rights policy ("IPR Policy") and relevant caselaw.  MaxLinear and Entropic (through its predecessors in interest) have been members of MoCA and bound to MoCA's IPR policy.

Dish California has asserted common counterclaims against both MaxLinear and Entropic: Counterclaims III, IV, VI, and VI.  More specifically, Counterclaim III seeks declaratory relief that the assignment from MaxLinear to Entropic is void based on the failure to include provisions required by the MoCA IPR policy in the assignment agreement.  Counterclaim IV alleges that both MaxLinear and Entropic were bound to offer FRAND license terms under the MoCA IPR policy and have breached that obligation.  Counterclaim V alleges that MaxLinear and Entropic (through its predecessors in interest) engaged in fraud and negligent misrepresentation

regarding their promises to MoCA. And counterclaim VI alleges civil conspiracy between MaxLinear and Entropic arising from these activities.

Not surprisingly, the common basis for these allegations as to both MaxLinear and Entropic has resulted in both counterclaim defendants seeking to dismiss the counterclaims on similar theories. The main thrust of MaxLinear's motion is that Dish California lacks standing to bring the counterclaims, an argument that Entropic has also raised in previous meet and confer sessions. More specifically, MaxLinear contends that Dish California is not entitled to a license under the IPR Policy because it is only an "affiliate" and therefore cannot enforce the terms—even though at least one DISH entity is a former member of MoCA and would (even according to MaxLinear) have standing. MaxLinear contends the standing issue permeates each of Dish California's four counterclaims against MaxLinear. Dish California disagrees with MaxLinear and is prepared to show through relevant FRAND, contract, and antitrust caselaw that Dish California can bring these counterclaims. Yet, as Dish California has previously explained to MaxLinear and Entropic, this standing issue may become moot if the DISH Colorado Defendants' venue motion is denied. (*See* Richards Dec. Ex. A.) For example, if the motion is denied, the DISH Colorado Defendants expect to file similar counterclaims and Dish California may amend its counterclaims, alleging each is a proper party to the counterclaims based on its relationship to the DISH entity that was a member of MoCA and based on operation of the IPR Policy as to MaxLinear and Entropic.

Entropic acknowledged that the outcome of the venue motion would significantly impact the procedural and substantive posture of the counterclaims, and likely result in at least some amendment of the counterclaims. For this reason, Entropic agreed to a stipulation under which Entropic's deadline to respond to the counterclaims as well as Dish's deadline for any amendments to the counterclaims would be triggered by the decision on the venue motions. (D.I. 242.)

In addition, regardless of the outcome of the venue motion, MaxLinear and Entropic raise parallel challenges to the counterclaims, further indicating the benefit of a single schedule for both counterclaim defendants. MaxLinear devotes a section of its motion to challenging the sufficiency of Dish California's civil conspiracy allegations and a section to arguing that voiding the assignment from MaxLinear to Entropic is not a valid form of relief as sought by Dish California's counterclaim III. Prior to stipulating to the new schedule, Entropic also indicated that it would challenge the counterclaims on these bases. (*See* Richards Dec. ¶ 8.)

Dish California therefore requests that the Court enter the following schedule as to MaxLinear (which is identical to the schedule with respect to Entropic recently granted by the Court in D.I. 242.):

- MaxLinear's recently filed Motion to Dismiss (D.I. 236) is taken off-calendar, without prejudice to MaxLinear filing a new Motion to Dismiss according to the schedule below.
- If the Court denies the DISH Colorado Defendants' venue motion, the DISH Colorado Defendants shall file an Answer and/or Counterclaims against MaxLinear within 21 days of the order denying the DISH Colorado Defendants' venue motion. Any amendment by Dish California to its Counterclaims against MaxLinear shall be filed no later than the date on which the DISH Colorado Defendants file an Answer and/or Counterclaims against MaxLinear.
- MaxLinear's deadline to respond to Dish California's Counterclaims, or any amendments thereto, against MaxLinear shall be 21 days after either: (i) an order from this Court granting the DISH Colorado Defendants' venue motion; or (ii) the DISH Colorado Defendants file an Answer and/or Counterclaims against MaxLinear, whichever is later.

This schedule will also likely result in other aspects of MaxLinear's motion becoming moot. For example, MaxLinear alleges that Dish California failed to attach

what it contends is the correct version of a contract under dispute; and further alleges that Dish California's counterclaims should be dismissed because Dish California failed to attach another contract MaxLinear contends is relevant. (*See* D.I. 233 at 15-16.) While Dish California disagrees that its pleading is deficient, these concerns can be mooted through a straightforward and simple amendment attaching those documents. In addition, the extension would promote judicial efficiency by aligning MaxLinear's response to Dish California's counterclaims with MaxLinear's response to any counterclaims that the separate DISH Colorado Defendants may file against MaxLinear. With the alignment, MaxLinear need only file one (not two) responses to the counterclaims, and the Court need only address one (not two) potential motions to dismiss filed by MaxLinear. Further still, only one hearing (not two) will be noticed. Schedule alignment of MaxLinear's response to the counterclaims with Entropic's schedule, moreover, will benefit the Court by having fulsome briefing from all parties, including Entropic, on the overlapping issues. Even if the venue motion is granted as to all DISH Colorado Defendants, it will be more efficient for the Court to resolve Dish California's counterclaims against both MaxLinear and Entropic at the same time.

## II.   THE RELIEF SOUGHT IN THIS *EX PARTE* APPLICATION CANNOT BE SOUGHT ACCORDING TO A REGULAR BRIEFING SCHEDULE

If sought by motion on a regular briefing schedule, the hearing date on this *ex parte* application would occur ***after*** the hearing date on MaxLinear's Motion to Dismiss. Moreover, without this schedule, Dish California would have to litigate its counterclaims in piecemeal fashion against Entropic and MaxLinear, and the issues presented by MaxLinear's motion would have to be addressed before the Court decides the venue motion and determines whether the DISH Colorado Defendants are part of this action. As Dish California would suffer prejudice that cannot be remedied through a normally-scheduled motion, Dish California seeks the relief through *ex parte* application.

## III. DISH CALIFORNIA HAS BEEN DILIGENT IN SEEKING TO ADDRESS THE ISSUES RAISED IN THIS *EX PARTE* APPLICATION WITHOUT COURT INTERVENTION.

Dish California's position has been consistent: any motions concerning its counterclaims should be heard after this Court decides the pending venue motion. Dish California has been diligent in pursuing this position without Court intervention.

Prior to the December 22 deadline, Dish California attempted to extend the response date for each of Entropic and MaxLinear, but only Entropic agreed. (*See* D.I. 242.) Dish California diligently attempted to reach agreement with MaxLinear on a schedule that would align with Entropic. Dish California made this proposal to MaxLinear on December 19, 2023, explaining that some of the issues raised by MaxLinear (and included in its pending Motion to Dismiss) may be resolved if the venue motion is denied and the DISH Colorado Defendants become part of the case. (*See* Richards Dec. at ¶ 2; *see also* Richards Dec. Ex. A.) Dish California followed with a letter that again raised extending the time for MaxLinear's response and again explained that a decision on the venue motion may simplify issues that would be raised in MaxLinear's Motion to Dismiss. (*See* Richards Dec. ¶ 4; Richards Dec. Ex. C.) MaxLinear filed its motion anyway. (Richards Dec. ¶ 3, Richards Dec. Ex. B.)

Finally, prior to filing this *ex parte* application, counsel for Dish California emailed counsel for MaxLinear explaining the substance of the present request. (*See* Richards Dec. ¶ 5, Richards Dec. Ex. D.) In addition to the efficiencies gained from delaying any response to the Counterclaims until after a decision on the venue motion, counsel for Dish California highlighted the efficiencies that may be gained from aligning the responses from MaxLinear and from Entropic. (*See id.*) The parties then met and conferred on Thursday, December 27, but were unable to reach an agreement to extend the schedule. (*See* Richards Dec. ¶ 6.) Out of courtesy given the holidays, Dish California worked with counsel for MaxLinear regarding when to present this

*ex parte* application, so as to allow counsel for MaxLinear time to provide a response after the holiday weekend. (*See id*.)

## IV. DISH CALIFORNIA IS WITHOUT FAULT IN SEEKING RELIEF.

MaxLinear's allegations (in its Motion to Dismiss) that Dish California has engaged in "dilatory litigation conduct" (D.I. 233 at 27) lacks merit. Rather than delay, Dish California has been seeking an orderly and efficient way to address and resolve MaxLinear's grievances with Dish California's counterclaims—an effort previously joined by MaxLinear through a prior agreed upon extension. (*See* D.I. 176.) Entropic's stipulation to the same schedule Dish California proposes for MaxLinear is confirmation of the reasonableness of how Dish California has sought to promote efficient resolution of the issues.

*       *       *

**Good cause having been shown,** Dish California respectfully requests that this Court grant the relief requested and extend the schedule for Dish California to amend and/or respond to the motion to dismiss filed by MaxLinear as set forth above.

Dated: January 3, 2024                    FISH & RICHARDSON P.C.

By: */s/ Oliver J. Richards*

|   |   |
|---|---|
| 1 | Christopher S. Marchese (SBN 170239) |
|   | marchese@fr.com |
| 2 | Tyler R. Train (SBN 318998) |
|   | train@fr.com |
| 3 | 633 West Fifth Street, 26th Floor |
|   | Los Angeles, CA 90071 |
| 4 | Tel: (213) 533-4240 |
| 5 |   |
|   | Adam R. Shartzer (*pro hac vice*) |
| 6 | Ruffin B. Cordell (*pro hac vice*) |
|   | cordell@fr.com |
| 7 | Richard A. Sterba (*pro hac vice*) |
|   | sterba@fr.com |
| 8 | Ralph A. Phillips (*pro hac vice*) |
|   | rphillips@fr.com |
| 9 | shartzer@fr.com |
| 10 | Michael J. Ballanco (*pro hac vice*) |
|   | ballanco@fr.com |
| 11 | Taylor C. Burgener (SBN 348769) |
|   | burgener@fr.com |
| 12 | FISH & RICHARDSON P.C. |
| 13 | 1000 Maine Ave., SW, Suite 1000 |
|   | Washington, DC 20024 |
| 14 | Tel: (202) 783-5070 |
| 15 |   |
|   | David M. Barkan (SBN 160825) |
| 16 | barkan@fr.com |
|   | FISH & RICHARDSON P.C. |
| 17 | 500 Arguello Street, Suite 400 |
|   | Redwood City, CA 94063 |
| 18 | Tel: (650) 839-5070 |
| 19 |   |
|   | Ashley A. Bolt (*pro hac vice*) |
| 20 | bolt@fr.com |
|   | FISH & RICHARDSON P.C. |
| 21 | 1180 Peachtree Street NE, 21st Floor |
|   | Atlanta, GA 30309 |
| 22 | Tel: (404) 892-5005 |
| 23 |   |
|   | Aaron P. Pirouznia (*pro hac vice*) |
| 24 | pirouznia@fr.com |
|   | FISH & RICHARDSON P.C. |
| 25 | 1717 Main Street, Suite 5000 |
|   | Dallas, TX 75201 |
| 26 | Tel: (214) 292-4073 |
| 27 | Fax: (214) 747-2091 |
| 28 | Oliver Richards (SBN 310972) |

orichards@fr.com
John-Paul Fryckman (SBN 317591)
fryckman@fr.com
Fish & Richardson P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: (858) 678-5070

Attorneys for Defendants
DISH Network Corporation, et al.