BITA RAHEBI (CA SBN 209351)
BRahebi@mofo.com
ALEX S. YAP (CA SBN 241400)
AYap@mofo.com
ROSE S. LEE (CA SBN 294658)
RoseLee@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, California  90017-3543
Telephone:  213.892.5200
Facsimile:   213.892.5454

[Additional counsel on signature page]

Attorneys for Counter-Defendants
MAXLINEAR, INC. and MAXLINEAR
COMMUNICATIONS LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DISH NETWORK CORPORATION, *et al.*,<br><br>Defendants.<br><br>DISH NETWORK CALIFORNIA SERVICE CORPORATION,<br><br>Counter-Claimant,<br><br>v.<br><br>ENTROPIC COMMUNICATIONS, LLC; MAXLINEAR, INC.; AND MAXLINEAR COMMUNICATIONS LLC,<br><br>Counter-Defendants. | Case No. 2:23-cv-1043-JWH-KES (Lead Case)<br><br>**MAXLINEAR, INC. AND MAXLINEAR COMMUNICATIONS LLC'S OPPOSITION TO DISH NETWORK CALIFORNIA SERVICE CORPORATION'S *EX PARTE* APPLICATION TO EXTEND TIME TO AMEND AND/OR RESPOND TO MAXLINEAR'S MOTION TO DISMISS COUNTER-CLAIMS**<br><br>Judge:    Hon. John W. Holcomb |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................................4
II. BACKGROUND ....................................................................................................6
    A. Dish Proposed the Current Briefing Schedule From Which It Now Seeks *Ex Parte* Relief..........................................................................6
    B. Events Leading Up to MaxLinear's Motion to Dismiss .......................7
III. DISH FAILS TO MEET THE LEGAL REQUIREMENTS FOR THE GRANT OF AN *EX PARTE* APPLICATION .....................................................8
    A. First Prong: Dish Fails to Show that It Will be "Irreparably Prejudiced"..........................................................................................8
    B. Second Prong: Dish Is Entirely At Fault for the Current Situation ..............................................................................................11
    C. Dish Should Not Have Filed This *Ex Parte* Application....................12
IV. CONCLUSION ....................................................................................................13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*BCS Bus. Consulting Servs. Pte. Ltd. v. Baker*,
  No. 19-cv-06914-JWH, 2023 WL 6373870
  (C.D. Cal. July 26, 2023)......................................................................................8, 9

*Entropic Commc'ns, LLC v. Comcast Corp.*,
  No. 23-cv-01048-JWH, 2023 WL 4680365
  (C.D. Cal. June 26, 2023) .......................................................................................12

*In re Intermagnetics Am., Inc.*,
  101 B.R. 191 (C.D. Cal. 1989)................................................................................11

*Lum v. Mercedes-Benz USA, LLC*,
  No. 11-cv-09751, 2012 WL 13012454 (C.D. Cal. Jan. 5, 2012) ............................8

*Mission Power Eng'g Co. v. Cont'l Cas. Co.*,
  883 F. Supp. 488 (C.D. Cal. 1995)................................................................4, 8, 11

*Santos v. TWC Admin. LLC*,
  No. 13-cv-04799, 2014 WL 12703021 (C.D. Cal. Sept. 15, 2014) ......................12

*Softketeers, Inc. v. Regal W. Corp.*,
  No. 19-cv-00519-JWH, 2023 WL 8353786
  (C.D. Cal. Feb. 17, 2023) .......................................................................................11

*Stokes v. All Worlds Resorts, Inc.*,
  No. 22-cv-00342, 2022 WL 3013142 (C.D. Cal. June 9, 2022) ...........................11

*White v. Baca*,
  No. 13-cv-3401, 2014 WL 12696910 (C.D. Cal. Jan. 30, 2014) ............................8

## I. INTRODUCTION

Dish Network California Service Corporation ("Dish") has jumped to the front of the line, demanding *ex parte* relief, only to propose a convoluted schedule to push back a deadline that it proposed. Among the many reasons the Court has to deny this Application, the simplest is the most compelling: there is no fire.

Throughout its Application, Dish tries to tiptoe around the elephant in the room—namely, that it seeks *ex parte* relief from the very schedule that ***it*** proposed (and the Court adopted) back in November 2023. That fact demonstrates that any crisis is of Dish's own creation. Worse, Dish waited until ***after*** MaxLinear filed its motion to dismiss to indicate that it would seek *ex parte* relief, conveniently affording itself extra time to address the rather concerning deficiencies in its counterclaims—deficiencies that MaxLinear raised months ago. These are the exact types of *ex parte* applications that are frowned upon in this District.

Given that the Application makes no mention of any governing authority on *ex parte* applications, or *any* authority for that matter, Dish unsurprisingly flunks the *Mission Power Engineering* two-prong test.

Regarding the first prong of the test, Dish claims, in a single sentence, that it would "suffer prejudice that cannot be remedied through a normally-scheduled motion." It does not explain the irreparable prejudice that would result from responding to a motion to dismiss. There is none. Dish has known about MaxLinear's grounds for dismissal since November 15, but initially refused to amend until MaxLinear actually filed its motion. By the time it responds, Dish will have had over eight weeks to attempt to cure its counterclaims' deficiencies. If Dish simply lacks an adequate response to MaxLinear's motion and cannot amend successfully, that is not "prejudice." That is a red flag. As MaxLinear told Dish in advance of filing its motion, Dish should dismiss the suit with prejudice.

Rather than address prejudice, Dish attempts to sell a story about how this new proposal (unlike its last proposal) will promote efficiency. Dish is wrong. It

was Dish that deliberately sought to take Entropic's briefing schedule off calendar the day before the Court-ordered deadline through a hastily submitted stipulation. Moreover, Dish does not acknowledge that MaxLinear's motions to dismiss the Dish and Cox counterclaims, both of which focus on the Multimedia over Coax Alliance (MoCA) standard, are set for hearing on February 2, 2024. Therefore, the Court's guidance on MaxLinear's motion will hopefully prevent the other Dish defendants from filing equally baseless counterclaims and wasting the Court's judicial resources.

As to the second prong, not only is there no "crisis," but the situation is also entirely of Dish's making. If Dish believed that it could only file a counterclaim along with other Dish defendants, then it should not have sued MaxLinear in the first place. And if Dish wanted to wait an indeterminate amount of time to file amended counterclaims with the other Dish defendants, then it should not have proposed a December 22, 2023 filing date for MaxLinear's response to Dish's counterclaims. And even then, if it had buyer's remorse, it had plenty of time to file a regularly-noticed motion. Instead, MaxLinear is now forced to respond to Dish's *ex parte* application in 24 hours.

The circumstances of the instant *ex parte* application are particularly egregious, and further confirm there is no emergency. The day after Christmas, and after having the benefit of reviewing MaxLinear's motion to dismiss, Dish informed MaxLinear that it intended to file an *ex parte* application by the "end of the week." Despite the fact that counsel for MaxLinear were taking time off to spend with their families for the holidays, MaxLinear urged Dish to file on Thursday, December 28, rather than Friday, to help reduce the burden on the Court (and counsel's staff) from a Saturday filing over a holiday weekend. Dish represented it would file on December 28, and multiple MaxLinear attorneys interrupted vacation plans to begin working on the anticipated opposition. Only after close of business on December 28 did Dish say that it would wait to file until

Tuesday morning, January 2, as a supposed "courtesy" to MaxLinear. Tuesday morning came and went. No *ex parte*. After repeated probing, and with MaxLinear counsel standing by to oppose the papers, Dish confirmed after 9 p.m. that it would not file on Tuesday evening and that it intended to file on Wednesday morning. It provided no explanation for the delay. Dish's actions reflect both a lack of courtesy and a lack of urgency.

Not only should the Court deny Dish's *ex parte* application, but also, given the unnecessary fire drills during the holidays and the wasteful use of Court resources, MaxLinear respectfully requests that the Court restrict Dish's ability to rely on the *ex parte* process in this case.

## II.  BACKGROUND

### A.  Dish Proposed the Current Briefing Schedule From Which It Now Seeks *Ex Parte* Relief

Plaintiff Entropic Communications, LLC ("Entropic") filed a patent infringement suit against Dish and the other three Dish defendants (DISH Network Corporation, DISH Network LLC, and DISH Network Service, LLC) on February 10, 2023. (ECF No. 1.) In September 2023, Dish filed its answer and counterclaims against Entropic and MaxLinear. (ECF No. 111.) The other Dish defendants moved to dismiss and have not filed counterclaims. (ECF No. 49.)

On November 15 and 17, 2023, MaxLinear conferred with Dish and detailed the deficiencies identified in MaxLinear's motion to dismiss, including the fact that Dish's contract-based counterclaims rely on a superseded policy found on a third-party blog. (*See* Declaration of Rose Lee ("Lee") Declaration, ¶ 2.)  Following the parties' November 17, 2023 meet and confer, MaxLinear asked Dish whether it would amend its counterclaims against MaxLinear. (Lee Decl. Ex. A at 9-10.) Dish refused to do so, stating that it "will make that determination after reviewing the motion to dismiss." (*Id*. at 9.)

On November 17, Dish offered to stipulate to a 30-day extension for MaxLinear's motion to dismiss. For its part, MaxLinear agreed to this extension, not because of supposed efficiencies resulting from joint counterclaims, but because Dish promised it would provide MaxLinear with the applicable MoCA agreement that was conspicuously absent from its counterclaims. In its proposed stipulation, Dish afforded itself nearly two additional weeks to respond to MaxLinear's motion to dismiss and provided MaxLinear with absolutely no extra time. MaxLinear agreed to this one-sided schedule, ironically, as a courtesy to Dish so its counsel would not have to work over the holidays. (Lee Decl. Ex. A at 5.) On November 22, the Court ordered the existing schedule. (ECF No. 180.)

### B. Events Leading Up to MaxLinear's Motion to Dismiss

After receiving the missing MoCA Promoter Agreement from Dish, MaxLinear wrote to Dish on December 15, 2023, and urged it again to dismiss this lawsuit with prejudice, as there was no good faith basis to continue. (Lee Decl. ¶ 4.) On the evening of December 19—three days before MaxLinear's filing deadline—Dish offered to extend MaxLinear's deadline to answer or otherwise respond to Dish's counterclaims to 21 days after all Dish defendants answered and filed counterclaims. MaxLinear declined, explaining that its motion had already been drafted per the parties' agreement and Court order, and that it would file the following day. As ordered by the Court, MaxLinear filed its motion on December 22, 2023. (ECF No. 233.)

The day after Christmas, on December 26, Dish indicated for the first time that it would seek *ex parte* relief by the "end of the week." (Lee Decl. Ex. B at 32-33.) Even though its counsel were out for the holidays, MaxLinear urged Dish to file on Thursday, rather than Friday, to reduce the inconvenience to the Court and counsel's staff from a Saturday filing. Dish agreed to do so, and MaxLinear's counsel immediately began working on the anticipated opposition. But Dish backtracked after the close of business on Thursday, December 28, and promised to

file on Tuesday *morning*, January 2.  It did not do so, and, after repeated prodding by MaxLinear's counsel (who were standing by to work on the opposition brief), Dish disclosed after 9 p.m. that there would be no Tuesday filing.  (*Id*. at 24.)

### III. DISH FAILS TO MEET THE LEGAL REQUIREMENTS FOR THE GRANT OF AN *EX PARTE* APPLICATION

*Ex parte* motions are "the forensic equivalent of standing in a crowded theater and shouting, 'Fire!'"  *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).  In seeking *ex parte* relief, "[t]here had better be a fire."  *Id.*

To make the "rarely justified" *ex parte* application, Dish must demonstrate that (i) it "will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures," and (ii) it "is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect."  *Id.* at 490, 492; *see also Lum v. Mercedes-Benz USA, LLC*, 2012 WL 13012454, at *1 (C.D. Cal. Jan. 5, 2012) ("The opportunities for legitimate *ex parte* applications are extremely limited.") (citation omitted); *BCS Bus. Consulting Servs. Pte. Ltd. v. Baker*, 2023 WL 6373870, at *1 (C.D. Cal. July 26, 2023) (Holcomb, J.) (finding *ex parte* application "fundamentally flawed, as demonstrated by [Plaintiff's] failure to discuss or apply *Mission Power* in its Application or to show why it 'is without fault in creating the crisis that requires *ex parte* relief'") (quoting *Mission Power*, 883 F. Supp. at 492).  Dish has made neither showing.

#### A. First Prong: Dish Fails to Show that It Will be "Irreparably Prejudiced"

Dish refers to its supposed prejudice only once in its briefing, and that is merely in reference to how long a noticed motion would take.  (ECF No. 252 at 7.)  But that is not prejudice.  *White v. Baca*, 2014 WL 12696910, at *1 (C.D. Cal. Jan. 30, 2014) ("Merely showing that deadlines are fast approaching is not enough.").  And the failure to articulate a specific prejudice is reason alone to deny this

8

application. *BCS Bus.*, 2023 WL 6373870, at *1 ("This Court's Standing Order admonishes parties seeking *ex parte* relief to 'become familiar with *Mission Power Engineering Co.*'"); Standing Order, ¶ 15.

Without the requested relief, Dish will have to respond to MaxLinear's motion or amend its counterclaims. Dish has been on notice of the glaring problems in its counterclaims since November 15, 2023. By the January 12, 2024 deadline, Dish will have had over eight weeks to respond to the motion or amend its counterclaims. The fact that Dish is apparently at a loss on how to do so is telling. Judicial scrutiny of a woefully inadequate counterclaim does not prejudice Dish; that scrutiny is necessary to avoid further harassment of MaxLinear.

Instead of focusing on irreparable prejudice, Dish focuses much of its Application on purported efficiency grounds. This, of course, is not a basis to grant *ex parte* relief. Crucially, there is no efficiency to be had by delaying the Court's ruling on MaxLinear's motion to dismiss. Quite the opposite: the Court's ruling on MaxLinear's motion to dismiss Dish's counterclaims will help dissuade other Dish defendants from filing similarly unsupported counterclaims, thereby saving both judicial and party resources. As MaxLinear demonstrated in its motion to dismiss, Dish has no basis to sue MaxLinear. Dish's counterclaims will not age like fine wine; they are baseless now and will continue to be.

Dish relies heavily on a stipulation with Entropic filed after the close of business on December 22, 2022. (ECF No. 230.) Dish's last-minute acrobatics to get a self-serving stipulation on file does not change the fact that MaxLinear has presented this Court with a thoughtful motion to dismiss that is noticed for the exact hearing date that Dish itself had proposed. MaxLinear was wrongly brought into this case through woefully insufficient counterclaims; rather than promoting efficiency, Dish seeks to delay MaxLinear's rightful challenge of Dish's deficient counterclaims. The Court's ruling on MaxLinear's motion may guide Entropic's motion as well.

9

In all of its talk of "alignment," Dish neglects to mention that both MaxLinear and Entropic also moved to dismiss Cox's counterclaims in the CV-1047 action, with the hearing set for February 2, 2024. The CV-1047 action was consolidated with the present action through stipulation of those parties, including Dish, and involves similar counterclaims to those alleged by Dish. (ECF No. 129; *see also* ECF No. 128 at 2 ("WHEREAS, consolidation of the cases would reduce the burden on the Court by: 1) reducing the number of duplicative filings and orders, and 2) reducing the number of separate hearings on procedural and substantive issues the Court must schedule").) Given that both motions deal with MoCA, it is efficient for these motions to be heard together.

While there is no prejudice to Dish, the prejudice to MaxLinear is real. MaxLinear should not be in this lawsuit. And it should not be placed in this never-ending cycle of last-minute extensions while Dish attempts to figure out whether it can muster a colorable claim, and at the same time, bombard MaxLinear with improper discovery demands.[1]

Dish's suggestion that a delay makes sense so it can amend is not well-taken. MaxLinear asked Dish on November 17, 2023 if Dish would amend, including for instance, by attaching the purported contract in a contract case, and Dish refused to do so until MaxLinear filed a motion to dismiss. Thus, it is particularly frustrating when Dish now says MaxLinear's concerns can "be mooted through a straightforward and simple amendment." MaxLinear has gone through the time and expense to submit a detailed brief. And, contrary to Dish's representations, time will not moot MaxLinear's motion. There are a number of deficiencies that are

---

[1] On September 20, 2023, Dish served a subpoena on MaxLinear. Unbeknownst to MaxLinear, Dish also sued it the following day. When Dish refused a courtesy extension absent MaxLinear agreeing to waive all challenges to the subpoena, MaxLinear responded to the subpoena under rushed circumstances. Once Dish had MaxLinear's responses to a subpoena in hand, it then revealed it had sued MaxLinear and served the counterclaims. These antics are exactly why MaxLinear requests that the Court not allow any further delay.

simply not curable. It is time for Dish to stand by its claims, or better yet, do the right thing and dismiss them with prejudice.

### B. Second Prong: Dish Is Entirely at Fault for the Current Situation

There is no "crisis." *Mission Power Eng'g*, 883 F. Supp. at 492. Dish simply needs to respond to a motion or amend its counterclaims, which admittedly would be futile. And that it finds itself in this situation is entirely its own doing.

First, Dish is seeking relief from ***its own*** proposed schedule, and after MaxLinear has already complied. MaxLinear agreed to Dish's 30-day extension because it sought the Promoter Agreement, which Dish failed to attach to its counterclaims. (*See* ECF No. 234.) In its proposal, Dish afforded itself nearly two additional weeks to respond to MaxLinear's motion and provided MaxLinear with no extra time on reply. At no point during MaxLinear and Dish's discussions regarding the original briefing schedule did Dish raise the possibility of an undetermined extension until after this Court rules on the other Dish defendants' motions to dismiss. As MaxLinear told Dish then, and it continues to believe now, the addition of the additional Dish defendants will not save Dish's claims. Dish does not point to a single new fact or development that it did not know of when it proposed the current schedule.

Second, if Dish had regrets about its proposal, it could have filed a noticed motion weeks ago. It chose not to do so. *See Softketeers, Inc. v. Regal W. Corp.*, 2023 WL 8353786 (C.D. Cal. Feb. 17, 2023) (Holcomb, J.) (denying *ex parte* relief under *Mission Power*, noting that the party could seek relief through routine motion practice, and, if necessary, stipulate or file another *ex parte* to shorten the time on a noticed motion); *In re Intermagnetics Am., Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989) ("*Ex parte* applications are not intended to save the day for parties who have failed to present requests when they should have."); *Stokes v. All Worlds Resorts, Inc.*, 2022 WL 3013142 (C.D. Cal. June 9, 2022) (finding applicant was not without

11

fault where it could have—and should have—brought its request sooner); *see also Entropic Commc'ns, LLC v. Comcast Corp.*, 2023 WL 4680365 (C.D. Cal. June 26, 2023) (Holcomb, J.) (finding *ex parte* relief was not warranted where party sought to continue hearing on motion to dismiss and had an opportunity to respond in the ordinary course). It chose instead to file an *ex parte* application after receiving—and having an opportunity to review—MaxLinear's motion to dismiss. (Lee Decl. Ex. B at 32-33.)

### C. Dish Should Not Have Filed This *Ex Parte* Application

As courts in this District have repeatedly said, *ex parte* relief is rare, and litigants should exercise care when filing such applications. *Santos v. TWC Admin. LLC*, 2014 WL 12703021, at *1 (C.D. Cal. Sept. 15, 2014) ("An *ex parte* application is a means of obtaining extraordinary relief and is appropriate in only rare circumstances.").

Dish yelled "Fire!" over the holidays, causing MaxLinear to scramble. Repeatedly. And when it finally did file this *ex parte* application, it did not answer the hard questions: What is the urgency? Why did it not file such a motion back in November or December? Why did it wait for MaxLinear to file its motion to dismiss per the Court Order before Dish said it would seek *ex parte* relief? If the issue is so urgent, why could Dish not get its Application on file on December 28 or January 2, as promised? This is a misuse of the *ex parte* process, particularly after MaxLinear generously afforded Dish until January 12, 2024 to respond to its motion to dismiss because of the holidays.

More importantly, such improper applications put a strain on the judicial system. Courts must drop other matters because of a supposed fire, and litigants are deprived of the fair opportunity to brief issues. MaxLinear respectfully requests that the Court restrict Dish's ability to file such applications in the future.

### IV. CONCLUSION

MaxLinear endured a week of a threatened *ex parte* filing during the holidays. Now that Dish has finally filed, its Application confirms what MaxLinear told Dish already: there is no justification for filing an *ex parte* application to modify a Court order that Dish itself proposed. This entire episode is particularly frustrating as Dish raised the prospects of an *ex parte* only **after** MaxLinear had already adhered to the schedule that Dish proposed.

If Dish wanted to modify the Court schedule, it could have filed a regularly noticed motion long ago and sought such relief—rather than engaging in litigation antics to avoid scrutiny of its pleading. MaxLinear asks that the Court send a clear message to Dish on the use of the *ex parte* process in this District.

| | | |
|---|---|---|
| Dated: | January 4, 2024 | MORRISON & FOERSTER LLP |

By: */s/ Bita Rahebi*
    Bita Rahebi

BITA RAHEBI (CA SBN 209351)
brahebi@mofo.com
ALEX S. YAP (CA SBN 241400)
ayap@mofo.com
ROSE S. LEE (CA SBN 294658)
roselee@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, California 90017-3543
Telephone: (213) 892-5200
Facsimile: (213) 892-5454

RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

BRADLEY LUI (CA SBN 143088)
blui@mofo.com
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, DC 20037-1679
Telephone: (202) 887-1500
Facsimile: (202) 887-0763

Attorneys for Counter-Defendants
MAXLINEAR, INC. and
MAXLINEAR
COMMUNICATIONS LLC

MAXLINEAR OPPOSITION TO DISH'S *EX PARTE* APPLICATION
CASE NO. 2:23-CV-1043-JWH-KES

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Counter-Defendants MAXLINEAR, INC. and MAXLINEAR COMMUNICATIONS LLC, certifies that this brief contains 3,163 words, which complies with the word limit of L.R. 11-6.1.

Dated: January 4, 2024     By: /s/ Bita Rahebi
                               Bita Rahebi