BITA RAHEBI (CA SBN 209351)
brahebi@mofo.com
ALEX S. YAP (CA SBN 241400)
ayap@mofo.com
ROSE S. LEE (CA SBN 294658)
roselee@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, California 90017-3543
Telephone:  (213) 892-5200
Facsimile:   (213) 892-5454

Attorneys for Counter-Defendants,
MAXLINEAR, INC. and MAXLINEAR
COMMUNICATIONS LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>DISH NETWORK CORPORATION, et al.,<br><br>    Defendants. | Case No. 2:23-cv-1043-JWH-KES (Lead Case)<br><br>**DECLARATION OF ROSE S. LEE IN SUPPORT OF COUNTER-DEFENDANTS MAXLINEAR INC. AND MAXLINEAR COMMUNICATIONS LLC'S OPPOSITION TO DISH NETWORK CALIFORNIA SERVICE CORPORATION'S *EX PARTE* APPLICATION TO EXTEND TIME TO AMEND AND/OR RESPOND TO MAXLINEAR'S MOTION TO DISMISS COUNTER-CLAIMS**<br><br>Judge:  Hon. John W. Holcomb |
| DISH NETWORK CALIFORNIA SERVICE CORPORATION,<br><br>    Counter-Claimant,<br><br>  v.<br><br>ENTROPIC COMMUNICATIONS, LLC; MAXLINEAR, INC.; AND MAXLINEAR COMMUNICATIONS LLC,<br><br>    Counter-Defendants. | |

I, Rose S. Lee, declare as follows:

1. I am a partner with the law firm of Morrison & Foerster LLP, counsel for MaxLinear, Inc. and MaxLinear Communications LLC ("MaxLinear"). I submit this declaration in support of MaxLinear's Opposition to Dish's *Ex Parte* Application (ECF No. 252). I am licensed to practice law in the State of California. I have personal knowledge of the matters set forth below and if called upon, I could and would testify competently on the matters set forth below.

2. Along with other MaxLinear counsel, I engaged in meet and confer discussions with Dish's counsel on MaxLinear's motion to dismiss on November 15 and 17, 2023. During these discussions, we outlined the deficiencies that are addressed in MaxLinear's motion to dismiss (ECF No. 233), including the fact that Dish's contract-based counterclaims rely on a superseded policy found on a third-party blog.

3. Attached as **Exhibit A** is a true and correct copy of the correspondence between counsel for MaxLinear and counsel for Dish from November 14 to 21, 2023. It reflects that Dish proposed the current schedule and that MaxLinear accepted Dish's proposal. I indicated to counsel for Dish, "We had not understood your offer of an extension by 30 days to be conditioned on a hearing date in February. Nevertheless, to accommodate Dish over the holidays, we will agree to it. We hope that you will grant similar courtesies to our team under similar circumstances going forward." (Ex. A at 5.)

4. On December 15, 2023, my partner Bita Rahebi wrote to counsel for Dish to ask that Dish reconsider its position, and to promptly dismiss with prejudice its counterclaims. Given that the letter contains information about the Promoter Agreement that Dish has marked confidential, I have not attached the letter to this declaration.

5. Attached as **Exhibit B** is a true and correct copy of the communications between MaxLinear and counsel for Dish between December 15,

2023 and January 2, 2024.  On December 26, 2023, Dish first informed MaxLinear that it would seek *ex parte* relief.  (Ex. B at 32-33.)  Dish indicated it would file on Thursday, December 28, 2023, and multiple of my colleagues interrupted their holiday plans, including family vacations, to begin working on the anticipated *ex parte* application.  After the close of business on December 28, Dish informed us that it would not file that day.  (*Id*. at 26.)

      I declare under penalty of perjury that the foregoing is true and correct. Executed this 4th day of January 2024 in Los Angeles, California.

          */s/ Rose S. Lee*
          Rose S. Lee