KILPATRICK TOWNSEND & STOCKTON LLP
April E. Isaacson (SBN 180638)
aisaacson@kilpatricktownsend.com
Two Embarcadero Center, Suite 1900
San Francisco CA 94111
(415) 273 8306

Sarah Y. Kamran (SBN 347617)
skamran@kilpatricktownsend.com
1801 Century Park East, Suite 2300
Los Angeles CA 90067
(310) 777 3733

Mitchell G. Stockwell (*admitted pro hac vice*)
mstockwell@kilpatricktownsend.com
Vaibhav P. Kadaba (*admitted pro hac vice*)
wkadaba@kilpatricktownsend.com
Michael J. Turton (*admitted pro hac vice*)
mturton@kilpatricktownsend.com
Courtney S. Dabbiere (*admitted pro hac vice*)
cdabbiere@kilpatricktownsend.com
Christopher S. Leah (*admitted pro hac vice*)
cleah@kilpatricktownsend.com
1100 Peachtree Street, NE, Suite 2800
Atlanta GA 30309
(404) 815 6500

*Attorneys for Defendants
Cox Communications, Inc.; CoxCom, LLC; and
Cox Communications California, LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>COX COMMUNICATIONS, INC.; COXCOM, LLC; and COX COMMUNICATIONS CALIFORNIA, LLC,<br><br>Defendants. | Case No. 2:23-cv-1043-JWH-KES<br><br>RELATED CASE:<br>Case No. 2:23-cv-1047-JWH-KES<br><br>**COX COMMUNICATIONS, INC., COXCOM, LLC, AND COX COMMUNICATIONS CALIFORNIA, LLC'S NOTICE OF AMENDED COUNTERCLAIMS AND OPPOSITION TO ENTROPIC'S MOTION TO DISMISS**<br><br>**DEMAND FOR JURY TRIAL** |

| | |
|---|---|
| 1 | COX COMMUNICATIONS, INC., COXCOM, LLC, AND COX COMMUNICATIONS CALIFORNIA, LLC, |
| 2 | |
| 3 | Counter-Claimants, |
| 4 | v. |
| 5 | ENTROPIC COMMUNICATIONS, LLC; MAXLINEAR COMMUNICATIONS LLC; AND MAXLINEAR, INC. |
| 6 | |
| 7 | Counter-Defendants. |

Defendants and Counter-Claimants Cox Communications, Inc., CoxCom, LLC, and Cox Communications California, LLC (collectively "Cox") oppose Plaintiff and Counter-Defendants Entropic Communications, LLC's ("Entropic") Motion to Dismiss Cox's counterclaims under Fed. R. Civ. Pro. 12(b)(6). (Dkt. 236, the "Motion"). Cox opposes the grounds on which Entropic moved.

As detailed below, while there is no merit to Entropic's Motion, Cox has elected to moot same by filing amended counterclaims that further address the issues Entropic raises as well as facts uncovered via further discovery. *See* Cox's Answer and Defenses to Complaint and First Amended Counterclaims ("Amended Counterclaims"). Cox submits its Amended Counterclaims pursuant to Fed. R. Civ. Pro. 15(a)(1)(B), which states that a party may amend its pleading once as a matter of course, "if the pleading is one to which a responsive pleading is required" and the amendment is no later than "21 days after service of a motion under Rule 12(b), (e), or (f)." Cox's counterclaim is a pleading to which a responsive pleading is required, Cox has not before amended its pleadings as of right before submitting this amendment and Cox's amendment is submitted within 21 days after service of the Motion. *See, e.g., Bauer Bros. LLC v. Nike, Inc.,* No. 09cv500–WQH–BGS, 2010 WL 4569893, at *2 (N.D. Calif. Nov. 5, 2010) ("Nike filed its Amended Counterclaims, less than 21 days after Bauer filed the pending Motion to Strike and Dismiss" and "pursuant to Rule 15(a)(1), Nike was not required to seek leave of Court to file the Amended Counterclaims.").

Cox demonstrates below that, while Cox's existing pleadings suffice despite Entropic's contrary arguments, the Amended Counterclaims that are based upon further discovery obtained in this action address, and moot, all the points Entropic raises.

**Entropic's Rule 12 Arguments**: Contrary to Entropic's assertions (ECF No. 236, at 11-17), Cox's existing counterclaims fully identified the relevant contractual

COX DEFENDANTS' NOTICE OF AMENDED COUNTERCLAIMS AND OPPOSITION TO ENTROPIC'S MOTION TO DISMISS
CASE NO. 2:23-CV-01043-JWH-KES

3

terms, privity, Cox's performance as a former MoCA member, and Entropic's acts that induced breach or disruption of the contract and caused damage and injury to Cox. (*E.g.*, ECF No. 95, ¶¶ 530-49, 552-54, 557-59).

Entropic first urged that Cox fails to plead it is a party to the IPR Policy and therefore cannot bring a tortious interference claim. (ECF No. 236, at 11-12). This is incorrect, as Cox's original counterclaims, and Plaintiff's averments in the original Complaint, demonstrated Cox's contractual membership in MoCA and concrete benefits it received and expected to receive as such. (*E.g.*, ECF No. 95, at ¶¶ 536-40). Likewise, Entropic's assertion that Cox has not pled the Asserted Patents are essential to MoCA ignores its own averments in the Complaint that each of the Asserted Patents is essential the MoCA standards. (*E.g.*, ECF No. 1, at ¶¶ 109, 143, 177, 211, 245, 279, 313, 347, 381, 415, 449, 483). Nonetheless, the Amended Counterclaims, including at ¶¶ 516, 539-40, 552-55, 563, 572, further detail facts concerning the above points and establishing relevant injuries, including additional facts revealed following discovery.

Next, Entropic incorrectly argued that Cox's counterclaims do not allege acts by Entropic sufficient to plausibly claim Entropic induced MaxLinear to breach the IPR Policy. (ECF No. 236, at 12-15). Cox's original counterclaims included averments plausibly demonstrating Entropic's awareness of the IPR Policy and MaxLinear's obligations thereunder and induced MaxLinear to breach those obligations through its assignment of the Asserted Patents. (*E.g.*, ECF No. 95, at ¶¶ 529-34, 539-40, 543-48). Based upon additional discovery, however, Cox's Amended Counterclaims, including in ¶¶ 531, 539-40, 552-55, 556-71, further supplement these aspects of its claims and identify additional bases for concluding that Entropic improperly induced MaxLinear to breach the IPR Policy.

Finally, Entropic claimed that Cox failed to show a legally cognizable harm. (ECF No. 236, at 15-17). Cox's counterclaims already plausibly demonstrated that

Entropic's inducement of MaxLinear's breaches created a void assignment that deprived Cox of the benefit of its contract and caused it to incur the expense of defending this case that would not otherwise have been brought. (ECF No. 95, at ¶¶ 538-40, 544-49). The existing counterclaims likewise detailed the unjust enrichment facts that showed relevant injuries under applicable law. (ECF No. 95, at ¶¶ 530-31, 537-40, 561-63). Nonetheless, the Amended Counterclaims, including at ¶¶ 552-558, 566-73, further detail facts establishing relevant injuries, including additional facts revealed following discovery.

Accordingly, the Amended Counterclaims both fully address and moot Entropic's positions on the adequacy of Cox's tortious interference claim.

\* \* \*

The Motion is without merit. Independently, it is moot as a matter of law because the Amended Counterclaims are the only operative pleading. *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) ("Plaintiff's Second Amended Complaint superseded the First Amended Complaint, and the First Amended Complaint ceased to exist. Because the Defendants' motion to dismiss targeted the Plaintiff's First Amended Complaint, which was no longer in effect, we conclude that the motion to dismiss should have been deemed moot"); *Phillips v. County of Riverside*, No. 5:20-cv-01266, 2023 WL 4290379, at \*1 (C.D. Cal. May 12, 2023) ("Because Defendants' Motion to Dismiss targeted Plaintiff's SAC, which is no longer in effect, Defendants' Motion to Dismiss is moot"); *Bauer,* 2010 WL 4569893, at \*2 (denying motion to dismiss amended counterclaims because "[o]nce filed, an amended pleading supersedes the original pleading in its entirety.") (citation omitted).

Finally, even if Cox did not have the option to exercise its amendment as of right, the amendments Cox has made are appropriate and allowable under controlling authority. Rule 15(a)(2) states that "[t]he court should freely give leave [to amend]

COX DEFENDANTS' NOTICE OF AMENDED COUNTERCLAIMS AND OPPOSITION TO
ENTROPIC'S MOTION TO DISMISS
CASE NO. 2:23-CV-01043-JWH-KES

5

when justice so requires." There is a strong public policy in favor of permitting amendment, and the Ninth Circuit has made clear that "Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). The Court has already found that Cox had good cause and acted with diligence in presenting its original motion to amend, and that justice required adding Cox's counterclaims. (ECF No. 86, at 3). Entropic says nothing to undercut those findings and, accordingly, there is no justification for its request to preclude any amendment.

Accordingly, Cox requests the Court deny the Motion.

Dated: January 9, 2024        KILPATRICK TOWNSEND & STOCKTON LLP

By: */s/ April E. Isaacson*

April E. Isaacson
aisaacson@kilpatricktownsend.com
Two Embarcadero Center, Suite 1900
San Francisco CA 94111
(415) 273 8306

Sarah Y. Kamran
skamran@kilpatricktownsend.com
1801 Century Park East, Suite 2300
Los Angeles CA 90067
(310) 777 3733

Mitchell G. Stockwell
mstockwell@kilpatricktownsend.com
Vaibhav P. Kadaba
wkadaba@kilpatricktownsend.com
Michael J. Turton
mturton@kilpatricktownsend.com
Courtney S. Dabbiere
cdabbiere@kilpatricktownsend.com
Christopher S. Leah
cleah@kilpatricktownsend.com
Andrew N. Saul
asaul@kilpatricktownsend.com
1100 Peachtree Street, NE, Suite 2800
Atlanta GA 30309
(404) 815 6500

*Attorneys for Defendants
Cox Communications, Inc.; CoxCom, LLC; and
Cox Communications California, LLC*