KILPATRICK TOWNSEND & STOCKTON LLP
April E. Isaacson (SBN 180638)
aisaacson@kilpatricktownsend.com
Two Embarcadero Center, Suite 1900
San Francisco CA 94111
(415) 273 8306

Sarah Y. Kamran (SBN 347617)
skamran@kilpatricktownsend.com
1801 Century Park East, Suite 2300
Los Angeles CA 90067
(310) 777 3733

Mitchell G. Stockwell (*admitted pro hac vice)*
mstockwell@kilpatricktownsend.com
Vaibhav P. Kadaba (*admitted pro hac vice)*
wkadaba@kilpatricktownsend.com
Michael J. Turton (*admitted pro hac vice)*
mturton@kilpatricktownsend.com
Courtney S. Dabbiere (*admitted pro hac vice)*
cdabbiere@kilpatricktownsend.com
Christopher S. Leah (*admitted pro hac vice)*
cleah@kilpatricktownsend.com
1100 Peachtree Street, NE, Suite 2800
Atlanta GA 30309
(404) 815 6500

*Attorneys for Defendants*
*Cox Communications, Inc.; CoxCom, LLC; and*
*Cox Communications California, LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>COX COMMUNICATIONS, INC.; COXCOM, LLC; and COX COMMUNICATIONS CALIFORNIA, LLC,<br><br>Defendants. | Case No. 2:23-cv-1043-JWH-KES<br><br>RELATED CASE:<br>Case No. 2:23-cv-01047-JWH-KES<br><br>**COX COMMUNICATIONS, INC., COXCOM, LLC, AND COX COMMUNICATIONS CALIFORNIA, LLC'S NOTICE OF AMENDED COUNTERCLAIMS AND OPPOSITION TO MAXLINEAR'S MOTION TO DISMISS**<br><br>**DEMAND FOR JURY TRIAL** |

COX COMMUNICATIONS, INC., COXCOM, LLC, AND COX COMMUNICATIONS CALIFORNIA, LLC,

Counter-Claimants,

v.

ENTROPIC COMMUNICATIONS, LLC; MAXLINEAR COMMUNICATIONS LLC; AND MAXLINEAR, INC.

Counter-Defendants.

Defendants and Counter-Claimants Cox Communications, Inc., CoxCom, LLC, and Cox Communications California, LLC (collectively "Cox") oppose Counter-Defendants MaxLinear Communications LLC and MaxLinear Inc.'s ("MaxLinear") Motion to Dismiss Cox's counterclaims under Fed. R. Civ. Pro. 12(b)(6). (Dkt. 235, the "Motion"). Cox opposes the grounds on which MaxLinear moved.

As detailed below, while there is no merit to MaxLinear's motion, Cox has elected to moot same by filing amended counterclaims that further address the issues MaxLinear raises as well as facts uncovered via further discovery. *See* Cox's Answer and Defenses to Complaint and First Amended Counterclaims ("Amended Counterclaims"). Cox submits its Amended Counterclaims pursuant to Fed. R. Civ. Pro. 15(a)(1)(B), which states that a party may amend its pleading once as a matter of course, "if the pleading is one to which a responsive pleading is required" and the amendment is no later than "21 days after service of a motion under Rule 12(b), (e), or (f)." Cox's counterclaim is a pleading to which a responsive pleading is required, Cox has not before amended its pleadings as of right before submitting this amendment and Cox's amendment is submitted within 21 days after service of the Motion. *See, e.g., Bauer Bros. LLC v. Nike, Inc.,* No. 09cv500–WQH–BGS, 2010 WL 4569893, at *2 (N.D. Calif. Nov. 5, 2010) ("Nike filed its Amended Counterclaims, less than 21 days after Bauer filed the pending Motion to Strike and Dismiss" and "pursuant to Rule 15(a)(1), Nike was not required to seek leave of Court to file the Amended Counterclaims.").

Cox demonstrates below that, while Cox's existing pleadings suffice despite MaxLinear's contrary arguments, the Amended Counterclaims that are based upon further discovery obtained in this action address, and moot, all the points MaxLinear raises.

***MaxLinear's Standing Argument***: MaxLinear asserted that Cox's breach of contract and unjust enrichment actions lack standing. These are quintessential common-law analogues and are precisely the type of actions that confirm standing. *See, e.g., TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2204 (2021); *In re Facebook, Inc. Internet Tracking Litigation*, 956 F.3d 589, 599 (9th Cir. 2020). Nonetheless, Cox's Amended Counterclaims address MaxLinear's arguments.

MaxLinear first urged that the counterclaims did not make a demand for a RAND license in writing. Cox disagrees such is required under the MoCA IPR policy for former MoCA members like Cox, particularly given all relevant IPR Policy provisions and averments already set forth. *See* (ECF No. 95, at ¶¶ 63, 65, 544, 555 & Ex. A, § 5.1.1 & 7.1). Cox nonetheless amended its pleading to further address this point. *See, e.g.,* (Am. Counterclaims, at ¶¶ 541, 553, 572).

MaxLinear next claimed that Cox failed to show concrete, particularized injury capable of redress. Cox's counterclaims already plausibly demonstrated that MaxLinear's breaches created a void assignment that deprived Cox of the benefit of its contract and caused it to incur the expense of defending this case that would not otherwise have been brought. (ECF No. 95, at ¶¶ 538-40, 544-49). The existing counterclaims likewise detailed the unjust enrichment facts that showed relevant injuries under applicable law. (ECF No. 95, at ¶¶ 530-31, 537-40, 561-63). Nonetheless, the Amended Counterclaims at ¶¶ 552-558, 566-73 further detail facts establishing relevant injuries, including additional facts revealed following discovery.

Finally, despite MaxLinear's contrary argument, the existing counterclaims pled plausible claims, including that Entropic and MaxLinear's void assignments sought to strip out any encumbrances created by the IPR Policy, so that Entropic was unconstrained by RAND and MaxLinear could no longer grant licenses – all in breach of the IPR Policy. (ECF No. 95, at ¶¶ 538, 541-49, 552-55). This Court may fully redress those wrongs through the damages and specific injunctive relief sought. *See,*

*e.g.,* (ECF No. 95, at ¶ 555). The Amended Counterclaims at ¶¶ 541-50 & 556-73 provide further averments concerning these points and additional breaches. MaxLinear's standing and ripeness complaints are accordingly moot.

***MaxLinear's Rule 8 Argument***: MaxLinear urged that the existing counterclaims failed to adequately address each MaxLinear entity. Cox disagrees. *See* (ECF No. 95, at ¶¶ 529-40 & ¶¶ 551-64). But, based on discovery it has received, Cox's amended counterclaims have further supplemented as to each MaxLinear entity's role. *See, e.g.,* (Am. Counterclaims, at ¶¶ 535, 539, 556-58, 568-70).

***MaxLinear's Rule 12 Arguments***: Despite contrary arguments from MaxLinear, Cox's existing breach of contract counterclaims fully identified the relevant contractual terms, privity, Cox's performance as a former MoCA member and MaxLinear's breaches that caused damage and injury to Cox. (ECF No. 95, at ¶¶ 538, 541-49, 552-55). Based upon additional discovery, however, Cox's Amended Counterclaims, including in ¶¶ 539-50, 556-58, 561-573, further supplement these aspects of its claims and identify additional bases for concluding that MaxLinear breached the IPR Policy.

MaxLinear also incorrectly claimed that California does not recognize Cox's unjust enrichment claim, which MaxLinear also says Cox failed to plead adequately. Both propositions are incorrect, even putting aside any choice of law issue. *See, e.g., Stark v. Patreon, Inc.*, 635 F. Supp. 3d 841, 857 (N.D. Cal. 2022). In any event, Cox's Amended Counterclaims at ¶¶ 552-58, 568-73 & 590-92 similarly provide averments that further detail the basis for Cox's unjust enrichment claim – whether labeled as such or a "quasi-contract" claim for restitution.

Accordingly, the Amended Counterclaims both fully address and moot MaxLinear's positions on the adequacy of Cox's breach of contract and unjust enrichment claims.

* * *

The Motion is without merit. Independently, it is moot as a matter of law because the Amended Counterclaims are the only operative pleading. *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) ("Plaintiff's Second Amended Complaint superseded the First Amended Complaint, and the First Amended Complaint ceased to exist. Because the Defendants' motion to dismiss targeted the Plaintiff's First Amended Complaint, which was no longer in effect, we conclude that the motion to dismiss should have been deemed moot"); *Phillips v. County of Riverside*, No. 5:20-cv-01266, 2023 WL 4290379, at *1 (C.D. Cal. May 12, 2023) ("Because Defendants' Motion to Dismiss targeted Plaintiff's SAC, which is no longer in effect, Defendants' Motion to Dismiss is moot"); *Bauer,* 2010 WL 4569893, at *2 (denying motion to dismiss amended counterclaims because "[o]nce filed, an amended pleading supersedes the original pleading in its entirety.") (citation omitted).

Finally, even if Cox did not have the option to exercise its amendment as of right, the amendments Cox has made are appropriate and allowable under controlling authority. Rule 15(a)(2) states that "[t]he court should freely give leave [to amend] when justice so requires." There is a strong public policy in favor of permitting amendment, and the Ninth Circuit has made clear that "Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). The Court has already found that Cox had good cause and acted with diligence in presenting its original motion to amend, and that justice required adding Cox's counterclaims. (ECF No. 86, at 3). Entropic says nothing to undercut those findings and, accordingly, there is no justification for its request to preclude any amendment.

Accordingly, Cox requests the Court deny the Motion.

Dated: January 9, 2024

KILPATRICK TOWNSEND & STOCKTON LLP

By: */s/ April E. Isaacson*

April E. Isaacson
aisaacson@kilpatricktownsend.com
Two Embarcadero Center, Suite 1900
San Francisco CA 94111
(415) 273 8306

Sarah Y. Kamran
skamran@kilpatricktownsend.com
1801 Century Park East, Suite 2300
Los Angeles CA 90067
(310) 777 3733

Mitchell G. Stockwell
mstockwell@kilpatricktownsend.com
Vaibhav P. Kadaba
wkadaba@kilpatricktownsend.com
Michael J. Turton
mturton@kilpatricktownsend.com
Courtney S. Dabbiere
cdabbiere@kilpatricktownsend.com
Christopher S. Leah
cleah@kilpatricktownsend.com
Andrew N. Saul
asaul@kilpatricktownsend.com
1100 Peachtree Street, NE, Suite 2800
Atlanta GA 30309
(404) 815 6500

*Attorneys for Defendants*
*Cox Communications, Inc.; CoxCom, LLC; and*
*Cox Communications California, LLC*