UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-01043-JWH-KES | Date | January 10, 2024 |
| Title | *Entropic Communications, LLC v. DISH Network Corporation, et al.* | | |

Present: The Honorable    JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE

| Clarissa Lara | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):        Attorney(s) Present for Defendant(s):

None Present                None Present

**Proceedings:    (IN CHAMBERS) ORDER RE DEFENDANT DISH'S MOTION TO DISMISS FOR IMPROPER VENUE UNDER RULE 12(b)(3) [ECF No. 49]**

## I. SUMMARY OF DECISION

Before the Court is the motion of Defendants DISH Network Corporation; DISH Network LLC; DISH Network Service, LLC; and DISH Network California Service Corporation (collectively, the "DISH Defendants") to dismiss this case for improper venue.[1] The matter is fully briefed.[2] The Court finds this matter appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support and in opposition, the Court **DENIES** the Motion, for the reasons set forth herein.

---

[1]    Defs.' Mot. to Dismiss for Improper Venue Under Rule 12(b)(3) (the "Motion") [ECF No. 49].

[2]    *See* Pl.'s Opp'n to Motion (the "Opposition") [ECF No. 98]; Defs.' Reply in Supp. of Motion (the "Reply") [ECF No. 116].

## II.  BACKGROUND

### A.  Procedural History

In February 2023, Plaintiff Entropic Communications, LLC filed its Complaint, thereby commencing this action.[3]  In this case, Entropic asserts 12 patents against the DISH Defendants.[4]  Entropic alleges that the asserted patents teach solutions related to repurposing existing coaxial cables in buildings to support high-speed data networks.[5]  Entropic further asserts that those solutions lead to the formation of a new industry standard called Multimedia over Coax Alliance ("MoCA").[6]

This case is related to another case in this Court involving the same parties: *Entropic Communications, LLC v. Dish Network Corporation,* et al., Case No. 2:22-cv-07959-JWH-JEM (the "7959 Case").  In that case, Entropic filed its original complaint in the United States District Court for the Eastern District of Texas in March 2022.[7]  As in this case, Entropic also filed a related case against both DirecTV and AT&T in the Texas District Court:  *Entropic Communications, LLC v. DIRECTV, LLC,* et al., Case No. 2:22-cv-07775-JWH-KES (the "7775 Case").[8]  Judge J. Rodney Gilstrap of the Eastern District of Texas ordered the consolidation of the 7959 Case against DISH into the 7775 Case against DirecTV and AT&T for all pretrial purposes.[9]

In the consolidated 7775 Case, DISH moved to transfer venue to the District of Colorado.[10]  The parties jointly moved for, and Judge Gilstrap granted, limited venue discovery.[11]  DirecTV then filed an opposing motion to transfer venue to the

---

[3] Compl. (the "Complaint") [ECF No. 1].

[4] *See generally id.*

[5] *See id.* at ¶¶ 1 & 2.

[6] *See id.* at ¶¶ 3 & 4.

[7] *See* Compl. [ECF No. 1 in the 7959 Case].

[8] *See* Compl. [ECF No. 1 in the 7775 Case].

[9] *See* Consolidation Order [ECF No. 18 in the 7959 Case; ECF No. 21 in the 7775 Case].

[10] DISH's Mot. to Change Venue (DISH's "Texas Venue Motion") [ECF No. 25 in the 7775 Case].

[11] *See* Joint Mot. for Discovery [ECF No. 28 in the 7775 Case]; Order Granting Mot. for Limited Expedited Discovery [ECF No. 30 in the 7775 Case].

Central District of California—this Court.[12]  Entropic opposed DISH's motion and supported transfer to this Court.[13]  The issue was litigated extensively in the Eastern District of Texas, and Judge Gilstrap conducted a hearing on the competing motions.[14]  Ultimately, in October 2022, Judge Gilstrap determined that venue was proper in the Central District of California and ordered the consolidated cases transferred to this Court.[15]

### B.  The Parties

Plaintiff Entropic is a Delaware limited liability company headquartered in Texas.[16]  Defendant DISH Network Corporation is a Nevada corporation headquartered in Colorado.[17]  Defendants DISH Network LLC and DISH Network Service, LLC are Colorado limited liability companies headquartered in Colorado.[18]  Finally, DISH Network California Service Corporation ("DISH California"), a wholly owned subsidiary of DISH Network LLC, is a Colorado corporation located in Colorado.[19]  DISH Network Corporation; DISH Network Service, LLC; and DISH California have the same registered agent in California:  Corporation Service Company d/b/a CSC—Lawyers Incorporating Service Company.[20]

## III.  LEGAL STANDARD

The Federal Rules of Civil Procedure provide that a court may dismiss a case for improper venue.  *See* Fed. R. Civ. P. 12(b)(3).  When a defendant files a motion to dismiss for improper venue, the plaintiff has the burden of proving that venue is proper.  *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).  In deciding a Rule 12(b)(3) motion, a court may consider facts outside

---

[12]   *See* DirecTV's Mot. to Transfer Venue [ECF No. 52 in the 7775 Case].

[13]   *See* Entropic's Response to DISH's Mot. to Change Venue [ECF No. 73 in the 7775 Case]; Entropic's Cross-Mot. for Transfer [ECF No. 75 in the 7775 Case].

[14]   *See* Minute Entry [ECF No. 105 in the 7775 Case].

[15]   *See* Order (the "Transfer Order") [ECF No. 109 in the 7775 Case].

[16]   Complaint ¶ 6; *accord* Motion 7:8; Transfer Order 2.

[17]   *Id.* at ¶ 8; *accord* Motion 7:9-10; Transfer Order 2.

[18]   *Id.* at ¶¶ 10 & 12; *accord* Transfer Order 2.

[19]   *Id.* at ¶ 13.

[20]   *Id.* at ¶¶ 9, 11, & 14.

the pleadings, and it need not accept the allegations in the plaintiff's pleading as true.  *See Kukje Hwajae Ins. Co. v. M/V Hyundai Liberty*, 408 F.3d 1250, 1254 (9th Cir. 2005); *see also Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996).  If contested factual issues arise, the court is obligated to draw all reasonable inferences and to resolve the factual conflicts in favor of the non-moving party, or, alternately, the court may conduct an evidentiary hearing to resolve the disputed facts.  *See Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138–39 (9th Cir. 2004).

## IV.  DISCUSSION

"Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."  28 U.S.C. § 1400(b).  "[A] domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute."  *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 262 (2017).  Where, as here, the defendant does not 'reside in' the district for venue purposes, the plaintiff can allege—as Entropic has here[21]—that the defendant has committed acts of infringement and has a regular and established place of business in the district.  *See* 28 U.S.C. § 1400(b).

"To show that a defendant has a regular and established place of business, there are three requirements: '(1) there must be a ***physical place*** in the district; (2) it must be a ***regular and established*** place of business; and (3) it must be the place ***of the defendant***.'"  *Andra Grp., LP v. Victoria's Secret Stores, L.L.C.*, 6 F.4th 1283, 1287 (Fed. Cir. 2021) (quoting *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017)) (emphasis added).  "In deciding whether a defendant has a regular and established place of business in a district, no precise rule has been laid down and each case depends on its own facts."  *Cray Inc.*, 871 F.3d at 1362.  "[N]o one fact is controlling."  *Id.* at 1366.

In its instant Motion, DISH asserts nearly identical arguments to those that it made in its motion to transfer in the 7775 Case:  DISH argues that it "does not 'reside in' California . . . because it is not incorporated here" and that DISH "has 'no regular and established place of business' in this district because [it] does not

---

[21] *See* Complaint ¶¶ 59-71.

own or lease any physical locations [here]."[22]  In fact, DISH directly references Judge Gilstrap's Transfer Order and "contends [it] was erroneous."[23]

DISH does not argue that any facts have changed since the Transfer Order was issued.  The only apparent factual distinction is that DISH California is a named Defendant in this case, which it was not in the 7775 Case.  Judge Gilstrap conducted an extensive analysis with respect to each of the *Cray* factors and found that venue in the Central District of California was proper.  While this Court does not address Entropic's collateral estoppel argument,[24] it does accept and adopt Judge Gilstrap's reasoning.[25]

DISH rejects Judge Gilstrap's conclusion that DISH maintains a "physical place" in the Central District of California.[26]  But, as discussed, there is "no precise rule" for applying the *Cray* factors, and "no one fact is controlling."  *Cray Inc.*, 871 F.3d at 1362 & 1366.  This Court agrees with Judge Gilstrap that the "DISH defendants have a physical place in [the Central District of California] from which their business is carried out"[27]—DISH California has physical locations directly in this District, and the other DISH Defendants have ratified the DISH California locations as their own.[28]  As Judge Gilstrap determined, "[t]here is little real dispute that the locations at issue are 'physical places' within [the Central District of California] and that they are 'regular and established.'"[29]

Finally, DISH cites *Andra Group* for the proposition that the first three DISH Defendants did not "ratify" the California locations as their own.  Again, this is a fact-intensive inquiry, not a bright line rule, *Cray Inc.*, 871 F.3d at 1362 & 1366, and this Court agrees with Judge Gilstrap's analysis.  Even so, *Andra Group* is distinguishable.  In that case, the Federal Circuit concluded that venue was improper with respect to a subset of defendants—the so-called "Non-Store

---

[22]     Motion 8:13-18; *see generally* DISH's Texas Venue Motion.

[23]     *Id.* at 8:20.

[24]     *See* Opposition 4:1-5:24.

[25]     *See* Transfer Order 7-11.

[26]     Motion 9:7-10:19.

[27]     Transfer Order 8.

[28]     *See id.* 7-11.

[29]     *Id.* at 10.

Defendants." *Andra Group*, 6 F.4th at 1290.  In so concluding, the Federal Circuit noted that certain facts weighed heavily in its analysis, including that the defendant's website did not point consumers to the Non-Store Defendants' locations and that "[t]he Non-Store Defendants [did] not display their corporate names in the [defendant's] retail locations." *Id.*  Here, by contrast, "[f]rom the main DISH website, a customer can find DISH service packages available in [the Central District of California] and authorized retailers of DISH-branded products," and "a prospective employee can find job listings for positions in [the Central District of California]."[30]  "Indeed, DISH advertises its 'nationwide availability' prominently on its website."[31]

In short, the Court accepts and adopts Judge Gilstrap's Transfer Order as a correct application of the *Cray* factors to the facts of this case.  This Court agrees with Judge Gilstrap that Entropic has met its burden to prove that venue is proper in this District.  Nothing in DISH's Motion or Reply has convinced the Court otherwise.

## V.  DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** that DISH's instant Motion to dismiss this case for improper venue is **DENIED**.

**IT IS SO ORDERED.**

---

[30]   Transfer Order 10.
[31]   *Id.*