UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | |
|---|---|
| Case No. | 2:23-cv-01043-JWH-KES |
| Date | January 11, 2024 |
| Title | *Entropic Communications, LLC v. DISH Network Corporation, et al.* |

Present: The Honorable   JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE

| Clarissa Lara | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff: | Attorney(s) Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER REGARDING *EX PARTE* APPLICATION FOR EXTENSION TO OF TIME TO FILE [ECF No. 252]**

Defendant Dish Network California Service Corporation ("Dish CA") filed an *ex parte* application[1] seeking to extend the briefing scheduling on the motion to dismiss filed by Counterdefendants MaxLinear, Inc. and MaxLinear Communications LLC's (jointly, "MaxLinear").[2] Dish CA seeks to align the briefing schedule on MaxLinear's Motion with the schedule for Plaintiff Entropic Communications, LLC ("Entropic") to respond to Dish CA's counterclaims.[3] Specifically, Entropic and Defendants DISH Network Corporation, Dish Network L.L.C., Dish Network Service L.L.C., and Dish CA (collectively, "DISH") agreed to a schedule contingent on the Court's ruling on the DISH Colorado Defendants'

---

[1]   Dish CA's *Ex Parte* Application (the "Application") [ECF No. 252].

[2]   MaxLinear's Motion to Dismiss Counterclaims ("MaxLinear's Motion") [ECF No. 236].

[3]   *See* Order Granting Joint Stipulation to Extend Deadline to Respond to Counterclaims [ECF No. 242].

venue motion.[4] Dish CA argues that aligning the briefing schedule at issue here with that joint stipulation will promote judicial efficiency because Entropic and MaxLinear raise overlapping challenges to the counterclaims.[5]

The parties met and conferred on this issue but were unable to reach a resolution.[6] MaxLinear opposes Dish CA's Application because the situation does not present an emergency beyond the control of Dish CA.[7] Specifically, MaxLinear argues that having to respond to a motion in due course does not present an emergency and that it does not cause irreparable prejudice.[8]

The Court agrees that having to respond to a properly noticed motion in due course does not present the type of emergency typically warranting *ex parte* relief. Nevertheless, in view of the scope of this litigation and its many overlapping issues, the Court finds it efficient to align the schedule regarding the counterclaims in this action among all parties. The Court has issued its ruling denying the Colorado venue motion.[9] In view of that ruling and the previously entered stipulation between Entropic and DISH, the parties are **DIRECTED** to meet and confer forthwith and promptly to file a joint stipulation providing for an aligned briefing schedule for Dish CA to respond to MaxLinear's Motion.

**IT IS SO ORDERED.**

---

[4]   *Id.* ¶¶ 1-2.

[5]   Application 3:1-4:3.

[6]   *Id.*

[7]   *See* MaxLinear's Opposition to the Application [ECF No. 254] 6:12-7:10.

[8]   *See id.* at 9:4-19.

[9]   Order Denying Dish's Motion to Dismiss for Improper Venue [ECF No. 269].