# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DISH NETWORK CORPORATION;<br>DISH NETWORK LLC;<br>DISH NETWORK SERVICE, LLC; and<br>DISH NETWORK CALIFORNIA SERVICE CORPORATION,<br><br>　　　　Defendants. | Case No. 2:23-cv-01043-JWH-KESx;<br>Case No. 2:23-cv-01049-JWH-KESx<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |
| ENTROPIC COMMUNICATIONS, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COX COMMUNICATIONS, INC.,<br>COXCOM, LLC, and<br>COX COMMUNICATIONS CALIFORNIA, LLC,<br><br>　　　　Defendants. | |

## I. SUMMARY OF DECISION

The Court expressly evaluates the legal authority that Plaintiff Entropic Communications, LLC identified in its supplemental briefing. Because that authority relates to federal question jurisdiction under 28 U.S.C. § 1338, but not constitutional standing, the Court concludes that that authority does not warrant its reconsideration of its prior ruling on the motion of Defendant Comcast Cable Communications Management, LLC to dismiss. Accordingly, the Court **DENIES** Entropic's instant motion for reconsideration.

## II. BACKGROUND

The Court summarized the relevant background in its ruling on Comcast's motion to dismiss.[1] That discussion is incorporated by reference as if fully set forth herein. At the hearing on Comcast's motion to dismiss, Entropic indicated that its briefing failed to include a line of cases potentially relevant to the standing issues.[2] Accordingly, the Court ordered the parties to file supplemental briefing regarding that authority.[3] In response, Entropic filed a supplemental brief and Comcast filed a responsive brief.[4] The Court issued its ruling on Comcast's Motion to Dismiss on November 20, 2023.[5] Entropic now requests reconsideration because the Court's Order did not expressly refer to Entropic's supplemental authority.[6]

---

[1] *See* Order Re Comcast's Mot. to Dismiss (the "Order") [ECF No. 132 in Case No. 23-cv-01048 (the "1048 Case") (now closed and consolidated with Lead Case No. 23-cv-01043 (the "1043 Case"))] § II; *see also* Order Re Comcast's Mot. to Dismiss [ECF No. 120 in Case No. 23-cv-01049 (the "1049 Case") § II

[2] Entropic's Motion for Reconsideration (the "Motion") [ECF No. 186 in the 1043 Case] 2:12-16; *see also* Entropic's Motion for Reconsideration [ECF No. 125 in the 1049 Case]. In view of the fact that Entropic seeks substantially the same relief in both the 1043 Case and the 1049 Case, further citations to electronic court filing numbers refer to only the 1043 Case unless otherwise stated.

[3] *Id.* at 3:23-4:3.

[4] Entropic's Supplemental Brief (the "Supplement") [ECF No. 126 in the 1048 Case]; Comcast's Responsive Brief (the "Response") [ECF No. 129 in the 1048 Case].

[5] *See* Order.

[6] Motion; DISH's Opp'n to the Motion (the "Opposition") [ECF No. 202]; Entropic's Reply in Supp. of the Motion (the "Reply") [ECF No. 221].

## III.  LEGAL STANDARD

This Court's Local Rules authorize only three grounds upon which a party may seek the reconsideration of an order:

(a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or

(b) the emergence of new material facts or a change of law occurring after the Order was entered, or

(c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered.

L.R. 7-18.  The movant cannot "in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion."  *Id.*; *see also Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation").  "Motions for reconsideration are disfavored and should be granted only in rare circumstances."  *Flores v. Callahan*, 2020 WL 4875465, at *1 (C.D. Cal. May 15, 2020) (internal quotation marks omitted).

## IV.  ANALYSIS

Entropic moves for reconsideration on the basis that the Court failed to consider the *Air Products* line of authority—*see generally Air Prod. & Chemicals, Inc. v. Reichhold Chemicals, Inc.*, 755 F.2d 1559 (Fed. Cir. 1985)—that Entropic identified in its supplemental briefing following the hearing on Comcast's motion to dismiss.[7]

**A.     Propriety of Entropic's Motion**

The Court concludes (regretfully employing a double negative) that Entropic's reconsideration motion is not improper.

First, Entropic raises no new facts or arguments, but, rather, it repeats the arguments from its supplemental brief in opposition to Comcast's motion to dismiss.  The Court regards the extent of repetition unnecessary and inconsistent with the directive of L.R. 7-18, but it does not view the motion as an improper attempt to rehash

---

[7]     Motion at 1:14-17, n.3.

decided issues. *See Self v. Equinox Holdings, Inc.*, 2015 WL 13298571, at *4 (C.D. Cal. May 1, 2015).

Next, although the Court did consider Entropic's facts and arguments, it agrees that it did not expressly address the authority identified in Entropic's supplement. Even though such consideration need not be express, the Court will address that authority herein for the parties' benefit. *See Shaked Investments Ltd. v. Trade Box, LLC*, 2021 WL 9908724, at *1 (C.D. Cal. Oct. 20, 2021).

### B. The Authority

Entropic argues that under the *Air Products* line of authority, no matter how strong a license defense is, a court retains subject matter jurisdiction over a well-pleaded claim for patent infringement.[8] Comcast counters that Entropic's authority is not relevant because it pertains to federal question jurisdiction under 28 U.S.C. § 1338 and not constitutional standing, which is at issue here.[9]

The legal authority that Entropic identifies in its supplement falls into two categories: (1) the *Air Products* line of cases; and (2) authority regarding jurisdiction in which the parties entered into covenants not to sue during litigation. First, *Air Products* does not stand for the proposition that a well-pleaded patent complaint defeats all jurisdictional challenges at the motion-to-dismiss stage. Rather, *Air Products* stands for the narrow proposition that a contract defense does not defeat federal subject matter jurisdiction in an action for patent infringement, even if the contract issue must be resolved before the infringement question. *See Air Products*, 755 F.2d at 1564. There, the parties disputed the effect of a prior license that Air Products attempted to terminate. *See id.* at 1560. The district court, "finding that the primary issue for resolution was a matter of contract interpretation, i.e., construction of the 1973 license, not a matter of patent infringement, [] granted [the defendant's] motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of federal subject matter jurisdiction." *Id.* at 1561. The Federal Circuit reversed and held as follows:

> We find therefore that the district court erred as a matter of law in holding that Air Products' complaint, which stated a claim and sought relief based upon the patent laws, was not such an action as to confer federal subject matter jurisdiction under 28 U.S.C. § 1338(a). We hold, that where a non-frivolous complaint states a claim and seeks relief under the patent laws, exclusive jurisdiction in the federal courts is thereby established.

---

8   *See* Supplement 2:3-10.

9   *See* Response 1:22-2:13.

*Id.* at 1564. Accordingly, *Air Products* addresses federal subject matter jurisdiction—whether a case is a patent case and belongs in federal court or whether it involves only state law claims. That authority does not answer the question at issue here—whether a covenant not to sue deprives a plaintiff of constitutional standing.

Additionally, many factual differences further weaken the applicability of *Air Products* to the instant case. First, Air Products did not assign its patents. Air Products owned the patents and itself entered into all licensing agreements. *See id.* at 1560; *see also Applera Corp.-Applied Biosystems Grp. v. Illumina, Inc.*, 282 F. Supp. 2d 1120, 1125 (N.D. Cal. 2003) ("[T]itle to a patent does not change hands in a license agreement, and therefore a plaintiff need not seek any specific equitable relief as a prerequisite to bringing the infringement claim.") (internal citations and quotation marks omitted). Also, the contract termination issue in *Air Products* was both before the court and dispositive. *See Air Products*, 755 F.2d at 1560-61. Here, MaxLinear, Inc. assigned the asserted patents to Entropic, and the parties dispute whether MaxLinear could have transferred the right to sue Comcast. Additionally, the termination issue is not before this Court, but, rather, it is pending before the Southern District of New York.[10] Moreover, the issue is not dispositive; it affects only the damages window.[11] Accordingly, fact issues concerning the termination of the contract are not salient to the standing question, unlike the circumstance in *Air Products*.

For the reasons discussed above, the remaining cases in the *Air Products* line of authority also do not answer the constitutional standing question at issue here. *See Pixton v. B & B Plastics, Inc.*, 291 F.3d 1324, 1327 (Fed. Cir. 2002) ("The most relevant facts at issue here are nearly identical to those of *Air Products*. Pixton's well-pleaded complaint expressly sets out an action for patent infringement. The issue is not ownership; this is an action for patent infringement in which the defendant has asserted the defense of license. Jurisdiction in the federal courts is not lost simply because the most efficient approach at trial may be to address the license defense first."); *Kunkel v. Topmaster Int'l, Inc.*, 906 F.2d 693, 696–97 (Fed. Cir. 1990) ("Kunkel's complaint adequately pleaded a claim for patent infringement. . . . That Kunkel's complaint also requests equitable relief in the form of a declaration and decree of rescission of contract cannot impair the federal district court's ability to exercise jurisdiction over the action."); *see also Applera Corp.-Applied Biosystems Grp.*, 282 F. Supp. 2d at 1125 ("Unambiguous Federal Circuit jurisdictional analysis confirms that the possibility, even the probability, of a successful defense of license that would prevent a district court from reaching matters of patent law, does not

---

[10] Order § IV.C.

[11] *Id.*

deprive the court of section 1338 jurisdiction over a well-pleaded complaint arising out of patent law.").

The remaining cases that Entropic identifies concern situations in which patentees offered accused infringers covenants not to sue during litigation. *See generally Cooper Notification, Inc. v. Twitter, Inc.*, 545 F. App'x 959 (Fed. Cir. 2013); *Highway Equip. Co. v. FECO, Ltd.*, 469 F.3d 1027 (Fed. Cir. 2006). In those cases, the Federal Circuit concluded that the covenant not to sue eliminated any case or controversy over only the declaratory judgment counterclaims. The court held that the covenant did not divest the district court of jurisdiction for the limited purposes of disposing of the cases under Rule 41 and of evaluating the propriety of an award of attorneys' fees. *See Cooper Notification*, 545 F. App'x at 967; *Highway Equip. Co.*, 469 F.3d at 1033. Here, the dispute is different because it concerns whether a preexisting covenant not to sue defeats jurisdiction. *Cooper Notification* and *Highway Equip. Co.* do not answer that question because their facts were fundamentally different.

Here, neither party disputes that federal question jurisdiction applies because this is a patent case. However, that insight does not end the inquiry. In a patent case, as in any other, the plaintiff must establish constitutional standing. *See Borchert v. Quad Research, Inc.*, 2015 WL 13917869, at *5 (C.D. Cal. Apr. 7, 2015) ("[C]ourts have required that parties enforcing patents demonstrate both constitutional and prudential standing."). The parties dispute whether Entropic has standing to pursue a patent infringement action in view of the covenant not to sue between Entropic's assignee—MaxLinear—and Comcast. As detailed above, *Air Products* and the other authorities that Entropic identifies do not address that question. Accordingly, Entropic's arguments based upon those authorities do not disturb the Court's prior ruling, and they provide no basis for reconsideration.

Moreover, Entropic's position, if adopted, would deprive covenants not to sue of any force because they would prevent a dismissal at the pleading stage, forcing the parties to litigate when that is the very thing that they agreed not to do. That outcome is inconsistent with decisions dismissing cases under similar circumstances. *See Bluestone Innovations LLC v. Nichia Corp.*, 2013 WL 1729814, at *4 (N.D. Cal. Apr. 22, 2013) ("The Court finds that, to the extent that the complaint encompasses products as to which Bluestone does not have standing to assert infringement claims [due to its covenant], it should be dismissed."); *see also Apple Inc. v. Qualcomm Inc.*, 17 F.4th 1131, 1137-38 (Fed. Cir. 2021), *cert. denied*, 143 S. Ct. 86 (2022) (dismissing an appeal where a settlement and license agreement destroyed standing to appeal a final written decision in an IPR proceeding).

## V.  DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** that Entropic's instant Motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 12, 2024

John W. Holcomb
UNITED STATES DISTRICT JUDGE