Krishnan Padmanabhan (SBN: 254220)
kpadmanabhan@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

Attorneys for Comcast Defendants.

*(Additional counsel information omitted)*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>COMCAST CORPORATION; COMCAST CABLE COMMUNICATIONS, LLC; AND COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC,<br><br>Defendants. | **No. 2:23-cv-1049-JWH-KES (Lead Case)**<br>**No. 2:23-cv-1050-JWH-KES (Related Case)**<br><br>**No. 2:23-cv-1043-JWH-KES (Lead Case)**<br>**No. 2:23-cv-1048-JWH-KES (Related Case)**<br><br>Assigned to Hon. John W. Holcomb<br><br>**COMCAST DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS SECOND AMENDED COMPLAINT UNDER FED. R. CIV. P. 12(b)(1) AND 12(b)(6)**<br><br>Date: January 26, 2024<br>Time: 9:00 AM<br>Courtroom: 9D |

# <u>TABLE OF CONTENTS</u>

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES .................................................5

I.      INTRODUCTION ...........................................................................................5

II.     ARGUMENT....................................................................................................6

      A.      Entropic's own litigation conduct cannot overcome the VSA. ................6

            1.      Filing suit cannot trigger the covenant's exemption. ....................6

            2.      Entropic's "post-suit" theory fails as a matter of law.....................7

      B.      Entropic's allegations related to Comcast's involvement in MoCA are insufficient to plead willful infringement. .............................9

      C.      Entropic's allegations related to Charter are insufficient to plead willful infringement of any patent. ..........................................................12

      D.      A "totality of the surrounding circumstances" cannot overcome Entropic's insufficient allegations as to each patent...............................15

      E.      The Court has already rejected Entropic's termination argument. ..........16

III.    CONCLUSION ...............................................................................................16

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Apple Inc. v. Samsung Elecs. Co.*,
  258 F. Supp. 3d 1013 (N.D. Cal. 2017)...................................................8

*Bautista v. Valero Marketing and Supply Co.*,
  No. 15-cv-05557, 2016 WL 6822024 (N.D. Cal. Nov. 18, 2016) ....................15

*Blantz v. Cal. Dep't of Corrections & Rehabilitation*,
  727 F.3d 917 (9th Cir. 2013) ................................................13

*Collins & Aikman Products Co. v. Sermatech Engineering Group, Inc.*,
  297 A.D.2d 248 (N.Y. App. Div. 2002)..........................................6, 7

*Corephotonics, Ltd. v. Apple, Inc.*,
  No. 17-CV-06457-LHK, 2018 WL 4772340 (N.D. Cal. Oct. 1, 2018) .............11

*Dental Monitoring SAS v. Align Tech., Inc.*,
  No. C 22-07335 WHA, 2023 WL 4297570 (N.D. Cal. June 30, 2023).......11, 14

*Finjan, Inc. v. Eset, LLC*,
  2017 WL 1063475 (S.D. Cal. March 21, 2017) ...................................8

*Graco, Inc. v. Binks Mfg. Co.*,
  60 F.3d 785 (Fed. Cir. 1995) ................................................15

*Ironburg Inventions Ltd. v. Valve Corp.*,
  64 F.4th 1274 (Fed. Cir. 2023) ..............................................9

*Microsoft Corp. v. Motorola, Inc.*,
  864 F. Supp. 2d 1023 (W.D. Wash. 2012) .....................................10

*Monolithic Power Sys., Inc. v. Silergy Corp.*,
  127 F. Supp. 3d 1071 (N.D. Cal. 2015).........................................8

*MyMedicalRecords, Inc. v. Jardogs, LLC*,
  1 F. Supp. 3d 1020, 1025–26 (C.D. Cal. 2014)...................................8

*Pacing Techs., LLC v. Garmin Int'l, Inc.*,
  2013 WL 444642 (S.D. Cal. Feb. 5, 2013).......................................9

*Pact XPP Schweiz AG v. Intel Corp.*,
 2023 WL 2631503 (D. Del. Mar. 24, 2023)........................................................8

*Ravgen, Inc. v. Quest Diagnostics Inc.*,
 2022 WL 2047613 (C.D. Cal. Jan. 18, 2022)......................................................7

*Resnick v. Hyundai Motor America, Inc.*,
 No. 16–00593–BRO, 2017 WL 1531192 (C.D. Cal. April 13, 2017) ..............13

*Sonos, Inc. v. Google LLC*,
 591 F. Supp. 3d 638 (N.D. Cal. 2022).................................................................12

*Telesign Corp. v. Twilio, Inc.*,
 2015 WL 12765482, at *10–11 (C.D. Cal. Oct. 16, 2015) ..............................7, 8

*Underwood v. Coinbase Global, Inc.*,
 654 F.Supp.3d 224 (S.D.N.Y. 2023) .................................................................16

*Vaporstream, Inc. v. Snap Inc.*,
 2020 WL 136591 (C.D. Cal. Jan. 13, 2020).........................................................7

*ViX Swimwear, Inc. v. SBC Clothing, Inc.*,
 2015 WL 3905097 (S.D. Cal. June 25, 2015) ....................................................16

*Warn Indus., Inc. v. Agency 6 Inc.*,
 660 F. Supp. 3d 924 (E.D. Cal. 2023) ................................................................12

*Whitaker v. Tesla Motors, Inc.*,
 985 F.3d 1173 (9th Cir. 2021) ............................................................................16

*YellowCake, Inc., v. DashGo, Inc.*,
 2022 WL 172934 (E.D. Cal. Jan. 19, 2022)........................................................16

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Despite amending its complaint against Comcast a second time, Entropic still cannot plausibly plead that Comcast willfully infringed a single asserted patent—the sole narrow exemption to the VSA's covenant not to sue. Because Entropic fails to meet the standard laid out in the Court's previous order dismissing the FAC, the Court should dismiss Entropic's SAC against Comcast with prejudice.

First, Entropic's attempt to rely on its filing of these litigations to allege willfulness fails as a matter of law. Allowing Entropic to invoke the covenant not to sue's narrow exemption for willful infringement by committing the very act that the covenant prohibits would read the covenant out of the VSA entirely, contrary to New York law. Indeed, the overwhelming weight of authority, in this District and elsewhere, correctly holds that the filing of a complaint cannot alone provide a basis to allege willfulness. A defendant's good faith defense of a lawsuit is evidence of a subjective belief of non-infringement, but Entropic's post-suit willfulness theory would turn every patent infringement allegation into a case for willful infringement. That is not the law.

Second, Entropic's pre-suit allegations ignore the Court's holding that the covenant not to sue applies on a per-patent basis and fail to plausibly assert knowledge of any asserted patent or infringement of that patent. For the MoCA patents, Entropic simply repeats its previously rejected allegations that Comcast was a member of MoCA. The only new allegation is a 15 year old email to a MoCA Alliance email address, identifying one patent. But that email does not state the (issued or unissued) standard to which the single patent is allegedly essential, a crucial point that Entropic does not contest.

For the remaining patents, Entropic again attempts to create the impression of a "tight-knit industry" between Charter and Comcast to allege pre-suit knowledge based upon the Charter litigation. But Entropic never alleges that Charter told Comcast about the asserted patents or its litigation against Entropic. Nor does Entropic "detail"—as the

Court directed—any alleged similarities between the accused products that would make the prior litigation relevant if Comcast even know about it. Without those allegations, Entropic is left with nothing but conclusory statements about generalized collaboration, none of which is sufficient to plead willful infringement.

Finally, the "totality of the circumstances" cannot overcome a covenant not to sue with only a narrow exemption for willful infringement of a particular patent, and the Court has already rejected Entropic's assertions regarding MaxLinear's attempted termination, which fail as a matter of law. Accordingly, the Court should reject Entropic's latest effort to maintain this suit and dismiss the SACs with prejudice.

## II.   ARGUMENT

### A.   Entropic's own litigation conduct cannot overcome the VSA.

#### 1.   Filing suit cannot trigger the covenant's exemption.[1]

Entropic's reliance on its own litigation conduct as an end run around the covenant not to sue fails under New York law. To credit Entropic's position would read the covenant out of the VSA and render it meaningless.[2] Entropic does not even address, let alone distinguish, the well-established New York law that Comcast cites to show that is improper. Mot. 22–23.

Entropic instead cites *Collins & Aikman Products Co. v. Sermatech Eng'g Group, Inc.*, 297 A.D.2d 248 (N.Y. App. Div. 2002), for the proposition that covenants not to sue are "narrowly construed." Opp. at 7.[3] But that point is irrelevant here and the case is readily distinguishable in any event. In *Collins*, the dispute was whether the court

---

[1] As noted in Comcast's motion, any consideration of Entropic's post-suit allegations is contingent on Entropic's opposed Rule 15(d) motion to supplement the SAC.

[2] Entropic does not seriously dispute this fundamental flaw in its "post-suit" theory. At most, in a footnote, Entropic denies that its Original Complaint violated the covenant because it included a boilerplate statement of willful infringement. Opp. 7 n.1. But it is beyond dispute that the Original Complaint, which Entropic failed to defend when Comcast moved to dismiss, and its dismissed FAC, did not plausibly allege willfulness.

[3] For simplicity, citations to "Opp." refer to Entropic's opposition in 2:23-cv-1043 (Dkt. 259-1). Entropic's opposition in 2:23-cv-1049 (Dkt. 182-1) is substantively similar.

should "imply such a covenant" where the contract "nowhere contain[ed] an express covenant not to sue," and the cited provisions did "not appear in the contract article specifically covering 'Covenants.'" 297 A.D.2d at 249–50. Here, there is no dispute that the VSA contains an express covenant not to sue Comcast that extends to each of the asserted patents. Order at 2. Entropic's attempt to twist *Collins* to support an interpretation that would render that express covenant meaningless should be rejected.

### 2. Entropic's "post-suit" theory fails as a matter of law.

Independently, Entropic's post-suit theory fails as a matter of law under the weight of authority that willful infringement cannot be premised on "post-suit knowledge." *Ravgen, Inc. v. Quest Diagnostics Inc.*, 2022 WL 2047613, at *3 (C.D. Cal. Jan. 18, 2022); Mot. 23–25. Notably, Entropic does not distinguish any of the cases cited in Comcast's motion. Instead, Entropic simply declares, without any support, that its position is the "majority" view "both nationally and within this District." Opp. 8. But, as Comcast showed, the overwhelming majority of cases in this District, across the Ninth Circuit and around the country hold that filing a complaint is not enough to plead willful infringement, particularly since "[t]his post-suit fact pattern characterizes ***every*** infringement action." *Ravgen*, 2022 WL 2047613, at *3.[4]

The cases that Entropic does cite do not overcome this law. To the contrary, Entropic's only post-*Halo* case from this District—*Vaporstream, Inc. v. Snap Inc.*, 2020 WL 136591 (C.D. Cal. Jan. 13, 2020)—recognized that "the majority of district courts in the Ninth Circuit have held that 'knowledge and continued infringement alone' are insufficient to support a claim for willful infringement," and ***granted*** a motion of no willfulness because—like Entropic—the plaintiff "failed to identify any egregious conduct or evidence of behavior beyond typical infringement." *Id*. at *20–21. Entropic's only other Central District cases predate *Halo* and are inapposite. In *TeleSign Corp. v. Twilio, Inc.*, the court simply found, under the now-overruled *Seagate* standard, that "a

---

[4] All emphasis in quotations are added, unless otherwise noted.

preliminary injunction is not a *requirement* to bring a willful infringement claim," and allowed the plaintiff to pursue willfulness because the failure to seek an injunction was the sole grounds on which the defendant challenged the claim. 2015 WL 12765482, at *10–11 (C.D. Cal. Oct. 16, 2015). In *MyMedicalRecords, Inc. v. Jardogs, LLC*, the court allowed willful infringement claims to proceed against a defendant (AllScripts) that had ***pre-suit*** knowledge of the patent based on from a complaint filed in ***a different, earlier*** lawsuit against a company that AllScripts had recently acquired. 1 F. Supp. 3d 1020, 1025–26 (C.D. Cal. 2014). Entropic's remaining in-Circuit cases support Comcast, not Entropic.[5]

Entropic's argument that Comcast's position conflicts with *Halo* or "conflat[es] willful patent infringement and enhanced damages under Section 284" (Opp. 9) is wrong. *Halo* did not address a post-suit theory, and requiring pre-suit notice to plead willfulness is not the same as requiring egregious conduct to enhance damages. It is certainly true that some courts require pleading egregious conduct ***in addition to*** pre-suit notice, but there are "many" reasons to require pre-suit notice, "among them that a complaint can't constitute an element of a claim that it purports to raise, and that it would mean all infringement suits involve willful infringement." *Pact XPP Schweiz AG v. Intel Corp.*, 2023 WL 2631503, at *5 (D. Del. Mar. 24, 2023).

It is ***Entropic*** that conflates willfulness and enhanced damages by arguing that "[a] defendant with a good faith belief in its defense has nothing to fear from willful infringement because it cannot be subject to enhanced damages." Opp. 10. The Federal Circuit has rejected this exact argument, holding that "a finding of willful infringement

---

[5] *See Apple Inc. v. Samsung Elecs. Co.*, 258 F. Supp. 3d 1013, 1028 (N.D. Cal. 2017) (willfulness was supported by ***pre-suit*** "copying"); *Finjan, Inc. v. Eset, LLC*, 2017 WL 1063475, at *4 (S.D. Cal. March 21, 2017) (complaint expressly alleged notice "***prior to*** the filing of the lawsuit"); *Monolithic Power Sys., Inc. v. Silergy Corp.*, 127 F. Supp. 3d 1071, 1077 (N.D. Cal. 2015) (***granting*** motion to dismiss willfulness claim where plaintiff failed to allege facts "that the defendants acted with a level of intent that is more culpable than the typical infringer").

1  may have collateral consequences even for a party not ordered to pay enhanced
2  damages, such as reputational injuries." *Ironburg Inventions Ltd. v. Valve Corp.*, 64
3  F.4th 1274, 1295 (Fed. Cir. 2023). Deeming every defendant that simply continues its
4  accused conduct while it defends a lawsuit a "willful" infringer is thus improper.

5       Finally, there is no relevant "exception" to the requirement of pre-suit
6  knowledge, as Entropic suggests. *See* Opp. 10. Quoting a pre-*Halo* case, Entropic
7  argues that "a patentee that neither practices its invention nor directly competes with
8  the alleged infringer"—i.e., a non-practicing entity ("NPE") like Entropic—"may be
9  excused from the [preliminary] injunction requirement." *Pacing Techs., LLC v. Garmin
10  Int'l, Inc.*, 2013 WL 444642, at *3 n.3 (S.D. Cal. Feb. 5, 2013). But Comcast is not
11  asserting a preliminary injunction requirement; Comcast is asserting a covenant not to
12  sue with only a narrow exemption for willful infringement of a particular patent, which
13  Entropic cannot plausibly plead. Any suggestion that MaxLinear could circumvent the
14  VSA's covenant simply by assigning its patents to an NPE like Entropic is absurd and
15  would again render the covenant meaningless, contrary to New York law.[6] Moreover,
16  while there is abundant, more recent authority supporting Comcast cited in its motion,
17  Entropic's *Pacing Technologies* case is yet another in-Circuit case holding that a willful
18  infringement claim must be dismissed where, as here, the plaintiff "failed to sufficiently
19  plead [defendant]'s *pre-suit* knowledge of the [asserted] Patent." *Id.* at *4.

20  **B.    Entropic's allegations related to Comcast's involvement in MoCA are insufficient to plead willful infringement.**

22       As Entropic recognizes, to plead a claim for willful infringement, it must allege
23  that Comcast had knowledge of the asserted patents and its infringement of those
24  patents. *See* Order at 9. Entropic does not plausibly allege either element for any of the
25  MoCA patents. In its opposition, Entropic argues that its allegation that Comcast was
26  "an early and active member of MoCA" who "helped to develop the MoCA standard"

---

[6] This Court has already ruled that Entropic took the asserted patents subject to the VSA's covenant not to sue. Order at 6.

9

1   means that Comcast "would have **needed** to be aware of the patented technology that
2   would be essential to the practice of the MoCA standard." Opp. at 12 (citing SAC ¶
3   126). Entropic also points to its allegations that the MoCA patents, which were allegedly
4   essential to the practice of the MoCA standard," were "**filed** during the time that MoCA
5   was being developed by Entropic, Inc., Comcast, and others." Opp. at 13 (citing SAC ¶
6   128). But Entropic has already tried these theories in its FAC, alleging that "Comcast
7   was involved with and/or a member of MoCA," had "full access to all then-existing
8   versions of the MoCA standard," that several asserted patents were filed while Comcast
9   was a member of MoCA, and that Comcast "monitored and reviewed the publication
10  and issuance of patents that would be standard-essential." FAC ¶¶ 84, 86, 87, 90, 141,
11  187, 222, 257, 292, 327, 362, 397, 431, 465, 499, 533, 567. The Court rejected these
12  allegations before, and should reject them again now, because "allegations directed to
13  general industry awareness" or "knowledge of a patent portfolio, as opposed to a
14  specific, issued patent, do[] not support a claim for willful infringement." Order at 11.

15      Entropic cites *Microsoft Corp. v. Motorola, Inc.*, 864 F. Supp. 2d 1023, 1027
16  (W.D. Wash. 2012) in support of its argument that Comcast "would have **needed** to be
17  aware of the patented technology." Opp. at 12. But that case does not address willful
18  infringement. Plus, Motorola explicitly identified its patents and the standard to which
19  they were essential in correspondence to Microsoft. *Microsoft*, 864 F. Supp. 2d at 1027–
20  29 (citing letters, Dkt. 79-5 at 2). Entropic does not allege that Comcast had knowledge
21  of the set of patents asserted here, let alone knowledge that it infringed them, which
22  should dispense with these allegations.

23      Entropic's only allegations of knowledge of a specific patent relate to Anton
24  Monk's email to a *MoCA Alliance email address* about the '518 patent. SAC ¶¶ 134–
25  137. But that e-mail is insufficient to plead willful infringement of even that patent, let
26  alone any others. To begin, Entropic's opposition mischaracterizes the email. It asserts
27  that the email "states that the '518 Patent is essential to the practice of MoCA," but the
28  email only states that the patent is "related to the MoCA specification." Dkt. 248-2. And

Entropic does not refute that "the MoCA specification" could refer to a *draft* version of the specification, and that any feature to which the '518 patent was allegedly essential may not have been included in any final specification. Regardless, this Court has already held that the alleged essentiality of a patent "does not plausibly demonstrate knowledge of infringement." Order at 9. Further, Entropic attempts to explain away the fact that the email was not sent to Comcast and that there was then a 15-year delay between the email and this lawsuit by relying on conclusory allegations that Comcast "continued to monitor and analyze Entropic's MoCA-related patents." Opp. at 14 (citing SAC ¶ 130). These allegations were insufficient in the FAC (¶¶ 72, 86) and remain so here because they do not establish **Comcast's** knowledge of the patent or of its alleged infringement. *See Dental Monitoring SAS v. Align Tech., Inc.*, No. C 22-07335 WHA, 2023 WL 4297570, at *6 (N.D. Cal. June 30, 2023) (granting motion to dismiss willful infringement claim because "knowledge of the existence of a patent *portfolio* does not confer knowledge of individual patents or claims in that portfolio, let alone knowledge of their infringement," even where the parties met over 40 times before the suit was filed) (emphasis in original).

Entropic cites *Corephotonics, Ltd. v. Apple, Inc.* to suggest that its allegations establish willful blindness. No. 17-CV-06457-LHK, 2018 WL 4772340 (N.D. Cal. Oct. 1, 2018). But, in that case, "Corephotonics gave Apple files" describing its pending patent applications and asserted patents and "an Apple negotiator told Corephotonics that even if Apple infringed [Corephotonics' patents], it would take years and millions of dollars in litigation before Apple might have to pay something." *Id.* at *9 (cleaned up). When Apple released an allegedly infringing product, "Corephotonics offered to share its patents with Apple's technical and business personnel," but "Apple sent Corephotonics an email . . . stating, 'Please do not send any patents to us until further notice. Legal counsel might reach out with any questions.'" *Id.* at *9. The court found that this explicit instruction by Apple "was a deliberate action to avoid confirming a high risk" of infringing issued patents. *Id*. Entropic has alleged no analogous facts here.

Finally, Entropic blames its inability to plead willful infringement on its lack of purported access to documents and leverages that excuse to sneak in yet another request for discovery. But Entropic has access to documents from MaxLinear and the MoCA Alliance, as demonstrated by the Anton Monk email. Moreover, Entropic fails to identify any documents that would be in Comcast's "sole possession"—i.e., documents that would not also be in Entropic's or its predecessors' possession.[7] The Court already concluded that jurisdictional discovery was unnecessary (Order at 11), and Entropic did not seek reconsideration of that finding. There is no basis to revisit it now.

## C. Entropic's allegations related to Charter are insufficient to plead willful infringement of any patent.

The SAC's allegations concerning the Charter litigations fail to establish willfulness of any specific patent for similar reasons as the FAC's allegations. First, Entropic fails to plausibly allege that Charter and Comcast were part of such "a tight-knit industry" that knowledge about the litigations, and patents asserted in them, could be assumed. Second, Entropic fails to detail any supposed similarities between the accused functionalities in the litigations that would have put Comcast on notice of its own alleged infringement (even assuming arguendo Comcast had any knowledge of the Charter litigations, the patents asserted, and the products accused therein).

To suggest knowledge, Entropic once again alleges that Comcast requested indemnification from vendors and communicated with RPX. Opp. at 15–16 (citing SAC ¶¶ 89, 93). These allegations are not new—Entropic raised them in its FAC. *See* FAC ¶¶ 75, 78. The Court expressly rejected Entropic's prior RPX allegation as insufficient because it did not show "any close connection with a key industry player." Order at 10.

---

[7] This case is unlike *Warn Indus., Inc. v. Agency 6 Inc.*, 660 F. Supp. 3d 924, 935 (E.D. Cal. 2023) and *Sonos, Inc. v. Google LLC*, 591 F. Supp. 3d 638, 645 (N.D. Cal. 2022). Neither stands for the proposition that a fishing expedition should be allowed. Rather, in each case the plaintiff pled sufficient pre-suit facts to support discovery in the first instance. *Warn*, 660 F. Supp. 3d at 935 (adequately alleging notice based on defendant's awareness of pre-publication grant and cease-and-desist letter); *Sonos*, 591 F. Supp. 3d at 644 (adequately alleging notice based on an earlier-filed DJ suit).

And Entropic did not even defend its indemnification allegation in response to Comcast's motion to dismiss the FAC, thus rendering it waived. 2:23-cv-1048, Dkt. 82-1 at 30, 33 n. 21; *Resnick v. Hyundai Motor America, Inc.*, No. 16–00593–BRO, 2017 WL 1531192, *22 (C.D. Cal. April 13, 2017) ("Failure to oppose an argument raised in a motion to dismiss constitutes waiver of that argument.").

In any event, these "upon information and belief" allegations remain purely speculative, and contravene both logic and the law. Entropic alleges that "Comcast contacted RPX … *after* being served with the complaint in these actions," which cannot support willfulness. SAC ¶ 93.[8] And while Entropic alleges that "Comcast requested indemnification from [its] suppliers for each of the patents asserted against Charter . . . prior to Entropic filing the current action," SAC ¶ 89, it fails to provide the factual basis for such information and belief. Nor can it, since an allegation that Comcast sought indemnification for a case that was not yet filed is wholly implausible. Remarkably, Entropic goes a step further, alleging that Comcast sought indemnification for "each of the patents asserted against Charter, *including the MoCA-related patents*, prior to Entropic filing the current action," even though Entropic asserted the MoCA patents against Charter *on the same day* it filed against Comcast. The Court should give no weight to such conclusory and implausible allegations. *Blantz v. Cal. Dep't of Corrections & Rehabilitation*, 727 F.3d 917, 927 (9th Cir. 2013) (without "further factual enhancement," allegations on information and belief do not avoid dismissal).

Even assuming arguendo Comcast had pre-suit knowledge of the Charter litigations,[9] Entropic still does not detail any alleged similarities between the accused

---

[8] Entropic's clarification that Comcast contacted RPX "*after* being served with the complaint in these actions" is the only difference between Entropic's RPX allegations in the FAC and SAC. SAC ¶ 93. Confusingly, Entropic appears to argue in its opposition that Comcast contacted RPX prior to these suits being filed. Not only does this contradict Entropic's own allegation, it is also speculative and baseless.

[9] Entropic's "upon information and belief" allegations at SAC ¶¶ 68–69 simply stating that Comcast had knowledge of these litigations, without any basis, were rejected before and should be rejected again. Order at 10 (citing FAC ¶ 69).

functionalities necessary to demonstrate Comcast's knowledge of infringement, as the Court instructed. Order at 10–11. Entropic points to SAC ¶¶ 72–74, 79–81. But the allegations at ¶¶ 72–74 that both companies implement PMA, PNM, or full band capture technology are conclusory and insufficient. Mot. at 29–30. And the allegations at ¶¶ 79–81 merely state that Comcast and Charter purchase products from the same third parties (e.g., ARRIS) and that those products therefore provide "similar functionality." Entropic offers no response to the fact that even where ARRIS allegedly provides both companies the same box (*see* SAC ¶ 80), it does so under different names. Mot. at 31, n. 14. Nor does Entropic explain how the allegedly "similar functionality" relates to the asserted claims such that Comcast would have had knowledge of infringement. Thus, even if Entropic's allegations meet the first part of the Court's instruction—to "identify products and services accused in the other actions"—they fail to "detail their similarities with the accused products and services" in a manner that would have allowed Comcast to know that it too was allegedly infringing. Order at 10–11.

Entropic tries to hide these shortcomings by relying on a conclusory and vague allegation that Comcast and Charter collaborated on PMA and full band capture technology. Opp. at 15 (citing SAC ¶ 71). It does not assert that they implemented the technology in the same way in their accused products, let alone that they had knowledge of doing so. This allegation is therefore insufficient. *See Dental Monitoring*, 2023 WL 4297570, at *7 (declining to assume that accused infringer "would have known" that accused technology was patented based on meetings and proposed partnership). Entropic also does not deny that its other allegations regarding this collaboration (SAC ¶¶ 70, 77–78) are unrelated to any accused technology at all. Mot. at 31.

Accordingly, these are not the "narrow circumstances" in which litigation against another company could form a sufficient basis for willful infringement. Order at 9 (citing *Core Optical*). As this Court recognized, "a close connection with a key industry player ***known to have disclosed the patent to others***" was a crucial fact in *Core Optical*.

The absence of any such allegation here defeats Entropic's claims. Order at 9–11.

### D.    A "totality of the surrounding circumstances" cannot overcome Entropic's insufficient allegations as to each patent.

Entropic attempts to revive its willfulness allegations that were previously rejected by this Court under a "totality of the surrounding circumstances" test based on *Graco, Inc. v. Binks Mfg. Co.*, 60 F.3d 785, 792 (Fed. Cir. 1995). Opp. at 12. Entropic's argument ignores the Court's Order and misrepresents the case law.

The Court properly found that the exemption for willful infringement applies on a "per-patent basis" and requires knowledge of a specific patent and infringement. Order at 8. Thus, Entropic cannot cobble together disjointed allegations about Comcast's investment in Entropic Inc., Comcast's involvement in MoCA, prior litigation by Entropic against other companies, Comcast's purported relationship with Charter, and Comcast's relationship with MaxLinear[10] because ***none*** of those allegations includes knowledge of any specific asserted patent or knowledge any were infringed. No matter how it mixes and matches its unrelated allegations, Entropic cannot fill that hole.[11]

*Graco* is inapposite because it does not address the standard to be applied at this procedural stage. In any event, *Graco* favors Comcast. While the Federal Circuit held that a court must consider the totality of the circumstances in determining willfulness, it ultimately reversed the district court's finding of willfulness. *Id*. at 794. Here,

_____

[10] As part of this relationship, Entropic also raises its allegations about Mr. Tierney. The Court has already rejected allegations that Mr. Tierney's knowledge could be imputed to Comcast. Order at 11. And as explained in Comcast's opening brief, Entropic's new allegations "add[] only high-level speculation … that Mr. Tierney and Comcast discussed product 'technology,' 'functionality,' and 'operation.'" Mot. at 32. Entropic offers no response to Comcast's argument, choosing instead to regurgitate its speculative allegations, without explanation for why they overcome the Court's earlier rejection. Opp. at 17–18. As such, these allegations cannot plausibly allege willfulness.
[11] Interestingly, while Entropic moved for reconsideration of the Court's Order on other grounds, it did not challenge the Court's rejections of these allegations. These arguments are thus waived. *See Bautista v. Valero Marketing and Supply Co.*, No. 15-cv-05557, 2016 WL 6822024 at *1 (N.D. Cal. Nov. 18, 2016) (argument not raised in motion to reconsider dismissal of first amended complaint was waived).

Entropic cannot satisfy even the pleading standard for willfulness, and an assessment of the totality of the circumstances only further tips the scales toward Comcast.

### E.   The Court has already rejected Entropic's termination argument.

Finally, Entropic argues that the Court must accept its allegation that the VSA was terminated by August 16, 2023. But a Court "need not accept as true legal conclusions" when deciding a Rule 12 motion. *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021). Further, where terms of a contract contradict plaintiff's allegations, "the document controls and the Court need not accept the allegations contained within the complaint." *Underwood v. Coinbase Global, Inc.*, 654 F.Supp.3d 224, 237 (S.D.N.Y. 2023) (cleaned up). Here, the plain terms of the VSA and related SOW provide that the earliest possible termination date would be August 13, 2025—two years and 90 days from receipt of MaxLinear's purported termination notice. 23-cv-1048, Dkt. 82-1 at 15, n.1 (citing VSA § 11.1, SOW #1 at 3).

Entropic cites *ViX Swimwear, Inc. v. SBC Clothing, Inc.*, 2015 WL 3905097, at *7 (S.D. Cal. June 25, 2015) to suggest that the Court must accept Entropic's legal assertions to the contrary as true. But *ViX* involved a default judgment. 2015 WL 3905097, at *6. Moreover, the court in *ViX* construed a termination provision according to the terms of the contract, not simply the allegations in the complaint. *Id.* at *7. In Entropic's other case—*YellowCake, Inc., v. DashGo, Inc.*, 2022 WL 172934, at *2 (E.D. Cal. Jan. 19, 2022)—the defendant did not dispute that the agreement was terminated. Here, Comcast and MaxLinear are actively litigating MaxLinear's ineffective termination in the Southern District of New York (SDNY), and this Court deferred to the SDNY on this issue. Order at 7. There is thus no basis on which to give Entropic's newly added allegations any weight.

## III.   CONCLUSION

Because the SAC fails to plausibly allege willful infringement of any asserted patent—the only relevant exemption to the VSA's covenant not to sue—the Court should dismiss the SAC with prejudice and without further leave to amend.

1

2    Dated: January 12, 2024          WINSTON & STRAWN LLP

3                                      By:  */s/ Krishnan Padmanabhan*
4                                           K. Padmanabhan (SBN: 254220)
                                            kpadmanabhan@winston.com
5                                           **WINSTON & STRAWN LLP**
                                            200 Park Ave., Fl. 40
6                                           New York City, NY 10166
                                            Tel: (212) 294-6700
7                                           Fax: 212-294-4700

8                                           Diana Hughes Leiden (SBN: 267606)
                                            dhleiden@winston.com
9                                           **WINSTON & STRAWN LLP**
                                            333 S. Grand Ave.
10                                          Los Angeles, CA  90071
                                            Tel: (213) 615-1700
11                                          Fax: (213) 615-1750

12                                          Brian Ferguson (*pro hac vice*)
                                            bferguson@winston.com
13                                          **WINSTON & STRAWN LLP**
                                            1901 L Street NW
14                                          Washington, DC 20036
                                            Tel: (202) 282-5000
15                                          Fax: (202) 282-5100

16                                          Saranya Raghavan (*pro hac vice*)
                                            sraghavan@winston.com
17                                          **WINSTON & STRAWN LLP**
                                            35 West Wacker, Dr.
18                                          Chicago, IL 60601
                                            Tel: (312) 558-5600
19                                          Fax: (312)558-5700

20                                          *Attorneys for Comcast Defendants*

21

22

23

24

25

26

27

28