1  DAVID M. KEYZER (SB# 248585)
   david@keyzerlaw.com
2  LAW OFFICE OF DAVID KEYZER, P.C.
   5170 Golden Foothill Parkway
3  El Dorado Hills, CA 95762
   Telephone: (916) 243-5259
4  Facsimile: (916) 404-0436

5

6

7

8            UNITED STATES DISTRICT COURT
             CENTRAL DISTRICT OF CALIFORNIA
9                  SOUTHERN DIVISION

10
    ENTROPIC COMMUNICATIONS, LLC,   §
11         Plaintiff,                §
                                     §  Case No. 2:23-cv-01043-JWH-KES
12     v.                            §     LEAD CASE
                                     §  Case No. 2:23-cv-01049-JWH-KES
13  DISH NETWORK CORPORATION,        §     LEAD CASE
    et al.,                          §
14         Defendants.               §
    _____     §  Hon. John W. Holcomb
15                                   §  Special Master David M. Keyzer
    ENTROPIC COMMUNICATIONS, LLC,   §
16         Plaintiff,                §
                                     §  **SPECIAL MASTER ORDER**
17     v.                            §  **No. SM-11**
                                     §
18  COX COMMUNICATIONS, INC., et al., §
           Defendants.               §
19                                   §

20

SPECIAL MASTER ORDER No. SM-11 - 1

1        Pursuant to the Court's July 5, 2023 Order Appointing David Keyzer, Esq. as

2 Special Master for Discovery Purposes (Civil Action No. 2:23-cv-1043, Dkt. 74; Civil

3 Action No. 2:23-cv-1049, Dkt. 62), and further pursuant to the Court's grant of

4 consolidations (Civil Action No. 2:23-cv-1043, Dkt. 129, Oct. 13, 2023 Order; Civil

5 Action No. 2:23-cv-1049, Dkt. 95, Oct. 16, 2023 Order) and the discovery dispute

6 resolution procedure agreed upon by the parties and adopted by the Special Master (Civil

7 Action No. 2:23-cv-1043, Dkt. 85-1, Aug. 4, 2023 Special Master Order No. SM-2), the

8 Special Master held a discovery hearing on November 3, 2023, and ruled on discovery

9 motions, including granting Entropic's motion to compel production of documents by

10 Comcast Corporation, Comcast Cable Communications, LLC, and Comcast Cable

11 Communications Management, LLC (referred to herein as the "Comcast Defendants" or

12 simply as "Comcast).  (Civil Action No. 2:23-cv-1043, Dkt. 174-1, Nov. 14, 2023 Special

13 Master Order No. SM-5) ("SM-5").

14      The Court subsequently entered an Order on November 20, 2023 (Civil Action No.

15 2:23-cv-1043, Dkt. 175) ("Order"), ruling on a motion to dismiss filed by Comcast.

16      Comcast then presented the Special Master with a motion for reconsideration,

17 requesting the Special Master vacate SM-5 in light of the Court's November 20, 2023

18 Order, and the Special Master heard arguments on December 1, 2023.  (*See* Civil Action

19 No. 2:23-cv-1043, Dkt. 185-1, Dec. 1, 2023 Special Master Order No. SM-6 and Special

20

1  Master Minutes) ("SM-6").)  The Special Master stayed SM-5 to allow for a rehearing on

2  Comcast's motion for reconsideration after Entropic filed its amended pleadings.  *Id.*

3    Entropic filed its Second Amended Complaints ("SACs") on December 8, 2023.

4  Pursuant to Special Master Order No. SM-6, the parties met and conferred regarding the

5  sufficiency of the amended complaint and submitted proposed schedules for additional

6  letter briefing.  The Special Master set a hearing for January 12, 2024, and ordered

7  additional briefs, which the parties submitted on December 28, 2023, and January 4,

8  2024.  (*See* Civil Action No. 2:23-cv-1043, Dkt. 153-1, Dec. 22, 2023 Special Master

9  Order No. SM-6) ("SM-9").)  The January 12, 2024 hearing is memorialized by Special

10  Master Minutes filed contemporaneously herewith, and the Special Master rules on

11  Comcast's motion for reconsideration as set forth herein.

12  **I.  DISCUSSION**

13    Comcast argues that Entropic's amendments to its pleading add nothing that could

14  support any viable claim under the Court's analysis in its November 20, 2023 Order:

15  "Entropic's SACs add nothing of substance relevant to the subjects covered by the

16  discovery requests addressed by SM-5. As a result, the discovery requests remain

17  directed to theories that the Court has already dismissed, rendering them irrelevant."

18  (Dec. 28, 2023 Comcast Ltr. at 1.)

1    Comcast also notes that Entropic has filed a motion for leave to amend its SACs
2    and for reconsideration of the Court's November 20, 2023 Order,[1] and Comcast urges
3    that "[f]orcing Comcast to respond to discovery requests that relate to theories that have
4    been rejected by the Court, are subject to renewed motions to dismiss, and will ultimately
5    be rendered moot, would waste the parties' and judicial resources." (*Id.* (citation
6    omitted).) Comcast therefore requests a continued stay of SM-5 until the Court resolves
7    the pending motions regarding Entropic's pleadings.
8    Entropic responds that "[r]econsideration is improper because: (1) Comcast has
9    failed to meet its heavy burden on reconsideration and instead improperly tries to reargue
10   the merits of the underlying motion to compel that led to SM-5; (2) discovery remains
11   open and unrestricted as to the claims and defenses relevant to the operative complaints,
12   the SACs; and (3) Comcast cannot argue the merits of its motion to dismiss the SAC by
13   way of its reconsideration motion." (Jan. 4, 2024 Entropic Ltr. at 1.) Entropic argues:
14   "Comcast has filed a motion to dismiss the SACs, which the Court will address in due
15   time. In the meantime, however, Comcast remains obligated to respond to discovery
16   requests that are relevant to the operative complaint." (*Id.* at 2 (citations omitted).)
17   The sufficiency of Entropic's pleadings is an issue before the Court, not the
18   Special Master. The issues presented for the Special Master are: (a) whether the Special

---

[1] During the January 12, 2024 hearing, the Court entered an Order (Dkt. 275) denying Entropic's motion for reconsideration of the Court's November 20, 2023 Order.

Master's stay of Special Master Order No. SM-5 should be lifted; and (b) whether the Special Master should reconsider the relief granted in Special Master Order No. SM-5.

**A. Whether the Stay of SM-5 Should Be Lifted**

As found in SM-6, "[t]he Special Master interprets the [Court's November 20, 2023] Order as denying Entropic's particular requests for jurisdictional discovery, not as closing discovery or as otherwise addressing discovery more generally." SM-6 at 5.

Now that Plaintiff has amended its pleadings, as permitted by the Court's Order, and now that the parties have had an opportunity to meet and confer as directed by SM-6, the parties are in a position to address the appropriateness of Entropic's Requests for Production ("RFPs") in light of the currently operative pleadings. The concerns expressed in SM-6 that caused the Special Master to stay SM-5 have thus been addressed.

At the time of this Special Master Order, Comcast's motion to dismiss is pending and has been set for hearing by the Court on March 1, 2024 (*see* Dkt. 280, Jan. 17, 2024).

Comcast presents out-of-district authority for its proposition that discovery should not proceed while the Court evaluates the adequacy of Entropic's pleading, particularly after having previously found the pleading inadequate. *See, e.g., Ernest Bock LLC v. Steelman*, No. 2:19-cv-01065-JAD-EJY, 2020 WL 11636154 (D. Nev. Nov. 24, 2020).

Comcast's cited authority is unpersuasive. First, although Comcast contends it is merely seeking a stay of SM-5, there is nothing about SM-5 that warrants a specific stay of the particular discovery ordered therein. Rather, Comcast's request amounts to a

request for an overall stay of discovery in general. Comcast fails to demonstrate that the Special Master has authority to enter a stay of discovery. Further, even assuming for the sake of argument that the Special Master has such authority, the Special Master would decline to enter a stay because the Court gave Plaintiff leave to amend, Plaintiff amended, Comcast again moves to dismiss, and thus the procedural posture now is essentially the same as it was when the Court declined to stay discovery during the August 9, 2023 hearing on Comcast's prior motion to dismiss.

In this procedural posture, in the ordinary course of litigation, discovery should normally be expected to proceed, as explained in the *Barrett* case cited by Plaintiff:

> Apple argues that without a stay, "it is likely that Apple will need to devote significant time, money, and resources to responding to discovery in a case that will likely not survive the pleading stage." The resources required to respond to discovery are part of the "the traditional burdens of litigation." Apple does not explain why discovery in this case would be any more burdensome than it is on parties to other civil lawsuits. As this Court noted in *Optronic*, "any interest Defendants may have in resisting discovery is outweighed by the interests of Plaintiff, the public, and the court in maintaining an orderly and expeditious schedule."

*Barrett v. Apple Inc.*, No. 5:20-cv-04812-EJD, 2020 WL 13815568, at *2 (N.D. Cal. Oct. 22, 2020) (Davila, J.) (quoting *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, No. 5:16-CV-06370-EJD, 2018 WL 1569811, at *1–*2 (N.D. Cal. Feb. 16, 2018)). The *Andrich* case cited by Comcast at the January 12, 2024 hearing does not compel otherwise. *See Andrich v. Ryan*, No. CV-16-02734-PHX-GMS (JZB), 2017 WL 11424013 (D. Ariz. Dec. 11, 2017).

Comcast's reliance on the law of the case doctrine also does not warrant any stay of discovery. The *Flashcom* case cited by Comcast is unpersuasive. *See In re Flashcom Inc.*, 503 B.R. 99, 127 (C.D. Cal. 2013). In particular, Comcast does not show that the law of the case doctrine precludes the Court from revisiting the analysis set forth in a prior dismissal order wherein the dismissal was without prejudice, wherein the plaintiff has filed a new pleading, and wherein that new pleading is subject to a new motion to dismiss. This is relevant to the Special Master's analysis insofar as Comcast seems to ask the Special Master to make assumptions about how the Court will analyze Plaintiff's amended pleadings. The Special Master declines to do so.

In sum, the basis for staying SM-5 is no longer present, and the Special Master accordingly **LIFTS** the stay of SM-5.

**B. Entropic's RFPs**

Comcast seeks reconsideration of SM-5 ordering production of documents in response to Entropic's RFPs 1–6, 21, and 29, which request documents regarding the negotiation, drafting, and performance of the vendor support agreement ("VSA") addressed in the Court's November 20, 2023 Order.

Comcast's motion for reconsideration is governed by Local Rule 7-18, which provides:

> A motion for reconsideration of an Order on any motion or application may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the

time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered. No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion. Absent good cause shown, any motion for reconsideration must be filed no later than 14 days after entry of the Order that is the subject of the motion or application.

C.D. Cal. L.R. 7-18.  Comcast's motion is directed to L.R. 7-18(b) by way of findings by the Court and the filing of new pleadings.

As found in SM-5, when a Court dismisses a complaint but grants leave to amend, "previously-served discovery requests are not moot" if the amended complaint "assert[s] similar claims and allegations against [the same party]." *In re ZF-TRW Airbag Control Units Prods. Liab. Litig.*, No. ML 19-2905-JAK(PLAx), 2022 WL 19425956, at *5 (C.D. Cal. July 25, 2022) (Abrams, M.J.) (citing *Ocean Garden Prods. Inc. v. Blessings Inc.*, No. CV-18-00322-TUC-RM, 2020 WL 4284383, at *4 (D. Ariz. July 27, 2020)).

Here, RFPs 1–6, 21, and 29 continue to be relevant based on Entropic's SACs. Comcast argues that Entropic's SACs contain no new allegations that relate to RFPs 1–6, 21, and 29, but the sufficiency of Entropic's allegations is a matter before the Court, not the Special Master.

RFP 8 requests documents regarding Comcast's investment in Entropic, and RFP 9 requests documents regarding MaxLinear's participation in MoCA.  Comcast argues that these requests are *not* relevant to any theory that has *not* already been rejected by the Court.  Comcast argued at the January 12, 2024 hearing that the portions of the SACs

cited by Entropic do not support the discovery that Entropic is seeking, namely paragraphs 94–111, 121, and 125–38.  Entropic responds that its requests are directly tied to its amended allegations regarding Comcast's knowledge of its infringement of the Asserted Patents.  Entropic also urged at the January 12, 2024 hearing that the totality of the circumstances is relevant to the egregiousness of the conduct for purposes of determining willfulness.

In light of Entropic having filed new pleadings, Comcast's arguments are unavailing.  Comcast urges that Entropic's new pleadings completely fail to overcome the deficiencies identified by Court's November 20, 2023 Order.  Comcast's counsel's zealous advocacy in this regard is understandable and appropriate, but the Special Master declines to adopt Comcast's view of Entropic's amended pleadings or to otherwise interfere with the Court's role in deciding Comcast's new motion to dismiss.

Alternatively, Comcast argues that RFPs 8 and 9, even if relevant, are overbroad because they are not limited to the asserted patents.  Comcast presents a similar argument as to RFP 27 (which seeks "[a]ll documents that relate to Entropic Communications, Inc., including . . . [r]elated to the technology and/or patents owned, developed, or used by Entropic Communications, Inc"), noting that the Court's November 20, 2023 Order found that willfulness must be assessed on a per-patent basis.  (*See* Dkt. 175 at 8.)  Entropic responds that its amended allegations demonstrate that Comcast is willfully infringing all of the asserted patents.

On balance, limiting the scope of these RFPs to the asserted patents would be unworkable because Entropic's allegations of willfulness involve the overall relationships between Comcast, Entropic, and MaxLinear. Although the Court noted that "the covenant [not to sue] is best understood as applying on a per-patent basis" (Dkt. 175 at 8), the scope of permissible discovery pursuant to Federal Rule of Civil Procedure 26 can encompass "any nonprivileged matter that is *relevant* to any party's claim or defense" (emphasis added), and willfulness is evaluated based on the "totality of the surrounding circumstances." *Graco, Inc. v. Binks Mfg. Co.*, 60 F.3d 785, 792 (Fed. Cir. 1995).

Comcast's motion for reconsideration as to the scope of the RFPs 1–6, 21, and 29 is therefore denied.

## II. DISPOSITION

The Special Master hereby **LIFTS** the stay of SM-5, and the Comcast Defendants motion for reconsideration of SM-5 is hereby **DENIED**. The Special Master further hereby **ORDERS** that the Comcast Defendants shall produce the discovery responses ordered by SM-5 **no later than February 22, 2024**. Any requested relief that is not expressly granted above is hereby denied. No fees are awarded.

IT IS SO ORDERED.

Dated: January 23, 2024        By: /s/ David Keyzer
                                                        David M. Keyzer
                                                      Special Master