# EXHIBIT 1

1  Christina Goodrich (SBN 261722)
   christina.goodrich@klgates.com
2  Connor J. Meggs (SBN 336159)
   connor.meggs@klgates.com
3  **K&L GATES LLP**
   10100 Santa Monica Boulevard
4  Eighth Floor
   Los Angeles, CA 90067
5  Telephone: +1 310 552 5000

6  [*Additional Counsel Listed on Signature Page*]

7  *Attorneys for Plaintiff*
   *Entropic Communications, LLC*
8

9           UNITED STATES DISTRICT COURT

10           CENTRAL DISTRICT OF CALIFORNIA

11                  SOUTHERN DIVISION

| ENTROPIC COMMUNICATIONS, LLC, | |
|---|---|
| Plaintiff, | Case No.: 2:23-cv-01048-JWH-KES |
| v. | **PLAINTIFF ENTROPIC COMMUNICATIONS, LLC'S FIRST SET OF REQUESTS FOR PRODUCTION (1-29)** |
| COMCAST CORPORATION, *et al*., | |
| Defendants. | |

316097376.1

Pursuant to Federal Rules of Civil Procedure 34, the applicable Local Civil Rules of the United States District Court for the Central District of California, the applicable Standing Orders, Plaintiff Entropic Communications, LLC ("Entropic" or "Plaintiff"), by and through its counsel, serve Defendants Comcast Corporation, Comcast Cable Communications, LLC, and Comcast Cable Communications Management, LLC (collectively, "Comcast" or "Defendants") the following Set of Requests for Production of Documents. Within 30 days, Defendants must produce all Documents and things that are responsive to these Requests and that are in the possession, custody, or control of Defendants or their agents, representatives, or attorneys at the office of K&L Gates LLP, 70 W. Madison Street, Ste. 3100, Chicago, IL 60602. Defendants are subject to a duty to timely supplement all responses to these Requests in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

## DEFINITIONS

1. The terms "**Defendants**," "**Comcast**," "**Comcast Defendants**," "**You**" and "**Your**" mean Defendants Comcast Corporation, Comcast Cable Communications, LLC, and Comcast Cable Communications Management, LLC, and their present and former directors, officers, employees, predecessors in interest, successors in interest, servants, agents, attorneys, consultants, partners, associates, investigators, representatives, accountants, financial advisors, distributors, and any other person acting on their behalves, pursuant to their authority, or subject to their control.

2. The term "**Plaintiff**" means Plaintiff Entropic Communications, LLC and its present and former directors, officers, employees, predecessors in interest, successors in interest, servants, agents, attorneys, consultants, partners, associates, investigators, representatives, accountants, financial advisors, distributors, and any other person acting on their behalves, pursuant to their authority, or subject to their control.

3. The terms "**Person**" or "**Persons**" include, without limitation, both natural

316097376.1

persons and entities (including corporations, proprietorships, partnerships, associations, joint ventures, governmental agencies, and other entities, and any combination thereof, and all predecessors in interest, successors, affiliates, subsidiaries, and related entities).

4. The term "**Document(s)**" has its broadest possible meaning under Rule 34(a) of the Federal Rules of Civil Procedure and includes "writing(s)" and "recording(s)" under Rule 1001 of the Federal Rules of Evidence and includes, but is not limited to, all of the following matter in Your actual or constructive possession, custody, or control: all written, typed, printed, recorded, textual, graphic or photographic matter, software, source code, and object code, however produced or reproduced, any notes or drafts, and all copies on which Any mark, alteration, writing, or any other change from the original has been made.

5. The term "**Communication(s)**" means any transmission of information between persons by any means or medium, whether in original, draft, or copy form, whether stored in hard copy, on tape, or electronically, and whether oral or in writing, including: conversations; correspondence; electronic mails; telexes; facsimile transmissions; telecopies; recordings; telephone or message logs; notes or memoranda; and any translations.

6. A document, thing, or communication "**Relating to**," "**Related to**," "**Concerning**," "**Reflecting**," or "**Regarding**" a subject shall mean all documents, things, or communications that directly or indirectly constitute, contain, embody, concern, evidence, show, comprise, reflect, identify, state, refer to, deal with, comment on, respond to, describe, involve, mention, discuss, record, support, negate, or are in any way pertinent to that subject.

7. The term "**Any**" shall include the word "**all**," and vice versa.

8. The term "**Each**" shall include the word "**every**," and vice versa.

9. The terms "**And**," "**Or,**" and "**And/Or**" shall be construed conjunctively and disjunctively, whichever makes the discovery request more inclusive so as to bring

316097376.1

within the scope of the request all Documents that might otherwise be construed to be outside of its scope.

10. Singular forms or nouns or pronouns encompass their plural forms and vice versa, and any verbs encompass all tenses; and where a word is used in the masculine gender, it also includes the feminine.

11. The term "**Third Party**" shall mean any third party, including but not limited to Comcast's third party suppliers, independent contractors, and retailers, such as MaxLinear Communications LLC, MaxLinear Communications, Inc., Broadcom, Inc., Commscope, Inc., Pace International, and Samsung Electronics America, Inc.

12. The term "**Accused MoCA Instrumentalities**" or "**Accused MoCA Product**" means Comcast Arris DCX3400, Comcast Arris DCX3501, Comcast XG1-A, Comcast XG1v3, Comcast XG1v4, Comcast XG2v2, Comcast Arris MR150CNM, Comcast Arris DCX3200, Comcast Pace PR150BNM, Comcast Samsung SR150BNM and/or substantially similar products accused of infringing the Asserted Patents as described in Entropic's Complaint and accompanying claim charts and any supplements or amendments thereto.

13. The term "**Accused MoCA Method(s)**" refers to any method accused of infringing the Asserted Patents as described in Entropic's Complaint and accompanying claim charts and any supplements or amendments thereto.

14. The term "**Accused MoCA Network(s)**" refers to network(s) deployed at the premises of Comcast customers in which are deployed devices (including the Accused MoCA Products) compliant with MoCA Standard version 1.0, 1.1, and/or 2.0, and/or networks practicing any Accused MoCA Method, as described in Entropic's Complaint and accompanying claim charts and any supplements or amendments thereto.

15. The term "**Accused MoCA Services**" refers to the services provided through the Accused MoCA Product(s) and/or Accused MoCA Networks.

316097376.1

16. The term "**USPTO**" refers to the United States Patent and Trademark Office.

17. The term "**Asserted Patent(s)**" means U.S. Patent No. 7,295,518 (the "'518 Patent"), U.S. Patent No. 7,594,249 (the "'249 Patent"), U.S. Patent No. 7,889,759 (the "'759 Patent"), U.S. Patent No. 8,085,802 (the "'802 Patent"), U.S. Patent No. 8,621,539 (the "'539 Patent"), U.S. Patent No. 8,631,450 (the "'450 Patent"), U.S. Patent No. 10,257,566 (the "'7,566 Patent"), U.S. Patent No. 8,228,910 (the "'910 Patent"), U.S. Patent No. 9,838,213 (the "'213 Patent"), U.S. Patent No. 8,320,566 (the "'0,566 Patent"), U.S. Patent No. 8,363,681 (the "'681 Patent"), and/or U.S. Patent No. 10,432,422 (the "'422 Patent"). The term "**Patent(s)-in-Suit**" shall have the same meaning as "**Asserted Patent(s)**."

18. The terms "**Related Patent**," "**Related Patents**," "**Related Application**," "**Related Patent Application**," "**Related Applications**," or "**Related Patent Applications**" mean (1) any U.S. or foreign patent or patent application related to the Asserted Patents or their applications by way of subject matter or claimed priority date, (2) all parent, divisional, continuation, continuation-in-part, reissue, reexamination, extension, and foreign counterpart patents and applications of the Asserted Patents, and/or (3) any patent or patent application filed by or assigned to one or more of the same applicant(s) (or his or her assignees) that refer to any of (1) or (2) herein.

19. The terms "**Patent Application**" or "**Patent Applications**" mean the application or applications, including material purportedly incorporated by reference therein, and any amendments, additions, or deletions, from which the Asserted Patents issued.

20. The terms "**Priority Application**" or "**Priority Applications**" mean the provisional or non-provisional patent application or applications and any prior application(s), including material purportedly incorporated by reference therein, and any amendments, additions, or deletions to which the Asserted Patents claims priority under 35 U.S.C. § 120 or otherwise.

316097376.1

21. The term "**Reference**" means any Document or thing in any way discussing, describing, or showing any technology that is any way related to the subject matter disclosed or described in a patent or patent application.

22. The term "**Prior Art**" refers to any reference, publication, patent, physical specimen, use, invention by another, sale, offer for sale, or other activities that You believe are relevant to the validity of the Asserted Patents.

23. The term "**Case**" shall mean the present action, *Entropic Communications, LLC, v. Comcast Corporation*, *et al*., Case No. 2:23-cv-01048-JWH-KES, in the Central District of California.

24. The term "**Relevant Time Period**" shall mean the period of time beginning on March 9, 2016 through the present.

25. The term "**MoCA**" or "**MoCA Alliance**" refers to the Multimedia over Coax Alliance, an international standards consortium.

26. The terms "**MoCA Standard**," or "**MoCA Standards**" shall mean the specifications for networking over coaxial cable published by the international standards consortium, including, but not limited to MoCA version 1.0, MoCA version 1.1, and MoCA version 2.0.

27. The term "**MoCA Network**" shall mean a network that is compliant with and/or designed in accordance with any of the MoCA Standards.

28. The term "**MaxLinear**" means MaxLinear Inc. and MaxLinear Communications LLC, and their present and former directors, officers, employees, predecessors in interest, successors in interest, servants, agents, attorneys, consultants, partners, associates, investigators, representatives, accountants, financial advisors, distributors, and any other person acting on their behalves, pursuant to their authority, or subject to their control.

29. The term "**VSA**" refers to the Vendor Services Agreement entered into by MaxLinear, Inc. and Comcast Cable Communications Management, LLC with an effective date of August 1, 2020.

316097376.1

# **INSTRUCTIONS**

1. The information sought in these Requests is intended to include any and all witnesses and information known to You, Your agents or attorneys.

2. As required by Fed. R. Civ. P. 34(a), produce all responsive Documents that are within Your possession, custody, or control, including Documents in the custody of Your counsel, accountants, and other agents or in the custody of any organization (such as a limited liability company, trust, or partnership) over which You exercise control, whether directly or indirectly.

3. As required by Fed. R. Civ. P. 34(b), produce all Documents in their original files as they are kept in the usual course of business. Alternatively, if any Document produced has been removed from its original location, indicate on each Document produced, or in an index or other convenient manner, the location where such Document was found. You are requested to number and to produce the original Documents for inspection as they exist in Your files. Alternatively, You may produce copies provided the original will be made available for inspection.

4. When producing Documents, You are requested to specify the particular Request(s) to which a given Document is responsive.

5. If there is an objection to any Request in whole or in part because of privilege, then with respect to each such Request:

    a. State with particularity the reason(s) for Your objection(s) and/or the nature of any privilege(s) asserted;

    b. Identify the date of the privileged information or Document, the nature of the information or Document, each person who communicated the information or prepared the Document, each person who has seen, or to whom the information has at any time been communicated, or to whom the Document (or a copy thereof) has at any time been provided, and each person from whom the information has been communicated to or the Document has been obtained by You; and

316097376.1

c.  If Your objection is in part, answer or respond to the Request to the extent it does not implicate the privilege you assert.

7.  If any requested information or Document is no longer in Your possession, custody, or control, state the disposition that was made of it, the reason for such disposition, and identify all persons who you believe to have possession, custody, or control of the Document or any copies. If You do not know, or cannot recall, whether particular responsive Documents exist, or if such Documents are missing, state the efforts made to ascertain their existence and location.

8.  To the extent there are no Documents in Your possession, custody, or control which are responsive to a request herein, you shall state the fact in Your written response to such request(s).

9.  Plaintiff reserves the right to request leave to serve additional requests for production beyond the limits imposed by the Court (if any) because, among other things, this set includes requests directed to issues raised in a pending motions to dismiss for lack of subject matter jurisdiction that should not be counted against the total number of permissible requests for production.

## REQUESTS FOR PRODUCTION (1-29)

**REQUEST FOR PRODUCTION NO. 1:**

All Documents and Communications that Relate to all monies You paid to MaxLinear pursuant to the VSA.

**REQUEST FOR PRODUCTION NO. 2:**

All Communications between YOU and MaxLinear relating to the VSA, including but not limited to Communications reflecting the negotiations, performance, and termination of the VSA.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents and Communications Relating to the VSA, including but not limited to all Statements of Work issued pursuant to the VSA, Documents showing Your and MaxLinear's performance under the VSA and related Statements of Work.

316097376.1

**REQUEST FOR PRODUCTION NO. 4:**

All Documents and Communications Reflecting Your prior written consent to permitting MaxLinear to assign or delegate Any of the obligations in the VSA to Plaintiff, including but not limited to Any obligations recited in Section 7.3 of the VSA.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents and Communications Relating to Your use of Any of MaxLinear's intellectual property from August 1, 2020 to the present, including but not limited to Your use of MaxLinear's patents, copyrights, trademarks, and trade secrets to which you contend you have a license under the VSA and Any sublicenses you have granted to Any Person to such intellectual property.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents and Communications Relating to Your valuation of Any intellectual property owned by MaxLinear during the Relevant Time Period, including but not limited to MaxLinear's patents, copyrights, trademarks, and trade secrets to which you contend you have a license under the VSA.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents and Communications Relating to all intellectual property owned by MaxLinear during the Relevant Time Period, including but not limited to the Asserted Patents and any other patents owned by MaxLinear.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents and Communications Relating to Your investment in Entropic Communications, Inc.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents and Communications Relating to Your knowledge of MaxLinear's involvement and/or participation in the Multimedia over Coax Alliance.

316097376.1

**REQUEST FOR PRODUCTION NO. 10:**

Documents sufficient to identify all of Your employees who formerly worked at MaxLinear and/or Entropic Communications, Inc.

**REQUEST FOR PRODUCTION NO. 11:**

Documents sufficient to identify all equipment, devices, and/or networks, including the Accused MoCA Products, Accused MoCA Networks, and Accused MoCA Methods, which are provided by You to customers and that comply with, implement, practice, and/or are certified as compliant with Any of the MoCA standards.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents, Communications, and things provided to You by Any Third Party, including from suppliers of hardware and/or software component(s) that You use in the Accused MoCA Products and/or Accused Networks, and/or to practice the Accused MoCA Methods and devices that operate in a similar manner.

**REQUEST FOR PRODUCTION NO. 13:**

Documents sufficient to identify the MoCA MAC/PHY System on Chip ("SoC") used in Each of the Accused MoCA Products and/or Accused MoCA Networks, and/or to practice the Accused MoCA Methods.

**REQUEST FOR PRODUCTION NO. 14:**

Documents sufficient to show the technical operation of the Accused MoCA Products, the Accused MoCA Networks, and the Accused MoCA Methods, including but not limited to technical specifications, circuit schematics, functional diagrams, identification of hardware components, software, source code, and/or hardware level software.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents, Communications, and things that Relate to Your membership in the Multimedia over Coax Alliance, including but not limited to Relating to Your interactions with, affiliation with, communications with, and/or participation in the

1 Multimedia over Coax Alliance.

**REQUEST FOR PRODUCTION NO. 16:**

Source code in Your possession, custody, or control Relating to the technical operation of the Accused MoCA Products, the Accused MoCA Networks, and the Accused MoCA Methods.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents, Communications, and things that Relate to Any study, evaluation, analysis, or testing of whether the Accused MoCA Products, the Accused MoCA Networks, and/or the Accused MoCA Methods comply with, implement, practice, and/or are certified as compliant with Any of the MoCA standards.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents, Communications, and things that Relate to Any study, evaluation, analysis, or testing of whether the Accused MoCA Products, the Accused MoCA Networks, and/or the Accused MoCA Methods are or are not covered by Any claim of Any of the Asserted Patents or Related Patents.

**REQUEST FOR PRODUCTION NO. 19:**

Documents sufficient to show the manner in which You test, evaluate, or otherwise perform quality control and/or quality assurance on the Accused MoCA Products, the Accused MoCA Networks, and/or the Accused MoCA Methods Relating to their use and/or operation in accordance with, Any MoCA standard, including but not limited to technical specifications, circuit schematics, functional diagrams, identification of hardware components, software, and/or hardware level software.

**REQUEST FOR PRODUCTION NO. 20:**

Documents sufficient to show the usage or operation of Any Reference software platform provided by Any Third Party, utilized in the firmware and/or software for the Accused MoCA Products, the Accused MoCA Networks, and/or

316097376.1

the Accused MoCA Methods, and/or devices that operate in a similar manner, including but not limited to technical specifications, circuit schematics, functional diagrams, SoC floor plan schematics, software, and/or hardware level software.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents and Communications Relating to Any agreements of Any kind, whether in draft or final form, that relate to the subject matter of the Asserted Patents, including all license agreements, covenants, releases, settlements, proposed license agreements (whether or not ultimately executed), comparable license agreements, reports on their comparability to the technology in suit, and related to Accused MoCA Products, the Accused MoCA Networks, and/or the Accused MoCA Methods, or that you contend are relevant to the determination of damages in this action.

**REQUEST FOR PRODUCTION NO. 22:**

Documents sufficient to show the date You began offering to customers, leasing, using, and/or making Each Accused MoCA Product, Accused MoCA Network, and/or Accused MoCA Method.

**REQUEST FOR PRODUCTION NO. 23:**

For Each Accused MoCA Product, Accused MoCA Network, and/or Accused MoCA Method, provide Documents sufficient to show Your number of units sold or leased, uses, number of subscribers, revenue, gross and net profits, cost of goods, pricing, and subscription or pricing plans on a by month and by year basis during the Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 24:**

Documents sufficient to identify Any non-infringing alternatives to the Accused MoCA Products, Accused MoCA Networks, and/or Accused MoCA Methods, including the availability of such non-infringing alternatives.

**REQUEST FOR PRODUCTION NO. 25:**

Documents sufficient to identify and quantify the costs You would incur in

316097376.1

implementing and/or installing Any non-infringing alternatives.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents Related to the marketing and/or advertising of the Accused MoCA Products, Accused MoCA Networks, and/or Accused MoCA Methods, including but not limited to market research studies, sales forecasts/projections and customer advertising campaigns purporting to market the Accused Instrumentalities, Accused Networks, and/or Accused Methods, and other products or services offered by You.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents that Relate to Entropic Communications, Inc., including Documents Related to the technology and/or patents owned, developed, or used by Entropic Communications, Inc.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents, Communications, and things that Relate to Any of the Asserted Patents, including but not limited to Documents that Relate to Any inventor of Any of the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents, Communications, and things that Relate to Any efforts to license, requests to license, or other agreements relating to the Asserted Patents, Related Patents, Related Applications, and/or Any portfolio containing Any of the Asserted Patents, Related Patents, and/or Related Applications, or the inventions of the Asserted Patents, Related Patents, and/or Related Applications, whether or not consummated.

Dated: July 26, 2023

*/s/ Christina N. Goodrich*
Christina Goodrich (SBN 261722)
Connor J. Meggs (SBN 336159)
K&L Gates LLP
10100 Santa Monica Boulevard
8th Floor
Los Angeles, CA 90067
Tel.: (310) 552-5000

316097376.1

Fax: (310) 552-5001

James A. Shimota (*pro hac vice*)
jim.shimota@klgates.com
K&L Gates LLP
70 W. Madison Street
Suite 3300
Chicago, IL 60602
Tel.: (312) 807-4299

Darlene F. Ghavimi (*pro hac vice*)
darlene.ghavimi@klgates.com
K&L Gates LLP
2801 Via Fortuna
Suite #650
Austin, TX 78746
Tel.: (512) 482-6919

Peter E. Soskin (SBN 280347)
peter.soskin@klgates.com
K&L Gates LLP
4 Embarcadero Center
Suite 1200
San Francisco, CA 94111
Tel.: (415) 882-8200

*Attorneys for Plaintiff*
*Entropic Communications, LLC*

316097376.1

# CERTIFICATE OF SERVICE

## Case No. 2:23-cv-01048-JWH-KES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: K&L GATES LLP, 10100 Santa Monica Boulevard Eighth Floor, Los Angeles, CA 90067.

On July 26, 2023, I served the document(s) described as:

- **PLAINTIFF ENTROPIC COMMUNICATIONS, LLC'S FIRST SET OF REQUESTS FOR PRODUCTION (1-29)**

on the interested parties in this action by delivering a true copy thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| **Winston and Strawn LLP**<br>Krishnan Padmanabhan<br>kdpadmanabhan@winston.com<br>200 Park Ave.<br>New York, NY 10166<br>Telephone: (212) 294-3564<br><br>Brian E. Ferguson<br>bferguson@winston.com<br>1901 L St. NW<br>Washington, DC 20036<br>Telephone: (202) 282-5000<br>Fax: (202) 282-5100<br><br>Diana Hughes Leiden<br>dhleiden@winston.com<br>333 South Grand Ave., 38th Floor<br>Los Angeles, CA 90071<br>Telephone: (213) 615-1700<br>Fax: (213) 615-1750<br><br>Saranya Raghavan<br>sraghavan@winston.com<br>35 West Wacker Dr. | *Attorneys for Defendants*<br>Comcast Corporation, Comcast Cable Communications, LLC, and Comcast Cable Communications Management, LLC |

316097376.1

Chicago, IL 60601
Telephone: (312) 558-5600
Fax: (312) 558-5700

☑ **BY ELECTRONIC SERVICE**: by transmitting a true copy of the foregoing document(s) to the e-mail addresses set forth as stated on the attached mailing list.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 26, 2023, at Los Angeles, California.

*/s/ Cassidy T. Young*
Cassidy T. Young

316097376.1