# EXHIBIT 4

# K&L GATES

November 30, 2023

**By Email**

David M. Keyzer
david@keyzerlaw.com
**LAW OFFICE OF DAVID KEYZER, P.C.**
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762
Tel.: (916) 243-5259
Fax: (916) 404-0436

Christina Goodrich
christina.goodrich@klgates.com

T +1 310 552 5000
F +1 310 552 5001

**Re:**  *Entropic Communications, LLC v. Comcast Corporation, et al.*
Case Nos. 2:23-cv-01048-JWH-KES, 2:23-cv-01050-JWH-KES
Entropic's First Set of Requests for Production

Dear Mr. Keyzer:

      I write in response to Comcast's letter dated November 28, 2023. Comcast requests reconsideration of Special Master Order SM-5 in light of the Court's Orders dated November 20, 2023 dismissing Entropic's complaint with leave to amend (2:23-cv-01043 Dkt. No. 175; 2:23-cv-01049 Dkt. No. 120) ("Orders"). Comcast has not met its burden to establish grounds for reconsideration. *See United States v. Mobile Med. Examination Servs., Inc.*, 2019 WL 11766135, at *2 (C.D. Cal. Sept. 16, 2019) (applying L.R. 7-18 to motion for reconsideration of Special Master order brought before the Special Master). Here, the Orders do not constitute a material change in law or fact affecting the Special Master's conclusions in SM-5 because dismissal with leave to amend does not automatically relieve a party of compliance with a discovery order or discovery requests and an amended operative complaint will be on file in a matter of days—by December 8.

      Judge Holcomb has made clear that discovery is open. Reporter's Transcript of Aug. 9, 2023 Hearing ("RT") at 111:5–10 ("The status quo is what it is in terms of discovery."). The Court's Orders granting Comcast's motion to dismiss with leave to amend did not alter the status quo—discovery remains open. Indeed, courts in this District have recognized the straightforward proposition that the dismissal of a complaint with leave to amend ***does not*** act as an automatic stay of discovery pending the amendment of the complaint. *See, e.g.*, *Bigverdi v. Countrywide Bank*, 2008 WL 11409121, at *1 (C.D. Cal. Dec. 1, 2008) (absent a stay order from district court, dismissal of complaint with leave to amend does not stay discovery); *United States v. Univ. of S. California*, 2023 WL 2682298, at *9 (C.D. Cal. Feb. 9, 2023) (denying request to stay discovery after granting motion to dismiss with leave to amend, thereby maintaining status quo of discovery). In other words, a plaintiff who is granted leave to amend is entitled to discovery despite the prior dismissal. *In re ZF-TRW Airbag Control Units Prod. Liab. Litig.*, 2022 WL 19425956, at *5 (C.D. Cal. July 25, 2022) (citing *Ocean Garden Prod. Inc. v. Blessings Inc.*, 2020 WL 4284383, at *4 (D. Ariz. July 27, 2020)) (discovery requests are not mooted by dismissal of complaint with leave to amend where plaintiff filed amended complaint that asserted similar claims and allegations). The same is true here.

      To be clear, Comcast has not requested a stay of discovery from the district court, nor would one be appropriate here. "[D]istrict courts look unfavorably upon such blanket stays of discovery." *NMS 1539, LLC v. City of Santa Monica*, 2022 WL 3575311, at *1 (C.D. Cal. July 26, 2022). "Had the Federal Rules

contemplated that a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) would stay discovery, the Rules would contain a provision for that effect." *Skellerup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600-01 (C.D. Cal. 1995). "It is well-established that a party seeking a stay of discovery carries the heavy burden of making a strong showing why discovery should be denied." *NMS 1539, LLC*, 2022 WL 3575311, at *1. The dismissal of a complaint with leave to amend alone is insufficient to meet this burden. *Id.* (dismissal with leave to amend renders motion nondispositive, and therefore does not entitle defendant to stay of discovery).  This is particularly true where, as here, the Court has consolidated several cases for pretrial purposes and adopted a common schedule.  If Comcast's arguments are adopted, it will necessarily push the Markman related schedule adopted by the Court for the consolidated cases and the efficiencies of consolidation will be lost.  Thus, Comcast must continue to participate fully in these cases.

Comcast's reliance on *Gerritsen v. Warner Bros. Ent. Inc.*, 2015 WL 4570081 (C.D. Cal. Mar. 2, 2015) is misplaced. That case relies on *Mujica v. AirScan Inc.,* 771 F.3d 580 (9th Cir. 2014), which concluded that allowing discovery was improper where it was "clear that no amendment to the complaint" prior to discovery would survive a motion to dismiss. *Id.* at 593. That is not the case here. Entropic **will** amend its Complaint by December 8 consistent with the Court's Orders on Comcast's Motions to Dismiss. At this point, because that amended Complaint is not yet on file, Comcast cannot make **any** assertions about the content of that amended complaint or whether it will file another motion to dismiss. Thus, the only thing that is certain is that there will be an operative complaint on file by December 8 as to which the discovery subject to SM-5 relates.

Comcast's reliance on *Benton-Flores v. Santa Barbara Unified Sch. Dist.*, No. 219CV06424JFWSP, 2022 WL 2189532 (C.D. Cal. Jan. 24, 2022) is also misplaced. There, the court concluded that the plaintiff was not entitled to serve discovery requests where the plaintiff's complaint was dismissed with leave to amend, and the plaintiff failed to timely amend the complaint. Here, the Court granted Entropic leave to amend its complaint by December 8, and it **will** timely amend by that date. Comcast fails to cite to any authority within this district holding that a plaintiff who timely amends is not entitled to take discovery simply because the court previously dismissed the complaint with leave to amend.

With respect to the scope of the Entropic's discovery requests, Comcast is mistaken that they are "jurisdictional" discovery and the theories on which they are based have all been rejected by the Court. Comcast has raised the VSA as a defense to Entropic's claims. *Air Prod. & Chemicals, Inc. v. Reichhold Chemicals, Inc.*, 755 F.2d 1559, 1563-64 (Fed. Cir. 1985) (assertion of covenant or license is a defense to patent infringement claim that goes to merits of case, not subject matter jurisdiction). As discussed in Entropic's prior letter brief, at the prior hearing on that briefing, and in SM-5, all of Entropic's discovery requests at issue in SM-5 are about Comcast's basis for its VSA defense.[1] *See* SM-5 at 6:19-7:4.

In sum, Comcast's request for reconsideration amounts to a request to be relieved from all discovery obligations that is unsupported by settled authority.  Discovery remains open.  An operative complaint will be on file by December 8.  Thus, at the latest, Comcast should comply with its discovery obligations, including under SM-5, by December 10.

Regards,

/s/ Christina Goodrich
**K&L Gates LLP**

---

[1] It should be noted that SM-5 is not in any way about jurisdictional discovery, and Entropic never asked the Special Master for leave to conduct jurisdictional discovery.  Thus, Comcast's arguments about the Court's rulings on jurisdictional discovery are misplaced.  Further, to the extent Comcast is suggesting that the Court held that it lacked jurisdiction because of the VSA, that is explicitly ***not*** what the Court held.  DE 121 at 6 ("This Court Retains Subject Matter Jurisdiction.").

K&L GATES LLP
FOUR EMBARCADERO CENTER   SUITE 1200   SAN FRANCISCO   CA 94111
T +1 415 882 8200  F +1 415 882 8220  klgates.com