Krishnan Padmanabhan (CA SBN: 254220)
kpadmanabhan@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

Attorneys for Comcast Defendants

*(Additional counsel information omitted)*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SANTA ANA DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>COMCAST CORPORATION; COMCAST CABLE COMMUNICATIONS, LLC; AND COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC,<br><br>Defendants. | **No. 2:23-cv-1049-JWH-KES (Lead Case)**<br>**No. 2:23-cv-1050-JWH-KES (Related Case)**<br>**No. 2:23-cv-1043-JWH-KES (Lead Case)**<br>**No. 2:23-cv-1048-JWH-KES (Related Case)**<br><br>Assigned to Hon. John W. Holcomb<br><br>**COMCAST DEFENDANTS' REPLY IN SUPPORT OF OBJECTION TO REFERRAL TO SPECIAL MASTER** |

## INTRODUCTION

Entropic does not dispute that the core issue to be decided in the Motions referred to the Special Master is whether Entropic's SACs sufficiently state a claim by alleging willfulness based on its earlier complaints in these matters. But Ninth Circuit law holds that these issues are not properly decided by a Special Master under Federal Rule of Civil Procedure 53. *See Castenada v. Burger King Corp.*, 264 F.R.D. 557, 569 (N.D. Cal. 2009) (citing *Burlington N. v. Dept. of Revenue*, 954 F.2d 1064, 1071 (9th Cir. 1991)). That is because "[r]eference to a special master 'shall be the exception and not the rule.'" *Id.* at 569 (citing *Burlington*, 954 F.2d at 1071). "The Courts have tended to read Rule 53 narrowly, closely circumscribing the range of circumstances in which reference to a special master is appropriate." *Id.* (citing *Burlington*, 954 F.2d at 1071).

The parties' understanding, as well as the Court's purpose in appointing a Special Master, is clear from the face of this Court's Order, which is entitled "Order Appointing David Keyzer, Esq. as Special Master ***for Discovery Purposes***." 1043, Dkt. 74 (emphasis added); *see also* 1050, Dkt. 25 ("These cases will likely generate a substantial number of discovery disputes. For that reason, the Court is considering appointing a Special Master to assist the Court in managing and deciding discovery matters . . ."); *id.* ("the parties are DIRECTED to respond to this OSC by each filing a statement either consenting to the appointment of a Special Master for discovery purposes or showing cause why a Special Master should not be appointed.")

Entropic cannot walk back its understanding of the parties' referral to the Special Master. All correspondence related to the appointment of the Special Master, as far back as April of 2023, make clear that Entropic and Comcast both understood that the purpose of appointing a Special Master was for the narrow purpose of resolving discovery disputes. 1050, Dkt. 26 (Plaintiff and Comcast both "consent to the appointment of a special master in this smatter for discovery purposes"); 1048, Dkt. 78 (*Joint Stipulation to Request Appointment of David Keyzer, Esq., as Special Master **for Discovery Purposes***) ("the Parties hereby stipulate to request an order appointive David

2

COMCAST'S REPLY IN SUPPORT OF OBJECTION TO REFERRAL TO SPECIAL MASTER
NO. 2:23-CV-1043-JWH-KES / NO. 2:23-CV-1049-JWH-KES

Keyzer as Special Master for purposes of discovery."). In fact, in the Joint Statement of the Parties related to the appointment of a Special Master, Entropic's own position was that "Plaintiff consents to the appointment of a special master in this matter **for discovery purposes** and agrees that the appointment of a special master will promote the expeditious resolution of the Parties' anticipated discovery disputes." *Id*. Comcast similarly "consent[ed] to the appointment of a special master in this matter for discovery purposes in order to promote the expeditious resolution of any discovery dispute that may arise." *Id*. Entropic cannot switch its position now that it believes having non-discovery issues decided by the Special Master are to its advantage.[1]

The cases cited by Entropic also fail to support its new position. In *Diamond Resorts U.S. Collection Development, LLC v. Pandora Marketing*, 656 F. Supp. 1073, 1081 (C.D. Cal. 2023) the parties expressly agreed for the Special Master to make recommendations on a motion for summary judgment. C.A. 2:20-cv-05486-DSF, Dkt. 636-1. And in *Thakur v. Cofiroute USA, LLC*, 2021 WL 304389 at *5 (C.D. Cal. Jan. 29, 2021), the Court appointed a former district court judge from the Central District of California, Judge Andrew Guilford, who had presided over an earlier instance of the same litigation, in response to an express request that Judge Guilford, acting a special master, "address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." In appointing Judge Guilford as a special master, the Court pointed to extreme circumstances—"a crisis of vacant judgeships, which has complicated the Court's ability to efficiently and timely address certain matters." *Id*. at *8. By contrast, in appointing Special Master Keyzer in the present matters, the Court was expressly

---

[1] Entropic now also broadly claims that the Special Master should issue an R&R on Comcast's Motion to Dismiss, as well as other technical issues, that are wholly outside of the appointment. Entropic also discloses that Special Master Keyzer served as the Special Master *Entropic Commc'ns, LLC v. Charter Commc'ns, Inc.* prior to his appointment in this case. No. 2:22-cv-00125-JRG, DE 118 (E.D. Tex. June 13, 2023). Comcast was not aware of this prior appointment.

focused on the expectation of "a substantial number of discovery disputes" and the appointment of a special master to address those discovery disputes. *See supra* at 2.

Entropic's argument that the Court intended for the scope of the Special Master's authority to resemble that of a magistrate judge is not consistent with anything in the record related to the parties' understanding, nor is it consistent with Ninth Circuit law. *See supra* at 2-3; *Castenada*, 264 F.R.D. at 569-570. Tellingly, a magistrate judge is already assigned to these cases. *See* C.A. 23-cv-1043 (referred to Magistrate Judge Karen E. Scott); C.A. 23-cv-1049 (same). And to date, nothing beyond discovery disputes has been referred to the Special Master. The Court has itself handled all substantive motions, including patent eligibility motions, and Comcast's prior Motions to Dismiss.

As Comcast set forth in its objection, referring the Motions to Supplement and Amend does not promote any efficiency and would require this Court to review the Special Master's order de novo. The Court is already set to address the sufficiency of Entropic's willfulness allegations when it hears Comcast's Motion to Dismiss Entropic's SACs in less than one month. This Court appointed the Special Master under Rule 53(a)(1)(C), which is limited to "matters that cannot be effectively and timely addressed" by the Court. 1043, Dkt. 74; *see also* Fed. R. Civ. P. 53(a)(1)(C). Here, the referral would have the opposite effect, requiring the Court to consider the Special Master's Order, any objection by the parties, as well as Comcast's current Motion to Dismiss—which already addresses the same issue as the referred Motions. Accordingly, Comcast respectfully objects to this Court's January 10, 2024 Order referring these Motions to the Special Master, and requests that all remaining issues regarding Entropic's Motions be heard by the District Court.

Dated: February 5, 2024                         WINSTON & STRAWN LLP
                                                By:  */s/ Krishnan Padmanabhan*
                                                     K. Padmanabhan (CA SBN: 254220)
                                                     kpadmanabhan@winston.com

4

COMCAST'S REPLY IN SUPPORT OF OBJECTION TO REFERRAL TO SPECIAL MASTER
NO. 2:23-CV-1043-JWH-KES / NO. 2:23-CV-1049-JWH-KES

**WINSTON & STRAWN LLP**
200 Park Ave., Fl. 40
New York City, NY 10166
Tel: (212) 294-6700
Fax: 212-294-4700

Diana Hughes Leiden (SBN: 267606)
dhleiden@winston.com
**WINSTON & STRAWN LLP**
333 S. Grand Ave.
Los Angeles, CA 90071
Tel: (213) 615-1700
Fax: (213) 615-1750

Brian Ferguson (*pro hac vice*)
bferguson@winston.com
**WINSTON & STRAWN LLP**
1901 L Street NW
Washington, DC 20036
Tel: (202) 282-5000
Fax: (202) 282-5100

Saranya Raghavan (*pro hac vice*)
sraghavan@winston.com
**WINSTON & STRAWN LLP**
35 West Wacker, Dr.
Chicago, IL 60601
Tel: (312) 558-5600
Fax: (312)558-5700

*Attorneys for Comcast Defendants*