BITA RAHEBI (CA SBN 209351)
brahebi@mofo.com
ALEX S. YAP (CA SBN 241400)
ayap@mofo.com
ROSE S. LEE (CA SBN 294658)
roselee@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, California 90017-3543
Telephone:  (213) 892-5200
Facsimile:   (213) 892-5454

[Additional counsel on signature page]

Attorneys for Counter-Defendants,
MAXLINEAR, INC. AND MAXLINEAR COMMUNICATIONS LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>COX COMMUNICATIONS, INC.; COXCOM, LLC; AND COX COMMUNICATIONS CALIFORNIA, LLC,<br><br>Defendants,<br><br>COX COMMUNICATIONS, INC.; COXCOM, LLC; AND COX COMMUNICATIONS CALIFORNIA, LLC,<br><br>Counter-Claimants,<br><br>v.<br><br>ENTROPIC COMMUNICATIONS, LLC; MAXLINEAR, INC.; AND MAXLINEAR COMMUNICATIONS LLC,<br><br>Counter-Defendants. | Case No. 2:23-cv-01043-JWH-KES (Lead Case)<br><br>Case No. 2:23-cv-01047-JWH-KES (Related Case)<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF COUNTER-DEFENDANTS MAXLINEAR, INC. AND MAXLINEAR COMMUNICATIONS LLC'S MOTION TO DISMISS AMENDED COUNTERCLAIMS BY COX COMMUNICATIONS, INC., COXCOM, LLC, AND COX COMMUNICATIONS CALIFORNIA, LLC**<br>[*Filed concurrently with Notice of Motion and Motion*; *Memorandum of Points and Authorities*; *and [Proposed] Order*]<br><br>Judge: Hon. John W. Holcomb<br><br>Action Filed: Feb. 10, 2023<br>Counterclaims Filed:  Oct. 6, 2023<br><br>**Hearing:**<br>Date:      March 29, 2024<br>Time:     9:00 a.m.<br>Place:    Courtroom 9D, Santa Ana |

Counter-Defendants MaxLinear, Inc. and MaxLinear Communications LLC (collectively, "MaxLinear") request that the Court take judicial notice of the documents attached as Exhibit A and Exhibit B, pursuant to the doctrine of incorporation by reference, per the authorities cited below.

**Exhibit A** is a copy of a signed Promoter Member Agreement between Cox Communications, Inc. ("Cox Communications") and the Multimedia over Coax Alliance ("MoCA") as amended and executed on August 1, 2005 (the "Promoter Agreement"). **Exhibit B** is a copy of a Patent Purchase Agreement between MaxLinear and Entropic Communications, LLC. Both the Promoter Agreement and the Patent Purchase Agreement are the proper subject for judicial notice under the incorporation by reference doctrine.

The Court may consider on a motion to dismiss documents whose contents are alleged in the complaint, provided that (1) the complaint "necessarily relies" on the documents or contents thereof, (2) the document's authenticity is uncontested, and (3) the document's relevance is uncontested. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) (taking notice of an agreement that the facts suggested was "integral" to the complaint). "The [incorporation-by-reference] doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).

### A. The Promoter Agreement

In its First Amended Answer and Counterclaims (Case No. 23-cv-1047, ECF No. 94), Cox Communications cites to and relies on a version of the MoCA Intellectual Property Rights Policy, as revised on October 31, 2017 (the "IPR Policy," Case No. 23-cv-1047, ECF No. 94-2). Cox Communications and its affiliates, CoxCom, LLC and Cox Communications California, LLC (collectively,

1  "Cox"), continue to rely on the IPR Policy as the basis for their counterclaims in
2  their most recent pleading as well.  (*See*, *generally*, ECF No. 276 (the "Amended
3  Counterclaims").)

4        The IPR policy itself references an "Applicable Agreement" as core to its
5  meaning and understanding.  To fully understand the scope of MoCA's IPR Policy
6  and the provisions therein, one must also cross-reference the Applicable
7  Agreements of the MoCA members.  (*See, e.g.,* IPR Policy § 2 ("Other terms
8  having initial capitals used herein, but which are not defined herein shall have the
9  definitions ascribed to them in the Alliance Bylaws or the Applicable Agreement"
10 and defining "Applicable Agreement" to include a Promoter Member Agreement).)
11 Thus, because Cox Communication's Promoter Agreement is a document needed to
12 even make sense of the IPR Policy, it is properly incorporated by reference.  *See*
13 *Bella+Canvas, LLC v. TSC Apparel, LLC*, 2021 WL 8134400, at *2 (C.D. Cal. Jan.
14 5, 2021) (Holcomb, J.) (holding that the Plaintiff must attach a copy of the alleged
15 contract, quote from the contract, or adequately plead the terms of the contract
16 either *in haec verba* or according to legal effect); *see also Roman v. Vericrest Fin.,*
17 *Inc.*, 2013 WL 12142960, at *2 (C.D. Cal. Dec. 3, 2013) ("If the action is based on
18 an alleged breach of a written contract, the terms must be set out verbatim in the
19 body of the complaint, or a copy of the written contract must be attached to the
20 complaint or incorporated by reference.").  Cox produced the Promoter Agreement
21 in response to MaxLinear's request that Cox produce all applicable agreements as
22 identified in the IPR Policy.  (Declaration of Rose S. Lee ("Lee Decl."), Ex. 1; *see*
23 *also* Am. Countercls. ¶ 538 n. 10).

24       The Promoter Agreement should properly be considered by the Court,
25 moreover, because all of the Cox Counterclaimants incorporate it into their
26 allegations.  Cox alleges that it executed a Promoter Agreement, one which is
27 tethered to the IPR Policy.  (*See* Am. Countercls. ¶¶ 535, 538.)  Cox alleges that it
28 was an Alliance Party to MoCA by virtue of its Promoter Agreement, signed in

3

2005. (*See id.* ¶¶ 539, 552.)  Cox directly and explicitly says its Amended Counterclaims rely on its Promoter Agreement, which "Cox elects to reproduce the pertinent provisions" and admits it "produced in discovery."  (*Id.* ¶ 538 n.10.) Taking Cox at its word, its Promoter Agreement is eligible for judicial notice under the incorporation by reference doctrine not only because it undergirds Cox's counterclaims, but Cox also would have also directly reproduced the Promoter Agreement if not but for its supposed voluminousness.  *See McCool v. Wilson*, 2020 WL 7223252, at *4 (C.D. Cal. Oct. 28, 2020) (taking judicial notice of two agreements because the contents were alleged in the FAC and were "central to claims asserted by Plaintiff in the FAC").

Yet more allegations show that the Promoter Agreement should be incorporated by reference.  Cox alludes to "Section 5 of the MoCA Membership Agreement that both Cox and Entropic Inc. were bound by," for example.  (Am. Countercls. ¶ 546.)  Cox maintains that the IPR Policy is "applicable to these counterclaims under the parties' Member and Associate Agreements and MoCA bylaws."  (*Id.* ¶ 539.)  Cox mentions that MoCA "promoted" the value of its "unique membership agreement."  (*Id.* ¶ 554.)  Given the extensiveness of Cox's reference to the Promoter Agreement, incorporation by reference is justified.  *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."); *see also Black v. CorVel Enter. Inc.*, 2016 WL 3457032, at *14–15 (C.D. Cal. Apr. 27, 2016), *aff'd sub nom.,* 756 F. App'x 706 (9th Cir. 2018) (granting motions to dismiss after taking notice of documents incorporated by reference due to extensive reference); *see also Flowers v. Doctor's Best, Inc.*, 2014 WL 12968116, at *1 (C.D. Cal. June 13, 2014).

Lastly, even if Cox had not so explicitly referred to its Promoter Agreement throughout its pleading, each of Cox's counterclaims relies on Cox

Communications' Promoter Agreement to have standing in the first place. That feature of Cox's pleadings buttresses the finding that Cox's Promoter Agreement fits neatly within the incorporation by reference doctrine. *See, e.g.*, *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) ("We have extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint."); *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1114 (C.D. Cal. 2003) (taking judicial notice of three contracts "that provide the foundation for plaintiffs' claims").

MaxLinear therefore requests that this Court take judicial notice of attached **Exhibit A**.

### B. The Patent Purchase Agreement

The Patent Purchase Agreement is the proper subject for judicial notice under the incorporation by reference doctrine.

Cox references the Patent Purchase Agreement in its Amended Counterclaims. (Am. Countercls. ¶¶ 556-58, 561, 565-67, 570, 590.) But Cox chose not to attach the agreement thereto.

The Patent Purchase Agreement should properly be considered by the Court because Cox relies on it in support of its counterclaims against MaxLinear for breach of contract and unjust enrichment, as well as its request for declaratory relief. Cox describes the content of the agreement, but Cox neither quotes the terms of the agreement nor considers the agreement in its entirety. To have an accurate understanding of the Patent Purchase Agreement, one must consider the agreement as a whole.

1    Incorporation by reference is appropriate because Cox's allegations depend
2    on the contents of the Patent Purchase Agreement. *See Knievel*, 393 F.3d at 1076;
3    *Neilson*, 290 F. Supp. 2d at 1114.
4    MaxLinear therefore requests that this Court take judicial notice of attached
5    **Exhibit B**.

Dated:  February 6, 2024                    MORRISON & FOERSTER LLP

By: */s/ Rose S. Lee*
    Rose S. Lee

BITA RAHEBI (CA SBN 209351)
brahebi@mofo.com
ALEX S. YAP (CA SBN 241400)
ayap@mofo.com
ROSE S. LEE (CA SBN 294658)
roselee@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, California 90017-3543
Telephone:  (213) 892-5200
Facsimile:  (213) 892-5454

RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Palo Alto, California 94304-1018
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

Attorneys for Counter-Defendants
MAXLINEAR, INC. AND MAXLINEAR
COMMUNICATIONS LLC

sf-5746645