| | |
|---|---|
| 1 | Christina N. Goodrich (SBN 261722) |
| | christina.goodrich@klgates.com |
| 2 | Cassidy T. Young (SBN 342891) |
| | cassidy.young@klgates.com |
| 3 | K&L GATES LLP |
| | 10100 Santa Monica Boulevard |
| 4 | Eighth Floor |
| | Los Angeles, CA 90067 |
| 5 | Telephone: +1 310 552 5000 |
| | Facsimile: +1 310 552 5001 |

(additional counsel listed on signature page)

*Attorneys for Plaintiff*
*Entropic Communications, LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DISH NETWORK CORPORATION, *et al.*,<br><br>Defendants. | Case No.: 2:23-cv-01043-JWH-KES (Lead Case)<br>Case No.: 2:23-cv-01047-JWH-KES (Related Case)<br>Case No.: 2:23-cv-01048-JWH-KES (Related Case)<br>Case No.: 2:23-cv-05253-JWH-KES (Related Case)<br><br>[Assigned to the Honorable John W. Holcomb] |
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>COX COMMUNICATIONS, INC., *et al.*,<br><br>Defendants. | **ENTROPIC COMMUNICATIONS, LLC'S RESPONSE TO COMCAST DEFENDANTS' OBJECTION TO SPECIAL MASTER ORDER NO. SM-11; DECLARATION OF CASSIDY T. YOUNG IN SUPPORT THEREOF** |

**ENTROPIC'S RESPONSE TO COMCAST DEFENDANTS' OBJECTION TO SPECIAL MASTER ORDER NO. SM-11**

317779921.4

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, | |
| Plaintiff, | |
| v. | |
| COMCAST CORPORATION, *et al.*, | |
| Defendants. | |
| ENTROPIC COMMUNICATIONS, LLC, | |
| Plaintiff, | |
| v. | |
| DIRECTV, LLC, *et al.*, | |
| Defendants. | |

1

**ENTROPIC'S RESPONSE TO COMCAST DEFENDANTS' OBJECTION TO SPECIAL MASTER ORDER NO. SM-11**

317779921.4

## I. INTRODUCTION

Discovery has been open in this case since June 23, 2023. During a hearing in August of last year, Comcast inquired about the status of discovery pending a ruling on its motion to dismiss. The Court declined to impose any stay on discovery, stating:

> "I'm not going to rule on that. **The status quo is what it is in terms of discovery.** I'm not ruling – I don't think I need to say any more than that. If you refuse to respond and there's a discovery dispute, I'm sure that that will bubble up through the Special Master."

1048 DE 125 at 111:5–10 (emphasis added). In Special Master Order No. SM-5 ("SM-5"), the Special Master expressly followed this Court's guidance. *See* 1043 DE 174-1. Comcast did not object to that Order. Instead, Comcast sought reconsideration of that Order, and it now seeks relief from this Court by objecting to the Special Master's ***denial of a motion for reconsideration***. *See generally* 1043 DE 312-1. Comcast cannot escape the fact that no change in fact or law warranted reconsideration of SM-5. Despite this Court's and the Special Master's clear guidance that discovery is open, Comcast has decided to overrule the Court and stay discovery nonetheless.

While Comcast has gone through the motions to make some productions, those productions are meager at best. Comcast has produced some prior art, and a total of 247 documents. Those 247, though, represent little of substance because Comcast has ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ For example, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇:

---

1

**ENTROPIC'S RESPONSE TO COMCAST DEFENDANTS' OBJECTION TO SPECIAL MASTER ORDER NO. SM-11**

317779921.4



*See* Young Decl., Ex. A (listing still more). These are only the most egregious examples among many. *Id.* Removing duplicate documents (there are 44) and these many images, Comcast's production amounts to only a few dozen documents— ▮▮▮▮▮▮▮▮▮▮▮▮ *see id.* Ex. B). *Id.* ¶ 3. It is inconceivable that these are the only documents that Comcast could have located in even the most cursory search relating to 12 patents in the MoCA Case and 8 patents in the Cable Case.

As Special Master Keyzer observed, the purpose of Comcast's motion for reconsideration was to avoid all meaningful discovery in the hopes that the Court will grant its pending motion to dismiss. *See* 1043 DE 292-3 at 5:18–6:7. Indeed, Comcast explicitly argues that this Court lacks "discretion to permit [Entropic] to begin discovery until defendants answer or [the Court] has stated plausible claims for relief by denying a Rule 12(b)(6) motion." 1043 DE 312-1 at 14:13–15. But if that is Comcast's position, it is incumbent on Comcast to move the Court for relief. The default rule is that discovery remains open, as the Court confirmed in August. What Comcast did instead was grant its own stay by simple refusal to abide by rules and orders.

But Comcast cannot escape these simple truths:

1. Discovery in this case is ***open***.
2. The Court previously rejected Comcast's request to stay discovery. Comcast has not renewed that request.
3. "[T]he procedural posture now is essentially the same as it was when the Court declined to stay discovery" before. 1043 DE 292-3.
4. There is an operative complaint.
5. The disputed discovery is relevant to claims and defenses in this case.

The Special Master correctly held as much, and rightly concluded that Comcast may not unilaterally stay discovery. This Court should overrule the Objection.

## II.  ARGUMENT

### A.  Discovery is open, and Comcast has not moved to change that.

Belatedly—because this Court declined to impose a discovery stay six months ago and issued its Order on the first motion to dismiss nearly three months ago—Comcast argues that this Court lacks the authority to permit discovery. This argument is improper in an Objection to a Special Master Order compelling discovery—even more so in an Objection to a Special Master Order denying reconsideration, not an Objection to the original Order itself. If Comcast believed that the Court lacked such power, it should have filed a motion to stay discovery at any point in the last six months since the Court denied Comcast's request in August (or after the order on the motion to dismiss in November). But more importantly, Comcast's position—that its motion to dismiss is a *de facto* stay of discovery—has been consistently rejected. "[D]istrict courts look unfavorably upon such blanket stays of discovery" because "[t]he Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *NMS 1539, LLC v. City of Santa Monica*, 2022 WL 3575311, at * (C.D. Cal. July 26, 2022) (quoting *Mlejnecky v. Olympus Imaging Am., Inc.*, 2011 WL 489743, at *6 (E.D Cal. Feb. 7, 2011) (cleaned up); *see also Skellerup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600–01 (C.D. Cal. 1995)

("Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) would stay discovery, the Rules would contain a provision for that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation."). To the contrary, "Defendants routinely respond to discovery prior to disposition of a motion to dismiss." *In re ZF-TRW Airbag Control Units Prod. Liab. Litig.*, 2022 WL 19425956, at *5 (C.D. Cal. July 25, 2022) (quoting *Sonneveldt v. Mazda Motor of Am., Inc.*, 2021 WL 4814990, at *2 (C.D. Cal. May 4, 2021)). As Judge Davila in the Northern District of California reasoned, and Special Master Keyzer rightly relied upon:

> [Defendant] argues that without a stay, "it is likely that [Defendant] will need to devote significant time, money, and resources to responding to discovery in a case that will likely not survive the pleading stage." The resources required to respond to discovery are part of the "the traditional burdens of litigation." [Defendant] does not explain why discovery in this case would be any more burdensome than it is on parties to other civil lawsuits. As this Court noted … "any interest Defendants may have in resisting discovery is outweighed by the interests of Plaintiff, the public, and the court in maintaining an orderly and expeditious schedule."

*Barrett v. Apple Inc.*, 2020 WL 13815568, at *2 (N.D. Cal. Oct. 22, 2020) (internal citation omitted).

Comcast sets aside this case law and asserts that *Gerritsen v. Warner Bros. Entertainment, Inc.*, 2015 WL 4570081 (C.D. Cal. Mar. 2, 2015), and *Mujica v. AirScan, Inc.*, 771 F.3d 580 (9th Cir. 2014) bar this Court from permitting any discovery until it first rules on the motion to dismiss. 1043 DE 312-1 at 14:10–15:16. What Comcast omits, however, is that in both cases, the plaintiff explicitly sought discovery ***in order to state a claim under Rule 8***—without which amendment was futile. *Mujica*, 771 F.3d at 593 ("[Plaintiffs' counsel] could not say that Plaintiffs would be able to amend their complaint to allege acts . . . with the specificity required by *Iqbal*, absent

discovery. The Supreme Court has stated, however, that plaintiffs must satisfy the pleading requirements of Rule 8 *before* the discovery stage, not after it."); *Gerritsen*, 2015 WL 4570081, at *1 (in opposing a motion to dismiss, plaintiff "asked that the [C]ourt permit her to conduct discovery to develop facts supporting her vicarious liability claims against defendants" and then renewed that request after the Court dismissed her complaint and she filed an amended complaint).

That is not the case here. Entropic already has filed an amended complaint, with the Court's leave, stating causes of action for patent infringement based on willful conduct (as the Court permitted). Entropic seeks discovery relevant to those causes of action. While the parties plainly disagree as to the sufficiency of Entropic's amendment, and the Court ultimately will resolve that dispute in ruling on the pending motion to dismiss, Comcast seeks to impose its view that the amended complaint will be dismissed and halt discovery—but of course without *actually* moving to stay discovery. The Court should reject such transparent gamesmanship.

**B.    The requests at issue are relevant and tailored to the claims and defenses in this case.**

Special Master Keyzer correctly held that the discovery requests at issue (Request Nos. 1–6, 8, 9, 21, 27, and 29) seek relevant and discoverable information under Rule 26. Comcast does not meaningfully contest this. Instead, Comcast is seeking to impose this Court's prior ruling regarding subject matter jurisdiction on all claims and defenses in the case, arguing that all discovery in the case must be strictly limited. For example, Comcast thinks unless a document relevant to willful patent infringement literally contains the patent number of an Asserted Patent, it is not discoverable. *See* 1043 DE 312-1 at 11:7–10 ("Comcast has already represented, after a reasonable search, that it has no documents responsive to these requests that concern the asserted patents."). But that is not how jurisdiction works. When a Court has jurisdiction over a cause of action it plainly has the authority to order all discovery pertaining to that cause of action consistent with the Federal Rules of Civil Procedure. Discovery is proper—here, as in

every case—on "any nonprivileged matter that is *relevant* to any party's claim or defense." 1043 DE 292-3 at 10:6–7 (quoting Fed. R. Civ. Pro. 26).

The problem for Comcast is that the Court has decided that it ***does*** have subject matter jurisdiction over patent infringement causes of action by Entropic. The Court does not have jurisdiction over only "willful" patent infringement because there is no such thing as a cause of action for ***willful*** patent infringement, as opposed to "normal" patent infringement. The statute gives rise to ***one*** cause of action—infringement, period. 35 U.S.C. § 271. Section 271 never mentions willful conduct. Willfulness does not generate a separate cause of action, it simply permits courts to impose the enhanced damages authorized by 35 U.S.C. § 284. This is why pleadings never contain separate counts for infringement and willful infringement—they are in fact the same cause of action at the bottom. Thus, this Court is authorized to order discovery related to Entropic's cause of action for patent infringement, including discovery related to whether such infringement was willful.

Authority to order the discovery is clear. So is relevance. Entropic has stated a claim for patent infringement including a willful state of mind by Comcast, in an operative complaint (and proposed supplemental pleading) and Comcast has disclosed a license defense. The requests directly relate to both. Indeed, Comcast readily concedes that these requests are relevant both to Entropic's claims for willful patent infringement and Comcast's license defense based on the VSA. 1043 DE 312-1 at 9:9–20. Comcast instead argues: (1) discovery must be strictly limited only to the Asserted Patents, and (2) all discovery concerning the VSA is off-limits. *Id.* at 9:21–15:16. These arguments have no merit and are unsupported by any germane authority. The Court should deny the Objection.

**1.     Discovery is not limited only to documents explicitly mentioning the Asserted Patents.**

Based on the Court's order that willful conduct by Comcast in committing patent infringement must be ***alleged*** on a per-patent basis, Comcast argues that discovery is

limited only to documents that explicitly prove knowledge of an Asserted Patent. Indeed, Comcast appears to assert that a document is only discoverable if it includes the number of an Asserted Patent and shows Comcast's knowledge of that patent.[1] But a document need not be sufficient, wholly or even partly, to prove a cause of action in order to be *relevant* to a cause of action. Moreover, what about discovery on the technical implementations, or economic issues—Does Comcast plan to concede infringement and refuse to produce material related to damages? It is ridiculous to propose that the only issue discovery can touch upon is Comcast's state of mind.

As Special Master Keyzer recognized, Entropic's cause of action for willful patent infringement relate to the relationship between Comcast, Entropic, Inc., and MaxLinear over a period of many years, including circumstances in which Comcast directly learned of, or was willfully blind to, the Asserted Patents. 1043 DE 292-3 at 10. The discovery requests, as Comcast admits, relate to narrowly targeted aspects of those relationships, including Comcast's investment in Entropic, Inc. and Comcast and MaxLinear's joint participation in MoCA. 1043 DE 312-1 at 7:17–23. That the Court held some such allegations were not sufficient *standing alone* to *allege* willful patent infringement does not render them irrelevant to Entropic's cause of action. Comcast also ignores that numerous allegations on these subjects are new to the Second Amended Complaint and have not been considered by the Court. *See, e.g.*, 1043 DE 207-1 ¶¶ 94–111, 121, 125–138.

*Graco, Inc. v. Binks Mfg. Co.*, 60 F.3d 785 (Fed. Cir. 1992) further proves the relevance of Entropic's requests, even setting aside that the requests *directly* relate to Entropic's claims of patent infringement. *Graco*, its predecessors, and its progeny all

---

[1] Comcast seems to think Entropic must take its word, without discovery, that "its first awareness of any asserted patent was in the parties' pre-filing correspondence." 1043 DE 312-1 at 11:5–19. This is false. *See Sonos, Inc. v. Google LLC*, 591 F. Supp. 3d 638, 645 (N.D. Cal., 2022) ("It would be a rare case where the infringer disclosed the full extent of its egregious behavior in advance of litigation, such that the conduct could be fully described in the complaint. In fact, in the run of cases, the most damning information will lurk only in the files of the accused infringer and will only be discovered after litigation is underway.").

establish that a determination of willful patent infringement is based on a "totality of the surrounding circumstances," not just, as Comcast insists, evidence explicitly limited to the elements of knowledge. *Id*. at 792; *see also Transmatic, Inc. v. Gulton Indus., Inc.*, 53 F.3d 1270, 1279 (Fed. Cir. 1995) ("[Willfulness] is a factual determination made after considering the totality of the circumstances."); *Studiengesellschaft Kohle, m.b.H. v. Dart Indus., Inc.*, 862 F.2d 1564, 1573 (Fed. Cir. 1988) (a finding of willful infringement "is to be made only after due consideration of the totality of the circumstances. . . [W]e have held that there are no hard and fast per se rules in respect of willfulness"). Comcast flippantly dismisses *Graco* as "a nearly 30-year-old case that says nothing about the scope of discovery." 1043 DE 312-1 at 10:1–2. But its longevity proves the point—it is binding authority that this District has followed for 30 years. *See, e.g.*, *Pavo Solutions LLC v. Kingston Tech. Co., Inc.*, 2020 WL 9158697, at *7 (C.D. Cal. Aug. 7, 2020) (totality of the circumstances is considered for willful patent infringement); *Gryphon Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 301 F.R.D. 487, 490–91 (C.D. Cal. July 9, 2014) (same); *U.S. Philips Corp. v. KXD Tech., Inc.*, 2007 WL 4984150, at *2 (C.D. Cal. Sept. 17, 2007) (same); *Balboa Instruments, Inc. v. Gecko Electronique*, 2002 WL 34453502, at *1 (C.D. Cal. Mar. 20, 2002) (same); *Baxter Diagnostics, Inc. v. AVL Scientific Corp.*, 924 F. Supp. 994, 1020 (C.D. Cal. 1996) (same).

In support of its contrary position, Comcast cites only *Kajeet, Inc. v. Qustodio, LLC*, 2019 WL 8060078 (C.D. Cal. Oct. 22, 2019). That case is entirely inapposite. Discovery in *Kajeet* was denied for the mundane reason that the requests were overbroad and unduly burdensome. The requests in *Kajeet* sought documents concerning "any patent in the world, regardless of inventorship, that is related to the subject matter of the Patents-in-Suit" as well as all patents or patent applications "filed by one or more of the same inventors, applica[nts], or assignees." *Id*. at *2. Such requests were an obvious "fishing expedition into documents with little to no apparent probative value and an accompanying burden that is not proportional to the needs of the

case" and Judge Abrams rightly denied a motion to compel. *Id*. *Kajeet* is a far cry from the requests here that seek discrete categories of relevant documents. Indeed, Comcast *never argues that these requests are unduly burdensome*.[2]

### 2. Comcast has asserted a license defense based on the VSA and Entropic is entitled to discovery on that defense.

Comcast also argues that its assertion of a license defense based on the VSA *actually deprives* Entropic of the ability to take any discovery on the VSA. 1043 DE 312-1 at 12:1–13:27. Comcast asserts this is so because the Court denied jurisdictional discovery. But jurisdictional discovery is irrelevant—discovery is open and the Court already confirmed it has jurisdiction. The denial of an *ex parte* application for jurisdictional discovery—made before discovery opened—does not foreclose discovery into the VSA and its surrounding circumstances, which are directly relevant both to Comcast's license defense and Entropic's assertions of willful conduct. For example, such discovery is relevant to the long-standing relationship between MaxLinear and Comcast, the core of Entropic's willful infringement claims, issues related to the license defense such as whether termination was effective (and, relatedly, whether an underlying Statement of Work was active), as well as Entropic's new allegations in the SAC regarding the VSA. *See, e.g.*, 1043 DE 207-1 ¶¶ 58–60 (█████████████████████████████████████████████████████████████████), ¶ 61 (████████████████████████████████████████████████████████████), ¶¶ 68–69 (█████████████████████████████████████████████████).

Comcast's final argument is that these documents are already in Entropic's control because Comcast believes Entropic can freely obtain documents from

---

[2] Comcast also cites *Lincoln Benefit Life Co. v. Fundament*, 2018 WL 6133672 (C.D. Cal. Nov. 7, 2018) in a footnote. 1043 DE 312-1 at 11:22–28. That case is somehow even further afield—the "all encompassing" requests at issue sought all personal and professional electronic devices "for inspection and imaging." *Lincoln*, 2018 WL 6133672, at *2.

MaxLinear, which is a separate entity who is not a party to this action. As an initial matter, this argument is improper. The Special Master flatly rejected this argument in SM-5. *See* 1043 DE 174-1. Comcast did not object to that Order, nor did it raise this argument in its motion for reconsideration that resulted in SM-11. But even setting aside Comcast's attempt to revive this argument, this argument readily fails. It is impossible that *all* of the documents are in MaxLinear's possession—these requests encompass documents that are exclusively in the possession of Comcast. But that also does not matter because courts routinely reject objections on the grounds that documents may be equally available from other sources—even when that other source is the requesting party itself. *See Bretana v. Int'l Collection Corp.*, 2008 WL 4334710, at *5-6 (N.D. Cal. Sept. 22, 2008) ("[I]t is generally not a ground for objection that requested documents are equally available from the requesting party's own records."); *O. L. v. City of El Monte*, 2021 WL 926105, at *14 (C.D. Cal. Jan. 11, 2021) (collecting cases that have flatly rejected the "equally available" objection as grounds to resist a discovery request). This suggestion is particularly improper here, where Comcast is suggesting that Entropic has an obligation to obtain documents from a third party.

## III.  **CONCLUSION**

For these reasons, Comcast's objection to SM-11 should be overruled, and the Special Master's Order requiring Comcast to produce responsive documents by February 22, 2024 should remain.

Dated: February 9, 2024

Respectfully submitted,

By: */s/ Cassidy T. Young*
Christina Goodrich (SBN 261722)
christina.goodrich@klgates.com
Cassidy T. Young (SBN 342891)
cassidy.young@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, CA 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

James A. Shimota *(admitted pro hac vice)*
jim.shimota@klgates.com
K&L GATES LLP
Suite 3300
70 W. Madison Street
Chicago, IL 60602
Tel.: (312) 372-1121
Facsimile: (312) 827-8000

*Attorneys for Plaintiff*
*Entropic Communications, LLC*

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff Entropic Communications, LLC, certifies that this brief contains 3309 words, which complies with the word limit of L.R. 11-6.1.

Dated: February 9, 2024

Respectfully submitted,

By: */s/ Cassidy T. Young*
Christina Goodrich (SBN 261722)
christina.goodrich@klgates.com
Cassidy T. Young (SBN 342891)
cassidy.young@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, CA 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

James A. Shimota *(admitted pro hac vice)*
jim.shimota@klgates.com
K&L GATES LLP
Suite 3300
70 W. Madison Street
Chicago, IL 60602
Tel.: (312) 372-1121
Facsimile: (312) 827-8000

*Attorneys for Plaintiff*
*Entropic Communications, LLC*