Krishnan Padmanabhan (SBN: 254220)
kpadmanabhan@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

Attorneys for Comcast Defendants.

*(Additional counsel information omitted)*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> COMCAST CORPORATION; COMCAST CABLE COMMUNICATIONS, LLC; AND COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC, <br><br> Defendants. | **No. 2:23-cv-1049-JWH-KES (Lead Case)** <br> **No. 2:23-cv-1050-JWH-KES (Related Case)** <br><br> **No. 2:23-cv-1043-JWH-KES (Lead Case)** <br> **No. 2:23-cv-1048-JWH-KES (Related Case)** <br><br> Assigned to Hon. John W. Holcomb <br><br> **COMCAST DEFENDANTS' REPLY IN SUPPORT OF OBJECTION TO SPECIAL MASTER ORDER NO. 11 AND MEMORANDUM OF POINTS AND AUTHORITIES** |

# TABLE OF CONTENTS

Page

INTRODUCTION ..........................................................................................................4

ARGUMENT ................................................................................................................4

    A.    Entropic fails to address Comcast's particularized objections to specific RFPs..................................................................................................4

        1.    RFPs 8, 9, and 27 are overbroad and contravene this Court's Order ...........................................................................................5

        2.    Entropic's VSA-related requests (RFPs 1-6, 21, and 29) are improper for multiple reasons.......................................................6

        3.    Entropic mischaracterizes Comcast's reliance on *Cleanquest*, *Gerritsen*, and *Mujica* .................................................................7

    B.    Entropic cannot raise general grievances regarding Comcast's productions that are not the subject of SM-11 and are raised for the first time in its Response ...................................................................................8

CONCLUSION..............................................................................................................8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Asetek Danmark A/S v. Coolit Systems Inc.*,
  2021 WL 4699170 (N.D.Cal. Oct. 8, 2021) ........................................................ 8

*Ashcroft v. Iqbal*,
  556 U.S. 662 ...................................................................................................... 8

*Cleanquest, LLC v UnitedHealthcare Ins. Co., et al.*,
  C.A. 8:23-cv-00148-JWH, Dkt. 24 (Holcomb, J.) ............................................. 7

*Gerritsen v. Warner Bros. Entertainment, Inc.*,
  2015 WL 4570081 (C.D. Cal. March 2, 2015) .............................................. 7, 8

*Graco, Inc. v. Binks Mfg. Co.*,
  60 F.3d 785 (Fed. Cir. 1995) ............................................................................. 5

*Hegarty v. Transamerica Life Ins. Co.*,
  2021 WL 4899482 (N.D. Cal. Oct. 21, 2021) .................................................... 7

*Kajeet, Inc. v. Qustodio*,
  LLC, 2019 WL 8060078 (C.D. Cal. Oct. 22, 2019) .......................................... 5

*Mujica v. AirScan Inc.*,
  771 F.3d 580 (9th Cir. 2014) ......................................................................... 7, 8

*Petka v. Mylan Pharm. Inc.*,
  2016 WL 6947589 (N.D.Cal. Nov. 28, 2016) ................................................... 6

## INTRODUCTION

Contrary to Entropic's assertion, Comcast does not argue for a blanket stay of discovery. Rather, Comcast objects to a narrow subset of Entropic's Requests for Production (RFPs)—those subject to SM-11—because they (1) are inconsistent with the Court's Order dismissing Entropic's First Amended Complaints, (2) do not relate to any new allegations, and (3) constitute an improper fishing expedition into jurisdictional discovery in an attempt to overcome Entropic's pleading burden. Entropic, in response, declines to specifically address any of the RFPs. Instead, it makes overarching arguments about the requests that altogether fail to address, let alone provide any basis to deviate from, this Court's Order. *See* 1048, Dkt. 132 at 11; 1050, Dkt. 121 at 11.

Entropic's Response also distracts from the issues raised in Comcast's Objection by focusing on general grievances regarding Comcast's production of documents completely unrelated to SM-11. In addition to being irrelevant to SM-11, those distractions only confirm that Comcast has been engaging in appropriate discovery in accordance with the Court's guidance.

Accordingly, the discovery at issue in SM-11, RFPs 1-6, 8, 9, 21, 27, and 29 should be denied, and SM-11 should be overruled.

## ARGUMENT

### A. Entropic fails to address Comcast's particularized objections to specific RFPs

Comcast has never maintained that discovery is not open. The only relief sought by Comcast relates to the specific RFPs that are the subject of SM-11, all of which are directed to jurisdictional discovery. Objection at 15. And Comcast's objections are based on specific arguments for each request. By contrast, Entropic does not defend any specific request, and fails to even address Comcast's particularized objections.

Entropic's requests subject to SM-11 further contravene this Court's Order on the assessment of willfulness on a per patent basis and seek discovery the Court has already found unnecessary. Further, these requests are nothing more than an attempt to

manufacture a claim, which violates Ninth Circuit law prohibiting the use of discovery to try and satisfy a party's pleading burden. SM-11 should accordingly be overruled.

### 1. RFPs 8, 9, and 27 are overbroad and contravene this Court's Order.

As noted in Comcast's Objection, RFPs 8, 9, and 27 only relate to claims this Court has previously rejected, and contravene the Court's Order because they are not directed to any asserted patent. Yet again Entropic's only response is a mischaracterization of *Graco* to argue that discovery into unasserted patents is proper. Response at 7-8. But *Graco* does not say anything about discovery, and the "totality of the circumstances" considered there were directly related to the asserted patent, including the accused infringer's decision to obtain an opinion letter regarding that patent. That case provides no basis to ignore the Court's holding that willfulness requires knowledge of the asserted patents and the alleged infringement of such patents, Order at 9, and its corollary is that discovery unconnected to such patents is both overbroad and unduly burdensome.

On the other hand, Comcast's in-district authority *does* involve discovery and held that discovery seeking documents unrelated to the asserted patents was impermissibly broad because it was not relevant to any claims and defenses in the action. Objection at 11 (citing *Kajeet, Inc. v. Qustodio*, LLC, 2019 WL 8060078, at *2 (C.D. Cal. Oct. 22, 2019)). Entropic argues that *Kajeet* is inapposite because the requests were only denied for the "mundane reason" that they "were overbroad and unduly burdensome." Response at 8. But the requests in *Kajeet* were narrower than Entropic's here—indeed, they specifically sought information about the asserted patents and "related" patents. Entropic, however, does not tie its requests to any patents—asserted, related, or unrelated. Accordingly, Entropic's own interpretation of *Kajeet* requires denial of its requests as "a fishing expedition into documents with little to no apparent probative value and an accompanying burden that is not proportional to the needs of the case." 2019 WL 8060078, at *2.

## 2. Entropic's VSA-related requests (RFPs 1-6, 21, and 29) are improper for multiple reasons.

Comcast raised several reasons as to why the VSA-related requests are improper. Entropic simply failed to address these objections.

First, the VSA-related requests are directed to jurisdictional discovery that the Court has unequivocally held is unnecessary, in response to Entropic's explicit request for jurisdictional discovery in its opposition to Comcast's motion to dismiss. Order at 11. Entropic mischaracterizes and disregards that holding, and incredibly, argues instead that "the Court has decided that it does have subject matter jurisdiction over patent infringement causes of action by Entropic," and that "discovery is open and the Court already confirmed it has jurisdiction." Response at 6 and 9. Entropic's argument, much like SM-11, ignores the Court's finding that Entropic took title to the Asserted Patents subject to the covenant not to sue in the VSA and that the Court therefore retains subject matter jurisdiction *only* for its claims of willful infringement under a limited willfulness exemption. Order at 2, 7. Rather than determine the propriety of the challenged requests in light of the Court's prior Order, the Special Master broadly found that Entropic's requests are "relevant based on Entropic's SACs." SM-11 at 8. But these requests can only be relevant to Entropic's speculative allegations that the VSA does not apply, which the Court has already rejected. Order at 5-6. Plus, Entropic's requests relating to these rejected allegations goes directly to the issue of subject matter jurisdiction that the Court already has decided and the very jurisdictional discovery that the Court concluded was unnecessary.

Second, Entropic argues that the VSA is relevant to "Comcast's license defense." *Id*. But Comcast has not yet answered or raised any affirmative defenses because Entropic has yet to meet its pleading burden. Discovery is not proper on defenses that have not yet been pled. *See Petka v. Mylan Pharm. Inc.*, 2016 WL 6947589 (N.D.Cal. Nov. 28, 2016) (granting motion to quash where information sought was not relevant to current claims or defenses). Further, this Court previously rejected Entropic's attempt

to characterize the VSA as providing only a license defense that does not bar suit in the first place. 1049, Dkt. 193 (holding that "Entropic's position, if adopted, would deprive covenants not to sue of any force because they would prevent a dismissal at the pleading stage, forcing the parties to litigate when that is the very thing they agreed not to do").

Third, regardless of how Entropic tries to frame its VSA-related requests, discovery of extrinsic evidence is not proper on an unambiguous contract and this Court has already ruled on the VSA's plain language. *Hegarty v. Transamerica Life Ins. Co.*, 2021 WL 4899482, at *2, *2 n.2 (N.D. Cal. Oct. 21, 2021). Entropic fails to address this argument, and its VSA-related requests should be denied.

### 3. Entropic mischaracterizes Comcast's reliance on *Cleanquest*, *Gerritsen*, and *Mujica*.

Because all of the discovery requests subject to SM-11 are directed to arguments that this Court has already rejected, they self-evidently constitute an improper fishing expedition that Entropic hopes will unearth something to try to satisfy its pleading burden. But a plaintiff may not "overcome its pleading burden [ ] by seeking discovery of documents that it can and should have obtained [on its own] prior to commencing litigation." *Cleanquest, LLC v UnitedHealthcare Ins. Co., et al.*, C.A. 8:23-cv-00148-JWH, Dkt. 24 at 8 (Holcomb, J.). That is because a plaintiff must "satisfy the pleading requirements of Rule 8 *before* the discovery stage, not after it." *Id*. (citing *Mujica v. AirScan Inc.*, 771 F.3d 580 (9th Cir. 2014)); *see also Gerritsen v. Warner Bros. Entertainment, Inc.*, 2015 WL 4570081, at *2 (C.D. Cal. March 2, 2015).

Contrary to Entropic's assertion, Comcast does not argue that these cases require a blanket stay of all discovery. Instead, these cases hold that it is improper to use broad discovery to attempt to find evidence necessary to state a claim—particularly on grounds that this Court has already rejected. Objection at 14. Entropic attempts to distinguish *Mujica* and *Gerritsen* because amendment in those cases would have been futile. Response at 4. But, in *Gerritsen*, the Court did permit an amendment and still held that discovery was not proper until the amended pleading was found sufficient

under Rule 8. *Gerritsen*, 2015 WL 4570081, at *3 ("While it is certainly possible that Gerritsen's first amended complaint states plausible claims for relief against defendants, the law is clear that she may not take discovery until she has made such a showing."). And, as Comcast has set forth in its Motion to Dismiss, Entropic's amended complaint *is* futile such that *Mujica* is procedurally on point as well. 1043, Dkt. 248-1 at 36; 1049, Dkt. 180 at 36. Discovery cannot be used to support Entropic's speculative and conclusory allegations that do not satisfy Rule 8. *Asetek Danmark A/S v. Coolit Systems Inc.*, 2021 WL 4699170, at *2 (N.D.Cal. Oct. 8, 2021) ("[D]iscovery cannot be a fishing expedition for new claims, defenses, or surprise facts."); *Mujica*, 771 F.3d at 593 ("[P]laintiffs must satisfy the pleading requirements of Rule 8 *before* the discovery stage, not after it.") (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.")); *Gerritsen*, 2015 WL 4570081, at *2-*3 (same).

### B. Entropic cannot raise general grievances regarding Comcast's productions that are not the subject of SM-11 and are raised for the first time in its Response.

Instead of responding to the crux of Comcast's Objection, Entropic improperly airs grievances about Comcast's production in response to requests that are not at issue in SM-11. Entropic has never raised these arguments before—neither in a meet and confer with Comcast, nor before the Special Master who was specifically appointed to address discovery disputes. SM-11 does not address requests seeking technical information, which Comcast has not objected to producing. These complaints, raised for the first time here, are a distraction and should not be entertained.[1]

### CONCLUSION

As set forth in Comcast's Objection, Comcast requests that this Court overrule SM-11 regarding RFPs Nos. 1–6, 8, 9, 21, and 29.

---

[1] Entropic's own production is also deficient, including its failure to produce conception and reduction to practice documents and numerous file histories.

| | | |
|---|---|---|
| 1 | Dated: February 13, 2024 | WINSTON & STRAWN LLP |
| 2 | | By: */s/ Krishnan Padmanabhan* |
| | | K. Padmanabhan (SBN: 254220) |
| 3 | | kpadmanabhan@winston.com |
| 4 | | **WINSTON & STRAWN LLP** |
| | | 200 Park Ave., Fl. 40 |
| 5 | | New York City, NY 10166 |
| 6 | | Tel: (212) 294-6700 |
| | | Fax: 212-294-4700 |
| 7 | | |
| 8 | | Diana Hughes Leiden (SBN: 267606) |
| | | dhleiden@winston.com |
| 9 | | **WINSTON & STRAWN LLP** |
| 10 | | 333 S. Grand Ave. |
| | | Los Angeles, CA  90071 |
| 11 | | Tel: (213) 615-1700 |
| 12 | | Fax: (213) 615-1750 |
| 13 | | |
| | | Brian Ferguson (*pro hac vice*) |
| 14 | | bferguson@winston.com |
| | | **WINSTON & STRAWN LLP** |
| 15 | | 1901 L Street NW |
| 16 | | Washington, DC 20036 |
| | | Tel: (202) 282-5000 |
| 17 | | Fax: (202) 282-5100 |
| 18 | | |
| | | Saranya Raghavan (*pro hac vice*) |
| 19 | | sraghavan@winston.com |
| 20 | | **WINSTON & STRAWN LLP** |
| | | 35 West Wacker, Dr. |
| 21 | | Chicago, IL 60601 |
| 22 | | Tel: (312) 558-5600 |
| | | Fax: (312)558-5700 |
| 23 | | |
| 24 | | *Attorneys for Comcast Defendants* |