UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case Nos. | 2:23-cv-01043-JWH-KES;<br>2:23-cv-01049-JWH-KES | Date | February 15, 2024 |
|---|---|---|---|
| Title | *Entropic Communications, LLC v. DISH Network Corporation, et al.*;<br>*Entropic Communications, LLC v. Cox Communications, Inc., et al.* | | |

Present: The Honorable    JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE

| Clarissa Lara | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER OVERRULING OBJECTIONS TO REFERRAL TO SPECIAL MASTER AND DENYING COMCAST'S MOTIONS TO DISMISS SECOND AMENDED COMPLAINT [ECF No. 249 in Case No. 2:23-cv-1043; ECF No. 175 in Case No. 2:23-cv-1049]**

The operative pleading in *Entropic Communications, LLC v. DISH Network Corporation*, Case No. 2:23-cv-1043 (the "1043 Case") with respect to Defendants Comcast Cable Communications Management, LLC; Comcast Cable Communications, LLC; and Comcast Corporation (collectively, "Comcast") is the Second Amended Complaint.[1]  The operative pleading in *Entropic Communications, LLC v. Cox Communications, Inc.*, Case No. 2:23-cv-1049 (the "1049 Case") with respect to Comcast is also the Second Amended Complaint.[2]

---

[1]    Corrected Second Amended Complaint [ECF Nos. 205 & 244 (sealed) in the 1043 Case].
[2]    Corrected Second Amended Complaint [ECF No. 140 & 169 (sealed) in the 1049 Case].

In December 2023, Entropic filed motions for leave to supplement the Second Amended Complaint in both the 1043 Case and the 1049 Case; specifically, Entropic wishes to include additional allegations relating to willful infringement.[3] Entropic also filed two motions for leave to amend the Second Amended Complaint in the 1049 Case, to add infringement claims for two additional patents.[4] The Court referred all four of Entropic's pending motions to the Special Master for a report and recommendation.[5] Comcast objected,[6] Entropic responded to Comcast's objections,[7] and Comcast replied.[8] The Court has considered the parties' positions. For the following reasons, the Court **OVERRULES** the objections to the referral and **DENIES** Comcast's Motions to Dismiss Second Amended Complaint **without prejudice**.

### A.   The Referral is Appropriate and Remains in Place

As an initial matter, Comcast's objections are not procedurally proper. The Order Appointing the Special Master expressly establishes a procedure for objecting to the Special Master's orders and for responding to those objections.[9] Here, the Special Master has not yet issued any order addressing the referred matters, so there is no Special Master order to which Comcast may object. Nevertheless, the Court considers Comcast's objections on the merits and **OVERRULES** them.

The order appointing the Special Master includes broad language under the scope of authority section allowing "[t]he Special Master . . . to preside over . . . any other matters referred to the Special Master by the Court."[10] It also states that

---

[3]   Entropic's Mot. to Supplement the Second Amended Complaint [ECF No. 193 in the 1043 Case; ECF No. 131 in the 1049 Case].

[4]   Entropic's Mots. to Amend Complaint and Amend the First Amended Complaint against Comcast [ECF Nos. 114 & 115 in the 1049 Case].

[5]   Order Referring Mots. to Special Master (the "Referral Order") [ECF No. 273 in the 1043 Case; ECF No. 191 in the 1049 Case].

[6]   Objections. to Referral to Special Master (the "Special Master Objections") [ECF No. 293 in the 1043 Case; ECF No. 200 in the 1049 Case].

[7]   Responses [ECF No. 308 in the 1043 Case; ECF No. 210 in the 1049 Case].

[8]   Reply [ECF No. 315 in 1043 Case; ECF No. 215 in the 1049 Case].

[9]   Order Appointing David Keyzer, Esq. (the "Keyser Appointment Order") [ECF No. 74 in 1043 Case; ECF No. 62 in the 1049 Case] ¶ 8.

[10]   *Id.* at ¶ 2.

"[t]he Court determines that the appointment of David Keyzer, Esq. (the 'Special Master') is appropriate under Rule 53(a)(1)(C) of the Federal Rules of Civil Procedure to address pretrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge in this district."[11] Additionally, the referral directs the Special Master to prepare a Report and Recommendation ("R&R").[12] An R&R is not a final ruling. The district judge must still review the R&R and decide whether to adopt it. The parties may raise any objections to the R&R before the district judge rules.[13] Accordingly, the referral is appropriate, and it remains in place.

### B. Comcast's Motions to Dismiss Are Premature

Next, the Court addresses Comcast's concerns regarding efficiencies in deciding the pending motions. In addition to Entropic's four pending motions, discussed above, Comcast moved to dismiss Entropic's Second Amended Complaints.[14] In its objections, Comcast explains that its motions to dismiss challenge both of the operative Second Amended Complaints as well as Entropic's proposed supplemental and amended pleadings.[15] Because the Court has not yet determined whether Entropic may amend or supplement its Second Amended Complaints, the Court concludes that Comcast's challenges are premature. Accordingly, the Court **DENIES without prejudice** Comcast's Motions to Dismiss the Second Amended Complaint.[16] Comcast may renew its motions, as may be appropriate after the operative pleadings have been established.

**IT IS SO ORDERED.**

---

[11] *Id.* at ¶ 1.

[12] *See generally* Referral Order.

[13] Keyser Appointment Order ¶ 8; Fed. R. Civ. P. 53(f)(4) ("The court must decide de novo all objections to conclusions of law made or recommended by a master.").

[14] Comcast's Mot. to Dismiss Second Amended Complaint (the "Motion to Dismiss") [ECF Nos. 249 & 256 (sealed) in the 1043 Case; ECF Nos. 175 & 180 (sealed) in the 1049 Case].

[15] *See* Special Master Objections 2:17-21 [1043 Case] and 3:22-4:6 [1049 Case].

[16] *See generally* Motion to Dismiss.