KILPATRICK TOWNSEND & STOCKTON LLP

April E. Isaacson (SBN 180638)
aisaacson@kilpatricktownsend.com
Two Embarcadero Center, Suite 1900
San Francisco CA 94111
(415) 273 8306

Sarah Y. Kamran (SBN 347617)
skamran@kilpatricktownsend.com
1801 Century Park East, Suite 2300
Los Angeles CA 90067
(310) 777 3733

Mitchell G. Stockwell (*admitted pro hac vice*)
mstockwell@kilpatricktownsend.com
Vaibhav P. Kadaba (*admitted pro hac vice*)
wkadaba@kilpatricktownsend.com
Michael J. Turton (*admitted pro hac vice*)
mturton@kilpatricktownsend.com
Courtney S. Dabbiere (*admitted pro hac vice*)
cdabbiere@kilpatricktownsend.com
Christopher S. Leah (*admitted pro hac vice*)
cleah@kilpatricktownsend.com
Andrew N. Saul (*admitted pro hac vice*)
asaul@kilpatricktownsend.com
1100 Peachtree Street, NE, Suite 2800
Atlanta GA 30309
(404) 815 6500

*Attorneys for Defendants*
*Cox Communications, Inc.; CoxCom, LLC; and*
*Cox Communications California, LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>COX COMMUNICATIONS, INC.; COXCOM, LLC; and COX COMMUNICATIONS CALIFORNIA, LLC,<br><br>Defendants. | LEAD CASE:<br>Case No. 2:23-cv-1043-JWH-KES<br><br>RELATED CASE:<br>Case No. 2:23-cv-1047-JWH-KES<br><br>**COX DEFENDANTS' RESPONSE TO ENTROPIC'S SUPPLEMENTAL BRIEF ON COX'S 101 MOTION AND DIRECTV'S JOINDER MOTION** |

COX COMMUNICATIONS, INC., COXCOM, LLC, AND COX COMMUNICATIONS CALIFORNIA, LLC,

        Counter-Claimants,

   v.

ENTROPIC COMMUNICATIONS, LLC; MAXLINEAR COMMUNICATIONS LLC; AND MAXLINEAR, INC.

        Counter-Defendants

## Table of Contents

I. INTRODUCTION ..................................................................................................4

II. SUMMARY OF THE FACTS .............................................................................5

III. ARGUMENT ........................................................................................................6

    A. COX'S MOTION SHOULD BE GRANTED BASED ON THE COX COMPLAINT ..........................................................................6

    B. ENTROPIC'S ONE SENTENCE "PROPOSAL" OF AN AMENDMENT DOES NOT JUSTIFY DELAYING RESOLUTION OF COX'S MOTION ....................................................7

    C. INDEPENDENTLY, ENTROPIC'S PROPOSAL TO AMEND AND NEW LEGAL ARGUMENTS SHOULD BE REJECTED ..........................................................................................12

IV. CONCLUSION ..................................................................................................13

## I. INTRODUCTION

Cox's Rule 12(c) Motion for Invalidity under 35 U.S.C. § 101 ("Cox's Motion") must be decided based on the operative Complaint against Cox Communications, Inc., CoxCom, LLC, and Cox Communications California, LLC (collectively, "Cox"), not the First Amended Complaint ("FAC") against DIRECTV. Entropic's efforts to pretend that the averments in the FAC are operative in Cox's case, and entirely reargue Cox's Motion on that basis, must be rejected.

Cox's Motion was made under Rule 12(c) at a point when the pleadings in its case were closed as to Entropic's averments concerning the '422 and '213 Patents. The parties proceeded through extensive briefing and a hearing. Before the hearing, the Court put substantial effort and resources into reviewing the briefing and preparing a tentative ruling and shared that ruling with the parties. At the hearing, the parties had ample time to address all issues and did so. Entropic did not then inform Cox or the Court of any justification, basis, or need to amend the Cox Complaint. Entropic chose to defend the Cox Complaint as is. Indeed, Entropic had no right to amend in response to Cox's Motion and would have needed to promptly, diligently, and with good cause seek leave to amend. Two months after the hearing, Entropic concocted the averments in the FAC in response to DIRECTV's motion, but even then it did not ask to amend the Cox Complaint.

Nor has Entropic attempted to shoulder its burden to amend even now—*eight months* after Cox's Motion and *six months* after the Court's tentative ruling. Entropic's passing reference to a potential amendment to the Cox Complaint comes in its supplemental brief addressing DIRECTV's joinder request. As a result, the operative pleadings are closed and Entropic cannot rely upon, and the Court should not consider, any belated averments by Entropic against DIRECTV. Cox accordingly proposes that the Court rule on Cox's Motion, enter judgment in Cox's favor, and either later address or deny without prejudice the joinder request.

## II.     SUMMARY OF THE FACTS

Entropic filed its Complaint against Cox ("Cox Complaint") on February 10, 2023, alleging infringement of twelve patents, including the '422 and '213 Patents. *See* Dkt. 1. On May 8, 2023, Cox filed its Answer to the Cox Complaint. Dkt. 48.

On June 16, 2023, Cox filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c) for the invalidity of the '422 and '213 Patents under 35 U.S.C. § 101. Dkt. 64. On June 30, 2023, Entropic filed its opposition to Cox's Motion, and did not request leave to amend its Complaint under Rule 16(b).[1] Dkt. 66. On July 1, 2023 – one day later – Entropic filed its original Complaint against DIRECTV, which pled the same allegations related to the '422 and '213 Patents as set forth in the Cox Complaint. On July 7, 2023, Cox filed its reply in support of its Motion. Dkt. 69. On August 9, 2023, the Court held a hearing on Cox's Motion. In advance of that hearing, the Court issued its Tentative Order finding the '422 and '213 Patents invalid and dismissing Entropic's claims of infringement of the '422 and '213 Patents without leave to amend. Despite having a full opportunity to be heard on the issue, Entropic did not argue that additional facts not already pled would change the outcome of Cox's Motion.

On October 18, 2023 – over two months ***after*** the hearing on Cox's Motion – Entropic filed its FAC against DIRECTV, in response to DIRECTV's Motion to Dismiss under Rule 12(b)(6) for the invalidity of five Asserted Patents, and Motion for Joinder of Cox's Motion for the invalidity of the '422 and '213 Patents and DISH's Motion for the invalidity of the '0,766 and '910 Patents. Dkt. 132. On November 7, 2023, due to the consolidation of cases, the Court ordered Entropic to refile its FAC against DIRECTV on the correct case docket. Dkt. 167. Entropic subsequently refiled its FAC against DIRECTV on November 7, 2023, (Dkt. 168)

---

[1] Entropic's window to amend the Complaint against Cox as a matter of right under Rule 15(a)(1) closed on May, 29, 2023. Notably, this was after DISH filed its Motion to Dismiss under Rule 12(b)(6) for the invalidity of the '7,666 and '910 Patents, a development that did not lead to Entropic amending its allegations.

and DIRECTV again filed a Motion to Dismiss addressing the same five Asserted Patents, and a Motion for Joinder of Cox's Motion and the DISH Motion (Dkt. 160).

On January 16, 2024, the Court issued a Tentative Order and held a hearing on DIRECTV's Motion to Dismiss. Dkt. 278. In order to directly address the procedural predicament that Entropic created by filing the FAC against DIRECTV containing new allegations not in the Cox Complaint, this Court ordered supplemental briefing by Entropic and DIRECTV, with an optional supplemental briefing by Cox, directed at "why the additional and revised allegations in its First Amended Complaint raise fact issues warranting a different outcome as compared to the operative allegations at the time of the hearing on the Cox Motion." Dkt. 287.

### III. ARGUMENT

#### A. COX'S MOTION SHOULD BE GRANTED BASED ON THE COX COMPLAINT

The standard for evaluating a motion under Rule 12(c) is "substantially identical" to the Rule 12(b)(6) standard. *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). It is hornbook law that, on a motion to dismiss, a court "may 'generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice.'" *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030-31 (9th Cir. 2008) (citation omitted)). The FAC against DIRECTV does not fit any of the enumerated categories. It is entirely irrelevant to Cox's Motion. Nor can an opposition to a request by DIRECTV to join Cox's Motion somehow make the FAC relevant.[2] Indeed, Entropic concedes this point, admitting that its averments concerning the '213 patent, for instance, "are not currently of record in the Cox case." Dkt. 309, at 9. That is also evident from

---

[2] At best, such a FAC would be, in the words of Rule 12(d), a matter "outside the pleadings," as to which the Court could potentially consider in converting Cox's Motion to one for summary judgment. But there is no request to so convert, nor could there be since the FAC is not itself "evidence" sufficient to invoke summary judgment standards. Thus, this Court should exercise its wide discretion to not consider the FAC in addressing Cox's Motion. *See Hicks v. PGA Tour, Inc.*, 897 F.3d 1109, 1117 (9th Cir. 2018).

Entropic's repeated references to the "FAC," which plainly encompasses only its pleading against DIRECTV.

For these reasons Cox's Motion must be resolved without consideration of the FAC. Because Entropic's new arguments are all directed to the new averments in the FAC, the Court likewise need not consider those points. The record is complete and the Court should issue its final ruling and enter judgment for Cox.

### B. ENTROPIC'S ONE SENTENCE "PROPOSAL" OF AN AMENDMENT DOES NOT JUSTIFY DELAYING RESOLUTION OF COX'S MOTION

Entropic cannot, of course, file a FAC against DIRECTV in order to bypass the appropriate procedures to amend its Cox Complaint to plead new allegations related to the '422 and '213 Patents. Nonetheless, via a single sentence, "Entropic proposes to amend its pleadings against Cox to assert the same facts about the prior art and the patents as it did against DirectTV." Dkt. 309, at 5. No other justification or explanation of this "proposal" in "Entropic's Supplemental Brief Regarding DirecTV's Request for Joinder" is forthcoming. The Court should reject this proposal and proceed to full resolution of Cox's Motion, based on the averments in the Cox Complaint and the record established as of the hearing.

Cox moved under Rule 12(c), which specifies that "[a]fter the pleadings are closed . . . a party may move for judgment on the pleadings." Although the standard for judgment under Rule 12(c) is essentially the same as under Rule 12(b)(6), (*Chavez*, 683 F.3d at 1108), Rules 12(c) and 12(b)(6) are procedurally different. If a party wishes to amend its pleadings in response to a Rule 12(c) motion, it must follow Rule 15(a)(2). Rule 15(a)(2) provides that "a party may amend its pleading ***only*** with the opposing party's written consent or the court's leave." *Id.* (emphasis added). Thus, for Entropic to appropriately amend its pleadings against Cox, it must either obtain written consent or leave from the Court. Entropic did neither.

Instead, Entropic "proposes" to obviate the Federal Rules of Civil Procedure by, at some later and unspecified point, making an amendment to rely on the FAC.

But "[t]he Rules themselves provide that they are to be construed 'to secure the just, speedy, and inexpensive determination of every action.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). Entropic's proposal both ignores the relevant rules and violates every one of these goals.

Leave to amend may be denied "where there is any apparent or declared reason for doing so." *Lockman Found. v. Evangelical All. Mission*, 930 F.2d 764, 772 (9th Cir. 1991) (citation omitted). Such reason exists here. Rather than even attempting to meet the relevant standards and rules, Entropic seeks to circumvent this Court's Tentative Order and the Federal Rules of Civil Procedure. Had Entropic moved for leave to amend its Cox Complaint on October 10, 2023 – the date it filed its FAC against DIRECTV to add the new allegations related to the '422 and '213 Patents – its motion would have failed to meet the relevant requirements. Any "proposal" to amend is even more meritless now.

***Entropic's Complete, and Continuing, Absence of Diligence***: Under Rule 16(b), Entropic must show "good cause" to obtain leave of court in order to amend its Complaint. *See James v. J2 Cloud Servs. Inc.*, No. 2:16-cv-05769, 2019 WL 184330, at *3 (C.D. Cal. Jan. 14, 2019). A key aspect of good cause is to show an amendment to the complaint within a deadline "cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

Entropic cannot show diligence. Entropic did not discover new information regarding its own '422 and '213 Patents. As the owner of the '422 and '213 Patents, it could have included ***all*** of the facts that it now claims, in another case, are relevant to show patent eligibility in the original Cox Complaint, and certainly before the Court heard and tentatively resolved Cox's challenge. *See De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 878 (9th Cir. 2000) ("Where the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may

be denied." (citation and internal quotation marks omitted)); *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1990) (affirming denial of amendment where underlying documents were "known to Kaplan from the beginning" of case).

Even after Entropic was on notice of Cox's challenge, responded to that challenge, received the Court's tentative ruling, and appeared at the hearing to address these issues, it did not seek leave to amend. Months after the hearing, it then proposed its FAC against DIRECTV. But it remained silent as to Cox until the Court ordered these supplemental briefs. Only then did it make its one-line proposal. Accordingly, Entropic's conduct is the opposite of diligent. *Cf. Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990) (denying leave to amend was proper where eight-month delay was "inexplicable and unjustified").

But, independently, as confirmed below, Entropic does not even attempt to shoulder its burden to justify leave to amend. "The power to grant [such] leave . . . is entrusted to the discretion of the district court, which 'determines the propriety of a motion to amend by ascertaining the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.'" *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010) (citations omitted). Each of these factors demonstrates Entropic's proposal is meritless.

***Entropic's Bad Faith and Undue Delay***: Entropic filed its Cox Complaint on February 10, 2023, (Dkt. 1) and Cox filed its Motion on June 16, 2023, (Dkt. 64). Entropic filed its opposition to Cox's Motion on June 30, 2023, which did not request leave to amend its Complaint. Dkt. 66. On July 7, 2023, Cox filed its reply in support of its Motion. Dkt. 69. On August 9, 2023, the Court subsequently issued a Tentative Order and held a hearing on Cox's Motion, where Entropic again made no indication that it intended to move for leave to amend its Complaint. *See* Dkt. 84. The Court's Tentative Order found the '422 and '213 Patents invalid, and dismissed Entropic's claims of infringement ***without leave to amend***. Over two months later, Entropic filed its FAC against **DIRECTV**. The FAC contained new allegations related to the

'422 and '213 Patents. Notably absent, however, was any motion by Entropic to amend its Cox Complaint. In response to Entropic filing its FAC against DIRECTV, this Court held on November 7, 2023, that "[t]he First Amended Complaint is [] the operative Complaint against the **DIRECTV** Defendants," as opposed to the other Defendants. Dkt. 167 (emphasis added). Moreover, the Court cited authority from *Hall v. Hall*, which "confirm[s] that 'consolidation d[oes] not result in the merger of constituent cases.'" *Id.* (quoting 138 S. Ct. 1118, 1127 (2018)).

Despite this warning, Entropic still made no effort to amend its Cox Complaint. Indeed, six months after the hearing, there is still no motion seeking leave and addressing the relevant standards. *See Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (denying motion to amend, in part, because Lockheed knew facts relied on, but waited over three months before filing motion and provided no adequate explanation for delay).

Bad faith and dilatory motive also torpedo Entropic's proposal, even if it were properly presented. "Undue delay which is not satisfactorily explained is equivalent to bad faith." *Inline Connection Corp. v. AOL Time Warner Inc.*, 237 F.R.D. 361, 369 (D. Del. 2006). That is the situation here. Not only have Cox and Entropic already fully briefed and argued Cox's Motion, but the Court has already issued its Tentative Order finding the '422 and '213 Patents invalid. Any amendments to the Cox Complaint would have been made purely for the purpose of attempting to circumvent the issues already addressed in the briefing, at the hearing, and in this Court's Tentative Order, leading to the parties re-litigating the patentability of the '422 and '213 Patents. *Kilroy v. L.A. Unified Sch. Dist. Bd. of Educ.*, No. CV 13-6373, 2016 WL 11758314, at *3 (C.D. Cal. Feb. 29, 2016). Simply put, any effort to amend now – eight months after Cox's Motion – is simply a bad faith, and unduly delayed effort to circumvent Cox's Motion and the Court's likely ruling.

***The Prejudice Flowing from Entropic's Belated Proposal***: "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight."

*Eminence Cap., L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Undue prejudice means substantial prejudice or substantial negative effect." *Xyratex Tech., Ltd. v. Teradyne, Inc.*, No. CV 08-04545, 2009 WL 10702551, at *5 (C.D. Cal. Apr. 10, 2009) (citation and internal quotation marks omitted). "[T]he need for a party to conduct supplemental discovery or to consider a new line of legal argument are classic sources of prejudice that have regularly proven sufficient to defeat a motion for leave to amend." *Id.* (quoting *IXYS Corp. v. Advanced Power Tech., Inc.*, No. C 02-03942, 2004 WL 135861, at *3 (N.D. Cal. Jan. 22, 2004)).

Entropic's proposal indisputably prejudices Cox. The record shows Cox had already fully briefed and compellingly presented at the hearing why the '422 and '213 Patents were invalid. The Court carefully considered these arguments and addressed each of Entropic's counter-arguments in its Tentative Order. Entropic's proposal to ignore this history makes a mockery of the rules, as well as causes Cox unjustified delay and expense, all while burdening the Court for no justified reason.

**The Averments in the FAC Are, In Any Event, Futile**: "Futility alone can justify the denial of a motion to amend." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (citation omitted). Futility exists "where the amended complaint would be subject to dismissal" and fails to state a valid claim. *Woodward v. Collection Consultants*, 381 F. Supp. 3d 1234, 1239 (C.D. Cal. 2019). For all of the reasons addressed in DIRECTV's supplemental brief, the additional and revised allegations in Entropic's FAC do not raise any issues warranting a different outcome as compared to the operative allegations in the Cox Complaint.

The joinder request has no impact on Cox's Motion. The Court can and should resolve Cox's Motion based on the operative Cox Complaint and, if needed, the Court can defer or deny without prejudice any joinder until it rules. In doing so, the Court should decline Entropic's unsupported proposal to amend, grant Cox's Motion and enter judgment in Cox's favor.

### C.  INDEPENDENTLY, ENTROPIC'S PROPOSAL TO AMEND AND NEW LEGAL ARGUMENTS SHOULD BE REJECTED

Entropic's supplemental brief facially confirms that it wishes to reargue the points already addressed by Cox and the Court. Entropic proposes nothing less than a wholesale violation of the local and Federal rules. Its supplement, and indeed the FAC itself, is plainly an effort to circumvent and challenge the Court's Tentative Ruling. In doing so, Entropic runs roughshod over the rules specifying orderly briefing and even reconsideration. *See, e.g.*, L.R. 7-9, 7-18.

Per Local Rule 7-9, a party in opposition of a motion shall file its memorandum in opposition by "not later than twenty-one (21) days before the date designated for the hearing of the motion." Additionally, the memorandum "shall contain a statement of **all** the reasons in opposition thereto and the points and authorities upon which the opposing party will rely." L.R. 7-9 (emphasis added). As discussed in Cox's reply brief in support of its Motion, and at the hearing on Cox's Motion on August 9, 2023, in its opposition brief Entropic failed to address analogous case law that Cox cited in its Motion. *See, e.g.*, Cox Reply Brief, Dkt. 69, 6-7. Over **seven months** after filing its opposition to Cox's Motion, and nearly **six months** after the hearing on Cox's Motion, Entropic now introduces new legal theories and addresses arguments it previously left unanswered and unrebutted instead of limiting its brief to the Court's request for supplemental briefing on "why the additional and revised allegations in its First Amended Complaint raise fact issues warranting a different outcome as compared to the operative allegations at the time of the hearing on the Cox Motion." Entropic's attempts to exploit the Court's directive through supplemental briefing should not be permitted.

In its supplemental brief, Entropic for the first time improperly and unsuccessfully addresses several cases cited in Cox's Motion. Entropic's Suppl. Br., at 5. Entropic also introduces new arguments and cases it neither made nor presented in its opposition to Cox's Motion. For example, Entropic presents an entirely new –

1. albeit incorrect – argument that the NC node is not generic equipment but is instead "fluid." Entropic's Suppl. Br., at 10–11. And for the first time, Entropic cites "new" 2016-2022 case law. Entropic's Suppl. Br., at 6, 8, 10, 13, 14. Entropic, however, already waived its ability to both rebut Cox's case law and raise arguments not made in its opposition to Cox's Motion. *See Kaffaga v. Estate of Steinbeck*, 938 F.3d 1006, 1018 n.8 (9th Cir. 2019) (noting a litigant "forfeit[s] an 'argument by raising it for the first time in their reply brief'" (quoting *Burlington N. & Santa Fe Ry. Co. v. Vaughn*, 509 F.3d 1085, 1093 n.3 (9th Cir. 2007))). Entropic's new arguments are both improper and in violation the Court's supplemental briefing order.

Likewise, Entropic's proposal to amend the Cox Complaint is a clear violation of the Local Rules on reconsideration. As this Court has previously addressed in this case, "[t]his Court's Local Rules authorize only three grounds upon which a party may seek the reconsideration of an order." Dkt. 193, 3 (citing L.R. 7-18). A movant cannot use a motion for reconsideration as a tool to "raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Entropic's supplemental brief and proposal to amend the Cox Complaint amount to a thinly veiled request for reconsideration of the Court's Tentative Order. But Entropic does not move for reconsideration, and any such motion would necessarily fail because Entropic *could have* raised every argument it now raises in its supplemental brief in its opposition to Cox's Motion. *See id.*

Accordingly, this Court should disregard Entropic's proposal to amend the Cox Complaint and its introduction of new legal arguments in its supplemental brief, as they are untimely under the local rules on motion practice and reconsideration.

### IV. CONCLUSION

For all of the reasons above, Cox requests that the Court grant Cox's Motion for Judgment on the Pleadings, finding the '422 and '213 Patents invalid for claiming patent ineligible subject matter under 35 U.S.C. § 101.

| | | |
|---|---|---|
| Dated: February 16, 2024 | | KILPATRICK TOWNSEND & STOCKTON LLP |
| | | By: */s/ April E. Isaacson* |
| | | April E. Isaacson (SBN 180638)<br>aisaacson@kilpatricktownsend.com<br>Two Embarcadero Center, Suite 1900<br>San Francisco CA 94111<br>(415) 273 8306 |
| | | Sarah Y. Kamran (SBN 347617)<br>skamran@kilpatricktownsend.com<br>1801 Century Park East, Suite 2300<br>Los Angeles CA 90067<br>(310) 777 3733 |
| | | Mitchell G. Stockwell (*admitted pro hac vice*)<br>mstockwell@kilpatricktownsend.com<br>Vaibhav P. Kadaba (*admitted pro hac vice*)<br>wkadaba@kilpatricktownsend.com<br>Michael J. Turton (*admitted pro hac vice*)<br>mturton@kilpatricktownsend.com<br>Courtney S. Dabbiere (*admitted pro hac vice*)<br>cdabbiere@kilpatricktownsend.com<br>Christopher S. Leah (*admitted pro hac vice*)<br>cleah@kilpatricktownsend.com<br>Andrew N. Saul (*admitted pro hac vice*)<br>asaul@kilpatricktownsend.com<br>1100 Peachtree Street, NE, Suite 2800<br>Atlanta GA 30309<br>(404) 815 6500 |
| | | *Attorneys for Defendants*<br>*Cox Communications, Inc.;*<br>*CoxCom, LLC; and Cox Communications*<br>*California, LLC* |