BITA RAHEBI (CA SBN 209351)
brahebi@mofo.com
ALEX S. YAP (CA SBN 241400)
ayap@mofo.com
ROSE S. LEE (CA SBN 294658)
roselee@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, California 90017-3543
Telephone: (213) 892-5200
Facsimile: (213) 892-5454

[Additional counsel on signature page]

Attorneys for Counter-Defendants,
MAXLINEAR, INC. and MAXLINEAR
COMMUNICATIONS LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DISH NETWORK CORPORATION, et al.,<br><br>Defendants.<br><br>DISH NETWORK CORPORATION; DISH NETWORK L.L.C.; DISH NETWORK SERVICE L.L.C.; DISH NETWORK CALIFORNIA SERVICE CORPORATION; AND DISH TECHNOLOGIES, L.L.C.,<br><br>Counter-Claimants,<br><br>v.<br><br>ENTROPIC COMMUNICATIONS, LLC; MAXLINEAR, INC.; AND MAXLINEAR COMMUNICATIONS LLC,<br><br>Counter-Defendants. | Case No. 2:23-cv-1043-JWH-KES (Lead Case)<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MAXLINEAR, INC. AND MAXLINEAR COMMUNICATIONS LLC'S NOTICE OF MOTION AND MOTION TO DISMISS (1) AMENDED COUNTERCLAIMS BY DISH NETWORK CALIFORNIA SERVICE CORPORATION; AND (2) COUNTERCLAIMS BY DISH NETWORK CORPORATION, DISH NETWORK L.L.C., DISH NETWORK SERVICE L.L.C., AND DISH TECHNOLOGIES, L.L.C.**<br>[*Filed concurrently with Notice of Motion and Motion; Declaration of R. Lee; Memorandum of Points and Authorities; and [Proposed] Order*]<br><br>Action Filed: Feb. 10, 2023<br>Am. Counterclaims and Counterclaims Filed: Jan. 31, 2024<br>**Hearing:**<br>Date: March 29, 2024<br>Time: 9:00 a.m.<br>Place: Courtroom 9D, Santa Ana<br>Judge: Hon. John W. Holcomb |

Counter-Defendants MaxLinear, Inc. and MaxLinear Communications LLC (collectively, "MaxLinear") request that the Court take judicial notice of the documents attached as Exhibits A, B, C, and D pursuant to Rule 201 of the Federal Rules of Evidence and the authorities cited below.

A.   **The Court Should Take Judicial Notice of Exhibit A**

**Exhibit A** is the as-filed Exhibit A to the Counterclaims filed by Cox Communications, Inc., CoxCom, LLC, and Cox Communications California, LLC (collectively, "Cox") in *Entropic v. Cox Commc'ns, Inc.*, No. 23-cv-1047, ECF No. 94-1, in the United States District Court for the Central District of California. MaxLinear requests that the Court take notice of the exhibit, which is entitled the "Intellectual Property Rights (IPR) Policy" from the Multimedia over Coax Alliance ("MoCA"), revised October 31, 2017 ("IPR Policy"). The Court may take judicial notice of the exhibit because that fact is not subject to reasonable dispute and comes from a source whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b). Namely, the exhibit comes from a filing in an action currently pending before this Court that was consolidated with this action, Case No. 2:23-cv-1043-JWH-KES.

In the Ninth Circuit, "court filings and other matters of public record" are sources whose accuracy cannot reasonably be questioned for the purposes of Rule 201. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) ("[U]nder Fed. R. Evid. 201, a court may take judicial notice of 'matters of public record.'"); *Arroyo v. DTPS C-12, LLC*, 2022 WL 17224717, at *1 (C.D. Cal. Jan. 31, 2022) (Holcomb, J.) (granting judicial notice of court cases and related public legal documents, as they "fall comfortably within the ambit of Rule 201"); *Edward v. Obama*, 2017 WL 3635180, at *2 n.1 (C.D. Cal. Aug. 23, 2017) ("Proceedings of other courts, including orders and filings, are [] the proper subject of judicial notice

when directly related to the case.").

Moreover, Dish Network Corporation, Dish Network L.L.C., Dish Network Service L.L.C., Dish Network California Service Corporation, and Dish Technologies, L.L.C. (collectively, "Dish") cannot reasonably question the accuracy or authenticity of Exhibit A.[1]

The content of Exhibit A can also be found on MoCA's publicly available website. *See* https://mocalliance.org/Join/agreements/MoCA_Associate_Agreement_editedrs_210413.pdf, at 40-50 (last accessed Feb. 21, 2024). Courts in the Ninth Circuit have properly taken judicial notice of documents that are publicly available on the internet. *Loomis v. Slendertone Distrib., Inc.*, 420 F. Supp. 3d 1046, 1063 (N.D. Cal. 2019) (taking notice of website printouts sua sponte, noting "[s]everal district courts have found judicial notice proper over publicly available websites."); *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1205-06 (taking judicial notice of multiple webpages); *Wible v. Aetna Life Ins. Co.*, 375 F. Supp. 2d 956, 965-66 (C.D. Cal. 2005) (same); *cf. Erickson v. Neb. Mach. Co.*, 2015 WL 4089849, at *1 n.1 (N.D. Cal. July 6, 2015) ("Courts have taken judicial notice of the contents of web pages available through the Wayback Machine as facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

Accordingly, MaxLinear requests that the Court take judicial notice of attached **Exhibit A**.

### B. The Court Should Take Judicial Notice of Exhibits B, C, and D Under the Incorporation by Reference Doctrine

The Court may consider on a motion to dismiss documents whose contents are alleged in the complaint, provided that (1) the complaint "necessarily relies" on

---

[1] MaxLinear notes that Dish received copies of this 2017 IPR Policy (MOCA_1037894-904, MOCA_1113555-65) in the same document production that contained multiple of the exhibits on which Dish's Counterclaims rely. (S*ee, e.g.,* ECF Nos. 316-1 (MOCA_0048223), 316-2 (MOCA_0046314), 316-4 (MOCA_0046283), 316-5 (MOCA_1032080).)

the documents or contents thereof, (2) the document's authenticity is uncontested, and (3) the document's relevance is uncontested. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) (taking notice of an agreement that the facts suggested was "integral" to the complaint).

### 1. Exhibit B

**Exhibit B** is a copy of a signed Promoter Member Agreement between EchoStar Technologies Corporation ("EchoStar") and the Multimedia over Coax Alliance ("MoCA"), as amended and executed on January 7, 2004 (the "Promoter Agreement"). The Promoter Agreement is the proper subject for judicial notice under the incorporation by reference doctrine.

The IPR Policy itself references an "Applicable Agreement" as core to its meaning and understanding. To fully understand the scope of MoCA's IPR Policy and the provisions therein, one must also cross-reference the Applicable Agreements of the MoCA members. (*See, e.g.,* IPR Policy § 2 ("Other terms having initial capitals used herein, but which are not defined herein shall have the definitions ascribed to them in the Alliance Bylaws or the Applicable Agreement" and defining "Applicable Agreement" to include a Promoter Member Agreement).) Thus, because EchoStar's Promoter Agreement is a document needed to even make sense of the IPR Policy, it is properly incorporated by reference. *See Bella+Canvas, LLC v. TSC Apparel, LLC*, 2021 WL 8134400, at *2 (C.D. Cal. Jan. 5, 2021) (Holcomb, J.) (holding that the Plaintiff must attach a copy of the alleged contract, quote from the contract, or adequately plead the terms of the contract either *in haec verba* or according to legal effect); *see also Roman v. Vericrest Fin., Inc.*, 2013 WL 12142960, at *2 (C.D. Cal. Dec. 3, 2013) ("If the action is based on an alleged breach of a written contract, the terms must be set out verbatim in the body of the complaint, or a copy of the written contract must be attached to the complaint or incorporated by reference."). Dish produced the Promoter Agreement

4
REQUEST FOR JUDICIAL NOT. ISO MAXLINEAR'S MOT. TO DISMISS
CASE NO. 2:23-CV-1043-JWH-KES
sf-5767552

in response to MaxLinear's request that Dish produce all applicable agreements as identified in the IPR Policy. (Declaration of Rose S. Lee ("Lee Decl."), Ex. 1.)

The Promoter Agreement should properly be considered by the Court, moreover, because all Dish Counterclaimants incorporate it into their allegations. Dish alleges that it executed a Promoter Agreement, one which is tethered to the IPR Policy. (*See* ECF No. 316 ("Am. Countercls."[2]) ¶¶ 23 (EchoStar was a founding member of MoCA), 59 ("Dish Technologies was previously named EchoStar Technologies, who executed a Promoter Member Agreement at least as of 2004.").) Dish alleges that it was an Alliance Party to MoCA by virtue of its Promoter Agreement, signed in 2004. (*See id*. ¶¶ 58, 59, 72, 105.) Taking Dish at its word, its Promoter Agreement is eligible for judicial notice under the incorporation by reference doctrine. *See McCool v. Wilson*, 2020 WL 7223252, at *4 (C.D. Cal. Oct. 28, 2020) (taking judicial notice of two agreements because the contents were alleged in the FAC and were "central to claims asserted by Plaintiff in the FAC").

Yet more allegations show that the Promoter Agreement should be incorporated by reference. Dish Technologies alleges that it has standing to enforce the IPR Policy by virtue of its former membership in MoCA, which included executing the Promoter Agreement. (Am. Countercls. ¶¶ 58-60.) The other Dish Affiliates claim that they have standing to bring their claims in part because they are affiliates of Dish Technologies. (*Id*. ¶ 72.) Given the extensiveness of Dish's reference to the Promoter Agreement, incorporation by reference is justified. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."); *see also Black v. CorVel Enter. Inc.*, 2016 WL 3457032, at

---

[2] All citations are references to the corresponding paragraph number within Dish's Amended Counterclaims, which begin at page 68 of ECF No. 316.

\*14–15 (C.D. Cal. Apr. 27, 2016), *aff'd sub nom.,* 756 F. App'x 706 (9th Cir. 2018) (granting motions to dismiss after taking notice of documents incorporated by reference due to extensive reference); *Flowers v. Doctor's Best, Inc.*, 2014 WL 12968116, at \*1 (C.D. Cal. June 13, 2014); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) ("We have extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint."); *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1114 (C.D. Cal. 2003) (taking judicial notice of three contracts "that provide the foundation for plaintiffs' claims").

MaxLinear therefore requests that this Court take judicial notice of attached **Exhibit B**.

### 2. Exhibits C and D

**Exhibit C** is a letter sent by Mr. Max Gratton of Dish Network L.L.C. to Mr. Boris Teksler, CEO of Entropic Communications, LLC on March 31, 2023. **Exhibit D** is a letter sent by Mr. Teksler to Mr. Timothy Messner of Dish Network L.L.C. with a receipt date of December 28, 2022. Both letters are properly subject to judicial notice under the incorporation by reference doctrine.

Dish quotes from both of these letters in its Counterclaims. (*See* Am. Countercls. ¶¶ 52, 54.) These letters are therefore properly incorporated by reference in their entirety to the complaint. *Lenk v. Monolithic Power Sys.*, 2015 WL 7429498, at \*1 (N.D. Cal. Nov. 23, 2015) (judicially noticing two documents quoted in the complaint but not provided); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (finding webpages quoted in complaint incorporated by reference); *Flores v. Collection Consultants of Cal.*, 2015 WL 4254032, at \*1 n.2 (C.D. Cal. Mar. 20, 2015) ("[A] document is not 'outside' the complaint if the

complaint specifically refers to the document and if its authenticity is not questioned.") (internal quotation and citation omitted).

Further, the accuracy and authenticity of these letters cannot be questioned. *See* Fed. R. Evid. 201. These letters were produced in response to counsel for MaxLinear's request that Dish produce the letters referenced in paragraphs 49, 52, and 54 of Dish's Counterclaims. (*See* Lee Decl. Ex. 2.)

The Court should therefore take judicial notice of **Exhibit C** and **Exhibit D**.

Dated: February 21, 2024

MORRISON & FOERSTER LLP

By: */s/ Rose S. Lee*
Rose S. Lee

BITA RAHEBI (CA SBN 209351)
brahebi@mofo.com
ALEX S. YAP (CA SBN 241400)
ayap@mofo.com
ROSE S. LEE (CA SBN 294658)
roselee@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, California 90017-3543
Telephone: (213) 892-5200
Facsimile: (213) 892-5454

7

REQUEST FOR JUDICIAL NOT. ISO MAXLINEAR'S MOT. TO DISMISS
CASE NO. 2:23-CV-1043-JWH-KES
sf-5767552

|   |   |
|---|---|
| 1 | RICHARD S.J. HUNG (CA SBN 197425) |
| 2 | rhung@mofo.com<br>MORRISON & FOERSTER LLP |
| 3 | 425 Market Street,<br>San Francisco, California 94105-2482 |
| 4 | Telephone:   (415) 268-7000<br>Facsimile:    (415) 268-7522 |
| 5 | BRADLEY LUI (CA SBN 143088) |
| 6 | blui@mofo.com<br>MORRISON & FOERSTER LLP |
| 7 | 2100 L Street, NW, Suite 900<br>Washington, DC 20037-1679 |
| 8 | Telephone:   (202) 887-1500<br>Facsimile:    (202) 887-0763 |
| 10 | Attorneys for Counter-Defendants MAXLINEAR, INC. and |
| 11 | MAXLINEAR COMMUNICATIONS LLC |

8

REQUEST FOR JUDICIAL NOT. ISO MAXLINEAR'S MOT. TO DISMISS
CASE NO. 2:23-CV-1043-JWH-KES
sf-5767552