Christopher S. Marchese (SBN 170239)
marchese@fr.com
Tyler R. Train (SBN 318998)
train@fr.com
FISH & RICHARDSON P.C.
633 West Fifth Street, 26th Floor
Los Angeles, CA 90071
Tel: (213) 533-4240 / Fax: (858) 678-5099

Adam R. Shartzer *(admitted pro hac vice)*
shartzer@fr.com
Ruffin B. Cordell *(admitted pro hac vice)*
cordell@fr.com
Richard A. Sterba *(admitted pro hac vice)*
sterba@fr.com
Ralph A. Phillips *(admitted pro hac vice))*
rphillips@fr.com
Michael J. Ballanco *(admitted pro hac vice)*
ballanco@fr.com
Taylor C. Burgener (SBN 348769)
burgener@fr.com
FISH & RICHARDSON P.C.
1000 Maine Ave., SW, Suite 1000
Washington, DC 20024
Tel: (202) 783-5070 / Fax: (202) 783-2331

*Additional Counsel Listed on Signature Page*

Attorneys for Defendants and Counter-Claimants
DISH Network Corporation, et al.

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DISH NETWORK CORPORATION; DISH NETWORK L.L.C.; DISH NETWORK SERVICE L.L.C.; AND DISH NETWORK CALIFORNIA SERVICE CORPORATION,<br><br>Defendants. | Case No. 2:23-cv-1043-JWH-KES<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS DISH NETWORK CORPORATION ET AL.'S MOTION FOR EXTENSION OF CLAIM CONSTRUCTION SCHEDULE**<br><br>Hearing Date:  April 5, 2024<br>Hearing Time:  9:00 a.m.<br>Courtroom:     9 D<br>Judge:         Hon. John W. Holcomb |

| | |
|---|---|
| 1<br>2<br>3<br>4 | DISH NETWORK CORPORATION; DISH NETWORK L.L.C.; DISH NETWORK SERVICE L.L.C.; DISH NETWORK CALIFORNIA SERVICE CORPORATION; AND DISH TECHNOLOGIES L.L.C., |
| 5 | Counter-Claimants, |
| 6 | v. |
| 7<br>8<br>9 | ENTROPIC COMMUNICATIONS, LLC; MAXLINEAR, INC.; AND MAXLINEAR COMMUNICATIONS LLC, |
| 10 | Counter-Defendants. |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ............................................................................................. 6
II. BACKGROUND ............................................................................................... 7
III. LEGAL STANDARD ..................................................................................... 11
IV. ARGUMENT .................................................................................................. 11
  A. Good Cause for Extension Exists Based on the Early Stage of Litigation and Potential for Simplification. ..................................... 11
  B. An Extension Will Not Prejudice Entropic. ........................................... 14
V. CONCLUSION ............................................................................................... 16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ahanchian v. Xenon Pictures, Inc.*,
    624 F.3d 1253 (9th Cir. 2010) .......................................................................... 11

*Core Optical v. Fujitsu Network Commc'ns, Inc.*,
    No. 16-00437, 2016 WL 7507760 (C.D. Cal. Sept. 12, 2016) .......................... 15

*Delphix Corp. v. Actifio, Inc.*,
    No. 13-cv-04613-BLF, 2014 WL 6068407 (N.D. Cal. Nov. 13, 2014) ............................................................................................................. 13

*Entropic Commc'ns, LLC v. DirecTV, LLC*,
    No.07775, 2023 WL 3407132 (C.D. Cal. Apr. 17, 2023) .................................... 6

*Limestone v. Micron Tech.*,
    No. 15-0278, 2016 WL 3598109 (C.D. Cal. Jan. 12, 2016) ...................... 12, 14

*One-E-Way, Inc. v. Apple Inc.*,
    No. 06339, 2021 WL 4932518 (C.D. Cal. Mar. 16, 2021) .............................. 15

*Phillips v. AWH Corp.*,
    415 F.3d 1303 (Fed. Cir. 2005) (en banc) ........................................................ 14

*Sleep Number Corp. v Sizewise Rentals, LLC*,
    No. 18-00356, 2019 WL 1091335 (C.D. Cal. Feb. 12, 2019) .......................... 14

*WAG Acquisition, LLC v. Amazon.com, Inc.*,
    No. C22-1424JLR, 2023 WL 1991888 (W.D. Wash. Feb. 14, 2023) ................ 12

**Statutes**

35 U.S.C. § 101 ................................................................................. 6, 7, 8, 10

35 U.S.C. § 313 ................................................................................................. 9

35 U.S.C. § 314 ................................................................................................. 9

**Other Authorities**

37 C.F.R. § 42.107(b) ....................................................................................... 9

37 CFR § 42.100(b) ........................................................................................ 14

4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (3d ed. 2004) ............................................................... 11

Fed. R. Civ. P. 1 ............................................................................................. 13

Fed. R. Civ. P. 6(b) ........................................................................................ 11

Fed. R. Civ. P. 16(b) ...................................................................................... 11

## I. INTRODUCTION

Defendants DISH Network Corporation, DISH Network L.L.C., Dish Network Service L.L.C., and Dish Network California Service Corporation ("DISH") seek an extension of the claim construction schedule (set forth in D.I. 97) until after the institution decisions on DISH's *inter partes* review ("IPR") petitions. DISH has filed IPR petitions against seven of the ten patents remaining in the case: U.S. Patent Nos. 7,295,518 (the "'518 Patent"); 7,594,249 (the "'249 Patent"); 7,889,759 (the "'759 Patent"); 8,320,566 (the "'0,566 Patent"); 8,363,681 (the "'681 Patent"); 8,621,539 (the "'539 Patent"); and 8,631,450 (the "'450 Patent") (collectively, the "IPR Patents"). Because this Court's "usual practice" is to wait to stay cases until after the Patent Trial and Appeal Board ("PTAB") issues IPR institution decisions (*see Entropic Commc'ns, LLC v. DirecTV, LLC*, No. 07775, 2023 WL 3407132, at *2 (C.D. Cal. Apr. 17, 2023)), DISH's requested extension of just the claim construction schedule will allow the parties and the Court to conserve valuable resources without staying the entire case pre-institution. After issuance of the institution decisions, DISH expects to take up the issue of whether a stay is appropriate.

Continuing the claim construction schedule pending the PTAB's institution decisions—all forthcoming within the next six months—will promote judicial economy and streamline any dispute that remains after the IPRs are complete. DISH's IPR petitions challenge all but three of the remaining patents. The three patents not subject to DISH's IPRs—U.S. Patent Nos. 9,838,213 (the "'213 Patent), 10,432,422 (the "'422 Patent"), and 8,085,802 (the "'802 Patent")—are subject to pending motions to dismiss under Section 101. By the time the PTAB issues institution decisions, the Court may have resolved these Section 101 motions, which may further streamline claim construction.

The Court's current claim construction schedule runs concurrent with the PTAB's six-month timeline for considering DISH's IPR petitions. By the time the PTAB issues its last institution decision on DISH's petitions, without the requested

extension, the parties will have briefed all claim construction issues across all ten patents in preparation for a claim construction hearing less than a month away. This parallel timeline presents a significant risk that much of the parties' and the Court's work through the claim construction process could be superseded by the time of the hearing if Entropic's arguments in response to the petitions and/or the PTAB's institution decisions add relevant disclaimers or limitations to the claims and ultimately result in the case being stayed. In fact, the PTAB's final written decisions in the IPRs could pare back or even moot the IPR Patents altogether.

A limited claim construction extension will not unfairly prejudice Entropic. Entropic is a non-practicing entity whose sole business is litigation and licensing. It does not compete with DISH and does not participate in any product or service market. To the extent the delay in obtaining a final judgment in this Court causes any harm to Entropic, money damages will readily compensate Entropic for that harm.

In sum, DISH requests that the Court extend the claim construction schedule such that it commences after the PTAB issues the institution decisions, at which time the parties and the Court can also determine whether the case should be stayed. The other consolidated defendants in this case (i.e., the Cox defendants, the Comcast defendants, and the DIRECTV defendants) have informed DISH they do not oppose this motion. *See* Train Decl. ¶ 3.

## II. BACKGROUND

On February 10, 2023, Entropic filed its complaint against DISH alleging infringement of twelve patents. (D.I. 1.) DISH subsequently filed a motion to dismiss two of the originally asserted patents (U.S. Patent Nos. 8,228,910 and 10,257,566) as patent ineligible under Section 101, which the Court granted. (D.I. 50 and 103.) Contemporaneously with its suit against DISH, Entropic filed a series of lawsuits in this Court against other defendants, asserting the same twelve patents. Cox Communications, Inc., Coxcom, LLC, and Cox Communications California, LLC (collectively, "Cox") filed a motion to dismiss the '213 and '422 Patents under

1  Section 101 in Case No. 2:23-cv-1047 (the "1047 Case") (now consolidated with this
2  case). (1047 Case, D.I. 64.) The Court tentatively granted Cox's motion as to both
3  patents. DIRECTV, LLC and AT&T Services, Inc. (collectively "DIRECTV") filed
4  a motion to dismiss the '681, '759, '518, '539, and '802 Patents under Section 101 in
5  Case No. 2:23-cv-05253 (the "5253 Case") (now consolidated with this case). (D.I.
6  132 and 160; *see also* 5253 Case, D.I. 45.) The Court tentatively granted DIRECTV's
7  motion as to several patents, including the '802 Patent.

8       DISH filed IPR petitions in January and February 2024 against seven of the ten
9  remaining patents. Comcast Corporation, Comcast Cable Communications, LLC, and
10 Comcast Cable Communications Management, LLC (collectively, "Comcast") also
11 filed IPR petitions against two of the same patents (the '518 and '759 Patents). As
12 stated above, the three patents not pending IPR—the '213, '422, and '802 Patents—
13 are each subject to pending motions to dismiss. The IPR and motion to dismiss
14 statuses for the ten asserted patents are summarized below in the table.

| Asserted/Challenged Patent and Claims | IPR Case No. | Last Day for IPR Inst. Dec.[1] | Section 101 Motion to Dismiss Status |
|---|---|---|---|
| 7,295,518<br>Asserted Claims: 1<br>DISH IPR Challenged Claims: 1, 3<br><br>Comcast IPR Challenged Claims: 1-4 | IPR2024-00393 (DISH)<br><br>IPR2024-00431 (Comcast) | Jul. 31, 2024 (DISH) | Motion Filed by DIRECTV – Pending |

---

[1] The PTAB will issue an institution decision no later than six months after it mails the notice of filing date accorded to the petition—for example, the PTAB mailed the notice in the '759 IPR on February 28, 2024 (five weeks after DISH filed the IPR), which then triggered the institution deadline of August 28, 2024. This six-month

| Asserted/Challenged Patent and Claims | IPR Case No. | Last Day for IPR Inst. Dec.[1] | Section 101 Motion to Dismiss Status |
|---|---|---|---|
| 7,594,249<br>Asserted Claims: 10, 13, 17<br>DISH IPR Challenged Claims: 1-17 | IPR2024-00373 | Jul. 30, 2024 | |
| 7,889,759<br>Asserted Claims: 1-3<br>DISH IPR Challenged Claims: 1-3 | IPR2024-00462 (DISH) | Aug. 28, 2024 (DISH) | Motion Filed by DIRECTV – Pending |
| Comcast IPR Challenged Claims: 1-23 | IPR2024-00452 (Comcast) | Aug. 22, 2024 (Comcast) | |
| 8,320,566<br>Asserted Claims: 1-6, 12<br>DISH IPR Challenged Claims: 1-6, 12 | IPR2024-00555 | Aug. 27, 2024 | |

---

calculation is based on two statutory provisions. First, 35 U.S.C. § 314 indicates that an institution decision shall come three months after the filing of, or the deadline for, the patent owner's preliminary response ("POPR"), whichever comes first. According to 35 U.S.C. § 313, the POPR is due within three months after the PTAB mails the filing date notice, meaning that, by statute, the PTAB's last day to issue its institution decision is six months after the notice. *See also* 37 C.F.R. § 42.107(b). If the patent owner files its POPR early, or waives its POPR, the PTAB's institution deadline is advanced accordingly.

| Asserted/Challenged Patent and Claims | IPR Case No. | Last Day for IPR Inst. Dec.[1] | Section 101 Motion to Dismiss Status |
|---|---|---|---|
| 8,363,681<br>Asserted Claims: 1-3, 6-10<br>DISH IPR Challenged Claims: 1-40 | IPR2024-00562 | Aug. 23, 2024 | Motion Filed by DIRECTV – Pending (tentatively granted) |
| 8,621,539<br>Asserted Claims: 1-7<br>DISH IPR Challenged Claims: 1-7 | IPR2024-00546 | Aug. 27, 2024 | Motion Filed by DIRECTV – Pending (tentatively granted) |
| 8,631,450<br>Asserted Claims: 29-33<br>DISH IPR Challenged Claims: 29-38 | IPR2024-00560 | Aug. 23, 2024 | |
| 8,085,802<br>Asserted Claim 3 | | | Motion Filed by DIRECTV – Pending (tentatively granted) |
| 9,838,213<br>Asserted Claims 1-7, 10-12 | | | Motion Filed by Cox – Pending (tentatively granted) |
| 10,432,422<br>Asserted Claims 1-11 | | | Motion Filed by Cox – Pending (tentatively granted) |

DISH has attached its IPR petitions as Exhibits 1-7 to the concurrently filed Declaration of Tyler R. Train.

Because DISH has challenged all asserted claims of seven asserted patents (and Comcast has also challenged all asserted claims of two of them), the IPR petitions are likely to affect, narrow, and/or entirely moot many claim construction issues. Accordingly, DISH moves to extend and continue the claim construction schedule pending institution decisions for the IPR petitions.

### III.   LEGAL STANDARD

DISH's request is made pursuant to Rules 6(b) and 16(b) of the Federal Rules of Civil Procedure for good cause and not for purposes of delay.  Rule 6(b) provides that a court may, "for good cause, extend the time [to act] with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires[.]"  Fed. R. Civ. P. 6(b)(1)(a); *see also* Fed. R. Civ. P. 16(b)(4) (allowing modification to a scheduling order "for good cause and with the judge's consent"). "'Good cause' [under Rule 6(b)] is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010).  And "requests for extensions of time made before the applicable deadline has passed should 'normally . . . be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'"  *Id.* (quoting 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (3d ed. 2004)).

### IV.   ARGUMENT

    **A.   Good Cause for Extension Exists Based on the Early Stage of Litigation and Potential for Simplification.**

Although filed a year ago, this case is still at an early stage.  Fact discovery has only recently begun, expert discovery has not commenced, and the claim construction schedule has not yet begun.  Indeed, the Court's current claim construction schedule sets the opening *Markman* brief deadline several months from now (July 9, 2024) and the *Markman* hearing two months after that (September 17, 2024).  (D.I. 97.)  The Court has not set dates beyond the claim construction schedule, meaning no summary

judgment or trial dates are set. In terms of the key substantive and even procedural events that remain, the amount of work still to do far outweighs the work that has already been completed. *See Limestone v. Micron Tech.*, No. 15-0278, 2016 WL 3598109, at *3 (C.D. Cal. Jan. 12, 2016) (Carter, J.) (favoring stay pending IPRs where "there is more work ahead of the parties and the Court than behind the parties and the Court"); *see also WAG Acquisition, LLC v. Amazon.com, Inc.*, No. C22-1424JLR, 2023 WL 1991888, at *1 (W.D. Wash. Feb. 14, 2023) (ordering the parties "to show cause why the current *Markman* hearing date should not be stricken" pending IPRs where the "case is in its early stages").

Because the Court's current claim construction schedule runs concurrent with the PTAB's six-month timeline, delaying claim construction while the IPRs play out will be more efficient. As shown in the table below, by the time the PTAB issues its last institution decision on DISH's IPR petitions, the parties will have briefed all claim construction issues (including submitting expert reports and taking expert depositions) in preparation for a claim construction hearing less than a month away.

| Event | Current Deadline |
|---|---|
| Exchange of Terms Proposed for Construction | April 5, 2024 |
| Exchange of Proposed Constructions | May 3, 2024 |
| ***Entropic's Last POPR Deadline*** | ***May 28, 2024*** |
| JCCS and Prehearing Statement, including Expert Declarations | May 31, 2024 |
| Completion of Claim Construction Discovery | June 21, 2024 |
| Opening Claim Construction Brief | July 9, 2024 |
| Responsive Claim Construction Brief | August 2, 2024 |
| Reply Claim Construction Brief | August 23, 2024 |
| ***PTAB's Last Institution Decision*** | ***August 28, 2024*** |
| Claim Construction Hearing | September 17, 2024 |

1      This parallel timeline presents a significant risk that much of the parties' and the Court's work through the claim construction process could be impacted by the time of the hearing.  On the other hand, an extension of the claim construction schedule would preserve substantial resources while still allowing other case events, such as discovery and pending motions, to continue.  *See* Fed. R. Civ. P. 1 (Federal Rules should be administered to secure the "inexpensive determination of every action and proceeding.").

This is a large case, and DISH's IPR effort against seven of the patents is likely to reduce the scope of the case and significantly narrow the claim construction issues.  Entropic currently asserts over fifty claims across the ten remaining patents, far more than would ever reasonably be brought to trial.  DISH's IPR petitions challenge the validity of the seven IPR Patents, covering the majority of the asserted claims and thus providing the opportunity to narrow this litigation to a trial-manageable scope.  The likelihood that all asserted claims survive the challenges facing them (both at the PTAB and before this Court) is low.[2]  Indeed, the IPRs could result in cancellation of all asserted claims in the IPR Patents.  Even if some claims survive, any amount of narrowing by the PTAB will conserve Court and party resources.  Continuing the claim construction schedule will offer clarity on the scope of the case and asserted claims by allowing the PTAB to issue institution decisions to inform the claim construction process.  This will also provide additional time for the Court to finalize decisions on Cox's and DIRECTV's motions to dismiss, which may further narrow the case for claim construction.  *Delphix Corp. v. Actifio, Inc.*, No. 13-cv-04613-BLF, 2014 WL 6068407 at *3 (N.D. Cal. Nov. 13, 2014) (continuing claim construction proceedings pending IPRs to allow the court to consider other pending issues and "once all the dust has settled, permit the parties to proceed with claim construction in a more orderly fashion.").

---

[2] As of October 2023, the PTAB's overall institution rate stands at 67% and is as high as 79% for "electrical/computer" technology patents.  Train Decl., Ex. 8 at 8.

Moreover, even if minimal or no claims are cancelled in the IPRs, the intrinsic record developed during the IPR proceedings will inform issues in the case, including claim construction. *See Limestone*, 2016 WL 3598109, at *3 ("Waiting for the outcome of the [PTAB proceeding] could eliminate the need for trial if the claims are cancelled, or, if the claims survive, facilitate trial by providing the court with expert opinion of the PTO and clarifying the scope of the claims"; "The assistance of the PTO is particularly helpful when a party has requested PTO review of many claims of the patents-in-suit") (internal quotations and citations omitted)); *Sleep Number Corp. v Sizewise Rentals, LLC*, No. 18-00356, 2019 WL 1091335, at *3 (C.D. Cal. Feb. 12, 2019) (Birotte, J.) (quoting *SCA Hygiene Products Aktiebolag v. Tarzana Enters., LLC*, No. 17-04395, slip op. at *11 (C.D. Cal. Sept. 27, 2017)) ("[T]he Court believes it will benefit from the expert evaluation of the issues by the Patent Office."). At minimum, the statements that Entropic makes to the PTAB about its claims in view of the prior art grounds will undoubtedly inform the claim construction process via prosecution history.[3]

Because DISH's requested extension will likely simplify the issues for claim construction and beyond, and thereby conserve resources, good cause exists for granting the extension.

### B.  An Extension Will Not Prejudice Entropic.

Extending the claim construction schedule will not prejudice Entropic in any material way. Entropic does not compete with DISH, or any of the other defendants. But rather—as a private equity-backed non-practicing entity—it seeks only money damages and has not moved for a preliminary injunction. *See Core Optical v. Fujitsu Network Commc'ns, Inc.*, No. 16-00437, 2016 WL 7507760, at *2 (C.D. Cal. Sept. 12, 2016) (Guilford, J.) ("[A] primary issue in the undue prejudice analysis is whether

---

[3] Effective November 13, 2018, the PTAB uses the same claim construction standard—which is set forth in *Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005) (en banc)—as used in district court civil actions. *See* 37 CFR § 42.100(b).

the parties are competitors such that a stay would cause irreparable harm to the patentee in the market."; "Because [plaintiff] can adequately be compensated with monetary damages for any infringement [of any valid and enforceable patent] and will not lose sales or market shares as a result of a stay, [plaintiff's] status as a non-practicing entity weighs in favor of a stay."). Should any claims survive the IPR petitions, the short delay will have no adverse effect on Entropic because it can attempt to seek money damages for the delay period. And because other aspects of the case will proceed (e.g., discovery and motions to dismiss), the overall case schedule may not necessarily be affected by this narrow delay of just the claim construction schedule.

Further, there is no tactical advantage to be gained by DISH, as DISH did not delay in filing its IPR petitions or moving for an extension (and potentially later a stay of the case). DISH timely prepared and filed all *seven* of its IPR petitions—a substantial undertaking and lengthy endeavor—within one year of the complaint's filing. *One-E-Way, Inc. v. Apple Inc.*, No. 06339, 2021 WL 4932518, at *3 (C.D. Cal. Mar. 16, 2021) (Kronstadt, J.) (finding no prejudice where "Defendant's IPR petitions were timely filed prior to the 12-month deadline"). Moreover, DISH prepared all seven petitions less than five months after Entropic served its infringement contentions in September 2023, disclosing, for the first time, the full scope of asserted claims.[4] DISH also filed this motion promptly after filing the IPR petitions.

Because the requested extension will not unduly prejudice Entropic and provides no tactical advantage to DISH, the Court should grant DISH's requested extension.

---

[4] Entropic's original complaint only listed a subset of the asserted claims. Prior to Entropic serving its contentions, including during the Scheduling Conference on August 9, 2023, DISH requested that Entropic provide a full list of asserted claims, but Entropic declined. (*See* D.I. 93 at 115-116.) The full list of asserted claims was not provided until September 29, 2023, when Entropic served its infringement contentions.

## V. CONCLUSION

For the foregoing reasons, DISH respectfully requests that the Court extend the claim construction schedule pending the PTAB's institution decisions of DISH's IPR petitions.

Dated: March 8, 2024

FISH & RICHARDSON P.C.

By: */s/ Tyler R. Train*
Christopher S. Marchese (SBN 170239)
marchese@fr.com
Tyler R. Train (SBN 318998)
train@fr.com
633 West Fifth Street, 26th Floor
Los Angeles, CA 90071
Tel: (213) 533-4240

Adam R. Shartzer *(pro hac vice)*
Ruffin B. Cordell *(pro hac vice)*
cordell@fr.com
Richard A. Sterba *(pro hac vice)*
sterba@fr.com
Ralph A. Phillips *(pro hac vice)*
rphillips@fr.com
shartzer@fr.com
Michael J. Ballanco *(pro hac vice)*
ballanco@fr.com
Taylor C. Burgener (SBN 348769)
burgener@fr.com
FISH & RICHARDSON P.C.
1000 Maine Ave., SW, Suite 1000
Washington, DC 20024
Tel: (202) 783-5070

David M. Barkan (SBN 160825)
barkan@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 400
Redwood City, CA 94063
Tel: (650) 839-5070

Ashley A. Bolt *(pro hac vice)*
bolt@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree Street NE, 21st Floor

Atlanta, GA 30309
Tel: (404) 892-5005

Aaron P. Pirouznia (*pro hac vice*)
pirouznia@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
Tel: (214) 292-4073
Fax: (214) 747-2091

Oliver Richards (SBN 310972)
orichards@fr.com
John-Paul Fryckman (SBN 317591)
fryckman@fr.com
Fish & Richardson P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: (858) 678-5070

Attorneys for Defendants and Counter-Claimants DISH Network Corporation, et al.