Christina N. Goodrich (SBN 261722)
Christina.goodrich@klgates.com
Cassidy T. Young (SBN 342891)
Cassidy.young@klgates.com
K&L Gates LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, California 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

[*Additional counsel on signature page*]

**Attorneys for Plaintiff Entropic Communications, LLC**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DISH NETWORK CORPORATION, *et al.*,<br><br>Defendants. | Case No. 2:23-cv-1043-JWH-KES (Lead Case)<br>Case No. 2:23-cv-1047-JWH-KES (Related Case)<br>Case No. 2:23-cv-1048-JWH-KES (Related Case)<br>Case No. 2:23-cv-5253-JWH-KES (Related Case)<br><br>[Assigned to the Hon. John W. Holcomb]<br><br>**ENTROPIC'S OPPOSITION TO DISH'S MOTION FOR EXTENSION OF CLAIM CONSTRUCTION SCHEDULE; DECLARATION OF NICHOLAS F. LENNING IN SUPPORT THEREOF**<br><br>Hearing Date:  April 5, 2024<br>Hearing Time:  9:00 a.m.<br>Courtroom:     9 D |
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>COX COMMUNICATIONS, INC., *et al.*,<br><br>Defendants. | |

**ENTROPIC'S OPPOSITION TO DISH'S MOTION TO EXTEND CLAIM CONSTRUCTION SCHEDULE**

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, | |
| Plaintiff, | |
| v. | |
| COMCAST, *et al.*, | |
| Defendants. | |

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, | |
| Plaintiff, | |
| v. | |
| DIRECTV, LLC, *et al.*, | |
| Defendants. | |

**ENTROPIC'S OPPOSITION TO DISH'S MOTION TO EXTEND CLAIM CONSTRUCTION SCHEDULE**

## **TABLE OF CONTENTS**

II. INTRODUCTION ............................................................................................ 6

III. BACKGROUND .............................................................................................. 8

    A. The *Markman* schedule has been in place for seven months. .................... 8

    B. DISH waited nearly the full one-year statutory period to file its IPRs, and then waited an additional month before filing this motion. ........................ 8

    C. DISH recently admitted it may soon go bankrupt. ...................................... 9

IV. ARGUMENT .................................................................................................. 10

    A. DISH has made no attempt to meet the correct legal standard and the motion should be denied for this reason alone. ......................................... 10

    B. Any simplification is speculative. ............................................................... 13

    C. DISH's request to stay claim construction is even more inefficient and prejudicial than its prior request for a pre-institution stay. ......................... 14

        1. Granting this motion would de-consolidate this action and create inefficiencies. ........................................................................................ 14

        2. Simplification will not happen even if the IPRs are eventually instituted because no Defendant, including DISH, has agreed to be bound by estoppel for other parties' IPR petitions. ............................. 14

        3. DISH's motion would prejudice Entropic beyond the typical prejudice from delay of Entropic's infringement claims. ...................................... 15

V. CONCLUSION ............................................................................................... 17

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aliya Medcare Fin., LLC v. Nickell*,
   No. CV14-07806 MMM, 2014 WL 12526382 (C.D. Cal. Nov. 26, 2014) ........................... 16

*Cruz v. City of Anaheim*,
   No. CV 10-03997 MMM, 2011 WL 13214312 (C.D. Cal. Dec. 19, 2011) ..................... 10, 11

*Entropic Commc'ns, LLC v. DirecTV, LLC*,
   No. 2:22-cv-07775-JWH-JEM, 2023 WL 3407132 (C.D. Cal. Apr. 17, 2023).............. *passim*

*Intell. Ventures II LLC v. Kemper Corp.*,
   No 6:16-cv-0081, 2016 WL 7634422 (E.D. Tex. Nov. 7, 2016) ........................................... 15

*Johnson v. Mammoth Recreations, Inc.*,
   975 F.2d 604 (9th Cir. 1992) ................................................................................................ 11

*Munoz v. Event Medic NY Inc.*,
   No. 2:22-cv-02294-SPG-MAA, 2023 WL 3402590 (C.D. Cal. Feb. 23, 2023) ................... 11

*Realtime Adaptive Streaming LLC v. Adobe Sys. Inc.*,
   No. CV 18-3944-GW(JCx), 2019 WL 11717183 (C.D. Cal. May 14, 2019) ...................... 15

*Realtime Data, LLC v. Hewlett Packard Enter. Co.*,
   No. 6:16-CV-00086, 2017 WL 3712916 (E.D. Tex. Feb. 3, 2017) ...................................... 15

*Richter v. T-Mobile USA, Inc.*,
   No. SACV 20-396 JVS (ADSx), 2021 WL 4864732, at *1 (C.D. Cal. May 24,
   2021) .................................................................................................................................... 11

*Rodriguez v. Lab. Corp. of Am.*,
   No. CV 21-0399-MWF, 2022 WL 18228250 (C.D. Cal. Nov. 23, 2022) ........................... 11

*Shenzhen Jame Tech. Corp., Ltd. v. Vinci Brands LLC*,
   No. 8:23-cv-00372-FWS, 2023 WL 9420500 (C.D. Cal. Dec. 11, 2023) ............................ 11

*In re W. States Wholesale Nat. Gas Antitrust Litig.*,
   715 F.3d 716 (9th Cir. 2013) ................................................................................................ 11

*Williams v. Warner Music Grp. Corp.*,
   No. 2:18-cv-09691-JWH-PJWx, 2021 WL 7448496 (C.D. Cal. Dec. 14, 2021) ............ 11, 14

**Statutes**

35 U.S.C. § 315(e) ...................................................................................................................... 14

Federal Rule of Civil Procedure 6 ........................................................................................ 10, 11

Federal Rule of Civil Procedure 16 ....................................................................................... *passim*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This Court already denied a pre-institution IPR stay between these same parties last year because: "[T]his Court's practice [is] to deny motions to stay until after the PTAB decides to institute review." *Entropic Commc'ns, LLC v. DirecTV, LLC*, No. 2:22-cv-07775-JWH-JEM, 2023 WL 3407132, at *2 (C.D. Cal. Apr. 17, 2023) (consolidated with 2:22-cv-07959-JWH-JEM against DISH). This is because "any simplification of the issues is speculative because the PTAB has not yet decided to institute review of [the IPR] petitions." *Id*. Indeed, the Court turned out to be prescient—there was no simplification because, of DISH's three IPR petitions, two were denied institution and DISH withdrew the third. The Court's same standard logic applies here. Any simplification is speculative at least until the PTAB makes its institution decisions. *See id.* at *2 ("[T]he Court can only speculate regarding whether the PTAB will grant review and, if so, the extent of the review."). DISH's motion makes no effort to argue otherwise, instead speculating about possible simplification. Mot at 14. Perhaps realizing the Court's disfavor of pre-institution stays pending IPR's, DISH has modified its ask from a stay of the entire case to a stay of the claim construction schedule. But the effect is the same—a delay of Entropic's patent infringement claims with nothing but speculation about simplification.

Furthermore, DISH's proposal in this complex case (four actions are consolidated for pre-trial purposes) is even less meritorious than a run-of-the-mill motion for stay pending IPRs:

**Inefficiency**

- *No other Defendant has joined this motion.* DISH would have the Court delay claim construction for DISH, creating two claim

construction hearings on the same patents. This would have the effect of de-consolidating the cases and put them on separate tracks.

- Even if the entire claim construction schedule were moved, the speculative simplification is largely illusory because *no other Defendant has agreed to estoppel* based on DISH's IPRs, nor has DISH agreed to estoppel based on IPRs filed by other Defendants.

**Prejudice to Entropic**

- DISH's motion seeks to stay Entropic's patent infringement claims by removing from the calendar the only deadlines currently scheduled. By contrast, DISH's tort and contract counterclaims would be unaffected and could proceed.
- DISH recently admitted in its Annual Report SEC Form 10-K that it has "substantial doubt about its ability to continue as a going concern" and may cease to do business in November 2024, when substantial debt matures. Lenning Decl. at Ex. A at F-2. This creates material concern regarding DISH's insolvency, which means that money damages may not be sufficient to compensate Entropic for DISH's infringement.

At this stage, an indefinite stay of the claim construction schedule is premature, speculative, and highly prejudicial to Entropic. The parties are actively involved in claim construction discovery, analyzing their infringement and invalidity contentions for terms to propose in early April. *Id.* ¶ 2; *see* DE 97. This motion should be denied.

## II. BACKGROUND

### A. The *Markman* schedule has been in place for seven months.

The *Markman* schedule in this case was entered, by joint stipulation, in August 2023. *See* DE 95; DE 97.[1] In keeping with this schedule, the cases were consolidated through *Markman* shortly thereafter, again by joint stipulation. *See* DE 128; DE 129. The Parties noted that consolidation of the cases would reduce the burden on the Court, increase efficiency, and avoid inconsistent results within each case, particularly with regard to "claim construction of the same terms that are at issue in all four cases." DE 128 at 4.

### B. DISH waited nearly the full one-year statutory period to file its IPRs, and then waited an additional three weeks before filing this motion.

This case was filed on February 10, 2023. DISH filed its first IPR petitions more than eleven months later, on January 16, 2024. *See* DE 348 at 4. DISH filed the remainder of its petitions in February 2024, the last of which was filed on February 9, 2024. *See id.* at 4–5.

After these filings, on February 15, DISH requested a meet and confer regarding a *pre-institution motion to stay*. Lenning Decl. ¶ 3. That same day, counsel for Entropic asked for the position of the other defendants in this consolidated case on a stay, including their position on IPR estoppel. *Id*. The parties met and conferred on February 20th. During the conference, Entropic asked how DISH intended to distinguish this Court's denial of DISH's motion for a pre-institution stay in the Satellite Cases. *Id*. ¶ 4; *Entropic*, 2023 WL 3407132, at *2. DISH's counsel did not have an answer. Lenning Decl. ¶ 4. Counsel for Entropic also reiterated its request for the positions of the other consolidated defendants as to the motion, and asked about the treatment of patents not subject to IPRs and

---

[1] The DIRECTV Defendants and Entropic entered into a joint stipulation with the same claim construction dates. *See* DE 163.

8

**ENTROPIC'S OPPOSITION TO DISH'S MOTION FOR EXTENSION OF CLAIM CONSTRUCTION SCHEDULE**

whether DISH would seek to extend its pre-institution stay even if most of its petitions were denied. *Id*. DISH's counsel did not answer those questions during the call either. Lenning Decl. *Id*.

On February 28, DISH's counsel again asked to meet and confer. *Id*. ¶ 5. DISH's counsel still did not distinguish this Court's prior denial, but instead asked to confer about a motion to stay the claim construction schedule, instead of a full stay. *Id*. On that call, DISH confirmed that no other Defendant intended to join the motion, but did not oppose, and that no other Defendant, including DISH, would agree to estoppel as to any other Defendant's IPR. *Id*.

### C.   DISH recently admitted it may soon go bankrupt.

On February 29, 2024, EchoStar, DISH's new parent after reorganization, filed its latest 10-K annual report with the SEC. EchoStar's independent auditors, KPMG, found that there is "substantial doubt about [EchoStar/DISH's] ability to continue as a going concern" due to "debt maturing in 2024" and the expected use of "a substantial amount of cash in the next twelve months." *Id*. at Ex. A at F-2. EchoStar could not dispute the auditors' assessment:

> Because we do not currently have committed financing to fund our operations for at least twelve months from the issuance of these consolidated financial statements, **substantial doubt exists about our ability to continue as a going concern**. We currently intend to use Cash on Hand and cash flow from operations to pay the March 2024 debt maturity. However, **we do not currently have the necessary Cash on Hand and/or projected future cash flows to fund the November 2024 debt maturity and subsequent interest on our outstanding debt.** To address our capital needs, we are in active discussions with

funding sources to raise additional capital and restructure our outstanding debt. We cannot provide assurances that we will be successful in obtaining such new financing and/or restructuring the existing debt obligations necessary for us to have sufficient liquidity. . . . The consolidated financial statements do not include any adjustments to the amount and classification of assets and liabilities that may be necessary should we not continue as a going concern.

*Id*. at F-10 (emphasis added).

### III.  ARGUMENT

DISH's request to take all claim construction deadlines off-calendar should be denied. DISH did not act with diligence. It knew about the claim construction schedule for months but only now requested to postpone it. Further, DISH's requested relief will not simplify the issues in the case and will unfairly prejudice Entropic. Any one of these reasons is alone sufficient to deny the motion.

**A.  DISH has made no attempt to meet the correct legal standard and the motion should be denied for this reason alone.**

DISH nominally moves under Rules 6(b) *and* 16(b) of the Federal Rules of Civil Procedure.[2] Mot. at 11. But Rule 6(b) is inapplicable, and DISH does not meet the Rule 16(b) standard. DISH's motion can be denied on this basis alone.

At the outset, this District does not apply Rule 6(b) to requests to modify a scheduling order, consistent with the majority of courts. *Cruz v. City of Anaheim*, No. CV 10-03997 MMM (JEMx), 2011 WL 13214312, at *2 (C.D. Cal. Dec. 19, 2011) ("[A] majority of courts have held that Rule 16(b), rather than Rule 6(b),

---

[2] Despite stating this, DISH actually orients its motion around the standard for a stay under the Court's inherent authority, likely because this is what DISH truly wants here.

governs requests relating specifically to a court's scheduling order."). This is because Rule 16 itself authorizes scheduling orders in the first place. *Id*.; *see also Munoz v. Event Medic NY Inc.*, No. 2:22-cv-02294-SPG-MAA, 2023 WL 3402590, at *3 (C.D. Cal. Feb. 23, 2023) (following *Cruz*); *Rodriguez v. Lab. Corp. of Am.*, No. CV 21-0399-MWF (JCx), 2022 WL 18228250, at *2 (C.D. Cal. Nov. 23, 2022) (same); *Richter v. T-Mobile USA, Inc.*, No. SACV 20-396 JVS (ADSx), 2021 WL 4864732, at *1 (C.D. Cal. May 24, 2021) (same). Thus, DISH's request to modify the scheduling order by removing the claim construction deadlines must meet the standard set by Rule 16(b), not Rule 6(b).

DISH cannot meet the Rule 16(b) standard. "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Shenzhen Jame Tech. Corp., Ltd. v. Vinci Brands LLC*, No. 8:23-cv-00372-FWS, 2023 WL 9420500, at *2 (C.D. Cal. Dec. 11, 2023) (quoting *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013)). "The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Williams v. Warner Music Grp. Corp.*, No. 2:18-cv-09691-JWH-PJWx, 2021 WL 7448496, at *5 (C.D. Cal. Dec. 14, 2021) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). "[T]he focus of the Rule 16(b) inquiry is upon the moving party's reasons for seeking the modification." *Shenzhen Jame*, 2023 WL 9420500, at *2 (quotation omitted). "If that party was not diligent, the inquiry should end." *Id.* (quotation omitted).

Here, DISH has not shown and cannot show that it acted with diligence. DISH barely addressed its own diligence aside from (wrongly) claiming it will not gain a tactical advantage. Mot. at 15. Nor has DISH asserted that it cannot meet the existing schedule despite that diligence. The timeline of events demonstrates that DISH was not diligent, and thus the inquiry ends and its motion should be denied.

Entropic filed this case 13 months ago. DE 1. The parties agreed to a Markman schedule seven months ago. DE 95; DE 97. And according to DISH, it has been working on its IPR petitions since at least September 2023. Mot. at 15. At any point since at least September 2023, DISH could have given Entropic and the Court notice that it was preparing to file multiple IPR petitions and that it would seek to use those filings as a basis to modify the claim construction schedule entered by the Court. But DISH never did so, undercutting its claims that it acted without undue delay.

Further still, DISH could have raised this issue in mid-January but did not. At that time, DISH had filed two petitions and was planning to file several more in the weeks to follow. Yet DISH did not inform Entropic that it planned to seek a stay of the claim construction deadlines until February 28—over six weeks after DISH had filed its first petition. Lenning Decl. ¶ 5. DISH never explains this delay, again showing that it did not act with diligence.

The only excuses DISH tangentially offers for its substantial delay are the number of petitions and the timing of Entropic's infringement contentions. Mot. at 15. Both are meritless. The number of petitions was DISH's own choice, and DISH offers no reason at all it could not have filed its IPR petitions earlier. Instead, it simply claims there is no prejudice to Entropic because the petitions were filed within the one-year period. *Id.* That is beside the point. The question is DISH's diligence in seeking to stay. DISH chose to wait until nearly the end of the statutory deadline to file its petitions, which delayed its present motion. Getting in just under the wire of the statutory deadline is not the same as diligently seeking a stay. Knowing it would seek a stay, DISH could have and should have filed its petitions long ago (the claim construction schedule was entered in August 2023 after all).

The timing of Entropic's infringement contentions also is irrelevant because (1) Entropic's infringement theories were disclosed in claim charts attached to the

12
**ENTROPIC'S OPPOSITION TO DISH'S MOTION FOR EXTENSION OF CLAIM CONSTRUCTION SCHEDULE**

original complaint (*see* DE 1 at Exs. A–X); and (2) DISH's IPR petitions challenge *many* more claims than Entropic has asserted in this litigation (in total, DISH has challenged 86 claims in its IPR petitions compared to only 33 claims from those patents that have been asserted). Mot. at 8–10. And even if DISH felt it could not start work on its petitions until September 2023, that still does not excuse DISH's failure to raise its request to stay all claim construction deadlines until February 28.

Under Rule 16(b)'s good cause standard, DISH's motion fails because DISH has not been diligent in bringing this motion and DISH is fully capable of proceeding with the existing schedule.

### B.   Any simplification is speculative.

Even if DISH is considered to be diligent, DISH's motion still fails because any purported efficiencies to be gained from DISH's IPR petitions are speculative until the PTAB decides whether to institute.

Because DISH waited to file its IPRs, the PTAB will not decide whether to institute those petitions for many months. Any simplification of this case therefore is speculative, same as the Court found last time. *Entropic*, 2023 WL 3407132, at *2. DISH offers nothing new here, simply making the same arguments it made last time that it believes some or all of its IPRs will be granted. That last time, however, ***none*** of DISH's IPRs were instituted.

DISH not only speculates on the outcome of its IPRs, but on the issues the PTAB will address. For instance, DISH asserts that the PTAB's institution decisions will "inform the claim construction process." Mot. at 13. But DISH did not ask the PTAB to construe a single claim term in any of its seven petitions. Instead, DISH asserted that claim construction is unnecessary to address its petitions. *See, e.g.*, DE 401-3 at 11 ("no express constructions are required in this proceeding"). As a result, DISH stacks speculation on speculation when it asserts that the Court will receive guidance on claim construction. Because DISH offers no

13
**ENTROPIC'S OPPOSITION TO DISH'S MOTION FOR EXTENSION OF CLAIM CONSTRUCTION SCHEDULE**

reason for the Court to deviate from its "practice to deny motions to stay until after the PTAB decides to institute review," *Entropic*, 2023 WL 3407132, at *2, the motion can be quickly denied on this basis alone.

### C. DISH's request to stay claim construction is even more inefficient and prejudicial than its prior request for a pre-institution stay.

In addition to the lack of diligence and simplification, DISH's piecemeal approach to a stay would cause inefficiency and prejudice. Beyond the simple speculative nature of any benefits from DISH's IPRs before the PTAB's institution decisions, DISH's motion would *create* complexity and inefficiency. This inefficiency and prejudice provides "additional reasons to deny [DISH's] motion," *Williams*, 2021 WL 7448496, at *5 (quotation omitted).

#### 1. Granting this motion would de-consolidate this action and create inefficiencies.

DISH notes that "[t]he other consolidated defendants in this case . . . have informed DISH they do not oppose this motion" but they conspicuously *did not join it*. Mot. at 7. Thus, DISH's motion effectively seeks it to delay its own claim construction schedule, but leave the Court, the other Defendants, and Entropic to proceed with claim construction on the existing schedule. That would deconsolidate these cases and undo the efficiencies this Court and the parties sought to gain. Conducting claim construction twice on the same patents benefits no one but DISH.

#### 2. Simplification will not happen even if the IPRs are eventually instituted because no Defendant, including DISH, has agreed to be bound by estoppel for other parties' IPR petitions.

None of the other consolidated defendants have agreed to estoppel based on DISH's IPRs.[3] Indeed, DISH itself has only agreed to statutory estoppel (not the

---

[3] The IPR estoppel provisions bar "any ground that the petitioner raised or reasonably could have raised during that inter partes review." 35 U.S.C. § 315(e).

more expansive estoppel that Courts often require for a stay) and has not agreed to estoppel based on the IPRs that any of the other Defendants have filed. This contrasts with the Satellite Cases, where DirecTV and AT&T, the other Defendants, *had* joined DISH's motion and agreed to some form of estoppel. *Entropic Commc'ns, LLC v. DirecTV, LLC*, No. 2:22-cv-07775-JWH-JEM, DE 198 at 2. Here, with no estoppel, the IPRs "may not actually simplify the issues at all" and actually "ha[ve] the potential to increase rather than reduce the complexity of the validity issues," even if they were instituted. *Realtime Data, LLC v. Hewlett Packard Enter. Co.*, No. 6:16-CV-00086, 2017 WL 3712916, at *4 (E.D. Tex. Feb. 3, 2017) (quoting *Intell. Ventures II LLC v. Kemper Corp.*, No 6:16-cv-0081, 2016 WL 7634422, at *3 (E.D. Tex. Nov. 7, 2016)); *see also Realtime Adaptive Streaming LLC v. Adobe Sys. Inc.*, No. CV 18-3944-GW(JCx), 2019 WL 11717183, at *4 (C.D. Cal. May 14, 2019) ("[Defendant]'s election not to [join the existing IPRs as an 'understudy'], let alone be bound by the full scope of IPR statutory estoppel relevant to those petitions, significantly decreases the likelihood of issue simplification and increases the likelihood of delay in this action."). There also is significant potential for prejudice, as the lack of estoppel enables litigants to "game the system and devise an unfair second bite at the apple." *Realtime Data, LLC*, 2017 WL 3712916, at *4 (quotation omitted). The Defendants' failure to agree to any form of estoppel gives the Court yet a further reason to deny this relief.

### 3.     DISH's motion would prejudice Entropic beyond the typical prejudice from delay of Entropic's infringement claims.

Over and above the traditional prejudice associated with substantially delaying the time to trial on a plaintiff's claims, DISH's piecemeal proposal would affirmatively introduce unique prejudices to Entropic.

If the Court grants DISH's motion, Entropic's affirmative claims of patent infringement against DISH will be effectively stayed. DISH is explicit in this intent,

15
**ENTROPIC'S OPPOSITION TO DISH'S MOTION FOR EXTENSION OF
CLAIM CONSTRUCTION SCHEDULE**

stating that it wants this delay so that DISH can *then* ask for a stay after the institution decisions and the case will still be at an "early stage." Mot. at 6, 7, 15. But this proposal as to the counterclaims (except for a determination of the RAND rate, which should be done on a portfolio-wide basis) is *more* prejudicial than a simple stay because DISH wants to proceed full speed with discovery on its counterclaims, allowing those claims to jump in line and fully develop while Entropic's own claims are stayed. That is plainly prejudicial to Entropic.

In its motion, DISH argues that its requested delay "will have no adverse effect on Entropic because it can attempt to seek money damages for the delay period." Mot. at 15. "It is well settled, however, that damages are no remedy at all if they cannot be collected, and thus courts sensibly conclude that a damage judgment against an insolvent defendant is an inadequate remedy." *Aliya Medcare Fin., LLC v. Nickell*, No. CV14-07806 MMM (SHx), 2014 WL 12526382, at *5 (C.D. Cal. Nov. 26, 2014) (quotations omitted). Here, DISH's public filings expressly call DISH's solvency into doubt. DISH's new parent, EchoStar, recently agreed with its independent auditors that "substantial doubt exists about [its] ability to continue as a going concern." Lenning Decl. at Ex. A at F-10. With about $3 billion in debt maturing, DISH "do[es] not currently have the necessary Cash on Hand and/or projected future cash flows to fund the November 2024 debt maturity and subsequent interest on [its] outstanding debt." I*d.*

DISH's self-confessed risk of impending insolvency in late 2024 raises the specter that delay in Entropic's enforcement of rights against DISH could leave Entropic with an inadequate remedy, i.e., a money judgment against an insolvent defendant. DISH's motion seeks delay that could prejudice Entropic's rights to collect what it is entitled to receive for DISH's infringement. For this reason, too, DISH's motion should be denied.

## IV. CONCLUSION

This motion should be denied for the simple reason that the purported good cause, simplification of the issues, is speculative until the PTAB decides whether to institute any of the petitions—it also is irrelevant under the correct good cause standard for Rule 16(b). It also should be denied because DISH's modified proposal—seeking to delay its own claim construction schedule but permit claim construction for other Defendants and discovery on its own counterclaims to proceed, and where the other Defendants have not agreed to any estoppel—is significantly worse than a normal pre-institution stay, causing inefficiency and prejudice.

Dated: March 15, 2024

**K&L GATES LLP**

By: */s/ Christina Goodrich*
Christina Goodrich (SBN 261722)
Cassidy T. Young (SBN 342891)
K&L Gates, LLP
10100 Santa Monica Boulevard, 8th Floor
Los Angeles, CA 90067
Telephone: (310) 552-5000
Fax: (310) 552-5001
christina.goodrich@klgates.com
cassidy.young@klgates.com

James A. Shimota (*pro hac vice*)
70 W. Madison Street, Ste 3300
Chicago, Illinois 60602
Telephone: (312) 807-4299
Fax: (312) 827-8000
jim.shimota@klgates.com

Peter E. Soskin (SBN 280347)
4 Embarcadero Center, Ste 1200
San Francisco, CA 94111
Telephone: (415) 882-8220
peter.soskin@klgates.com

***Attorneys for Plaintiff, Entropic Communications, LLC***

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff Entropic Communications, LCC, certifies that this brief contains 3,481 words, which complies with the word limit of L.R. 11-6.1.

Dated: March 15, 2024

**K&L GATES LLP**

By: */s/ Christina Goodrich*
Christina Goodrich (SBN 261722)
Cassidy T. Young (SBN 342891)
K&L Gates, LLP
10100 Santa Monica Boulevard, 8th Floor
Los Angeles, CA 90067
Telephone: (310) 552-5000
Fax: (310) 552-5001
christina.goodrich@klgates.com
cassidy.young@klgates.com

James A. Shimota (*pro hac vice*)
70 W. Madison Street, Ste 3300
Chicago, Illinois 60602
Telephone: (312) 807-4299
Fax: (312) 827-8000
jim.shimota@klgates.com

Peter E. Soskin (SBN 280347)
4 Embarcadero Center, Ste 1200
San Francisco, CA 94111
Telephone: (415) 882-8220
peter.soskin@klgates.com

***Attorneys for Plaintiff, Entropic Communications, LLC***

**ENTROPIC'S OPPOSITION TO DISH'S MOTION FOR EXTENSION OF CLAIM CONSTRUCTION SCHEDULE**