Christopher S. Marchese (SBN 170239)
marchese@fr.com
Tyler R. Train (SBN 318998)
train@fr.com
& RICHARDSON P.C.
633 West Fifth Street, 26th Floor
Los Angeles, CA 90071
Tel: (213) 533-4240 / Fax: (858) 678-5099

Adam R. Shartzer *(admitted pro hac vice)*
shartzer@fr.com
Ruffin B. Cordell *(admitted pro hac vice)*
cordell@fr.com
Richard A. Sterba *(admitted pro hac vice)*
sterba@fr.com
Ralph A. Phillips *(admitted pro hac vice)*
rphillips@fr.com
Michael J. Ballanco *(admitted pro hac vice)*
ballanco@fr.com
Taylor C. Burgener (SBN 348769)
burgener@fr.com
FISH & RICHARDSON P.C.
1000 Maine Ave., SW, Suite 1000
Washington, DC 20024
Tel: (202) 783-5070 / Fax: (202) 783-2331

*Additional Counsel Listed on Last Page*

Attorneys for Defendants
DISH Network Corporation, et al.

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>         Plaintiff,<br><br>   v.<br><br>DISH NETWORK CORPORATION; DISH NETWORK L.L.C.; DISH NETWORK SERVICE, L.L.C.; AND DISH NETWORK CALIFORNIA SERVICE CORPORATION,<br><br>         Defendants. | Case No. 2:23-cv-1043-JWH-KES<br><br>**DECLARATION OF TYLER R. TRAIN IN SUPPORT OF DEFENDANT DISH NETWORK CORPORATION, ET AL.'S REPLY IN SUPPORT OF MOTION FOR EXTENSION OF CLAIM CONSTRUCTION SCHEDULE**<br><br>District Judge: Hon. John W. Holcomb<br>Magistrate Judge: Hon. Karen E. Scott |

| | |
|---|---|
| 1<br>2<br>3<br>4 | DISH NETWORK CORPORATION; DISH NETWORK L.L.C.; DISH NETWORK SERVICE L.L.C.; DISH NETWORK CALIFORNIA SERVICE CORPORATION; AND DISH TECHNOLOGIES L.L.C., |
| 5 | Counter-Claimants, |
| 6 | v. |
| 7<br>8<br>9 | ENTROPIC COMMUNICATIONS, LLC; MAXLINEAR, INC.; AND MAXLINEAR COMMUNICATIONS LLC, |
| 10 | Counter-Defendants. |

I, Tyler R. Train, hereby declare:

1.  I am an attorney with the law firm Fish & Richardson P.C., and counsel for Defendants DISH Network Corporation, DISH Network L.L.C., DISH Network Service, L.L.C., and Dish Network California Service Corporation (collectively, "Defendants" and "DISH"). I have personal knowledge of the facts contained in the declaration and, if called upon to do so, I could and would testify competently to the matters herein.

2.  On February 15, 2024, DISH's counsel emailed counsel for Entropic and MaxLinear to request a meet and confer that week about its contemplated motion to stay the case.

3.  On February 16, 2024, DISH's counsel left a voicemail and sent a follow-up email to Entropic's counsel explaining that DISH planned to file its motion the following week and requesting Entropic's availability to meet and confer. The same day, Entropic's counsel responded saying that its team was not able to meet and confer until the following week.

4.  On February 19, 2024, Entropic's counsel offered availability to meet and confer, but suggested that it needed the positions of the other consolidated defendants on the motion and IPR estoppel in order to "fully meet and confer." The same day, DISH's counsel met and conferred with Entropic's counsel, who again persisted that DISH needed to obtain and convey all consolidated defendants' positions on the motion and estoppel. DISH's counsel explained that DISH could not speak on behalf of those parties but had already reached out on Entropic's behalf to inquire about their positions. DISH's counsel further explained that Entropic was free to speak directly with the other defendants. Entropic's counsel also insisted that a motion to stay the entire case before institution was not appropriate.

5.  On February 20, 2024, DISH's counsel also met and conferred with MaxLinear's counsel about its contemplated motion.

6. Between February 20 and February 28, 2024, DISH's counsel communicated with counsel for the other consolidated defendants in this case about this motion. Counsel for the other consolidated defendants confirmed they would not oppose such an extension to the claim construction schedule. DISH has confirmed with counsel for all consolidated defendants that it may represent on their behalf that none of the consolidated defendants opposes the requested claim construction extension as it applies to their own claim construction deadlines.

7. On February 28, 2024, DISH's counsel sent an email to counsel for Entropic and MaxLinear requesting another meet and confer by the end of the week to discuss DISH's intent to file a narrowed motion seeking to extend the claim construction schedule until the PTAB issues the institution decisions. Neither counsel for Entropic nor counsel for MaxLinear responded.

8. On February 29, 2024, DISH sent a follow-up email to counsel for Entropic and MaxLinear asking again for a meet and confer by the end of the week and indicating that DISH planned to file its motion the next week. Neither counsel for Entropic nor counsel for MaxLinear responded.

9. On March 1, 2024, DISH sent another follow-up email to counsel for Entropic and MaxLinear asking again for a meet and confer by the end of the week and indicating that, based on the upcoming claim construction schedule, it could not continue to delay its filing to await Entropic's and MaxLinear's availability. The same day, DISH met and conferred with counsel for Entropic and MaxLinear. Counsel for Entropic and MaxLinear indicated that both parties would oppose DISH's motion.

10. On March 20, 2024, DISH's counsel sent an email to counsel for Entropic and MaxLinear with an offer asking whether Entropic and/or MaxLinear would agree to extend the claim construction schedule if DISH agreed to stay its counterclaims, including discovery and the pending motions to dismiss (as well as

any other potential motions), for as long as the Court extends the current claim construction schedule.  Neither Entropic nor MaxLinear accepted DISH's offer.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 22nd day of March, 2024, in Orange County, CA.

By: */s/ Tyler R. Train*
Tyler R. Train