**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

ENTROPIC COMMUNICATIONS, LLC,

Plaintiff,

v.

DISH NETWORK CORPORATION, *et al.*,

Defendants.

DISH NETWORK CORPORATION, *et al.*,

Counterclaimants,

v.

ENTROPIC COMMUNICATIONS, LLC; MAXLINEAR, INC.; and MAXLINEAR COMMUNICATIONS, LLC,

Counterdefendants.

Case No. 2:23-cv-01043-JWH-KESx

**ORDER DENYING MOTION FOR EXTENSION OF CLAIM CONSTRUCTION SCHEDULE [ECF No. 401]**

DISH Network Corporation, DISH Network L.L.C., Dish Network Service L.L.C., and Dish Network California Service Corporation (collectively, "DISH") request an extension of the claim construction schedule in this case until after the Patent Trial and Appeal Board ("PTAB") determines whether to institute DISH's petitions for *inter partes* review ("IPR").[1] Plaintiff Entropic Communications, LLC filed an opposition to DISH's Motion,[2] as did Counterdefendants MaxLinear, Inc. and MaxLinear Communications, LLC (jointly, "MaxLinear").[3] DISH filed a reply in support of its Motion.[4]

Based upon its review of those filings, the Court concludes that the issues presented are appropriate for decision without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. For the reasons stated below, the Court **DENIES** DISH's instant Motion.

## I. BACKGROUND

In January and February of 2024, DISH filed petitions for IPR challenging seven of the asserted patents: U.S. Patent Nos. 7,295,518 (the "'518 Patent"); 7,594,249 (the "'249 Patent"); 7,889,759 (the "'759 Patent"); 8,320,566 (the "'566 Patent"); 8,363,681 (the "'681 Patent"); 8,621,539 (the "'539 Patent"); and 8,631,450 (the "'450 Patent"). DISH did not move for a pre-institution stay of this case. In a related action, DISH, joined by other Defendants, did move for a pre-institution stay. *See Entropic Commc'ns, LLC v. DirecTV, LLC*,

---

1 *See generally* DISH's Mot. for Extension of Claim Construction Schedule ("Motion") [ECF No. 401].

2 *See generally* Entropic's Opp'n to the Motion ("Entropic's Opposition") [ECF No. 408].

3 *See generally* MaxLinear's Opp'n to the Motion ("MaxLinear's Opposition") [ECF No. 412].

4 *See generally* DISH's Reply in Support of the Motion (the "Reply") [ECF No. 429].

2023 WL 3407132, at *2 (C.D. Cal. Apr. 17, 2023). The Court denied that motion, reasoning that any simplification of the issues would be speculative because the PTAB had not yet determined whether to institute review. *See id.* Likewise, the PTAB has not yet instituted review for any of DISH's petitions here. The following table summarizes the proceedings and the expected institution decision dates:[5]

| Proceeding Number | Institution Decision Due |
| --- | --- |
| IPR2024-00393 ('518 Patent) | July 31, 2024 |
| IPR2024-00373 ('249 Patent) | July 30, 2024 |
| IPR2024-00462 ('749 Patent) | August 28, 2024 |
| IPR2024-00555 ('0,566 Patent) | August 27, 2024 |
| IPR2024-00562 ('681 Patent) | August 23 ,2024 |
| IPR2024-00546 ('539 Patent) | August 27, 2024 |
| IPR2024-00560 ('450 Patent) | August 23, 2024 |

On August 21, 2023, the Court entered its Scheduling Order in this case.[6] On April 1, 2023, the Court approved a Stipulation extending some of those dates by a week.[7] The relevant claim construction dates and deadlines are now as follows:

| Event | Date |
| --- | --- |
| Exchange proposed terms for construction | April 12, 2024 |
| Exchange proposed constructions | May 10, 2024 |

---

[5] Comcast also filed its own IPR petitions challenging the '518 and '759 Patents. *See* Motion 8:18-24 & 9:3-15. DISH indicates that it expects institution decisions in those proceedings along the same times as those indicated above. *See id.*

[6] Scheduling Order [ECF No. 97].

[7] Order on Stip. [ECF No. 437].

| Event | Date |
|---|---|
| Joint claim construction and prehearing statement | June 7, 2024 |
| Completion of claim construction discovery | June 21, 2024 |
| Opening claim construction brief | July 9, 2024 |
| Responsive claim construction brief | August 2, 2024 |
| Reply claim construction brief | August 23, 2024 |
| *Markman* Hearing | September 17, 2024 |

DISH now moves for an extension of those claim construction dates and deadlines until the PTAB has issued institution decisions in the IPR proceedings.[8] DISH does not propose new dates for the above-listed deadlines. Both Entropic and MaxLinear oppose on the ground that DISH's Motion is essentially an improper request for a pre-institution stay pending IPR.[9] The remaining Defendants neither oppose nor join the Motion.[10]

## II. LEGAL STANDARD

DISH makes its instant request for an extension pursuant to Rules 6(b) and 16(b) of the Federal Rules of Civil Procedure.[11] Rule 6(b) provides that a Court may extend a deadline for good cause if a request is made before the expiration of that deadline. Rule 16(b) similarly applies a good cause standard to the modification of a Scheduling Order. Because DISH requests a modification of the Scheduling Order, Rule 16(b) is applicable here. "The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Williams v. Warner Music Grp. Corp.*, 2021

---

8 *See generally* Motion.

9 *See generally* Entropic's Opposition; MaxLinear's Opposition.

10 Motion 7:16-19; Entropic's Opposition 6:25.

11 Motion 11:7-8.

WL 7448496, at *5 (C.D. Cal. Dec. 14, 2021) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). "[T]he focus of the Inquiry is upon the moving party's reasons for seeking modification." *Id.* (quoting *Johnson*, 975 F.2d at 609).

## III. DISCUSSION

### A. The Parties' Positions

DISH argues that an extension is appropriate primarily due to efficiency concerns. Specifically, DISH asserts that the timing of the claim construction proceedings and the IPR proceedings "present[] a significant risk that much of the parties' and the Court's work through the claim construction process could be impacted by the time of the [*Markman*] hearing."[12] In support of its good cause position, DISH discusses the discretionary stay factors: stage of the litigation, simplification of the issues, and prejudice.[13]

Entropic and MaxLinear oppose primarily on the ground that DISH's Motion is an improper request for a pre-institution stay.[14] Entropic argues that a consideration of the simplification-of-the-issues and prejudice factors yields the conclusion that a stay of the claim construction schedule is not appropriate.[15] Entropic also contends that DISH was not diligent in filing its IPR petitions.[16] MaxLinear argues that even if the Court were to stay claim construction proceedings pending the PTAB's institution decisions, DISH's counterclaims against MaxLinear would proceed, which would create inefficiencies.[17]

---

12 *Id.* at 13:1-3.

13 *See id.* at 11:21-14:23.

14 *See generally* Entropic's Opposition; MaxLinear's Opposition.

15 *See* Entropic's Opposition 14:4-11.

16 *Id.* at 11:26-12:8.

17 MaxLinear's Opposition 2:9-15.

MaxLinear also requests, in the alternative, that if the Court stays claim construction proceedings, then it should also stay the counterclaims against MaxLinear.[18]

**B. Analysis**

The Court concludes that a modification of the claim construction schedule is inappropriate here. Nowhere does DISH argue that, despite acting diligently, it expects that it will be unable to meet the relevant claim construction deadlines. That is the nature of the diligence analysis that Rule 16 dictates. *See Williams*, 2021 WL 7448496, at *5 (finding a lack of good cause when the plaintiffs had sufficient time under the scheduling order to brief the motion for which they sought an extension ). In their respective briefs, both Entropic and DISH discuss whether DISH acted diligently in filing its IPR petitions, but that factor is not relevant here. DISH's diligence, or lack thereof, in filing its IPR petitions does not affect its ability to comply with the Court's claim construction schedule.

Because DISH chose to make a motion to extend the Scheduling Order under Rule 16(b)—as opposed to a motion to stay pending IPR—the Court analyzes DISH's arguments under the Rule 16(b) standard. The Court does not balance the discretionary stay factors, even though both DISH and Entropic devote much of their briefing to those factors. If DISH wanted to make a motion to stay, it could have done so. In fact, Entropic indicates that DISH requested a conference of counsel concerning a pre-institution stay motion.[19]

To the extent that DISH's Motion is an effort to delay claim construction so that DISH is in a better position to make a post-institution stay motion, DISH's request is inappropriate. The Court will balance the factors at the time

---

18 *Id.* at 2:16-19.

19 Entropic's Opposition 8:17-18.

of DISH's stay motion, if and when DISH chooses to file one and to the extent that such a motion is warranted. Extending unspecified claim construction deadlines to unspecified dates after the IPR institution decisions is not warranted under the Rule 16(b) good cause standard.

Consistent with this Court's practice concerning *Markman* briefing, on its own motion the Court makes certain modifications to its Scheduling Order. The Court **DIRECTS** the parties to file simultaneous opening and responsive claim construction briefs, and it eliminates the deadline for a reply brief, as follows:

| Event | Original Deadline | New Deadline |
|---|---|---|
| **Simultaneous** Opening Claim Construction Brief**s** | July 9, 2024 | August 2, 2024 |
| **Simultaneous** Responsive Claim Construction Brief**s** | August 2, 2024 | August 23, 2024 |
| ~~Reply Claim Construction Brief~~ | ~~August 23, 2024~~ | |

## IV. DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. DISH's instant Motion is **DENIED**.

2. The hearing on DISH's instant Motion currently set for April 19, 2024, is **VACATED**.

3. The parties' schedule for claim construction briefing is **MODIFIED** as indicated above.

**IT IS SO ORDERED.**

Dated: April 3, 2024

John W. Holcomb
UNITED STATES DISTRICT JUDGE