| | |
|---|---|
| 1 | BITA RAHEBI (CA SBN 209351) |
| | brahebi@mofo.com |
| 2 | ALEX S. YAP (CA SBN 241400) |
| | ayap@mofo.com |
| 3 | ROSE S. LEE (CA SBN 294658) |
| | roselee@mofo.com |
| 4 | MORRISON & FOERSTER LLP |
| | 707 Wilshire Boulevard, Suite 6000 |
| 5 | Los Angeles, California 90017-3543 |
| | Telephone:  (213) 892-5200 |
| 6 | Facsimile:   (213) 892-5454 |
| 7 | [Additional counsel on signature page] |
| 8 | Attorneys for Counter-Defendants, |
| | MAXLINEAR, INC. and MAXLINEAR |
| 9 | COMMUNICATIONS LLC |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | | |
|---|---|---|
| ENTROPIC COMMUNICATIONS, LLC, | | Case No. 2:23-cv-1043-JWH-KES (Lead Case) |
| | Plaintiff, | Judge:   Hon. John W. Holcomb |
| | v. | |
| DISH NETWORK CORPORATION, et al., | | **REDACTED VERSION OF DOCUMENT PROPOSED TO FILED UNDER SEAL** |
| | Defendants. | **COUNTER-DEFENDANTS MAXLINEAR, INC. AND MAXLINEAR COMUNICATIONS LLC'S OBJECTION TO SPECIAL MASTER'S REPORT AND RECOMMENDATION ON MOTIONS REFERRED BY COURT ON FEBRUARY 9, 2024, AND MARCH 26, 2024 AND MEMORANDUM OF POINTS AND AUTHORITIES** |
| DISH NETWORK CORPORATION; DISH NETWORK L.L.C.; DISH NETWORK SERVICE L.L.C.; DISH NETWORK CALIFORNIA SERVICE CORPORATION; AND DISH TECHNOLOGIES, L.L.C., | | |
| | Counter-Claimants | |
| | v. | Action Filed:  Feb. 10, 2023 |
| ENTROPIC COMMUNICATIONS, LLC; MAXLINEAR, INC.; AND MAXLINEAR COMMUNICATIONS LLC, | | Am. Counterclaims and Counterclaims Filed: Jan. 31, 2024 |
| | Counter-Defendants. | |

1
2
3

**OBJECTION TO SPECIAL MASTER'S REPORT AND RECOMMENDATION ON MOTIONS REFERRED BY THE COURT ON FEBRUARY 9, 2024 AND MARCH 26, 2024**

4   Pursuant to this Court's Order Appointing David Keyzer as Special Master
5   and Federal Rule of Civil Procedure 53, MaxLinear, Inc. and MaxLinear
6   Communications LLC (collectively, "MaxLinear") respectfully object-in-part to
7   Special Master Report and Recommendation on Motions Referred by the Court on
8   February 9, 2024, and March 26, 2024, entered on April 22, 2024 (ECF No. 446
9   (the "R&R")).  The R&R recommends that the Court grant-in-part and deny-in-part
10  MaxLinear's Motion to Dismiss (1) Amended Counterclaims by DISH Network
11  California Service Corporation; and (2) Counterclaims by DISH Network
12  Corporation, DISH Network L.L.C., DISH Network Service L.L.C., and DISH
13  Technologies, L.L.C. (all entities collectively, "Dish").  For the reasons set forth in
14  this objection, this Court should partly reject the R&R's recommendation with
15  respect to Dish's claims for breach of contract (Count IV), fraud and negligent
16  misrepresentation (Count V), and conspiracy (Count VI) and dismiss all claims by
17  Dish against MaxLinear with prejudice.
18   MaxLinear's objection is based on this objection, the memorandum of points
19  and authorities below, its Motion to Dismiss and exhibits thereto, its Request for
20  Judicial Notice and the exhibits thereto, the pleadings and papers on file, and any
21  materials and argument presented to the Court at the time of the hearing.

Date: May 13, 2024            By:    */s/ Bita Rahebi*
                                     Bita Rahebi

                                     *Attorneys for Counter-Defendants*
                                     MAXLINEAR COMMUNICATIONS,
                                     LLC AND MAXLINEAR, INC.

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................................5
II. BACKGROUND ....................................................................................................6
    A. MoCA and the IPR Policy ........................................................................6
    B. Entropic's Lawsuit and Dish's Counterclaims ..........................................7
III. LEGAL STANDARD ............................................................................................8
IV. ARGUMENT .........................................................................................................8
    A. Dish's Breach of Contract Counterclaim Should Be Dismissed With Prejudice ..........................................................................................8
        1. The R&R Does Not Address the Counterclaims Asserted by Dish ...............................................................................................8
        2. The Dish Affiliates Lack Standing ............................................10
    B. The Fraud and Negligent Misrepresentation Counterclaims Should be Dismissed Based on at Least MaxLinear's Explicit Transfer of MoCA Obligations .................................................................12
    C. Conspiracy ...............................................................................................13
        1. The Court Should Dismiss Dish's Conspiracy Counterclaim for Failure to Plead the Underlying Fraud Counterclaim ..........................................................................................13
        2. Dish Fails to Plead the Elements of Conspiracy .......................13
V. CONCLUSION ....................................................................................................14

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bell Atlantic Corp. v. Twombly*,
　550 U.S. 544 (2007) .................................................................................................. 12, 13

*Delphix Corp. v. Actifo, Inc.*,
　2014 WL 4628490 (N.D. Cal. Mar. 19, 2014) .................................................................. 12

*Entropic Commc'ns, LLC v. Comcast Corp.*,
　F. Supp. 3d, 2023 WL 9189317 (C.D. Cal. Nov. 20, 2023) ................................................ 9

*Gamble v. GMAC Mortg. Corp.*,
　2009 WL 400359 (N.D. Cal. Feb. 18, 2009) .................................................................... 12

*Mintel Learning Tech., Inc. v. Beijing Kaidi Educ.*,
　2007 WL 2288329 (N.D. Cal. Aug. 9, 2007) .................................................................... 14

*Sherman v. Pepperidge Farm, Inc.*,
　2023 WL 5207458 (C.D. Cal. Apr. 28, 2023) ................................................................... 10

**Statutes**

Cal. Civ. Code § 1638 ............................................................................................................ 10

**Other Authorities**

Fed. R. Civ. P.
　9(b) .............................................................................................................................. 12, 13
　12(b)(6) .............................................................................................................................. 8
　53(f) ................................................................................................................................... 8

MAXLINEAR'S OBJECTION TO SPECIAL MASTER'S REPORT AND RECOMMENDATION
CASE NO. 2:23-CV-1043-JWH-KES

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The underlying dispute in this case is a simple patent infringement action between Entropic Communications, LLC ("Entropic") and several Dish entities. MaxLinear is not a party to those claims. MaxLinear sold the underlying Asserted Patents to Entropic in 2021, long before this action was filed. When MaxLinear transferred the Asserted Patents, it informed Entropic in the Patent Purchase Agreement ("PPA") that the patents were subject to a commitment to the Multimedia over Coax Alliance ("MoCA") to license on reasonable and non-discriminatory ("RAND") terms. Entropic agrees that the Asserted Patents are subject to MoCA RAND obligations. Dish's counterclaims allege that the Asserted Patents are subject to MoCA RAND obligations. Despite all this, Dish seeks to drag MaxLinear into this litigation, asserting a host of counterclaims all premised on the implausible theory that MaxLinear's sale of the patents was an attempt to "wash" them of the RAND obligation. These claims have no merit and are irreconcilable with the express language of the relevant agreements. The Court should reject Dish's attempt to complicate this litigation and dismiss its claims against MaxLinear with prejudice.

Dismissal with prejudice is supported by the Special Master's correct assessment of the fundamental reality of this case: (1) when MaxLinear transferred the Asserted Patents to Entropic, it assigned those patents subject to MoCA RAND obligations; (2) through the PPA, MaxLinear expressly put Entropic on notice that those patents were subject to the MoCA RAND obligations; and (3) the MoCA RAND obligations ran from MaxLinear to Entropic as a matter of law. (R&R at 20.) MaxLinear did everything that the law and its MoCA duties required of it, rendering Dish's claims an impossibility. Unfortunately, Dish's mischaracterizations of both the relevant MoCA restrictions and the case law for contract interpretation appear to have led the Special Master to draw the wrong

conclusions as to Dish's breach of contract claim from his original, correct, view of MaxLinear's transfer of MoCA RAND obligations. The resulting R&R is therefore internally inconsistent and it would be error to adopt it in its entirety.

MaxLinear's compliance with its MoCA obligations and explicit transfer of those obligations to Entropic inescapably means that Dish's counterclaims for fraud and conspiracy are meritless. Both claims are premised on MaxLinear's allegedly false representations that it would transfer the patents subject to the MoCA IPR Policy, so they should be dismissed with prejudice. MaxLinear's compliance with the IPR Policy was not fully considered in the R&R's analysis of Dish's Counts V and VI, but it is evident that there is no plausible claim for fraud or conspiracy where MaxLinear did precisely what it was required to do. The R&R's analysis of Counts V and VI is also inconsistent with its findings regarding Dish's antitrust claims that as a matter of law, the encumbrances could not be removed. The object of the alleged fraud is therefore a legal impossibility.

The Court should correct these mistakes and dismiss Counts IV-VI against MaxLinear with prejudice.

## II. BACKGROUND

### A. MoCA and the IPR Policy

MoCA is a non-profit corporation that serves as a standard-setting organization for wired home networking technologies. It formed to "develop[] and promot[e] specifications for the transport of digital entertainment and information content over in-home coaxial environments." (IPR Policy § 1 (ECF No. 360-1).)

Companies wanting to gain access to these specifications are required to enter into membership agreements with MoCA, which include Promoter Agreements. (*See* IPR Policy § 2 (definition of "Applicable Agreement").) These membership agreements include a provision that ██████████████████ ████████████ of MoCA's IPR Policy, which "outlines the policy of the Alliance regarding the incorporation and use of certain proprietary materials" in MoCA

standards.  (IPR Policy § 1; s*ee also* ECF No. 337 ("Promoter Agreement") § 3.1.)

### B. Entropic's Lawsuit and Dish's Counterclaims

Three years ago, MaxLinear sold some of its patent portfolio to Entropic, including patents related to MoCA technologies.  In February 2023, Entropic filed the underlying lawsuit based on Dish's alleged infringement of those patents.  According to Entropic, Dish took "advantage of MoCA without paying appropriate licensing fees for the technology."  (ECF No. 1 ¶ 4.)

Dish filed counterclaims against MaxLinear in September 2023 and amended counterclaims in January 2024.  Dish alleges that MaxLinear failed to transfer the Asserted Patents subject to the terms of the IPR Policy.  (ECF No. 316[1] ¶ 108.)  Dish also alleges that MaxLinear's misrepresentations it would license the Asserted Patents on RAND terms were false, and that it conspired with Entropic to "wash" the Asserted Patents of MoCA's RAND obligations.  (*Id.* ¶¶ 113-119, 124.)

On February 21, 2024, MaxLinear moved to dismiss all counterclaims asserted against it by Dish.  (ECF No. 371 ("Mot." or "Motion").)  The Motion sought dismissal based on numerous grounds, including the failure of Dish and its affiliates to establish that they have standing to bring their claims, their failure to show that Dish's non-MoCA member affiliates were third-party beneficiaries to the IPR Policy, and their failure to establish any plausible claim under their own allegations and the provisions of the IPR Policy and EchoStar Promoter Agreement (ECF No. 372 (the "Promoter Agreement")).

The Special Master issued the R&R, which recommended that the Court grant MaxLinear's motion to dismiss Dish's claims for unjust enrichment/quasi contract (Count VII), violation of the Sherman Act (Count VIII) and Cartwright Act (Count IX), patent misuse (Claim X), and violation of California's Business and Professions Code (Claim XI), and further recommended that the Court deny

---

[1] MaxLinear refers to the paragraphs of Dish's pleading (ECF No. 316) beginning at page 68 as the "Countercls." or "Counterclaims" and pages 1-67 of Dish's pleading as the "Answer."

MaxLinear's Motion as to Dish's claims for breach of contract (Count IV), fraud and negligent misrepresentation (Count V), and fraud arising from civil conspiracy (Count VI).  (*See generally* R&R.)

## III.    LEGAL STANDARD

Objections to a Special Master's findings of fact and conclusions of law are reviewed de novo, and the Court may adopt, modify, or wholly or partly reject or reverse the recommendations.  Fed. R. Civ. P. 53(f).  (*See also* ECF No. 74.)

## IV.    ARGUMENT

### A.    Dish's Breach of Contract Counterclaim Should Be Dismissed With Prejudice

In the R&R, the Special Master recommends that, "[f]or the same reasons discussed as to Entropic's motion to dismiss DISH's counterclaim for breach of contract [,] MaxLinear's motion to dismiss DISH's counterclaim for breach of contract (Count IV) should be denied."  (R&R at 88:11-13.)

This recommendation is inconsistent with the earlier, correct, determination that MaxLinear assigned the Asserted Patents subject to RAND obligations and that the PPA between MaxLinear and Entropic acknowledged that MaxLinear was doing so.  MaxLinear's compliance with its transfer obligations render Dish's specific breach of contract counterclaim against MaxLinear both impossible and implausible under Rule 12(b)(6).  Moreover, the Promoter Agreement, which gives effect to the IPR Policy, denies the Dish Affiliates standing.

#### 1.    The R&R Does Not Address the Counterclaims Asserted by Dish

Dish's counterclaim for breach of contract argues that MaxLinear breached (1) **Section 5.1.2** of the MoCA IPR policy by allegedly failing to transfer the Asserted Patents "subject to the terms" of the MoCA IPR policy and not including "any provision" in the PPA notifying Entropic that the transfer was subject to the MoCA IPR policy and (2) **Section 4.1.2** of the MoCA IPR Policy by

"circumventing" MoCA RAND by not transferring the Asserted Patents subject to the MoCA IPR policy. (ECF No. 316 ¶¶ 108-109.)

The R&R on this counterclaim is flawed because it mistakenly relies on the Special Master's reasoning on the *Entropic* motion to dismiss Dish's breach of contract claim, which in turn incorporates the reasoning on the Entropic and MaxLinear motions to dismiss the *Cox* counterclaims. (*See* R&R at 76, 88.) But these are distinct counterclaims that cannot be conflated with the Dish counterclaims against MaxLinear. The contract counterclaim by Dish against Entropic concerns the alleged refusal to provide a RAND license offer. (Countercls. ¶¶ 98-99.) This claim is not asserted against MaxLinear. (*Id.* ¶¶ 108-109.) Likewise, Cox's only surviving breach of contract counterclaims are based on alleged breaches of *different* contract provisions, concerning patent ownership and confidentiality obligations. (*See, e.g.,* R&R at 52.) Dish does not plead any such counterclaims. The R&R therefore does not address MaxLinear's motion to dismiss as to the Dish counterclaims.

As the R&R correctly states, "MaxLinear put Entropic on notice of the MoCA RAND obligations (and assign[ed] patents as being subject to such obligations)." (R&R at 20:13-14.) Specifically, "███████████ ███████████ of the PPA demonstrates that the PPA indeed acknowledged that the patents being assigned were subject to RAND obligations with regard to MoCA." (*Id.* at 20:7-9 (discussing Entropic's motion to dismiss Cox's counterclaims).) Moreover, even without these express terms in the PPA, the MoCA RAND "obligations 'r[a]n with the patent[s],' by operation of law, from MaxLinear to Entropic." (*Id.* at 20:13-16 (citing *Entropic Commc'ns, LLC v. Comcast Corp.*, --- F. Supp. 3d ----, 2023 WL 9189317, at *3 (C.D. Cal. Nov. 20, 2023) (Holcomb, J.)); *cf.* ECF No. 427 ("Reply") at 12:14-18 (Section 5.1.2 of the 2017 IPR Policy also states that RAND obligations run with the patents regardless of the language in a transfer agreement).) And "even if MaxLinear had *attempted*

to remove the encumbrances, it did not. Entropic affirms that it has RAND obligations for the relevant patents." (R&R at 83:8-9 (emphasis in original).) Thus, the necessary predicate of Dish's breach of contract counterclaim against MaxLinear is impossible—MaxLinear did not, and could not have, transferred the patents free of any RAND obligations or circumvented the RAND obligations of the IPR Policy. (*See* Mot. at 21-22.)

The MoCA RAND obligations are binding on any successor-in-interest of the Asserted Patents—a reality that no party in this case disputes. (*See* Mot. at 18-19; Countercls. ¶ 33; ECF No. 363-1 at 8, 17-18 (Entropic reaffirming its RAND commitment).) In view of this reality, Dish's theory that MaxLinear breached the MoCA IPR policy by failing to transfer the patents subject to RAND obligations—or that MaxLinear caused Dish harmed by any such transfer—crumbles.

The Court should instead dismiss Count IV with prejudice.

## 2. The Dish Affiliates Lack Standing

MaxLinear demonstrated that Dish Network Corporation, Dish Network L.L.C., Dish Network Service L.L.C., and Dish Network California Service Corporation (collectively, the "Dish Affiliates") are neither Alliance Parties nor intended beneficiaries of the MoCA IPR policy in view of the Promoter Agreement. They therefore lack standing to assert their counterclaims against MaxLinear. (*See* Mot. at 15-17.)

The R&R applies New York law regarding third party beneficiaries (R&R at 41, incorporated into *id.* at 88), but California law—███████████████████ ████████████████████████████████████████—is clear that "[t]he language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity." Cal. Civ. Code § 1638; *see* Promoter Agreement § 9.6 (████████████████████████); *see also Sherman v. Pepperidge Farm, Inc.*, 2023 WL 5207458, at *4 (C.D. Cal. Apr. 28, 2023) (Holcomb, J.) ("[T]he terms of the contract must demonstrate the ***express*** intent to confer [that] benefit" to

10

claim intended beneficiary status.) (emphasis modified; internal quotation and citation omitted) (quoted at Mot. 15:8-12).

Here, the IPR Policy is not a standalone contract, but it is rather ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. (See Promoter Agreement § 3.1 (▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇).) And the plain, unambiguous text of the Promoter Agreement ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

(*Id.* § 6 (emphasis added); *see also* Mot. at 15-16; Reply at 8-9.) Even Dish agrees with the premise that "specific statements with respect to the IPR Policy should trump the more general one." (ECF No. 402 ("Opp.") at 17:9-13 (citing *Kashmiri v. Regent of Univ. of Cal.*, 156 Cal. App. 4th 809, 831 (2007).)

The R&R does not discuss ▇▇▇▇▇▇ of the Promoter Agreement, which is dispositive as to the Dish Affiliates. The R&R instead applies its analysis from Section IV.A.(1) (which addresses Cox's counterclaims) to Dish's counterclaims regarding intended beneficiaries. In doing so, the Special Master determines that Section 1 of the IPR Policy—which vaguely states that the IPR Policy "is intended to maximize the likelihood of widespread adoption of [MoCA] specifications"—is sufficient under the law for beneficiary status. (*See* R&R at 41.) ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ and this language governs under California law. Because the unambiguous text controls, the Court should dismiss the Dish Affiliates for lack of standing, as they cannot be intended third-party beneficiaries.

### B. The Fraud and Negligent Misrepresentation Counterclaims Should be Dismissed Based on at Least MaxLinear's Explicit Transfer of MoCA Obligations

As the Special Master correctly determined, "███████████████████████ ███████████ of the PPA demonstrates that the PPA indeed acknowledged that the patents being assigned were subject to RAND obligations with regard to MoCA." (R&R at 20:7-9.)  The R&R's finding that Dish adequately pled its fraud claim under Rule 9(b), however, is directly contradictory to the language of the PPA.  The R&R focuses on Dish's bare, conclusory allegations found in paragraphs 114-119 of the Counterclaims—which include allegations that the PPA did not include the proper language subjecting the patents to RAND and that MaxLinear "represented that the Asserted Patents were not encumbered by a RAND obligation." (Countercls. ¶ 118; *see* R&R at 77-79.)  But because the PPA in fact "put Entropic on notice of the MoCA RAND obligations (and assign[ed] patents as being subject to such obligations)," it must govern over Dish's contradictory and conclusory allegations.  (R&R at 20); *see also Gamble v. GMAC Mortg. Corp.*, 2009 WL 400359, at *3 (N.D. Cal. Feb. 18, 2009) ("Where an exhibit to a pleading is inconsistent with the pleading, the exhibit controls.").  Thus, there can be no false statement plausibly giving rise to Dish's fraud claim under either Rule 9(b) or *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Because Dish cannot allege any false statement in view of the R&R's other findings, it also cannot plead sufficient facts that MaxLinear's representations were false at the time they were made.  Dish offers no more than a bare assertion of the element of a fraud claim that "[o]n information and belief, MaxLinear's representations that it would license the Asserted Patents on RAND terms were false at the time MaxLinear made them." (Countercls. ¶ 113); *see also Delphix Corp. v. Actifo, Inc.*, 2014 WL 4628490, at *2 (N.D. Cal. Mar. 19, 2014) (information and belief pleading "creates a further inference that plaintiff likely lacks knowledge of underlying facts to support the assertion, and is instead

engaging in speculation to an undue degree").

The R&R correctly finds that the PPA sufficiently put Entropic on notice—and even in the absence of such notice, the RAND obligations would transfer by law. Applied to Dish's fraud counterclaim, any allegation of misrepresentations is implausible under both Rule 9(b) and *Twombly*. (*See* R&R at 20.)

Additionally, the R&R does not address Dish's failure to plausibly plead reliance and causation required to state a claim for fraud. (*See* Mot. at 24.) Dish's sole, conclusory allegation directed to its purported reliance states: "DISH reasonably relied on the representations of MoCA participants, such as and including MaxLinear, that such participants in standard setting would honor their commitments under the MoCA IPR Policy when deciding what technologies to utilize in its business." (Countercls. ¶ 120.) This allegation is belied by Dish's own Answer, which states that Dish does not know if it practices, and even denies practicing, the portion of the MoCA standard covered by the Asserted Patents. (*See* Answer ¶¶ 84, 118, 152, 186, 220, 288, 322, 356, 424, 458.) Dish's fraud counterclaim should be dismissed with prejudice.

### C. Conspiracy

#### 1. The Court Should Dismiss Dish's Conspiracy Counterclaim for Failure to Plead the Underlying Fraud Counterclaim

The Special Master recommends that MaxLinear's motion to dismiss the conspiracy counterclaim should be denied because its motion to dismiss the underlying fraud counterclaim should be denied. (*See* R&R at 91.) But as discussed above, the fraud counterclaim is implausible in light of MaxLinear's transfer of the Asserted Patents expressly subject to RAND obligations, as well as Dish's failure to plead reliance and causation. For the same reasons, Dish has not plausibly pleaded conspiracy.

#### 2. Dish Fails to Plead the Elements of Conspiracy

Dish must plausibly establish "(1) the formation and operation of a

13

conspiracy, (2) wrongful conduct in furtherance of the conspiracy, and (3) damages arising from the wrongful conduct." *Mintel Learning Tech., Inc. v. Beijing Kaidi Educ.*, 2007 WL 2288329, at *4 (N.D. Cal. Aug. 9, 2007) (quoted in R&R at 76-77). It failed to do so.

Dish's allegations of wrongful conduct are premised on an alleged conspiracy between MaxLinear and Entropic "to launder the Asserted Patents, thus 'washing' them of the RAND encumbrances set forth in the MoCA IPR Policy." (Countercls. ¶ 124; *see also id.* ¶ 128 ("[T]he Conspirators attempted to 'wash' the patents of any RAND obligations by transferring them to Entropic without any indication of the RAND encumbrances.").) This allegation is facially implausible given that MaxLinear transferred its patents subject to MoCA RAND obligations and the PPA informed Entropic of those obligations. (*See* R&R at 20, 83.)

As the Special Master recognized in recommending the dismissal of Dish's antitrust counterclaims with prejudice, "even if MaxLinear had ***attempted*** to remove the encumbrances, it did not. Entropic affirms that it has RAND obligations for the relevant patents." (R&R 83:8-9 (emphasis in original).) But the R&R does not discuss or incorporate this inability to remove the encumbrances in its analysis of MaxLinear's motion to dismiss Dish's conspiracy counterclaim.

Because the R&R determined that the RAND obligations attached to the Asserted Patents by MaxLinear's actions and as a matter of law, and Entropic has affirmed its RAND obligations, there are no conceivable damages or harms to Dish arising from any alleged conspiracy to "wash" patents of RAND obligations. Dish's counterclaim becomes legally impossible.

## V. CONCLUSION

For the foregoing reasons, MaxLinear respectfully requests that the Court reject-in-part the Special Master's R&R and dismiss all counterclaims by Dish against MaxLinear with prejudice.

| | | |
|---|---|---|
| 1 | Dated: May 13, 2024 | MORRISON & FOERSTER LLP |
| 2 | | |
| 3 | | By: */s/ Bita Rahebi* |
| 4 | | Bita Rahebi |
| 5 | | BITA RAHEBI (CA SBN 209351)<br>brahebi@mofo.com |
| 6 | | ALEX S. YAP (CA SBN 241400)<br>ayap@mofo.com |
| 7 | | ROSE S. LEE (CA SBN 294658)<br>roselee@mofo.com |
| 8 | | MORRISON & FOERSTER LLP<br>707 Wilshire Boulevard, Suite 6000 |
| 9 | | Los Angeles, California 90017-3543<br>Telephone: (213) 892-5200 |
| 10 | | Facsimile: (213) 892-5454 |
| 11 | | RICHARD S.J. HUNG (CA SBN 197425) |
| 12 | | rhung@mofo.com<br>MORRISON & FOERSTER LLP |
| 13 | | 425 Market Street,<br>San Francisco, California 94105-2482 |
| 14 | | Palo Alto, California 94304-1018 |
| 15 | | Telephone: (415) 268-7000<br>Facsimile: (415) 268-7522 |
| 16 | | BRADLEY LUI (CA SBN 143088) |
| 17 | | blui@mofo.com<br>MORRISON & FOERSTER LLP |
| 18 | | 2100 L Street, NW, Suite 900<br>Washington, DC 20037-1679 |
| 19 | | Telephone: (202) 887-1500<br>Facsimile: (202) 887-0763 |
| 20 | | JOHN R. LANHAM (CA SBN 289382) |
| 21 | | jlanham@mofo.com |
| 22 | | MORRISON & FOERSTER LLP<br>12531 High Bluff Drive, Suite 100 |
| 23 | | San Diego, California 92130-2040<br>Telephone: (858) 720-5100 |
| 24 | | Facsimile: (858) 720-5125 |
| 25 | | Attorneys for Counter-Defendants |
| 26 | | MAXLINEAR, INC. and<br>MAXLINEAR |
| 27 | | COMMUNICATIONS LLC |
| 28 | | |

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Counter-Defendants MAXLINEAR, INC. and MAXLINEAR COMMUNICATIONS LLC, certifies that this brief contains 3105 words, which complies with the word limit of L.R. 11-6.1.

Dated: May 13, 2024                    By: /s/ *Bita Rahebi*
                                           Bita Rahebi