1  DAVID M. KEYZER (SB# 248585)
   david@keyzerlaw.com
2  LAW OFFICE OF DAVID KEYZER, P.C.
   5170 Golden Foothill Parkway
3  El Dorado Hills, CA 95762
   Telephone: (916) 243-5259
4  Facsimile: (916) 404-0436

5

6

7

8              UNITED STATES DISTRICT COURT
               CENTRAL DISTRICT OF CALIFORNIA
9                    SOUTHERN DIVISION

10
    ENTROPIC COMMUNICATIONS, LLC,    §
11          Plaintiff,                §  Case No. 2:23-cv-01043-JWH-KES
                                      §       LEAD CASE
12       v.                           §
                                      §  Case No. 2:23-cv-01049-JWH-KES
13  DISH NETWORK CORPORATION, et      §       LEAD CASE
    al.,                              §
14          Defendants.               §
    _____   §  Hon. John W. Holcomb
15                                    §  Special Master David M. Keyzer
    ENTROPIC COMMUNICATIONS, LLC,    §
16          Plaintiff,                §
                                      §  **SPECIAL MASTER ORDER**
17       v.                           §  **No. SM-19**
                                      §
18  COX COMMUNICATIONS, INC., et al., §
            Defendants.               §
19                                    §

20

Pursuant to the Court's July 5, 2023 Order Appointing David Keyzer, Esq. as Special Master for Discovery Purposes (Civil Action No. 2:23-cv-1043 ("-1043"), Dkt. 74; Civil Action No. 2:23-cv-1049 ("-1049"), Dkt. 62) ("Appointment Order"), and further pursuant to the Court's grant of consolidations (-1043, Dkt. 129, Oct. 13, 2023 Order; -1049, Dkt. 95, Oct. 16, 2023 Order) and the discovery dispute resolution procedure agreed upon by the parties and adopted by the Special Master in the August 4, 2023 Special Master Order No. SM-2 (-1043, Dkt. 85-1; -1049, Dkt. 70-1), the Special Master enters this Special Master Order No. SM-19 regarding show cause proceedings that arose out of a discovery dispute between Plaintiff Entropic Communications, LLC ("Entropic") and Defendants Comcast Corporation, Comcast Cable Communications, LLC, and Comcast Cable Communications Management, LLC (collectively, the "Comcast Defendants" or simply "Comcast").

## I. BACKGROUND

The Special Master held a discovery hearing on November 3, 2023, and entered Special Master Order No. SM-5 ("SM-5") on November 14, 2023, which included granting Entropic's motion to compel production of various documents by Comcast. (-1043, Dkt. 174-1; -1049, Dkt. 119-1.)

The Court subsequently entered an Order on November 20, 2023 (-1043, Dkt. 175; -1049, Dkt. 120), ruling on a motion to dismiss filed by Comcast.

Comcast then presented the Special Master with a motion for reconsideration, requesting the Special Master vacate SM-5 in light of the Court's November 20, 2023 Order, and the Special Master heard arguments regarding that request on December 1, 2023. (*See* -1043, Dkt. 185-1, Dec. 1, 2023 Special Master Order No. SM-6 and Special Master Minutes) ("SM-6").) The Special Master stayed SM-5 to allow for a rehearing on Comcast's motion for reconsideration after Entropic filed its amended pleadings. (*Id.*)

Entropic filed its Second Amended Complaints ("SACs") on December 8, 2023. Pursuant to Special Master Order No. SM-6, the parties met and conferred regarding the sufficiency of the SACs and submitted proposed schedules for additional briefing. The Special Master entered Special Master Order No. SM-9 on December 22, 2023, ordering additional briefs, which the parties submitted on December 28, 2023, and January 4, 2024. (-1043, Dkt. 220-1; -1049, Dkt. 153-1.) The Special Master held a hearing on January 12, 2024. (-1043, Dkt. 292-1, Special Master Minutes; -1049, Dkt. 199-1 (same).)

The Special Master entered Special Master Order No. SM-11 ("SM-11") (*id.*, Dkt. 292-3; -1049, Dkt. 199-3) on January 24, 2024, lifting the stay of SM-5 and denying the Comcast Defendants' motion for reconsideration of SM-5. The Special Master further ordered that "the Comcast Defendants shall produce the discovery responses ordered by SM-5 no later than February 22, 2024." (SM-11 at 10.)

On February 2, 2024, the Comcast Defendants filed with the Court a written objection to SM-11 (-1043, Dkts. 313, 324; -1049, Dkt. 213, 223) pursuant to paragraph 8 of the Court's Appointment Order and Federal Rule of Civil Procedure 53(f).

On February 29, 2024 (about one week after the deadline set by SM-11 for Comcast's production), Entropic notified the Special Master by e-mail that the Comcast Defendants had produced no documents pursuant to SM-11, and Entropic requested a hearing with the Special Master regarding non-compliance with SM-11.  The Comcast Defendants responded by e-mail that the parties had a dispute regarding procedure and that Entropic was attempting to circumvent the Court's review of SM-11.

The Special Master entered Special Master Order No. SM-16 ("SM-16") (-1043, Dkt. 398-1; -1049, Dkt. 278-1) on March 6, 2024, which set a briefing schedule and set a hearing for March 27, 2024, for the Comcast Defendants to "SHOW CAUSE why the Special Master should not find that the Comcast Defendants are in non-compliance with Special Master Order No. SM-11."  Shortly before this hearing, the Court entered a written Order Affirming SM-11 (-1043, Dkt. 432), which overruled Comcast's objections to SM-11.

After the March 27, 2024 hearing, the Special Master entered Special Master Order No. SM-17 (-1043, Dkt. 433-1; -1049, Dkt. 291-1) ("SM-17"), ruling that "Entropic's request for a finding of non-compliance is **GRANTED**, and the Special Master thus finds that Comcast is in non-compliance with SM-11." (SM-17 at 16.)  The Special Master set

a further deadline for Comcast to correct its non-compliance, noting that "it would behoove Comcast to complete this production sooner than the presently ordered date, as a potentially mitigating factor when the Special Master and/or the Court consider any consequences for the non-compliance . . . ." (*Id.* (emphasis omitted).)  The Special Master also set a follow-up status conference for May 1, 2024, "regarding the status of discovery as between Entropic and Comcast." (*Id.* at 17.)

Finally, the Special Master held that "Entropic's request for cost-shifting and for sanctions is **RESERVED** subject to further proceedings by the Special Master and/or the Court." (*Id.* at 16.)  Having held the follow-up status conference on May 1, 2024 (-1043, Dkt. 454-1, Special Master Minutes; -1049, Dkt. 309-1 (same)), and having given further consideration to the matter, the Special Master herein resolves Entropic's request for cost-shifting and for sanctions.

## II.  DISCUSSION

"The Ninth Circuit utilizes the lodestar method for calculating reasonable attorneys' fees, multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Zargarian v. BMW of N. Am., LLC*, 442 F. Supp. 3d 1216, 1222 (C.D. Cal. 2020) (citation and internal quotation marks omitted).  The claimant bears the initial burden to "submit evidence supporting the hours worked and the rates claimed." *Ibarra v. Hartford Life & Accident Ins. Co.*, No. 8:19-CV-00333-DOC-DFM, 2020 WL 11772599, at *6 (C.D. Cal. Apr. 6, 2020) (citation omitted).  The opposing

party "has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged . . . ." *Id.* (citation and internal quotation marks omitted). "The opposing party meets its burden only if it makes specific objections to the requested fee" and "cannot merely allege in general terms that the time spent was excessive." *Id.*, at *6–*7 (citations omitted).

Before requesting a submission of Entropic's requested fees and providing Comcast with an opportunity to be heard, the Special Master considers whether fee-shifting is appropriate for this particular dispute. As noted above, SM-17 reserved ruling on Entropic's request for fee shifting and for sanctions. Entropic requests that the Special Master award Entropic its attorney fees for the above-discussed show cause proceedings. (Mar. 20, 2024 Entropic Ltr. at 4.)

Multiple procedural vehicles are available to the Special Master. Federal Rule of Civil Procedure 37(a)(5)(A) provides that, when a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless the movant failed to confer in good faith, the non-disclosure was substantially justified, or an award would be unjust. Federal Rule of Civil Procedure 53(c)(2) expressly authorizes the Special Master to impose such fee-shifting. Alternatively, in light of the Special Master expressly finding Comcast to be in non-

1  compliance with a Special Master Order, the Special Master could recommend, under

2  Rule 53(c)(2), that the Court impose a contempt sanction.

3  As the Special Master has noted on the record in hearings on this dispute, the

4  Special Master takes seriously the responsibility to promote and protect the Court's

5  interest in proper conduct by all parties during discovery.  Comcast's assertion that its

6  positions have been correct and that it did not intend to violate the Special Master's

7  Orders is, of course, insufficient to avoid enforcement of the Federal Rules of Civil

8  Procedure.  The Special Master's analysis in this regard is documented at length in

9  SM-17.  Yet, before turning toward the lodestar method for calculating reasonable

10 attorneys' fees, another lodestar worthy of consideration is Federal Rule of Civil

11 Procedure 1, which urges construing and administering the Rules so as to promote "the

12 just, speedy, and inexpensive determination of every action and proceeding."  As noted at

13 the May 1, 2024 status conference, the Special Master deliberately paused to await

14 further developments and to carefully consider the available paths as viewed from the

15 present observation point.

16 Of note, Comcast has been of at least some assistance in extracting the Special

17 Master from the "thorny bramble" into which he had been thrust by Comcast.  (SM-17

18 at 15.)  As discussed at the May 1, 2024 status conference, Comcast began to rectify its

19 non-compliance immediately after entry of SM-17 on March 27, 2024, by producing

20 documents on March 28, March 29, April 4, and April 5, such that Comcast resolved its

1  non-compliance with SM-11 no later than April 5, 2024, about one week after entry of

2  SM-17.  Entropic submitted at the status conference that it had nothing further to raise on

3  the issue of Comcast's compliance with SM-5 and SM-11.  When counting Comcast's

4  delay in production as starting with the deadline set by SM-11, Comcast's non-compliant

5  delay in production amounted to about six weeks.

6      Having considered the particular circumstances of this dispute, including the

7  relatively minor magnitude of the six weeks of non-compliance in the context of this

8  litigation as a whole and, more importantly, the forthright conduct of Comcast's counsel

9  in every interaction with the Special Master, the Special Master chooses to remain on the

10  main thoroughfare rather than to head off on a tertiary expedition to chart the contours of

11  this rift between the parties through expensive discovery-on-discovery regarding attorney

12  fees.  The interests of justice are better served by allowing SM-17 to merely leave behind

13  a metaphorical survey marker upon a ridge overlooking this small, dark valley in the

14  overall landscape of the present litigation.  Other passersby can take heed, and, as SM-17

15  noted, the finding of non-compliance could potentially become relevant later.  (SM-17

16  at 16.)  Entropic's present request for fee-shifting, however, is denied.

17      Entropic did not request any specific sanction other than fee-shifting, instead

18  leaving other potential sanctions to the Special Master's discretion.  In light of the

19  foregoing, Entropic's request for such sanctions is also denied.

20

Finally, all counsel in the above-captioned cases are reminded of the Civility and Professionalism Guidelines of the Central District of California, and the Special Master will consider whether additional status conferences may promote efficiency and avoid unnecessary motion practice as the case continues to develop.

## III. DISPOSITION

Entropic's request for fee-shifting and sanctions is denied.

IT IS SO ORDERED.

Dated: May 16, 2024        By: *David Keyzer*
                               David M. Keyzer
                               Special Master