BITA RAHEBI (CA SBN 209351)
brahebi@mofo.com
ALEX S. YAP (CA SBN 241400)
ayap@mofo.com
ROSE S. LEE (CA SBN 294658)
roselee@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, California 90017-3543
Telephone:   (213) 892-5200
Facsimile:   (213) 892-5454

[Additional counsel on signature page]
Attorneys for Counter-Defendants,
MAXLINEAR, INC. and MAXLINEAR
COMMUNICATIONS LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>              Plaintiff,<br><br>       v.<br><br>COX COMMUNICATIONS, INC.; COXCOM, LLC; AND COX COMMUNICATIONS CALIFORNIA, LLC,<br><br>              Defendants,<br><br>COX COMMUNICATIONS, INC.; COXCOM, LLC; AND COX COMMUNICATIONS CALIFORNIA, LLC,<br><br>              Counter-Claimants,<br><br>       v.<br><br>ENTROPIC COMMUNICATIONS, LLC; MAXLINEAR, INC.; AND MAXLINEAR COMMUNICATIONS LLC,<br><br>              Counter-Defendants. | Case No. 2:23-cv-1043-JWH-KES (Lead Case)<br><br>Case No. 2:23-cv-1047-JWH-KES (Related Case)<br><br>**COUNTER-DEFENDANTS MAXLINEAR, INC. AND MAXLINEAR COMMUNICATIONS, LLC'S RESPONSE TO COX DEFENDANTS' OBJECTIONS TO SPECIAL MASTER'S REPORT AND RECOMMENDATION ON MOTIONS REFERRED BY COURT ON FEBRUARY 9, 2024**<br><br>Judge:      Hon. John W. Holcomb |

## I.    INTRODUCTION

Cox asserts counterclaims against MaxLinear for breach of contract, declaratory judgment, and unjust enrichment/quasi-contract.  MaxLinear brings no claims of its own.  These counterclaims are the only reason it is in the case.  They turn on the theory that MaxLinear engaged in wrongdoing under the MoCA IPR Policy when it sold the Asserted Patents to plaintiff Entropic.  (ECF No. 276 ("Countercls.") ¶¶ 515, 576, 590 (alleging unjust enrichment for misrepresenting "its essential patents were encumbered by the MoCA IPR Policy").)

As to the breach of contract and declaratory judgment counterclaim, the Special Master correctly rejected Cox's theories that MaxLinear failed to convey the patents subject to MoCA RAND terms or lacked the right to transfer its patents, but stopped short of granting the motion to dismiss overall.  Cox objects to those recommendations.  (ECF No. 488 ("Obj.").)  Entropic has filed a response to those objections, which MaxLinear joins.  For the reasons articulated in Entropic's brief, the Court should overrule Cox's objections and further dismiss Cox's new, meritless contract theory with prejudice.  This, along with MaxLinear's objections (ECF No. 490), would dispose of both Cox's breach of contract and declaratory judgment counterclaims.

The Special Master also correctly recommended that Cox's unjust enrichment/quasi-contract counterclaim be dismissed with prejudice as Cox does not dispute that there is a valid and enforceable contract addressing the parties' rights.  Cox objects to that recommendation as well.  As explained below, Cox's acknowledgement that the IPR Policy is valid and enforceable is dispositive against its unjust enrichment/quasi-contract counterclaim as a matter of law, and the Federal Rules' recognition of alternative pleading is inapplicable.[1]

---

[1] MaxLinear maintains that Cox lacks Article III standing to assert its counterclaims, as no injury has accrued to Cox that could be redressed by a favorable decision.  (*See generally* Mot. to Dismiss (ECF No. 335)).  *See also* Fed. R. Civ. P. 12(h)(3).

## II.   ARGUMENT

The Special Master correctly determined that Cox cannot pursue its unjust enrichment/quasi-contract counterclaim.  The Court should adopt the recommendation and dismiss that counterclaim with prejudice.

A plaintiff cannot plead a quasi-contract claim in the face of a valid, binding agreement.  *Huynh v. Quora, Inc.*, 2019 WL 11502875, at *12 (N.D. Cal. Dec. 19, 2019) ("unjust enrichment is an action in quasi-contract, which does not lie when an enforceable, binding agreement exists defining the rights of the parties") (quoting *Paracor Fin., Inc. v. Gen. Elec. Cap. Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996)); *see also Mohandas v. Wells Fargo Bank, N.A.*, 2023 WL 5506004, at *18 (C.D. Cal. July 13, 2023) (plaintiffs cannot plead both breach of an enforceable contract and unjust enrichment without denying existence of enforceable contract).

Here, Cox alleges that the IPR policy, which is incorporated into the Promoter Agreement, is binding and enforceable.  (*See* Countercls. ¶ 538 ("MaxLinear, Inc. and Entropic Inc. were, under the MoCA membership agreement, each subject to and bound by the MoCA Intellectual Property Rights Policy").)  This is dispositive—Cox may not pursue an unjust enrichment/quasi-contract counterclaim.  Cox's argument that it should be entitled to alternative pleading under Federal Rule of Civil Procedure 8 fails.  Alternative pleading does not permit pleading claims that are precluded as a matter of law.

### A.   Cox Concedes That the IPR Policy Is Valid and Binding

Cox concedes that the IPR Policy, a part of MaxLinear's contractual obligations to MoCA, is valid and binding.  (*See* Countercls. ¶¶ 538-539; ECF No. 384-1 at 9; *see also* ECF No. 446 ("R&R") at 56:18-19 ("Cox has not challenged the existence or validity of the MoCA IPR Policy.").)  Thus, the Special Master correctly determined the quasi-contract counterclaim was legally insufficient and recommended dismissing it with prejudice.  (R&R at 58:4-7.)

1    Trying to circumvent this recommendation, Cox argues that MaxLinear "very

2    much disputes the reach and applicability of the MoCA IPR Policy." (Obj. at

3    10:15-16.) MaxLinear does not dispute that the most recent IPR Policy, dated

4    October 31, 2017, governs under the Promoter Agreement. To maintain its quasi-

5    contract/unjust enrichment counterclaim, Cox must dispute the "existence or

6    validity of [an] express contract." *Huynh*, 2019 WL 11502875, at *12; *Nguyen v.*

7    *Stephens Inst.*, 529 F. Supp. 3d 1047, 1057 (N.D. Cal. 2021) (concurrent unjust

8    enrichment claim requires that plaintiff "allege that the supposed contract . . . was

9    unenforceable or void"). Even now, it does not.

10              **B.    The R&R Is Consistent with the Federal Rules**

11    Federal Rule of Civil Procedure 8(d) does not protect Cox's quasi-contract

12    counterclaim from dismissal. Pleading inconsistent claims is different from

13    pleading legally infirm claims.[2]

14    The Special Master correctly relied on *Huynh v. Quora, Inc.*, which is

15    directly on point. Cox complains that the Special Master cited "solely" to *Huynh*

16    (Obj. at 10), but the relevant portion of *Huynh* itself cites to two Ninth Circuit

17    cases. *Hyunh*, 2019 WL 11502875 at *12. The Special Master's quotation merely

18    removed these internal citations. While noting that "Federal Rule of Civil

19    Procedure 8 allows pleading in the alternative," the *Huynh* court observed that "the

20    liberal pleading policy has its limits." *Id*. (citing *Total Coverage, Inc. v. Cendant*

21    *Settlement Servs. Grp., Inc.*, 252 F. App'x 123, 126 (9th Cir. 2007)). Here, as in

22    *Huynh*, "there is no dispute about the existence or validity of the express contract"

23    and Cox does not allege that the IPR Policy "is void" or otherwise "rescinded," so

24    Cox "cannot plead alternative theories that necessarily fail where an express

25

26

27    [2] California courts also allow alternative pleading and routinely dismiss such quasi-
     contract claims on demurrer. *See Klein v. Chevron U.S.A., Inc.*, 202 Cal. App. 4th

28    1342, 1389-1390 (2012).

1  contract defines the rights of the parties." *Id.*[3]

2  Indeed, courts have interpreted Rule 8(d) to allow a plaintiff to assert breach

3  of contract and quasi-contract simultaneously ***only if*** they also plead facts

4  suggesting that the contract may be unenforceable or invalid.  *See, e.g.*, *Nguyen*,

5  529 F. Supp. 3d at 1057; *Saroya v. Univ. of the Pac.*, 503 F. Supp. 3d 986, 998

6  (N.D. Cal. 2020) ("[A] plaintiff may not plead the existence of an enforceable

7  contract and simultaneously maintain a quasi-contract claim unless the plaintiff also

8  pleads facts suggesting that the contract may be unenforceable or invalid.") (citing

9  *Klein*, 202 Cal. App. 4th at 1389); *Lennar Mare Island, LLC v. Steadfast Ins. Co.*,

10  2016 WL 829210, at *4 (E.D. Cal. Mar. 3, 2016) (dismissing the quasi-contract

11  claim for plaintiff's failure to allege "an alternative theory that no contractual

12  remedy is available").

13  Cox relies on *Safari v. Whole Foods Market Services, Inc.*, but that involved

14  simultaneous restitution and breach of warranty claims.  2023 WL 5506014, at *13

15  (C.D. Cal. July 24, 2023).  The restitution claim was not based on the warranty

16  claim but on an inconsistent alternative.  *Id.*  Allowing both claims, this Court

17  explained that "[a] claim for restitution is permitted even if the party inconsistently

18  pleads a breach of contract claim that alleges the existence of an enforceable

19  agreement." *Id.*

20  In support, however, *Safari* cited and relied on *Rutherford Holdings, LLC v.*

21  *Plaza Del Ray* and *Klein*.  *Rutherford* allowed the quasi-contract claim to proceed

22  only because the plaintiff alleged that the parties' agreement was "contrary to

23  public policy" and "unlawful." 223 Cal. App. 4th at 231-32.  *Klein* affirmed the

[3] Cox urges the Court to overrule the R&R because the pleading issue is procedural. But the law that quasi-contract claims cannot be asserted in the presence of a valid and binding contract arises from California's common law of equity, which is substantive law.  *See Brodsky v. Apple Inc.*, 445 F. Supp. 3d 110, 133 (N.D. Cal. 2020) ("[Rule 8] does not alter a substantive right between the parties and accordingly does not allow a plaintiff invoking state law to an unjust enrichment claim while also alleging an express contract.") (internal citation omitted).

5

***dismissal*** of an unjust enrichment claim, where the plaintiff "did not deny the existence or enforceability of [an] agreement" underlying its concurrently pled breach of contract claim.  202 Cal. App. 4th at 1389-90.  *Safari*, which relies on *Klein*, therefore hurts rather than helps Cox.[4]  Importantly, the briefing in *Safari* never considered Cox's argument about Rule 8(d).  It only considered whether an unjust enrichment claim—which is not a cause of action under California law— could be construed on the pleadings as a claim for quasi-contract.  (*See Safari*, Case 8:22-cv-01562-JWH-KES, ECF Nos. 46, 48, & 50.)  Cox took a different tack, and its counterclaim must be dismissed.

Cox's other authority is of no help:

- *Lair v. Bank of America N.A.* did not address the specific issue here, *i.e.*, whether an "enforceable, binding agreement exists defining the rights of the parties."  2024 WL 943945, at *4 (C.D. Cal. Jan. 26, 2024) (internal quotation and citation omitted).  It relied upon two cases—*Longest v. Green Tree Servicing* and *Clear Channel Outdoor, Inc. v. Bently Holdings California LP*—as allowing alternative breach and unjust enrichment pleadings.  As noted, *Longest* did not involve claims against the same defendant.  74 F. Supp. 3d 1289, 1302 (C.D. Cal. 2015).  In *Clear Channel*, the court ***dismissed*** the unjust enrichment claim due to plaintiff's failure to allege "facts as to how the contract would be unenforceable."  2011 WL 6099394, at *9 (N.D. Cal. Dec. 7, 2011).  *Lair* therefore undercuts Cox's position.

- In *European Travel Agency Corp. v. Allstate Insurance Co.*, plaintiffs challenged the contract's validity when pressing their unjust enrichment claim.  *See* 600 F. Supp. 3d 1099, 1104 (C.D. Cal. 2022) (characterizing policies as containing "absurd requirements that [were] impossible to satisfy" and would "never cover a loss").  Cox has not done the same here.

- *Ashton v. J.M. Smucker Co.* involved plaintiffs that had properly "pleaded their contract and unjust enrichment claims in the alternative."  2020 WL 8575140, at *13 (C.D. Cal. Dec. 16, 2020).  The court did not address the

---

[4] In *Safari*, the Court correctly pointed out that unjust enrichment is not an independent cause of action.  2023 WL 5506014 at *13 ("Courts consistently have held that unjust enrichment is not a proper cause of action under California law.") (internal quotation and citation omitted).  The Court should treat Cox's counterclaim strictly as a counterclaim for quasi-contract, and then it should dismiss that counterclaim.  *See id.* (considering "unjust enrichment as a quasi-contract claim seeking restitution") (internal quotation and citation omitted).

situation here, in which Cox does not plead its breach and quasi-contract/unjust enrichment counterclaims in the alternative but concedes that a valid and enforceable agreement governs MaxLinear's obligations.

- In *Texmont Design Ltd. v. Halston Operating Co.*, the contracts' validity was unclear, and the defendant "strongly denie[d] that it was a party" to underlying purchase orders.  2019 WL 13080590, at *4 (C.D. Cal. Nov. 13, 2019) ("At this stage, the Court cannot determine whether an express contract between [the parties] precludes the implied contract claims."). On this basis, the court allowed plaintiff's alternative quasi-contract claim to proceed—even though it recognized that this claim might prove "implausible based on [the] related breach of express contract claim."  *Id.*

- In *Intelligent Management Solutions, Inc. v. Crown Glendale Associates, LLC*, the court deemed defendant's motion to dismiss plaintiff's unjust enrichment claim to be "premature," as the defendant had not yet "admit[ted] that a written contract exist[ed] between the parties."  2013 WL 12130317, at *2 (C.D. Cal. Feb. 20, 2013).  Here, by contrast, MaxLinear and Cox both agree that the IPR Policy is valid and enforceable.  *Intelligent Management* notably relies on two unhelpful cases for Cox.  In *Parino v. Bidrack, Inc.*, the plaintiff expressly ***challenged*** the contract's validity.  838 F. Supp. 2d 900, 908 (N.D. Cal. 2011).  In *Clear Channel*, the court ***dismissed*** the unjust enrichment claim.  2011 WL 6099394, at *9

Here, no party disputes the IPR Policy's existence and validity.

## III.    CONCLUSION

The Court should adopt the Special Master's recommendation that Cox's unjust enrichment/quasi-contract counterclaim be dismissed with prejudice.

sf-5965120

Dated:  May 24, 2024

MORRISON & FOERSTER LLP

By: */s/ Bita Rahebi*
Bita Rahebi

BITA RAHEBI (CA SBN 209351)
brahebi@mofo.com
ALEX S. YAP (CA SBN 241400)
ayap@mofo.com
ROSE S. LEE (CA SBN 294658)
roselee@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, California  90017-3543
Telephone:    (213) 892-5200
Facsimile:    (213) 892-5454

RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street,
San Francisco, California 94105-2482
Palo Alto, California  94304-1018
Telephone:    (415) 268-7000
Facsimile:    (415) 268-7522

*Attorneys for Counter-Defendants*
MAXLINEAR, INC. and
MAXLINEAR COMMUNIATONS
LLC

MAXLINEAR'S RESPONSE TO COX DEFENDANTS' OBJECTIONS TO SPECIAL MASTER'S R&R
CASE NO. 2:23-CV-1043-JWH-KES

sf-5965120

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Counter-Defendants MAXLINEAR, INC. and MAXLINEAR COMMUNICATIONS LLC, certifies that this brief contains 1,942 words, which complies with the word limit of L.R. 11-6.1

Dated:  May 24, 2024                          By: */s/ Bita Rahebi*
                                                       Bita Rahebi

9

sf-5965120