KILPATRICK TOWNSEND & STOCKTON LLP
April E. Isaacson (SBN 180638)
aisaacson@kilpatricktownsend.com
Two Embarcadero Center, Suite 1900
San Francisco CA 94111
(415) 273 8306

Sarah Y. Kamran (SBN 347617)
skamran@kilpatricktownsend.com
1801 Century Park East, Suite 2300
Los Angeles CA 90067
(310) 777 3733

Mitchell G. Stockwell (*pro hac vice*)
mstockwell@kilpatricktownsend.com
Vaibhav P. Kadaba (*pro hac vice*)
wkadaba@kilpatricktownsend.com
Michael J. Turton (*pro hac vice*)
mturton@kilpatricktownsend.com
Courtney S. Dabbiere (*pro hac vice*)
cdabbiere@kilpatricktownsend.com
Christopher S. Leah (*pro hac vice*)
cleah@kilpatricktownsend.com
Andrew Saul (*pro hac vice*)
asaul@kilpatricktownsend.com
1100 Peachtree Street, NE, Suite 2800
Atlanta GA 30309
(404) 815 6500

*Attorneys for Defendants*
Cox Communications, Inc.; CoxCom, LLC; and
Cox Communications California, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>COX COMMUNICATIONS, INC.; COXCOM, LLC; and COX COMMUNICATIONS CALIFORNIA, LLC,<br><br>Defendants. | LEAD CASE:<br>Case No. 2:23-cv-1043-JWH-KES<br><br>RELATED CASE:<br>Case No. 2:23-cv-1047-JWH-KES<br><br>**COX DEFENDANTS' MOTION TO STRIKE ENTROPIC'S RESPONSE TO COX'S OBJECTIONS TO SPECIAL MASTER'S REPORT AND RECOMMENDATION ON MOTIONS REFERRED BY THE COURT ON FEBRUARY 9, 2024** |

| | |
|---|---|
| 1 | COX COMMUNICATIONS, INC., COXCOM, LLC, AND COX COMMUNICATIONS CALIFORNIA, LLC, |
| 2 | |
| 3 | Counter-Claimants, |
| 4 | v. |
| 5 | ENTROPIC COMMUNICATIONS, LLC; MAXLINEAR COMMUNICATIONS LLC; AND MAXLINEAR, INC. |
| 6 | |
| 7 | Counter-Defendants |

1    Defendants Cox Communications, Inc., CoxCom LLC, and Cox
2    Communications California, LLC (collectively, "Cox") hereby move to strike
3    Sections C and D of Plaintiff Entropic Communications, LLC's ("Entropic")
4    Response to Defendant Cox's Objections to the Special Master's Report and
5    Recommendation ("R&R") on Motions Referred by the Court on February 9, 2024
6    (Dkt. 510). Entropic's Response to Cox's Objections to the Special Master's R&R
7    includes unauthorized, untimely, and improper new objections to the R&R, which
8    are outside the scope of, and do not constitute a response to Cox's limited objections
9    to the R&R regarding MaxLinear's motion to dismiss (Dkt. 488). MaxLinear's
10   joinder of Entropic's Response compounds the impropriety of the Response as it
11   effectively gave MaxLinear and Entropic fifteen pages to respond to Cox's
12   objections rather than the ten permitted. Accordingly, Cox respectfully requests that
13   Entropic's improper "Response" be stricken.
14       This motion is made following the conference of counsel pursuant to
15   L.R. 7-3, which took place on June 4, 2024.

16   **I.    FACTUAL BACKGROUND**

17       The Special Master issued the R&R on April 22, 2024 and ordered that "[a]ny
18   objections to the findings, conclusions, and recommendations contained in this report
19   should be filed no later than within the time period set forth by the Federal Rule of
20   Civil Procedure 53(f)(2)." (Dkt. 446 at 97.)

21       Pursuant to the R&R and Rule 53(f)(2), MaxLinear filed objections to the
22   R&R on May 13, 2024, objecting to the R&R's determinations that Cox's breach of
23   contract claim and declaratory judgment claim should not be dismissed. (Dkt. 469-
24   1.) Entropic did not file any objections to the R&R on May 13, 2024.

25       Cox also filed objections to the R&R on May 13, 2024, in which it raised
26   limited objections to the R&R's findings on Cox's counterclaims against
27   MaxLinear. (*See* Dkt. 488.) Specifically, Cox objected in two respects: (1) Cox

28

1  objected to the R&R noting that aspects of Cox's contract and breach theories were
2  potentially implausible, to the extent such statements were not dicta; and (2) Cox
3  objected the R&R's dismissal of its quasi contract claim as inconsistent with its
4  contract claim. (*Id.* at 4-12.)

5    The deadline to respond to objections was May 24, 2024, and no further
6  briefing was contemplated following the responses, "unless specifically requested
7  by the Court." (Dkt. 492 at 2.) MaxLinear filed a six-page response, addressing only
8  Cox's objection to the R&R's dismissal of its quasi-contract claim. (Dkt. 511.)
9  Entropic filed a separate eight and a half-page response, addressing Cox's objection
10 to the R&R's discussion of Cox's breach theories, and raising new objections to the
11 R&R. (Dkt. 510.) MaxLinear joined Entropic's response. (Dkt. 512.)

12 **II.   ARGUMENT**

13   Entropic's "Response" should be stricken as it introduces new objections and
14 requests modifications to the R&R, after the deadline, when Cox cannot respond
15 absent a request from the Court per the parties' stipulation. Federal Rule of Civil
16 Procedure 53(f)(2) expressly states that, "[a] party may file objections to – or a
17 motion to adopt or modify – the master's order, report, or recommendations no later
18 than 21 days after a copy is served, unless the court sets a different time." The R&R
19 notes that "[f]ailure to timely object might preclude consideration of objections or
20 may affect the standard of review applied by the District Judge or other appellate
21 tribunal." (Dkt. 446 at 97.)

22   While a portion of Entropic's Response addresses the objection Cox made to
23 the R&R's discussion on some of the breaches by MaxLinear Cox alleges in the
24 Counterclaims, the majority addresses Entropic's contention that "[t]he Court should
25 modify the R&R to dismiss Cox's claim for breach of contract as either implausible
26 or not pled, as well as the claims for declaratory judgment and tortious interference
27 based on those alleged breaches." (Dkt. 510 at 12.) For example, the headings for

28

Sections C and D begin "The R&R Should Be Modified," and proceed to assert untimely, unauthorized new objections and requests to modify the R&R. (*Id.* at 8-12.) These are improper under the R&R and Rule 53(f)(2), which set forth a specific time for filing objections and requests to modify the R&R—a time that is before parties file their responses.

In light of Entropic's failure to file any timely objections of its own, Entropic was only authorized to respond to Cox's objections, not to assert new objections, in its Response. As such, the Court should not consider Entropic's untimely new objections. (Dkt. 446 at 97); *see, e.g.*, *Cibus LLC v. Cap. Ins. Grp.*, No. CV-20-00277-TUC-JGZ (DTF), 2021 WL 1100376, at *2 (D. Ariz. Mar. 23, 2021) ("[T]he the Court will strike those portions of the Plaintiff's response that assert arguments that are not responsive to arguments raised by Eagle West in its limited objection."); *Lambert v. Dennis*, No. C15-1213-RSM, 2016 WL 7441012, at *1 (W.D. Wash. Dec. 27, 2016), *aff'd,* 737 F. App'x 354 (9th Cir. 2018) (striking objections as untimely when filed after deadline); *In re Cathode Ray Tube (Crt) Antitrust Litig.*, No. C-07-5944 JST, 2016 WL 945981, at *1 n.1 (N.D. Cal. Mar. 14, 2016) (overruling objection as untimely where order appointing Special Master required objections "within 14 days from the day the Special Master filed the order, report, and/or recommendation via ECF" and "objection was filed more than 14 days after issuance of the R&R").

Further, MaxLinear's joinder of Entropic's untimely objections should be rejected at least as it is an improper attempt to circumvent the 10-page limit on responses. By joining Entropic's Response, MaxLinear was permitted an additional eight and a half pages to respond to Cox's objections. This was improper and further supports striking Entropic's Response.

COX DEFENDANT'S MOTION TO STRIKE ENTROPIC'S RESPONSE TO COX'S OBJECTIONS TO R&R
CASE NO. 2:23-CV-1043-JWH-KES

3

## III. CONCLUSION

Entropic had an opportunity to object to the R&R by May 13, but failed to file any objections to the findings on Cox's counterclaims of its own. Its belated attempt to raise new objections and arguments at the eleventh hour, when it knows Cox has no opportunity to respond to them, is improper. Its unauthorized and untimely new objections should be rejected and stricken from Entropic's Response.

Dated: June 11, 2024                KILPATRICK TOWNSEND & STOCKTON LLP

By:  /s/  April E. Isaacson

April E. Isaacson (SBN 180638)
aisaacson@kilpatricktownsend.com
Two Embarcadero Center, Suite 1900
San Francisco CA 94111
(415) 273 8306

Sarah Y. Kamran (SBN 347617)
skamran@kilpatricktownsend.com
1801 Century Park East, Suite 2300
Los Angeles CA 90067
(310) 777 3733

Mitchell G. Stockwell (*pro hac vice*)
mstockwell@kilpatricktownsend.com
Vaibhav P. Kadaba (*pro hac vice*)
wkadaba@kilpatricktownsend.com
Michael J. Turton (*pro hac vice*)
mturton@kilpatricktownsend.com
Courtney S. Dabbiere (*pro hac vice*)
cdabbiere@kilpatricktownsend.com
Christopher S. Leah (*pro hac vice*)
cleah@kilpatricktownsend.com
Andrew N. Saul (*pro hac vice*)
asaul@kilpatricktownsend.com
1100 Peachtree Street, NE, Suite 2800
Atlanta GA 30309
(404) 815 6500

*Attorneys for Defendants*
*Cox Communications, Inc.; CoxCom, LLC; and*
*Cox Communications California, LLC*