

1  Christina Goodrich (SBN 261722)
   christina.goodrich@klgates.com
2  Rachel Berman (SBN 352237)
   rachel.berman@klgates.com
3  K&L GATES LLP
   10100 Santa Monica Boulevard
4  Eighth Floor
   Los Angeles, CA 90067
5  Telephone: +1 310 552 5000
   Facsimile: +1 310 552 5001
6
7  [*Additional counsel on signature page*]

8  **Attorneys for Plaintiff**
   **Entropic Communications, LLC**

9           **UNITED STATES DISTRICT COURT**

10          **CENTRAL DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| 12  ENTROPIC COMMUNICATIONS, LLC, | Case No. 2:23-cv-01043-JWH-KES (Lead Case) |
| 13  Plaintiff, | Case No. 2:23-cv-01048-JWH-KES (Related Case) |
| 14  v. | |
| 15  DISH NETWORK CORPORATION, *et al.*, | [Assigned to the Honorable John W. Holcomb] |
| 16 | |
| 17  Defendants. | **ENTROPIC'S OPPOSITION TO COMCAST'S MOTION TO DISMISS THE CORRECTED SECOND AMENDED AND SUPPLEMENTAL COMPLAINT** |
| 18 | |
| 19 | |
| 20  ENTROPIC COMMUNICATIONS, LLC, | |
| 21  Plaintiff, | Date:      April 25, 2025 |
| 22  v. | Time:      9:00 am |
| 23 | Dept:      9D |
| 24  COX COMMUNICATIONS, INC., *et al.*, | <span style="color:red">**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**</span> |
| 25 | |
| 26  Defendants. | |
| 27  ENTROPIC COMMUNICATIONS, | |

28



LLC,

        Plaintiff,

    v.

COMCAST CORPORATION, *et al.*,

        Defendants.

ENTROPIC COMMUNICATIONS, LLC,

        Plaintiff,

    v.

DIRECTV, LLC, *et al.*,

        Defendants.

2

ENTROPIC'S OPPOSITION TO COMCAST'S MOTION TO DISMISS THE
CORRECTED SECOND AMENDED AND SUPPLEMENTAL COMPLAINT

# TABLE OF CONTENTS

**I.    INTRODUCTION** ........................................................................**8**

**II.   JUDICIAL STANDARD** .............................................................**9**

  **A.   Rule 12(b)(1) of the Federal Rules of Civil Procedure** ...........................**9**

  **B.   Rule 12(b)(6) of the Federal Rules of Civil Procedure** ...........................**10**

**III.    ARGUMENT** ........................................................................**11**

  **A.   Comcast's motion under Rule 12(b)(1) should be denied in full.** ...........**11**

  **B.   The SAC sufficiently alleges that Comcast willfully infringed each of the Asserted Patents.** ...............................................................**14**

    **1.    The allegations regarding Comcast's post-suit conduct are sufficient to plead Comcast's willful infringement.** ...........................**14**

    **2.    The allegations related to Comcast's investment in Entropic Inc. and participation in MoCA are sufficient to plead Comcast's willful infringement.** ...............................................................**20**

**IV.    CONCLUSION** ....................................................................**25**

ENTROPIC'S OPPOSITION TO COMCAST'S MOTION TO DISMISS THE
CORRECTED SECOND AMENDED AND SUPPLEMENTAL COMPLAINT

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Air Prod. & Chemicals, Inc. v. Reichhold Chemicals, Inc.*,
    755 F.2d 1559 (Fed. Cir. 1985) ............................................................................21

*Apple Inc. v. Qualcomm Inc.*,
    992 F.3d 1378 (Fed. Cir. 2021) ............................................................................13

*Apple Inc. v. Samsung Elecs. Co.*,
    258 F. Supp. 3d 1013 (N.D. Cal. 2017).........................................................17, 18

*Arbaugh v. Y&H Corp.*,
    546 U.S. 500 (2006)..............................................................................................14

*Arctic Cat Inc. v. Bombardier Recreational Prods., Inc.*,
    876 F.3d 1350 (Fed. Cir. 2017) ............................................................................21

*Ashroft v. Iqbal*,
    556 U.S. 662 (2009)..............................................................................................10

*Bell v. Hood*,
    327 U.S. 678 (1946)..............................................................................................10

*Biedermann Techs. GmbH & Co. KG v. K2M, Inc.*,
    528 F. Supp. 3d 407 (E.D. Va. 2021) ..................................................................17

*In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*,
    681 F.3d 1323 (Fed. Cir. 2012) ............................................................................18

*BillJCo, LLC v. Apple Inc.*,
    583 F. Supp. 3d 769 (W.D. Tex. 2022) ................................................................16

*Carborundum Co. v. Molten Metal Equip. Innovations, Inc.*,
    72 F.3d 872 (Fed. Cir. 1995) ................................................................................12

*Cedar Park Assembly of God of Kirkland, Washington v. Kreidler*,
    2025 WL 716341 (9th Cir. Mar. 6, 2025) ............................................................10

*Collins & Aikman Prod. Co. v. Sermatech Eng'g Grp., Inc.*,
    746 N.Y.S.2d 698 (2002)......................................................................................15

ENTROPIC'S OPPOSITION TO COMCAST'S MOTION TO DISMISS THE
CORRECTED SECOND AMENDED AND SUPPLEMENTAL COMPLAINT

*Dow Jones & Co. v. Ablaise Ltd.*,
   606 F.3d 1338 (Fed. Cir. 2010) ........................................................................ 12

*Finjan, Inc. v. Eset, LLC*,
   2017 WL 1063475 (S.D. Cal. March 21, 2017) ................................................ 17

*Fluidigm Corp. v. IONpath, Inc.*,
   2020 WL 1433178 (N.D. Cal. Mar. 24, 2020) .................................................. 17

*Focus Prods. Grp. Int'l, LLC v. Kartri Sales Co.*,
   647 F. Supp. 3d 145 (S.D.N.Y. 2022) ............................................................... 17

*Gonzalez v. United States Immigr. & Customs Enf't*,
   975 F.3d 788 (9th Cir. 2020) ............................................................................ 13

*Graco, Inc. v. Binks Mfg. Co.*,
   60 F.3d 785 (Fed. Cir. 1995) ............................................................................ 22

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
   579 U.S. 93 (2016) .............................................................................. 18, 19, 20

*Harris v. Cnty. of Orange*,
   682 F.3d 1126 (9th Cir. 2012) .......................................................................... 10

*Intell. Tech LLC v. Zebra Techs. Corp.*,
   101 F.4th 807 (Fed. Cir. 2024) .................................................................... 11, 13

*King Pharms., Inc. v. Eon Labs, Inc.*,
   616 F.3d 1267 (Fed. Cir. 2010) ........................................................................ 12

*Missouri ex rel. Koster v. Harris*,
   847 F.3d 646 (9th Cir. 2017) ...................................................................... 14, 25

*Labyrinth Optical Technologies, LLC v. Fujitsu America, Inc.*,
   2013 WL 12126111 (C.D. Cal. Aug. 21, 2013) ............................................... 18

*Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*,
   925 F.3d 1225 (Fed. Cir. 2019) .............................................................. 11, 12, 13

*Maya v. Centex Corp.*,
   658 F.3d 1060 (9th Cir. 2011) .......................................................................... 10

*Merrill Mfg. Co. v. Simmons Mfg. Co.*,
   553 F. Supp. 3d 1297 (N.D. Ga. 2021) ............................................................. 16

ENTROPIC'S OPPOSITION TO COMCAST'S MOTION TO DISMISS THE
CORRECTED SECOND AMENDED AND SUPPLEMENTAL COMPLAINT

*Microsoft Corp. v. Motorola, Inc.*,
    864 F. Supp. 2d 1023 (W.D. Wash. 2012) ..........................................................22

*Mirabelli v. Olson*,
    2025 WL 42507 (S.D. Cal. Jan. 7, 2025) ............................................................10

*Monolithic Power Sys., Inc. v. Silergy Corp.*,
    127 F. Supp. 3d 1071 (N.D. Cal. 2015) ..............................................................17

*MyMedicalRecords, Inc. v. Jardogs, LLC*,
    1 F. Supp. 3d 1020 (C.D. Cal. 2014) ............................................................17, 18

*Parity Networks, LLC v. Moxa Inc.*,
    2020 WL 6064636 (C.D. Cal. Sept. 11, 2020) ...................................................17

*Pixton v. B & B Plastics, Inc.*,
    291 F.3d 1324 (Fed. Cir. 2002) ..........................................................................21

*Potter Voice Techs., LLC v. Apple Inc.*,
    24 F. Supp. 3d 882 (N.D. Cal. 2014) ..................................................................23

*R.R. St. & Co. Inc. v. Transp. Ins. Co.*,
    656 F.3d 966 (9th Cir. 2011) ..............................................................................13

*Ravgen, Inc. v. Quest Diagnostics Inc.*,
    2022 WL 2047613 (C.D. Cal. Jan. 18, 2022) .....................................................18

*RJ Tech., LLC v. Apple, Inc.*,
    2023 WL 3432237 (C.D. Cal. Mar. 23, 2023) ....................................................17

*Rowe v. Educ. Credit Mgmt. Corp.*,
    559 F.3d 1028 (9th Cir. 2009) ............................................................................10

*Scramoge Tech. Ltd. v. Apple, Inc.*,
    669 F. Supp. 3d 826 (N.D. Cal. 2023) ................................................................12

*Slot Speaker Techs., Inc. v. Apple, Inc.*,
    2017 WL 4354999 (N.D. Cal. Sept. 29, 2017) ...................................................18

*Sonos, Inc. v. Google LLC*,
    591 F. Supp. 3d 638 (N.D. Cal. 2022) ..........................................................19, 21

*SRI Int'l, Inc. v. Cisco Sys., Inc.*,
    14 F.4th 1323 (Fed. Cir. 2021) ...........................................................................19

6

ENTROPIC'S OPPOSITION TO COMCAST'S MOTION TO DISMISS THE
CORRECTED SECOND AMENDED AND SUPPLEMENTAL COMPLAINT

*SRI Int'l, Inc. v. Cisco Sys., Inc.*,
    930 F.3d 1295 (Fed. Cir. 2019) ........................................................................19

*Starr v. Baca*,
    652 F.3d 1202 (9th Cir. 2011) ..........................................................................11

*Sunoco Partners Mktg. & Terminals L.P. v. U.S. Venture, Inc.*,
    32 F.4th 1161 (Fed. Cir. 2022) .........................................................................19

*TeleSign Corp. v. Twilio, Inc.*,
    2015 WL 12765482 (C.D. Cal. Oct. 16, 2015) .................................................17

*Therabody, Inc. v. Tzumi Elecs. LLC*,
    2022 WL 17826642 (S.D.N.Y. Dec. 19, 2022) ...........................................16, 18

*Tonal Sys., Inc. v. iFIT Inc.*,
    2022 WL 951549 (D. Del. Mar. 30, 2022) ........................................................17

*Vaporstream, Inc. v. Snap Inc.*,
    2020 WL 136591 (C.D. Cal. Jan. 13, 2020) ......................................................17

*Warn Indus., Inc. v. Agency 6 Inc.*,
    660 F. Supp. 3d 924 (E.D. Cal. 2023) ...............................................................21

*WCM Industries, Inc. v. IPS Corp.*,
    721 F. App'x 959 (Fed. Cir. 2018) ...............................................................22, 23

*Zest IP Holdings, LLC v. Implant Direct Mfg. LLC*,
    2015 WL 1510755 (S.D. Cal. Feb. 3, 2015) ......................................................12

**Statutes**

35 U.S.C. § 271 ........................................................................................................11

**Other Authorities**

Fed. R. Civ. Proc. 8 .................................................................................................18

Fed. R. Civ. Proc. 11 ...............................................................................................18

Fed. R. Civ. Proc. 12 ........................................................................................*passim*

ENTROPIC'S OPPOSITION TO COMCAST'S MOTION TO DISMISS THE
CORRECTED SECOND AMENDED AND SUPPLEMENTAL COMPLAINT

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.    INTRODUCTION

3

There is no jurisdictional defect in this case and thus no basis to grant
Comcast's motion under Federal Rule of Civil Procedure 12(b)(1). Comcast's
motion presents a garden-variety license defense that—like similar defenses in many
cases before—goes to the merits of Entropic's claims, not the Court's jurisdiction.

Comcast's motion is based on a claim that the VSA authorizes it to practice
the patents-in-suit absent willful infringement. But the absence of "authority" to
practice a patent is, by statute, a substantive element of a claim for patent
infringement, not a jurisdictional prerequisite. Standing in no way depends on the
merits of a right to relief, and the Corrected Second Amended and Supplemental
Complaint ("SAC") irrefutably demonstrates all elements of Article III standing. It
is also premature to evaluate the VSA—mentioned for the first time in an affirmative
defense in Comcast's motion—because Rule 12(b) tests the sufficiency of the
complaint and nothing more.

Comcast's motion simply assumes that the current complaint is
jurisdictionally defective because the Court previously dismissed a separate
complaint on that ground. But Comcast's presumption ignores this Court's ongoing
obligation to assess its jurisdiction. Because Comcast's position contradicts
fundamental precepts of constitutional jurisprudence and civil procedure, this Court
should reach a different result with respect to the SAC and deny Comcast's motion.

As for Comcast's motion to dismiss Entropic's claims for willful infringement
under Rule 12(b)(6), the SAC adds more than enough detailed, factual allegations to
pass the plausibility test. Specifically, the SAC alleges that then-patent owner
Entropic Inc. sent an email to the MoCA Board—including Comcast—informing
them that the '518 Patent is essential to the MoCA standard, a standard Comcast was
intimately involved in developing and promoting, and that Comcast has used the

8

MoCA standard since that time despite knowing that the '518 Patent is essential to practicing it. 1043 DE 588-1 (SAC) ¶¶ 133–36. At a minimum, these allegations establish that Comcast was willfully blind and knew of a high risk that it was infringing the '518 Patent, as well as the '759 Patent (a continuation of the '518 Patent). *Id.* ¶¶ 137–38. These new allegations, plus the existing allegations concerning Comcast's long-standing and deep involvement with MoCA and the Asserted Patents' prior owners, are sufficient to allege that Comcast was aware of and knew of its infringement of the Asserted Patents.

There is also another straight-forward and independent reason to deny Comcast's motion regarding willfulness: as the SAC amply alleges, Comcast has been on notice of its infringement of the Asserted Patents through detailed claim charts and infringement contentions Entropic sent it after the original complaint was filed. *Id.* ¶¶ 158–81. Comcast's position—that this notice is null simply because it occurred during a lawsuit—is untenable. Although some district courts ignore post-suit willfulness, the majority view it for what it plainly is: a defendant's knowing persistence at infringing another's patent rights. This Court should join that majority view and deny Comcast's motion.

In sum, Entropic's allegations of non-willful patent infringement contain no jurisdictional defect, and the SAC's new, pre-suit allegations of willfulness, as well as its post-suit allegations of the same, clear the plausibility hurdle for willful patent infringement as to all Asserted Patents. Comcast's motion, under both 12(b)(1) and 12(b)(6), should be denied in full.

## II.    <u>JUDICIAL STANDARD</u>

### A. Rule 12(b)(1) of the Federal Rules of Civil Procedure

Subject matter jurisdiction challenges arise under Rule 12(b)(1). Jurisdiction is a question of whether the Court has the *authority* to hear a claim. In contrast to Rule 12(b)(6), the *merits* of a claim are irrelevant to the question of *authority*—the

9

Court either has authority, or lacks it, on the basis of the claim itself, not on its eventual outcome. "Jurisdiction, therefore, is not defeated . . . by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover." *Bell v. Hood*, 327 U.S. 678, 682 (1946). "[I]t is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction." *Id.* Thus, "[a]t the pleading stage, a plaintiff need only allege sufficient facts that, taken as true, demonstrate each element of Article III standing." *Cedar Park Assembly of God of Kirkland, Washington v. Kreidler*, 2025 WL 716341, at *4 (9th Cir. Mar. 6, 2025) (quotations omitted). And in the constitutional standing context, "a plaintiff need not satisfy the *Iqbal/Twombly* plausibility standard," *Mirabelli v. Olson*, 2025 WL 42507, at *4 (S.D. Cal. Jan. 7, 2025), because "the threshold question of whether plaintiff has standing (and the court has jurisdiction) is distinct from the merits of his claim." *Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011).

### B. Rule 12(b)(6) of the Federal Rules of Civil Procedure

Dismissal pursuant to Rule 12(b)(6) is based on a determination that the claim as pled is implausible. The barrier to dismissing a claim at this stage, with no discovery, is correspondingly very high. At the pleading stage, a court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1029–30 (9th Cir. 2009) (citation and quotation omitted). A complaint need only "contain[] 'sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face.'" *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131 (9th Cir. 2012) (quoting *Ashroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Thus, "[i]f there are two alternative explanations, one advanced by [a] defendant and the other advanced by [a] plaintiff, both of which are plausible, [a] plaintiff's complaint

ENTROPIC'S OPPOSITION TO COMCAST'S MOTION TO DISMISS THE
CORRECTED SECOND AMENDED AND SUPPLEMENTAL COMPLAINT

1  survives a motion to dismiss under Rule 12(b)(6)." *Starr v. Baca*, 652 F.3d 1202,

2  1216 (9th Cir. 2011).

3  **III.    ARGUMENT**

4          **A. Comcast's motion under Rule 12(b)(1) should be denied in full.**

5          This Court previously ruled that the VSA divested it of Article III jurisdiction

6  over the First Amended Complaint's ("FAC") claims of non-willful patent

7  infringement but that it retained jurisdiction over claims of willful patent

8  infringement. *See* 1048 DE 132 at 7. Entropic respectfully submits that this

9  conclusion misapplied the law of subject matter jurisdiction and should therefore be

10  revisited.

11          To Entropic's knowledge, no Federal Circuit case has held that a license or

12  covenant not to sue deprives a court of subject matter jurisdiction over a subsequent

13  patent infringement action. To the contrary, recent Federal Circuit precedent

14  establishes that Article III standing to sue for patent infringement is distinct from the

15  statutory requirements of the Patent Act. *See Intell. Tech LLC v. Zebra Techs. Corp.*,

16  101 F.4th 807, 814 (Fed. Cir. 2024). And the Patent Act specifically requires, as one

17  statutory element of a claim for patent infringement, that the defendant act "without

18  authority." 35 U.S.C. § 271. The question of whether Comcast was authorized to use

19  Entropic's patents is thus, by statute, an element of Entropic's claim for infringement.

20  It cannot be, and is not, a jurisdictional requirement.

21          Consistent with this, the Federal Circuit has clarified that, to establish subject-

22  matter jurisdiction, a patent owner need only allege that it possessed at least one

23  exclusionary right in its patent when its claim was filed. *Zebra Techs. Corp.*, 101

24  F.4th at 814. Here, Entropic "alleged that it possesses [exclusionary rights in the

25  asserted patents]" and "also alleged that [the Comcast defendants] infringe its

26  exclusionary rights," *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925

27  F.3d 1225, 1234 (Fed. Cir. 2019); *see, e.g.*, SAC ¶¶ 242, 255, 270 (allegations

28

11

pertaining to '518 Patent). "This is enough to confer standing at the pleading stage." *Lone Star*, 925 F.3d at 1234.

This outcome is consistent with established Federal Circuit precedent that treats "[a] license [as] an affirmative defense to patent infringement[]" that must be pleaded and proven by the accused infringer. *Scramoge Tech. Ltd. v. Apple, Inc.*, 669 F. Supp. 3d 826, 830 (N.D. Cal. 2023) (citing *Carborundum Co. v. Molten Metal Equip. Innovations, Inc.*, 72 F.3d 872, 878 (Fed. Cir. 1995)). As an affirmative defense, a licensing defense may be waived if not pled in a timely fashion. *See, e.g.*, *Zest IP Holdings, LLC v. Implant Direct Mfg. LLC*, 2015 WL 1510755, at *19 (S.D. Cal. Feb. 3, 2015). By contrast, a lack of subject matter jurisdiction cannot be waived. *See* FED. R. CIV. P. 12(h)(3). The fact that a licensing defense can be waived demonstrates that the existence of a license goes to the merits of liability, not to jurisdiction.

The authority cited by Comcast is inapposite: it addresses jurisdiction to bring a ***declaratory judgment*** action by entities who have no rights in a patent, not infringement actions by patent owners. To invoke declaratory judgment jurisdiction, a plaintiff must show "a substantial controversy[] between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Dow Jones & Co. v. Ablaise Ltd.*, 606 F.3d 1338, 1345 (Fed. Cir. 2010) (quotations omitted). For example, *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, addressed jurisdiction over declaratory judgment counterclaims after a patentee voluntarily dismissed its claims and provided a covenant not to sue. 556 F.3d 1294, 1297 (Fed. Cir. 2009); *see* 1043 DE 595 at 12 (quoting *Revolution Eyewear*). In the declaratory judgment context, the scope of a covenant or license ***can*** be a jurisdictional issue. If a license exists, there is no longer a controversy of "sufficient immediacy and reality" and thus no declaratory judgment jurisdiction. *See also King Pharms., Inc. v. Eon Labs, Inc.*, 616 F.3d 1267, 1283 (Fed. Cir. 2010)

ENTROPIC'S OPPOSITION TO COMCAST'S MOTION TO DISMISS THE
CORRECTED SECOND AMENDED AND SUPPLEMENTAL COMPLAINT

(vacating order on declaratory judgment counterclaims of invalidity because the "covenants not to sue confirm that there is no case or controversy"); *cf. Apple Inc. v. Qualcomm Inc.*, 992 F.3d 1378, 1381 (Fed. Cir. 2021) (appellant could not challenge patent through appeal of IPR decisions after receiving covenant not to sue). In an infringement action, by contrast, standing turns on whether a plaintiff holds "exclusionary rights" in a patent. *Lone Star*, 925 F.3d at 1234. There is no need, in this context, to analyze whether a claim is of "sufficient immediacy and reality" because a patentee's well-plead allegations that its patents are infringed suffices to invoke the court's jurisdiction. *See Zebra Techs.*, 101 F.4th at 814.

Comcast argues that the Court's dismissal of the FAC "remains the law of the case." 1043 DE 595 at 13. This is incorrect: "[t]he doctrine of 'law of the case' does not apply to the fundamental question of subject matter jurisdiction." *Gonzalez v. United States Immigr. & Customs Enf't*, 975 F.3d 788, 805 n.10 (9th Cir. 2020). "[W]hen it comes to non-discretionary actions for damages, . . . federal courts possess a virtually unflagging obligation . . . to exercise the jurisdiction given them." *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 977 (9th Cir. 2011) (quotation omitted). Thus, the prior dismissal of the FAC is not "law of the case" regarding this Court's jurisdiction over the SAC.[1]

---

[1] Although the dismissal of the FAC was based in part on a lack of constitutional standing, constitutional standing has never been adequately briefed by the parties. The first time Comcast raised constitutional standing in a brief was in its response to Entropic's supplemental brief. *See* 1048 DE 129 at 1; 1048 DE 126 at 1 ("Standing has not been disputed in this case."). But even then, in the resulting order, this Court gave no explicit indication that constitutional standing was the basis for its decision. *See* 1043 DE 132 at 6–7. Consequently, Entropic did not focus on constitutional standing in its motion for reconsideration, *see generally* 1043 DE 186; 1043 DE 221; and at most, in Comcast's opposition to reconsideration, Comcast raised constitutional standing only twice, both times in a conclusory, passing form, and without any supporting argument or caselaw. *See* 1043 DE 202 at 9, 14.

13

ENTROPIC'S OPPOSITION TO COMCAST'S MOTION TO DISMISS THE
CORRECTED SECOND AMENDED AND SUPPLEMENTAL COMPLAINT

At bottom, Comcast is improperly twisting its affirmative licensing defense into a jurisdictional attack to subvert the rules on considering matters outside the pleadings on a Rule 12 motion. The simple fact that Entropic has standing to bring an infringement suit does not, as Comcast suggests, "deprive [the VSA] of any force." *See* 1043 DE 595 at 15; 1043 DE 275 at 6. Rather, the scope and enforceability of the VSA are issues for later adjudication on the merits. Under Federal Circuit precedent on Article III standing in patent infringement actions, the Court should deny Comcast's motion under Rule 12(b)(1) in its entirety.

In the event this Court disagrees and finds it does not have jurisdiction, two precedential rules are worth noting. First, if this Court "concludes that it lacks subject-matter jurisdiction, [it] must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Second, if the SAC is dismissed for lack of subject matter jurisdiction, that dismissal must be without prejudice, because in that event, the merits of Entropic's claims could not have been considered. *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017). In other words, if the Court finds Entropic lacks standing, it cannot issue a final judgment nor adjudicate the sufficiency of Entropic's willfulness allegations.

## B. The SAC sufficiently alleges that Comcast willfully infringed each of the Asserted Patents.

### 1. The allegations regarding Comcast's post-suit conduct are sufficient to plead Comcast's willful infringement.

Comcast does not contest that the SAC sufficiently alleges that Comcast had post-suit knowledge of the Asserted Patents and had specific, detailed knowledge that it was infringing (and continues to infringe) those patents. Nor could it— Entropic's prior complaints provided detailed notice of the Asserted Patents and Comcast's infringement, including attached claim charts. SAC ¶¶ 161–70; *see generally* 1048 DE 1, 67. Even if that were insufficient, Entropic has served

14

substantial and detailed infringement contentions for each Asserted Patent that further provided notice of Comcast's infringement of the Asserted Patents. *Id*. ¶¶ 171–77. Rather than contest the sufficiency of these allegations, Comcast instead asserts that: (1) the VSA prohibited the original Complaint in this case, so it cannot serve to provide Comcast with notice of its willful infringement; and (2) the Court should adopt the minority position as to post-suit willful infringement and find that it is categorically insufficient. 1043 DE 598 at 14:17–18:24. Both arguments lack merit.

*First*, the VSA, as a factual matter, has no bearing on Comcast's corporate scienter, and as a legal matter, does not relieve Comcast of liability for willful infringement. Comcast indisputably received the original Complaint and accompanying claim charts and reviewed those materials. *See* 1048 DE 1, 19–21, 67. It also undisputedly received, separately, detailed infringement contentions Entropic served on it. SAC ¶¶ 171–72. Comcast does not contest that if Entropic had sent the Complaints and contentions to Comcast without filing a lawsuit, that would have been sufficient to support willfulness allegations. Instead, Comcast argues that the fact that it received them during a lawsuit somehow nullifies its knowledge of its infringement and forever protects Comcast from willful infringement. But even if the filing of Entropic's lawsuit somehow constitutes breach, as Comcast alleges,[2] it does not eliminate Comcast's specific knowledge of both the Asserted Patents and Comcast's infringement thereof. *See Collins & Aikman Prod. Co. v. Sermatech Eng'g Grp., Inc.*, 746 N.Y.S.2d 698, 700 (2002) ("[C]ovenants not to sue, when considered purely defensively, are narrowly construed because they have the effect of exculpating a party from its own wrongdoing.").

---

[2] Comcast's assertion that the original Complaint breached the covenant is without merit. All prior complaints have alleged willful patent infringement of all Asserted Patents, *see* 1048 DE 1; 1050 DE 1; and it has never been suggested that Entropic lacked a good faith basis to bring those claims.

ENTROPIC'S OPPOSITION TO COMCAST'S MOTION TO DISMISS THE
CORRECTED SECOND AMENDED AND SUPPLEMENTAL COMPLAINT

It is also not the case that allowing Entropic to litigate this suit "would deprive [the] covenant[] not to sue of any force" or would "forc[e] the parties to litigate when that is the very thing that they agreed not to do." 1043 DE 598 at 15:12–15 (citing 1043 DE 275 at *4). The covenant may still operate to limit Comcast's damages window to the time during which its infringement was willful. And the parties never agreed to forbear litigation altogether. Simply put, the VSA expressly allows Comcast to be sued for willful infringement and therefore is not a license.[3]

In short, Comcast indisputably has had detailed knowledge of the Asserted Patents and how it is infringing the Asserted Patents on an ongoing basis since at least the filing of the original Complaint and subsequent service of infringement contentions (each of which independently provided notice). SAC ¶¶ 158–75. Despite this, Comcast has continued to infringe the Asserted Patents. *Id.* ¶¶ 176–77. This is paradigmatic willful patent infringement, and is expressly carved out in the VSA, which is agnostic as to the method by which Comcast obtains its knowledge and begins to willfully infringe. 1048 DE 82-2 ("VSA") § 7.3.

**Second**, Comcast's argument that this Court should categorically reject post-suit willfulness allegations relies on non-precedential caselaw that represents a **minority** viewpoint. This Court should instead adopt the **majority** viewpoint and join "most [district] courts in holding that [post-filing, willful infringement allegations in an amended complaint] *may* support a claim for willful infringement." *Merrill Mfg. Co. v. Simmons Mfg. Co.*, 553 F. Supp. 3d 1297, 1306 (N.D. Ga. 2021); *see id.* at 1305–06 & n.9 (collecting cases); *BillJCo, LLC v. Apple Inc.*, 583 F. Supp. 3d 769, 778–79 & n.2 (W.D. Tex. 2022) (collecting cases); *Therabody, Inc. v. Tzumi Elecs.*

---

[3] The very concept of a license for non-willful infringement is nonsensical. In Comcast's estimation, it has a license and authorization to use patents but it cannot be aware that it is using said patents. And once it becomes aware it is using the patents for which it supposedly has a license, the license ceases to exist. That is antithetical to the definition of a license

16

ENTROPIC'S OPPOSITION TO COMCAST'S MOTION TO DISMISS THE
CORRECTED SECOND AMENDED AND SUPPLEMENTAL COMPLAINT

*LLC*, 2022 WL 17826642, at *9–12 (S.D.N.Y. Dec. 19, 2022) (analyzing court split); *Tonal Sys., Inc. v. iFIT Inc.*, 2022 WL 951549, at *2–3 (D. Del. Mar. 30, 2022) (evaluating counterpoints).[4] The viewpoint that original complaints may supply the knowledge necessary for post-suit willful infringement is also one held by a majority of district courts in this circuit. *See, e.g.*, *Apple Inc. v. Samsung Elecs. Co.*, 258 F. Supp. 3d 1013, 1027 (N.D. Cal. 2017) ("[P]ost-filing conduct alone can serve as the basis of a jury's willfulness finding . . . ."); *Monolithic Power Sys., Inc. v. Silergy Corp.*, 127 F. Supp. 3d 1071, 1076 (N.D. Cal. 2015) ("[A] plaintiff can state a claim for post-filing willful infringement so long as the plaintiff alleges, in an amended complaint and with sufficient particularity, that there is an objectively high risk the defendant is continuing to infringe and the defendant knows or should know of that objectively high risk."); *MyMedicalRecords, Inc. v. Jardogs, LLC*, 1 F. Supp. 3d 1020, 1026 (C.D. Cal. 2014) ("A defendant should not be able to escape liability for postfiling infringement when the complaint manifestly places the defendant on notice that it allegedly infringes the patents-in-suit.").[5] And, although no Circuit Court has directly addressed this issue in the context of willful infringement, the idea that "service of an earlier complaint can provide the requisite knowledge of [an]

---

[4] *See, e.g.*, *Focus Prods. Grp. Int'l, LLC v. Kartri Sales Co.*, 647 F. Supp. 3d 145, 262 (S.D.N.Y. 2022) ("A defendant's continued sales of infringing products after a complaint has been filed against it can also, on its own, warrant a finding of willfulness."); *Biedermann Techs. GmbH & Co. KG v. K2M, Inc.*, 528 F. Supp. 3d 407, 430 (E.D. Va. 2021) ("[T]he filing of the case itself . . . put K2M on notice of the infringement.").

[5] *See also, e.g.*, *RJ Tech., LLC v. Apple, Inc.*, 2023 WL 3432237, at *8 (C.D. Cal. Mar. 23, 2023); *Parity Networks, LLC v. Moxa Inc.*, 2020 WL 6064636, at *4–5 (C.D. Cal. Sept. 11, 2020); *Fluidigm Corp. v. IONpath, Inc.*, 2020 WL 1433178, at *3 (N.D. Cal. Mar. 24, 2020); *Vaporstream, Inc. v. Snap Inc.*, 2020 WL 136591, at *20 (C.D. Cal. Jan. 13, 2020); *Finjan, Inc. v. Eset, LLC*, 2017 WL 1063475, at *4 (S.D. Cal. March 21, 2017); *TeleSign Corp. v. Twilio, Inc.*, 2015 WL 12765482, at *10 (C.D. Cal. Oct. 16, 2015).

17

ENTROPIC'S OPPOSITION TO COMCAST'S MOTION TO DISMISS THE
CORRECTED SECOND AMENDED AND SUPPLEMENTAL COMPLAINT

asserted patent in an amended complaint" is "well-established in the context of induced infringement . . . ." *Therabody*, 2022 WL 17826642, at *10 (citing *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1345 (Fed. Cir. 2012); *Labyrinth Optical Technologies, LLC v. Fujitsu America, Inc.*, 2013 WL 12126111, at *4-6 (C.D. Cal. Aug. 21, 2013)).

Despite the fact that the majority of courts recognize post-suit willful conduct, Comcast hyperbolically asserts that recognizing post-suit willful conduct in general "would have the absurd result of transforming every infringement claim into one of willful infringement unless the defendant immediately ceased all accused conduct . . . ." 1043 DE 598 at 16. First, Rules 8 and 11 guard against speculative and baseless allegations of willfulness; second, whether plaintiffs may *prospectively* include post-suit allegations in their original complaints is not at issue here, *see, e.g.*, *Ravgen, Inc. v. Quest Diagnostics Inc.*, 2022 WL 2047613, at *3 (C.D. Cal. Jan. 18, 2022); and third, to the extent any plaintiff attempts gamesmanship at the pleading stage, courts are equipped to police discreditable motions to amend to add willfulness allegations to subsequent complaints, *see, e.g.*, *Slot Speaker Techs., Inc. v. Apple, Inc.*, 2017 WL 4354999, at *2 (N.D. Cal. Sept. 29, 2017). It is well-established that "post-filing conduct alone can serve as the basis of a jury's willfulness finding . . .", *Apple Inc. v. Samsung Elecs. Co.*, 258 F. Supp. 3d 1013, 1027 (N.D. Cal. 2017), and thus it is not "absurd" to acknowledge that all defendants face a post-suit choice: cease willful infringement, bargain for a license, or risk liability by standing pat on their defenses.

Comcast's position would hand defendants a free pass to continue infringing—regardless of how egregious the defendant's post-filing behavior is—despite being put on notice of its infringement by a complaint. This result is contrary to the Supreme Court's holding that "Section 284 allows district courts to punish the ***full range*** of culpable behavior." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 106 (2016) (emphasis added); *see also MyMedicalRecords, Inc.*, 1 F. Supp. 3d 1020,

ENTROPIC'S OPPOSITION TO COMCAST'S MOTION TO DISMISS THE
CORRECTED SECOND AMENDED AND SUPPLEMENTAL COMPLAINT

1026 (C.D. Cal. 2014) ("[I]f a plaintiff . . . is able to establish the defendant's knowledge of the alleged infringement based on a prior, though superseded, complaint, the defendant should not be able to escape liability for conduct occurring after the plaintiff files its complaint.").

Comcast's arguments, and the cases quoted by Comcast in support, are rooted in a fundamental error conflating the pleading standard for willful infringement and the merits standard for willfulness-based enhanced damages under Section 284. They are not the same thing. To plead willful patent infringement, a patentee need only prove knowledge of the patent and knowledge of infringement. *Sonos, Inc. v. Google LLC*, 591 F. Supp. 3d 638, 643 (N.D. Cal. 2022). To succeed on the merits in establishing entitlement to enhanced damages under Section 284, however, the patentee must show proof of "egregious cases of culpable behavior" that has "been variously described in [Federal Circuit] cases as willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Halo*, 579 U.S. at 103–04. "Although willfulness is a component of enhancement, an award of enhanced damages does not necessarily flow from a willfulness finding." *SRI Int'l, Inc. v. Cisco Sys., Inc.*, 14 F.4th 1323, 1330 (Fed. Cir. 2021) (quotation omitted). In other words, willful patent infringement is "a necessary but not necessarily sufficient predicate, for a finding of egregious misconduct and enhanced damages." *Sonos, Inc. v. Google LLC*, 591 F. Supp. 3d 638, 643 (N.D. Cal. 2022) (citing *SRI Int'l, Inc. v. Cisco Sys., Inc.*, 930 F.3d 1295, 1310 (Fed. Cir. 2019). For instance, a willful infringer who maintains a good-faith belief that the patent is invalid may not be liable for enhanced damages. *See Sunoco Partners Mktg. & Terminals L.P. v. U.S. Venture, Inc.*, 32 F.4th 1161, 1177 (Fed. Cir. 2022) (listing factors to consider). At the pleading stage, "once willfulness is adequately pled, the complaint need not go further and specify the further aggravating circumstances warranting enhanced damages." *Sonos*, 591 F. Supp. at 644.

19

ENTROPIC'S OPPOSITION TO COMCAST'S MOTION TO DISMISS THE
CORRECTED SECOND AMENDED AND SUPPLEMENTAL COMPLAINT

Understanding this distinction lays bare the irrelevance of Comcast's assertion that a patentee would "always [be able] to file an amended complaint to assert willfulness based on knowledge gleaned from the allegations in the earlier complaint." 1043 DE 598 at 17:7–9. A defendant with a good faith belief in its defenses has nothing to fear from willful infringement because, per *Halo*, it cannot be subject to enhanced damages under Section 284. But a defendant who reviews a complaint, determines a high risk that it is infringing the asserted patent, and lacks any good faith defenses to infringement such that its conduct is egregious under *Halo, **and yet continues to infringe***, rightfully should be held accountable. Comcast's view is that—even if a judge determines after trial that a defendant's conduct was egregious—such a defendant nonetheless should escape consequences for its egregious conduct merely because its notice comes via a complaint. That result is contrary to policy and the plain language of Section 284.

In sum, the Court should reject Comcast's arguments that seek to nullify Entropic's well-pled factual allegations that Comcast obtained knowledge of both the Asserted Patents and its specific infringement of those patents through the Complaints and infringement contentions in this case, and yet has continued to infringe, constituting willful patent infringement no later than when Comcast obtained such knowledge. This Court should adopt the majority view regarding post-suit willful patent infringement, deny Comcast's motion under Rule 12(b)(6), and permit the case to proceed to discovery.

**2.    The allegations related to Comcast's investment in Entropic Inc. and participation in MoCA are sufficient to plead Comcast's willful infringement.**

Comcast argues that Entropic's allegations about Comcast's investment in Entropic Inc. and Comcast's involvement in MoCA are insufficient to establish that Comcast had knowledge of the filing of the Asserted Patents. 1043 DE 598 at 21:13–

ENTROPIC'S OPPOSITION TO COMCAST'S MOTION TO DISMISS THE CORRECTED SECOND AMENDED AND SUPPLEMENTAL COMPLAINT

23:7. As an initial matter, Comcast's suggestion that these allegations are not specific or narrow enough flies in the face of the well-settled standard for pleading willfulness. Courts have repeatedly recognized that at the early pleading stage, a party cannot possibly know the full extent of a party's willful infringement,[6] because that information often is within the sole possession of the infringer. *See Sonos, Inc.*, 591 F. Supp. 3d at 644–45 ("The full extent of egregious behavior is . . . unknown at the pleading stage. It would be unreasonable to expect patent plaintiffs to be in a position to plead the full extent of egregious misconduct.").

To demand that a party identify with immense specificity the particulars of when, where, and how the defendant became aware of its infringement without ***any discovery***—precisely what Comcast urges here—would convert the pleading stage into summary judgment. Worse, it would offer willful infringers ample opportunity to avoid discovery merely through successfully hiding enough of its conduct, which is precisely what Comcast is doing now in refusing to produce any documents on its own VSA defense or willfulness. *See, e.g.*, 1043 DE 174 (SM hearing on discovery disputes). This is not what the law requires. Instead, the law applies a lenient pleading standard for willful infringement that merely requires plausible allegations of the defendant's knowledge of the asserted patents and its infringement of those patents. *Arctic Cat Inc. v. Bombardier Recreational Prods., Inc.*, 876 F.3d 1350, 1371 (Fed. Cir. 2017); *see, e.g.*, *Warn Indus., Inc. v. Agency 6 Inc.*, 660 F. Supp. 3d 924, 935 (E.D. Cal. 2023) (finding plaintiff sufficiently pled willful infringement by alleging that defendant was aware of the pre-publication grant of asserted patent and received cease and desist letter from plaintiff). This is exactly what Entropic has alleged.

---

[6] Yet another reason the VSA, as an affirmative defense, is not a bar to suit. *See Air Prod. & Chemicals, Inc. v. Reichhold Chemicals, Inc.*, 755 F.2d 1559, 1563–64 (Fed. Cir. 1985) (a contract defense does not defeat federal subject matter jurisdiction); *Pixton v. B & B Plastics, Inc.*, 291 F.3d 1324, 1327 (Fed. Cir. 2002) (same).

ENTROPIC'S OPPOSITION TO COMCAST'S MOTION TO DISMISS THE CORRECTED SECOND AMENDED AND SUPPLEMENTAL COMPLAINT

Similarly, Comcast incorrectly suggests that the FAC allegations the Court previously found insufficient on their own must now be disregarded for all time. To the contrary, the Federal Circuit has "stated many times that a number of factors enter into a willfulness determination and, as such, the issue is properly resolved by evaluating the totality of the surrounding circumstances." *Graco, Inc. v. Binks Mfg. Co.,* 60 F.3d 785, 792 (Fed. Cir. 1995). Thus, the fact that certain prior allegations may have been insufficient in isolation to establish willfulness does not mean that those allegations are now stricken from the complaint for all time. The totality of Entropic's allegations is more than sufficient to plead Comcast's willful infringement.

In any event, the SAC's new allegations about Comcast's investment in Entropic Inc. and Comcast's involvement in MoCA are independently sufficient to establish Comcast's willful infringement of the Asserted Patents. Comcast argues that these allegations establish only that Comcast would have been aware of a "patent portfolio" or "patent applications," but not the Asserted Patents themselves. 1043 DE 598 at 21:13–23:7. To the contrary, the SAC alleges that Comcast was an "early and active member of MoCA" who "helped to develop the MoCA standard." SAC ¶ 126. Comcast would thus have *needed* to be aware of the patented technology that is essential to practicing the MoCA standard. *Cf. Microsoft Corp. v. Motorola, Inc.*, 864 F. Supp. 2d 1023, 1027 (W.D. Wash. 2012) (explaining the need for members of standards setting organizations to identify patents that are essential to the proposed standard). The SAC then identifies six specific patents that were filed during the time that Comcast helped develop the MoCA standard. SAC ¶ 128. The SAC specifies that these patents are standards essential. *Id.* Based on Comcast's involvement in the development of the MoCA standard, it is therefore more likely than not that Comcast was aware of these patents and tracked them through issuance. *See generally WCM Industries, Inc. v. IPS Corp.*, 721 F. App'x 959, 970 (Fed. Cir. 2018) (rejecting a *per*

ENTROPIC'S OPPOSITION TO COMCAST'S MOTION TO DISMISS THE CORRECTED SECOND AMENDED AND SUPPLEMENTAL COMPLAINT

*se* rule that "to willfully infringe a patent, the patent must exist and one must have knowledge of it"); *see also id.* at 970 n.4 (casting doubt on its prior precedent that "knowledge of a pending patent application cannot support a finding of willfulness," given that patent applications and prosecution activity are now published in real-time).

Comcast then takes issue with Entropic's allegations regarding an email sent by Anton Monk to the MoCA Board of Directors that specifically identifies Entropic Inc.'s ownership of the '518 Patent and states that the '518 Patent is essential to the practice of MoCA. SAC ¶¶ 133–36. Comcast argues that this allegation fails to plausibly establish Comcast's willful infringement because: (1) ███████████ ████████████████████████████████████████; (2) ███████████ ████████████████████████████████████████; (3) ███████████ ████████████████████████████████████████; and (4) ███████████ ████████████. 1043 DE 598 at 35:14–36:11. None of these arguments are persuasive.

First, Entropic does not need to allege ████████████████████████████ ████████████████ in order to plausibly allege that Comcast was put on notice of its infringement. Indeed, "[i]t is well established that corporations act through their employees and an agent's knowledge will generally be imputed to the corporate principal so long as employees are acting within the scope of their employment." *Potter Voice Techs., LLC v. Apple Inc.*, 24 F. Supp. 3d 882, 886 (N.D. Cal. 2014); *see also i4i Ltd. P'ship*, 598 F.3d at 860 (finding substantial evidence supporting a finding of willful infringement where defendant company's employees received plaintiff's sales kit citing the asserted patent and went to plaintiff's software demonstrations). Here, the SAC alleges that Monk's email was sent to the MoCA Board of Directors, and that "Comcast was a member of the Board at the time and therefore *received this notice from Entropic*." SAC ¶¶ 134–35 (emphasis added). This is sufficient to plausibly allege that the Comcast employees involved with

ENTROPIC'S OPPOSITION TO COMCAST'S MOTION TO DISMISS THE CORRECTED SECOND AMENDED AND SUPPLEMENTAL COMPLAINT

MoCA and the development of the infringing technology were put on notice of the '518 Patent.

Second, Entropic's allegations are not insufficient simply because they do not ██████████████████████████████████████████████████. Monk's email put MoCA Board members on notice that any technology practicing MoCA would infringe the '518 Patent. The SAC establishes that Comcast was involved in the development of the standard, and during this same time, that Comcast was in the process of developing its own technology essential to the practice of the MoCA standard. *Id.* ¶¶ 125–38. Comcast subsequently practiced the MoCA standard (and continues to do so). *Id.* ¶¶ 125–31. It is therefore highly plausible that Comcast had knowledge that its use of MoCA infringed the '518 Patent. *Id.* ¶¶ 133–36.

Third, Comcast's argument that the email should be ignored simply because ██████████████████ for this same reason—it put Comcast on notice of its infringement at the time, and that knowledge persists. Moreover, the SAC alleges that Comcast "continued to monitor and analyze Entropic's MoCA-related patents and was aware of later-filed patents that are standard-essential to MoCA simply due to the importance of MoCA to Comcast's business and Comcast's later involvement as a board member of the MoCA." *Id.* ¶ 130.

At the very least, these allegations establish that Comcast was willfully blind to its infringement of the '518 Patent and the '759 Patent, which is a continuation of the '518 Patent. *See Corephotonics, Ltd.*, 2018 WL 4772340, at *9 (N.D. Cal. Oct. 1, 2018) (allegations created inference that defendant "was at least willfully blind to a high risk that it was infringing [plaintiff's] patents" where defendant purposefully neglected to investigate plaintiff's patents to avoid confirming that it was infringing the asserted patents). Thus, Entropic's allegations regarding Comcast's involvement in MoCA are sufficient to establish Comcast has willfully infringed the Asserted Patents.

ENTROPIC'S OPPOSITION TO COMCAST'S MOTION TO DISMISS THE CORRECTED SECOND AMENDED AND SUPPLEMENTAL COMPLAINT

## IV.    **CONCLUSION**

Based on the foregoing, Entropic requests the Court deny this motion in its entirety. If, however, the Court finds that dismissal under Rule 12(b)(1) is appropriate, that dismissal must be without prejudice. *See supra* at 10 (citing *Harris*, 847 F.3d at 656). If the Court finds, under Rule 12(b)(6), that dismissal-in-part of Entropic's willfulness allegations is appropriate, Entropic respectfully requests leave to amend to further refine its allegations of Comcast's willful infringement.

Dated: March 28, 2025                    Respectfully submitted,

By:  */s/ Christina N. Goodrich*
Christina Goodrich (SBN 261722)
christina.goodrich@klgates.com
Connor J. Meggs (SBN 336159)
connor.meggs@klgates.com
Rachel Berman (SBN 352237)
rachel.berman@klgates.com
**K&L GATES LLP**
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, CA 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

Michael T. Pieja (SBN 250351)
mpieja@goldmanismail.com
Alan E. Littmann (*pro hac vice*)
alittmann@goldmanismail.com
Douglas Jordan Winnard (SBN 275420)
dwinnard@goldmanismail.com
Xaviere N. Giroud (*pro hac vice*)
xgiroud@goldmanismail.com
Kurt A. Holtzman (*pro hac vice*)
kholtzman@goldmanismail.com
**GOLDMAN ISMAIL TOMASELLI BRENNAN & BAUM LLP**
200 South Wacker Dr., 22nd Floor

25

ENTROPIC'S OPPOSITION TO COMCAST'S MOTION TO DISMISS THE CORRECTED SECOND AMENDED AND SUPPLEMENTAL COMPLAINT



Chicago, IL 60606
Tel: (312) 681-6000
Fax: (312) 881-5191

James A. Shimota (*pro hac vice*)
jim.shimota@klgates.com
Jason A. Engel (*pro hac vice*)
jason.engel@klgates.com
**K&L GATES LLP**
70 W. Madison Street, Suite 3300
Chicago, IL 60602
Tel.: (312) 372-1121
Facsimile: (312) 827-8000

*Attorneys for Plaintiff*
*Entropic Communications, LLC*

26

ENTROPIC'S OPPOSITION TO COMCAST'S MOTION TO DISMISS THE
CORRECTED SECOND AMENDED AND SUPPLEMENTAL COMPLAINT

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Plaintiff Entropic Communications, LLC, certifies that this brief contains 5,851 words, which complies with the word limit of L.R. 11-6.1.


Dated: March 28, 2025                    Respectfully submitted,

                                         By:  */s/ Christina N. Goodrich*
                                         Christina Goodrich (SBN 261722)
                                         christina.goodrich@klgates.com
                                         **K&L GATES LLP**
                                         10100 Santa Monica Boulevard
                                         Eighth Floor
                                         Los Angeles, CA 90067
                                         Telephone: +1 310 552 5000
                                         Facsimile: +1 310 552 5001

                                         *Attorneys for Plaintiff*
                                         *Entropic Communications, LLC*

ENTROPIC'S OPPOSITION TO COMCAST'S MOTION TO DISMISS THE
CORRECTED SECOND AMENDED AND SUPPLEMENTAL COMPLAINT