Ashok Ramani (SBN 200020)
ashok.ramani@davispolk.com
David J. Lisson (SBN 250994)
david.lisson@davispolk.com
Micah G. Block (SBN 270712)
micah.block@davispolk.com
DAVIS POLK & WARDWELL LLP
900 Middlefield Road, Suite 200
Redwood City, California 94063
Tel:   (650) 752-2000
Fax:   (650) 752-2111

*Attorneys for Comcast Defendants*
[*Additional counsel on signature page*]

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> DISH NETWORK CORPORATION, *et al.* <br><br> Defendants. | Lead Case No. 2:23-cv-01049-JWH-KES <br><br> Related Case No. 2:23-cv-01048-JWH-KES <br><br> **REPLY IN SUPPORT OF COMCAST'S MOTION TO DISMISS THE CORRECTED SECOND AMENDED AND SUPPLEMENTAL COMPLAINT UNDER FED. R. CIV. P. 12(b)(1) AND 12(b)(6)** |
| ENTROPIC COMMUNICATIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> COMCAST CORPORATION, *et al.*, <br><br> Defendants. | Date:   April 25, 2025 <br> Time:   9:00 am <br> Dept:   9D <br> Judge:  Hon. John W. Holcomb <br><br> **REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL** |

# TABLE OF CONTENTS

PAGE

I. INTRODUCTION ........................................................................................... 6

II. ARGUMENT .................................................................................................. 6

    A. The Court Has Correctly Found That Its Subject-Matter Jurisdiction Is Limited to Willful Infringement .................................. 6

    B. Entropic Fails to Plausibly Allege Willful Infringement of Any Asserted Patent ..................................................................... 11

        1. Entropic's litigation conduct cannot overcome the covenant .............................................................................. 11

        2. Entropic's allegations related to Comcast's pre-suit involvement in MoCA are insufficient ...................................... 15

III. CONCLUSION ............................................................................................. 17

# TABLE OF AUTHORITIES

P<small>AGE</small>

**Cases**

*Adidas Am., Inc. v. Skechers USA, Inc.*,
  2017 WL 2543811 (D. Or. June 12, 2017) .......................................................... 14

*Apple Inc. v. Qualcomm Inc.*,
  17 F.4th 1131 (Fed. Cir. 2021) ............................................................................. 8

*Apple Inc. v. Samsung Elecs. Co.*,
  258 F. Supp. 3d 1013 (N.D. Cal. 2017) .............................................................. 14

*Arbaugh v. Y&H Corp.*,
  546 U.S. 500 (2006) ............................................................................................ 10

*ArcelorMittal v. AK Steel Corp.*,
  856 F.3d 1365 (Fed. Cir. 2017) ............................................................................ 9

*Bluestone Innovations LLC v. Nichia Corp.*,
  2013 WL 1729814 (N.D. Cal. Apr. 22, 2013) ............................................ 8, 9, 10

*Cetacean Cmty. v. Bush*,
  386 F.3d 1169 (9th Cir. 2004) .............................................................................. 8

*Collins & Aikman Prods. Co. v. Sermatech Eng'g Grp., Inc.*,
  297 A.D.2d 248 (N.Y. App. Div. 2002) ............................................................. 12

*Corephotonics, Ltd. v. Apple, Inc.*,
  2018 WL 4772340 (N.D. Cal. Oct. 1, 2018) ....................................................... 16

*DMF, Inc. v. AMP Plus, Inc.*,
  2024 WL 1796396 (C.D. Cal. Apr. 25, 2024) .................................................... 13

*Entropic Commc'ns, LLC v. Comcast Corp.*,
  702 F. Supp. 3d 954 (C.D. Cal. 2023) ......................................................... passim

*Entropic Commc'ns, LLC v. Dish Network Corp.*,
  2024 WL 210975 (C.D. Cal. Jan. 12, 2024) ............................................... 7, 9, 11

*Finjan, Inc. v. ESET, LLC*,
  2017 WL 1063475 (S.D. Cal. Mar. 21, 2017) .................................................... 14

*Fluidigm Corp. v. IONpath, Inc.*,
   2020 WL 1433178 (N.D. Cal. Mar. 24, 2020) ...................................................... 14

*Graco, Inc. v. Binks Mfg. Co.*,
   60 F.3d 785 (Fed. Cir. 1995) ................................................................................. 17

*Grand Canyon Tr. v. Provencio*,
   26 F.4th 815 (9th Cir. 2022) .................................................................................... 7

*Intell. Tech LLC v. Zebra Techs. Corp.*,
   101 F.4th 807 (Fed. Cir. 2024) ................................................................................ 9

*Ironburg Inventions Ltd. v. Valve Corp.*,
   64 F.4th 1274 (Fed. Cir. 2023) .............................................................................. 15

*King Pharms., Inc. v. Eon Labs, Inc.*,
   616 F.3d 1267 (Fed. Cir. 2010) ............................................................................. 10

*Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*,
   925 F.3d 1225 (Fed. Cir. 2019) ............................................................................... 9

*Mentor Graphics Corp. v. EVE-USA, Inc.*,
   851 F.3d 1275 (Fed. Cir. 2017) ............................................................................. 12

*Microsoft Corp. v. Motorola, Inc.*,
   864 F. Supp. 2d 1023 (W.D. Wash. 2012) ............................................................ 15

*Monolithic Power Sys., Inc. v. Silergy Corp.*,
   127 F. Supp. 3d 1071 (N.D. Cal. 2015) ................................................................ 13

*Morrow v. Microsoft Corp.*,
   499 F.3d 1332 (Fed. Cir. 2007) ............................................................................... 9

*MyMedicalRecords, Inc. v. Jardogs, LLC*,
   1 F. Supp. 3d 1020 (C.D. Cal. 2014) .................................................................... 14

*Oliver v. SD-3C LLC*,
   2016 WL 5950345 (N.D. Cal. Sept. 30, 2016) ....................................................... 7

*Pact XPP Schweiz AG v. Intel Corp.*,
   2023 WL 2631503 (D. Del. Mar. 24, 2023) ......................................................... 14

*Paradise Creations, Inc. v. UV Sales, Inc.*,
   315 F.3d 1304 (Fed. Cir. 2003) ............................................................................... 9

*Parity Networks, LLC v. Moxa Inc.*,
  2020 WL 6064636 (C.D. Cal. Sept. 11, 2020) ....................................................... 13

*Ravgen, Inc. v. Quest Diagnostics Inc.*,
  2022 WL 2047613 (C.D. Cal. Jan. 18, 2022) ........................................................ 13

*Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*,
  556 F.3d 1294 (Fed. Cir. 2009) ............................................................................ 10

*RJ Tech., LLC v. Apple, Inc.*,
  2023 WL 3432237 (C.D. Cal. Mar. 23, 2023) ....................................................... 13

*Shipping & Transit LLC v. Neptune Cigars, Inc.*,
  No. 2:16-03836-AG-SS, Dkt. No. 25 (C.D. Cal. Sept. 12, 2016) .......................... 9

*Sonos, Inc. v. Google LLC*,
  591 F. Supp. 3d 638 (N.D. Cal. 2022) ..................................................... 14, 16, 17

*TeleSign Corp. v. Twilio, Inc.*,
  2015 WL 12765482 (C.D. Cal. Oct. 16, 2015) ..................................................... 14

*Välinge Innovation AB v. Halstead New England Corp.*,
  2018 WL 2411218 (D. Del. May 29, 2018) .......................................................... 14

*Vaporstream, Inc. v. Snap Inc.*,
  2020 WL 136591 (C.D. Cal. Jan. 13, 2020) ......................................................... 13

*Warn Indus., Inc. v. Agency 6 Inc.*,
  660 F. Supp. 3d 924 (E.D. Cal. 2023) .................................................................. 17

*WCM Indus., Inc. v. IPS Corp.*,
  721 F. App'x 959 (Fed. Cir. 2018) ....................................................................... 15

*Whitmore v. Fed. Election Comm'n*,
  68 F.3d 1212 (9th Cir. 1995) .................................................................................. 8

**Statutes and Other Authorities**

U.S. Const. art. III, § 2 .................................................................................................. 8

28 U.S.C. § 1338 ........................................................................................................ 10

**Rules**

Local Civil Rule 7-18 ................................................................................................... 8

5

## I. INTRODUCTION[1]

Entropic's Opposition does not seriously argue that Comcast had pre-suit knowledge of any Asserted Patent, let alone any infringement of those patents. Instead, Entropic relies on its improper filing of this case to allege post-suit willful infringement and seeks reconsideration, yet again, of the Court's rulings that it lacks subject-matter jurisdiction over claims of non-willful infringement. But Entropic's post-suit willfulness allegations fail as a matter of both contract interpretation and willfulness law, and Entropic has provided no basis for reconsideration of the Court's previous holdings, which are just as correct now as they were the first two times the Court addressed the issue. Because Entropic once again fails to adequately plead willful infringement of any Asserted Patent, the Court should dismiss the CSASC.

## II. ARGUMENT

### A. The Court Has Correctly Found That Its Subject-Matter Jurisdiction Is Limited to Willful Infringement

Implicitly acknowledging that it has again failed to plausibly allege willful infringement, Entropic devotes much of its Opposition to relitigating the issue of the Court's subject-matter jurisdiction over non-willful patent-infringement claims. Opp. 8–14. But it provides no basis on which to reconsider the Court's previous rulings on this issue, which are law of the case and are, in any event, correct.

As a threshold matter, Entropic's suggestion that "constitutional standing

---

[1] In addition to those defined in Comcast's Motion to Dismiss (Dkt. No. 595), this Memorandum uses the following abbreviations: (1) "Br." means Comcast's Memorandum of Points and Authorities in Support of its Motion to Dismiss (Dkt. No. 595); (2) "Opp." means Entropic's Opposition to Comcast's Motion to Dismiss (Dkt. No. 605); (3) "Comcast Supp. Br." means Comcast's Supplemental Brief to Dismiss the FAC (Case No. 1048, Dkt. No. 129); (4) "Entropic Supp. Br." means Entropic's Supplemental Brief in Support of its Opposition to Dismiss the FAC (Case No. 1048, Dkt. No. 126); (5) "Hearing Tr." means the transcript of the August 9, 2023 motion hearing and scheduling conference (Dkt. No. 186-4). Unless otherwise noted, emphasis has been added to quotations, and internal quotations, brackets, citations, and footnotes have been omitted.

has never been adequately briefed by the parties" and that the "Court gave no explicit indication that constitutional standing was the basis for its decision" (Opp. 13 n.1) is plainly wrong. This issue has been briefed and decided multiple times. First, the parties briefed Comcast's motion to dismiss the FAC and, at oral argument, the Court explained: "It's a ***constitutional issue of standing***. It's kind of ***how I view it***. Well, it's how Comcast has teed it up." Hearing Tr. at 103:20–21. Then, at Entropic's request, the parties filed supplemental briefing on constitutional standing. *Entropic Commc'ns, LLC v. Dish Network Corp.*, 2024 WL 210975, at *1 (C.D. Cal. Jan. 12, 2024). After that briefing, as Entropic concedes, the Court dismissed the FAC "based in part on a lack of constitutional standing." Opp. 13 n.1. And, finally, the Court denied Entropic's motion for reconsideration of that decision, addressing at length the jurisdictional issues the parties argued in the supplemental briefing. *Entropic*, 2024 WL 210975, at *2–4.

There can be no reasonable dispute that constitutional standing has been adequately briefed and ruled on. The Court's finding that its subject-matter jurisdiction is limited to claims of willful infringement against Comcast is thus law of the case. *See, e.g.*, *Grand Canyon Trust v. Provencio*, 26 F.4th 815, 821 (9th Cir. 2022) ("The district court did not err in finding that the law of the case doctrine applied to the issue of standing."). Courts rely on the law-of-the-case doctrine to avoid having to relitigate previously decided issues. *See Oliver v. SD-3C LLC*, 2016 WL 5950345, at *9 (N.D. Cal. Sept. 30, 2016) ("The Court's analysis of [the] standing issue in its prior order is the law of the case, and the Court will not repeat it here."). And Entropic has not even attempted to establish any of the grounds on which a party may seek reconsideration of an order. *See* Local Civil Rule 7-18 ("(a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered,

or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered.").

In any event, the Court's prior rulings are correct. The Constitution limits federal judicial power to deciding "cases" or "controversies." U.S. Const. art. III, § 2. Constitutional standing flows from this requirement and limits the category of litigants empowered to maintain a lawsuit in federal court. *See Apple Inc. v. Qualcomm Inc.*, 17 F.4th 1131, 1135 (Fed. Cir. 2021). "[A] suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit." *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004).

To establish Article III standing, a party must demonstrate (1) an "injury in fact" that is (2) "fairly traceable" to the defendant's challenged conduct and is (3) "likely to be redressed by a favorable judicial decision." *Apple*, 17 F.4th at 1135. "[T]he absence of any one element" deprives a plaintiff of Article III standing and "require[s] dismissal." *Whitmore v. Fed. Election Comm'n*, 68 F.3d 1212, 1215 (9th Cir. 1995). Here, MaxLinear did not have the right to sue Comcast for non-willful patent infringement and thus could not have transferred such a right to Entropic when it sold the Asserted Patents. Without the right to sue Comcast, Entropic suffers no injury in fact from any alleged non-willful infringement and thus lacks constitutional standing to assert such claims.

Courts routinely dismiss patent cases for lack of subject-matter jurisdiction where the plaintiff lacks Article III standing. *See* Comcast Supp. Br. 2 (collecting cases). As particularly relevant here, courts regularly dismiss patent-infringement claims for lack of subject-matter jurisdiction where a covenant not to sue covers the alleged infringement. *See, e.g., Bluestone Innovations LLC v. Nichia Corp.*, 2013 WL 1729814, *3–4 (N.D. Cal. Apr. 22, 2013); *Shipping & Transit LLC v.*

*Neptune Cigars, Inc.*, No. 2:16-03836-AG-SS, Dkt. No. 25, at 1–2 (C.D. Cal. Sept. 12, 2016). Such dismissals follow from the principle that, "to assert standing for patent infringement, the plaintiff must demonstrate that it held enforceable title at the inception of the lawsuit." *Paradise Creations, Inc. v. UV Sales, Inc.*, 315 F.3d 1304, 1309 (Fed. Cir. 2003) (emphasis omitted). Without such an enforceable right, a plaintiff lacks an "injury in fact" and thus lacks standing. *See Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1340–1341 (Fed. Cir. 2007). It is for this reason that the Court previously found that Entropic's position is "inconsistent with decisions dismissing cases under similar circumstances." *Entropic*, 2024 WL 210975, at *4 (citing *Bluestone*, 2013 WL1729814, at *4).[2]

Entropic points to two Federal Circuit decisions to support its position that Article III standing only requires that it merely allege that it possessed "exclusionary rights in the asserted patents" and that Comcast "infringe[s] its exclusionary rights." Opp. 11–12 (citing *Intell. Tech LLC v. Zebra Techs. Corp.*, 101 F.4th 807 (Fed. Cir. 2024), and *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225 (Fed. Cir. 2019)). But neither one involved a covenant not to sue or disturbed what is required to plead "injury in fact." Contrary to Entropic's suggestion, conclusory allegations of possession of exclusionary rights are insufficient to adequately plead "injury in fact." In *Lone Star* and *Zebra*, the Federal Circuit looked beyond the pleadings to the underlying agreement to determine whether each plaintiff had the right to "exclude others from practicing [the] invention" to adequately plead Article III injury. *Lone Star*, 925 F.3d at 1234; *see Zebra*, 101 F.4th at 813–14. Neither decision suggests a plaintiff's allegations can overcome its **lack** of those rights under the operative agreement. Because MaxLinear did not possess the right to exclude Comcast from practicing the

---

[2] Whether a case involved a declaratory-judgment action is irrelevant because standing requirements for declaratory-judgment actions are not simply statutory; rather, they are "coextensive" with the standing requirements under Article III. *ArcelorMittal v. AK Steel Corp.*, 856 F.3d 1365, 1369 (Fed. Cir. 2017).


asserted patents under the covenant not to sue, it could not have transferred that exclusionary right to Entropic. Thus, *Lone Star* and *Zebra* are inapposite.

Contrary to Entropic's contention, the issue here is not whether Comcast used Entropic's patents without authorization under the Patent Act. Opp. 11. That is an issue of a district court's original jurisdiction under 28 U.S.C. § 1338. Rather, as explained above, the issue here is a threshold question of whether Entropic has an enforceable right that could result in an injury-in-fact, which is a question of Article III standing. Entropic does not have such a right for non-willful infringement, and thus those claims must be dismissed. *See, e.g.*, *Bluestone*, 2013 WL 1729814, at *3–6; *see also King Pharms., Inc. v. Eon Labs, Inc.*, 616 F.3d 1267, 1282 (Fed. Cir. 2010) (finding no "actual case or controversy" where patentee covenanted not to sue); *cf. Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 556 F.3d 1294, 1300 (Fed. Cir. 2009) (where patentee did not offer a covenant covering current products, it "preserved this controversy").

Finally, Entropic contends that if the Court finds that it lacks standing, then it cannot "adjudicate the sufficiency of Entropic's willfulness allegations" or dismiss with prejudice. Opp. 14. But that too is wrong—indeed, the Court already adjudicated the sufficiency of Entropic's willfulness allegations when considering the FAC. *Entropic Commc'ns, LLC v. Comcast Corp.*, 702 F. Supp. 3d 954, 965–967 (C.D. Cal. 2023). As Entropic concedes, the Court has an obligation to "exercise the jurisdiction given [it]." Opp. 13. The Court has held that it has subject-matter jurisdiction over Entropic's claims of willful infringement. *Entropic*, 702 F. Supp. 3d at 963.[3] Thus, while Entropic's claims of non-willful infringement must be dismissed for lack of subject-matter jurisdiction under Rule 12(b)(1), the Court must adjudicate whether Entropic has adequately pled willful

---

[3] In contrast, in *Arbaugh v. Y&H Corp.*, the complaint included no other claims over which the court had jurisdiction because the remainder were all supplemental state law claims. 546 U.S. 500, 514 (2006).

infringement. On its third attempt, and for the reasons below, Entropic has again failed to do so. Accordingly, those claims should be dismissed with prejudice.

### B. Entropic Fails to Plausibly Allege Willful Infringement of Any Asserted Patent

The Court has previously found that, because of the covenant not to sue, Entropic may only assert a given patent against Comcast if it adequately pleads that Comcast willfully infringed that particular patent. *Entropic*, 702 F. Supp. 3d at 964–965. To adequately plead willful infringement of a patent, Entropic must plausibly allege that Comcast had knowledge of that patent and its infringement of that patent. *Id.* at 965. Notwithstanding that clear directive, Entropic does not plausibly allege either element for any Asserted Patent. Instead, Entropic relies on its own litigation conduct and Comcast's alleged involvement with MoCA, both of which fail as a matter of law.

#### 1. Entropic's litigation conduct cannot overcome the covenant

##### a. The improper suit cannot trigger the covenant's exemption

Entropic cannot rely on its own improper filing of this suit to trigger the willfulness exemption to the covenant not to sue because such an interpretation of the covenant would render it meaningless. Br. 14–15. If Entropic could simply file suit and then rely on the subsequent litigation to allege willful infringement falling within the covenant's exemption, then the covenant would have no effect at all. Comcast would be forced to litigate every infringement case, which is the very thing the covenant was meant to avoid. *Cf. Entropic*, 2024 WL 210975, at *4.

New York law makes clear that a contract provision should not be rendered meaningless and that a party cannot benefit from its own breach (in this case, bringing a suit prohibited by the covenant).[4] Br. 14–15. Entropic's only response is

---

[4] Entropic's suggestion that filing the original complaint did not breach the covenant not to sue because the complaint included boilerplate claims of willful infringement ignores that such claims were deficient, and thus there were no properly pled claims of willfulness in that complaint (or any that followed).

to suggest that covenants are narrowly construed and that the covenant has no bearing on Comcast's scienter. Opp 15–16. However, the case to which Entropic points for the first argument, *Collins & Aikman Products Co. v. Sermatech Engineering Group, Inc.*, involved a contract that "nowhere contain[ed] an express covenant not to sue." 297 A.D.2d 248, 249–250 (N.Y. App. Div. 2002). It is thus inapplicable to the express covenant not to sue in the VSA. As to the second argument, the simple fact that Entropic filed a complaint with infringement charts says nothing about Comcast's knowledge of any infringement. To the contrary, Comcast asserts in this case that all the Asserted Patents are both invalid and not infringed, and the Court has already invalidated five of them. Far from showing knowledge of infringement, the litigation has thus far confirmed Comcast's belief that it does not infringe a valid patent. But, regardless, the covenant cannot require Comcast to litigate the entire case to prove it is correct, or else the covenant would have failed to prevent the very suit it was designed to stop.[5]

### b. Entropic cannot plausibly plead willful infringement based on its own litigation conduct

Entropic's post-suit willfulness theory also fails as a matter of law. Even after *Halo*, the Federal Circuit has explained that generally "willfulness will depend on . . . ***prelitigation*** conduct." *Mentor Graphics Corp. v. EVE-USA, Inc.*, 851 F.3d 1275, 1295 (Fed. Cir. 2017). Thus, as Comcast established in its opening brief, the weight of district-court authority, including in this District and Circuit, holds that willful infringement cannot be premised on "post-suit knowledge." *Ravgen, Inc. v. Quest Diagnostics Inc.*, 2022 WL 2047613, at *3 (C.D. Cal. Jan.

---

[5] Entropic confusingly argues that the VSA is not a license and that a license for non-willful infringement is nonsensical. Opp 16 & n.3. Of course, licenses regularly cover non-willful infringement, and Entropic's Opposition argues that the covenant should be treated like a license. Opp 11–12. In any event, the covenant, by its own terms, prohibits filing of suit for non-willful infringement and Entropic cannot invoke the covenant's exemption by doing that very thing.

18, 2022); *see also DMF, Inc. v. AMP Plus, Inc.*, 2024 WL 1796396, at *20 (C.D. Cal. Apr. 25, 2024) (agreeing "with the reasoning of the majority of other courts in this District" and rejecting the argument that "a plaintiff can plead willfulness exclusively on post-suit knowledge"); Br. 16–18 (collecting cases). Entropic does not meaningfully distinguish any of these decisions, asserting only that they are "non-precedential." Opp. 16. But not one decision that Entropic cites is binding on this Court, and none refute the proposition that filing a complaint is not enough because "[t]his post-suit fact pattern characterizes every infringement action." *Ravgen*, 2022 WL 2047613, at *3; *see also DMF*, 2024 WL 1796396, at *20.

Indeed, every single one of Entropic's post-*Halo* decisions from this District, Opp. 17 n.5, holds that mere knowledge of patents through a complaint and continued infringement—like Entropic alleges here—are "***not sufficient*** to state a claim for willful infringement." *RJ Tech., LLC v. Apple, Inc.*, 2023 WL 3432237, at *8 (C.D. Cal. Mar. 23, 2023) (dismissing willful infringement claim because "continued use of the accused products despite knowledge of the asserted patent" through the "complaint" was insufficient); *Parity Networks, LLC v. Moxa Inc.*, 2020 WL 6064636, at *5 (C.D. Cal. Sept. 11, 2020) (dismissing willfulness claims because "continued infringement of the Asserted Patents following receipt of the original complaint" is insufficient); *see also Vaporstream, Inc. v. Snap Inc.*, 2020 WL 136591, at *20–21 (C.D. Cal. Jan. 13, 2020) (finding no willfulness because "the majority of district courts in the Ninth Circuit have held that 'knowledge and continued infringement alone' are insufficient to support a claim for willful infringement," and plaintiff pointed to nothing more than "typical infringement"). Entropic's only other cited decisions from this Circuit are either inapposite or support Comcast's position.[6] And Entropic's cited decisions from

---

[6] *Monolithic Power Sys., Inc. v. Silergy Corp.* granted a motion to dismiss willfulness allegations where the plaintiff failed to allege facts "that the defendants acted with a level of intent that is more culpable than the typical infringer." 127 F. Supp. 3d 1071, 1077 (N.D. Cal. 2015). *MyMedicalRecords, Inc. v. Jardogs, LLC*

outside of this Circuit contradict *Mentor Graphics*.[7]

Entropic's assertion that Comcast's position conflicts with *Halo* or "conflat[es] willful patent infringement and enhanced damages under Section 284," Opp. 19, is also wrong. *Halo* did not address a post-suit theory, and requiring pre-suit notice to plead willfulness is not inconsistent with requiring egregious conduct to enhance damages. It is certainly true that some courts require pleading egregious conduct in addition to pre-suit notice, but there are "many" additional reasons to require pre-suit notice, "among them that a complaint can't constitute an element of a claim that it purports to raise, and that it would mean all infringement suits involve willful infringement." *Pact XPP Schweiz AG v. Intel Corp.*, 2023 WL 2631503, at *5 (D. Del. Mar. 24, 2023).

It is Entropic that conflates willfulness and enhanced damages by arguing that "[a] defendant with a good faith belief in its defenses has nothing to fear from willful infringement because . . . it cannot be subject to enhanced damages."

---

allowed willful-infringement claims to proceed against a defendant (AllScripts) that had **pre-suit** knowledge of the patent based on a complaint filed in **a different, earlier** lawsuit against a company that AllScripts had recently acquired. 1 F. Supp. 3d 1020, 1025–26 (C.D. Cal. 2014). *Apple Inc. v. Samsung Elecs. Co.* found that willfulness was supported by **pre-suit** "copying." 258 F. Supp. 3d 1013, 1028 (N.D. Cal. 2017). And *Finjan, Inc. v. ESET, LLC* found that the complaint expressly alleged notice "**prior** to the filing of the lawsuit." 2017 WL 1063475, at *4 (S.D. Cal. Mar. 21, 2017). Additionally, *TeleSign Corp. v. Twilio, Inc.* is irrelevant because it addressed the now-overruled *Seagate* standard and allowed the plaintiff to pursue willful infringement because its failure to seek an injunction was the sole grounds on which the defendant challenged the claim. 2015 WL 12765482, at *10–11 (C.D. Cal. Oct. 16, 2015). *Fluidigm Corp. v. IONpath, Inc.* is also irrelevant because it considered the futility standard under Rule 15. 2020 WL 1433178, at *1 (N.D. Cal. Mar. 24, 2020). In fact, the *Fluidigm* court then "join[ed] those district courts that do not generally allow the complaint to serve as notice" in a different case, finding that the plaintiff failed "to adequately allege willful infringement." *Sonos, Inc. v. Google LLC*, 591 F. Supp. 3d 638, 646 (N.D. Cal. 2022).

[7] *See, e.g.*, *Välinge Innovation AB v. Halstead New England Corp.*, 2018 WL 2411218, at *10–12 (D. Del. May 29, 2018) (confirming *Mentor Graphics* requires pre-suit conduct to plead willfulness); *Adidas Am., Inc. v. Skechers USA, Inc.*, 2017 WL 2543811, at *4 (D. Or. June 12, 2017) (similar).

14

REPLY ISO COMCAST'S MOTION TO DISMISS
LEAD CASE NO. 2:23-CV-01043-JWH-KES

Opp. 20. The Federal Circuit has rejected this exact argument, holding that "a finding of willful infringement may have collateral consequences even for a party not ordered to pay enhanced damages, such as reputational injuries." *Ironburg Inventions Ltd. v. Valve Corp.*, 64 F.4th 1274, 1295 (Fed. Cir. 2023). Deeming every defendant that simply continues its accused conduct while it defends a lawsuit a "willful" infringer is thus improper, and willfulness allegations that assert nothing more than knowledge through a litigation therefore cannot stand.

### 2. Entropic's allegations related to Comcast's pre-suit involvement in MoCA are insufficient

Beyond this litigation itself, the only facts that Entropic alleges to support willful infringement of the Asserted Patents is that Comcast was "an early and active member of MoCA" who "helped to develop the MoCA standard" and "would thus have ***needed*** to be aware of the patented technology that would be essential to the practice of the MoCA standard." Opp. 22. But the Court already found such facts insufficient when dismissing the FAC because "allegations directed to general industry awareness" or "knowledge of a patent portfolio, as opposed to a specific, issued patent, do[] not support a claim for willful infringement." *Entropic*, 702 F. Supp. 3d at 966; *see, e.g.*, FAC ¶¶ 84, 86–87, 90.[8]

As the Court has already held, Entropic must plead, on a per-patent basis, knowledge of the patent and its infringement thereof. *Entropic*, 702 F. Supp. 3d at 964–965. Yet the only allegations specific to a particular Asserted Patent in the CSASC concern an email to a ***non-***Comcast address referencing the '518 patent.

---

[8] Entropic cites *Microsoft Corp. v. Motorola, Inc.*, 864 F. Supp. 2d 1023, 1027 (W.D. Wash. 2012), in support of its argument that Comcast "***needed*** to be aware of the patented technology." Opp. 22. But that is not a willful infringement case, and Motorola explicitly identified its patents and the standard to which they were essential in correspondence to Microsoft. *Microsoft*, 864 F. Supp. 2d at 1027–1029. Entropic's reliance on *WCM Indus., Inc. v. IPS Corp.*, 721 F. App'x 959 (Fed. Cir. 2018), Opp. 22–23, similarly fails because the defendant had knowledge of the patents from a separate, antecedent lawsuit. *See id.* at 970.

CSASC ¶¶ 134–137. That email is insufficient to plausibly allege willful infringement of even that patent, let alone any others. To begin, Entropic mischaracterizes the email when it asserts that the email "states that the '518 Patent is essential to the practice of MoCA." Opp. 23. The email only states ▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Dkt. No. 598-1 at 1, and Entropic does not contest that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Br. 22–23. Regardless, this Court has already held that identifying an allegedly essential patent "does not plausibly demonstrate knowledge of infringement." *Entropic*, 702 F. Supp. 3d at 965. More fundamentally, Entropic cannot overcome the fact that the email was **not to Comcast**. It thus cannot establish Comcast's knowledge of the patent or of its alleged infringement.[9]

Entropic cites *Corephotonics, Ltd. v. Apple, Inc.* to suggest that its allegations support willful blindness. 2018 WL 4772340 (N.D. Cal. Oct. 1, 2018). But "Corephotonics gave Apple files" describing its pending patent applications and asserted patents, and "an Apple negotiator told Corephotonics that even if Apple infringed [Corephotonics' patents], it would take years and millions of dollars in litigation before Apple might have to pay something." *Id.* at *9 (cleaned up). When Apple released an allegedly infringing product, "Corephotonics offered to share its patents with Apple's technical and business personnel," but Apple sent Corephotonics an email stating, "[p]lease do not send any patents to us until further notice." *Id.* at *9. That fact pattern stands in stark contrast to one email allegedly sent ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

---

[9] Entropic does not contest that the purported email—▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇—cannot be the basis to support the inference that Comcast knew about the '759 Patent (Br. 22–23). Opp. 23–24. Nor could it because allegations of willfulness must be made on a ***per***-patent basis, *Entropic*, 702 F. Supp. 3d at 964–965, and knowledge of a specific patent cannot be inferred from mere knowledge of ***other*** patents, *Sonos*, 591 F. Supp. 3d at 643 ("Mere knowledge of a patent family or the plaintiff's patent portfolio is not enough.").

Finally, Entropic's invitations to ignore the pleading requirements for willfulness should be rejected. First, Entropic complains about the specificity of allegations that are required before discovery. Opp 21. But the law is that a plaintiff must allege a defendant's knowledge of a patent and its infringement to sustain a willfulness claim. *Entropic*, 702 F. Supp. 3d at 965. Entropic has not done so, and it cannot conduct a fishing expedition in discovery to try to meet its pleading requirements.[10] Second, Entropic suggests that the knowledge requirement and the Court's previous findings related thereto should be ignored in favor of a "totality of the circumstances" test from *Graco, Inc. v. Binks Mfg. Co.*, 60 F.3d 785, 792 (Fed. Cir. 1995). Opp 22. But the "circumstances" to which *Graco* referred were all after the defendant learned of the asserted patents (before suit was filed). 60 F.3d at 792. Entropic cannot cobble together disjointed allegations, none of which asserts knowledge of any specific Asserted Patent, let alone how it was infringed.[11] No matter how it mixes and matches its allegations, Entropic cannot replace those missing elements, and its willful infringement claims must therefore be dismissed.

### III.  CONCLUSION

For the foregoing reasons, Comcast respectfully requests that this Court again grant Comcast's motion to dismiss.

---

[10] Neither *Warn Industries* nor *Sonos* stands for the proposition that plaintiff is entitled to discovery for evidence to meet the willfulness pleading standard. Rather, in each case, the plaintiff pled sufficient pre-suit facts to sustain willfulness. *Warn Indus., Inc. v. Agency 6 Inc.*, 660 F. Supp. 3d 924, 935 (E.D. Cal. 2023) (notice based on defendant's awareness of prepublication grant and cease-and-desist letter); *Sonos*, 591 F. Supp. 3d at 646 (notice based on an earlier-filed declaratory judgment suit).

[11] Indeed, Comcast has already produced nearly two thousand documents, and Entropic still has not been able to point to *any* document that supports willful infringement.

| | | |
|---|---|---|
| 1 | Dated: April 11, 2025 | Respectfully submitted, |
| 2 | | /s/ *Micah G. Block* |
| 3 | | DAVIS POLK & WARDWELL LLP |
| | | Ashok Ramani (SBN 200020) |
| 4 | | ashok.ramani@davispolk.com |
| 5 | | David J. Lisson (SBN 250994) |
| | | david.lisson@davispolk.com |
| 6 | | Micah G. Block (SBN 270712) |
| 7 | | micah.block@davispolk.com |
| | | 900 Middlefield Road, Suite 200 |
| 8 | | Redwood City, California 94063 |
| 9 | | Tel:   (650) 752-2000 |
| 10 | | |
| | | WINSTON & STRAWN LLP |
| 11 | | Krishnan Padmanabhan (SBN 254220) |
| 12 | | kpadmanabhan@winston.com |
| | | 200 Park Avenue |
| 13 | | New York, NY 10166 |
| 14 | | Tel:   (212) 294-6700 |
| 15 | | Saranya Raghavan |
| | | sraghavan@winston.com |
| 16 | | Natalie R. Holden |
| 17 | | nholden@winston.com |
| | | 35 West Wacker Drive |
| 18 | | Chicago, IL 60601 |
| 19 | | Tel:   (312) 558-5600 |
| 20 | | Brian E. Ferguson |
| | | bferguson@winston.com |
| 21 | | 1901 L Street, NW |
| 22 | | Washington, DC 20036 |
| | | Tel:   (202) 282-5000 |
| 23 | | Claire Dial |
| 24 | | cdial@winston.com |
| | | 800 Capitol Street, Suite 2400 |
| 25 | | Houston, TX 77002 |
| 26 | | Tel:   (713) 651-2600 |
| 27 | | Diana Hughes Leiden (SBN 267606) |
| | | dhleiden@winston.com |
| 28 | | 333 South Grand Avenue |

Los Angeles, CA 90071
Tel: (213) 615-1924

Louis Campbell (SBN 221282)
llcampbell@winston.com
255 Shoreline Dr, Suite 520
Redwood City, CA 94065
Tel: (650) 858-6500

*Attorneys for Comcast Defendants*